1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065-2139
3  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
4
   Steven M. Anderson (Bar No. 144014)
5  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
6  Los Angeles, California 90017
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Sony Corporation

9                UNITED STATES DISTRICT COURT

10              CENTRAL DISTRICT OF CALIFORNIA

11                   SOUTHERN DIVISION

12

| 13 | SONY CORPORATION, A Japanese corporation, | CASE NO. CV-01135-AHS-AN |
|---|---|---|
| 14 | Plaintiff, | **SONY'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF TRANSFER ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| 15 | vs. | |
| 16 | VIZIO INC., A California corporation, | |
| 17 | Defendant. | |
| 18 | | |
| 19 | | **The Honorable Alicemarie H. Stotler** |
| 20 | | [Concerns Order by the Honorable R. Gary Klausner Declining Intra-District Transfer] |
| 21 | | |
| 22 | | |
| 23 | | **Hearing Date and Time:** December 8, 2008, 10:00 a.m. |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

1 | TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2 |       PLEASE TAKE NOTICE that plaintiff Sony Corporation ("Sony")

3 | will, and hereby does, move the Honorable Judge R. Gary Klausner to reconsider his

4 | October 24, 2008 Order declining to transfer the case captioned <u>Sony Corp. v.</u>

5 | <u>Vizio, Inc.</u>, CV08-01135 AHS (ANx) (the "Vizio Action") to his docket. This

6 | Motion is made pursuant <u>Local Rule</u> 7-18, on the grounds that material facts

7 | presented to the Court were overlooked and not considered in its decision to decline

8 | transfer of the Vizio Action.

9 |       This Motion is based on this Notice of Motion and Motion, the

10 | accompanying Memorandum of Points and Authorities, the Declaration of Charlie

11 | Y. Chou filed concurrently herewith, and all other matters of which the Court may

12 | take judicial notice.

13 | Statement of Rule 7-3 Compliance

14 |       This motion is made following the conference of counsel pursuant to

15 | L.R. 7-3 which took place on November 13, 2008. On November 19, 2008, Vizio

16 | Inc. ("Vizio") notified Sony that it opposes this motion.

17 |

18 |

19 | DATED:  November 19, 2008     Respectfully submitted,

20 |                         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

21 |

22 |                         By _____ /FOR

23 |                         Kevin P.B. Johnson
                        Attorneys for Sony Corporation

24 |

25 |

26 |

27 |

28 |

1

## MEMORANDUM OF POINTS AND AUTHORITIES

2

3

## Introduction

4       This is a motion for reconsideration of the Court's denial of an intra-
5   district transfer of this case (the "Vizio Action") to the docket of Judge Klausner,
6   where Sony already has a related patent infringement case pending entitled <u>Sony</u>
7   <u>Corp. v. Westinghouse Digital Electronics, LLC</u>, CV08-03934 RGK (FMOx)
8   ("Westinghouse Action"). The Westinghouse and Vizio Actions involve the
9   identical 10 patents and substantially similar accused products. Accordingly, a
10   transfer of the Vizio Action will benefit judicial economy by preventing the
11   unnecessary and inefficient duplication of this Court's efforts and eliminate the risk
12   of inconsistent substantive rulings. Based on the Court's Order declining transfer,
13   however, it appears that the overlap of the patents asserted in the two cases was not
14   considered, as boxes on the form order that relate to that issue were not marked.
15   Accordingly, the Court should reconsider its order denying transfer of the Vizio
16   Action and allow it to be properly transferred to the docket of Judge Klausner as a
17   related case.

18

19

## Factual Background

20       On June 16, 2008, Sony filed a complaint for multiple counts of patent
21   infringement against Westinghouse. Declaration of Charlie Y. Chou, ("Chou
22   Decl."), Ex. A. In the Westinghouse Action, Sony asserted that Westinghouse
23   infringed seven of its patents, U.S. Patent Nos. 5,434,626, 5,583,577, 5,684,542,
24   5,731,847, 5,751,373, 6,111,614, and RE38,055. <u>Id.</u> On September 16, 2008, the
25   Court granted a joint stipulation allowing Sony to file its First Amended Complaint
26   in the Westinghouse Action, thereby adding claims of infringement of three
27   additional patents, U.S. Patent Nos. RE40,468, 6,778,182, and 6,661,472. Chou
28   Decl., Exs. B and C. The patents asserted in the Westinghouse Action concern

51354/2692196.3

1   various aspects of the display, interface, and data transmission technology of digital
2   display devices.

3          On October 10, 2008, Sony filed suit against Vizio, another digital
4   television manufacturer, and the case was assigned to Judge Stotler. Chou Decl.,
5   Ex. D. In the Vizio Action, Sony asserted all ten of the patents at issue in the
6   Westinghouse Action and four additional patents relating generally to display
7   technology: U.S. Patent Nos. 5,285,285, 5,212,553, 5,168,362 and 5,539,425. Id.
8   Concurrently with the filing of the Vizio Action, Sony filed a Notice of Related
9   Case and a Civil Cover Sheet, both of which noted that the Westinghouse Action
10  and the Vizio Action overlapped with respect to the patents-in-suit and the
11  determinations of questions of law and fact. Chou Decl., Ex. E and F. In addition,
12  the Civil Cover Sheet also noted the potential for substantial duplication of labor if
13  the two cases were adjudicated separately. Chou Decl., Ex. F.

14         In accordance with the typical process in this district for handling
15  related cases, intra-district transfer of the Vizio Action to the docket of Judge
16  Klausner was sought. However, on October 24, 2008, Judge Klausner declined to
17  accept transfer of the case. In declining to accept transfer, the Court expressed the
18  view that the two cases were "not related." Chou Decl. Ex. G.

19         In the section of the Court's Order entitled "REASON FOR
20  TRANSFER AS INDICATED BY COUNSEL," the Court explicitly indicated that
21  it considered the fact that the two cases called for determinations of the same or
22  substantially related or similar questions of law and fact (indicated by the check
23  mark next to box "B").  However, two other factors, both identified in the Notice of
24  Related Case and Civil Cover Sheet, appear to have been overlooked and not
25  considered (as indicated by the *lack* of a check mark next to their respective
26  identifiers ("C" and "D"). Chou Decl., Ex. G. Specifically, the factors of
27  substantial duplication of labor if the two cases were tried separately (as indicated
28  by the identifier "C") and the fact that the two cases involve the same patents (as

1  indicated by the identifier "D") were not acknowledged as factors presented by
2  counsel for the Court's consideration.  Id.

3          On November 14, 2008, Sony filed its First Amended Complaint for
4  Patent Infringement in the Vizio Action, which removed four previously asserted
5  patents from the case: U.S. Patent Nos. 5,285,285, 5,212,553, 5,168,362 and
6  5,539,425.  Chou Decl., Ex. H.  As a result, the 10 patents remaining in the Vizio
7  Action are identical to the 10 patents at issue in the Westinghouse Action.

8
9                      **Argument**

10          Sony respectfully moves to reconsider Judge Klausner's Order
11  declining transfer of the Vizio Action.  "A motion for reconsideration of the
12  decision of any motion may be made only on grounds of...a manifest showing of a
13  failure to consider material facts presented to the court before such decision."  Civil
14  L.R. 7-18(c).

15          Judge Klausner's Order declining transfer of the Vizio Action did not
16  acknowledge the consideration of two material facts presented in Sony's Notice of
17  Related Case and Civil Cover Sheet.  Specifically, the factors of substantial
18  duplication of labor if the two cases were tried separately and the fact that the two
19  cases involve the same patents were not acknowledged as factors considered in
20  Judge Klausner's Order.  Chou Decl., Ex. G.  Accordingly, it appears that the Court
21  overlooked and failed to consider these two material facts.

22          The Westinghouse and Vizio Actions involve the identical ten patents
23  and substantially similar accused products.  Thus, a transfer will benefit judicial
24  economy by preventing the unnecessary and inefficient duplication of this Court's
25  efforts and eliminate the risk of inconsistent substantive rulings.  For example, if the
26  Vizio Action were not transferred, both Judge Klausner and Judge Stotler would
27  engage in claim construction for the same 10 patents and would consider summary
28  judgment motions applying those patents against the same types of products, with a

3

1 | corresponding duplication of efforts and risk of inconsistent rulings. Similarly, both
2 | Judge Klausner and Judge Stotler would likely address the same prior art issues as
3 | well.

4 | Accordingly, the Court's Order declining intra-district transfer of the
5 | Vizio Action should be reconsidered, and it should be transferred to the docket of
6 | Judge Klausner.

7 |

8 | DATED: November 19, 2008    Respectfully submitted,

9 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

10 |

11 | By /FOR

12 | Kevin P.B. Johnson
Attorneys for Sony Corporation

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |