1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065-2139
3  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
4
   Steven M. Anderson (Bar No. 144014)
5  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
6  Los Angeles, California 90017
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Sony Corporation

9

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                  SOUTHERN DIVISION

13  SONY CORPORATION, A Japanese          CASE NO. CV-01135-AHS-AN
    corporation,
14
            Plaintiff,                    **DECLARATION OF CHARLIE Y.**
15                                        **CHOU IN SUPPORT OF SONY'S**
        vs.                               **MOTION FOR RECONSIDERATION**
16                                        **OF TRANSFER ORDER**
    VIZIO INC., A California corporation,
17                                        **The Honorable Alicemarie H. Stotler**
            Defendant.
18
19                                        **Hearing Date and Time:** December 8,
20                                        2008, 10:00 a.m.
21
22
23
24
25
26
27
28

51451/2705125.1

1.    I am an attorney with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Sony Corporation ("Sony"). I submit this declaration in support of Sony's Motion for Reconsideration of Transfer Order. I have personal knowledge of the facts stated in this declaration, and if called upon to do so, could and would competently testify thereto.

2.    Sony Corporation ("Sony") and Vizio Inc. ("Vizio") met and conferred regarding Sony's Motion for Reconsideration of Transfer Order on November 13, 2008.

3.    Attached hereto as Exhibit A is a true and correct copy (without exhibits) of Sony's Complaint for Patent Infringement against Westinghouse Digital Electronics, LLC ("Westinghouse"), dated June 16, 2008.

4.    Attached hereto as Exhibit B is a true and correct copy of Sony and Westinghouse's Joint Stipulation for the Filing of Sony Corporation's First Amended Complaint.

5.    Attached hereto as Exhibit C is a true and correct copy (without exhibits) of Sony's First Amended Complaint for Patent Infringement against Westinghouse, dated September 12, 2008.

6.    Attached hereto as Exhibit D is a true and correct copy (without exhibits) of Sony's Complaint for Patent Infringement against Vizio, dated October 10, 2008.

7.    Attached hereto as Exhibit E is a true and correct copy of the Notice of Related Case filed with the Vizio Complaint, dated October 10, 2008.

8.    Attached hereto as Exhibit F is a true and correct copy of the Civil Cover Sheet filed with the Vizio Complaint, dated October 10, 2008.

9.    Attached hereto as Exhibit G is a true and correct copy of Judge Klausner's Order declining transfer of the Vizio action, dated October 24, 2008.

-1-

CASE NO. CV-01135-AHS-AN
DECLARATION OF CHARLIE Y. CHOU IN SUPPORT OF
SONY'S MOTION FOR RECONSIDERATION OF TRANSFER ORDER

1        10.    Attached hereto as Exhibit H is a true and correct copy (without

2 exhibits) of Sony's First Amended Complaint for Patent Infringement Against

3 Vizio, dated November 14, 2008.

4

5 DATED: November 19, 2008          QUINN EMANUEL URQUHART OLIVER &

6                             HEDGES, LLP

7

8                      By_____

9                         Charlie Y. Chou

                         Attorneys for Plaintiff SONY

10                         CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-2-

# Exhibit A

CONFORMED COPY

1  Kevin P.B. Johnson (Bar No. 177129)
2  David T. Pollock (Bar No. 217546)
   Michael W. Gray (Bar No. 238669)
3  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065-2139
4  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
5
6  Steven M. Anderson (Bar No. 144014)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
7  865 S. Figueroa St. 10th Floor
   Los Angeles, California 90017
   Telephone: (213) 443-3000
8  Facsimile: (213) 443-3100

9  Jaime A. Siegel, Sr. IP Counsel
   SONY CORPORATION OF AMERICA
10 1 Sony Drive MD 2F-2
   Park Ridge, New Jersey 07675
11 Telephone: (201) 930-7415
   Facsimile: (201) 930-6854

12
13 Attorneys for Plaintiff Sony Corporation

14              UNITED STATES DISTRICT COURT

15             CENTRAL DISTRICT OF CALIFORNIA

16                   WESTERN DIVISION

17 SONY CORPORATION, A Japanese          CASE NO. CV08-03934 RGK
   corporation,                                                    FMOx
18
            Plaintiff,                    COMPLAINT FOR PATENT
19                                        INFRINGEMENT
       vs.
20                                        JURY TRIAL DEMANDED
   WESTINGHOUSE DIGITAL
21 ELECTRONICS, LLC, A California
   limited liability company,
22
            Defendant.
23

24
25
26
27
28

51354/2521352.3

                                1

1    Plaintiff Sony Corporation files this complaint against Westinghouse Digital

2 Electronics, LLC ("Westinghouse"):

3

4                              **THE PARTIES**

5

6    1.    Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a

7 principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

8    2.    Upon information and belief, Westinghouse is a limited liability

9 company organized under the laws of California and headquartered in Sante Fe

10 Springs, California. Westinghouse's agent for service of process is listed as

11 David O. Chen, 12150 Mora Drive, Sante Fe Springs, CA 90670.

12

13                      **JURISDICTION AND VENUE**

14

15    3.    This lawsuit is an action for patent infringement arising under the

16 patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction

17 over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

18    4.    This Court has personal jurisdiction over Defendant because Defendant

19 conducts business in the State of California and committed acts of patent

20 infringement and/or contributed to or induced acts of patent infringement by others

21 in the Central District of California and elsewhere in California and the United

22 States.

23    5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

24 and 1400 because Defendant regularly conducts business in this judicial district, and

25 certain of the acts complained of herein occurred in this judicial district. Defendant

26 offers to sell and sells the accused products in this judicial district.

27

28

## THE PATENTS IN SUIT

6.    On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A true and correct copy of the '626 patent is attached hereto as Exhibit A.

7.    On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption" (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is attached hereto as Exhibit B.

8.    On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542 titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true and correct copy of the '542 patent is attached hereto as Exhibit C.

9.    On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847 patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

10.    On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled "Television Function Selection Method, Television Receiver and Remove Commander for Television Receiver" (hereinafter "the '373 patent"). A true and correct copy of the '373 patent is attached hereto as Exhibit E.

11.    On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614 titled "Method and Apparatus for Displaying an Electronic Menu having Components with Differing Levels of Transparency" (hereinafter "the '614 patent"). A true and correct copy of the '614 patent is attached hereto as Exhibit F.

12.    On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055 titled "Video Data Bus Communication System and Method" (hereinafter "the '055 patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

1  13.  The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614
2  patent, and the '055 patent, collectively, are henceforth referred to as the "patents-
3  in-suit."

4  14.  Sony is the owner of all right, title, and interest in and to each of the
5  patents-in-suit with full and exclusive right to bring suit to enforce this patent,
6  including the right to recover for past infringement.

7
8                              **COUNT I**
9              **INFRINGEMENT OF THE '626 PATENT**
10

11  15.  Sony realleges and incorporates herein the allegations of the preceding
12  paragraphs of this Complaint as if fully set forth herein.

13  16.  Upon information and belief, in violation of 35 U.S.C. § 271,
14  Defendant has infringed and is continuing to infringe, literally and/or under the
15  doctrine of equivalents, the '626 patent by practicing one or more claims of the '626
16  patent in the manufacture, use, offering for sale, sale, and/or importation or
17  exportation of digital televisions.

18  17.  Upon information and belief, in violation of 35 U.S.C. § 271,
19  Defendant has infringed and is continuing to infringe the '626 patent by contributing
20  to and/or actively inducing the infringement by others of the '626 patent by the
21  manufacture, use, offering for sale, sale, and/or importation or exportation of digital
22  televisions.

23  18.  Upon information and belief, Defendant has willfully infringed the
24  '626 patent.

25  19.  Upon information and belief, Defendant's acts of infringement of the
26  '626 patent will continue after service of this complaint unless enjoined by the
27  Court.

28

1     20.    As a result of Defendant's infringement, Sony has suffered and will

2  suffer damages.

3     21.    Sony is entitled to recover from Defendant the damages sustained by

4  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

5     22.    Unless Defendant is enjoined by this Court from continuing its

6  infringement of the '626 patent, Sony will suffer additional irreparable harm and

7  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

8  and permanent injunction against further infringement.

9

10                **COUNT II**

11        **INFRINGEMENT OF THE '577 PATENT**

12

13     23.    Sony realleges and incorporates herein the allegations of the preceding

14  paragraphs of this Complaint as if fully set forth herein.

15     24.    Upon information and belief, in violation of 35 U.S.C. § 271,

16  Defendant has infringed and is continuing to infringe, literally and/or under the

17  doctrine of equivalents, the '577 patent by practicing one or more claims of the '577

18  patent in the manufacture, use, offering for sale, sale, and/or importation or

19  exportation of digital televisions.

20     25.    Upon information and belief, in violation of 35 U.S.C. § 271,

21  Defendant has infringed and is continuing to infringe the '577 patent by contributing

22  to and/or actively inducing the infringement by others of the '577 patent by the

23  manufacture, use, offering for sale, sale, and/or importation or exportation of digital

24  televisions.

25     26.    Upon information and belief, Defendant has willfully infringed the

26  '577 patent.

27

28

51354/2521352.3

5

1    27.    Upon information and belief, Defendant's acts of infringement of the

2  '577 patent will continue after service of this complaint unless enjoined by the

3  Court.

4    28.    As a result of Defendant's infringement, Sony has suffered and will

5  suffer damages.

6    29.    Sony is entitled to recover from Defendant the damages sustained by

7  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

8    30.    Unless Defendant is enjoined by this Court from continuing its

9  infringement of the '577 patent, Sony will suffer additional irreparable harm and

10  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

11  and permanent injunction against further infringement.

12

13                      **COUNT III**

14            **INFRINGEMENT OF THE '542 PATENT**

15

16    31.    Sony realleges and incorporates herein the allegations of the preceding

17  paragraphs of this Complaint as if fully set forth herein.

18    32.    Upon information and belief, in violation of 35 U.S.C. § 271,

19  Defendant has infringed and is continuing to infringe, literally and/or under the

20  doctrine of equivalents, the '542 patent by practicing one or more claims of the '542

21  patent in the manufacture, use, offering for sale, sale, and/or importation or

22  exportation of digital televisions.

23    33.    Upon information and belief, in violation of 35 U.S.C. § 271,

24  Defendant has infringed and is continuing to infringe the '542 patent by contributing

25  to and/or actively inducing the infringement by others of the '542 patent by the

26  manufacture, use, offering for sale, sale, and/or importation or exportation of digital

27  televisions.

28

51354/2521352.3

COMPLAINT FOR PATENT INFRINGEMENT

34.     Upon information and belief, Defendant has willfully infringed the '542 patent.

35.     Upon information and belief, Defendant's acts of infringement of the '542 patent will continue after service of this complaint unless enjoined by the Court.

36.     As a result of Defendant's infringement, Sony has suffered and will suffer damages.

37.     Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

38.     Unless Defendant is enjoined by this Court from continuing its infringement of the '542 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT IV
### INFRINGEMENT OF THE '847 PATENT

39.     Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

40.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '847 patent by practicing one or more claims of the '847 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of digital televisions.

41.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '847 patent by contributing to and/or actively inducing the infringement by others of the '847 patent by the

1  manufacture, use, offering for sale, sale, and/or importation or exportation of digital

2  televisions.

3    42.    Upon information and belief, Defendant has willfully infringed the

4  '847 patent.

5    43.    Upon information and belief, Defendant's acts of infringement of the

6  '847 patent will continue after service of this complaint unless enjoined by the

7  Court.

8    44.    As a result of Defendant's infringement, Sony has suffered and will

9  suffer damages.

10    45.    Sony is entitled to recover from Defendant the damages sustained by

11  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

12    46.    Unless Defendant is enjoined by this Court from continuing its

13  infringement of the '847 patent, Sony will suffer additional irreparable harm and

14  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

15  and permanent injunction against further infringement.

16

17    **COUNT V**

18    **INFRINGEMENT OF THE '373 PATENT**

19

20    47.    Sony realleges and incorporates herein the allegations of the preceding

21  paragraphs of this Complaint as if fully set forth herein.

22    48.    Upon information and belief, in violation of 35 U.S.C. § 271,

23  Defendant has infringed and is continuing to infringe, literally and/or under the

24  doctrine of equivalents, the '373 patent by practicing one or more claims of the '373

25  patent in the manufacture, use, offering for sale, sale, and/or importation or

26  exportation of digital televisions.

27    49.    Upon information and belief, in violation of 35 U.S.C. § 271,

28  Defendant has infringed and is continuing to infringe the '373 patent by contributing

51354/2521352.3

8

COMPLAINT FOR PATENT INFRINGEMENT

1  to and/or actively inducing the infringement by others of the '373 patent by the

2  manufacture, use, offering for sale, sale, and/or importation or exportation of digital

3  televisions.

4      50.  Upon information and belief, Defendant has willfully infringed the

5  '373 patent.

6      51.  Upon information and belief, Defendant's acts of infringement of the

7  '373 patent will continue after service of this complaint unless enjoined by the

8  Court.

9      52.  As a result of Defendant's infringement, Sony has suffered and will

10  suffer damages.

11     53.  Sony is entitled to recover from Defendant the damages sustained by

12  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

13     54.  Unless Defendant is enjoined by this Court from continuing its

14  infringement of the '373 patent, Sony will suffer additional irreparable harm and

15  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

16  and permanent injunction against further infringement.

17

18                          **COUNT VI**

19              **INFRINGEMENT OF THE '614 PATENT**

20

21     55.  Sony realleges and incorporates herein the allegations of the preceding

22  paragraphs of this Complaint as if fully set forth herein.

23     56.  Upon information and belief, in violation of 35 U.S.C. § 271,

24  Defendant has infringed and is continuing to infringe, literally and/or under the

25  doctrine of equivalents, the '614 patent by practicing one or more claims of the '614

26  patent in the manufacture, use, offering for sale, sale, and/or importation or

27  exportation of digital televisions.

28

1    57.    Upon information and belief, in violation of 35 U.S.C. § 271,

2  Defendant has infringed and is continuing to infringe the '614 patent by contributing

3  to and/or actively inducing the infringement by others of the '614 patent by the

4  manufacture, use, offering for sale, sale, and/or importation or exportation of digital

5  televisions.

6    58.    Upon information and belief, Defendant has willfully infringed the

7  '614 patent.

8    59.    Upon information and belief, Defendant's acts of infringement of the

9  '614 patent will continue after service of this complaint unless enjoined by the

10  Court.

11    60.    As a result of Defendant's infringement, Sony has suffered and will

12  suffer damages.

13    61.    Sony is entitled to recover from Defendant the damages sustained by

14  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

15    62.    Unless Defendant is enjoined by this Court from continuing its

16  infringement of the '614 patent, Sony will suffer additional irreparable harm and

17  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary

18  and permanent injunction against further infringement.

19

20                    **COUNT VII**

21            **INFRINGEMENT OF THE '055 PATENT**

22

23    63.    Sony realleges and incorporates herein the allegations of the preceding

24  paragraphs of this Complaint as if fully set forth herein.

25    64.    Upon information and belief, in violation of 35 U.S.C. § 271,

26  Defendant has infringed and is continuing to infringe, literally and/or under the

27  doctrine of equivalents, the '055 patent by practicing one or more claims of the '055

28

1 | patent in the manufacture, use, offering for sale, sale, and/or importation or
2 | exportation of digital televisions.

3 |    65.   Upon information and belief, in violation of 35 U.S.C. § 271,
4 | Defendant has infringed and is continuing to infringe the '055 patent by contributing
5 | to and/or actively inducing the infringement by others of the '055 patent by the
6 | manufacture, use, offering for sale, sale, and/or importation or exportation of digital
7 | televisions.

8 |    66.   Upon information and belief, Defendant has willfully infringed the
9 | '055 patent.

10 |    67.   Upon information and belief, Defendant's acts of infringement of the
11 | '055 patent will continue after service of this complaint unless enjoined by the
12 | Court.

13 |    68.   As a result of Defendant's infringement, Sony has suffered and will
14 | suffer damages.

15 |    69.   Sony is entitled to recover from Defendant the damages sustained by
16 | Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

17 |    70.   Unless Defendant is enjoined by this Court from continuing its
18 | infringement of the '055 patent, Sony will suffer additional irreparable harm and
19 | impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
20 | and permanent injunction against further infringement.

21 |

22 | **PRAYER FOR RELIEF**

23 | WHEREFORE, Sony prays for the following relief:

24 |    (a)   That Defendant be ordered to pay damages adequate to
25 | compensate Sony for Defendant's infringement of each of the patents-in-suit
26 | pursuant to 35 U.S.C. § 284;

27 |    (b)   That Defendant be ordered to pay treble damages for willful
28 | infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

11

1         (c)    That Defendant be ordered to pay attorneys' fees pursuant to 35

2    U.S.C. § 285 for each of the patents-in-suit;

3         (d)    That Defendant, its officers, agents, servants, employees, and

4    those persons acting in active concert or in participation with them be enjoined from

5    further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

6         (e)    That Defendant be ordered to pay prejudgment interest;

7         (f)    That Defendant be ordered to pay all costs associated with this

8    action; and

9         (g)    That Sony be granted such other and additional relief as the

10   Court deems just and proper.

11   DATED:  June 16, 2008        Respectfully submitted,

12

13

14   By _____ /FOR

15   Kevin P. B. Johnson
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP

16

17   Jaime A. Siegel, Sr. IP Counsel
    SONY CORPORATION OF AMERICA

18   Attorneys for Plaintiff
    SONY CORPORATION OF AMERICA

19

20

21

22

23

24

25

26

27

28

51354/2521352.3

12

COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED:  June 16, 2008                     Respectfully submitted,

                                          By _____ _FOR_

                                          Kevin P.B. Johnson
                                          QUINN EMANUEL URQUHART
                                          OLIVER & HEDGES, LLP

                                          Jaime A. Siegel, Sr. IP Counsel
                                          SONY CORPORATION OF AMERICA

                                          Attorneys for Plaintiff
                                          SONY CORPORATION OF AMERICA

# Exhibit B

1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065-2139
3  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
4
   Steven M. Anderson (Bar No. 144014)
5  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
6  Los Angeles, California 90017
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Sony Corporation

9  Evan Finkel (Bar No. 100673)
   Andrew Grossman (Bar No. 211546)
10 Rebecca N. Kaufman (Bar No. 199534)
   PILLSBURY WINTHROP SHAW PITTMAN LLP
11 725 South Figueroa Street, Suite 2800
   Los Angeles, California 90017-5406
12 Telephone: (213) 448-7100
   Facsimile: (213) 629-1033
13
   Attorneys for Defendant Westinghouse Digital Electronics, LLC
14

15              UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17                  WESTERN DIVISION

18
   SONY CORPORATION, A Japanese          CASE NO. CV 08-03934-RGK (FMOx)
19 corporation,
                                         JOINT STIPULATION FOR FILING OF SONY
20         Plaintiff,                    CORPORATION'S FIRST AMENDED
                                         COMPLAINT FOR PATENT INFRINGEMENT
21     vs.                              AND AGREED PROPOSED SCHEDULE

22 WESTINGHOUSE DIGITAL ELECTRONICS,
   LLC, A California limited liability company,
23
           Defendant.
24

25

26

27

28

1    WHEREAS, Sony Corporation ("Sony" or "Plaintiff") brought an action against

2  Westinghouse Digital Electronics, LLC ("Westinghouse" or "Defendant" ) for alleged patent

3  infringement, attached hereto as Exhibit A is a copy of Sony's June 16, 2008 Complaint For

4  Patent Infringement and related exhibits;

5    WHEREAS, Sony intends to amend its complaint to add additional counts of patent

6  infringement; and

7    WHEREAS, Westinghouse intends to amend its answer;

8    ACCORDINGLY and for good cause, IT IS HEREBY STIPULATED by and

9  between Sony and Westinghouse, through their respective counsel of record, that:

10    1.    Plaintiff may file its First Amended Complaint For Patent Infringement, a copy of

11  which and related exhibits is attached hereto as Exhibit B, that adds counts for infringement of

12  United States Patent Nos. Reissue 40,468; 6,778,182; and 6,661,472;

13    2.    Plaintiff and Defendant agree to the to the schedule Defendant proposed in the

14  Report of Rule 26(f) Early Meeting of Counsel filed on August 21, 2008 with the exception of the

15  dates relating to a separate claim construction process as set forth below:

| Event | Agreed Proposed Dates | Court Ordered Dates |
|---|---|---|
| Initial Disclosures | September 11, 2008 | |
| Last day to amend the pleadings by noticed motion | October 15, 2008 | |
| Last day to add parties by noticed motion | October 15, 2008 | |
| Patentee files opening brief on claim construction | **Sony:** not necessary. **Westinghouse:** January 9, 2009 | |
| Accused infringer files responsive brief on claim construction | **Sony:** not necessary. **Westinghouse:** February 6, 2009 | |

| Event | Agreed Proposed Date | Court Ordered Dates |
|---|---|---|
| Patentee files reply brief on claim construction | **Sony:** not necessary.<br>**Westinghouse:** February 13, 2009 | |
| Accused infringer files sur-reply brief on claim construction | **Sony:** not necessary.<br>**Westinghouse:** February 20, 2009 | |
| Claim Construction Hearing | **Sony:** not necessary.<br>**Westinghouse:** March 9, 2009 | |
| Fact discovery cut-off | May 20, 2009 | |
| Last day to file discovery motions | June 3, 2009 | |
| Opening expert reports due | July 17, 2009 | |
| Rebuttal expert reports due | August 18, 2009 | |
| Expert discovery cut-off | September 16, 2009 | |
| Dispositive motion cut-off | October 16, 2009 | |
| Pretrial conference | December 7, 2009 | |
| Jury trial | December 14, 2009 | |

CASE NO. CV 08-03934 - RGK (FMOx)
JOINT STIPULATION FOR FILING OF SONY CORPORATION'S
FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

51354/2634543.1

1   DATED:  September 12, 2008          QUINN EMANUEL URQUHART OLIVER &
                                        HEDGES, LLP
2

3

4   By
                                        Benjamin L. Singer
5                                       Attorneys for Plaintiff SONY CORPORATION

    DATED:  September 12, 2008          PILLSBURY WINTHROP SHAW PITTMAN LLP
6

7

8   By
                                        Andrew B. Grossman
9                                       Attorneys for Defendant WESTINGHOUSE
                                        DIGITAL ELECTRONICS, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# Exhibit C

CONFORMED

1 | Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | 555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
3 | Telephone: (650) 801-5000
Facsimile: (650) 801-5100
4 |
Steven M. Anderson (Bar No. 144014)
5 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
6 | Los Angeles, California 90017
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

FILED
CLERK, U.S. DISTRICT COURT

SEP 1 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

8 |

9 | Attorneys for Plaintiff Sony Corporation

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | WESTERN DIVISION

13 | SONY CORPORATION, A Japanese    CASE NO. CV-08-3934 RGK(FMOX)
corporation,

14 |
Plaintiff,              **FIRST AMENDED COMPLAINT**
15 |                               **FOR PATENT INFRINGEMENT**
vs.
16 |                               **JURY TRIAL DEMANDED**
WESTINGHOUSE DIGITAL
17 | ELECTRONICS, LLC, A California
limited liability company,
18 |
Defendant.
19 |

20 |

21 |

22 |        Plaintiff Sony Corporation files this complaint against Westinghouse Digital

23 | Electronics, LLC ("Westinghouse"):

24 |                        **THE PARTIES**

25 |        1.    Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a

26 | principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

27 |        2.    Upon information and belief, Westinghouse is a limited liability

28 | company organized under the laws of California and headquartered in Sante Fe

51354/2632973.2

1

1 Springs, California.  Westinghouse's agent for service of process is listed as

2 David O. Chen, 12150 Mora Drive, Sante Fe Springs, CA 90670.

3

4 ## JURISDICTION AND VENUE

5      3.      This lawsuit is an action for patent infringement arising under the

6 patent laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has jurisdiction

7 over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

8      4.      This Court has personal jurisdiction over Defendant because Defendant

9 conducts business in the State of California and committed acts of patent

10 infringement and/or contributed to or induced acts of patent infringement by others

11 in the Central District of California and elsewhere in California and the United

12 States.

13      5.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

14 and 1400 because Defendant regularly conducts business in this judicial district, and

15 certain of the acts complained of herein occurred in this judicial district.  Defendant

16 offers to sell and sells the accused products in this judicial district.

17

18 ## THE PATENTS IN SUIT

19      6.      On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled

20 "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent").  A

21 true and correct copy of the '626 patent is attached hereto as Exhibit A.

22      7.      On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577

23 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data

24 Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption"

25 (hereinafter "the '577 patent").  A true and correct copy of the '577 patent is

26 attached hereto as Exhibit B.

27

28

1    8.    On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542
2 titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true
3 and correct copy of the '542 patent is attached hereto as Exhibit C.

4    9.    On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled
5 "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847
6 patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

7    10.    On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled
8 "Television Function Selection Method, Television Receiver and Remove
9 Commander for Television Receiver" (hereinafter "the '373 patent"). A true and
10 correct copy of the '373 patent is attached hereto as Exhibit E.

11    11.    On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614
12 titled "Method and Apparatus for Displaying an Electronic Menu having
13 Components with Differing Levels of Transparency" (hereinafter "the '614 patent").
14 A true and correct copy of the '614 patent is attached hereto as Exhibit F.

15    12.    On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055
16 titled "Video Data Bus Communication System and Method" (hereinafter "the '055
17 patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

18    13.    On August 26, 2008, the USPTO issued U.S. Patent Re-issue No.
19 40,468 titled "Video Data Bus Communication System and Method" (hereinafter
20 "the '468 patent"). A true and correct copy of the '468 patent is attached hereto as
21 Exhibit H.

22    14.    On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182
23 titled "Display Device" (hereinafter "the '182 patent"). A true and correct copy of
24 the '182 patent is attached hereto as Exhibit I.

25    15.    On December 9, 2003, the USPTO issued U.S. Patent No. 6,661,472
26 titled "Channel Selection In Digital Television" (hereinafter "the '472 patent"). A
27 true and correct copy of the '472 patent is attached hereto as Exhibit J.

28

1354/2632973.2

3

16.   The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614 patent, '055 patent, '468 patent, '182 patent, and the '472 patent collectively, are henceforth referred to as the "patents-in-suit."

17.   Sony is the owner of all right, title, and interest in and to each of the patents-in-suit with full and exclusive right to bring suit to enforce this patent, including the right to recover for past infringement.

## COUNT I

## INFRINGEMENT OF THE '626 PATENT

18.   Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

19.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '626 patent by practicing one or more claims of the '626 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

20.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '626 patent by contributing to and/or actively inducing the infringement by others of the '626 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

21.   Upon information and belief, Defendant has willfully infringed the '626 patent.

22.   Upon information and belief, Defendant's acts of infringement of the '626 patent will continue after service of this complaint unless enjoined by the Court.

23.   As a result of Defendant's infringement, Sony has suffered and will suffer damages.

24.    Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

25.    Unless Defendant is enjoined by this Court from continuing its infringement of the '626 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT II

## INFRINGEMENT OF THE '577 PATENT

26.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

27.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '577 patent by practicing one or more claims of the '577 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

28.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '577 patent by contributing to and/or actively inducing the infringement by others of the '577 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

29.    Upon information and belief, Defendant has willfully infringed the '577 patent.

30.    Upon information and belief, Defendant's acts of infringement of the '577 patent will continue after service of this complaint unless enjoined by the Court.

31.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

1354/2632973.2

32.    Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

33.    Unless Defendant is enjoined by this Court from continuing its infringement of the '577 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT III

### INFRINGEMENT OF THE '542 PATENT

34.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

35.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '542 patent by practicing one or more claims of the '542 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

36.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '542 patent by contributing to and/or actively inducing the infringement by others of the '542 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

37.    Upon information and belief, Defendant has willfully infringed the '542 patent.

38.    Upon information and belief, Defendant's acts of infringement of the '542 patent will continue after service of this complaint unless enjoined by the Court.

39.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

40.    Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

41.    Unless Defendant is enjoined by this Court from continuing its infringement of the '542 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT IV

## INFRINGEMENT OF THE '847 PATENT

42.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

43.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '847 patent by practicing one or more claims of the '847 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

44.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '847 patent by contributing to and/or actively inducing the infringement by others of the '847 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

45.    Upon information and belief, Defendant has willfully infringed the '847 patent.

46.    Upon information and belief, Defendant's acts of infringement of the '847 patent will continue after service of this complaint unless enjoined by the Court.

47.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

48.    Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

49.    Unless Defendant is enjoined by this Court from continuing its infringement of the '847 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT V

### INFRINGEMENT OF THE '373 PATENT

50.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

51.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '373 patent by practicing one or more claims of the '373 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

52.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '373 patent by contributing to and/or actively inducing the infringement by others of the '373 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

53.    Upon information and belief, Defendant has willfully infringed the '373 patent.

54.    Upon information and belief, Defendant's acts of infringement of the '373 patent will continue after service of this complaint unless enjoined by the Court.

55.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

8

51354/2632073.2

56.     Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

57.     Unless Defendant is enjoined by this Court from continuing its infringement of the '373 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VI

### INFRINGEMENT OF THE '614 PATENT

58.     Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

59.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '614 patent by practicing one or more claims of the '614 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

60.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '614 patent by contributing to and/or actively inducing the infringement by others of the '614 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

61.     Upon information and belief, Defendant has willfully infringed the '614 patent.

62.     Upon information and belief, Defendant's acts of infringement of the '614 patent will continue after service of this complaint unless enjoined by the Court.

63.     As a result of Defendant's infringement, Sony has suffered and will suffer damages.

51354/2632973.2

1    64.   Sony is entitled to recover from Defendant the damages sustained by

2  Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3    65.   Unless Defendant is enjoined by this Court from continuing its

4  infringement of the '614 patent, Sony will suffer additional irreparable harm and

5  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

6  and permanent injunction against further infringement.

7
8                                    **COUNT VII**

9                      **INFRINGEMENT OF THE '055 PATENT**

10   66.   Sony realleges and incorporates herein the allegations of the preceding

11  paragraphs of this Complaint as if fully set forth herein.

12   67.   Upon information and belief, in violation of 35 U.S.C. § 271,

13  Defendant has infringed and is continuing to infringe, literally and/or under the

14  doctrine of equivalents, the '055 patent by practicing one or more claims of the '055

15  patent in the manufacture, use, offering for sale, sale, and/or importation or

16  exportation of display devices, including digital televisions.

17   68.   Upon information and belief, in violation of 35 U.S.C. § 271,

18  Defendant has infringed and is continuing to infringe the '055 patent by contributing

19  to and/or actively inducing the infringement by others of the '055 patent by the

20  manufacture, use, offering for sale, sale, and/or importation or exportation of display

21  devices, including digital televisions.

22   69.   Upon information and belief, Defendant has willfully infringed the

23  '055 patent.

24   70.   Upon information and belief, Defendant's acts of infringement of the

25  '055 patent will continue after service of this complaint unless enjoined by the

26  Court.

27   71.   As a result of Defendant's infringement, Sony has suffered and will

28  suffer damages.

10

72.    Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

73.    Unless Defendant is enjoined by this Court from continuing its infringement of the '055 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VIII

## INFRINGEMENT OF THE '468 PATENT

74.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

75.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '468 patent by practicing one or more claims of the '468 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

76.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '468 patent by contributing to and/or actively inducing the infringement by others of the '468 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

77.    Upon information and belief, Defendant has willfully infringed the '468 patent.

78.    Upon information and belief, Defendant's acts of infringement of the '468 patent will continue after service of this complaint unless enjoined by the Court.

79.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

80.     Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

81.     Unless Defendant is enjoined by this Court from continuing its infringement of the '468 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

**COUNT IX**

**INFRINGEMENT OF THE '182 PATENT**

82.     Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

83.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '182 patent by practicing one or more claims of the '182 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

84.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '182 patent by contributing to and/or actively inducing the infringement by others of the '182 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

85.     Upon information and belief, Defendant has willfully infringed the '182 patent.

86.     Upon information and belief, Defendant's acts of infringement of the '182 patent will continue after service of this complaint unless enjoined by the Court.

87.     As a result of Defendant's infringement, Sony has suffered and will suffer damages.

515542632913.2

88.   Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

89.   Unless Defendant is enjoined by this Court from continuing its infringement of the '182 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT X
### INFRINGEMENT OF THE '472 PATENT

90.   Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

91.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '182 patent by practicing one or more claims of the '472 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

92.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '472 patent by contributing to and/or actively inducing the infringement by others of the '472 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

93.   Upon information and belief, Defendant has willfully infringed the '472 patent.

94.   Upon information and belief, Defendant's acts of infringement of the '472 patent will continue after service of this complaint unless enjoined by the Court.

95.   As a result of Defendant's infringement, Sony has suffered and will suffer damages.

51354/2632973.2

13

1      96.    Sony is entitled to recover from Defendant the damages sustained by

2 Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3      97.    Unless Defendant is enjoined by this Court from continuing its

4 infringement of the '472 patent, Sony will suffer additional irreparable harm and

5 impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

6 and permanent injunction against further infringement.

### PRAYER FOR RELIEF

WHEREFORE, Sony prays for the following relief:

(a)    That Defendant be ordered to pay damages adequate to compensate Sony for Defendant's infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(b)    That Defendant be ordered to pay treble damages for willful infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(c)    That Defendant be ordered to pay attorneys' fees pursuant to 35 U.S.C. § 285 for each of the patents-in-suit;

(d)    That Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation with them be enjoined from further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

(e)    That Defendant be ordered to pay prejudgment interest;

(f)    That Defendant be ordered to pay all costs associated with this action; and

(g)    That Sony be granted such other and additional relief as the Court deems just and proper.

51354/2632973.2

14

1    DATED: September 12, 2008        Respectfully submitted,

2

3                                        By _____

4                                           Kevin P. B. Johnson
                                            QUINN EMANUEL URQUHART
5                                           OLIVER & HEDGES, LLP Attorneys for
                                            Plaintiff
6                                           SONY CORPORATION OF AMERICA

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

S1354/2632973.2                                  15
                                    FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

# Exhibit D

FILED

**CONFORMED**

1 | Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | 555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
3 | Telephone: (650) 801-5000
Facsimile: (650) 801-5100
4 |
5 | Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
6 | 865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
7 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100
8 |
9 | Attorneys for Plaintiff Sony Corporation
10 |
11 |

2008 OCT 10  PM 4: 06

CLERK U S DISTRICT COURT
CENTRAL DIST. C  CALIF
LOS ANGELES

BY_____

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation, | CASE NO. **SACV08-1135AHS(ANx)** |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | **JURY TRIAL DEMANDED** |
| VIZIO, Inc., | |
| Defendant. | |

Plaintiff Sony Corporation files this complaint against VIZIO, Inc. ("VIZIO" or "Defendant"):

## THE PARTIES

1.     Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

51451/2664183.1

1

1    2.    Upon information and belief, VIZIO is a corporation organized under

2  the laws of California and headquartered at 39 Tesla, Irvine, California, 92618.

3

4                 **JURISDICTION AND VENUE**

5

6    1.    This lawsuit is an action for patent infringement arising under the

7  patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction

8  over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9    2.    This Court has personal jurisdiction over Defendant because Defendant

10  conducts business in the State of California and committed acts of patent

11  infringement and/or contributed to or induced acts of patent infringement by others

12  in the Central District of California and elsewhere in California and the United

13  States.

14    3.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

15  and 1400 because Defendant regularly conducts business in this judicial district, and

16  certain of the acts complained of herein occurred in this judicial district. Defendant

17  offers to sell and sells the accused products in this judicial district.

18

19                 **THE PATENTS IN SUIT**

20

21    4.    On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled

22  "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A

23  true and correct copy of the '626 patent is attached hereto as Exhibit A.

24    5.    On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577

25  titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data

26  Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption"

27  (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is

28  attached hereto as Exhibit B.

1    6.    On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542
2  titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true
3  and correct copy of the '542 patent is attached hereto as Exhibit C.

4    7.    On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled
5  "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847
6  patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

7    8.    On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled
8  "Television Function Selection Method, Television Receiver and Remove
9  Commander for Television Receiver" (hereinafter "the '373 patent"). A true and
10  correct copy of the '373 patent is attached hereto as Exhibit E.

11    9.    On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614
12  titled "Method and Apparatus for Displaying an Electronic Menu having
13  Components with Differing Levels of Transparency" (hereinafter "the '614 patent").
14  A true and correct copy of the '614 patent is attached hereto as Exhibit F.

15    10.    On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055
16  titled "Video Data Bus Communication System and Method" (hereinafter "the '055
17  patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

18    11.    On August 26, 2008, the USPTO issued U.S. Patent Re-issue No.
19  40,468 titled "Video Data Bus Communication System and Method" (hereinafter
20  "the '468 patent"). A true and correct copy of the '468 patent is attached hereto as
21  Exhibit H.

22    12.    On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182
23  titled "Display Device" (hereinafter "the '182 patent"). A true and correct copy of
24  the '182 patent is attached hereto as Exhibit I.

25    13.    On December 9, 2003, the USPTO issued U.S. Patent No. 6,661,472
26  titled "Channel Selection In Digital Television" (hereinafter "the '472 patent"). A
27  true and correct copy of the '472 patent is attached hereto as Exhibit J.

28

1     14.    On April 29, 1992, the USPTO issued U.S. Patent No. 5,285,285 titled

2 "Method Of Controlling First Items That Require Prior CRT Display And Second

3 Items That Require No Prior Display" (hereinafter "the '285 patent"). A true and

4 correct copy of the '285 patent is attached hereto as Exhibit K.

5     15.    On May 18, 1993, the USPTO issued U.S. Patent No. 5,212,553 titled

6 "Television Receiver With Selective Menu Display" (hereinafter "the '553 patent").

7 A true and correct copy of the '553 patent is attached hereto as Exhibit L.

8     16.    On December 1, 1992, the USPTO issued U.S. Patent No. 5,168,362

9 titled "Apparatus For Displaying Standard Aspect Ratio Television Signal On Wide

10 Aspect Ratio Display Screen" (hereinafter "the '362 patent"). A true and correct

11 copy of the '362 patent is attached hereto as Exhibit M.

12     17.    On May 18, 1993, the USPTO issued U.S. Patent No. 5,539,425 titled

13 "Display Unit" (hereinafter "the '425 patent"). A true and correct copy of the '425

14 patent is attached hereto as Exhibit N.

15     18.    The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614

16 patent, '055 patent, '468 patent, '182 patent, '472 patent, '285 patent, '553 patent,

17 '362 patent, and the '425 patent collectively, are henceforth referred to as the

18 "patents-in-suit."

19     19.    Sony is the owner of all right, title, and interest in and to each of the

20 patents-in-suit with full and exclusive right to bring suit to enforce this patent,

21 including the right to recover for past infringement.

22

23 **COUNT I**

24 **INFRINGEMENT OF THE '626 PATENT**

25

26     20.    Sony realleges and incorporates herein the allegations of the preceding

27 paragraphs of this Complaint as if fully set forth herein.

28

1    21.    Upon information and belief, in violation of 35 U.S.C. § 271,
2  Defendant has infringed and is continuing to infringe, literally and/or under the
3  doctrine of equivalents, the '626 patent by practicing one or more claims of the '626
4  patent in the manufacture, use, offering for sale, sale, and/or importation or
5  exportation of display devices, including digital televisions.

6    22.    Upon information and belief, in violation of 35 U.S.C. § 271,
7  Defendant has infringed and is continuing to infringe the '626 patent by contributing
8  to and/or actively inducing the infringement by others of the '626 patent by the
9  manufacture, use, offering for sale, sale, and/or importation or exportation of display
10 devices, including digital televisions.

11    23.    Upon information and belief, Defendant has willfully infringed the
12 '626 patent.

13    24.    Upon information and belief, Defendant's acts of infringement of the
14 '626 patent will continue after service of this complaint unless enjoined by the
15 Court.

16    25.    As a result of Defendant's infringement, Sony has suffered and will
17 suffer damages.

18    26.    Sony is entitled to recover from Defendant the damages sustained by
19 Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

20    27.    Unless Defendant is enjoined by this Court from continuing its
21 infringement of the '626 patent, Sony will suffer additional irreparable harm and
22 impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
23 and permanent injunction against further infringement.

24

25

26

27

28

## COUNT II

## INFRINGEMENT OF THE '577 PATENT

1    28.    Sony realleges and incorporates herein the allegations of the preceding

2  paragraphs of this Complaint as if fully set forth herein.

3    29.    Upon information and belief, in violation of 35 U.S.C. § 271,

4  Defendant has infringed and is continuing to infringe, literally and/or under the

5  doctrine of equivalents, the '577 patent by practicing one or more claims of the '577

6  patent in the manufacture, use, offering for sale, sale, and/or importation or

7  exportation of display devices, including digital televisions.

8    30.    Upon information and belief, in violation of 35 U.S.C. § 271,

9  Defendant has infringed and is continuing to infringe the '577 patent by contributing

10  to and/or actively inducing the infringement by others of the '577 patent by the

11  manufacture, use, offering for sale, sale, and/or importation or exportation of display

12  devices, including digital televisions.

13    31.    Upon information and belief, Defendant has willfully infringed the

14  '577 patent.

15    32.    Upon information and belief, Defendant's acts of infringement of the

16  '577 patent will continue after service of this complaint unless enjoined by the

17  Court.

18    33.    As a result of Defendant's infringement, Sony has suffered and will

19  suffer damages.

20    34.    Sony is entitled to recover from Defendant the damages sustained by

21  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

22    35.    Unless Defendant is enjoined by this Court from continuing its

23  infringement of the '577 patent, Sony will suffer additional irreparable harm and

24  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary

25  and permanent injunction against further infringement.

26

27

28

51451/2664183.1

COMPLAINT FOR PATENT INFRINGEMENT

## COUNT III

## INFRINGEMENT OF THE '542 PATENT

36.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

37.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '542 patent by practicing one or more claims of the '542 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

38.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '542 patent by contributing to and/or actively inducing the infringement by others of the '542 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

39.    Upon information and belief, Defendant has willfully infringed the '542 patent.

40.    Upon information and belief, Defendant's acts of infringement of the '542 patent will continue after service of this complaint unless enjoined by the Court.

41.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

42.    Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

43.    Unless Defendant is enjoined by this Court from continuing its infringement of the '542 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

1

2                                              ## COUNT IV

3                          ## INFRINGEMENT OF THE '847 PATENT

4

5        44.    Sony realleges and incorporates herein the allegations of the preceding

6    paragraphs of this Complaint as if fully set forth herein.

7        45.    Upon information and belief, in violation of 35 U.S.C. § 271,

8    Defendant has infringed and is continuing to infringe, literally and/or under the

9    doctrine of equivalents, the '847 patent by practicing one or more claims of the '847

10   patent in the manufacture, use, offering for sale, sale, and/or importation or

11   exportation of digital devices, including display televisions.

12       46.    Upon information and belief, in violation of 35 U.S.C. § 271,

13   Defendant has infringed and is continuing to infringe the '847 patent by contributing

14   to and/or actively inducing the infringement by others of the '847 patent by the

15   manufacture, use, offering for sale, sale, and/or importation or exportation of display

16   devices, including digital televisions.

17       47.    Upon information and belief, Defendant has willfully infringed the

18   '847 patent.

19       48.    Upon information and belief, Defendant's acts of infringement of the

20   '847 patent will continue after service of this complaint unless enjoined by the

21   Court.

22       49.    As a result of Defendant's infringement, Sony has suffered and will

23   suffer damages.

24       50.    Sony is entitled to recover from Defendant the damages sustained by

25   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

26       51.    Unless Defendant is enjoined by this Court from continuing its

27   infringement of the '847 patent, Sony will suffer additional irreparable harm and

28

8

COMPLAINT FOR PATENT INFRINGEMENT

1  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

2  and permanent injunction against further infringement.

3  ## COUNT V

4  ## INFRINGEMENT OF THE '373 PATENT

5

6  52.    Sony realleges and incorporates herein the allegations of the preceding

7  paragraphs of this Complaint as if fully set forth herein.

8  53.    Upon information and belief, in violation of 35 U.S.C. § 271,

9  Defendant has infringed and is continuing to infringe, literally and/or under the

10  doctrine of equivalents, the '373 patent by practicing one or more claims of the '373

11  patent in the manufacture, use, offering for sale, sale, and/or importation or

12  exportation of display devices, including digital televisions.

13  54.    Upon information and belief, in violation of 35 U.S.C. § 271,

14  Defendant has infringed and is continuing to infringe the '373 patent by contributing

15  to and/or actively inducing the infringement by others of the '373 patent by the

16  manufacture, use, offering for sale, sale, and/or importation or exportation of display

17  devices, including digital televisions.

18  55.    Upon information and belief, Defendant has willfully infringed the

19  '373 patent.

20  56.    Upon information and belief, Defendant's acts of infringement of the

21  '373 patent will continue after service of this complaint unless enjoined by the

22  Court.

23  57.    As a result of Defendant's infringement, Sony has suffered and will

24  suffer damages.

25  58.    Sony is entitled to recover from Defendant the damages sustained by

26  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

27  59.    Unless Defendant is enjoined by this Court from continuing its

28  infringement of the '373 patent, Sony will suffer additional irreparable harm and

9

1   impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

2   and permanent injunction against further infringement.

3

4                                    **COUNT VI**

5                      **INFRINGEMENT OF THE '614 PATENT**

6

7       60.    Sony realleges and incorporates herein the allegations of the preceding

8   paragraphs of this Complaint as if fully set forth herein.

9       61.    Upon information and belief, in violation of 35 U.S.C. § 271,

10  Defendant has infringed and is continuing to infringe, literally and/or under the

11  doctrine of equivalents, the '614 patent by practicing one or more claims of the '614

12  patent in the manufacture, use, offering for sale, sale, and/or importation or

13  exportation of display devices, including digital televisions.

14      62.    Upon information and belief, in violation of 35 U.S.C. § 271,

15  Defendant has infringed and is continuing to infringe the '614 patent by contributing

16  to and/or actively inducing the infringement by others of the '614 patent by the

17  manufacture, use, offering for sale, sale, and/or importation or exportation of display

18  devices, including digital televisions.

19      63.    Upon information and belief, Defendant has willfully infringed the

20  '614 patent.

21      64.    Upon information and belief, Defendant's acts of infringement of the

22  '614 patent will continue after service of this complaint unless enjoined by the

23  Court.

24      65.    As a result of Defendant's infringement, Sony has suffered and will

25  suffer damages.

26      66.    Sony is entitled to recover from Defendant the damages sustained by

27  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

28

1    67.    Unless Defendant is enjoined by this Court from continuing its

2    infringement of the '614 patent, Sony will suffer additional irreparable harm and

3    impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

4    and permanent injunction against further infringement.

5

6                              **COUNT VII**

7                **INFRINGEMENT OF THE '055 PATENT**

8

9    68.    Sony realleges and incorporates herein the allegations of the preceding

10   paragraphs of this Complaint as if fully set forth herein.

11   69.    Upon information and belief, in violation of 35 U.S.C. § 271,

12   Defendant has infringed and is continuing to infringe, literally and/or under the

13   doctrine of equivalents, the '055 patent by practicing one or more claims of the '055

14   patent in the manufacture, use, offering for sale, sale, and/or importation or

15   exportation of display devices, including digital televisions.

16   70.    Upon information and belief, in violation of 35 U.S.C. § 271,

17   Defendant has infringed and is continuing to infringe the '055 patent by contributing

18   to and/or actively inducing the infringement by others of the '055 patent by the

19   manufacture, use, offering for sale, sale, and/or importation or exportation of display

20   devices, including digital televisions.

21   71.    Upon information and belief, Defendant has willfully infringed the

22   '055 patent.

23   72.    Upon information and belief, Defendant's acts of infringement of the

24   '055 patent will continue after service of this complaint unless enjoined by the

25   Court.

26   73.    As a result of Defendant's infringement, Sony has suffered and will

27   suffer damages.

28

51451/2664183.1

1    74.    Sony is entitled to recover from Defendant the damages sustained by

2  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

3    75.    Unless Defendant is enjoined by this Court from continuing its

4  infringement of the '055 patent, Sony will suffer additional irreparable harm and

5  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary

6  and permanent injunction against further infringement.

7

8                      **COUNT VIII**

9          **INFRINGEMENT OF THE '468 PATENT**

10

11    76.    Sony realleges and incorporates herein the allegations of the preceding

12  paragraphs of this Complaint as if fully set forth herein.

13    77.    Upon information and belief, in violation of 35 U.S.C. § 271,

14  Defendant has infringed and is continuing to infringe, literally and/or under the

15  doctrine of equivalents, the '468 patent by practicing one or more claims of the '468

16  patent in the manufacture, use, offering for sale, sale, and/or importation or

17  exportation of display devices, including digital televisions.

18    78.    Upon information and belief, in violation of 35 U.S.C. § 271,

19  Defendant has infringed and is continuing to infringe the '468 patent by contributing

20  to and/or actively inducing the infringement by others of the '468 patent by the

21  manufacture, use, offering for sale, sale, and/or importation or exportation of display

22  devices, including digital televisions.

23    79.    Upon information and belief, Defendant has willfully infringed the

24  '468 patent.

25    80.    Upon information and belief, Defendant's acts of infringement of the

26  '468 patent will continue after service of this complaint unless enjoined by the

27  Court.

28

1    81.    As a result of Defendant's infringement, Sony has suffered and will
2    suffer damages.

3    82.    Sony is entitled to recover from Defendant the damages sustained by
4    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
5    Unless Defendant is enjoined by this Court from continuing its infringement of the
6    '468 patent, Sony will suffer additional irreparable harm and impairment of the
7    value of its patent rights. Thus, Sony is entitled to a preliminary and permanent
8    injunction against further infringement.

9

10    **COUNT IX**
11    **INFRINGEMENT OF THE '182 PATENT**
12

13    83.    Sony realleges and incorporates herein the allegations of the preceding
14    paragraphs of this Complaint as if fully set forth herein.

15    84.    Upon information and belief, in violation of 35 U.S.C. § 271,
16    Defendant has infringed and is continuing to infringe, literally and/or under the
17    doctrine of equivalents, the '182 patent by practicing one or more claims of the '182
18    patent in the manufacture, use, offering for sale, sale, and/or importation or
19    exportation of display devices, including digital televisions.

20    85.    Upon information and belief, in violation of 35 U.S.C. § 271,
21    Defendant has infringed and is continuing to infringe the '182 patent by contributing
22    to and/or actively inducing the infringement by others of the '182 patent by the
23    manufacture, use, offering for sale, sale, and/or importation or exportation of display
24    devices, including digital televisions.

25    86.    Upon information and belief, Defendant has willfully infringed the
26    '182 patent.

27

28

1    87.    Upon information and belief, Defendant's acts of infringement of the

2    '182 patent will continue after service of this complaint unless enjoined by the

3    Court.

4    88.    As a result of Defendant's infringement, Sony has suffered and will

5    suffer damages.

6    89.    Sony is entitled to recover from Defendant the damages sustained by

7    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

8    Unless Defendant is enjoined by this Court from continuing its infringement of the

9    '182 patent, Sony will suffer additional irreparable harm and impairment of the

10   value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

11   injunction against further infringement.

12

13                            **COUNT X**

14              **INFRINGEMENT OF THE '472 PATENT**

15

16   90.    Sony realleges and incorporates herein the allegations of the preceding

17   paragraphs of this Complaint as if fully set forth herein.

18   91.    Upon information and belief, in violation of 35 U.S.C. § 271,

19   Defendant has infringed and is continuing to infringe, literally and/or under the

20   doctrine of equivalents, the '182 patent by practicing one or more claims of the '472

21   patent in the manufacture, use, offering for sale, sale, and/or importation or

22   exportation of display devices, including digital televisions.

23   92.    Upon information and belief, in violation of 35 U.S.C. § 271,

24   Defendant has infringed and is continuing to infringe the '472 patent by contributing

25   to and/or actively inducing the infringement by others of the '472 patent by the

26   manufacture, use, offering for sale, sale, and/or importation or exportation of display

27   devices, including digital televisions.

28

1     93.   Upon information and belief, Defendant has willfully infringed the

2  '472 patent.

3     94.   Upon information and belief, Defendant's acts of infringement of the

4  '472 patent will continue after service of this complaint unless enjoined by the

5  Court.

6     95.   As a result of Defendant's infringement, Sony has suffered and will

7  suffer damages.

8     96.   Sony is entitled to recover from Defendant the damages sustained by

9  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10  Unless Defendant is enjoined by this Court from continuing its infringement of the

11  '472 patent, Sony will suffer additional irreparable harm and impairment of the

12  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

13  injunction against further infringement.

14                    **COUNT XI**

15          **INFRINGEMENT OF THE '285 PATENT**

16

17     97.   Sony realleges and incorporates herein the allegations of the preceding

18  paragraphs of this Complaint as if fully set forth herein.

19     98.   Upon information and belief, in violation of 35 U.S.C. § 271,

20  Defendant has infringed and is continuing to infringe, literally and/or under the

21  doctrine of equivalents, the '285 patent by practicing one or more claims of the '285

22  patent in the manufacture, use, offering for sale, sale, and/or importation or

23  exportation of display devices, including digital televisions.

24     99.   Upon information and belief, in violation of 35 U.S.C. § 271,

25  Defendant has infringed and is continuing to infringe the '285 patent by contributing

26  to and/or actively inducing the infringement by others of the '285 patent by the

27  manufacture, use, offering for sale, sale, and/or importation or exportation of display

28  devices, including digital televisions.

1    100.   Upon information and belief, Defendant has willfully infringed the

2  '285 patent.

3    101.   Upon information and belief, Defendant's acts of infringement of the

4  '285 patent will continue after service of this complaint unless enjoined by the

5  Court.

6    102.   As a result of Defendant's infringement, Sony has suffered and will

7  suffer damages.

8    103.   Sony is entitled to recover from Defendant the damages sustained by

9  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10  Unless Defendant is enjoined by this Court from continuing its infringement of the

11  '285 patent, Sony will suffer additional irreparable harm and impairment of the

12  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

13  injunction against further infringement.

14                      **COUNT XII**

15          **INFRINGEMENT OF THE '553 PATENT**

16

17    104.   Sony realleges and incorporates herein the allegations of the preceding

18  paragraphs of this Complaint as if fully set forth herein.

19    105.   Upon information and belief, in violation of 35 U.S.C. § 271,

20  Defendant has infringed and is continuing to infringe, literally and/or under the

21  doctrine of equivalents, the '553 patent by practicing one or more claims of the '553

22  patent in the manufacture, use, offering for sale, sale, and/or importation or

23  exportation of display devices, including digital televisions.

24    106.   Upon information and belief, in violation of 35 U.S.C. § 271,

25  Defendant has infringed and is continuing to infringe the '553 patent by contributing

26  to and/or actively inducing the infringement by others of the '553 patent by the

27  manufacture, use, offering for sale, sale, and/or importation or exportation of display

28  devices, including digital televisions.

51451/2664183.1

COMPLAINT FOR PATENT INFRINGEMENT

1      107.   Upon information and belief, Defendant has willfully infringed the

2  '553 patent.

3      108.   Upon information and belief, Defendant's acts of infringement of the

4  '553 patent will continue after service of this complaint unless enjoined by the

5  Court.

6      109.   As a result of Defendant's infringement, Sony has suffered and will

7  suffer damages.

8      110.   Sony is entitled to recover from Defendant the damages sustained by

9  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10  Unless Defendant is enjoined by this Court from continuing its infringement of the

11  '553 patent, Sony will suffer additional irreparable harm and impairment of the

12  value of its patent rights. Thus, Sony is entitled to a preliminary and permanent

13  injunction against further infringement.

14                          **COUNT XIII**

15              **INFRINGEMENT OF THE '362 PATENT**

16

17      111.   Sony realleges and incorporates herein the allegations of the preceding

18  paragraphs of this Complaint as if fully set forth herein.

19      112.   Upon information and belief, in violation of 35 U.S.C. § 271,

20  Defendant has infringed and is continuing to infringe, literally and/or under the

21  doctrine of equivalents, the '362 patent by practicing one or more claims of the '362

22  patent in the manufacture, use, offering for sale, sale, and/or importation or

23  exportation of display devices, including digital televisions.

24      113.   Upon information and belief, in violation of 35 U.S.C. § 271,

25  Defendant has infringed and is continuing to infringe the '362 patent by contributing

26  to and/or actively inducing the infringement by others of the '362 patent by the

27  manufacture, use, offering for sale, sale, and/or importation or exportation of display

28  devices, including digital televisions.

1        114.

2        115.   Upon information and belief, Defendant has willfully infringed the

3   '362 patent.

4        116.   Upon information and belief, Defendant's acts of infringement of the

5   '362 patent will continue after service of this complaint unless enjoined by the

6   Court.

7        117.   As a result of Defendant's infringement, Sony has suffered and will

8   suffer damages.

9        118.   Sony is entitled to recover from Defendant the damages sustained by

10  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

11  Unless Defendant is enjoined by this Court from continuing its infringement of the

12  '362 patent, Sony will suffer additional irreparable harm and impairment of the

13  value of its patent rights.   Thus, Sony is entitled to a preliminary and permanent

14  injunction against further infringement.

15                              **COUNT XIV**

16                 **INFRINGEMENT OF THE '425 PATENT**

17

18       119.   Sony realleges and incorporates herein the allegations of the preceding

19  paragraphs of this Complaint as if fully set forth herein.

20       120.   Upon information and belief, in violation of 35 U.S.C. § 271,

21  Defendant has infringed and is continuing to infringe, literally and/or under the

22  doctrine of equivalents, the '425 patent by practicing one or more claims of the '425

23  patent in the manufacture, use, offering for sale, sale, and/or importation or

24  exportation of display devices, including digital televisions.

25       121.   Upon information and belief, in violation of 35 U.S.C. § 271,

26  Defendant has infringed and is continuing to infringe the '425 patent by contributing

27  to and/or actively inducing the infringement by others of the '425 patent by the

28

1   122.  manufacture, use, offering for sale, sale, and/or importation or
2   exportation of display devices, including digital televisions.

3   123.  Upon information and belief, Defendant has willfully infringed the
4   '425 patent.

5   124.  Upon information and belief, Defendant's acts of infringement of the
6   '472 patent will continue after service of this complaint unless enjoined by the
7   Court.

8   125.  As a result of Defendant's infringement, Sony has suffered and will
9   suffer damages.

10   126.  Sony is entitled to recover from Defendant the damages sustained by
11   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
12   Unless Defendant is enjoined by this Court from continuing its infringement of the
13   '425 patent, Sony will suffer additional irreparable harm and impairment of the
14   value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent
15   injunction against further infringement.

16                              **PRAYER FOR RELIEF**

17   WHEREFORE, Sony prays for the following relief:

18         (a)    That Defendant be ordered to pay damages adequate to
19   compensate Sony for Defendant's infringement of each of the patents-in-suit
20   pursuant to 35 U.S.C. § 284;

21         (b)    That Defendant be ordered to pay treble damages for willful
22   infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

23         (c)    That Defendant be ordered to pay attorneys' fees pursuant to 35
24   U.S.C. § 285 for each of the patents-in-suit;

25         (d)    That Defendant, its officers, agents, servants, employees, and
26   those persons acting in active concert or in participation with them be enjoined from
27   further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

28         (e)    That Defendant be ordered to pay prejudgment interest;

1

2        (f)    That Defendant be ordered to pay all costs associated with this

3  action; and

4        (g)    That Sony be granted such other and additional relief as the

5  Court deems just and proper.

6

DATED: October 10, 2008      Respectfully submitted,

7

8

9             By

10             Steven Anderson
               QUINN EMANUEL URQUHART
               OLIVER & HEDGES, LLP

11

12             Attorneys for Plaintiff
               SONY CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17.3

COMPLAINT FOR PATENT INFRINGEMENT

1

## DEMAND FOR JURY TRIAL

2     Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

3   demands a trial by jury as to all issues so triable.

4

5   DATED:  October 10, 2008              Respectfully submitted,

6

7                                 By

8                                    Steven Anderson
                                   QUINN EMANUEL URQUHART
9                                  OLIVER & HEDGES, LLP

10
                                   Attorneys for Plaintiff
11                                 SONY CORPORATION OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17.4

# Exhibit E

**CONFORMED COPY**

1   Kevin P.B. Johnson (Bar No. 177129)
    Benjamin L. Singer (*pro hac* admission pending)
2   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    555 Twin Dolphin Drive, Suite 560
3   Redwood Shores, California 94065-2139
    Telephone: (650) 801-5000
4   Facsimile: (650) 801-5100

5   Steven M. Anderson (Bar No. 144014)
    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
6   865 S. Figueroa St. 10th Floor
    Los Angeles, California 90017
7   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

8

9   Attorneys for Plaintiff Sony Corporation
10

11              UNITED STATES DISTRICT COURT

12              CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14   SONY CORPORATION, A Japanese       CASE NO. **SACV08-1135AHS** (ANx)
     corporation,
15
                    Plaintiff,          **NOTICE OF RELATED CASES**
16
          vs.
17
     VIZIO, Inc.,
18
                    Defendant.
19

20

21

22

23

24

25

26

27

28

S1451/2664170.1

1

FILED
2008 OCT 10 PM 4:06
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

1   TO THE CLERK OF THE COURT:

2          PLEASE TAKE NOTICE that the following cases that have previously

3   been filed in this Court are related to the instant case in that a number of the patents-

4   in-suit are identical to those in the prior case and in that the instant case calls for the

5   determination of the same or substantially identical questions of law in that the relief

6   sought is the same.

7          The related case is *Sony Corp. v. Westinghouse Digital Electronics, LLC,*

8   CV08-03934 RGK (FMOx).

9

10  DATED: October 10, 2008          Respectfully submitted,

11                                   QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP

12

13                                   By

14                                   Steven M. Anderson
                                     Attorneys for Plaintiff Sony Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

51451/2664170.1

2

# Exhibit F

 

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SONY CORPORATION, A Japanese corporation

**DEFENDANTS**
VIZIO, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017    Tel: (213) 443-3000

Attorneys (If Known)
unknown

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant     ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:    JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No       ☐ **MONEY DEMANDED IN COMPLAINT: $** to be proved at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Counts 1–14: violation of 35 U.S.C. 271 (Patent Infringement)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | ☐ 446 American with Disabilities – Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV08-1135

**FOR OFFICE USE ONLY:**    Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☒ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No  ☒ Yes
If yes, list case number(s): CV08-03934 RGK (FMOx)

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
               ☒ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
               ☒ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
               ☒ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sony Corporation: citizen of Japan; |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| VIZIO, Inc. - Orange County, California | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Claims 1-14: Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties.
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date  October 10, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# Exhibit G

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sony Corp. | CASE NUMBER: |
| Plaintiff(s), | SACV 08-1135 ▉(ANx) |
| v. | |
| VIZIO Inc | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 ( Related Cases) |
| Defendant(s). | |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 08-05.

_____        R. Gary Klausner
Date                                    _United States District Judge_

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

not related

OCT 24 2008

_____        _Gary Klausner_
Date                                    _United States District Judge_

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____08-cv-3934 RGK (FMOx)_____ and the present case:

☐ A.  Arise from the same or closely related transactions, happenings or events; or
☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D.  Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.
☐ E.  Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _____ to Magistrate Judge Fe _____

On all documents subsequently filed in this case, please substitute the initials _____ after the case number in place of the initials of the prior judge, so that the case number will read _;_ _____. This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☐ Western   ☐ Southern   ☐ Eastern Division.

Traditionally filed subsequent documents must be filed at the   ☐ Western   ☐ Southern   ☐ Eastern Division.
**Failure to file at the proper location will result in your documents being returned to you.**

cc: ☑ Previous Judge        ☑ Statistics Clerk

_____
CV-34 (05/08)                    ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 ( Related Cases)

# Exhibit H

Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

FILED

NOV 1 4 2008

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION AT SANTA ANA
BY _____ DEPUTY

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation, | CASE NO. CV-01135-AHS-AN |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | **JURY TRIAL DEMANDED** |
| VIZIO, Inc., | |
| Defendant. | |

Plaintiff Sony Corporation files this complaint against VIZIO, Inc. ("VIZIO" or "Defendant"):

## THE PARTIES

1.      Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

2.      Upon information and belief, VIZIO is a corporation organized under the laws of California and headquartered at 39 Tesla, Irvine, California, 92618.

©COPY

## JURISDICTION AND VENUE

1.    This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2.    This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of California and committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the Central District of California and elsewhere in California and the United States.

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant regularly conducts business in this judicial district, and certain of the acts complained of herein occurred in this judicial district. Defendant offers to sell and sells the accused products in this judicial district.

## THE PATENTS IN SUIT

4.    On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A true and correct copy of the '626 patent is attached hereto as Exhibit A.

5.    On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption" (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is attached hereto as Exhibit B.

6.    On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542 titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true and correct copy of the '542 patent is attached hereto as Exhibit C.

1     7.     On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled

2  "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847

3  patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

4     8.     On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled

5  "Television Function Selection Method, Television Receiver and Remove

6  Commander for Television Receiver" (hereinafter "the '373 patent"). A true and

7  correct copy of the '373 patent is attached hereto as Exhibit E.

8     9.     On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614

9  titled "Method and Apparatus for Displaying an Electronic Menu having

10  Components with Differing Levels of Transparency" (hereinafter "the '614 patent").

11  A true and correct copy of the '614 patent is attached hereto as Exhibit F.

12     10.    On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055

13  titled "Video Data Bus Communication System and Method" (hereinafter "the '055

14  patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

15     11.    On August 26, 2008, the USPTO issued U.S. Patent Re-issue No.

16  40,468 titled "Video Data Bus Communication System and Method" (hereinafter

17  "the '468 patent"). A true and correct copy of the '468 patent is attached hereto as

18  Exhibit H.

19     12.    On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182

20  titled "Display Device" (hereinafter "the '182 patent"). A true and correct copy of

21  the '182 patent is attached hereto as Exhibit I.

22     13.    On December 9, 2003, the USPTO issued U.S. Patent No. 6,661,472

23  titled "Channel Selection In Digital Television" (hereinafter "the '472 patent"). A

24  true and correct copy of the '472 patent is attached hereto as Exhibit J.

25     14.    The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614

26  patent, '055 patent, '468 patent, '182 patent, and the '472 patent collectively, are

27  henceforth referred to as the "patents-in-suit."

28

1    15.    Sony is the owner of all right, title, and interest in and to each of the

2    patents-in-suit with full and exclusive right to bring suit to enforce this patent,

3    including the right to recover for past infringement.

4

5                                    **COUNT I**

6                    **INFRINGEMENT OF THE '626 PATENT**

7

8    16.    Sony realleges and incorporates herein the allegations of the preceding

9    paragraphs of this Complaint as if fully set forth herein.

10    17.    Upon information and belief, in violation of 35 U.S.C. § 271,

11    Defendant has infringed and is continuing to infringe, literally and/or under the

12    doctrine of equivalents, the '626 patent by practicing one or more claims of the '626

13    patent in the manufacture, use, offering for sale, sale, and/or importation or

14    exportation of display devices, including digital televisions.

15    18.    Upon information and belief, in violation of 35 U.S.C. § 271,

16    Defendant has infringed and is continuing to infringe the '626 patent by contributing

17    to and/or actively inducing the infringement by others of the '626 patent by the

18    manufacture, use, offering for sale, sale, and/or importation or exportation of display

19    devices, including digital televisions.

20    19.    Upon information and belief, Defendant has willfully infringed the

21    '626 patent.

22    20.    Upon information and belief, Defendant's acts of infringement of the

23    '626 patent  will continue after service of this complaint unless enjoined by the

24    Court.

25    21.    As a result of Defendant's infringement, Sony has suffered and will

26    suffer damages.

27    22.    Sony is entitled to recover from Defendant the damages sustained by

28    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

1    23.    Unless Defendant is enjoined by this Court from continuing its
2  infringement of the '626 patent, Sony will suffer additional irreparable harm and
3  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
4  and permanent injunction against further infringement.

5

6                                    **COUNT II**

7                    **INFRINGEMENT OF THE '577 PATENT**

8

9    24.    Sony realleges and incorporates herein the allegations of the preceding
10  paragraphs of this Complaint as if fully set forth herein.

11    25.    Upon information and belief, in violation of 35 U.S.C. § 271,
12  Defendant has infringed and is continuing to infringe, literally and/or under the
13  doctrine of equivalents, the '577 patent by practicing one or more claims of the '577
14  patent in the manufacture, use, offering for sale, sale, and/or importation or
15  exportation of display devices, including digital televisions.

16    26.    Upon information and belief, in violation of 35 U.S.C. § 271,
17  Defendant has infringed and is continuing to infringe the '577 patent by contributing
18  to and/or actively inducing the infringement by others of the '577 patent by the
19  manufacture, use, offering for sale, sale, and/or importation or exportation of display
20  devices, including digital televisions.

21    27.    Upon information and belief, Defendant has willfully infringed the
22  '577 patent.

23    28.    Upon information and belief, Defendant's acts of infringement of the
24  '577 patent will continue after service of this complaint unless enjoined by the
25  Court.

26    29.    As a result of Defendant's infringement, Sony has suffered and will
27  suffer damages.

28

51451/2696519.1

5

1      30.    Sony is entitled to recover from Defendant the damages sustained by

2  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

3      31.    Unless Defendant is enjoined by this Court from continuing its

4  infringement of the '577 patent, Sony will suffer additional irreparable harm and

5  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

6  and permanent injunction against further infringement.

7

8                                  **COUNT III**

9                    **INFRINGEMENT OF THE '542 PATENT**

10

11      32.    Sony realleges and incorporates herein the allegations of the preceding

12  paragraphs of this Complaint as if fully set forth herein.

13      33.    Upon information and belief, in violation of 35 U.S.C. § 271,

14  Defendant has infringed and is continuing to infringe, literally and/or under the

15  doctrine of equivalents, the '542 patent by practicing one or more claims of the '542

16  patent in the manufacture, use, offering for sale, sale, and/or importation or

17  exportation of display devices, including digital televisions.

18      34.    Upon information and belief, in violation of 35 U.S.C. § 271,

19  Defendant has infringed and is continuing to infringe the '542 patent by contributing

20  to and/or actively inducing the infringement by others of the '542 patent by the

21  manufacture, use, offering for sale, sale, and/or importation or exportation of display

22  devices, including digital televisions.

23      35.    Upon information and belief, Defendant has willfully infringed the

24  '542 patent.

25      36.    Upon information and belief, Defendant's acts of infringement of the

26  '542 patent will continue after service of this complaint unless enjoined by the

27  Court.

28

51451/2696519.1

1      37.    As a result of Defendant's infringement, Sony has suffered and will

2  suffer damages.

3      38.    Sony is entitled to recover from Defendant the damages sustained by

4  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

5      39.    Unless Defendant is enjoined by this Court from continuing its

6  infringement of the '542 patent, Sony will suffer additional irreparable harm and

7  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary

8  and permanent injunction against further infringement.

9

10                     **COUNT IV**

11          **INFRINGEMENT OF THE '847 PATENT**

12

13      40.    Sony realleges and incorporates herein the allegations of the preceding

14  paragraphs of this Complaint as if fully set forth herein.

15      41.    Upon information and belief, in violation of 35 U.S.C. § 271,

16  Defendant has infringed and is continuing to infringe, literally and/or under the

17  doctrine of equivalents, the '847 patent by practicing one or more claims of the '847

18  patent in the manufacture, use, offering for sale, sale, and/or importation or

19  exportation of digital devices, including display televisions.

20      42.    Upon information and belief, in violation of 35 U.S.C. § 271,

21  Defendant has infringed and is continuing to infringe the '847 patent by contributing

22  to and/or actively inducing the infringement by others of the '847 patent by the

23  manufacture, use, offering for sale, sale, and/or importation or exportation of display

24  devices, including digital televisions.

25      43.    Upon information and belief, Defendant has willfully infringed the

26  '847 patent.

27

28

7

1    44.    Upon information and belief, Defendant's acts of infringement of the
2  '847 patent will continue after service of this complaint unless enjoined by the
3  Court.

4    45.    As a result of Defendant's infringement, Sony has suffered and will
5  suffer damages.

6    46.    Sony is entitled to recover from Defendant the damages sustained by
7  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

8    47.    Unless Defendant is enjoined by this Court from continuing its
9  infringement of the '847 patent, Sony will suffer additional irreparable harm and
10 impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
11 and permanent injunction against further infringement.

12

13                           **COUNT V**
14              **INFRINGEMENT OF THE '373 PATENT**

15

16    48.    Sony realleges and incorporates herein the allegations of the preceding
17 paragraphs of this Complaint as if fully set forth herein.

18    49.    Upon information and belief, in violation of 35 U.S.C. § 271,
19 Defendant has infringed and is continuing to infringe, literally and/or under the
20 doctrine of equivalents, the '373 patent by practicing one or more claims of the '373
21 patent in the manufacture, use, offering for sale, sale, and/or importation or
22 exportation of display devices, including digital televisions.

23    50.    Upon information and belief, in violation of 35 U.S.C. § 271,
24 Defendant has infringed and is continuing to infringe the '373 patent by contributing
25 to and/or actively inducing the infringement by others of the '373 patent by the
26 manufacture, use, offering for sale, sale, and/or importation or exportation of display
27 devices, including digital televisions.

28

1       51.    Upon information and belief, Defendant has willfully infringed the

2    '373 patent.

3       52.    Upon information and belief, Defendant's acts of infringement of the

4    '373 patent will continue after service of this complaint unless enjoined by the

5    Court.

6       53.    As a result of Defendant's infringement, Sony has suffered and will

7    suffer damages.

8       54.    Sony is entitled to recover from Defendant the damages sustained by

9    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10      55.    Unless Defendant is enjoined by this Court from continuing its

11   infringement of the '373 patent, Sony will suffer additional irreparable harm and

12   impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary

13   and permanent injunction against further infringement.

14

15                              **COUNT VI**

16                  **INFRINGEMENT OF THE '614 PATENT**

17

18      56.    Sony realleges and incorporates herein the allegations of the preceding

19   paragraphs of this Complaint as if fully set forth herein.

20      57.    Upon information and belief, in violation of 35 U.S.C. § 271,

21   Defendant has infringed and is continuing to infringe, literally and/or under the

22   doctrine of equivalents, the '614 patent by practicing one or more claims of the '614

23   patent in the manufacture, use, offering for sale, sale, and/or importation or

24   exportation of display devices, including digital televisions.

25      58.    Upon information and belief, in violation of 35 U.S.C. § 271,

26   Defendant has infringed and is continuing to infringe the '614 patent by contributing

27   to and/or actively inducing the infringement by others of the '614 patent by the

28

51451/2696519.1

9

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1 │ manufacture, use, offering for sale, sale, and/or importation or exportation of display

2 │ devices, including digital televisions.

3 │     59.    Upon information and belief, Defendant has willfully infringed the

4 │ '614 patent.

5 │     60.    Upon information and belief, Defendant's acts of infringement of the

6 │ '614 patent will continue after service of this complaint unless enjoined by the

7 │ Court.

8 │     61.    As a result of Defendant's infringement, Sony has suffered and will

9 │ suffer damages.

10 │     62.    Sony is entitled to recover from Defendant the damages sustained by

11 │ Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

12 │     63.    Unless Defendant is enjoined by this Court from continuing its

13 │ infringement of the '614 patent, Sony will suffer additional irreparable harm and

14 │ impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

15 │ and permanent injunction against further infringement.

16 │

17 │ **COUNT VII**

18 │ **INFRINGEMENT OF THE '055 PATENT**

19 │

20 │     64.    Sony realleges and incorporates herein the allegations of the preceding

21 │ paragraphs of this Complaint as if fully set forth herein.

22 │     65.    Upon information and belief, in violation of 35 U.S.C. § 271,

23 │ Defendant has infringed and is continuing to infringe, literally and/or under the

24 │ doctrine of equivalents, the '055 patent by practicing one or more claims of the '055

25 │ patent in the manufacture, use, offering for sale, sale, and/or importation or

26 │ exportation of display devices, including digital televisions.

27 │     66.    Upon information and belief, in violation of 35 U.S.C. § 271,

28 │ Defendant has infringed and is continuing to infringe the '055 patent by contributing

1  to and/or actively inducing the infringement by others of the '055 patent by the

2  manufacture, use, offering for sale, sale, and/or importation or exportation of display

3  devices, including digital televisions.

4      67.    Upon information and belief, Defendant has willfully infringed the

5  '055 patent.

6      68.    Upon information and belief, Defendant's acts of infringement of the

7  '055 patent will continue after service of this complaint unless enjoined by the

8  Court.

9      69.    As a result of Defendant's infringement, Sony has suffered and will

10  suffer damages.

11     70.    Sony is entitled to recover from Defendant the damages sustained by

12  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

13     71.    Unless Defendant is enjoined by this Court from continuing its

14  infringement of the '055 patent, Sony will suffer additional irreparable harm and

15  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

16  and permanent injunction against further infringement.

17

18              **COUNT VIII**

19         **INFRINGEMENT OF THE '468 PATENT**

20

21     72.    Sony realleges and incorporates herein the allegations of the preceding

22  paragraphs of this Complaint as if fully set forth herein.

23     73.    Upon information and belief, in violation of 35 U.S.C. § 271,

24  Defendant has infringed and is continuing to infringe, literally and/or under the

25  doctrine of equivalents, the '468 patent by practicing one or more claims of the '468

26  patent in the manufacture, use, offering for sale, sale, and/or importation or

27  exportation of display devices, including digital televisions.

28

1     74.    Upon information and belief, in violation of 35 U.S.C. § 271,

2  Defendant has infringed and is continuing to infringe the '468 patent by contributing

3  to and/or actively inducing the infringement by others of the '468 patent by the

4  manufacture, use, offering for sale, sale, and/or importation or exportation of display

5  devices, including digital televisions.

6     75.    Upon information and belief, Defendant has willfully infringed the

7  '468 patent.

8     76.    Upon information and belief, Defendant's acts of infringement of the

9  '468 patent will continue after service of this complaint unless enjoined by the

10  Court.

11     77.    As a result of Defendant's infringement, Sony has suffered and will

12  suffer damages.

13     78.    Sony is entitled to recover from Defendant the damages sustained by

14  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

15  Unless Defendant is enjoined by this Court from continuing its infringement of the

16  '468 patent, Sony will suffer additional irreparable harm and impairment of the

17  value of its patent rights. Thus, Sony is entitled to a preliminary and permanent

18  injunction against further infringement.

19

20                   **COUNT IX**

21        **INFRINGEMENT OF THE '182 PATENT**

22

23     79.    Sony realleges and incorporates herein the allegations of the preceding

24  paragraphs of this Complaint as if fully set forth herein.

25     80.    Upon information and belief, in violation of 35 U.S.C. § 271,

26  Defendant has infringed and is continuing to infringe, literally and/or under the

27  doctrine of equivalents, the '182 patent by practicing one or more claims of the '182

28

1  patent in the manufacture, use, offering for sale, sale, and/or importation or

2  exportation of display devices, including digital televisions.

3      81.    Upon information and belief, in violation of 35 U.S.C. § 271,

4  Defendant has infringed and is continuing to infringe the '182 patent by contributing

5  to and/or actively inducing the infringement by others of the '182 patent by the

6  manufacture, use, offering for sale, sale, and/or importation or exportation of display

7  devices, including digital televisions.

8      82.    Upon information and belief, Defendant has willfully infringed the

9  '182 patent.

10      83.    Upon information and belief, Defendant's acts of infringement of the

11  '182 patent will continue after service of this complaint unless enjoined by the

12  Court.

13      84.    As a result of Defendant's infringement, Sony has suffered and will

14  suffer damages.

15      85.    Sony is entitled to recover from Defendant the damages sustained by

16  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

17  Unless Defendant is enjoined by this Court from continuing its infringement of the

18  '182 patent, Sony will suffer additional irreparable harm and impairment of the

19  value of its patent rights. Thus, Sony is entitled to a preliminary and permanent

20  injunction against further infringement.

21

22              **COUNT X**

23      **INFRINGEMENT OF THE '472 PATENT**

24

25      86.    Sony realleges and incorporates herein the allegations of the preceding

26  paragraphs of this Complaint as if fully set forth herein.

27      87.    Upon information and belief, in violation of 35 U.S.C. § 271,

28  Defendant has infringed and is continuing to infringe, literally and/or under the

1 doctrine of equivalents, the '182 patent by practicing one or more claims of the '472

2 patent in the manufacture, use, offering for sale, sale, and/or importation or

3 exportation of display devices, including digital televisions.

4    88.    Upon information and belief, in violation of 35 U.S.C. § 271,

5 Defendant has infringed and is continuing to infringe the '472 patent by contributing

6 to and/or actively inducing the infringement by others of the '472 patent by the

7 manufacture, use, offering for sale, sale, and/or importation or exportation of display

8 devices, including digital televisions.

9    89.    Upon information and belief, Defendant has willfully infringed the

10 '472 patent.

11    90.    Upon information and belief, Defendant's acts of infringement of the

12 '472 patent will continue after service of this complaint unless enjoined by the

13 Court.

14    91.    As a result of Defendant's infringement, Sony has suffered and will

15 suffer damages.

16    92.    Sony is entitled to recover from Defendant the damages sustained by

17 Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

18 Unless Defendant is enjoined by this Court from continuing its infringement of the

19 '472 patent, Sony will suffer additional irreparable harm and impairment of the

20 value of its patent rights. Thus, Sony is entitled to a preliminary and permanent

21 injunction against further infringement.

22

23    **PRAYER FOR RELIEF**

24    WHEREFORE, Sony prays for the following relief:

25    (a)    That Defendant be ordered to pay damages adequate to

26 compensate Sony for Defendant's infringement of each of the patents-in-suit

27 pursuant to 35 U.S.C. § 284;

28

14

1       (b)   That Defendant be ordered to pay treble damages for willful

2 infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

3       (c)   That Defendant be ordered to pay attorneys' fees pursuant to 35

4 U.S.C. § 285 for each of the patents-in-suit;

5       (d)   That Defendant, its officers, agents, servants, employees, and

6 those persons acting in active concert or in participation with them be enjoined from

7 further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

8       (e)   That Defendant be ordered to pay prejudgment interest;

9       (f)   That Defendant be ordered to pay all costs associated with this

10 action; and

11       (g)   That Sony be granted such other and additional relief as the

12 Court deems just and proper.

13 DATED: November 14, 2008      Respectfully submitted,

14

15

16 By _____ /FOR

    Kevin P.B. Johnson

17     QUINN EMANUEL URQUHART

    OLIVER & HEDGES, LLP

18

    Attorneys for Plaintiff

19     SONY CORPORATION OF AMERICA

20

21

22

23

24

25

26

27

28

15

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

1

## DEMAND FOR JURY TRIAL

2    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

3  demands a trial by jury as to all issues so triable.

4

5  DATED:  November 14, 2008        Respectfully submitted,

6

7                    By _____ / FOR

8                       Kevin P.B. Johnson
                        QUINN EMANUEL URQUHART
9                       OLIVER & HEDGES, LLP

10
                        Attorneys for Plaintiff
11                      SONY CORPORATION OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

51451/2696519.1

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT