Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO INC., A California corporation,<br><br>Defendant. | CASE NO. CV-01135-AHS-AN<br><br>**TIME-SENSITIVE**<br><br>SONY CORPORATION'S *EX PARTE* APPLICATION SEEKING WAIVER OF L.R. 7-3'S 20-DAY WAITING PERIOD AND SHORTENING OF BRIEFING SCHEDULE REGARDING SONY'S MOTION FOR RECONSIDERATION OF TRANSFER ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF<br><br>[PROPOSED] ORDER FILED CONCURRENTLY HEREWITH<br><br>**The Honorable Alicemarie H. Stotler**<br><br>**Hearing Date and Time: TBD** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Pursuant to Local Rule 7-19, Plaintiff Sony Corporation ("Sony") will, and hereby does, apply *ex parte* for entry of the accompanying [Proposed] Order regarding Waiver of L.R. 7-3's 20-Day Waiting Period and Shortening of Briefing Schedule Regarding Sony Corporation's Motion for Reconsideration of Transfer Order.

Pursuant to Local Rules 7-19 and 7-19.1, on November 17, 2008, notified Vizio Inc.'s ("Vizio") counsel of the date, time, and substance of this *ex parte* application. Vizio's counsel opposes this application. The name of Vizio's counsel is James L. Wamsley III and William J. Brown, Jr. of Jones Day. Mr. Wamsley's business address is 901 Lakeside Avenue, Cleveland, Ohio 44114; phone: 216-586-3939. Mr. Brown's business address is 2 Park Plaza, Suite 1100, Irvine, California 92614.

DATED: November 19, 2008    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____/FOR_____
Kevin P.B. Johnson
Attorneys for Plaintiff Sony Corporation

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Sony Corporation ("Sony") respectfully applies *ex parte* to this Court for an order of Waiver of <u>Local Rule</u> 7-3's 20-Day Waiting Period and Shortening of Briefing Schedule Regarding Sony Corporation's Motion for Reconsideration of Transfer Order.

As set forth in greater detail in Sony's Motion for Reconsideration of Transfer Order and supporting documents in accordance with <u>Local Rule</u> 7-18, material facts presented to the Court were respectfully overlooked in its decision to decline intra-district transfer of this case (the "Vizio Action"). Specifically, Judge Klausner denied intra-district transfer of the Vizio Action as a related case to his docket, where Sony already has a related patent infringement case pending entitled <u>Sony Corp. v. Westinghouse Digital Electronics, LLC</u>, CV08-03934 RGK (FMOx) ("Westinghouse Action"), despite the fact that the 14 patents-at-issue in the Vizio Action included all 10 of the patents-at-issue in the Westinghouse Action and the accused products in each are digital televisions (Sony's First Amended Complaint filed on November 14, 2008 dropped 4 patents and as a result, the Vizio Action and the Westinghouse Action now involve the same 10 patents). Thus, the two actions involve the same plaintiff, the same patents, the same underlying technology, and the same types of infringing products and are therefore unquestionably substantially related, involving the same or substantially identical questions of law and fact.

Accordingly, a transfer of the Vizio Action to Judge Klausner's docket would benefit judicial economy by preventing the unnecessary and inefficient duplication of judicial efforts and eliminate the risk of inconsistent substantive rulings. For example, if the Vizio Action were not transferred, both this Court and Judge Klausner would engage in claim construction for the same 10 patents and would consider summary judgment motions applying those patents against the same types of products, with a corresponding duplication of efforts and risk of

inconsistent rulings. Similarly, both Judge Klausner and Judge Stotler would likely address the same prior art issues as well.

Expedited consideration of Sony's motion for reconsideration is warranted. Vizio's answer is currently due December 15, 2008. Soon thereafter the Court will set a Rule 16 conference, and discovery will commence. Accordingly, it is in the interest of the Court and the parties to resolve the issue of intra-district transfer as soon as possible before it is necessary for the Court to engage in duplicative efforts of apprising itself of the nature of the case and of the 10 patents and accused products at issue.

Sony and Vizio met and conferred on the substance of Sony's motion for reconsideration six days ago on November 13, 2008. Sony therefore requests that the Court waive the 20-day waiting period set forth in Local Rule 7-3 and allow for the immediate filing of Sony's Motion to Reconsider Transfer Order. Sony also requests that the parties' briefing schedule be shortened as follows: Sony's Motion for Reconsideration to be filed on November 19, 2008, Vizio's opposition, if any, to be filed on November 26, 2008, and Sony's reply to be filed on December 2, 2008, with a hearing date tentatively set for December 8, 2008. For the foregoing reason, Sony's requested relief should be granted.

DATED: November 19, 2008    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ [signature] /FOR
Kevin P.B. Johnson
Attorneys for Plaintiff Sony Corporation