Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
William J. Brown, Jr. (State Bar No. 192950)
wbrown@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SONY CORPORATION,<br><br>            Plaintiff,<br><br>   v.<br><br>VIZIO, INC.,<br><br>            Defendant. | Case No. SACV-08-01135-AHS(ANx)<br><br>**VIZIO'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING SONY CORPORATION'S *EX PARTE* APPLICATION SEEKING WAIVER OF L.R. 7-3'S 20-DAY WAITING PERIOD AND SHORTENING OF BRIEFING SCHEDULE REGARDING SONY'S MOTION FOR RECONSIDERATION OF TRANSFER ORDER**<br><br>[Proposed Transferee Judge: Honorable R. Gary Klausner] |

     Sony Corporation's *Ex Parte* Application abuses this Court's rules and procedures governing *ex parte* relief and should be denied. No extraordinary relief is at stake, and Sony has not demonstrated that it will suffer any prejudice if its unwarranted motion for reconsideration of an intra-district transfer order is taken up on the regular schedule.

     This Court's standing Order clearly states that:

> *Ex Parte* applications are ONLY for extraordinary relief.
>
> Sanctions may be imposed for misuse of *ex parte*

LAI-2988251v1

|   |   |
|---|---|
| 1 | applications. *See Mission Power Engineering Co. v.* |
| 2 | *Continental Casualty Co.,* 883 F.Supp. 488 (C.D. Cal. |
| 3 | 1995). |

As the *Mission Power Engineering* decision makes clear, "[e]x parte motions are rarely justified," and are "inherently unfair" when--as here--they are filed not to secure legitimate extraordinary relief but instead in an effort to gain tactical advantage. 883 F.Supp. at 490. Sony's Application fits squarely within the mold criticized by the *Mission Power Engineering* court as "debilitat[ing] the adversary system." *Id.* A motion for reconsideration of an intra-district transfer order decided weeks ago in no way qualifies for extraordinary relief. In addition, Sony advised VIZIO of its intention to make its *ex parte* application only 24 hours in advance, engaging in the very "gamesmanship" decried in the *Mission Power Engineering* opinion. *Id.*

Sony's Application also fails miserably when measured against the two-part test for *ex parte* motions established in the *Mission Power Engineering* decision (*Id.* at 492):

> What showing is necessary to justify ex parte relief? First, the evidence must show that the moving party's cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures. Second, it must be established that the moving party is without fault in creating the crisis that requires ex parte relief, or that the crisis occurred as a result of excusable neglect.

Putting aside Sony's own fault in delaying several weeks before raising the issue--which is reason enough to deny their Application--it is plain that Sony has demonstrated no irreparable prejudice if its motion for reconsideration "is heard according to regular noticed motion procedures." As Sony itself concedes, VIZIO

LAI-2988251v1

- 2 -

1  is not even due to respond to the Amended Complaint for several weeks. No
2  procedural or substantive prejudice will be visited on Sony if it is required to follow
3  this Court's "regular noticed motion procedures." No Rule 16 conference will be
4  held and no duplicative efforts will be undertaken by the Court if those procedures
5  are followed. This is particularly true given the fact that Sony yesterday consented
6  to a 30-day extension of time for VIZIO to respond to its Amended Complaint. If
7  granted, VIZIO's response will not be due until January, 2009--providing ample
8  time for hearing Sony's motion on the normal schedule.

9  Beyond those deficiencies, Sony's motion for reconsideration is itself
10 baseless. First, Sony has not established a basis for reconsideration under any of
11 the three grounds required by L.R. 7-18. While Sony purports to rely on L.R. 7-
12 18(c), it has not made (and cannot make) "a manifest showing of failure to consider
13 material facts presented to the Court." Sony has not identified a single material fact
14 that this Court failed to consider. Indeed, Sony attempts to rely on the substance of
15 its Amended Complaint--which was not filed until November 14--weeks <u>after</u> this
16 Court's Order denying the intra-district transfer. These facts alone demonstrate that
17 reconsideration is unwarranted.

18 Furthermore, Sony has no "right" to have this case heard by a particular
19 judge, and Sony's motion for reconsideration can be denied solely for this reason as
20 well. The local rules on related cases were adopted for the Court's benefit rather
21 than the tactical advantage of private litigants, and Sony has no standing or legally
22 cognizable right to seek reconsideration of the Court's decision to decline a case
23 transfer. Under this Court's procedures, that is a matter for the Case Assignment
24 Committee if the transferor judge disagrees. General Order 8-05, § 5.2. Moreover,
25 the Judges of this Court have discretion <u>not</u> to accept a case transfer under Local
26 Rule 83-1.3. *Payne v. Anvil Knitwear, Inc.*, 2007 U.S. Dist. LEXIS 51352 at *8
27 (C.D. Cal. June 27, 2007).

28 This case may never be heard in this Court in any event. Sony was notified

LAI-2988251v1

- 3 -

before it filed its original Complaint here that VIZIO had first filed a declaratory judgment action in the District of New Jersey involving virtually all the same Sony patents. *VIZIO, Inc. v. Sony Corp. et al.*, No. 08-5029 (FSH/OS). Rather than simply counterclaim in New Jersey, Sony chose to judge shop by filing its Complaint here along with its first Notice of Related Cases, claiming that the case was related to the *Westinghouse* case.

Tellingly, Sony did <u>not</u> disclose VIZIO's New Jersey case to this Court and violated Local Rule 83-1.4 by failing to file a "Notice of Pendency of Other Actions or Proceedings" with their Complaint. Under Federal Circuit (and Ninth Circuit) precedents, the forum of the first-filed case is normally favored under the first-to-file rule. *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008)("The general rule favors the forum of the first-filed action, whether or not it is a declaratory judgment action."). In addition, since this Court is the forum of the <u>second</u>-filed case, the normal procedure is for this Court to stay or dismiss this action, leaving it to the District of New Jersey court to decide any issue regarding transfer, etc. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627-29 (9th Cir. 1991).

In any event, transfer of this case to Judge Klausner would be unwarranted under Local Rule 83-1.3. Although Sony amended its original Complaint to make it appear that only the same ten patents were asserted in both this case and the *Westinghouse* case, that is not the whole story. A "real and substantial" dispute seems to remain under the four patents Sony dropped, and claims may still be asserted under those four patents. While Sony has sent VIZIO a covenant not to sue under the four "dropped" patents, that covenant is limited, and does not appear to extend to the full breadth of Sony's original infringement allegations against VIZIO. *See FieldTurf USA, Inc. v. Sports Constr. Group, LLC*, 507 F.Supp.2d 801 (N.D. Ohio 2007). Therefore, the patents in suit here will <u>not</u> likely end up being the same as those in the *Westinghouse* case.

1  Even if the exact same patents <u>were</u> at issue in both cases, however, that
2  alone would not be sufficient under the local rule to justify a related case transfer,
3  since at least one of the other factors identified in clause (a), (b) or (c) of the rule
4  must be present as well.  *See* L.R. 8-1.3.1.  Sony makes a conclusory claim that the
5  two actions will involve "the same or substantially identical questions of law and
6  fact," but it is insufficient.  The same thing could be said of any two actions
7  involving the same patents, but L.R. 8-1.3 explicitly requires more than that to
8  justify a related case transfer.  Moreover, while VIZIO's products are televisions,
9  they are also different from Westinghouse's, so Sony's infringement claims against
10 these two defendants will almost certainly differ, creating different issues of fact
11 and law.  It cannot simply be assumed--as Sony does--that the same issues of claim
12 construction, validity and enforceability will arise in both actions.  For example,
13 differences in products lead to different infringement and claim construction issues.
14 In short, Sony's motion is unsupported and does not justify reconsideration.

## CONCLUSION

For the foregoing reasons, defendant VIZIO respectfully requests that: (1) Sony's *Ex Parte* Application be denied, and (2) Sony's Motion for Reconsideration either be denied or be set down for briefing and hearing based on this Court's regular motion procedures.

Dated:  November 20, 2008

Respectfully submitted,

JONES DAY

By: _____
Thomas R. Malcolm

Attorneys for Defendant
VIZIO, INC.

LAI-2988251v1

- 5 -