Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
William J. Brown, Jr. (State Bar No. 192950)
wbrown@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SONY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>Defendant. | Case No. SACV-08-01135-AHS(ANx)<br><br>**VIZIO'S OPPOSITION TO SONY'S AMENDED NOTICE OF RELATED CASES**<br><br>[Proposed Transferee Judge: Honorable R. Gary Klausner] |

TO THE CLERK OF THE COURT:

For the following reasons, Sony's second attempt to transfer this case from Judge Stotler to Judge Klausner should be denied, just as the first one was.

1. Sony's Amended Notice of Related Cases is a request for a "do-over", effectively seeking reconsideration of Judge Klausner's first Order (See Docket Entry No. 7, filed November 2, 2008) declining to accept a transfer. In fact, on November 10, Sony requested VIZIO's consent to file such a motion for reconsideration on November 14. When VIZIO did not consent, Sony filed its "Amended Notice of Related Cases" that day instead. Not content with that filing, Sony also filed on November 19 a motion for reconsideration of Judge Klausner's first Order and an unwarranted *Ex Parte* Application asking for that Motion to be taken up on an expedited basis.

LAI-2987711v3

2. There is no basis in law or in fact for Sony's submission. Local Rule 83-1 does not give a party repeated bites at the apple, and does not authorize a party to file notice after notice in an attempt to effect a transfer. Nor do the rules contemplate the filing of an "Amended Notice of Related Cases."

3. Furthermore, Sony has no "right" to have this case heard by a particular judge and Sony's Amended Notice can be rejected solely for this reason as well. The local rules on related cases were adopted for the Court's benefit rather than the tactical advantage of private litigants, and Sony has no standing or legally cognizable right to seek to overturn the Court's decision to decline a case transfer. Under this Court's procedures, that is a matter for the Case Assignment Committee if the transferor judge disagrees. General Order 8-05, § 5.2. Moreover, the Judges of this Court have discretion not to accept a case transfer under Local Rule 83-1.3. *Payne v. Anvil Knitwear, Inc.*, 2007 U.S. Dist. LEXIS 51352 at *8 (C.D. Cal. June 27, 2007).

4. This case may never be heard in this Court in any event. Sony was notified before it filed its original Complaint here that VIZIO had first filed a declaratory judgment action in the District of New Jersey involving virtually all the same Sony patents. *VIZIO, Inc. v. Sony Corp. et al.*, No. 08-5029 (FSH/OS). Rather than simply counterclaim in New Jersey, Sony chose to judge shop by filing its Complaint here along with its first Notice of Related Cases, claiming that the case was related to the *Westinghouse* case.

5. Tellingly, Sony did not disclose VIZIO's New Jersey case to this Court and violated Local Rule 83-1.4 by failing to file a "Notice of Pendency of Other Actions or Proceedings" with their Complaint. Under Federal Circuit (and Ninth Circuit) precedents, the forum of the first-filed case is normally favored under the first-to-file rule. *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008)("The general rule favors the forum of the first-filed action, whether or not it is a declaratory judgment action."). In addition, since

this Court is the forum of the <u>second</u>-filed case, the normal procedure is for this Court to stay or dismiss this action, leaving it to the District of New Jersey court to decide any issue regarding transfer, etc. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627-29 (9th Cir. 1991).

6. In any event, transfer of this case to Judge Klausner would be unwarranted under Local Rule 83-1.3. Although Sony amended its original Complaint to make it appear that only the same ten patents were asserted in both this case and the *Westinghouse* case, that is not the whole story. A "real and substantial" dispute seems to remain under the four patents it dropped, and claims may still be asserted under those four patents. While Sony has sent VIZIO a covenant not to sue under the four "dropped" patents, that covenant is limited, and does not appear to extend to the full breadth of Sony's original infringement allegations against VIZIO. *See FieldTurf USA, Inc. v. Sports Constr. Group, LLC*, 507 F.Supp.2d 801 (N.D. Ohio 2007). Therefore, the patents in suit here will <u>not</u> likely end up being the same as those in the *Westinghouse* case.

7. Even if the exact same patents <u>were</u> at issue in both cases, however, that alone would not be sufficient under the local rule to justify a related case transfer, since at least one of the other factors identified in clause (a), (b) or (c) of the rule must be present as well. *See* L.R. 8-1.3.1. Sony makes a conclusory claim that the two actions will involve "substantially the same patent issues of validity, enforceability and claim construction," but the same thing might be said of any two actions involving the same patents. L.R. 8-1.3 explicitly requires <u>more</u> than that to justify a related case transfer. Moreover, while VIZIO's products are televisions, they are also different from Westinghouse's, so Sony's infringement claims against these two defendants will almost certainly differ, creating different issues of fact and law. It cannot simply be assumed--as Sony does--that the same issues of claim construction, validity and enforceability will arise in both actions. For example, differences in products lead to different infringement and claim construction issues.

1  In short, Sony's Amended Notice is unsupported and does not justify transfer.

2  Since the requirements of Local Rule 83-1.3.1 have not been met, transfer
3  should be denied.

4  Dated: November 20, 2008　　　　　　　　Respectfully submitted,

5  　　　　　　　　　　　　　　　　　　　　JONES DAY

7  　　　　　　　　　　　　　　　　　　　　By: /s/ Thomas R. Malcolm
8  　　　　　　　　　　　　　　　　　　　　　　Thomas R. Malcolm

9  　　　　　　　　　　　　　　　　　　　　Attorneys for Defendant
　　　　　　　　　　　　　　　　　　　　　VIZIO, INC.