Kevin P.B. Johnson (Bar No. 177129)
Benjamin L. Singer (*pro hac* admission pending)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO, Inc.,<br><br>Defendant. | CASE NO. CV 08-01135 AHS (ANx)<br><br>**SONY'S RESPONSE TO VIZIO'S OPPOSITION TO SONY'S AMENDED NOTICE OF RELATED CASES** |

TO THE CLERK OF THE COURT:

Sony Corporation ("Sony") respectfully submits the following in response to VIZIO, Inc.'s Opposition to Sony's Amended Notice of Related Cases:

VIZIO's Opposition does its best to ignore the fundamental relationship between this action and *Sony Corporation v. Westinghouse Digital Electronics, LLC*, CV08-03934 RGK (FMOx) *("Westinghouse")*. Indeed, rather than attempting to demonstrate that the two cases do not meet this Court's definition of "related cases," VIZIO's Opposition instead devotes most of its discussion to false accusations against Sony and irrelevant side issues.

VIZIO cannot deny, however, that the *same* ten patents-in-suit are at issue in both cases. Nor does it seriously dispute that the adjudication of these ten patents will raise substantially identical questions of law and fact and require a duplication of judicial effort. At the outset, the ten patents that Sony asserts are infringed by both VIZIO and Westinghouse are all directed to various aspects of digital receivers that receive and display digital video signals, such as digital televisions and monitors. VIZIO and Westinghouse sell digital televisions that incorporate the technology claimed in the ten patents in a similar way and, in some instances, the very same way. For example, two of the ten patents cover the digital television closed captioning standard, and VIZIO and Westinghouse's compliance with that standard is mandatory. Thus, for these patents, the infringement analysis will be nearly, if not actually, identical. Similarly, another three of the ten asserted patents are infringed by VIZIO and Westinghouse's implementation of a technical specification, the High-bandwidth Digital Content Protection specification, that is used to prevent unauthorized copying of digital video. Again, the infringement analysis will necessarily be quite similar. And as to the remaining five patents, the similar nature of VIZIO's and Westinghouse's digital television products again suggest a similar infringement analysis. Accordingly, allowing the cases to proceed in front of different Judges of this Court squanders not only limited judicial

resources in duplicative hearings on matters of claim construction and the application of those claims to similar products, but also runs a serious risk of creating inconsistent judgments within the District should the two cases reach differing results.

Similarly, issues of the validity of the patents are likely to raise identical or substantially related questions of law and fact, including the alleged application of prior art and any other purported validity defenses that Westinghouse and VIZIO may seek to raise, such as those under 35 U.S.C. § 112. Again, allowing the two cases to proceed before different Judges is a needless waste of this Court's resources and exposes the Court to inconsistent rulings.[1]

VIZIO asserts that Local Rule 83-1.3.1(d) imposes a burden that Sony demonstrate that the cases raise substantially similar questions of law or of fact *wholly distinct and apart from* questions of the patents-in-suit. Nothing in the rule imposes this requirement, nor is it Sony's position that the mere fact the patents-in-suit are identical makes this action related to *Westinghouse*. Rather, it is the fact that both the present action and *Westinghouse* will require substantially identical factual and legal rulings and duplicative efforts regarding the construction of claims of the same patents, the application of those claims to substantially similar products, and the validity of the same patents that make this a "related action" to *Westinghouse*.

Although Judge Klausner previously declined intra-district transfer of this case, the Order reflecting that decision shows that material facts presented in Sony's original Notice of Related Case and Civil Cover Sheet were apparently overlooked

---

[1] Under these factual circumstances, the conclusion that the two cases are likely to involve the same or substantially related questions of law and fact and result in a duplication of judicial efforts is far more reasonable than VIZIO's assertions that issues are likely to be different because Westinghouse and VIZIO each sell their own digital television products.

51451/2708736.2

-2-
RESPONSE TO VIZIO'S OPPOSITION TO AMENDED NOTICE OF RELATED CASES

and not considered in that decision. Specifically, the fact that the two cases involve the same patents and will involve substantial duplication of labor if the two cases were heard by different judges were not acknowledged as factors considered in the Order. *See* Order Re: Transfer Pursuant to General Order 07-02 (Related Case), filed on November 2, 2008, attached hereto as Exhibit A (showing no check mark with respect to factor "C" (substantial duplication of judicial effort) and factor "D" (involvement of same patents)). Accordingly, the Court should reconsider that decision and accept transfer of the this case to the docket of Judge Klausner, and Sony has also properly filed a motion for reconsideration pursuant to Local Rule 7-18 seeking that result.[2]

VIZIO also contends that the present case is somehow unrelated to *Westinghouse* because of potential additional patents-in-suit. *See* Opp. at ¶ 6. This is both incorrect and irrelevant. As noted in VIZIO's Opposition, Sony amended its original Complaint to drop four patents. Sony has covenanted not to sue Westinghouse for infringement of any claims of these four patents based on the products currently or previously sold, offered for sale, manufactured, or imported by VIZIO. This covenant divests the Court of any jurisdiction relating to these four patents. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054 (Fed. Cir. 1995) (Although defendant "may have some cause to fear an infringement under the [patents in suit] based on products that it may develop in the future," there is no subject matter jurisdiction over defendant's counterclaims where plaintiff's covenant not to sue removed any "cause for concern that [defendant] can be held liable for any infringing acts involving products that it made, sold, or used on or before [the date of any covenant not to sue]."); *see also, e.g., Intellectual Prop. Dev., Inc. v. TCI*

---

[2] Contrary to VIZIO's assertions in its Opposition, it is not improper to request a Judge to revisit a discretionary decision when it appears that material facts have not been considered in rendering that decision. *See* Local Rule 7-18(c).

*Cablevision*, 248 F.3d 1333 (Fed. Cir. 2001). Accordingly, VIZIO cannot in good faith continue the case in New Jersey on those patents or assert counterclaims here on them.

Moreover, in any event, the possibility that there could be *some* differences in the questions presented in the two different actions is not sufficient to declare them "unrelated." The fact remains that, regardless of whatever other issues or patents are raised (or, in this instance, *could possibly* be raised) in this case, adjudication of this action will require substantially identical determinations on the ten patents-in-suit that are also at issue in *Westinghouse*. Such factual and legal overlap between the two cases is more than sufficient grounds for a determination that this action and *Westinghouse* are "related cases" under Local Rule 83-1.3.1.

Recognizing its inability to deny the relatedness of *Westinghouse* to this case, VIZIO instead resorts to a number of baseless objections to the Amended Notice of Related Cases. For example, VIZIO seems to charge that Sony is somehow engaged in "judge shopping" and seeking a "tactical advantage."[3] *Westinghouse*, however, was assigned to Judge Klausner randomly from the Automated Case Assignment System pursuant to General Order 8-05 § 1.2 and is the first-filed case in this District. Accordingly, Sony's efforts to avoid the needlessly duplicative effort and waste of the Court's resources that will be required to simultaneously litigate identical patents-in-suit and similar products before two Judges of the same court, as well as to avoid the additional difficulties that conflicting rulings in those actions could cause, cannot remotely be considered improper.

Similarly, VIZIO's arguments regarding the "first to file" rule fare no better. As an initial matter, VIZIO's insistence that *VIZIO, Inc. v. Sony Corporation et al.*, D.N.J. Case No. 08-5029 should be considered the "first filed" is not accurate—*both*

---

[3] To the extent VIZIO seems to be implying that it believes that there is some tactical advantage to one judge over another, Sony does not agree.

that action and this case were filed on the *same* day: October 10, 2008. Regardless, the existence of a parallel proceeding in a foreign district is irrelevant to the *intra-district* transfer of one case in this district to a Judge presently handling a related case in this district. Indeed, any motion to stay or to transfer this action as insinuated by VIZIO based on VIZIO's contention that the New Jersey action has priority over the present one should be decided *following* a determination of the relatedness of this case to *Westinghouse* and the corresponding transfer of it to Judge Klaunser's docket.

For all of the foregoing reasons, this case should be determined to be related to *Westinghouse* pursuant to Local Rule 83-1.3.1 and transferred to the docket of Judge Klausner.

DATED: November 21, 2008   Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____ /for
Steven M. Anderson
Attorneys for Plaintiff Sony Corporation

# EXHIBIT A

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| Sony Corp. | CASE NUMBER: |
|---|---|
| Plaintiff(s), v. | SACV 08-1135 (ANx) |
| VIZIO Inc | ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 (Related Cases) |
| Defendant(s). | |

## CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 08-05.

_____          R. Gary Klausner
Date                             United States District Judge

## DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

not related

OCT 24 2008                      /s/ Gary Klausner
Date                             United States District Judge

## REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____08-cv-3934 RGK (FMOx)_____ and the present case:

☐ A. Arise from the same or closely related transactions, happenings or events; or
☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.
☐ E. involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

## NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _____ to Magistrate Judge Fe_____.

On all documents subsequently filed in this case, please substitute the initials _____ after the case number in place of the initials of the prior judge, so that the case number will read _____. This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☒ Western ☐ Southern ☐ Eastern Division.

**Traditionally filed subsequent documents must be filed at the ☒ Western ☐ Southern ☐ Eastern Division.**
Failure to file at the proper location will result in your documents being returned to you.

cc: ☒ Previous Judge    ☒ Statistics Clerk

CV-34 (05/08)           ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 (Related Cases)