Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation,<br><br>       Plaintiff,<br><br>   vs.<br><br>VIZIO INC., A California corporation,<br><br>      Defendant. | CASE NO. CV-01135-AHS-AN<br><br>**SONY'S AMENDED NOTICE OF MOTION AND AMENDED MOTION FOR RECONSIDERATION OF TRANSFER ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[Concerns Order by the Honorable R. Gary Klausner Declining Intra-District Transfer]<br><br>**Judge:** Hon. R. Gary Klausner<br>**Hearing Date and Time:** January 5, 2009, 10:00 a.m. |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that plaintiff Sony Corporation ("Sony") will, and hereby does, bring this amended motion before the Honorable Judge R. Gary Klausner to reconsider his October 24, 2008 Order declining to transfer the case captioned *Sony Corp. v. VIZIO, Inc.*, CV08-01135 AHS (ANx) (the "VIZIO Action") to his docket. This Amended Motion is made pursuant to Local Rule 7-18, on the grounds that material facts presented to the Court were overlooked and not considered in its decision to decline transfer of the VIZIO Action.

This Amended Motion is based on this Notice of Amended Motion and Amended Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Rory S. Miller filed concurrently herewith, and all other matters of which the Court may take judicial notice.

<u>Statement of Rule 7-3 Compliance</u>

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on November 13, 2008. On November 19, 2008, VIZIO Inc. ("VIZIO") notified Sony that it opposes this motion.

DATED: December 15, 2008       Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____ /For _____
Kevin P.B. Johnson
Attorneys for Sony Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

## Introduction

This is a motion for reconsideration of the Court's denial of an intra-district transfer of this case (the "VIZIO Action") to the docket of Judge Klausner, where Sony already has a related patent infringement case pending captioned *Sony Corp. v. Westinghouse Digital Electronics, LLC*, CV08-03934 RGK (FMOx) (the "Westinghouse Action"). The Westinghouse and VIZIO Actions involve the same 10 Sony patents and substantially similar accused products. Sony's original Complaint asserted infringement of 14 patents, but Sony later withdrew four of those patents by filing a First Amended Complaint and granted Vizio a covenant not to sue, and as a result the two actions now involve the same 10 patents. Accordingly, a transfer of the VIZIO Action to Judge Klausner will benefit judicial economy by preventing the unnecessary and inefficient duplication of this Court's efforts and eliminate the risk of inconsistent rulings in the two actions.

Based on the Court's Order declining transfer, however, it appears that the fact that both actions involved 10 of the same patents was not considered, as boxes on the form order that relate to that issue were not marked (at the time, the VIZIO action involved four additional patents, but again those patents have since been withdrawn). Accordingly, Sony respectfully requests the Court reconsider its order denying transfer of the VIZIO Action and transfer the case to the docket of Judge Klausner.

## Factual Background

On June 16, 2008, Sony filed a Complaint against Westinghouse for infringement of 7 Sony patents. In the Westinghouse Action, Sony asserted that Westinghouse infringed 7 of its patents, namely U.S. Patent Nos. 5,434,626, 5,583,577, 5,684,542, 5,731,847, 5,751,373, 6,111,614, and RE38,055. Declaration

of Rory S. Miller, ("Miller Decl."), Ex. A.  On September 16, 2008, the Court in the Westinghouse Action issued an Order allowing Sony to file its First Amended Complaint to add claims of infringement of three additional patents, U.S. Patent Nos. RE40,468, 6,778,182, and 6,661,472.  Miller Decl., Exs. B and C.  The patents asserted in the Westinghouse Action concern various aspects of the display, interface, and data transmission technology used in digital display devices, for example televisions and montiors.

On October 10, 2008, Sony filed suit against VIZIO, another digital television manufacturer, and the case was assigned to Judge Stotler.  Miller Decl., Ex. D.  In the VIZIO Action, Sony asserted all 10 of the patents at issue in the Westinghouse Action and four additional patents relating generally to display technology: U.S. Patent Nos. 5,285,285, 5,212,553, 5,168,362 and 5,539,425.  *Id.* Sony also filed a Notice of Related Case and a Civil Cover Sheet, both of which noted the Westinghouse Action and the VIZIO Action overlapped with respect to the patents-in-suit and the determinations of questions of law and fact.  Miller Decl., Ex. E and F.  In addition, the Civil Cover Sheet also noted the potential for substantial duplication of labor if the two cases were adjudicated before different judges.  Miller Decl., Ex. F.  Also on October 10, 2008, VIZIO filed suit against Sony in the District of New Jersey seeking declaratory relief on the same 14 patents in a case captioned *VIZIO, Inc. v. Sony Corporation et al.,* D.N.J. Case No. 08-5029 (the "New Jersey Action").  Miller Decl., Ex. G.

In accordance with the typical process in this district for handling related cases, intra-district transfer of the VIZIO Action to the docket of Judge Klausner was sought.  On October 24, 2008, Judge Klausner declined to accept transfer, and noted the two cases were "not related."  Miller Decl. Ex. H.  In the section of the Court's Order titled "REASON FOR TRANSFER AS INDICATED BY COUNSEL," the Court explicitly indicated that it considered the fact that the two cases called for determinations of the same or substantially related or similar

questions of law and fact (indicated by the check mark next to box "B"). However, two other factors, both identified in the Notice of Related Case and Civil Cover Sheet, appear to have been overlooked and not considered (as indicated by the *lack* of a check mark next to their respective identifiers ("C" and "D")). Miller Decl., Ex. H. Specifically, the factors of substantial duplication of labor if the two cases were tried separately (as indicated by the identifier "C") and the fact that the two cases involve the same10 patents (as indicated by the identifier "D") were not acknowledged as factors presented by counsel for the Court's consideration. *Id.*

As a result, Sony's filing of a First Amended Complaint and granting VIZIO a covenant not to sue, the same 10 patents are at issue in the both the Westinghouse Action before Judge Klausner and the VIZIO Action (as well as the New Jersey Action). Specifically, on November 14, 2008, Sony filed its First Amended Complaint for Patent Infringement in the VIZIO Action, which removed four previously asserted patents from the case: U.S. Patent Nos. 5,285,285, 5,212,553, 5,168,362 and 5,539,425. Miller Decl., Ex. I. Sony has also covenanted not to sue VIZIO for infringement of any claims of these four patents based on the products currently or previously sold, offered for sale, manufactured, or imported by VIZIO. Miller Decl., Ex. J. This covenant divests a court of any jurisdiction relating to these four patents. *See Super Sack Mfg. Corp. v. Chase Packaging Corp.,* 57 F.3d 1054 (Fed. Cir. 1995) (Although defendant "may have some cause to fear an infringement under the [patents in suit] based on products it may develop in the future," there is no subject matter jurisdiction over defendant's counterclaims where plaintiff's covenant not to sue removed any "cause for concern that [defendant] can be held liable for any infringing acts involving products that it made, sold, or used on or before [the date of any covenant not to sue]."); *see also, e.g., Intellectual Prop. Dev., Inc. v. TCI Cablevision,* 248 F.3d 1333 (Fed. Cir. 2001).

## Argument

Sony respectfully moves to reconsider Judge Klausner's Order declining transfer of the VIZIO Action. "A motion for reconsideration of the decision of any motion may be made only on grounds of...a manifest showing of a failure to consider material facts presented to the court before such decision." Local Rule 7-18(c).

Judge Klausner's Order declining transfer of the VIZIO Action did not acknowledge the consideration of two material facts presented in Sony's Notice of Related Case and Civil Cover Sheet. Specifically, the factors of substantial duplication of labor if the two cases were heard by different Judges and the fact the two cases involve the same 10 patents were not acknowledged as factors considered in Judge Klausner's Order. Miller Decl., Ex. H. Accordingly, it appears the Court overlooked and failed to consider these two material facts.

The Westinghouse and VIZIO Actions involve the identical 10 patents and substantially similar accused products. The 10 patents at issue in these actions are all directed to various aspects of digital receivers that receive and display digital video signals, such as digital televisions and monitors. Both VIZIO and Westinghouse sell digital televisions that incorporate the technology claimed in the 10 patents in a similar way and, in some instances, the very same way. For example, two of the 10 patents cover the digital television closed captioning standard, and VIZIO and Westinghouse's compliance with that standard is mandatory. Thus, for these patents, the infringement analysis will be nearly, if not actually, identical. Similarly, another three of the 10 asserted patents are infringed by VIZIO and Westinghouse's implementation of a technical specification, the High-bandwidth Digital Content Protection (HDCP) specification, that is used to prevent unauthorized copying of digital video. Again, the infringement analysis will necessarily be quite similar for both VIZIO and Westinghouse's products. As to the

1 remaining five patents, the similar nature of VIZIO and Westinghouse's digital
2 television products again suggests a similar infringement analysis.

3 Thus, a transfer will benefit judicial economy and efficiency by
4 avoiding expending the Court's limited resources in unnecessary and inefficient
5 duplicative hearings on matters of claim construction and the application of those
6 claims to similar products. Transfer also eliminates the risk of creating inconsistent
7 judgments within the District should the two cases somehow reach differing results.

8 Similarly, issues of the validity and enforceability of the patents are
9 also likely to raise identical or substantially related questions of law and fact,
10 including the alleged application of prior art and any other purported validity
11 defenses that VIZIO and Westinghouse may seek to raise, such as those under 35
12 U.S.C. § 112. Again, allowing the two cases to proceed before different Judges is a
13 needless waste of this Court's resources and exposes the Court to inconsistent
14 rulings.

15 The possibility that there may be *some* differences in the questions
16 presented in the two actions, as VIZIO has suggested in related filings before this
17 Court, is not sufficient to find them "unrelated" for the purposes of transfer. The
18 fact remains that, regardless of whatever other issues or patents could possibly be
19 raised, adjudication of the two actions will necessarily require many substantially
20 identical determinations on the 10 patents-in-suit and accused products. Such
21 factual and legal overlap between the two cases necessitates that the two actions are
22 "related cases" under Local Rule 83-1.3.1.

23 Accordingly, the Court's Order declining intra-district transfer of the
24 VIZIO Action should be reconsidered, and this case should be determined to be
25 related to the Westinghouse Action pursuant to Local Rule 83-1.3.1 and be
26 transferred to the docket of Judge Klausner.

27 //

28 //

DATED: December 15, 2008        Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

By _____/For _____

Kevin P.B. Johnson
Attorneys for Sony Corporation