# EXHIBIT A

CONFORMED COPY

1   Kevin P.B. Johnson (Bar No. 177129)
    David T. Pollock (Bar No. 217546)
2   Michael W. Gray (Bar No. 238669)
    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
3   555 Twin Dolphin Drive, Suite 560
    Redwood Shores, California 94065-2139
4   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
5
    Steven M. Anderson (Bar No. 144014)
6   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    865 S. Figueroa St. 10th Floor
7   Los Angeles, California 90017
    Telephone: (213) 443-3000
8   Facsimile: (213) 443-3100
9   Jaime A. Siegel, Sr. IP Counsel
    SONY CORPORATION OF AMERICA
10  1 Sony Drive MD 2F-2
    Park Ridge, New Jersey 07675
11  Telephone: (201) 930-7415
    Facsimile: (201) 930-6854
12
    Attorneys for Plaintiff Sony Corporation
13
14              UNITED STATES DISTRICT COURT
15             CENTRAL DISTRICT OF CALIFORNIA
16                    WESTERN DIVISION
17  SONY CORPORATION, A Japanese          CASE NO. CV08-03934
    corporation,
18                                        COMPLAINT FOR PATENT
           Plaintiff,                     INFRINGEMENT
19
        vs.                               JURY TRIAL DEMANDED
20
    WESTINGHOUSE DIGITAL
21  ELECTRONICS, LLC, A California
    limited liability company,
22
           Defendant.
23
24
25
26
27
28

513S4/2521352.3

                         1

Plaintiff Sony Corporation files this complaint against Westinghouse Digital Electronics, LLC ("Westinghouse"):

## **THE PARTIES**

1. Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

2. Upon information and belief, Westinghouse is a limited liability company organized under the laws of California and headquartered in Sante Fe Springs, California. Westinghouse's agent for service of process is listed as David O. Chen, 12150 Mora Drive, Sante Fe Springs, CA 90670.

## **JURISDICTION AND VENUE**

3. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of California and committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the Central District of California and elsewhere in California and the United States.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant regularly conducts business in this judicial district, and certain of the acts complained of herein occurred in this judicial district. Defendant offers to sell and sells the accused products in this judicial district.

COMPLAINT FOR PATENT INFRINGEMENT

51354/2521352.3

## THE PATENTS IN SUIT

6.     On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A true and correct copy of the '626 patent is attached hereto as Exhibit A.

7.     On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption" (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is attached hereto as Exhibit B.

8.     On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542 titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true and correct copy of the '542 patent is attached hereto as Exhibit C.

9.     On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847 patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

10.    On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled "Television Function Selection Method, Television Receiver and Remove Commander for Television Receiver" (hereinafter "the '373 patent"). A true and correct copy of the '373 patent is attached hereto as Exhibit E.

11.    On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614 titled "Method and Apparatus for Displaying an Electronic Menu having Components with Differing Levels of Transparency" (hereinafter "the '614 patent"). A true and correct copy of the '614 patent is attached hereto as Exhibit F.

12.    On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055 titled "Video Data Bus Communication System and Method" (hereinafter "the '055 patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

13. The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614 patent, and the '055 patent, collectively, are henceforth referred to as the "patents-in-suit."

14. Sony is the owner of all right, title, and interest in and to each of the patents-in-suit with full and exclusive right to bring suit to enforce this patent, including the right to recover for past infringement.

## COUNT I
## INFRINGEMENT OF THE '626 PATENT

15. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

16. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '626 patent by practicing one or more claims of the '626 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of digital televisions.

17. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '626 patent by contributing to and/or actively inducing the infringement by others of the '626 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of digital televisions.

18. Upon information and belief, Defendant has willfully infringed the '626 patent.

19. Upon information and belief, Defendant's acts of infringement of the '626 patent will continue after service of this complaint unless enjoined by the Court.

1   20.   As a result of Defendant's infringement, Sony has suffered and will
2   suffer damages.

3   21.   Sony is entitled to recover from Defendant the damages sustained by
4   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

5   22.   Unless Defendant is enjoined by this Court from continuing its
6   infringement of the '626 patent, Sony will suffer additional irreparable harm and
7   impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
8   and permanent injunction against further infringement.

## COUNT II

## INFRINGEMENT OF THE '577 PATENT

13   23.   Sony realleges and incorporates herein the allegations of the preceding
14   paragraphs of this Complaint as if fully set forth herein.

15   24.   Upon information and belief, in violation of 35 U.S.C. § 271,
16   Defendant has infringed and is continuing to infringe, literally and/or under the
17   doctrine of equivalents, the '577 patent by practicing one or more claims of the '577
18   patent in the manufacture, use, offering for sale, sale, and/or importation or
19   exportation of digital televisions.

20   25.   Upon information and belief, in violation of 35 U.S.C. § 271,
21   Defendant has infringed and is continuing to infringe the '577 patent by contributing
22   to and/or actively inducing the infringement by others of the '577 patent by the
23   manufacture, use, offering for sale, sale, and/or importation or exportation of digital
24   televisions.

25   26.   Upon information and belief, Defendant has willfully infringed the
26   '577 patent.

1   27.    Upon information and belief, Defendant's acts of infringement of the
2   '577 patent will continue after service of this complaint unless enjoined by the
3   Court.
4   28.    As a result of Defendant's infringement, Sony has suffered and will
5   suffer damages.
6   29.    Sony is entitled to recover from Defendant the damages sustained by
7   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
8   30.    Unless Defendant is enjoined by this Court from continuing its
9   infringement of the '577 patent, Sony will suffer additional irreparable harm and
10  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
11  and permanent injunction against further infringement.

12
13  **COUNT III**
14  **INFRINGEMENT OF THE '542 PATENT**
15

16  31.    Sony realleges and incorporates herein the allegations of the preceding
17  paragraphs of this Complaint as if fully set forth herein.
18  32.    Upon information and belief, in violation of 35 U.S.C. § 271,
19  Defendant has infringed and is continuing to infringe, literally and/or under the
20  doctrine of equivalents, the '542 patent by practicing one or more claims of the '542
21  patent in the manufacture, use, offering for sale, sale, and/or importation or
22  exportation of digital televisions.
23  33.    Upon information and belief, in violation of 35 U.S.C. § 271,
24  Defendant has infringed and is continuing to infringe the '542 patent by contributing
25  to and/or actively inducing the infringement by others of the '542 patent by the
26  manufacture, use, offering for sale, sale, and/or importation or exportation of digital
27  televisions.
28

51354/2521352.3

1  34.  Upon information and belief, Defendant has willfully infringed the
2  '542 patent.

3  35.  Upon information and belief, Defendant's acts of infringement of the
4  '542 patent will continue after service of this complaint unless enjoined by the
5  Court.

6  36.  As a result of Defendant's infringement, Sony has suffered and will
7  suffer damages.

8  37.  Sony is entitled to recover from Defendant the damages sustained by
9  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10  38.  Unless Defendant is enjoined by this Court from continuing its
11  infringement of the '542 patent, Sony will suffer additional irreparable harm and
12  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
13  and permanent injunction against further infringement.

14
15  **COUNT IV**
16  **INFRINGEMENT OF THE '847 PATENT**
17
18  39.  Sony realleges and incorporates herein the allegations of the preceding
19  paragraphs of this Complaint as if fully set forth herein.

20  40.  Upon information and belief, in violation of 35 U.S.C. § 271,
21  Defendant has infringed and is continuing to infringe, literally and/or under the
22  doctrine of equivalents, the '847 patent by practicing one or more claims of the '847
23  patent in the manufacture, use, offering for sale, sale, and/or importation or
24  exportation of digital televisions.

25  41.  Upon information and belief, in violation of 35 U.S.C. § 271,
26  Defendant has infringed and is continuing to infringe the '847 patent by contributing
27  to and/or actively inducing the infringement by others of the '847 patent by the
28

manufacture, use, offering for sale, sale, and/or importation or exportation of digital televisions.

42.   Upon information and belief, Defendant has willfully infringed the '847 patent.

43.   Upon information and belief, Defendant's acts of infringement of the '847 patent will continue after service of this complaint unless enjoined by the Court.

44.   As a result of Defendant's infringement, Sony has suffered and will suffer damages.

45.   Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

46.   Unless Defendant is enjoined by this Court from continuing its infringement of the '847 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT V
## INFRINGEMENT OF THE '373 PATENT

47.   Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

48.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '373 patent by practicing one or more claims of the '373 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of digital televisions.

49.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '373 patent by contributing

51354/2521352.3

8

1    to and/or actively inducing the infringement by others of the '373 patent by the
2    manufacture, use, offering for sale, sale, and/or importation or exportation of digital
3    televisions.

4        50.    Upon information and belief, Defendant has willfully infringed the
5    '373 patent.

6        51.    Upon information and belief, Defendant's acts of infringement of the
7    '373 patent will continue after service of this complaint unless enjoined by the
8    Court.

9        52.    As a result of Defendant's infringement, Sony has suffered and will
10   suffer damages.

11       53.    Sony is entitled to recover from Defendant the damages sustained by
12   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

13       54.    Unless Defendant is enjoined by this Court from continuing its
14   infringement of the '373 patent, Sony will suffer additional irreparable harm and
15   impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
16   and permanent injunction against further infringement.

17

18                            **COUNT VI**

19              **INFRINGEMENT OF THE '614 PATENT**

20

21       55.    Sony realleges and incorporates herein the allegations of the preceding
22   paragraphs of this Complaint as if fully set forth herein.

23       56.    Upon information and belief, in violation of 35 U.S.C. § 271,
24   Defendant has infringed and is continuing to infringe, literally and/or under the
25   doctrine of equivalents, the '614 patent by practicing one or more claims of the '614
26   patent in the manufacture, use, offering for sale, sale, and/or importation or
27   exportation of digital televisions.

28

                                    COMPLAINT FOR PATENT INFRINGEMENT

1    57.    Upon information and belief, in violation of 35 U.S.C. § 271,
2  Defendant has infringed and is continuing to infringe the '614 patent by contributing
3  to and/or actively inducing the infringement by others of the '614 patent by the
4  manufacture, use, offering for sale, sale, and/or importation or exportation of digital
5  televisions.
6    58.    Upon information and belief, Defendant has willfully infringed the
7  '614 patent.
8    59.    Upon information and belief, Defendant's acts of infringement of the
9  '614 patent will continue after service of this complaint unless enjoined by the
10 Court.
11    60.    As a result of Defendant's infringement, Sony has suffered and will
12 suffer damages.
13    61.    Sony is entitled to recover from Defendant the damages sustained by
14 Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
15    62.    Unless Defendant is enjoined by this Court from continuing its
16 infringement of the '614 patent, Sony will suffer additional irreparable harm and
17 impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
18 and permanent injunction against further infringement.
19
20                    **COUNT VII**
21          **INFRINGEMENT OF THE '055 PATENT**
22
23    63.    Sony realleges and incorporates herein the allegations of the preceding
24 paragraphs of this Complaint as if fully set forth herein.
25    64.    Upon information and belief, in violation of 35 U.S.C. § 271,
26 Defendant has infringed and is continuing to infringe, literally and/or under the
27 doctrine of equivalents, the '055 patent by practicing one or more claims of the '055
28

51354/2521352.3

1 patent in the manufacture, use, offering for sale, sale, and/or importation or
2 exportation of digital televisions.

3      65.    Upon information and belief, in violation of 35 U.S.C. § 271,
4 Defendant has infringed and is continuing to infringe the '055 patent by contributing
5 to and/or actively inducing the infringement by others of the '055 patent by the
6 manufacture, use, offering for sale, sale, and/or importation or exportation of digital
7 televisions.

8      66.    Upon information and belief, Defendant has willfully infringed the
9 '055 patent.

10      67.    Upon information and belief, Defendant's acts of infringement of the
11 '055 patent will continue after service of this complaint unless enjoined by the
12 Court.

13      68.    As a result of Defendant's infringement, Sony has suffered and will
14 suffer damages.

15      69.    Sony is entitled to recover from Defendant the damages sustained by
16 Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

17      70.    Unless Defendant is enjoined by this Court from continuing its
18 infringement of the '055 patent, Sony will suffer additional irreparable harm and
19 impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
20 and permanent injunction against further infringement.

21
22                                  **PRAYER FOR RELIEF**

23      WHEREFORE, Sony prays for the following relief:

24          (a)    That Defendant be ordered to pay damages adequate to
25 compensate Sony for Defendant's infringement of each of the patents-in-suit
26 pursuant to 35 U.S.C. § 284;

27          (b)    That Defendant be ordered to pay treble damages for willful
28 infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

| 1 | (c) That Defendant be ordered to pay attorneys' fees pursuant to 35 |
| 2 | U.S.C. § 285 for each of the patents-in-suit; |
| 3 | (d) That Defendant, its officers, agents, servants, employees, and |
| 4 | those persons acting in active concert or in participation with them be enjoined from |
| 5 | further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283; |
| 6 | (e) That Defendant be ordered to pay prejudgment interest; |
| 7 | (f) That Defendant be ordered to pay all costs associated with this |
| 8 | action; and |
| 9 | (g) That Sony be granted such other and additional relief as the |
| 10 | Court deems just and proper. |

DATED: June 16, 2008      Respectfully submitted,

By _/s/_ /FOR

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Jaime A. Siegel, Sr. IP Counsel
SONY CORPORATION OF AMERICA

Attorneys for Plaintiff
SONY CORPORATION OF AMERICA

COMPLAINT FOR PATENT INFRINGEMENT

51354/2521352.3

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: June 16, 2008          Respectfully submitted,

By _____ /FOR

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Jaime A. Siegel, Sr. IP Counsel
SONY CORPORATION OF AMERICA

Attorneys for Plaintiff
SONY CORPORATION OF AMERICA

51354/2521352.3

# EXHIBIT B

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Kevin P.B. Johnson (Bar No. 177129)
  kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Steven M. Anderson (Bar No. 144014)
  stevenanderson@quinnemanuel.com
865 South Figueroa Street, 10th Floor
Los Angeles, California 90017-254

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese Corporation,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>WESTINGHOUSE DIGITAL ELECTRONICS, LLC, A California limited liability company,<br><br>　　　　　Defendant. | CASE NO. CV 08-03934 - RGK (FMOx)<br><br>ORDER GRANTING JOINT STIPULATION FOR FILING OF SONY CORPORATION'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT |

CASE NO. CV 08-03934 - RGK (FMOx

[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR FILING OF SONY CORPORATION'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

# ORDER

WHEREAS the Court being fully advised, having considered the Joint Stipulation

finds that the parties Joint Stipulation for Filing of Sony's Corporation's First Amended

Complaint for Patent Infringement should be GRANTED in all respects. The Clerk is hereby

DIRECTED to file Sony's First Amended Complaint.

**IT IS SO ORDERED.**

Dated: September 16, 2008

HONORABLE R. Gary Klausner
United States District Court Judge

CASE NO. CV 08-03934 - RGK (FMOx

[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR FILING OF SONY CORPORATION'S FIRST
AMENDED COMPLAINT FOR PATENT INFRINGEMENT

51354/2634634.1

# EXHIBIT C

CONFORMED

Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

FILED
CLERK, U.S. DISTRICT COURT

SEP 1 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>WESTINGHOUSE DIGITAL ELECTRONICS, LLC, A California limited liability company,<br><br>Defendant. | CASE NO. CV-08-3934 RGKCFMOK)<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sony Corporation files this complaint against Westinghouse Digital

Electronics, LLC ("Westinghouse"):

## THE PARTIES

1.     Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a

principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

2.     Upon information and belief, Westinghouse is a limited liability

company organized under the laws of California and headquartered in Sante Fe

51354/2632973.2

Springs, California. Westinghouse's agent for service of process is listed as David O. Chen, 12150 Mora Drive, Sante Fe Springs, CA 90670.

## JURISDICTION AND VENUE

3. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of California and committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the Central District of California and elsewhere in California and the United States.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant regularly conducts business in this judicial district, and certain of the acts complained of herein occurred in this judicial district. Defendant offers to sell and sells the accused products in this judicial district.

## THE PATENTS IN SUIT

6. On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A true and correct copy of the '626 patent is attached hereto as Exhibit A.

7. On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption" (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is attached hereto as Exhibit B.

11354/2632973.2

1      8.     On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542

2 titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true

3 and correct copy of the '542 patent is attached hereto as Exhibit C.

4      9.     On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled

5 "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847

6 patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

7      10.    On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled

8 "Television Function Selection Method, Television Receiver and Remove

9 Commander for Television Receiver" (hereinafter "the '373 patent"). A true and

10 correct copy of the '373 patent is attached hereto as Exhibit E.

11     11.    On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614

12 titled "Method and Apparatus for Displaying an Electronic Menu having

13 Components with Differing Levels of Transparency" (hereinafter "the '614 patent").

14 A true and correct copy of the '614 patent is attached hereto as Exhibit F.

15     12.    On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055

16 titled "Video Data Bus Communication System and Method" (hereinafter "the '055

17 patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

18     13.    On August 26, 2008, the USPTO issued U.S. Patent Re-issue No.

19 40,468 titled "Video Data Bus Communication System and Method" (hereinafter

20 "the '468 patent"). A true and correct copy of the '468 patent is attached hereto as

21 Exhibit H.

22     14.    On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182

23 titled "Display Device" (hereinafter "the '182 patent"). A true and correct copy of

24 the '182 patent is attached hereto as Exhibit I.

25     15.    On December 9, 2003, the USPTO issued U.S. Patent No. 6,661,472

26 titled "Channel Selection In Digital Television" (hereinafter "the '472 patent"). A

27 true and correct copy of the '472 patent is attached hereto as Exhibit J.

28

16. The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614 patent, '055 patent, '468 patent, '182 patent, and the '472 patent collectively, are henceforth referred to as the "patents-in-suit."

17. Sony is the owner of all right, title, and interest in and to each of the patents-in-suit with full and exclusive right to bring suit to enforce this patent, including the right to recover for past infringement.

**COUNT I**

**INFRINGEMENT OF THE '626 PATENT**

18. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

19. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '626 patent by practicing one or more claims of the '626 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

20. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '626 patent by contributing to and/or actively inducing the infringement by others of the '626 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

21. Upon information and belief, Defendant has willfully infringed the '626 patent.

22. Upon information and belief, Defendant's acts of infringement of the '626 patent will continue after service of this complaint unless enjoined by the Court.

23. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

51354/2632973.2

1   24.   Sony is entitled to recover from Defendant the damages sustained by
2   Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3   25.   Unless Defendant is enjoined by this Court from continuing its
4   infringement of the '626 patent, Sony will suffer additional irreparable harm and
5   impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
6   and permanent injunction against further infringement.

## COUNT II
## INFRINGEMENT OF THE '577 PATENT

26.   Sony realleges and incorporates herein the allegations of the preceding
paragraphs of this Complaint as if fully set forth herein.

27.   Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe, literally and/or under the
doctrine of equivalents, the '577 patent by practicing one or more claims of the '577
patent in the manufacture, use, offering for sale, sale, and/or importation or
exportation of display devices, including digital televisions.

28.   Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe the '577 patent by contributing
to and/or actively inducing the infringement by others of the '577 patent by the
manufacture, use, offering for sale, sale, and/or importation or exportation of display
devices, including digital televisions.

29.   Upon information and belief, Defendant has willfully infringed the
'577 patent.

30.   Upon information and belief, Defendant's acts of infringement of the
'577 patent will continue after service of this complaint unless enjoined by the
Court.

31.   As a result of Defendant's infringement, Sony has suffered and will
suffer damages.

1354/2632973.2

1    32.    Sony is entitled to recover from Defendant the damages sustained by
2    Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3    33.    Unless Defendant is enjoined by this Court from continuing its
4    infringement of the '577 patent, Sony will suffer additional irreparable harm and
5    impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
6    and permanent injunction against further infringement.

## COUNT III
### INFRINGEMENT OF THE '542 PATENT

34.    Sony realleges and incorporates herein the allegations of the preceding
paragraphs of this Complaint as if fully set forth herein.

35.    Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe, literally and/or under the
doctrine of equivalents, the '542 patent by practicing one or more claims of the '542
patent in the manufacture, use, offering for sale, sale, and/or importation or
exportation of display devices, including digital televisions.

36.    Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe the '542 patent by contributing
to and/or actively inducing the infringement by others of the '542 patent by the
manufacture, use, offering for sale, sale, and/or importation or exportation of display
devices, including digital televisions.

37.    Upon information and belief, Defendant has willfully infringed the
'542 patent.

38.    Upon information and belief, Defendant's acts of infringement of the
'542 patent will continue after service of this complaint unless enjoined by the
Court.

39.    As a result of Defendant's infringement, Sony has suffered and will
suffer damages.

1354/2632973.2

6

1    40.    Sony is entitled to recover from Defendant the damages sustained by

2 Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3    41.    Unless Defendant is enjoined by this Court from continuing its

4 infringement of the '542 patent, Sony will suffer additional irreparable harm and

5 impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

6 and permanent injunction against further infringement.

### COUNT IV

### INFRINGEMENT OF THE '847 PATENT

9    42.    Sony realleges and incorporates herein the allegations of the preceding

10 paragraphs of this Complaint as if fully set forth herein.

11    43.    Upon information and belief, in violation of 35 U.S.C. § 271,

12 Defendant has infringed and is continuing to infringe, literally and/or under the

13 doctrine of equivalents, the '847 patent by practicing one or more claims of the '847

14 patent in the manufacture, use, offering for sale, sale, and/or importation or

15 exportation of display devices, including digital televisions.

16    44.    Upon information and belief, in violation of 35 U.S.C. § 271,

17 Defendant has infringed and is continuing to infringe the '847 patent by contributing

18 to and/or actively inducing the infringement by others of the '847 patent by the

19 manufacture, use, offering for sale, sale, and/or importation or exportation of display

20 devices, including digital televisions.

21    45.    Upon information and belief, Defendant has willfully infringed the

22 '847 patent.

23    46.    Upon information and belief, Defendant's acts of infringement of the

24 '847 patent will continue after service of this complaint unless enjoined by the

25 Court.

26    47.    As a result of Defendant's infringement, Sony has suffered and will

27 suffer damages.

28

1    2    3    4    5    6    7    8    9    10    11    12    13    14    15    16    17    18    19    20    21    22    23    24    25    26    27    28

1    48.    Sony is entitled to recover from Defendant the damages sustained by
2    Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3    49.    Unless Defendant is enjoined by this Court from continuing its
4    infringement of the '847 patent, Sony will suffer additional irreparable harm and
5    impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
6    and permanent injunction against further infringement.

7
                                    **COUNT V**
8
                       **INFRINGEMENT OF THE '373 PATENT**
9
10    50.    Sony realleges and incorporates herein the allegations of the preceding
     paragraphs of this Complaint as if fully set forth herein.
11
12    51.    Upon information and belief, in violation of 35 U.S.C. § 271,
     Defendant has infringed and is continuing to infringe, literally and/or under the
13
     doctrine of equivalents, the '373 patent by practicing one or more claims of the '373
14
     patent in the manufacture, use, offering for sale, sale, and/or importation or
15
     exportation of display devices, including digital televisions.
16
17    52.    Upon information and belief, in violation of 35 U.S.C. § 271,
     Defendant has infringed and is continuing to infringe the '373 patent by contributing
18
     to and/or actively inducing the infringement by others of the '373 patent by the
19
     manufacture, use, offering for sale, sale, and/or importation or exportation of display
20
     devices, including digital televisions.
21
22    53.    Upon information and belief, Defendant has willfully infringed the
     '373 patent.
23
24    54.    Upon information and belief, Defendant's acts of infringement of the
     '373 patent will continue after service of this complaint unless enjoined by the
25
     Court.
26
27    55.    As a result of Defendant's infringement, Sony has suffered and will
     suffer damages.
28

51354/2632973.2

56. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

57. Unless Defendant is enjoined by this Court from continuing its infringement of the '373 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VI
## INFRINGEMENT OF THE '614 PATENT

58. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

59. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '614 patent by practicing one or more claims of the '614 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

60. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '614 patent by contributing to and/or actively inducing the infringement by others of the '614 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

61. Upon information and belief, Defendant has willfully infringed the '614 patent.

62. Upon information and belief, Defendant's acts of infringement of the '614 patent will continue after service of this complaint unless enjoined by the Court.

63. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

S1354/2632973.2

64. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

65. Unless Defendant is enjoined by this Court from continuing its infringement of the '614 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VII

## INFRINGEMENT OF THE '055 PATENT

66. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

67. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '055 patent by practicing one or more claims of the '055 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

68. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '055 patent by contributing to and/or actively inducing the infringement by others of the '055 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

69. Upon information and belief, Defendant has willfully infringed the '055 patent.

70. Upon information and belief, Defendant's acts of infringement of the '055 patent will continue after service of this complaint unless enjoined by the Court.

71. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

51354/2632973.2

1    72.    Sony is entitled to recover from Defendant the damages sustained by

2  Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3    73.    Unless Defendant is enjoined by this Court from continuing its

4  infringement of the '055 patent, Sony will suffer additional irreparable harm and

5  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

6  and permanent injunction against further infringement.

## COUNT VIII

## INFRINGEMENT OF THE '468 PATENT

74.    Sony realleges and incorporates herein the allegations of the preceding

paragraphs of this Complaint as if fully set forth herein.

75.    Upon information and belief, in violation of 35 U.S.C. § 271,

Defendant has infringed and is continuing to infringe, literally and/or under the

doctrine of equivalents, the '468 patent by practicing one or more claims of the '468

patent in the manufacture, use, offering for sale, sale, and/or importation or

exportation of display devices, including digital televisions.

76.    Upon information and belief, in violation of 35 U.S.C. § 271,

Defendant has infringed and is continuing to infringe the '468 patent by contributing

to and/or actively inducing the infringement by others of the '468 patent by the

manufacture, use, offering for sale, sale, and/or importation or exportation of display

devices, including digital televisions.

77.    Upon information and belief, Defendant has willfully infringed the

'468 patent.

78.    Upon information and belief, Defendant's acts of infringement of the

'468 patent will continue after service of this complaint unless enjoined by the

Court.

79.    As a result of Defendant's infringement, Sony has suffered and will

suffer damages.

51354/2632973.2

80.     Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

81.     Unless Defendant is enjoined by this Court from continuing its infringement of the '468 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT IX
## INFRINGEMENT OF THE '182 PATENT

82.     Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

83.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '182 patent by practicing one or more claims of the '182 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

84.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '182 patent by contributing to and/or actively inducing the infringement by others of the '182 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

85.     Upon information and belief, Defendant has willfully infringed the '182 patent.

86.     Upon information and belief, Defendant's acts of infringement of the '182 patent will continue after service of this complaint unless enjoined by the Court.

87.     As a result of Defendant's infringement, Sony has suffered and will suffer damages.

88. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

89. Unless Defendant is enjoined by this Court from continuing its infringement of the '182 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT X
## INFRINGEMENT OF THE '472 PATENT

90. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

91. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '182 patent by practicing one or more claims of the '472 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

92. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '472 patent by contributing to and/or actively inducing the infringement by others of the '472 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

93. Upon information and belief, Defendant has willfully infringed the '472 patent.

94. Upon information and belief, Defendant's acts of infringement of the '472 patent will continue after service of this complaint unless enjoined by the Court.

95. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

51354/26329713.2

96.   Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

97.   Unless Defendant is enjoined by this Court from continuing its infringement of the '472 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Sony prays for the following relief:

(a)   That Defendant be ordered to pay damages adequate to compensate Sony for Defendant's infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(b)   That Defendant be ordered to pay treble damages for willful infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(c)   That Defendant be ordered to pay attorneys' fees pursuant to 35 U.S.C. § 285 for each of the patents-in-suit;

(d)   That Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation with them be enjoined from further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

(e)   That Defendant be ordered to pay prejudgment interest;

(f)   That Defendant be ordered to pay all costs associated with this action; and

(g)   That Sony be granted such other and additional relief as the Court deems just and proper.

513354/2632973.2

DATED: September 12, 2008    Respectfully submitted,

By _____ /FOR
Kevin P.B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLPAttorneys for
Plaintiff
SONY CORPORATION OF AMERICA

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: Septmeber 12, 2008          Respectfully submitted,

By_____/FOR

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Attorneys for Plaintiff
SONY CORPORATION OF AMERICA

16

51354/2632973.2

# EXHIBIT D

**CONFORMED**

FILED

1   Kevin P.B. Johnson (Bar No. 177129)
    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2   555 Twin Dolphin Drive, Suite 560
    Redwood Shores, California 94065-2139
3   Telephone: (650) 801-5000
    Facsimile: (650) 801-5100
4
    Steven M. Anderson (Bar No. 144014)
5   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    865 S. Figueroa St. 10th Floor
6   Los Angeles, California 90017
    Telephone: (213) 443-3000
7   Facsimile: (213) 443-3100

2008 OCT 10  PM 4:06

CLERK U.S. DISTRICT COURT
CENTRAL DIST. F  CALIF
LOS ANGELES

BY _____

8

9   Attorneys for Plaintiff Sony Corporation

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12                    WESTERN DIVISION

13

14  SONY CORPORATION, A Japanese          CASE NO. **SACV08-1135AHS**(ANx)
    corporation,
15                                        **COMPLAINT FOR PATENT**
            Plaintiff,                    **INFRINGEMENT**
16
        vs.                              **JURY TRIAL DEMANDED**
17
    VIZIO, Inc.,
18
            Defendant.
19

20

21        Plaintiff Sony Corporation files this complaint against VIZIO, Inc. ("VIZIO"

22  or "Defendant"):

23

24                          **THE PARTIES**

25

26        1.    Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a

27  principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

28

51451/2664183.1

1

1    2.     Upon information and belief, VIZIO is a corporation organized under

2  the laws of California and headquartered at 39 Tesla, Irvine, California, 92618.

3

4              **JURISDICTION AND VENUE**

5

6    1.     This lawsuit is an action for patent infringement arising under the

7  patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction

8  over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

9    2.     This Court has personal jurisdiction over Defendant because Defendant

10  conducts business in the State of California and committed acts of patent

11  infringement and/or contributed to or induced acts of patent infringement by others

12  in the Central District of California and elsewhere in California and the United

13  States.

14    3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

15  and 1400 because Defendant regularly conducts business in this judicial district, and

16  certain of the acts complained of herein occurred in this judicial district. Defendant

17  offers to sell and sells the accused products in this judicial district.

18

19              **THE PATENTS IN SUIT**

20

21    4.     On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled

22  "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A

23  true and correct copy of the '626 patent is attached hereto as Exhibit A.

24    5.     On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577

25  titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data

26  Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption"

27  (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is

28  attached hereto as Exhibit B.

1      6.     On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542

2  titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true

3  and correct copy of the `542 patent is attached hereto as Exhibit C.

4      7.     On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled

5  "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847

6  patent"). A true and correct copy of the `847 patent is attached hereto as Exhibit D.

7      8.     On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled

8  "Television Function Selection Method, Television Receiver and Remove

9  Commander for Television Receiver" (hereinafter "the '373 patent"). A true and

10  correct copy of the `373 patent is attached hereto as Exhibit E.

11      9.     On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614

12  titled "Method and Apparatus for Displaying an Electronic Menu having

13  Components with Differing Levels of Transparency" (hereinafter "the '614 patent").

14  A true and correct copy of the `614 patent is attached hereto as Exhibit F.

15      10.    On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055

16  titled "Video Data Bus Communication System and Method" (hereinafter "the '055

17  patent"). A true and correct copy of the `055 patent is attached hereto as Exhibit G.

18      11.    On August 26, 2008, the USPTO issued U.S. Patent Re-issue No.

19  40,468 titled "Video Data Bus Communication System and Method" (hereinafter

20  "the '468 patent"). A true and correct copy of the '468 patent is attached hereto as

21  Exhibit H.

22      12.    On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182

23  titled "Display Device" (hereinafter "the '182 patent"). A true and correct copy of

24  the '182 patent is attached hereto as Exhibit I.

25      13.    On December 9, 2003, the USPTO issued U.S. Patent No. 6,661,472

26  titled "Channel Selection In Digital Television" (hereinafter "the '472 patent"). A

27  true and correct copy of the '472 patent is attached hereto as Exhibit J.

28

1     14.    On April 29, 1992, the USPTO issued U.S. Patent No. 5,285,285 titled

2  "Method Of Controlling First Items That Require Prior CRT Display And Second

3  Items That Require No Prior Display" (hereinafter "the '285 patent"). A true and

4  correct copy of the '285 patent is attached hereto as Exhibit K.

5     15.    On May 18, 1993, the USPTO issued U.S. Patent No. 5,212,553 titled

6  "Television Receiver With Selective Menu Display" (hereinafter "the '553 patent").

7  A true and correct copy of the '553 patent is attached hereto as Exhibit L.

8     16.    On December 1, 1992, the USPTO issued U.S. Patent No. 5,168,362

9  titled "Apparatus For Displaying Standard Aspect Ratio Television Signal On Wide

10  Aspect Ratio Display Screen" (hereinafter "the '362 patent"). A true and correct

11  copy of the '362 patent is attached hereto as Exhibit M.

12     17.    On May 18, 1993, the USPTO issued U.S. Patent No. 5,539,425 titled

13  "Display Unit" (hereinafter "the '425 patent"). A true and correct copy of the '425

14  patent is attached hereto as Exhibit N.

15     18.    The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614

16  patent, '055 patent, '468 patent, '182 patent, '472 patent, '285 patent, '553 patent,

17  '362 patent, and the '425 patent collectively, are henceforth referred to as the

18  "patents-in-suit."

19     19.    Sony is the owner of all right, title, and interest in and to each of the

20  patents-in-suit with full and exclusive right to bring suit to enforce this patent,

21  including the right to recover for past infringement.

22

23                         **COUNT I**

24            **INFRINGEMENT OF THE '626 PATENT**

25

26     20.    Sony realleges and incorporates herein the allegations of the preceding

27  paragraphs of this Complaint as if fully set forth herein.

28

1    21.    Upon information and belief, in violation of 35 U.S.C. § 271,
2  Defendant has infringed and is continuing to infringe, literally and/or under the
3  doctrine of equivalents, the '626 patent by practicing one or more claims of the '626
4  patent in the manufacture, use, offering for sale, sale, and/or importation or
5  exportation of display devices, including digital televisions.
6    22.    Upon information and belief, in violation of 35 U.S.C. § 271,
7  Defendant has infringed and is continuing to infringe the '626 patent by contributing
8  to and/or actively inducing the infringement by others of the '626 patent by the
9  manufacture, use, offering for sale, sale, and/or importation or exportation of display
10  devices, including digital televisions.
11    23.    Upon information and belief, Defendant has willfully infringed the
12  '626 patent.
13    24.    Upon information and belief, Defendant's acts of infringement of the
14  '626 patent will continue after service of this complaint unless enjoined by the
15  Court.
16    25.    As a result of Defendant's infringement, Sony has suffered and will
17  suffer damages.
18    26.    Sony is entitled to recover from Defendant the damages sustained by
19  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
20    27.    Unless Defendant is enjoined by this Court from continuing its
21  infringement of the '626 patent, Sony will suffer additional irreparable harm and
22  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
23  and permanent injunction against further infringement.
24
25
26
27
28

## COUNT II

## INFRINGEMENT OF THE '577 PATENT

1    28.    Sony realleges and incorporates herein the allegations of the preceding

2    paragraphs of this Complaint as if fully set forth herein.

3    29.    Upon information and belief, in violation of 35 U.S.C. § 271,

4    Defendant has infringed and is continuing to infringe, literally and/or under the

5    doctrine of equivalents, the '577 patent by practicing one or more claims of the '577

6    patent in the manufacture, use, offering for sale, sale, and/or importation or

7    exportation of display devices, including digital televisions.

8    30.    Upon information and belief, in violation of 35 U.S.C. § 271,

9    Defendant has infringed and is continuing to infringe the '577 patent by contributing

10   to and/or actively inducing the infringement by others of the '577 patent by the

11   manufacture, use, offering for sale, sale, and/or importation or exportation of display

12   devices, including digital televisions.

13   31.    Upon information and belief, Defendant has willfully infringed the

14   '577 patent.

15   32.    Upon information and belief, Defendant's acts of infringement of the

16   '577 patent will continue after service of this complaint unless enjoined by the

17   Court.

18   33.    As a result of Defendant's infringement, Sony has suffered and will

19   suffer damages.

20   34.    Sony is entitled to recover from Defendant the damages sustained by

21   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

22   35.    Unless Defendant is enjoined by this Court from continuing its

23   infringement of the '577 patent, Sony will suffer additional irreparable harm and

24   impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

25   and permanent injunction against further infringement.

26

27

28

51451/2664183.1

COMPLAINT FOR PATENT INFRINGEMENT

1

## COUNT III

2

## INFRINGEMENT OF THE '542 PATENT

3

4        36.    Sony realleges and incorporates herein the allegations of the preceding

5    paragraphs of this Complaint as if fully set forth herein.

6        37.    Upon information and belief, in violation of 35 U.S.C. § 271,

7    Defendant has infringed and is continuing to infringe, literally and/or under the

8    doctrine of equivalents, the '542 patent by practicing one or more claims of the '542

9    patent in the manufacture, use, offering for sale, sale, and/or importation or

10   exportation of display devices, including digital televisions.

11       38.    Upon information and belief, in violation of 35 U.S.C. § 271,

12   Defendant has infringed and is continuing to infringe the '542 patent by contributing

13   to and/or actively inducing the infringement by others of the '542 patent by the

14   manufacture, use, offering for sale, sale, and/or importation or exportation of display

15   devices, including digital televisions.

16       39.    Upon information and belief, Defendant has willfully infringed the

17   '542 patent.

18       40.    Upon information and belief, Defendant's acts of infringement of the

19   '542 patent will continue after service of this complaint unless enjoined by the

20   Court.

21       41.    As a result of Defendant's infringement, Sony has suffered and will

22   suffer damages.

23       42.    Sony is entitled to recover from Defendant the damages sustained by

24   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

25       43.    Unless Defendant is enjoined by this Court from continuing its

26   infringement of the '542 patent, Sony will suffer additional irreparable harm and

27   impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary

28   and permanent injunction against further infringement.

7

## COUNT IV

## INFRINGEMENT OF THE '847 PATENT

44.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

45.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '847 patent by practicing one or more claims of the '847 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of digital devices, including display televisions.

46.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '847 patent by contributing to and/or actively inducing the infringement by others of the '847 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

47.    Upon information and belief, Defendant has willfully infringed the '847 patent.

48.    Upon information and belief, Defendant's acts of infringement of the '847 patent will continue after service of this complaint unless enjoined by the Court.

49.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

50.    Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

51.    Unless Defendant is enjoined by this Court from continuing its infringement of the '847 patent, Sony will suffer additional irreparable harm and

COMPLAINT FOR PATENT INFRINGEMENT

51451/2664183.1

1 | impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
2 | and permanent injunction against further infringement.

### COUNT V

### INFRINGEMENT OF THE '373 PATENT

6 | 52. Sony realleges and incorporates herein the allegations of the preceding
7 | paragraphs of this Complaint as if fully set forth herein.

8 | 53. Upon information and belief, in violation of 35 U.S.C. § 271,
9 | Defendant has infringed and is continuing to infringe, literally and/or under the
10 | doctrine of equivalents, the '373 patent by practicing one or more claims of the '373
11 | patent in the manufacture, use, offering for sale, sale, and/or importation or
12 | exportation of display devices, including digital televisions.

13 | 54. Upon information and belief, in violation of 35 U.S.C. § 271,
14 | Defendant has infringed and is continuing to infringe the '373 patent by contributing
15 | to and/or actively inducing the infringement by others of the '373 patent by the
16 | manufacture, use, offering for sale, sale, and/or importation or exportation of display
17 | devices, including digital televisions.

18 | 55. Upon information and belief, Defendant has willfully infringed the
19 | '373 patent.

20 | 56. Upon information and belief, Defendant's acts of infringement of the
21 | '373 patent will continue after service of this complaint unless enjoined by the
22 | Court.

23 | 57. As a result of Defendant's infringement, Sony has suffered and will
24 | suffer damages.

25 | 58. Sony is entitled to recover from Defendant the damages sustained by
26 | Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

27 | 59. Unless Defendant is enjoined by this Court from continuing its
28 | infringement of the '373 patent, Sony will suffer additional irreparable harm and

51451/2664183.1

1 | impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

2 | and permanent injunction against further infringement.

3

4 | ### COUNT VI

5 | ### INFRINGEMENT OF THE '614 PATENT

6

7 | 60.    Sony realleges and incorporates herein the allegations of the preceding

8 | paragraphs of this Complaint as if fully set forth herein.

9 | 61.    Upon information and belief, in violation of 35 U.S.C. § 271,

10 | Defendant has infringed and is continuing to infringe, literally and/or under the

11 | doctrine of equivalents, the '614 patent by practicing one or more claims of the '614

12 | patent in the manufacture, use, offering for sale, sale, and/or importation or

13 | exportation of display devices, including digital televisions.

14 | 62.    Upon information and belief, in violation of 35 U.S.C. § 271,

15 | Defendant has infringed and is continuing to infringe the '614 patent by contributing

16 | to and/or actively inducing the infringement by others of the '614 patent by the

17 | manufacture, use, offering for sale, sale, and/or importation or exportation of display

18 | devices, including digital televisions.

19 | 63.    Upon information and belief, Defendant has willfully infringed the

20 | '614 patent.

21 | 64.    Upon information and belief, Defendant's acts of infringement of the

22 | '614 patent will continue after service of this complaint unless enjoined by the

23 | Court.

24 | 65.    As a result of Defendant's infringement, Sony has suffered and will

25 | suffer damages.

26 | 66.    Sony is entitled to recover from Defendant the damages sustained by

27 | Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

28

67.    Unless Defendant is enjoined by this Court from continuing its infringement of the '614 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VII
## INFRINGEMENT OF THE '055 PATENT

68.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

69.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '055 patent by practicing one or more claims of the '055 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

70.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '055 patent by contributing to and/or actively inducing the infringement by others of the '055 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

71.    Upon information and belief, Defendant has willfully infringed the '055 patent.

72.    Upon information and belief, Defendant's acts of infringement of the '055 patent will continue after service of this complaint unless enjoined by the Court.

73.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

1    74.    Sony is entitled to recover from Defendant the damages sustained by

2    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

3    75.    Unless Defendant is enjoined by this Court from continuing its

4    infringement of the '055 patent, Sony will suffer additional irreparable harm and

5    impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary

6    and permanent injunction against further infringement.

7

8    ## COUNT VIII

9    ## INFRINGEMENT OF THE '468 PATENT

10

11    76.    Sony realleges and incorporates herein the allegations of the preceding

12    paragraphs of this Complaint as if fully set forth herein.

13    77.    Upon information and belief, in violation of 35 U.S.C. § 271,

14    Defendant has infringed and is continuing to infringe, literally and/or under the

15    doctrine of equivalents, the '468 patent by practicing one or more claims of the '468

16    patent in the manufacture, use, offering for sale, sale, and/or importation or

17    exportation of display devices, including digital televisions.

18    78.    Upon information and belief, in violation of 35 U.S.C. § 271,

19    Defendant has infringed and is continuing to infringe the '468 patent by contributing

20    to and/or actively inducing the infringement by others of the '468 patent by the

21    manufacture, use, offering for sale, sale, and/or importation or exportation of display

22    devices, including digital televisions.

23    79.    Upon information and belief, Defendant has willfully infringed the

24    '468 patent.

25    80.    Upon information and belief, Defendant's acts of infringement of the

26    '468 patent will continue after service of this complaint unless enjoined by the

27    Court.

28

12

1    81.    As a result of Defendant's infringement, Sony has suffered and will

2  suffer damages.

3    82.    Sony is entitled to recover from Defendant the damages sustained by

4  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

5  Unless Defendant is enjoined by this Court from continuing its infringement of the

6  '468 patent, Sony will suffer additional irreparable harm and impairment of the

7  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

8  injunction against further infringement. ·

9

10                          **COUNT IX**

11              **INFRINGEMENT OF THE '182 PATENT**

12

13    83.    Sony realleges and incorporates herein the allegations of the preceding

14  paragraphs of this Complaint as if fully set forth herein.

15    84.    Upon information and belief, in violation of 35 U.S.C. § 271,

16  Defendant has infringed and is continuing to infringe, literally and/or under the

17  doctrine of equivalents, the '182 patent by practicing one or more claims of the '182

18  patent in the manufacture, use, offering for sale, sale, and/or importation or

19  exportation of display devices, including digital televisions.

20    85.    Upon information and belief, in violation of 35 U.S.C. § 271,

21  Defendant has infringed and is continuing to infringe the '182 patent by contributing

22  to and/or actively inducing the infringement by others of the '182 patent by the

23  manufacture, use, offering for sale, sale, and/or importation or exportation of display

24  devices, including digital televisions.

25    86.    Upon information and belief, Defendant has willfully infringed the

26  '182 patent.

27

28

13

1    87.    Upon information and belief, Defendant's acts of infringement of the

2  '182 patent will continue after service of this complaint unless enjoined by the

3  Court.

4    88.    As a result of Defendant's infringement, Sony has suffered and will

5  suffer damages.

6    89.    Sony is entitled to recover from Defendant the damages sustained by

7  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

8  Unless Defendant is enjoined by this Court from continuing its infringement of the

9  '182 patent, Sony will suffer additional irreparable harm and impairment of the

10  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

11  injunction against further infringement.

12

13    **COUNT X**

14    **INFRINGEMENT OF THE '472 PATENT**

15

16    90.    Sony realleges and incorporates herein the allegations of the preceding

17  paragraphs of this Complaint as if fully set forth herein.

18    91.    Upon information and belief, in violation of 35 U.S.C. § 271,

19  Defendant has infringed and is continuing to infringe, literally and/or under the

20  doctrine of equivalents, the '182 patent by practicing one or more claims of the '472

21  patent in the manufacture, use, offering for sale, sale, and/or importation or

22  exportation of display devices, including digital televisions.

23    92.    Upon information and belief, in violation of 35 U.S.C. § 271,

24  Defendant has infringed and is continuing to infringe the '472 patent by contributing

25  to and/or actively inducing the infringement by others of the '472 patent by the

26  manufacture, use, offering for sale, sale, and/or importation or exportation of display

27  devices, including digital televisions.

28

14

1      93.    Upon information and belief, Defendant has willfully infringed the

2  '472 patent.

3      94.    Upon information and belief, Defendant's acts of infringement of the

4  '472 patent will continue after service of this complaint unless enjoined by the

5  Court.

6      95.    As a result of Defendant's infringement, Sony has suffered and will

7  suffer damages.

8      96.    Sony is entitled to recover from Defendant the damages sustained by

9  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10  Unless Defendant is enjoined by this Court from continuing its infringement of the

11  '472 patent, Sony will suffer additional irreparable harm and impairment of the

12  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

13  injunction against further infringement.

14  **COUNT XI**

15  **INFRINGEMENT OF THE '285 PATENT**

16

17      97.    Sony realleges and incorporates herein the allegations of the preceding

18  paragraphs of this Complaint as if fully set forth herein.

19      98.    Upon information and belief, in violation of 35 U.S.C. § 271,

20  Defendant has infringed and is continuing to infringe, literally and/or under the

21  doctrine of equivalents, the '285 patent by practicing one or more claims of the '285

22  patent in the manufacture, use, offering for sale, sale, and/or importation or

23  exportation of display devices, including digital televisions.

24      99.    Upon information and belief, in violation of 35 U.S.C. § 271,

25  Defendant has infringed and is continuing to infringe the '285 patent by contributing

26  to and/or actively inducing the infringement by others of the '285 patent by the

27  manufacture, use, offering for sale, sale, and/or importation or exportation of display

28  devices, including digital televisions.

1          100.  Upon information and belief, Defendant has willfully infringed the

2    '285 patent.

3          101.  Upon information and belief, Defendant's acts of infringement of the

4    '285 patent will continue after service of this complaint unless enjoined by the

5    Court.

6          102.  As a result of Defendant's infringement, Sony has suffered and will

7    suffer damages.

8          103.  Sony is entitled to recover from Defendant the damages sustained by

9    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10   Unless Defendant is enjoined by this Court from continuing its infringement of the

11   '285 patent, Sony will suffer additional irreparable harm and impairment of the

12   value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

13   injunction against further infringement.

14                              **COUNT XII**

15                **INFRINGEMENT OF THE '553 PATENT**

16

17         104.  Sony realleges and incorporates herein the allegations of the preceding

18   paragraphs of this Complaint as if fully set forth herein.

19         105.  Upon information and belief, in violation of 35 U.S.C. § 271,

20   Defendant has infringed and is continuing to infringe, literally and/or under the

21   doctrine of equivalents, the '553 patent by practicing one or more claims of the '553

22   patent in the manufacture, use, offering for sale, sale, and/or importation or

23   exportation of display devices, including digital televisions.

24         106.  Upon information and belief, in violation of 35 U.S.C. § 271,

25   Defendant has infringed and is continuing to infringe the '553 patent by contributing

26   to and/or actively inducing the infringement by others of the '553 patent by the

27   manufacture, use, offering for sale, sale, and/or importation or exportation of display

28   devices, including digital televisions.

1    107.   Upon information and belief, Defendant has willfully infringed the
2    '553 patent.

3    108.   Upon information and belief, Defendant's acts of infringement of the
4    '553 patent will continue after service of this complaint unless enjoined by the
5    Court.

6    109.   As a result of Defendant's infringement, Sony has suffered and will
7    suffer damages.

8    110.   Sony is entitled to recover from Defendant the damages sustained by
9    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
10   Unless Defendant is enjoined by this Court from continuing its infringement of the
11   '553 patent, Sony will suffer additional irreparable harm and impairment of the
12   value of its patent rights. Thus, Sony is entitled to a preliminary and permanent
13   injunction against further infringement.

14                               **COUNT XIII**

15                  **INFRINGEMENT OF THE '362 PATENT**

16

17   111.   Sony realleges and incorporates herein the allegations of the preceding
18   paragraphs of this Complaint as if fully set forth herein.

19   112.   Upon information and belief, in violation of 35 U.S.C. § 271,
20   Defendant has infringed and is continuing to infringe, literally and/or under the
21   doctrine of equivalents, the '362 patent by practicing one or more claims of the '362
22   patent in the manufacture, use, offering for sale, sale, and/or importation or
23   exportation of display devices, including digital televisions.

24   113.   Upon information and belief, in violation of 35 U.S.C. § 271,
25   Defendant has infringed and is continuing to infringe the '362 patent by contributing
26   to and/or actively inducing the infringement by others of the '362 patent by the
27   manufacture, use, offering for sale, sale, and/or importation or exportation of display
28   devices, including digital televisions.

1  114.

2  115.  Upon information and belief, Defendant has willfully infringed the

3  '362 patent.

4  116.  Upon information and belief, Defendant's acts of infringement of the

5  '362 patent will continue after service of this complaint unless enjoined by the

6  Court.

7  117.  As a result of Defendant's infringement, Sony has suffered and will

8  suffer damages.

9  118.  Sony is entitled to recover from Defendant the damages sustained by

10  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

11  Unless Defendant is enjoined by this Court from continuing its infringement of the

12  '362 patent, Sony will suffer additional irreparable harm and impairment of the

13  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

14  injunction against further infringement.

15  ## COUNT XIV

16  ## INFRINGEMENT OF THE '425 PATENT

17

18  119.  Sony realleges and incorporates herein the allegations of the preceding

19  paragraphs of this Complaint as if fully set forth herein.

20  120.  Upon information and belief, in violation of 35 U.S.C. § 271,

21  Defendant has infringed and is continuing to infringe, literally and/or under the

22  doctrine of equivalents, the '425 patent by practicing one or more claims of the '425

23  patent in the manufacture, use, offering for sale, sale, and/or importation or

24  exportation of display devices, including digital televisions.

25  121.  Upon information and belief, in violation of 35 U.S.C. § 271,

26  Defendant has infringed and is continuing to infringe the '425 patent by contributing

27  to and/or actively inducing the infringement by others of the '425 patent by the

28

51451/2664183.1

17.1

1       122.   manufacture, use, offering for sale, sale, and/or importation or

2 exportation of display devices, including digital televisions.

3       123.   Upon information and belief, Defendant has willfully infringed the

4 '425 patent.

5       124.   Upon information and belief, Defendant's acts of infringement of the

6 '472 patent will continue after service of this complaint unless enjoined by the

7 Court.

8       125.   As a result of Defendant's infringement, Sony has suffered and will

9 suffer damages.

10       126.   Sony is entitled to recover from Defendant the damages sustained by

11 Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

12 Unless Defendant is enjoined by this Court from continuing its infringement of the

13 '425 patent, Sony will suffer additional irreparable harm and impairment of the

14 value of its patent rights. Thus, Sony is entitled to a preliminary and permanent

15 injunction against further infringement.

16                             **PRAYER FOR RELIEF**

17       WHEREFORE, Sony prays for the following relief:

18          (a)     That Defendant be ordered to pay damages adequate to

19 compensate Sony for Defendant's infringement of each of the patents-in-suit

20 pursuant to 35 U.S.C. § 284;

21          (b)     That Defendant be ordered to pay treble damages for willful

22 infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

23          (c)     That Defendant be ordered to pay attorneys' fees pursuant to 35

24 U.S.C. § 285 for each of the patents-in-suit;

25          (d)     That Defendant, its officers, agents, servants, employees, and

26 those persons acting in active concert or in participation with them be enjoined from

27 further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

28          (e)     That Defendant be ordered to pay prejudgment interest;

17.2

1

2         (f)     That Defendant be ordered to pay all costs associated with this

3 action; and

4         (g)     That Sony be granted such other and additional relief as the

5 Court deems just and proper.

6

DATED:  October 10, 2008        Respectfully submitted,

7

8

9               By _____

                    Steven Anderson

10               QUINN EMANUEL URQUHART

                    OLIVER & HEDGES, LLP

11

12               Attorneys for Plaintiff

                    SONY CORPORATION

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

17.3

COMPLAINT FOR PATENT INFRINGEMENT

1

## <u>DEMAND FOR JURY TRIAL</u>

2      Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

3  demands a trial by jury as to all issues so triable.

4

5  DATED:  October 10, 2008           Respectfully submitted,

6

7

8                                     By _____
                                       Steven Anderson
9                                      QUINN EMANUEL URQUHART
                                       OLIVER & HEDGES, LLP
10

11                                     Attorneys for Plaintiff
                                       SONY CORPORATION OF AMERICA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT E

**CONFORMED COPY**

1  Kevin P.B. Johnson (Bar No. 177129)
   Benjamin L. Singer (*pro hac* admission pending)
2  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065-2139
   Telephone: (650) 801-5000
4  Facsimile: (650) 801-5100

5  Steven M. Anderson (Bar No. 144014)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
6  865 S. Figueroa St. 10th Floor
   Los Angeles, California 90017
7  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100

8

9

10  Attorneys for Plaintiff Sony Corporation

11              UNITED STATES DISTRICT COURT

12            CENTRAL DISTRICT OF CALIFORNIA

13                  WESTERN DIVISION

14  SONY CORPORATION, A Japanese         CASE NO. SACV08-1135 AHS (AN
    corporation,
15                                        NOTICE OF RELATED CASES
              Plaintiff,
16
          vs.
17
    VIZIO, Inc.,
18
              Defendant.
19

20

21

22

23

24

25

26

27

28

1    TO THE CLERK OF THE COURT:

2    PLEASE TAKE NOTICE that the following cases that have previously

3    been filed in this Court are related to the instant case in that a number of the patents-

4    in-suit are identical to those in the prior case and in that the instant case calls for the

5    determination of the same or substantially identical questions of law in that the relief

6    sought is the same.

7    The related case is *Sony Corp. v. Westinghouse Digital Electronics, LLC,*

8    CV08-03934 RGK (FMOx).

9

10   DATED:  October 10, 2008              Respectfully submitted,

11                                        QUINN EMANUEL URQUHART OLIVER &
                                          HEDGES, LLP

12

13                                        By

14                                        Steven M. Anderson
                                          Attorneys for Plaintiff Sony Corporation

15

16

17

18

19

20

21

22

23

24

25

26

27

28

51451/2664170.1

2

# EXHIBIT F

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
SONY CORPORATION, A Japanese corporation

**DEFENDANTS**
VIZIO, Inc.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017      Tel: (213) 443-3000

Attorneys (If Known)

unknown

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff      ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant      ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes  ☑ No      ☐ MONEY DEMANDED IN COMPLAINT: $ to be proved at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Counts 1-14: violation of 35 U.S.C. 271 (Patent Infringement)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☑ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 465 Other Immigration Actions | | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | | | | |
| | ☐ 290 All Other Real Property | | | | |

SACV08-1135

---

**FOR OFFICE USE ONLY:**   Case Number:

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a).  IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b).  RELATED CASES:  Have any cases been previously filed in this court that are related to the present case? ☐ No   ☑ Yes
If yes, list case number(s): CV08-03934 RGK (FMOx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)    ☐ A.  Arise from the same or closely related transactions, happenings, or events; or
         ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
         ☑ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
         ☑ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sony Corporation: citizen of Japan; |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| VIZIO, Inc. - Orange County, California | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Claims 1-14: Los Angeles County | |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER): _____  Date October 10, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but  is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability.  (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended.  (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended.  (42 U.S.C. (g)) |

# EXHIBIT G

Liza M. Walsh
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Counsel for Plaintiff
VIZIO, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIZIO, Inc., | ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SONY CORPORATION, | ) | **COMPLAINT FOR DECLARATORY** |
| A Japanese Corporation, and | ) | **JUDGMENT, TRADE LIBEL,** |
| SONY CORPORATION OF AMERICA, | ) | **DISPARGEMENT, AND** |
| A New York Corporation, | ) | **VIOLATION OF LANHAM ACT** |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff VIZIO, Inc. ("VIZIO") for its Complaint against Sony Corporation and Sony

Corporation of America hereby demands a jury trial and alleges as follows:

### NATURE OF THE ACTION

1.       This is an action for declaratory judgment of noninfringement and invalidity of

twelve (12) United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-

02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, for damages for and

injunctive relief from trade libel and disparagement under common law and violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for such other relief as the Court deems just and proper.

## PARTIES

2.     Plaintiff VIZIO is an American company that sells high definition televisions, having its principal place of business at 39 Tesla, Irvine, California 92618.

3.     On information and belief, defendant Sony Corporation ("Sony") is a Japanese corporation having its principal place of business at 1-7-1, Konan, Minato-Ku, Tokyo, Japan.

4.     On information and belief, defendant Sony Corporation of America ("SCA") is a New York corporation having its principal place of business at 550 Madison Avenue, New York, New York 10022. SCA has offices and employees in New Jersey at 1 Sony Drive, Park Ridge, New Jersey and 123 Tice Boulevard, Woodcliff Lake, New Jersey.

5.     As alleged herein, Sony and SCA have engaged in various acts in and directed to New Jersey.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction of Counts I-XXIV of this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and of Counts XXV and XXVI of this Complaint under 28 U.S.C. §§ 1331, 1338(b), 1367 and/or the doctrine of pendent jurisdiction. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7.     Sony purports to be the owner of rights in U.S. Patent Nos. 5,285,285; 5,212,553; 5,434,626; 6,111,614; 5,168,362; 5,539,425; 6,778,182; RE 38,055; 5,583,577; 5,684,542; 5,731,847; and RE 40,468 (collectively, the "Patents-in-Suit"). Through a series of verbal and written communications, Sony has asserted that these patents relate to various aspects of

- 2 -

televisions and are infringed by VIZIO. Sony has confirmed its ability and willingness to file suit against VIZIO and has threatened to sue VIZIO for infringement of the Patents-in-Suit, but VIZIO has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents, nor is it aware of any infringement of any of the Patents-in-Suit. A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

8.     This Court has personal jurisdiction over Sony. Sony has regularly conducted business in and directed to New Jersey, including, *inter alia*, business pertaining to the Patents-in-Suit, has sued to enforce its patents in this Court, and has engaged in various acts in and directed to New Jersey.

9.     This Court has personal jurisdiction over SCA. SCA regularly conducts business in and directed to New Jersey, including, *inter alia*, business pertaining to the Patents-in-Suit, and has an office and employees in New Jersey.

### THE PATENTS

10.    U.S. Patent No. 5,285,285 ("the '285 patent") is entitled "Method of Controlling First Items That Require Prior CRT Display And Second Items That Require No Prior Display," and bears an issuance date of February 8, 1994. A copy of the '285 patent is attached hereto as Exhibit 1.

11.    U.S. Patent No. 5,212,553 ("the '553 patent") is entitled "Television Receiver With Selective Menu Display," and bears an issuance date of May 18, 1993. A copy of the '553 patent is attached hereto as Exhibit 2.

- 3 -

12.     U.S. Patent No. 5,434,626 ("the '626 patent") is entitled "Display Apparatus Displaying Operation Menu," and bears an issuance date of July 18, 1995. A copy of the '626 patent is attached hereto as Exhibit 3.

13.     U.S. Patent No. 6,111,614 ("the '614 patent") is entitled "Method And Apparatus For Displaying An Electronic Menu Having Components With Differing Levels Of Transparency," and bears an issuance date of August 29, 2000. A copy of the '614 patent is attached hereto as Exhibit 4.

14.     U.S. Patent No. 5,168,362 ("the '362 patent") is entitled "Apparatus For Displaying Standard Aspect Ratio Television Signal On Wide Aspect Ratio Display Screen," and bears an issuance date of December 1, 1992. A copy of the '362 patent is attached hereto as Exhibit 5.

15.     U.S. Patent No. 5,539,425 ("the '425 patent") is entitled "Display Unit," and bears an issuance date of July 23, 1996. A copy of the '425 patent is attached hereto as Exhibit 6.

16.     U.S. Patent No. 6,778,182 ("the '182 patent") is entitled "Display Device," and bears an issuance date of August 17, 2004. A copy of the '182 patent is attached hereto as Exhibit 7.

17.     U.S. Patent No. RE 38,055 ("the '055 patent") is entitled "Video Data Bus Communication System And Method," and bears an issuance date of April 1, 2003. A copy of the '055 patent is attached hereto as Exhibit 8.

18.     U.S. Patent No. 5,583,577 ("the '577 patent") is entitled "Caption Data Coding/Decoding Systems And Methods That Includes Key Data Indicating Intermediate Levels

- 4 -

Of Attenuation In The Vicinity Of The Caption," and bears an issuance date of December 10, 1996. A copy of the '577 patent is attached hereto as Exhibit 9.

19. U.S. Patent No. 5,684,542 ("the '542 patent") is entitled "Video Subtitle Processing System," and bears an issuance date of November 4, 1997. A copy of the '542 patent is attached hereto as Exhibit 10.

20. U.S. Patent No. 5,731,847 ("the '847 patent") is entitled "Subtitle Encoding/Decoding Method And Apparatus," and bears an issuance date of March 24, 1998. A copy of the '847 patent is attached hereto as Exhibit 11.

21. U.S. Patent No. RE40,468 ("the '468 patent") is entitled "Video Data Bus Communication System and Method," and bears an issuance date of August 26, 2008. A copy of the '468 patent is attached hereto as Exhibit 12.

## COUNT I - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,285,285

22. VIZIO repeats and realleges the allegations in paragraphs 1-21 as though fully set forth herein.

23. VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '285 patent.

24. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25. A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '285 patent.

- 5 -

## COUNT II - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,285,285

26.     VIZIO repeats and realleges the allegations in paragraphs 1-25 as though fully set forth herein.

27.     The '285 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

28.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '285 patent.

## COUNT III - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,212,553

30.     VIZIO repeats and realleges the allegations in paragraphs 1-29 as though fully set forth herein.

31.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '553 patent.

32.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '553 patent.

1990805-01

## COUNT IV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,212,553

34.    VIZIO repeats and realleges the allegations in paragraphs 1-33 as though fully set forth herein.

35.    The '553 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

36.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '553 patent.

## COUNT V - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,434,626

38.    VIZIO repeats and realleges the allegations in paragraphs 1-37 as though fully set forth herein.

39.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '626 patent.

40.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '626 patent.

## COUNT VI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,434,626

42.     VIZIO repeats and realleges the allegations in paragraphs 1-41 as though fully set forth herein.

43.     The '626 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

44.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '626 patent.

## COUNT VII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,111,614

46.     VIZIO repeats and realleges the allegations in paragraphs 1-45 as though fully set forth herein.

47.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '614 patent.

48.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '614 patent.

1990805-01

## COUNT VIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,111,614

50.     VIZIO repeats and realleges the allegations in paragraphs 1-49 as though fully set forth herein.

51.     The '614 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

52.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '614 patent.

## COUNT IX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,168,362

54.     VIZIO repeats and realleges the allegations in paragraphs 1-53 as though fully set forth herein.

55.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '362 patent.

56.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

57.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '362 patent.

1990805-01

## COUNT X - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,168,362

58.     VIZIO repeats and realleges the allegations in paragraphs 1-57 as though fully set forth herein.

59.     The '362 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

60.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

61.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '362 patent.

## COUNT XI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,539,425

62.     VIZIO repeats and realleges the allegations in paragraphs 1-61 as though fully set forth herein.

63.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '425 patent.

64.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

65.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '425 patent.

1990805-01

## COUNT XII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,539,425

66.     VIZIO repeats and realleges the allegations in paragraphs 1-65 as though fully set forth herein.

67.     The '425 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

68.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

69.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '425 patent.

## COUNT XIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,778,182

70.     VIZIO repeats and realleges the allegations in paragraphs 1-69 as though fully set forth herein.

71.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '182 patent.

72.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

73.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '182 patent.

1990805-01

## COUNT XIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,778,182

74.     VIZIO repeats and realleges the allegations in paragraphs 1-73 as though fully set forth herein.

75.     The '182 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

76.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

77.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '182 patent.

## COUNT XV - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE 38,055

78.     VIZIO repeats and realleges the allegations in paragraphs 1-77 as though fully set forth herein.

79.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '055 patent.

80.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

81.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '055 patent.

1990805-01

## COUNT XVI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 38,055

82.     VIZIO repeats and realleges the allegations in paragraphs 1-81 as though fully set forth herein.

83.     The '055 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

84.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

85.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '055 patent.

## COUNT XVII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,583,577

86.     VIZIO repeats and realleges the allegations in paragraphs 1-85 as though fully set forth herein.

87.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '577 patent.

88.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

89.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '577 patent.

1990805-01

## COUNT XVIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,583,577

90.     VIZIO repeats and realleges the allegations in paragraphs 1-89 as though fully set forth herein.

91.     The '577 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

92.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

93.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '577 patent.

## COUNT XIX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,684,542

94.     VIZIO repeats and realleges the allegations in paragraphs 1-93 as though fully set forth herein.

95.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '542 patent.

96.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

97.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '542 patent.

## COUNT XX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,684,542

98.     VIZIO repeats and realleges the allegations in paragraphs 1-97 as though fully set forth herein.

99.     The '542 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

100.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

101.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '542 patent.

## COUNT XXI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,731,847

102.    VIZIO repeats and realleges the allegations in paragraphs 1-101 as though fully set forth herein.

103.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '847 patent.

104.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

105.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '847 patent.

1990805-01

## COUNT XXII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,731,847

106.    VIZIO repeats and realleges the allegations in paragraphs 1-105 as though fully set forth herein.

107.    The '847 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

108.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

109.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '847 patent.

## COUNT XXIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE 40,468

110.    VIZIO repeats and realleges the allegations in paragraphs 1-109 as though fully set forth herein.

111.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '468 patent.

112.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

113.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '468 patent.

1990805-01

## COUNT XXIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 40,468

114.    VIZIO repeats and realleges the allegations in paragraphs 1-113 as though fully set forth herein.

115.    The '468 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

116.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

117.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '468 patent.

## COUNT XXV - TRADE LIBEL/DISPARAGEMENT

118.    VIZIO repeats and realleges the allegations in paragraphs 1-9 as though fully set forth herein.

119.    On information and belief, on May 14, 2008, officers of Sony and SCA, including one Sony/SCA officer Robert Wiesenthal, participated in a public telephone conference call to discuss the earnings performance of Sony for its fiscal 4th quarter of 2007 (the "Conference Call"). On information and belief, consistent with Sony's custom and practice, Sony's website supplied advance notice of the Conference Call, including a dial-in number to permit the public, including financial analysts and investors all over the United States, to participate or listen in on the call.

120.    On information and belief, during the Conference Call, Sony and SCA officers made a presentation, after which there was a question and answer period. During the question and answer period, participating financial analysts directed questions to the Sony and SCA

- 17 -

officers. One such question from an unidentified analyst was: "Just curious as you move and push harder at the smaller screen size whether you can discuss how you plan to make money in such a competitive market?"

121. On information and belief, in responding to that question during the Conference Call, Mr. Wiesenthal purposely and maliciously made statements in the course of his employment as an officer of Sony and SCA about VIZIO television sets that were known to be false or made with reckless disregard for the truth, to wit:

> "I think it's important to point out there is a very big difference between the high-end 1080p sets and the low-end kind of VIZIO and Chinese manufacturer semi non-HD sets."

In fact, VIZIO sells HD (high definition) television sets, not inferior "semi non-HD sets," and Mr. Wiesenthal had no basis for asserting otherwise.

122. On information and belief, Sony and SCA's false and disparaging statements were not only published to those members of the public who listened to the Conference Call as it occurred, but were also transcribed, and the transcript was published and made available to the public over the Internet by posting it on a website, found (as of October 10, 2008) at the following URL: http://seekingalpha.com/article/77322-sony-corp-f4q07-qtr-end-03-31-earnings-call-transcript.

123. VIZIO requested a retraction of the aforementioned statements but defendants were unwilling to provide one.

124. Sony and SCA's false and disparaging statements about VIZIO television sets has proximately caused VIZIO to incur and suffer special damages as described herein. The special damages incurred by VIZIO to date include the increased costs of creating and producing corrective television advertising spots designed to counteract the false assertions of Sony and SCA regarding VIZIO television sets and/or the attendant loss of goodwill they caused VIZIO.

- 18 -

In addition, by reason of these increased incurred costs, VIZIO has been unable to create and produce the additional television ads this year that it otherwise would have made. The amount of special damages incurred by VIZIO to date in this respect exceeds $500,000, exclusive of interest, costs and attorneys fees.

125. As a result of their conduct in publishing false and disparaging statements about VIZIO television sets that they knew or should have known were false, Sony and SCA are jointly and severally liable to VIZIO for common law trade libel and/or disparagement, for which VIZIO is entitled to: (a) an injunction ordering Sony and SCA to cease and desist from making any such statements and to disseminate a prominent public retraction of the statements that were made, and (b) compensation for the special damages incurred by VIZIO, as described above, in an amount to be determined at trial.

### COUNT XXVI - UNFAIR COMPETITION UNDER LANHAM ACT § 43(a)

126. VIZIO repeats and realleges the allegations in paragraphs 1-9 and 118-125 as though fully set forth herein.

127. The above-alleged false and disparaging statements were made, on information and belief, by Sony/SCA officer Mr. Wiesenthal during the Conference Call and in the course of his employment, in connection with and in promotion of Sony/SCA and its television products to the public.

128. The above-alleged false and disparaging statements were made in commerce and materially misrepresent the nature, characteristics or qualities of VIZIO's television sets in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and, on information and belief, for the purpose of influencing the public perception of VIZIO televisions in a negative

129.     VIZIO is entitled to recover the damages specified in 15 U.S.C. § 1117(a) and (b) from Sony and SCA as a result of their violation of Section 43(a) of the Lanham Act.

**PRAYER FOR RELIEF**

WHEREFORE, VIZIO prays for the following relief:

(a)     A judgment declaring that VIZIO has not infringed, directly or indirectly, any valid or enforceable claim of the Patents-in-Suit;

(b)     A judgment declaring that the claims of the Patents-in-Suit are invalid;

(c)     An order declaring that VIZIO is a prevailing party and that this is an exceptional case; awarding VIZIO its costs, expenses, disbursements and reasonable attorneys fees under 35 U.S.C. § 285;

(d)     An order directing Sony and SCA to cease and desist from making further false, misleading and/or disparaging statements regarding VIZIO television sets;

(e)     An order directing Sony and SCA to publish a prominent and public retraction of its false, misleading and/or disparaging statements regarding VIZIO television sets;

(f)     That defendants be ordered to pay VIZIO's special damages incurred as a result of the maliciously false, misleading and/or disparaging statements that they made;

(g)     That defendants be ordered to pay VIZIO such punitive damages as the trier of fact may award with respect to defendants' maliciously false, misleading and/or disparaging statements about VIZIO's television sets;

(h)     That defendants be ordered to pay VIZIO's damages assessed under 15 U.S.C. § 1117(a) and (b);

(i)      That defendants be ordered to pay prejudgment interest;

(j)      That defendants be ordered to pay all costs associated with this action; and

(k)      That VIZIO be granted such other and additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims so triable.


Dated: October 10, 2008                  *s/ Liza M. Walsh*
                                          Liza M. Walsh
                                          CONNELL FOLEY LLP
                                          85 Livingston Avenue
                                          Roseland, New Jersey 07068
                                          (973) 535-0500

                                          Counsel for Plaintiff
                                          VIZIO, Inc.


Of Counsel:

James L. Wamsley, III
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939

1990805-01

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court, or any other pending arbitration or administrative proceeding.

Dated: October 10, 2008

CONNELL FOLEY LLP

By:___*s/ Liza M. Walsh*_____
Liza M. Walsh

## RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that declaratory and injunctive relief is sought.

Dated: October 10, 2008

CONNELL FOLEY LLP

By:___*s/ Liza M. Walsh*_____
Liza M. Walsh

1990805-01

EXHIBIT H