# EXHIBIT I

Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO, Inc.,<br><br>Defendant. | CASE NO. CV-01135-AHS-AN<br><br>**FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Sony Corporation files this complaint against VIZIO, Inc. ("VIZIO" or "Defendant"):

## THE PARTIES

1. Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

2. Upon information and belief, VIZIO is a corporation organized under the laws of California and headquartered at 39 Tesla, Irvine, California, 92618.

## JURISDICTION AND VENUE

1. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of California and committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the Central District of California and elsewhere in California and the United States.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant regularly conducts business in this judicial district, and certain of the acts complained of herein occurred in this judicial district. Defendant offers to sell and sells the accused products in this judicial district.

## THE PATENTS IN SUIT

4. On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A true and correct copy of the '626 patent is attached hereto as Exhibit A.

5. On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption" (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is attached hereto as Exhibit B.

6. On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542 titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true and correct copy of the '542 patent is attached hereto as Exhibit C.

51451/2696519.1

7. On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847 patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

8. On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled "Television Function Selection Method, Television Receiver and Remove Commander for Television Receiver" (hereinafter "the '373 patent"). A true and correct copy of the '373 patent is attached hereto as Exhibit E.

9. On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614 titled "Method and Apparatus for Displaying an Electronic Menu having Components with Differing Levels of Transparency" (hereinafter "the '614 patent"). A true and correct copy of the '614 patent is attached hereto as Exhibit F.

10. On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055 titled "Video Data Bus Communication System and Method" (hereinafter "the '055 patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

11. On August 26, 2008, the USPTO issued U.S. Patent Re-issue No. 40,468 titled "Video Data Bus Communication System and Method" (hereinafter "the '468 patent"). A true and correct copy of the '468 patent is attached hereto as Exhibit H.

12. On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182 titled "Display Device" (hereinafter "the '182 patent"). A true and correct copy of the '182 patent is attached hereto as Exhibit I.

13. On December 9, 2003, the USPTO issued U.S. Patent No. 6,661,472 titled "Channel Selection In Digital Television" (hereinafter "the '472 patent"). A true and correct copy of the '472 patent is attached hereto as Exhibit J.

14. The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614 patent, '055 patent, '468 patent, '182 patent, and the '472 patent collectively, are henceforth referred to as the "patents-in-suit."

15. Sony is the owner of all right, title, and interest in and to each of the patents-in-suit with full and exclusive right to bring suit to enforce this patent, including the right to recover for past infringement.

## COUNT I
## INFRINGEMENT OF THE '626 PATENT

16. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

17. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '626 patent by practicing one or more claims of the '626 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

18. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '626 patent by contributing to and/or actively inducing the infringement by others of the '626 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

19. Upon information and belief, Defendant has willfully infringed the '626 patent.

20. Upon information and belief, Defendant's acts of infringement of the '626 patent will continue after service of this complaint unless enjoined by the Court.

21. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

22. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

23. Unless Defendant is enjoined by this Court from continuing its infringement of the '626 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT II
## INFRINGEMENT OF THE '577 PATENT

24. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

25. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '577 patent by practicing one or more claims of the '577 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

26. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '577 patent by contributing to and/or actively inducing the infringement by others of the '577 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

27. Upon information and belief, Defendant has willfully infringed the '577 patent.

28. Upon information and belief, Defendant's acts of infringement of the '577 patent will continue after service of this complaint unless enjoined by the Court.

29. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

30. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

31. Unless Defendant is enjoined by this Court from continuing its infringement of the '577 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT III
## INFRINGEMENT OF THE '542 PATENT

32. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

33. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '542 patent by practicing one or more claims of the '542 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

34. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '542 patent by contributing to and/or actively inducing the infringement by others of the '542 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

35. Upon information and belief, Defendant has willfully infringed the '542 patent.

36. Upon information and belief, Defendant's acts of infringement of the '542 patent will continue after service of this complaint unless enjoined by the Court.

51451/2696519.1

6

FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

37. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

38. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

39. Unless Defendant is enjoined by this Court from continuing its infringement of the '542 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT IV
## INFRINGEMENT OF THE '847 PATENT

40. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

41. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '847 patent by practicing one or more claims of the '847 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of digital devices, including display televisions.

42. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '847 patent by contributing to and/or actively inducing the infringement by others of the '847 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

43. Upon information and belief, Defendant has willfully infringed the '847 patent.

44. Upon information and belief, Defendant's acts of infringement of the '847 patent will continue after service of this complaint unless enjoined by the Court.

45. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

46. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

47. Unless Defendant is enjoined by this Court from continuing its infringement of the '847 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT V
## INFRINGEMENT OF THE '373 PATENT

48. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

49. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '373 patent by practicing one or more claims of the '373 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

50. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '373 patent by contributing to and/or actively inducing the infringement by others of the '373 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

51. Upon information and belief, Defendant has willfully infringed the '373 patent.

52. Upon information and belief, Defendant's acts of infringement of the '373 patent will continue after service of this complaint unless enjoined by the Court.

53. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

54. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

55. Unless Defendant is enjoined by this Court from continuing its infringement of the '373 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VI
## INFRINGEMENT OF THE '614 PATENT

56. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

57. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '614 patent by practicing one or more claims of the '614 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

58. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '614 patent by contributing to and/or actively inducing the infringement by others of the '614 patent by the

manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

59. Upon information and belief, Defendant has willfully infringed the '614 patent.

60. Upon information and belief, Defendant's acts of infringement of the '614 patent will continue after service of this complaint unless enjoined by the Court.

61. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

62. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

63. Unless Defendant is enjoined by this Court from continuing its infringement of the '614 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VII
## INFRINGEMENT OF THE '055 PATENT

64. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

65. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '055 patent by practicing one or more claims of the '055 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

66. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '055 patent by contributing

to and/or actively inducing the infringement by others of the '055 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

67. Upon information and belief, Defendant has willfully infringed the '055 patent.

68. Upon information and belief, Defendant's acts of infringement of the '055 patent will continue after service of this complaint unless enjoined by the Court.

69. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

70. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

71. Unless Defendant is enjoined by this Court from continuing its infringement of the '055 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VIII
## INFRINGEMENT OF THE '468 PATENT

72. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

73. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '468 patent by practicing one or more claims of the '468 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

74. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '468 patent by contributing to and/or actively inducing the infringement by others of the '468 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

75. Upon information and belief, Defendant has willfully infringed the '468 patent.

76. Upon information and belief, Defendant's acts of infringement of the '468 patent will continue after service of this complaint unless enjoined by the Court.

77. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

78. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial. Unless Defendant is enjoined by this Court from continuing its infringement of the '468 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT IX
## INFRINGEMENT OF THE '182 PATENT

79. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

80. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '182 patent by practicing one or more claims of the '182

51451/2696519.1

patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

81. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '182 patent by contributing to and/or actively inducing the infringement by others of the '182 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

82. Upon information and belief, Defendant has willfully infringed the '182 patent.

83. Upon information and belief, Defendant's acts of infringement of the '182 patent will continue after service of this complaint unless enjoined by the Court.

84. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

85. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial. Unless Defendant is enjoined by this Court from continuing its infringement of the '182 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT X
## INFRINGEMENT OF THE '472 PATENT

86. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

87. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the

doctrine of equivalents, the '182 patent by practicing one or more claims of the '472 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

88. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '472 patent by contributing to and/or actively inducing the infringement by others of the '472 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

89. Upon information and belief, Defendant has willfully infringed the '472 patent.

90. Upon information and belief, Defendant's acts of infringement of the '472 patent will continue after service of this complaint unless enjoined by the Court.

91. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

92. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial. Unless Defendant is enjoined by this Court from continuing its infringement of the '472 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Sony prays for the following relief:

(a) That Defendant be ordered to pay damages adequate to compensate Sony for Defendant's infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(b) That Defendant be ordered to pay treble damages for willful infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(c) That Defendant be ordered to pay attorneys' fees pursuant to 35 U.S.C. § 285 for each of the patents-in-suit;

(d) That Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation with them be enjoined from further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

(e) That Defendant be ordered to pay prejudgment interest;

(f) That Defendant be ordered to pay all costs associated with this action; and

(g) That Sony be granted such other and additional relief as the Court deems just and proper.

DATED: November 14, 2008     Respectfully submitted,

By_____/FOR
Kevin P.B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Attorneys for Plaintiff
SONY CORPORATION OF AMERICA

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: November 14, 2008          Respectfully submitted,

By_____
Kevin P.B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Attorneys for Plaintiff
SONY CORPORATION OF AMERICA