# EXHIBIT A

CONFORMED COPY

1  Kevin P.B. Johnson (Bar No. 177129)
   David T. Pollock (Bar No. 217546)
2  Michael W. Gray (Bar No. 238669)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
3  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065-2139
4  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
5
   Steven M. Anderson (Bar No. 144014)
6  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
7  Los Angeles, California 90017
   Telephone: (213) 443-3000
8  Facsimile: (213) 443-3100

9  Jaime A. Siegel, Sr. IP Counsel
   SONY CORPORATION OF AMERICA
10 1 Sony Drive MD 2F-2
   Park Ridge, New Jersey 07675
11 Telephone: (201) 930-7415
   Facsimile: (201) 930-6854
12
   Attorneys for Plaintiff Sony Corporation
13

14            UNITED STATES DISTRICT COURT

15           CENTRAL DISTRICT OF CALIFORNIA

16                 WESTERN DIVISION

17 SONY CORPORATION, A Japanese        CASE NO. CV 08-03934 RGK FMOx
   corporation,
18
              Plaintiff,               COMPLAINT FOR PATENT
19                                     INFRINGEMENT
        vs.
20                                     JURY TRIAL DEMANDED
   WESTINGHOUSE DIGITAL
21 ELECTRONICS, LLC, A California
   limited liability company,
22
              Defendant.
23

24

25

26

27

28

51354/2521352.3

                              1
                                      COMPLAINT FOR PATENT INFRINGEMENT

1      Plaintiff Sony Corporation files this complaint against Westinghouse Digital

2  Electronics, LLC ("Westinghouse"):

3

4                    **THE PARTIES**

5

6      1.    Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a

7  principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

8      2.    Upon information and belief, Westinghouse is a limited liability

9  company organized under the laws of California and headquartered in Sante Fe

10 Springs, California. Westinghouse's agent for service of process is listed as

11 David O. Chen, 12150 Mora Drive, Sante Fe Springs, CA 90670.

12

13               **JURISDICTION AND VENUE**

14

15     3.    This lawsuit is an action for patent infringement arising under the

16 patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction

17 over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

18     4.    This Court has personal jurisdiction over Defendant because Defendant

19 conducts business in the State of California and committed acts of patent

20 infringement and/or contributed to or induced acts of patent infringement by others

21 in the Central District of California and elsewhere in California and the United

22 States.

23     5.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391

24 and 1400 because Defendant regularly conducts business in this judicial district, and

25 certain of the acts complained of herein occurred in this judicial district. Defendant

26 offers to sell and sells the accused products in this judicial district.

27

28

51354/2521352.3

COMPLAINT FOR PATENT INFRINGEMENT

# THE PATENTS IN SUIT

6.    On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A true and correct copy of the '626 patent is attached hereto as Exhibit A.

7.    On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption" (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is attached hereto as Exhibit B.

8.    On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542 titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true and correct copy of the '542 patent is attached hereto as Exhibit C.

9.    On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847 patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

10.    On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled "Television Function Selection Method, Television Receiver and Remove Commander for Television Receiver" (hereinafter "the '373 patent"). A true and correct copy of the '373 patent is attached hereto as Exhibit E.

11.    On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614 titled "Method and Apparatus for Displaying an Electronic Menu having Components with Differing Levels of Transparency" (hereinafter "the '614 patent"). A true and correct copy of the '614 patent is attached hereto as Exhibit F.

12.    On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055 titled "Video Data Bus Communication System and Method" (hereinafter "the '055 patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

COMPLAINT FOR PATENT INFRINGEMENT

1    13.    The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614
2  patent, and the '055 patent, collectively, are henceforth referred to as the "patents-
3  in-suit."

4    14.    Sony is the owner of all right, title, and interest in and to each of the
5  patents-in-suit with full and exclusive right to bring suit to enforce this patent,
6  including the right to recover for past infringement.

7

8                              **COUNT I**
9              **INFRINGEMENT OF THE '626 PATENT**

10

11    15.    Sony realleges and incorporates herein the allegations of the preceding
12  paragraphs of this Complaint as if fully set forth herein.

13    16.    Upon information and belief, in violation of 35 U.S.C. § 271,
14  Defendant has infringed and is continuing to infringe, literally and/or under the
15  doctrine of equivalents, the '626 patent by practicing one or more claims of the '626
16  patent in the manufacture, use, offering for sale, sale, and/or importation or
17  exportation of digital televisions.

18    17.    Upon information and belief, in violation of 35 U.S.C. § 271,
19  Defendant has infringed and is continuing to infringe the '626 patent by contributing
20  to and/or actively inducing the infringement by others of the '626 patent by the
21  manufacture, use, offering for sale, sale, and/or importation or exportation of digital
22  televisions.

23    18.    Upon information and belief, Defendant has willfully infringed the
24  '626 patent.

25    19.    Upon information and belief, Defendant's acts of infringement of the
26  '626 patent  will continue after service of this complaint unless enjoined by the
27  Court.

28

1    20.    As a result of Defendant's infringement, Sony has suffered and will
2  suffer damages.

3    21.    Sony is entitled to recover from Defendant the damages sustained by
4  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

5    22.    Unless Defendant is enjoined by this Court from continuing its
6  infringement of the '626 patent, Sony will suffer additional irreparable harm and
7  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
8  and permanent injunction against further infringement.

9

10                              **COUNT II**
11              **INFRINGEMENT OF THE '577 PATENT**

12

13    23.    Sony realleges and incorporates herein the allegations of the preceding
14  paragraphs of this Complaint as if fully set forth herein.

15    24.    Upon information and belief, in violation of 35 U.S.C. § 271,
16  Defendant has infringed and is continuing to infringe, literally and/or under the
17  doctrine of equivalents, the '577 patent by practicing one or more claims of the '577
18  patent in the manufacture, use, offering for sale, sale, and/or importation or
19  exportation of digital televisions.

20    25.    Upon information and belief, in violation of 35 U.S.C. § 271,
21  Defendant has infringed and is continuing to infringe the '577 patent by contributing
22  to and/or actively inducing the infringement by others of the '577 patent by the
23  manufacture, use, offering for sale, sale, and/or importation or exportation of digital
24  televisions.

25    26.    Upon information and belief, Defendant has willfully infringed the
26  '577 patent.

27

28

1     27.    Upon information and belief, Defendant's acts of infringement of the
2  '577 patent will continue after service of this complaint unless enjoined by the
3  Court.

4     28.    As a result of Defendant's infringement, Sony has suffered and will
5  suffer damages.

6     29.    Sony is entitled to recover from Defendant the damages sustained by
7  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

8     30.    Unless Defendant is enjoined by this Court from continuing its
9  infringement of the '577 patent, Sony will suffer additional irreparable harm and
10  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
11  and permanent injunction against further infringement.

12

13                        **COUNT III**

14            **INFRINGEMENT OF THE '542 PATENT**

15

16     31.    Sony realleges and incorporates herein the allegations of the preceding
17  paragraphs of this Complaint as if fully set forth herein.

18     32.    Upon information and belief, in violation of 35 U.S.C. § 271,
19  Defendant has infringed and is continuing to infringe, literally and/or under the
20  doctrine of equivalents, the '542 patent by practicing one or more claims of the '542
21  patent in the manufacture, use, offering for sale, sale, and/or importation or
22  exportation of digital televisions.

23     33.    Upon information and belief, in violation of 35 U.S.C. § 271,
24  Defendant has infringed and is continuing to infringe the '542 patent by contributing
25  to and/or actively inducing the infringement by others of the '542 patent by the
26  manufacture, use, offering for sale, sale, and/or importation or exportation of digital
27  televisions.

28

1    34.    Upon information and belief, Defendant has willfully infringed the

2    '542 patent.

3    35.    Upon information and belief, Defendant's acts of infringement of the

4    '542 patent will continue after service of this complaint unless enjoined by the

5    Court.

6    36.    As a result of Defendant's infringement, Sony has suffered and will

7    suffer damages.

8    37.    Sony is entitled to recover from Defendant the damages sustained by

9    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10    38.    Unless Defendant is enjoined by this Court from continuing its

11    infringement of the '542 patent, Sony will suffer additional irreparable harm and

12    impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

13    and permanent injunction against further infringement.

14

15                              **COUNT IV**

16              **INFRINGEMENT OF THE '847 PATENT**

17

18    39.    Sony realleges and incorporates herein the allegations of the preceding

19    paragraphs of this Complaint as if fully set forth herein.

20    40.    Upon information and belief, in violation of 35 U.S.C. § 271,

21    Defendant has infringed and is continuing to infringe, literally and/or under the

22    doctrine of equivalents, the '847 patent by practicing one or more claims of the '847

23    patent in the manufacture, use, offering for sale, sale, and/or importation or

24    exportation of digital televisions.

25    41.    Upon information and belief, in violation of 35 U.S.C. § 271,

26    Defendant has infringed and is continuing to infringe the '847 patent by contributing

27    to and/or actively inducing the infringement by others of the '847 patent by the

28

manufacture, use, offering for sale, sale, and/or importation or exportation of digital televisions.

42.  Upon information and belief, Defendant has willfully infringed the '847 patent.

43.  Upon information and belief, Defendant's acts of infringement of the '847 patent will continue after service of this complaint unless enjoined by the Court.

44.  As a result of Defendant's infringement, Sony has suffered and will suffer damages.

45.  Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

46.  Unless Defendant is enjoined by this Court from continuing its infringement of the '847 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT V
## INFRINGEMENT OF THE '373 PATENT

47.  Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

48.  Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '373 patent by practicing one or more claims of the '373 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of digital televisions.

49.  Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '373 patent by contributing

COMPLAINT FOR PATENT INFRINGEMENT

1  to and/or actively inducing the infringement by others of the '373 patent by the
2  manufacture, use, offering for sale, sale, and/or importation or exportation of digital
3  televisions.

4      50.    Upon information and belief, Defendant has willfully infringed the
5  '373 patent.

6      51.    Upon information and belief, Defendant's acts of infringement of the
7  '373 patent will continue after service of this complaint unless enjoined by the
8  Court.

9      52.    As a result of Defendant's infringement, Sony has suffered and will
10  suffer damages.

11     53.    Sony is entitled to recover from Defendant the damages sustained by
12  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

13     54.    Unless Defendant is enjoined by this Court from continuing its
14  infringement of the '373 patent, Sony will suffer additional irreparable harm and
15  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
16  and permanent injunction against further infringement.

17
18                              **COUNT VI**
19              **INFRINGEMENT OF THE '614 PATENT**
20

21     55.    Sony realleges and incorporates herein the allegations of the preceding
22  paragraphs of this Complaint as if fully set forth herein.

23     56.    Upon information and belief, in violation of 35 U.S.C. § 271,
24  Defendant has infringed and is continuing to infringe, literally and/or under the
25  doctrine of equivalents, the '614 patent by practicing one or more claims of the '614
26  patent in the manufacture, use, offering for sale, sale, and/or importation or
27  exportation of digital televisions.

28

57.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '614 patent by contributing to and/or actively inducing the infringement by others of the '614 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of digital televisions.

58.    Upon information and belief, Defendant has willfully infringed the '614 patent.

59.    Upon information and belief, Defendant's acts of infringement of the '614 patent will continue after service of this complaint unless enjoined by the Court.

60.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

61.    Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

62.    Unless Defendant is enjoined by this Court from continuing its infringement of the '614 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VII
## INFRINGEMENT OF THE '055 PATENT

63.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

64.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '055 patent by practicing one or more claims of the '055

1 patent in the manufacture, use, offering for sale, sale, and/or importation or
2 exportation of digital televisions.

3    65.    Upon information and belief, in violation of 35 U.S.C. § 271,
4 Defendant has infringed and is continuing to infringe the '055 patent by contributing
5 to and/or actively inducing the infringement by others of the '055 patent by the
6 manufacture, use, offering for sale, sale, and/or importation or exportation of digital
7 televisions.

8    66.    Upon information and belief, Defendant has willfully infringed the
9 '055 patent.

10    67.    Upon information and belief, Defendant's acts of infringement of the
11 '055 patent will continue after service of this complaint unless enjoined by the
12 Court.

13    68.    As a result of Defendant's infringement, Sony has suffered and will
14 suffer damages.

15    69.    Sony is entitled to recover from Defendant the damages sustained by
16 Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

17    70.    Unless Defendant is enjoined by this Court from continuing its
18 infringement of the '055 patent, Sony will suffer additional irreparable harm and
19 impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
20 and permanent injunction against further infringement.

21

22                          **PRAYER FOR RELIEF**

23    WHEREFORE, Sony prays for the following relief:

24        (a)    That Defendant be ordered to pay damages adequate to
25 compensate Sony for Defendant's infringement of each of the patents-in-suit
26 pursuant to 35 U.S.C. § 284;

27        (b)    That Defendant be ordered to pay treble damages for willful
28 infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

1           (c)    That Defendant be ordered to pay attorneys' fees pursuant to 35

2 U.S.C. § 285 for each of the patents-in-suit;

3           (d)    That Defendant, its officers, agents, servants, employees, and

4 those persons acting in active concert or in participation with them be enjoined from

5 further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

6           (e)    That Defendant be ordered to pay prejudgment interest;

7           (f)    That Defendant be ordered to pay all costs associated with this

8 action; and

9           (g)    That Sony be granted such other and additional relief as the

10 Court deems just and proper.

11 DATED: June 16, 2008         Respectfully submitted,

12

13

14 By _____ /FOR

15 Kevin P.B. Johnson
    QUINN EMANUEL URQUHART
    OLIVER & HEDGES, LLP

16 Jaime A. Siegel, Sr. IP Counsel

17 SONY CORPORATION OF AMERICA

18 Attorneys for Plaintiff
    SONY CORPORATION OF AMERICA

19

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: June 16, 2008

Respectfully submitted,

By _____ /FOR

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Jaime A. Siegel, Sr. IP Counsel
SONY CORPORATION OF AMERICA

Attorneys for Plaintiff
SONY CORPORATION OF AMERICA

51354/2521352.3

# EXHIBIT B

1 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Kevin P.B. Johnson (Bar No. 177129)
2    kevinjohnson@quinnemanuel.com
   555 Twin Dolphin Drive, Suite 560
3 Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
4 Facsimile:    (650) 801-5100

5 QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    Steven M. Anderson (Bar No. 144014)
6    stevenanderson@quinnemanuel.com
   865 South Figueroa Street, 10th Floor
7 Los Angeles, California 90017-254

8 Attorneys for Plaintiff Sony Corporation

9

10                    UNITED STATES DISTRICT COURT

11                    CENTRAL DISTRICT OF CALIFORNIA

12                         WESTERN DIVISION

13 SONY CORPORATION, A Japanese          CASE NO. CV 08-03934 - RGK (FMOx)
   Corporation,
14                                        ORDER GRANTING JOINT STIPULATION
                Plaintiff,                FOR FILING OF SONY CORPORATION'S
15                                        FIRST AMENDED COMPLAINT FOR
        vs.                               PATENT INFRINGEMENT
16
   WESTINGHOUSE DIGITAL
17 ELECTRONICS, LLC, A California limited
   liability company,
18
                Defendant.
19

20

21

22

23

24

25

26

27

28
                                        CASE NO. CV 08-03934 - RGK (FMOx

## ORDER

WHEREAS the Court being fully advised, having considered the Joint Stipulation finds that the parties Joint Stipulation for Filing of Sony's Corporation's First Amended Complaint for Patent Infringement should be GRANTED in all respects. The Clerk is hereby DIRECTED to file Sony's First Amended Complaint.

**IT IS SO ORDERED.**

Dated: <u>September 16, 2008</u>

*Gary Klausner*

HONORABLE R. Gary Klausner
United States District Court Judge

51354/2634634.1

CASE NO. CV 08-03934 - RGK (FMOx)

[PROPOSED] ORDER GRANTING JOINT STIPULATION FOR FILING OF SONY CORPORATION'S FIRST
AMENDED COMPLAINT FOR PATENT INFRINGEMENT

# EXHIBIT C

1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065-2139
3  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
4
   Steven M. Anderson (Bar No. 144014)
5  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
6  Los Angeles, California 90017
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8

9  Attorneys for Plaintiff Sony Corporation

10              UNITED STATES DISTRICT COURT

11             CENTRAL DISTRICT OF CALIFORNIA

12                    WESTERN DIVISION

13  SONY CORPORATION, A Japanese          CASE NO. CV-08-3934 RGK(FMOK)
    corporation,
14                                        **FIRST AMENDED COMPLAINT
              Plaintiff,                  FOR PATENT INFRINGEMENT**
15
         vs.                              **JURY TRIAL DEMANDED**
16
    WESTINGHOUSE DIGITAL
17  ELECTRONICS, LLC, A California
    limited liability company,
18
              Defendant.
19

20

21

22       Plaintiff Sony Corporation files this complaint against Westinghouse Digital

23  Electronics, LLC ("Westinghouse"):

24                         **THE PARTIES**

25       1.      Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a

26  principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

27       2.      Upon information and belief, Westinghouse is a limited liability

28  company organized under the laws of California and headquartered in Sante Fe

CONFORMED

FILED
CLERK, U.S. DISTRICT COURT

SEP 1 7 2008

CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

51354/2632973.2

Springs, California. Westinghouse's agent for service of process is listed as David O. Chen, 12150 Mora Drive, Sante Fe Springs, CA 90670.

## JURISDICTION AND VENUE

3. This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

4. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of California and committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the Central District of California and elsewhere in California and the United States.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant regularly conducts business in this judicial district, and certain of the acts complained of herein occurred in this judicial district. Defendant offers to sell and sells the accused products in this judicial district.

## THE PATENTS IN SUIT

6. On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A true and correct copy of the '626 patent is attached hereto as Exhibit A.

7. On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption" (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is attached hereto as Exhibit B.

i1354/2632973.2

1    8.    On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542
2    titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true
3    and correct copy of the '542 patent is attached hereto as Exhibit C.

4    9.    On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled
5    "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847
6    patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

7    10.   On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled
8    "Television Function Selection Method, Television Receiver and Remove
9    Commander for Television Receiver" (hereinafter "the '373 patent"). A true and
10   correct copy of the '373 patent is attached hereto as Exhibit E.

11   11.   On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614
12   titled "Method and Apparatus for Displaying an Electronic Menu having
13   Components with Differing Levels of Transparency" (hereinafter "the '614 patent").
14   A true and correct copy of the '614 patent is attached hereto as Exhibit F.

15   12.   On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055
16   titled "Video Data Bus Communication System and Method" (hereinafter "the '055
17   patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

18   13.   On August 26, 2008, the USPTO issued U.S. Patent Re-issue No.
19   40,468 titled "Video Data Bus Communication System and Method" (hereinafter
20   "the '468 patent"). A true and correct copy of the '468 patent is attached hereto as
21   Exhibit H.

22   14.   On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182
23   titled "Display Device" (hereinafter "the '182 patent"). A true and correct copy of
24   the '182 patent is attached hereto as Exhibit I.

25   15.   On December 9, 2003, the USPTO issued U.S. Patent No. 6,661,472
26   titled "Channel Selection In Digital Television" (hereinafter "the '472 patent"). A
27   true and correct copy of the '472 patent is attached hereto as Exhibit J.

28

16.   The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614 patent, '055 patent, '468 patent, '182 patent, and the '472 patent collectively, are henceforth referred to as the "patents-in-suit."

17.   Sony is the owner of all right, title, and interest in and to each of the patents-in-suit with full and exclusive right to bring suit to enforce this patent, including the right to recover for past infringement.

## COUNT I
## INFRINGEMENT OF THE '626 PATENT

18.   Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

19.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '626 patent by practicing one or more claims of the '626 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

20.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '626 patent by contributing to and/or actively inducing the infringement by others of the '626 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

21.   Upon information and belief, Defendant has willfully infringed the '626 patent.

22.   Upon information and belief, Defendant's acts of infringement of the '626 patent will continue after service of this complaint unless enjoined by the Court.

23.   As a result of Defendant's infringement, Sony has suffered and will suffer damages.

51354/26329732

1    24.    Sony is entitled to recover from Defendant the damages sustained by
2  Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.
3    25.    Unless Defendant is enjoined by this Court from continuing its
4  infringement of the '626 patent, Sony will suffer additional irreparable harm and
5  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
6  and permanent injunction against further infringement.

## COUNT II
## INFRINGEMENT OF THE '577 PATENT

9    26.    Sony realleges and incorporates herein the allegations of the preceding
10  paragraphs of this Complaint as if fully set forth herein.
11    27.    Upon information and belief, in violation of 35 U.S.C. § 271,
12  Defendant has infringed and is continuing to infringe, literally and/or under the
13  doctrine of equivalents, the '577 patent by practicing one or more claims of the '577
14  patent in the manufacture, use, offering for sale, sale, and/or importation or
15  exportation of display devices, including digital televisions.
16    28.    Upon information and belief, in violation of 35 U.S.C. § 271,
17  Defendant has infringed and is continuing to infringe the '577 patent by contributing
18  to and/or actively inducing the infringement by others of the '577 patent by the
19  manufacture, use, offering for sale, sale, and/or importation or exportation of display
20  devices, including digital televisions.
21    29.    Upon information and belief, Defendant has willfully infringed the
22  '577 patent.
23    30.    Upon information and belief, Defendant's acts of infringement of the
24  '577 patent will continue after service of this complaint unless enjoined by the
25  Court.
26    31.    As a result of Defendant's infringement, Sony has suffered and will
27  suffer damages.

1    32.    Sony is entitled to recover from Defendant the damages sustained by
2    Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3    33.    Unless Defendant is enjoined by this Court from continuing its
4    infringement of the '577 patent, Sony will suffer additional irreparable harm and
5    impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
6    and permanent injunction against further infringement.

## COUNT III

## INFRINGEMENT OF THE '542 PATENT

34.    Sony realleges and incorporates herein the allegations of the preceding
paragraphs of this Complaint as if fully set forth herein.

35.    Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe, literally and/or under the
doctrine of equivalents, the '542 patent by practicing one or more claims of the '542
patent in the manufacture, use, offering for sale, sale, and/or importation or
exportation of display devices, including digital televisions.

36.    Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe the '542 patent by contributing
to and/or actively inducing the infringement by others of the '542 patent by the
manufacture, use, offering for sale, sale, and/or importation or exportation of display
devices, including digital televisions.

37.    Upon information and belief, Defendant has willfully infringed the
'542 patent.

38.    Upon information and belief, Defendant's acts of infringement of the
'542 patent will continue after service of this complaint unless enjoined by the
Court.

39.    As a result of Defendant's infringement, Sony has suffered and will
suffer damages.

1354/2632973.2

40. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

41. Unless Defendant is enjoined by this Court from continuing its infringement of the '542 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT IV

## INFRINGEMENT OF THE '847 PATENT

42. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

43. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '847 patent by practicing one or more claims of the '847 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

44. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '847 patent by contributing to and/or actively inducing the infringement by others of the '847 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

45. Upon information and belief, Defendant has willfully infringed the '847 patent.

46. Upon information and belief, Defendant's acts of infringement of the '847 patent will continue after service of this complaint unless enjoined by the Court.

47. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

513542632973.2

1    48.    Sony is entitled to recover from Defendant the damages sustained by
2  Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3    49.    Unless Defendant is enjoined by this Court from continuing its
4  infringement of the '847 patent, Sony will suffer additional irreparable harm and
5  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
6  and permanent injunction against further infringement.

## COUNT V
## INFRINGEMENT OF THE '373 PATENT

50.    Sony realleges and incorporates herein the allegations of the preceding
paragraphs of this Complaint as if fully set forth herein.

51.    Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe, literally and/or under the
doctrine of equivalents, the '373 patent by practicing one or more claims of the '373
patent in the manufacture, use, offering for sale, sale, and/or importation or
exportation of display devices, including digital televisions.

52.    Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe the '373 patent by contributing
to and/or actively inducing the infringement by others of the '373 patent by the
manufacture, use, offering for sale, sale, and/or importation or exportation of display
devices, including digital televisions.

53.    Upon information and belief, Defendant has willfully infringed the
'373 patent.

54.    Upon information and belief, Defendant's acts of infringement of the
'373 patent will continue after service of this complaint unless enjoined by the
Court.

55.    As a result of Defendant's infringement, Sony has suffered and will
suffer damages.

513354/2632973.2

1   56.   Sony is entitled to recover from Defendant the damages sustained by
2   Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.
3   57.   Unless Defendant is enjoined by this Court from continuing its
4   infringement of the '373 patent, Sony will suffer additional irreparable harm and
5   impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
6   and permanent injunction against further infringement.

## COUNT VI
## INFRINGEMENT OF THE '614 PATENT

58.   Sony realleges and incorporates herein the allegations of the preceding
paragraphs of this Complaint as if fully set forth herein.

59.   Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe, literally and/or under the
doctrine of equivalents, the '614 patent by practicing one or more claims of the '614
patent in the manufacture, use, offering for sale, sale, and/or importation or
exportation of display devices, including digital televisions.

60.   Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe the '614 patent by contributing
to and/or actively inducing the infringement by others of the '614 patent by the
manufacture, use, offering for sale, sale, and/or importation or exportation of display
devices, including digital televisions.

61.   Upon information and belief, Defendant has willfully infringed the
'614 patent.

62.   Upon information and belief, Defendant's acts of infringement of the
'614 patent will continue after service of this complaint unless enjoined by the
Court.

63.   As a result of Defendant's infringement, Sony has suffered and will
suffer damages.

64.     Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

65.     Unless Defendant is enjoined by this Court from continuing its infringement of the '614 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VII

## INFRINGEMENT OF THE '055 PATENT

66.     Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

67.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '055 patent by practicing one or more claims of the '055 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

68.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '055 patent by contributing to and/or actively inducing the infringement by others of the '055 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

69.     Upon information and belief, Defendant has willfully infringed the '055 patent.

70.     Upon information and belief, Defendant's acts of infringement of the '055 patent will continue after service of this complaint unless enjoined by the Court.

71.     As a result of Defendant's infringement, Sony has suffered and will suffer damages.

51354/2632973.2

1   72.   Sony is entitled to recover from Defendant the damages sustained by
2   Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

3   73.   Unless Defendant is enjoined by this Court from continuing its
4   infringement of the '055 patent, Sony will suffer additional irreparable harm and
5   impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
6   and permanent injunction against further infringement.

### COUNT VIII
### INFRINGEMENT OF THE '468 PATENT

74.   Sony realleges and incorporates herein the allegations of the preceding
paragraphs of this Complaint as if fully set forth herein.

75.   Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe, literally and/or under the
doctrine of equivalents, the '468 patent by practicing one or more claims of the '468
patent in the manufacture, use, offering for sale, sale, and/or importation or
exportation of display devices, including digital televisions.

76.   Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe the '468 patent by contributing
to and/or actively inducing the infringement by others of the '468 patent by the
manufacture, use, offering for sale, sale, and/or importation or exportation of display
devices, including digital televisions.

77.   Upon information and belief, Defendant has willfully infringed the
'468 patent.

78.   Upon information and belief, Defendant's acts of infringement of the
'468 patent will continue after service of this complaint unless enjoined by the
Court.

79.   As a result of Defendant's infringement, Sony has suffered and will
suffer damages.

S1354/2632973.2

80.     Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

81.     Unless Defendant is enjoined by this Court from continuing its infringement of the '468 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT IX
## INFRINGEMENT OF THE '182 PATENT

82.     Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

83.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '182 patent by practicing one or more claims of the '182 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

84.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '182 patent by contributing to and/or actively inducing the infringement by others of the '182 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

85.     Upon information and belief, Defendant has willfully infringed the '182 patent.

86.     Upon information and belief, Defendant's acts of infringement of the '182 patent will continue after service of this complaint unless enjoined by the Court.

87.     As a result of Defendant's infringement, Sony has suffered and will suffer damages.

51354/2632973.2

1    88.    Sony is entitled to recover from Defendant the damages sustained by
2  Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.
3    89.    Unless Defendant is enjoined by this Court from continuing its
4  infringement of the '182 patent, Sony will suffer additional irreparable harm and
5  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
6  and permanent injunction against further infringement.

## COUNT X
## INFRINGEMENT OF THE '472 PATENT

9    90.    Sony realleges and incorporates herein the allegations of the preceding
10  paragraphs of this Complaint as if fully set forth herein.
11    91.    Upon information and belief, in violation of 35 U.S.C. § 271,
12  Defendant has infringed and is continuing to infringe, literally and/or under the
13  doctrine of equivalents, the '182 patent by practicing one or more claims of the '472
14  patent in the manufacture, use, offering for sale, sale, and/or importation or
15  exportation of display devices, including digital televisions.
16    92.    Upon information and belief, in violation of 35 U.S.C. § 271,
17  Defendant has infringed and is continuing to infringe the '472 patent by contributing
18  to and/or actively inducing the infringement by others of the '472 patent by the
19  manufacture, use, offering for sale, sale, and/or importation or exportation of display
20  devices, including digital televisions.
21    93.    Upon information and belief, Defendant has willfully infringed the
22  '472 patent.
23    94.    Upon information and belief, Defendant's acts of infringement of the
24  '472 patent will continue after service of this complaint unless enjoined by the
25  Court.
26    95.    As a result of Defendant's infringement, Sony has suffered and will
27  suffer damages.

51354/2632973.2

96. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendant's wrongful acts in an amount subject to proof at trial.

97. Unless Defendant is enjoined by this Court from continuing its infringement of the '472 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Sony prays for the following relief:

(a) That Defendant be ordered to pay damages adequate to compensate Sony for Defendant's infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(b) That Defendant be ordered to pay treble damages for willful infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

(c) That Defendant be ordered to pay attorneys' fees pursuant to 35 U.S.C. § 285 for each of the patents-in-suit;

(d) That Defendant, its officers, agents, servants, employees, and those persons acting in active concert or in participation with them be enjoined from further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

(e) That Defendant be ordered to pay prejudgment interest;

(f) That Defendant be ordered to pay all costs associated with this action; and

(g) That Sony be granted such other and additional relief as the Court deems just and proper.

DATED: September 12, 2008    Respectfully submitted,

By _____
Kevin P. B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP Attorneys for
Plaintiff
SONY CORPORATION OF AMERICA

51354/2632973.2

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: Septmeber 12, 2008    . Respectfully submitted,

By _____ /FOR

Kevin P.B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Attorneys for Plaintiff
SONY CORPORATION OF AMERICA

51354/2632913.2

# EXHIBIT D

**CONFORMED**

FILED

2008 OCT 10 PM 4: 06

CLERK U S DISTRICT COURT.
CENTRAL DIST. C CALIF
LOS ANGELES

BY_____

1  Kevin P.B. Johnson (Bar No. 177129)
2  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065-2139
   Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
4
5  Steven M. Anderson (Bar No. 144014)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
6  865 S. Figueroa St. 10th Floor
   Los Angeles, California 90017
7  Telephone: (213) 443-3000
   Facsimile: (213) 443-3100
8
9  Attorneys for Plaintiff Sony Corporation

10

11                    UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13                         WESTERN DIVISION

14  SONY CORPORATION, A Japanese        CASE NO. SACV08 - 1135 AHS (ANx)
    corporation,
15                                      **COMPLAINT FOR PATENT
              Plaintiff,                INFRINGEMENT**
16
        vs.                             **JURY TRIAL DEMANDED**
17
18  VIZIO, Inc.,

              Defendant.
19

20

21       Plaintiff Sony Corporation files this complaint against VIZIO, Inc. ("VIZIO"

22  or "Defendant"):

23

24                          **THE PARTIES**

25

26       1.    Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a

27  principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

28

51451/2664183.1

                                       1

1    2.    Upon information and belief, VIZIO is a corporation organized under
2  the laws of California and headquartered at 39 Tesla, Irvine, California, 92618.
3
4                    **JURISDICTION AND VENUE**
5
6    1.    This lawsuit is an action for patent infringement arising under the
7  patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has jurisdiction
8  over this action pursuant to 28 U.S.C. §§ 1331 and 1338.
9    2.    This Court has personal jurisdiction over Defendant because Defendant
10  conducts business in the State of California and committed acts of patent
11  infringement and/or contributed to or induced acts of patent infringement by others
12  in the Central District of California and elsewhere in California and the United
13  States.
14    3.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391
15  and 1400 because Defendant regularly conducts business in this judicial district, and
16  certain of the acts complained of herein occurred in this judicial district. Defendant
17  offers to sell and sells the accused products in this judicial district.
18
19                     **THE PATENTS IN SUIT**
20
21    4.    On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled
22  "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A
23  true and correct copy of the '626 patent is attached hereto as Exhibit A.
24    5.    On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577
25  titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data
26  Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption"
27  (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is
28  attached hereto as Exhibit B.

1     6.     On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542

2 titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true

3 and correct copy of the '542 patent is attached hereto as Exhibit C.

4     7.     On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled

5 "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847

6 patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

7     8.     On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled

8 "Television Function Selection Method, Television Receiver and Remove

9 Commander for Television Receiver" (hereinafter "the '373 patent"). A true and

10 correct copy of the '373 patent is attached hereto as Exhibit E.

11     9.     On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614

12 titled "Method and Apparatus for Displaying an Electronic Menu having

13 Components with Differing Levels of Transparency" (hereinafter "the '614 patent").

14 A true and correct copy of the '614 patent is attached hereto as Exhibit F.

15     10.    On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055

16 titled "Video Data Bus Communication System and Method" (hereinafter "the '055

17 patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit G.

18     11.    On August 26, 2008, the USPTO issued U.S. Patent Re-issue No.

19 40,468 titled "Video Data Bus Communication System and Method" (hereinafter

20 "the '468 patent"). A true and correct copy of the '468 patent is attached hereto as

21 Exhibit H.

22     12.    On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182

23 titled "Display Device" (hereinafter "the '182 patent"). A true and correct copy of

24 the '182 patent is attached hereto as Exhibit I.

25     13.    On December 9, 2003, the USPTO issued U.S. Patent No. 6,661,472

26 titled "Channel Selection In Digital Television" (hereinafter "the '472 patent"). A

27 true and correct copy of the '472 patent is attached hereto as Exhibit J.

28

51451/2664183.1

1     14.   On April 29, 1992, the USPTO issued U.S. Patent No. 5,285,285 titled

2    "Method Of Controlling First Items That Require Prior CRT Display And Second

3    Items That Require No Prior Display" (hereinafter "the '285 patent"). A true and

4    correct copy of the '285 patent is attached hereto as Exhibit K.

5     15.   On May 18, 1993, the USPTO issued U.S. Patent No. 5,212,553 titled

6    "Television Receiver With Selective Menu Display" (hereinafter "the '553 patent").

7    A true and correct copy of the '553 patent is attached hereto as Exhibit L.

8     16.   On December 1, 1992, the USPTO issued U.S. Patent No. 5,168,362

9    titled "Apparatus For Displaying Standard Aspect Ratio Television Signal On Wide

10   Aspect Ratio Display Screen" (hereinafter "the '362 patent"). A true and correct

11   copy of the '362 patent is attached hereto as Exhibit M.

12     17.   On May 18, 1993, the USPTO issued U.S. Patent No. 5,539,425 titled

13   "Display Unit" (hereinafter "the '425 patent"). A true and correct copy of the '425

14   patent is attached hereto as Exhibit N.

15     18.   The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614

16   patent, '055 patent, '468 patent, '182 patent, '472 patent, '285 patent, '553 patent,

17   '362 patent, and the '425 patent collectively, are henceforth referred to as the

18   "patents-in-suit."

19     19.   Sony is the owner of all right, title, and interest in and to each of the

20   patents-in-suit with full and exclusive right to bring suit to enforce this patent,

21   including the right to recover for past infringement.

22

23                      **COUNT I**

24         **INFRINGEMENT OF THE '626 PATENT**

25

26     20.   Sony realleges and incorporates herein the allegations of the preceding

27   paragraphs of this Complaint as if fully set forth herein.

28

1       21.    Upon information and belief, in violation of 35 U.S.C. § 271,

2  Defendant has infringed and is continuing to infringe, literally and/or under the

3  doctrine of equivalents, the '626 patent by practicing one or more claims of the '626

4  patent in the manufacture, use, offering for sale, sale, and/or importation or

5  exportation of display devices, including digital televisions.

6       22.    Upon information and belief, in violation of 35 U.S.C. § 271,

7  Defendant has infringed and is continuing to infringe the '626 patent by contributing

8  to and/or actively inducing the infringement by others of the '626 patent by the

9  manufacture, use, offering for sale, sale, and/or importation or exportation of display

10  devices, including digital televisions.

11      23.    Upon information and belief, Defendant has willfully infringed the

12  '626 patent.

13      24.    Upon information and belief, Defendant's acts of infringement of the

14  '626 patent will continue after service of this complaint unless enjoined by the

15  Court.

16      25.    As a result of Defendant's infringement, Sony has suffered and will

17  suffer damages.

18      26.    Sony is entitled to recover from Defendant the damages sustained by

19  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

20      27.    Unless Defendant is enjoined by this Court from continuing its

21  infringement of the '626 patent, Sony will suffer additional irreparable harm and

22  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

23  and permanent injunction against further infringement.

24

25

26

27

28

## COUNT II
## INFRINGEMENT OF THE '577 PATENT

28. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

29. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '577 patent by practicing one or more claims of the '577 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

30. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '577 patent by contributing to and/or actively inducing the infringement by others of the '577 patent by manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

31. Upon information and belief, Defendant has willfully infringed the '577 patent.

32. Upon information and belief, Defendant's acts of infringement of the '577 patent will continue after service of this complaint unless enjoined by the Court.

33. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

34. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

35. Unless Defendant is enjoined by this Court from continuing its infringement of the '577 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

51451/2664183.1

## COUNT III

## INFRINGEMENT OF THE '542 PATENT

36.     Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

37.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '542 patent by practicing one or more claims of the '542 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

38.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '542 patent by contributing to and/or actively inducing the infringement by others of the '542 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

39.     Upon information and belief, Defendant has willfully infringed the '542 patent.

40.     Upon information and belief, Defendant's acts of infringement of the '542 patent will continue after service of this complaint unless enjoined by the Court.

41.     As a result of Defendant's infringement, Sony has suffered and will suffer damages.

42.     Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

43.     Unless Defendant is enjoined by this Court from continuing its infringement of the '542 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT IV

## INFRINGEMENT OF THE '847 PATENT

44.    Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

45.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '847 patent by practicing one or more claims of the '847 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of digital devices, including display televisions.

46.    Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '847 patent by contributing to and/or actively inducing the infringement by others of the '847 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

47.    Upon information and belief, Defendant has willfully infringed the '847 patent.

48.    Upon information and belief, Defendant's acts of infringement of the '847 patent will continue after service of this complaint unless enjoined by the Court.

49.    As a result of Defendant's infringement, Sony has suffered and will suffer damages.

50.    Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

51.    Unless Defendant is enjoined by this Court from continuing its infringement of the '847 patent, Sony will suffer additional irreparable harm and

51451/2664183.1

1 impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
2 and permanent injunction against further infringement.

## COUNT V

## INFRINGEMENT OF THE '373 PATENT

6    52.    Sony realleges and incorporates herein the allegations of the preceding
7 paragraphs of this Complaint as if fully set forth herein.

8    53.    Upon information and belief, in violation of 35 U.S.C. § 271,
9 Defendant has infringed and is continuing to infringe, literally and/or under the
10 doctrine of equivalents, the '373 patent by practicing one or more claims of the '373
11 patent in the manufacture, use, offering for sale, sale, and/or importation or
12 exportation of display devices, including digital televisions.

13    54.    Upon information and belief, in violation of 35 U.S.C. § 271,
14 Defendant has infringed and is continuing to infringe the '373 patent by contributing
15 to and/or actively inducing the infringement by others of the '373 patent by the
16 manufacture, use, offering for sale, sale, and/or importation or exportation of display
17 devices, including digital televisions.

18    55.    Upon information and belief, Defendant has willfully infringed the
19 '373 patent.

20    56.    Upon information and belief, Defendant's acts of infringement of the
21 '373 patent will continue after service of this complaint unless enjoined by the
22 Court.

23    57.    As a result of Defendant's infringement, Sony has suffered and will
24 suffer damages.

25    58.    Sony is entitled to recover from Defendant the damages sustained by
26 Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

27    59.    Unless Defendant is enjoined by this Court from continuing its
28 infringement of the '373 patent, Sony will suffer additional irreparable harm and

impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VI
## INFRINGEMENT OF THE '614 PATENT

60. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

61. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '614 patent by practicing one or more claims of the '614 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

62. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '614 patent by contributing to and/or actively inducing the infringement by others of the '614 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

63. Upon information and belief, Defendant has willfully infringed the '614 patent.

64. Upon information and belief, Defendant's acts of infringement of the '614 patent will continue after service of this complaint unless enjoined by the Court.

65. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

66. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

1    67.    Unless Defendant is enjoined by this Court from continuing its

2  infringement of the '614 patent, Sony will suffer additional irreparable harm and

3  impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary

4  and permanent injunction against further infringement.

5

6                              **COUNT VII**

7              **INFRINGEMENT OF THE '055 PATENT**

8

9    68.    Sony realleges and incorporates herein the allegations of the preceding

10  paragraphs of this Complaint as if fully set forth herein.

11    69.    Upon information and belief, in violation of 35 U.S.C. § 271,

12  Defendant has infringed and is continuing to infringe, literally and/or under the

13  doctrine of equivalents, the '055 patent by practicing one or more claims of the '055

14  patent in the manufacture, use, offering for sale, sale, and/or importation or

15  exportation of display devices, including digital televisions.

16    70.    Upon information and belief, in violation of 35 U.S.C. § 271,

17  Defendant has infringed and is continuing to infringe the '055 patent by contributing

18  to and/or actively inducing the infringement by others of the '055 patent by the

19  manufacture, use, offering for sale, sale, and/or importation or exportation of display

20  devices, including digital televisions.

21    71.    Upon information and belief, Defendant has willfully infringed the

22  '055 patent.

23    72.    Upon information and belief, Defendant's acts of infringement of the

24  '055 patent will continue after service of this complaint unless enjoined by the

25  Court.

26    73.    As a result of Defendant's infringement, Sony has suffered and will

27  suffer damages.

28

1    74.    Sony is entitled to recover from Defendant the damages sustained by
2  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
3    75.    Unless Defendant is enjoined by this Court from continuing its
4  infringement of the '055 patent, Sony will suffer additional irreparable harm and
5  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
6  and permanent injunction against further infringement.
7
8                          **COUNT VIII**
9              **INFRINGEMENT OF THE '468 PATENT**
10
11   76.    Sony realleges and incorporates herein the allegations of the preceding
12  paragraphs of this Complaint as if fully set forth herein.
13   77.    Upon information and belief, in violation of 35 U.S.C. § 271,
14  Defendant has infringed and is continuing to infringe, literally and/or under the
15  doctrine of equivalents, the '468 patent by practicing one or more claims of the '468
16  patent in the manufacture, use, offering for sale, sale, and/or importation or
17  exportation of display devices, including digital televisions.
18   78.    Upon information and belief, in violation of 35 U.S.C. § 271,
19  Defendant has infringed and is continuing to infringe the '468 patent by contributing
20  to and/or actively inducing the infringement by others of the '468 patent by the
21  manufacture, use, offering for sale, sale, and/or importation or exportation of display
22  devices, including digital televisions.
23   79.    Upon information and belief, Defendant has willfully infringed the
24  '468 patent.
25   80.    Upon information and belief, Defendant's acts of infringement of the
26  '468 patent will continue after service of this complaint unless enjoined by the
27  Court.
28

                                        COMPLAINT FOR PATENT INFRINGEMENT

1    81.    As a result of Defendant's infringement, Sony has suffered and will
2    suffer damages.

3    82.    Sony is entitled to recover from Defendant the damages sustained by
4    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
5    Unless Defendant is enjoined by this Court from continuing its infringement of the
6    '468 patent, Sony will suffer additional irreparable harm and impairment of the
7    value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent
8    injunction against further infringement.

9

10                              COUNT IX
11              INFRINGEMENT OF THE '182 PATENT
12

13    83.    Sony realleges and incorporates herein the allegations of the preceding
14    paragraphs of this Complaint as if fully set forth herein.

15    84.    Upon information and belief, in violation of 35 U.S.C. § 271,
16    Defendant has infringed and is continuing to infringe, literally and/or under the
17    doctrine of equivalents, the '182 patent by practicing one or more claims of the '182
18    patent in the manufacture, use, offering for sale, sale, and/or importation or
19    exportation of display devices, including digital televisions.

20    85.    Upon information and belief, in violation of 35 U.S.C. § 271,
21    Defendant has infringed and is continuing to infringe the '182 patent by contributing
22    to and/or actively inducing the infringement by others of the '182 patent by the
23    manufacture, use, offering for sale, sale, and/or importation or exportation of display
24    devices, including digital televisions.

25    86.    Upon information and belief, Defendant has willfully infringed the
26    '182 patent.

27
28

1    87.   Upon information and belief, Defendant's acts of infringement of the
2   '182 patent will continue after service of this complaint unless enjoined by the
3   Court.

4    88.   As a result of Defendant's infringement, Sony has suffered and will
5   suffer damages.

6    89.   Sony is entitled to recover from Defendant the damages sustained by
7   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
8   Unless Defendant is enjoined by this Court from continuing its infringement of the
9   '182 patent, Sony will suffer additional irreparable harm and impairment of the
10  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent
11  injunction against further infringement.

12

## COUNT X
## INFRINGEMENT OF THE '472 PATENT

16   90.   Sony realleges and incorporates herein the allegations of the preceding
17  paragraphs of this Complaint as if fully set forth herein.

18   91.   Upon information and belief, in violation of 35 U.S.C. § 271,
19  Defendant has infringed and is continuing to infringe, literally and/or under the
20  doctrine of equivalents, the '182 patent by practicing one or more claims of the '472
21  patent in the manufacture, use, offering for sale, sale, and/or importation or
22  exportation of display devices, including digital televisions.

23   92.   Upon information and belief, in violation of 35 U.S.C. § 271,
24  Defendant has infringed and is continuing to infringe the '472 patent by contributing
25  to and/or actively inducing the infringement by others of the '472 patent by the
26  manufacture, use, offering for sale, sale, and/or importation or exportation of display
27  devices, including digital televisions.

28

1    93.    Upon information and belief, Defendant has willfully infringed the

2  '472 patent.

3    94.    Upon information and belief, Defendant's acts of infringement of the

4  '472 patent will continue after service of this complaint unless enjoined by the

5  Court.

6    95.    As a result of Defendant's infringement, Sony has suffered and will

7  suffer damages.

8    96.    Sony is entitled to recover from Defendant the damages sustained by

9  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10  Unless Defendant is enjoined by this Court from continuing its infringement of the

11  '472 patent, Sony will suffer additional irreparable harm and impairment of the

12  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

13  injunction against further infringement.

14  **COUNT XI**

15  **INFRINGEMENT OF THE '285 PATENT**

16

17    97.    Sony realleges and incorporates herein the allegations of the preceding

18  paragraphs of this Complaint as if fully set forth herein.

19    98.    Upon information and belief, in violation of 35 U.S.C. § 271,

20  Defendant has infringed and is continuing to infringe, literally and/or under the

21  doctrine of equivalents, the '285 patent by practicing one or more claims of the '285

22  patent in the manufacture, use, offering for sale, sale, and/or importation or

23  exportation of display devices, including digital televisions.

24    99.    Upon information and belief, in violation of 35 U.S.C. § 271,

25  Defendant has infringed and is continuing to infringe the '285 patent by contributing

26  to and/or actively inducing the infringement by others of the '285 patent by the

27  manufacture, use, offering for sale, sale, and/or importation or exportation of display

28  devices, including digital televisions.

1    100.  Upon information and belief, Defendant has willfully infringed the
2 '285 patent.

3    101.  Upon information and belief, Defendant's acts of infringement of the
4 '285 patent will continue after service of this complaint unless enjoined by the
5 Court.

6    102.  As a result of Defendant's infringement, Sony has suffered and will
7 suffer damages.

8    103.  Sony is entitled to recover from Defendant the damages sustained by
9 Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
10 Unless Defendant is enjoined by this Court from continuing its infringement of the
11 '285 patent, Sony will suffer additional irreparable harm and impairment of the
12 value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent
13 injunction against further infringement.

14                          **COUNT XII**

15              **INFRINGEMENT OF THE '553 PATENT**

16

17    104.  Sony realleges and incorporates herein the allegations of the preceding
18 paragraphs of this Complaint as if fully set forth herein.

19    105.  Upon information and belief, in violation of 35 U.S.C. § 271,
20 Defendant has infringed and is continuing to infringe, literally and/or under the
21 doctrine of equivalents, the '553 patent by practicing one or more claims of the '553
22 patent in the manufacture, use, offering for sale, sale, and/or importation or
23 exportation of display devices, including digital televisions.

24    106.  Upon information and belief, in violation of 35 U.S.C. § 271,
25 Defendant has infringed and is continuing to infringe the '553 patent by contributing
26 to and/or actively inducing the infringement by others of the '553 patent by the
27 manufacture, use, offering for sale, sale, and/or importation or exportation of display
28 devices, including digital televisions.

51451/2664183.1

COMPLAINT FOR PATENT INFRINGEMENT

1    107.  Upon information and belief, Defendant has willfully infringed the
2  '553 patent.

3    108.  Upon information and belief, Defendant's acts of infringement of the
4  '553 patent will continue after service of this complaint unless enjoined by the
5  Court.

6    109.  As a result of Defendant's infringement, Sony has suffered and will
7  suffer damages.

8    110.  Sony is entitled to recover from Defendant the damages sustained by
9  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
10  Unless Defendant is enjoined by this Court from continuing its infringement of the
11  '553 patent, Sony will suffer additional irreparable harm and impairment of the
12  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent
13  injunction against further infringement.

14                          **COUNT XIII**
15              **INFRINGEMENT OF THE '362 PATENT**

16

17    111.  Sony realleges and incorporates herein the allegations of the preceding
18  paragraphs of this Complaint as if fully set forth herein.

19    112.  Upon information and belief, in violation of 35 U.S.C. § 271,
20  Defendant has infringed and is continuing to infringe, literally and/or under the
21  doctrine of equivalents, the '362 patent by practicing one or more claims of the '362
22  patent in the manufacture, use, offering for sale, sale, and/or importation or
23  exportation of display devices, including digital televisions.

24    113.  Upon information and belief, in violation of 35 U.S.C. § 271,
25  Defendant has infringed and is continuing to infringe the '362 patent by contributing
26  to and/or actively inducing the infringement by others of the '362 patent by the
27  manufacture, use, offering for sale, sale, and/or importation or exportation of display
28  devices, including digital televisions.

1      114.

2      115.   Upon information and belief, Defendant has willfully infringed the

3    '362 patent.

4      116.   Upon information and belief, Defendant's acts of infringement of the

5    '362 patent will continue after service of this complaint unless enjoined by the

6    Court.

7      117.   As a result of Defendant's infringement, Sony has suffered and will

8    suffer damages.

9      118.   Sony is entitled to recover from Defendant the damages sustained by

10   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

11   Unless Defendant is enjoined by this Court from continuing its infringement of the

12   '362 patent, Sony will suffer additional irreparable harm and impairment of the

13   value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent

14   injunction against further infringement.

## COUNT XIV

## INFRINGEMENT OF THE '425 PATENT

18     119.   Sony realleges and incorporates herein the allegations of the preceding

19   paragraphs of this Complaint as if fully set forth herein.

20     120.   Upon information and belief, in violation of 35 U.S.C. § 271,

21   Defendant has infringed and is continuing to infringe, literally and/or under the

22   doctrine of equivalents, the '425 patent by practicing one or more claims of the '425

23   patent in the manufacture, use, offering for sale, sale, and/or importation or

24   exportation of display devices, including digital televisions.

25     121.   Upon information and belief, in violation of 35 U.S.C. § 271,

26   Defendant has infringed and is continuing to infringe the '425 patent by contributing

27   to and/or actively inducing the infringement by others of the '425 patent by the

28

1  122.  manufacture, use, offering for sale, sale, and/or importation or
2  exportation of display devices, including digital televisions.
3  123.  Upon information and belief, Defendant has willfully infringed the
4  '425 patent.
5  124.  Upon information and belief, Defendant's acts of infringement of the
6  '472 patent will continue after service of this complaint unless enjoined by the
7  Court.
8  125.  As a result of Defendant's infringement, Sony has suffered and will
9  suffer damages.
10  126.  Sony is entitled to recover from Defendant the damages sustained by
11  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
12  Unless Defendant is enjoined by this Court from continuing its infringement of the
13  '425 patent, Sony will suffer additional irreparable harm and impairment of the
14  value of its patent rights.  Thus, Sony is entitled to a preliminary and permanent
15  injunction against further infringement.

16  **PRAYER FOR RELIEF**

17  WHEREFORE, Sony prays for the following relief:
18  (a)  That Defendant be ordered to pay damages adequate to
19  compensate Sony for Defendant's infringement of each of the patents-in-suit
20  pursuant to 35 U.S.C. § 284;
21  (b)  That Defendant be ordered to pay treble damages for willful
22  infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;
23  (c)  That Defendant be ordered to pay attorneys' fees pursuant to 35
24  U.S.C. § 285 for each of the patents-in-suit;
25  (d)  That Defendant, its officers, agents, servants, employees, and
26  those persons acting in active concert or in participation with them be enjoined from
27  further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;
28  (e)  That Defendant be ordered to pay prejudgment interest;

1
2          (f)      That Defendant be ordered to pay all costs associated with this
3    action; and
4          (g)      That Sony be granted such other and additional relief as the
5    Court deems just and proper.
6
     DATED:  October 10, 2008          Respectfully submitted,
7
8
9                                      By _____
                                          Steven Anderson
10                                        QUINN EMANUEL URQUHART
                                          OLIVER & HEDGES, LLP
11
12                                        Attorneys for Plaintiff
                                          SONY CORPORATION
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

251451/2664183.1

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED:  October 10, 2008          Respectfully submitted,

By _____
Steven Anderson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Attorneys for Plaintiff
SONY CORPORATION OF AMERICA

251451/2664183.1

# EXHIBIT E

CONFORMED COPY

1   Kevin P.B. Johnson (Bar No. 177129)
    Benjamin L. Singer (*pro hac* admission pending)
2   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
    555 Twin Dolphin Drive, Suite 560
3   Redwood Shores, California 94065-2139
    Telephone: (650) 801-5000
4   Facsimile: (650) 801-5100

5   Steven M. Anderson (Bar No. 144014)
    QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
6   865 S. Figueroa St. 10th Floor
    Los Angeles, California 90017
7   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100

8

9   Attorneys for Plaintiff Sony Corporation

10

11              UNITED STATES DISTRICT COURT

12             CENTRAL DISTRICT OF CALIFORNIA

13                    WESTERN DIVISION

14  SONY CORPORATION, A Japanese       CASE NO. SACV08-1135 AHS (AN)
    corporation,
15
            Plaintiff,                 NOTICE OF RELATED CASES
16
        vs.
17
    VIZIO, Inc.,
18
            Defendant.
19

20

21

22

23

24

25

26

27

28

51451/2664170.1                        1

TO THE CLERK OF THE COURT:

PLEASE TAKE NOTICE that the following cases that have previously been filed in this Court are related to the instant case in that a number of the patents-in-suit are identical to those in the prior case and in that the instant case calls for the determination of the same or substantially identical questions of law in that the relief sought is the same.

The related case is *Sony Corp. v. Westinghouse Digital Electronics, LLC,* CV08-03934 RGK (FMOx).

DATED: October 10, 2008        Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____
Steven M. Anderson
Attorneys for Plaintiff Sony Corporation

51451/2664170.1

# EXHIBIT F

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) <br> SONY CORPORATION, A Japanese corporation | DEFENDANTS <br> VIZIO, Inc. |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) <br><br> QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP <br> 865 S. Figueroa Street, 10th Floor <br> Los Angeles, California 90017    Tel: (213) 443-3000 | Attorneys (If Known) <br><br> unknown |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

□ 1 U.S. Government Plaintiff    ☑ 3 Federal Question (U.S. Government Not a Party)

□ 2 U.S. Government Defendant    □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding    □ 2 Removed from State Court    □ 3 Remanded from Appellate Court    □ 4 Reinstated or Reopened    □ 5 Transferred from another district (specify):    □ 6 Multi-District Litigation    □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes   □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes  ☑ No          □ MONEY DEMANDED IN COMPLAINT: $ to be proved at trial

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Counts 1-14: violation of 35 U.S.C. 271 (Patent Infringement)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | □ 530 General | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 535 Death Penalty | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 470 Racketeer Influenced and Corrupt Organizations | □ 151 Medicare Act | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 480 Consumer Credit | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 490 Cable/Sat TV | | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | □ 610 Agriculture | □ 820 Copyrights |
| □ 810 Selective Service | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 360 Other Personal Injury | □ 441 Voting | □ 620 Other Food & Drug | ☑ 830 Patent |
| □ 850 Securities/Commodities/ Exchange | □ 160 Stockholders' Suits | □ 362 Personal Injury- Med Malpractice | □ 442 Employment | □ 625 Drug Related Seizure of Property 21 USC 881 | □ 840 Trademark |
| □ 875 Customer Challenge 12 USC 3410 | □ 190 Other Contract | □ 365 Personal Injury- Product Liability | □ 443 Housing/Acco- mmodations | | SOCIAL SECURITY |
| □ 890 Other Statutory Actions | □ 195 Contract Product Liability | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 891 Agricultural Act | □ 196 Franchise | | □ 445 American with Disabilities - Employment | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 893 Environmental Matters | □ 210 Land Condemnation | □ 462 Naturalization Application | □ 446 American with Disabilities - Other | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 894 Energy Allocation Act | □ 220 Foreclosure | □ 463 Habeas Corpus- Alien Detainee | □ 440 Other Civil Rights | □ 690 Other | □ 865 RSI (405(g)) |
| □ 895 Freedom of Info. Act | □ 230 Rent Lease & Ejectment | □ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| □ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | □ 240 Torts to Land | | | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| □ 950 Constitutionality of State Statutes | □ 245 Tort Product Liability | | | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

# SACV08-1135

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

VIII(a). IDENTICAL CASES: Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). RELATED CASES: Have any cases been previously filed in this court that are related to the present case? ☐ No  ☑ Yes
If yes, list case number(s): CV08-03934 RGK (FMOx)

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
　　　　　　　　　　　　　☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
　　　　　　　　　　　　　☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
　　　　　　　　　　　　　☑ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

IX. VENUE: (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐　Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Sony Corporation: citizen of Japan; |

(b).  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐　Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| VIZIO, Inc. - Orange County, California | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Claims 1-14: Los Angeles County | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X.  SIGNATURE OF ATTORNEY (OR PRO PER):  〔signature〕　　　　Date  October 10, 2008

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# EXHIBIT G

Liza M. Walsh
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Counsel for Plaintiff
VIZIO, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIZIO, Inc., | ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SONY CORPORATION,<br>A Japanese Corporation, and<br>SONY CORPORATION OF AMERICA,<br>A New York Corporation, | ) ) ) ) ) | **COMPLAINT FOR DECLARATORY<br>JUDGMENT, TRADE LIBEL,<br>DISPARGEMENT, AND<br>VIOLATION OF LANHAM ACT** |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff VIZIO, Inc. ("VIZIO") for its Complaint against Sony Corporation and Sony

Corporation of America hereby demands a jury trial and alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for declaratory judgment of noninfringement and invalidity of

twelve (12) United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-

02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, for damages for and

injunctive relief from trade libel and disparagement under common law and violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for such other relief as the Court deems just and proper.

## PARTIES

2.      Plaintiff VIZIO is an American company that sells high definition televisions, having its principal place of business at 39 Tesla, Irvine, California 92618.

3.      On information and belief, defendant Sony Corporation ("Sony") is a Japanese corporation having its principal place of business at 1-7-1, Konan, Minato-Ku, Tokyo, Japan.

4.      On information and belief, defendant Sony Corporation of America ("SCA") is a New York corporation having its principal place of business at 550 Madison Avenue, New York, New York 10022. SCA has offices and employees in New Jersey at 1 Sony Drive, Park Ridge, New Jersey and 123 Tice Boulevard, Woodcliff Lake, New Jersey.

5.      As alleged herein, Sony and SCA have engaged in various acts in and directed to New Jersey.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction of Counts I-XXIV of this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and of Counts XXV and XXVI of this Complaint under 28 U.S.C. §§ 1331, 1338(b), 1367 and/or the doctrine of pendent jurisdiction. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7.      Sony purports to be the owner of rights in U.S. Patent Nos. 5,285,285; 5,212,553; 5,434,626; 6,111,614; 5,168,362; 5,539,425; 6,778,182; RE 38,055; 5,583,577; 5,684,542; 5,731,847; and RE 40,468 (collectively, the "Patents-in-Suit"). Through a series of verbal and written communications, Sony has asserted that these patents relate to various aspects of

- 2 -

televisions and are infringed by VIZIO.  Sony has confirmed its ability and willingness to file suit against VIZIO and has threatened to sue VIZIO for infringement of the Patents-in-Suit, but VIZIO has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents, nor is it aware of any infringement of any of the Patents-in-Suit.  A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

8.     This Court has personal jurisdiction over Sony.  Sony has regularly conducted business in and directed to New Jersey, including, *inter alia*, business pertaining to the Patents-in-Suit, has sued to enforce its patents in this Court, and has engaged in various acts in and directed to New Jersey.

9.     This Court has personal jurisdiction over SCA.  SCA regularly conducts business in and directed to New Jersey, including, *inter alia*, business pertaining to the Patents-in-Suit, and has an office and employees in New Jersey.

## THE PATENTS

10.     U.S. Patent No. 5,285,285 ("the '285 patent") is entitled "Method of Controlling First Items That Require Prior CRT Display And Second Items That Require No Prior Display," and bears an issuance date of February 8, 1994.  A copy of the '285 patent is attached hereto as Exhibit 1.

11.     U.S. Patent No. 5,212,553 ("the '553 patent") is entitled "Television Receiver With Selective Menu Display," and bears an issuance date of May 18, 1993.  A copy of the '553 patent is attached hereto as Exhibit 2.

- 3 -

12.     U.S. Patent No. 5,434,626 ("the '626 patent") is entitled "Display Apparatus Displaying Operation Menu," and bears an issuance date of July 18, 1995. A copy of the '626 patent is attached hereto as Exhibit 3.

13.     U.S. Patent No. 6,111,614 ("the '614 patent") is entitled "Method And Apparatus For Displaying An Electronic Menu Having Components With Differing Levels Of Transparency," and bears an issuance date of August 29, 2000. A copy of the '614 patent is attached hereto as Exhibit 4.

14.     U.S. Patent No. 5,168,362 ("the '362 patent") is entitled "Apparatus For Displaying Standard Aspect Ratio Television Signal On Wide Aspect Ratio Display Screen," and bears an issuance date of December 1, 1992. A copy of the '362 patent is attached hereto as Exhibit 5.

15.     U.S. Patent No. 5,539,425 ("the '425 patent") is entitled "Display Unit," and bears an issuance date of July 23, 1996. A copy of the '425 patent is attached hereto as Exhibit 6.

16.     U.S. Patent No. 6,778,182 ("the '182 patent") is entitled "Display Device," and bears an issuance date of August 17, 2004. A copy of the '182 patent is attached hereto as Exhibit 7.

17.     U.S. Patent No. RE 38,055 ("the '055 patent") is entitled "Video Data Bus Communication System And Method," and bears an issuance date of April 1, 2003. A copy of the '055 patent is attached hereto as Exhibit 8.

18.     U.S. Patent No. 5,583,577 ("the '577 patent") is entitled "Caption Data Coding/Decoding Systems And Methods That Includes Key Data Indicating Intermediate Levels

- 4 -

Of Attenuation In The Vicinity Of The Caption," and bears an issuance date of December 10, 1996. A copy of the '577 patent is attached hereto as Exhibit 9.

19.    U.S. Patent No. 5,684,542 ("the '542 patent") is entitled "Video Subtitle Processing System," and bears an issuance date of November 4, 1997. A copy of the '542 patent is attached hereto as Exhibit 10.

20.    U.S. Patent No. 5,731,847 ("the '847 patent") is entitled "Subtitle Encoding/Decoding Method And Apparatus," and bears an issuance date of March 24, 1998. A copy of the '847 patent is attached hereto as Exhibit 11.

21.    U.S. Patent No. RE40,468 ("the '468 patent") is entitled "Video Data Bus Communication System and Method," and bears an issuance date of August 26, 2008. A copy of the '468 patent is attached hereto as Exhibit 12.

## COUNT I - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,285,285

22.    VIZIO repeats and realleges the allegations in paragraphs 1-21 as though fully set forth herein.

23.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '285 patent.

24.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '285 patent.

- 5 -

## COUNT II - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,285,285

26.     VIZIO repeats and realleges the allegations in paragraphs 1-25 as though fully set forth herein.

27.     The '285 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

28.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '285 patent.

## COUNT III - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,212,553

30.     VIZIO repeats and realleges the allegations in paragraphs 1-29 as though fully set forth herein.

31.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '553 patent.

32.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '553 patent.

1990805-01

## COUNT IV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,212,553

34.     VIZIO repeats and realleges the allegations in paragraphs 1-33 as though fully set forth herein.

35.     The '553 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

36.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '553 patent.

## COUNT V - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,434,626

38.     VIZIO repeats and realleges the allegations in paragraphs 1-37 as though fully set forth herein.

39.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '626 patent.

40.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '626 patent.

1990805-01

## COUNT VI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,434,626

42. VIZIO repeats and realleges the allegations in paragraphs 1-41 as though fully set forth herein.

43. The '626 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

44. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45. A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '626 patent.

## COUNT VII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,111,614

46. VIZIO repeats and realleges the allegations in paragraphs 1-45 as though fully set forth herein.

47. VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '614 patent.

48. As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49. A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '614 patent.

- 8 -

## COUNT VIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,111,614

50.     VIZIO repeats and realleges the allegations in paragraphs 1-49 as though fully set forth herein.

51.     The '614 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

52.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '614 patent.

## COUNT IX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,168,362

54.     VIZIO repeats and realleges the allegations in paragraphs 1-53 as though fully set forth herein.

55.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '362 patent.

56.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

57.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '362 patent.

1990805-01

## COUNT X - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,168,362

58.     VIZIO repeats and realleges the allegations in paragraphs 1-57 as though fully set forth herein.

59.     The '362 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

60.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

61.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '362 patent.

## COUNT XI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,539,425

62.     VIZIO repeats and realleges the allegations in paragraphs 1-61 as though fully set forth herein.

63.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '425 patent.

64.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

65.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '425 patent.

1990805-01

## COUNT XII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,539,425

66.     VIZIO repeats and realleges the allegations in paragraphs 1-65 as though fully set forth herein.

67.     The '425 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

68.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

69.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '425 patent.

## COUNT XIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,778,182

70.     VIZIO repeats and realleges the allegations in paragraphs 1-69 as though fully set forth herein.

71.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '182 patent.

72.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

73.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '182 patent.

1990805-01

## COUNT XIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,778,182

74.     VIZIO repeats and realleges the allegations in paragraphs 1-73 as though fully set forth herein.

75.     The '182 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

76.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

77.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '182 patent.

## COUNT XV - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE 38,055

78.     VIZIO repeats and realleges the allegations in paragraphs 1-77 as though fully set forth herein.

79.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '055 patent.

80.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

81.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '055 patent.

1990805-01

## COUNT XVI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 38,055

82.     VIZIO repeats and realleges the allegations in paragraphs 1-81 as though fully set forth herein.

83.     The '055 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

84.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

85.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '055 patent.

## COUNT XVII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,583,577

86.     VIZIO repeats and realleges the allegations in paragraphs 1-85 as though fully set forth herein.

87.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '577 patent.

88.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

89.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '577 patent.

1990805-01

## COUNT XVIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,583,577

90.     VIZIO repeats and realleges the allegations in paragraphs 1-89 as though fully set forth herein.

91.     The '577 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

92.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

93.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '577 patent.

## COUNT XIX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,684,542

94.     VIZIO repeats and realleges the allegations in paragraphs 1-93 as though fully set forth herein.

95.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '542 patent.

96.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

97.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '542 patent.

1990805-01

## COUNT XX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,684,542

98.    VIZIO repeats and realleges the allegations in paragraphs 1-97 as though fully set forth herein.

99.    The '542 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

100.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

101.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '542 patent.

## COUNT XXI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,731,847

102.    VIZIO repeats and realleges the allegations in paragraphs 1-101 as though fully set forth herein.

103.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '847 patent.

104.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

105.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '847 patent.

1990805-01

## COUNT XXII – DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,731,847

106.   VIZIO repeats and realleges the allegations in paragraphs 1-105 as though fully set forth herein.

107.   The '847 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

108.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

109.   A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '847 patent.

## COUNT XXIII – DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE 40,468

110.   VIZIO repeats and realleges the allegations in paragraphs 1-109 as though fully set forth herein.

111.   VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '468 patent.

112.   As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

113.   A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '468 patent.

1990805-01

# COUNT XXIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 40,468

114.    VIZIO repeats and realleges the allegations in paragraphs 1-113 as though fully set forth herein.

115.    The '468 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

116.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

117.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '468 patent.

## COUNT XXV - TRADE LIBEL/DISPARAGEMENT

118.    VIZIO repeats and realleges the allegations in paragraphs 1-9 as though fully set forth herein.

119.    On information and belief, on May 14, 2008, officers of Sony and SCA, including one Sony/SCA officer Robert Wiesenthal, participated in a public telephone conference call to discuss the earnings performance of Sony for its fiscal 4th quarter of 2007 (the "Conference Call"). On information and belief, consistent with Sony's custom and practice, Sony's website supplied advance notice of the Conference Call, including a dial-in number to permit the public, including financial analysts and investors all over the United States, to participate or listen in on the call.

120.    On information and belief, during the Conference Call, Sony and SCA officers made a presentation, after which there was a question and answer period. During the question and answer period, participating financial analysts directed questions to the Sony and SCA

officers. One such question from an unidentified analyst was: "Just curious as you move and push harder at the smaller screen size whether you can discuss how you plan to make money in such a competitive market?"

121.    On information and belief, in responding to that question during the Conference Call, Mr. Wiesenthal purposely and maliciously made statements in the course of his employment as an officer of Sony and SCA about VIZIO television sets that were known to be false or made with reckless disregard for the truth, to wit:

> "I think it's important to point out there is a very big difference between the high-end 1080p sets and the low-end kind of VIZIO and Chinese manufacturer semi non-HD sets."

In fact, VIZIO sells HD (high definition) television sets, not inferior "semi non-HD sets," and Mr. Wiesenthal had no basis for asserting otherwise.

122.    On information and belief, Sony and SCA's false and disparaging statements were not only published to those members of the public who listened to the Conference Call as it occurred, but were also transcribed, and the transcript was published and made available to the public over the Internet by posting it on a website, found (as of October 10, 2008) at the following URL: http://seekingalpha.com/article/77322-sony-corp-f4q07-qtr-end-03-31-earnings-call-transcript.

123.    VIZIO requested a retraction of the aforementioned statements but defendants were unwilling to provide one.

124.    Sony and SCA's false and disparaging statements about VIZIO television sets has proximately caused VIZIO to incur and suffer special damages as described herein. The special damages incurred by VIZIO to date include the increased costs of creating and producing corrective television advertising spots designed to counteract the false assertions of Sony and SCA regarding VIZIO television sets and/or the attendant loss of goodwill they caused VIZIO.

- 18 -

In addition, by reason of these increased incurred costs, VIZIO has been unable to create and produce the additional television ads this year that it otherwise would have made. The amount of special damages incurred by VIZIO to date in this respect exceeds $500,000, exclusive of interest, costs and attorneys fees.

125. As a result of their conduct in publishing false and disparaging statements about VIZIO television sets that they knew or should have known were false, Sony and SCA are jointly and severally liable to VIZIO for common law trade libel and/or disparagement, for which VIZIO is entitled to: (a) an injunction ordering Sony and SCA to cease and desist from making any such statements and to disseminate a prominent public retraction of the statements that were made, and (b) compensation for the special damages incurred by VIZIO, as described above, in an amount to be determined at trial.

## COUNT XXVI - UNFAIR COMPETITION UNDER LANHAM ACT § 43(a)

126. VIZIO repeats and realleges the allegations in paragraphs 1-9 and 118-125 as though fully set forth herein.

127. The above-alleged false and disparaging statements were made, on information and belief, by Sony/SCA officer Mr. Wiesenthal during the Conference Call and in the course of his employment, in connection with and in promotion of Sony/SCA and its television products to the public.

128. The above-alleged false and disparaging statements were made in commerce and materially misrepresent the nature, characteristics or qualities of VIZIO's television sets in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and, on information and belief, for the purpose of influencing the public perception of VIZIO televisions in a negative

- 19 -

129.    VIZIO is entitled to recover the damages specified in 15 U.S.C. § 1117(a) and (b) from Sony and SCA as a result of their violation of Section 43(a) of the Lanham Act.

## PRAYER FOR RELIEF

WHEREFORE, VIZIO prays for the following relief:

(a)    A judgment declaring that VIZIO has not infringed, directly or indirectly, any valid or enforceable claim of the Patents-in-Suit;

(b)    A judgment declaring that the claims of the Patents-in-Suit are invalid;

(c)    An order declaring that VIZIO is a prevailing party and that this is an exceptional case; awarding VIZIO its costs, expenses, disbursements and reasonable attorneys fees under 35 U.S.C. § 285;

(d)    An order directing Sony and SCA to cease and desist from making further false, misleading and/or disparaging statements regarding VIZIO television sets;

(e)    An order directing Sony and SCA to publish a prominent and public retraction of its false, misleading and/or disparaging statements regarding VIZIO television sets;

(f)    That defendants be ordered to pay VIZIO's special damages incurred as a result of the maliciously false, misleading and/or disparaging statements that they made;

(g)    That defendants be ordered to pay VIZIO such punitive damages as the trier of fact may award with respect to defendants' maliciously false, misleading and/or disparaging statements about VIZIO's television sets;

(h)    That defendants be ordered to pay VIZIO's damages assessed under 15 U.S.C. § 1117(a) and (b);

1990805-01

(i)     That defendants be ordered to pay prejudgment interest;

(j)     That defendants be ordered to pay all costs associated with this action; and

(k)     That VIZIO be granted such other and additional relief as the Court deems just

and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims so triable.


Dated: October 10, 2008                          *s/ Liza M. Walsh*
                                                 Liza M. Walsh
                                                 CONNELL FOLEY LLP
                                                 85 Livingston Avenue
                                                 Roseland, New Jersey 07068
                                                 (973) 535-0500

                                                 Counsel for Plaintiff
                                                 VIZIO, Inc.


Of Counsel:

James L. Wamsley, III
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939

1990805-01

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court, or any other pending arbitration or administrative proceeding.

Dated: October 10, 2008

CONNELL FOLEY LLP

By: _s/ Liza M. Walsh_
    Liza M. Walsh


## RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that declaratory and injunctive relief is sought.

Dated: October 10, 2008

CONNELL FOLEY LLP

By: _s/ Liza M. Walsh_
    Liza M. Walsh

1990805-01

# EXHIBIT H

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| Sony Corp. | | **CASE NUMBER:** |
| | **Plaintiff(s),** | SACV 08-1135   (ANx) |
| v. | | |
| VIZIO Inc | | **ORDER RE TRANSFER PURSUANT** |
| | | **TO GENERAL ORDER 08-05** |
| | **Defendant(s).** | **( Related Cases )** |

### CONSENT

I hereby consent to the transfer of the above-entitled case to my calendar, pursuant to General Order 08-05.

_____       R. Gary Klausner
*Date*             *United States District Judge*

### DECLINATION

I hereby decline to transfer the above-entitled case to my calendar for the reasons set forth:

not related

OCT 24 2008

_____       _____
*Date*             *United States District Judge*

### REASON FOR TRANSFER AS INDICATED BY COUNSEL

Case _____ 08-cv-3934 RGK (FMOx) _____ and the present case:

- ☐ A.  Arise from the same or closely related transactions, happenings or events; or
- ☑ B.  Call for determination of the same or substantially related or similar questions of law and fact; or
- ☐ C.  For other reasons would entail substantial duplication of labor if heard by different judges; or
- ☐ D.  Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.
- ☐ E.  Involve one or more defendants from the criminal case in common, and would entail substantial duplication of labor if heard by different judges (applicable only on civil forfeiture action).

### NOTICE TO COUNSEL FROM CLERK

Pursuant to the above transfer, any discovery matters that are or may be referred to a Magistrate Judge are hereby transferred from Magistrate Judge _____ to Magistrate Judge Fe _____.

On all documents subsequently filed in this case, please substitute the initials _____ _____ after the case number in place of the initials of the prior judge, so that the case number will read _____ _____. This is very important because documents are routed to the assigned judges by means of these initials. The case file, under seal documents, exhibits, docket, transcripts or depositions may be viewed at the ☐ Western ☐ Southern ☐ Eastern Division.

**Traditionally filed subsequent documents must be filed at the ☐ Western ☐ Southern ☐ Eastern Division.
Failure to file at the proper location will result in your documents being returned to you.**

cc: ☑ *Previous Judge*    ☑ *Statistics Clerk*

CV-34 (05/08)       ORDER RE TRANSFER PURSUANT TO GENERAL ORDER 08-05 ( Related Cases )

# EXHIBIT I

1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065-2139
3  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
4
   Steven M. Anderson (Bar No. 144014)
5  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
6  Los Angeles, California 90017
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100
8
9  Attorneys for Plaintiff Sony Corporation

10

UNITED STATES DISTRICT COURT

11

CENTRAL DISTRICT OF CALIFORNIA

12

WESTERN DIVISION

13

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation, | CASE NO. CV-01135-AHS-AN |
| Plaintiff, | **FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT** |
| vs. | |
| VIZIO, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

14

15

16

17

18

19

20

21          Plaintiff Sony Corporation files this complaint against VIZIO, Inc. ("VIZIO"

22   or "Defendant"):

23

24                          **THE PARTIES**

25          1.     Plaintiff Sony Corporation ("Sony") is a Japanese corporation with a

26   principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

27          2.     Upon information and belief, VIZIO is a corporation organized under

28   the laws of California and headquartered at 39 Tesla, Irvine, California, 92618.

51451/2696519.1

## JURISDICTION AND VENUE

1.     This lawsuit is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1 et seq.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

2.     This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of California and committed acts of patent infringement and/or contributed to or induced acts of patent infringement by others in the Central District of California and elsewhere in California and the United States.

3.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because Defendant regularly conducts business in this judicial district, and certain of the acts complained of herein occurred in this judicial district.  Defendant offers to sell and sells the accused products in this judicial district.

## THE PATENTS IN SUIT

4.     On July 18, 1995, the USPTO issued U.S. Patent No. 5,434,626 titled "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent").  A true and correct copy of the '626 patent is attached hereto as Exhibit A.

5.     On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption" (hereinafter "the '577 patent").  A true and correct copy of the '577 patent is attached hereto as Exhibit B.

6.     On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542 titled "Video Subtitle Processing System" (hereinafter "the '542 patent").  A true and correct copy of the '542 patent is attached hereto as Exhibit C.

7.      On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847 patent"). A true and correct copy of the `847 patent is attached hereto as Exhibit D.

8.      On May 12, 1998, the USPTO issued U.S. Patent No. 5,751,373 titled "Television Function Selection Method, Television Receiver and Remove Commander for Television Receiver" (hereinafter "the '373 patent"). A true and correct copy of the `373 patent is attached hereto as Exhibit E.

9.      On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614 titled "Method and Apparatus for Displaying an Electronic Menu having Components with Differing Levels of Transparency" (hereinafter "the '614 patent"). A true and correct copy of the `614 patent is attached hereto as Exhibit F.

10.     On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055 titled "Video Data Bus Communication System and Method" (hereinafter "the '055 patent"). A true and correct copy of the `055 patent is attached hereto as Exhibit G.

11.     On August 26, 2008, the USPTO issued U.S. Patent Re-issue No. 40,468 titled "Video Data Bus Communication System and Method" (hereinafter "the '468 patent"). A true and correct copy of the '468 patent is attached hereto as Exhibit H.

12.     On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182 titled "Display Device" (hereinafter "the '182 patent"). A true and correct copy of the '182 patent is attached hereto as Exhibit I.

13.     On December 9, 2003, the USPTO issued U.S. Patent No. 6,661,472 titled "Channel Selection In Digital Television" (hereinafter "the '472 patent"). A true and correct copy of the '472 patent is attached hereto as Exhibit J.

14.     The '626 patent, '577 patent, '542 patent, '847 patent, '373 patent, '614 patent, '055 patent, '468 patent, '182 patent, and the '472 patent collectively, are henceforth referred to as the "patents-in-suit."

15.   Sony is the owner of all right, title, and interest in and to each of the patents-in-suit with full and exclusive right to bring suit to enforce this patent, including the right to recover for past infringement.

## COUNT I
## INFRINGEMENT OF THE '626 PATENT

16.   Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

17.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '626 patent by practicing one or more claims of the '626 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

18.   Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '626 patent by contributing to and/or actively inducing the infringement by others of the '626 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

19.   Upon information and belief, Defendant has willfully infringed the '626 patent.

20.   Upon information and belief, Defendant's acts of infringement of the '626 patent will continue after service of this complaint unless enjoined by the Court.

21.   As a result of Defendant's infringement, Sony has suffered and will suffer damages.

22.   Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

51451/2696519.1

23. Unless Defendant is enjoined by this Court from continuing its infringement of the '626 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT II
## INFRINGEMENT OF THE '577 PATENT

24. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

25. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '577 patent by practicing one or more claims of the '577 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

26. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '577 patent by contributing to and/or actively inducing the infringement by others of the '577 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

27. Upon information and belief, Defendant has willfully infringed the '577 patent.

28. Upon information and belief, Defendant's acts of infringement of the '577 patent will continue after service of this complaint unless enjoined by the Court.

29. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

1    30.    Sony is entitled to recover from Defendant the damages sustained by
2    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

3    31.    Unless Defendant is enjoined by this Court from continuing its
4    infringement of the '577 patent, Sony will suffer additional irreparable harm and
5    impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
6    and permanent injunction against further infringement.

7
8                              ## COUNT III
9              ## INFRINGEMENT OF THE '542 PATENT
10

11    32.    Sony realleges and incorporates herein the allegations of the preceding
12    paragraphs of this Complaint as if fully set forth herein.

13    33.    Upon information and belief, in violation of 35 U.S.C. § 271,
14    Defendant has infringed and is continuing to infringe, literally and/or under the
15    doctrine of equivalents, the '542 patent by practicing one or more claims of the '542
16    patent in the manufacture, use, offering for sale, sale, and/or importation or
17    exportation of display devices, including digital televisions.

18    34.    Upon information and belief, in violation of 35 U.S.C. § 271,
19    Defendant has infringed and is continuing to infringe the '542 patent by contributing
20    to and/or actively inducing the infringement by others of the '542 patent by the
21    manufacture, use, offering for sale, sale, and/or importation or exportation of display
22    devices, including digital televisions.

23    35.    Upon information and belief, Defendant has willfully infringed the
24    '542 patent.

25    36.    Upon information and belief, Defendant's acts of infringement of the
26    '542 patent will continue after service of this complaint unless enjoined by the
27    Court.

28

1      37.    As a result of Defendant's infringement, Sony has suffered and will

2  suffer damages.

3      38.    Sony is entitled to recover from Defendant the damages sustained by

4  Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

5      39.    Unless Defendant is enjoined by this Court from continuing its

6  infringement of the '542 patent, Sony will suffer additional irreparable harm and

7  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary

8  and permanent injunction against further infringement.

9

10                              **COUNT IV**

11              **INFRINGEMENT OF THE '847 PATENT**

12

13      40.    Sony realleges and incorporates herein the allegations of the preceding

14  paragraphs of this Complaint as if fully set forth herein.

15      41.    Upon information and belief, in violation of 35 U.S.C. § 271,

16  Defendant has infringed and is continuing to infringe, literally and/or under the

17  doctrine of equivalents, the '847 patent by practicing one or more claims of the '847

18  patent in the manufacture, use, offering for sale, sale, and/or importation or

19  exportation of digital devices, including display televisions.

20      42.    Upon information and belief, in violation of 35 U.S.C. § 271,

21  Defendant has infringed and is continuing to infringe the '847 patent by contributing

22  to and/or actively inducing the infringement by others of the '847 patent by the

23  manufacture, use, offering for sale, sale, and/or importation or exportation of display

24  devices, including digital televisions.

25      43.    Upon information and belief, Defendant has willfully infringed the

26  '847 patent.

27

28

7

1    44.    Upon information and belief, Defendant's acts of infringement of the
2   '847 patent will continue after service of this complaint unless enjoined by the
3   Court.

4    45.    As a result of Defendant's infringement, Sony has suffered and will
5   suffer damages.

6    46.    Sony is entitled to recover from Defendant the damages sustained by
7   Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

8    47.    Unless Defendant is enjoined by this Court from continuing its
9   infringement of the '847 patent, Sony will suffer additional irreparable harm and
10  impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
11  and permanent injunction against further infringement.

12

13                              **COUNT V**
14                  **INFRINGEMENT OF THE '373 PATENT**

15

16    48.    Sony realleges and incorporates herein the allegations of the preceding
17  paragraphs of this Complaint as if fully set forth herein.

18    49.    Upon information and belief, in violation of 35 U.S.C. § 271,
19  Defendant has infringed and is continuing to infringe, literally and/or under the
20  doctrine of equivalents, the '373 patent by practicing one or more claims of the '373
21  patent in the manufacture, use, offering for sale, sale, and/or importation or
22  exportation of display devices, including digital televisions.

23    50.    Upon information and belief, in violation of 35 U.S.C. § 271,
24  Defendant has infringed and is continuing to infringe the '373 patent by contributing
25  to and/or actively inducing the infringement by others of the '373 patent by the
26  manufacture, use, offering for sale, sale, and/or importation or exportation of display
27  devices, including digital televisions.

28

1       51.     Upon information and belief, Defendant has willfully infringed the
2    '373 patent.

3       52.     Upon information and belief, Defendant's acts of infringement of the
4    '373 patent will continue after service of this complaint unless enjoined by the
5    Court.

6       53.     As a result of Defendant's infringement, Sony has suffered and will
7    suffer damages.

8       54.     Sony is entitled to recover from Defendant the damages sustained by
9    Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

10      55.     Unless Defendant is enjoined by this Court from continuing its
11   infringement of the '373 patent, Sony will suffer additional irreparable harm and
12   impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary
13   and permanent injunction against further infringement.

14

15                              **COUNT VI**

16              **INFRINGEMENT OF THE '614 PATENT**

17

18      56.     Sony realleges and incorporates herein the allegations of the preceding
19   paragraphs of this Complaint as if fully set forth herein.

20      57.     Upon information and belief, in violation of 35 U.S.C. § 271,
21   Defendant has infringed and is continuing to infringe, literally and/or under the
22   doctrine of equivalents, the '614 patent by practicing one or more claims of the '614
23   patent in the manufacture, use, offering for sale, sale, and/or importation or
24   exportation of display devices, including digital televisions.

25      58.     Upon information and belief, in violation of 35 U.S.C. § 271,
26   Defendant has infringed and is continuing to infringe the '614 patent by contributing
27   to and/or actively inducing the infringement by others of the '614 patent by the

28

manufacture, use, offering for sale, sale, and/or importation or exportation of display
devices, including digital televisions.

59.     Upon information and belief, Defendant has willfully infringed the
'614 patent.

60.     Upon information and belief, Defendant's acts of infringement of the
'614 patent will continue after service of this complaint unless enjoined by the
Court.

61.     As a result of Defendant's infringement, Sony has suffered and will
suffer damages.

62.     Sony is entitled to recover from Defendant the damages sustained by
Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

63.     Unless Defendant is enjoined by this Court from continuing its
infringement of the '614 patent, Sony will suffer additional irreparable harm and
impairment of the value of its patent rights.  Thus, Sony is entitled to a preliminary
and permanent injunction against further infringement.

## COUNT VII
## INFRINGEMENT OF THE '055 PATENT

64.     Sony realleges and incorporates herein the allegations of the preceding
paragraphs of this Complaint as if fully set forth herein.

65.     Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe, literally and/or under the
doctrine of equivalents, the '055 patent by practicing one or more claims of the '055
patent in the manufacture, use, offering for sale, sale, and/or importation or
exportation of display devices, including digital televisions.

66.     Upon information and belief, in violation of 35 U.S.C. § 271,
Defendant has infringed and is continuing to infringe the '055 patent by contributing

51451/2696519.1

to and/or actively inducing the infringement by others of the '055 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

67.     Upon information and belief, Defendant has willfully infringed the '055 patent.

68.     Upon information and belief, Defendant's acts of infringement of the '055 patent will continue after service of this complaint unless enjoined by the Court.

69.     As a result of Defendant's infringement, Sony has suffered and will suffer damages.

70.     Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.

71.     Unless Defendant is enjoined by this Court from continuing its infringement of the '055 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VIII
## INFRINGEMENT OF THE '468 PATENT

72.     Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

73.     Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '468 patent by practicing one or more claims of the '468 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

1     74.    Upon information and belief, in violation of 35 U.S.C. § 271,
2 Defendant has infringed and is continuing to infringe the '468 patent by contributing
3 to and/or actively inducing the infringement by others of the '468 patent by the
4 manufacture, use, offering for sale, sale, and/or importation or exportation of display
5 devices, including digital televisions.

6     75.    Upon information and belief, Defendant has willfully infringed the
7 '468 patent.

8     76.    Upon information and belief, Defendant's acts of infringement of the
9 '468 patent will continue after service of this complaint unless enjoined by the
10 Court.

11     77.    As a result of Defendant's infringement, Sony has suffered and will
12 suffer damages.

13     78.    Sony is entitled to recover from Defendant the damages sustained by
14 Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial.
15 Unless Defendant is enjoined by this Court from continuing its infringement of the
16 '468 patent, Sony will suffer additional irreparable harm and impairment of the
17 value of its patent rights. Thus, Sony is entitled to a preliminary and permanent
18 injunction against further infringement.

19
20                **COUNT IX**
21     **INFRINGEMENT OF THE '182 PATENT**
22
23     79.    Sony realleges and incorporates herein the allegations of the preceding
24 paragraphs of this Complaint as if fully set forth herein.

25     80.    Upon information and belief, in violation of 35 U.S.C. § 271,
26 Defendant has infringed and is continuing to infringe, literally and/or under the
27 doctrine of equivalents, the '182 patent by practicing one or more claims of the '182
28

51451/2696519.1

patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

81. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '182 patent by contributing to and/or actively inducing the infringement by others of the '182 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

82. Upon information and belief, Defendant has willfully infringed the '182 patent.

83. Upon information and belief, Defendant's acts of infringement of the '182 patent will continue after service of this complaint unless enjoined by the Court.

84. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

85. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial. Unless Defendant is enjoined by this Court from continuing its infringement of the '182 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## COUNT X
## INFRINGEMENT OF THE '472 PATENT

86. Sony realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

87. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe, literally and/or under the

doctrine of equivalents, the '182 patent by practicing one or more claims of the '472 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

88. Upon information and belief, in violation of 35 U.S.C. § 271, Defendant has infringed and is continuing to infringe the '472 patent by contributing to and/or actively inducing the infringement by others of the '472 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

89. Upon information and belief, Defendant has willfully infringed the '472 patent.

90. Upon information and belief, Defendant's acts of infringement of the '472 patent will continue after service of this complaint unless enjoined by the Court.

91. As a result of Defendant's infringement, Sony has suffered and will suffer damages.

92. Sony is entitled to recover from Defendant the damages sustained by Sony as a result of Defendants' wrongful acts in an amount subject to proof at trial. Unless Defendant is enjoined by this Court from continuing its infringement of the '472 patent, Sony will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony is entitled to a preliminary and permanent injunction against further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Sony prays for the following relief:

(a) That Defendant be ordered to pay damages adequate to compensate Sony for Defendant's infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

1         (b)     That Defendant be ordered to pay treble damages for willful

2 infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 284;

3         (c)     That Defendant be ordered to pay attorneys' fees pursuant to 35

4 U.S.C. § 285 for each of the patents-in-suit;

5         (d)     That Defendant, its officers, agents, servants, employees, and

6 those persons acting in active concert or in participation with them be enjoined from

7 further infringement of each of the patents-in-suit pursuant to 35 U.S.C. § 283;

8         (e)     That Defendant be ordered to pay prejudgment interest;

9         (f)     That Defendant be ordered to pay all costs associated with this

10 action; and

11         (g)     That Sony be granted such other and additional relief as the

12 Court deems just and proper.

13 DATED: November 14, 2008       Respectfully submitted,

14

15

16 By _____ /FOR

17 Kevin P.B. Johnson
   QUINN EMANUEL URQUHART
   OLIVER & HEDGES, LLP

18

19 Attorneys for Plaintiff
   SONY CORPORATION OF AMERICA

20

21

22

23

24

25

26

27

28

# DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all issues so triable.

DATED: November 14, 2008

Respectfully submitted,

By _____, FOR
Kevin P.B. Johnson
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP

Attorneys for Plaintiff
SONY CORPORATION OF AMERICA

51451/2696519.1

# EXHIBIT J

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
(650) 801-5015

WRITER'S INTERNET ADDRESS
kevinjohnson@quinnemanuel.com

November 17, 2008

<u>VIA E-MAIL</u>

James L. Wamsley
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114
Ph: 216-586-7251
Fax: 216-579-0212

Re:    <u>Vizio, Inc. v. Sony Corporation (Civil Action No. 08-5029 (FSH/PS)), District of New
Jersey, Complaint for Declaratory Judgment</u>

Dear Jim:

Sony Corporation ("Sony") hereby provides Vizio, Inc. ("Vizio") the attached covenant not to
sue on United States Patent Nos. 5,285,285, 5,212,553, 5,168,362, and 5,539,425. With respect
to the above referenced litigation (the "Action"), this covenant divests the Court of any
jurisdiction relating to these four patents. *Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57
F.3d 1054 (Fed. Cir. 1995); *MedImmune, Inc. v. Genentech, Inc.*, 553 F.Supp.2d 1000 (C.D.Cal.
2008). In view of the covenant granted by Sony and the relevant Federal Circuit precedents, we
expect Vizio to file an amended complaint or a partial motion to dismiss to remove these four
patents from the Action at its earliest convenience.

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, 107-0052 | TEL +81 3 5561-1711 FAX +81 3 5561-1712
LONDON | 16 Old Bailey, London United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

If you have any questions, please call.

Sincerely yours,

Kevin P.B. Johnson

## COVENANT NOT TO SUE

Sony Corporation ("Sony") unconditionally agrees not to sue Vizio, Inc. ("Vizio") for infringement as to any claim of United States Patent Nos. 5,285,285, 5,212,553, 5,168,362, and 5,539,425 (collectively the "Covenanted-Patents") based on the products currently or previously sold, offered for sale, manufactured, or imported by Vizio.

This covenant is without prejudice to Sony's right to pursue claims against other entities that at any time purchase products from Vizio or at any time practice acts that infringe the Covenanted-Patents. This covenant is also without prejudice to Sony's right to take discovery from Vizio in cases brought against purchasers of Vizio products.

Kevin P.B. Johnson
Counsel for Sony Corporation