Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
William J. Brown, Jr. (State Bar No. 192950)
wbrown@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| SONY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>Defendant. | Case No. SACV-08-01135-AHS(ANx)<br><br>**VIZIO'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO SONY'S AMENDED MOTION FOR RECONSIDERATION OF TRANSFER ORDER**<br><br>Date: January 5, 2009<br>Time: 10:00 a.m.<br>Judge: Hon. R. Gary Klausner<br><br>[Proposed Transferee Judge: Honorable R. Gary Klausner] |

Sony's Amended Motion for Reconsideration represents its **fourth** filing attempting to convince the Court to transfer this case from Judge Stotler to Judge Klausner. For the reasons discussed below, it should be denied, just as Sony's earlier attempts were.

### Summary of Relevant Facts

VIZIO filed a declaratory judgment action against Sony in the District of New Jersey on October 10, 2008, seeking declarations of noninfringement and invalidity of twelve patents allegedly owned by Sony. (See Declaration of Rory S.

CLI-1677643v3

Miller In Support of Sony's Amended Notice of Motion, Docket Entry 24-2 (hereinafter "Miller Decl."), Ex. G.) Later that same day, Sony filed the present suit in this Court based on those same twelve patents, plus two others. (See Miller Decl., Ex. D.) Sony also filed a Notice of Related Cases, claiming that this suit was related to Sony's pending case against Westinghouse, captioned *Sony v. Westinghouse Digital Electronics, LLC*, CV08-03934 RGK (FMOx) ("the *Westinghouse* case"). (Miller Decl., Ex. E.) Four days later, Judge Klausner declined the transfer to his docket, ruling that this case and the *Westinghouse* case were "not related." (Miller Decl., Ex. H.)

In its initial effort to overturn that ruling, on November 14, 2008 Sony filed a First Amended Complaint that dropped four of the fourteen patents originally asserted (Miller Decl., Ex. I), together with a document styled "Amended Notice of Related Cases." (Declaration of William J. Brown, Jr. in Support of VIZIO's Opposition to Sony's Amended Motion (hereinafter "Brown Decl."), Ex. A.) VIZIO filed an opposition to this Amended Notice on November 20, pointing out that there was no basis for Sony's filing under the rules and that transfer was properly denied. (Brown Decl., Ex. B.)

Not content to rely on that "Amended Notice," after sending VIZIO a purported "covenant not to sue" on the four patents it dropped in its First Amended Complaint, Sony also filed on November 19 its first Motion for Reconsideration of Judge Klausner's denial of the transfer. (Brown Decl., Ex. C.) That same day Sony filed an *Ex Parte* application seeking to expedite the schedule for its reconsideration motion. (Brown Decl., Ex. D.) In its *Ex Parte* application and Motion for Reconsideration, Sony argued that both this case and the *Westinghouse* case involve the same patents, that the types of infringing products were similar, and that a transfer would promote judicial efficiency. (*Id.*) VIZIO opposed the Sony application on November 20, arguing, *inter alia*, that there was no basis for reconsideration and that Judge Klausner's original order declining transfer was

CLI-1677643v3

- 2 -

proper. (Brown Decl., Ex. E.) After consideration of those papers, as well as "the other pleadings and filings in this case," the Court denied Sony's request on December 4. (Brown Decl., Ex. F.)

Despite the fact that Judge Klausner had already ruled on the *Ex Parte* application, on December 15 Sony filed a "Notice of Withdrawal of Motion for Reconsideration," purporting to withdraw the Motion. At the same time, Sony filed its "Amended Motion for Reconsideration," once again making the same arguments it had made in each of its prior filings requesting transfer of the case to Judge Klausner.

## Argument

This "Amended Motion" is Sony's fourth attempt to have this case transferred to Judge Klausner's docket. However, the local rules of this Court are not designed to give a party repeated bites at the apple to reargue their positions. A motion for reconsideration under Local Rule 7-18 should not be "a mere attempt by the moving party to re-argue its position by directing the court to additional case law and arguments which it clearly could have made earlier, but did not." *Optional Capital, Inc. v. Kim*, 2008 U.S. Dist. LEXIS 71750, *6 (C.D. Cal. Aug. 1, 2008) (alterations omitted). Rather, a motion for reconsideration may only be made in three limited circumstances: (a) where there is a material difference in fact or law from that presented to the Court that in the exercise of reasonable diligence could not have been known to the moving party; (b) the emergence of new material facts or a change of law occurring after the original decision; or (c) where there is a manifest showing of the Court's failure to consider a material fact. Local Rule 7-18.

The decision on a motion for reconsideration under Local Rule 7-18 is "a matter within the Court's discretion." *Stewart v. Wachowski*, 2006 U.S. Dist. LEXIS 98065, *34 (C.D. Cal. March 27, 2006). The Court should deny Sony's Amended Motion for Reconsideration because it does not raise any new issues,

because Sony has already sought to overturn this Court's denial of transfer through other procedures, because this case is not related to the Westinghouse case, and because the underlying issues in this case may never be heard by this Court in any event.

A. <u>Sony Has Not Met The Requirements Of Local Rule 7-18</u>

The basis for reconsideration argued by Sony in its Amended Motion is exactly the same as in its earlier papers: the failure to check either boxes C or D on the "Order re Transfer" form under a section titled "Reason for Transfer as Indicated by Counsel." (Sony Am. Mot. For Recon., p. 3, ln. 3-4.) Sony attempts to read a great deal into this fact, claiming that the absence of these two marks shows that the Court "overlooked" and "failed to consider" both issues of judicial economy and the fact that the two cases involved some of the same patents. (Sony Am. Mot. For Recon., p. 3, ln. 3-4 and p. 4, ln. 12-13.) This position lacks merit, since the Amended Motion conveniently ignores the fact that the Court also had Sony's Notice of Related Cases and the original Complaint before it when declining the transfer.

Local Rule 7-18(c) requires "a manifest showing" that the Court failed to consider material facts in its prior decision before a reconsideration may be sought. Sony has not made anything approaching a "manifest showing" that the Court did not consider the substance of Sony's original Complaint or its original Notice stating that "a number of the patents-in-suit are identical" to the patents at issue in the Westinghouse case. (Miller Decl., Ex. E, p. 2.) There is also no "manifest showing" that the Court did not consider issues relating to judicial economy in denying the Motion to Transfer. Sony's original Notice stated that the two cases called "for the determination of the same or substantially identical questions of law," explicitly putting these issues as well before the Court. (*Id.*) The Court, in turn, made a discretionary determination that there were insufficient grounds to find the two cases related. Because Sony has failed to meet the standard for

reconsideration set forth in Local Rule 7-18, its Amended Motion should be denied.

B. <u>**Sony Has Not Raised Any New Issues**</u>

Local Rule 7-18 also states: "No motion for reconsideration shall in any manner repeat any . . . written argument made in support of . . . the original motion." Yet Sony violates this rule, making no new points in support of its Amended Motion for Reconsideration. The arguments in its Amended Motion were squarely and succinctly placed before the Court in Sony's original Notice of Related Cases. As shown above, the original Notice included the fact that this case and the *Westinghouse* case include some of the same patents, and that both cases may include similar legal issues. Sony's Amended Motion for Reconsideration simply reargues those two points while adding citations to caselaw as support. This is inappropriate and is not the proper purpose of a motion for reconsideration.

Moreover, Sony has already re-argued these same points in numerous earlier court filings. Its "Amended Notice of Related Cases" simply added more detail to the same points contained in its original Notice (see Brown Decl., Ex. A, p. 2), as did its Response to VIZIO's Opposition to that Amended Notice. (See Docket No. 18.) Furthermore, Sony's *Ex Parte* Application (accompanied by its original Motion for Reconsideration)--which the Court denied--included the same arguments as well. (See Brown Decl., Ex. D.) Sony has repeatedly offered the same arguments to the Court, which has repeatedly rejected them. Because no new arguments are offered in this Amended Motion for Reconsideration, the motion should be denied for that reason as well.

C. <u>**This Case Is Not Related To The *Westinghouse* Case**</u>

Sony asserts that it amended its original Complaint so that only the same ten patents were asserted in both this case and the *Westinghouse* case. (Sony's Am. Mot. For Recon., p. 3, ln. 9-12.) However, this does not mean that the four patents that were dropped in the First Amended Complaint have been completely removed from the case. Despite Sony's covenant not to sue VIZIO for infringement of the

CLI-1677643v3

-5-

four dropped patents, a "real and substantial" dispute seems to remain. Claims may still be asserted under those four patents. While Sony has sent VIZIO a covenant not to sue under the four "dropped" patents, that covenant is limited, and does not appear to extend to the full breadth of Sony's original infringement allegations against VIZIO. *See FieldTurf USA, Inc. v. Sports Constr. Group, LLC*, 507 F.Supp.2d 801 (N.D. Ohio 2007). Therefore, the patents in suit here will *not* likely end up being the same as those in the *Westinghouse* case.

Even if the exact same patents were at issue in both cases, however, that alone would not be sufficient under the local rule to justify a related case transfer, since at least one of the other factors identified in clause (a), (b) or (c) of the rule must be present as well. *See* L.R. 83-1.3.1. Sony makes a conclusory claim that "issues of the validity and enforcability of the patents are . . . likely to raise identical or substantially related questions of law and fact," but the same thing might be said of any two actions involving the same patents. Local Rule 83-1.3 explicitly requires more than that to justify a related case transfer. Moreover, while VIZIO's products are televisions, they are also different from Westinghouse's, so Sony's infringement claims against these two defendants will almost certainly differ, creating different issues of fact and law. It cannot simply be assumed--as Sony does--that the same issues of claim construction, validity and enforceability will arise in both actions. For example, differences in products lead to different infringement and claim construction issues. In short, Sony's Amended Notice is unsupported and does not justify transfer.

Since the requirements of Local Rule 83-1.3.1 have not been met, the denial of transfer was proper, and this Amended Motion for Reconsideration should be denied.

CLI-1677643v3

- 6 -

### D. VIZIO Filed First In New Jersey

Finally, this Amended Motion should be denied because this case may never be heard in this Court. Sony was notified before it filed its original Complaint here that VIZIO had first filed a declaratory judgment action in the District of New Jersey involving virtually all the same Sony patents. *VIZIO, Inc. v. Sony Corp. et al.*, No. 08-5029 (FSH/OS). (See Miller Decl., Ex. G.) Rather than simply counterclaim in New Jersey, Sony chose to judge shop by filing its Complaint here along with its first Notice of Related Cases, claiming that the case was related to the *Westinghouse* case. Tellingly, Sony did *not* disclose VIZIO's New Jersey case to this Court and violated Local Rule 83-1.4 by failing to file a "Notice of Pendency of Other Actions or Proceedings" with their Complaint. Under Federal Circuit (and Ninth Circuit) precedents, the forum of the first-filed case is normally favored under the first-to-file rule. *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904 (Fed. Cir. 2008)("The general rule favors the forum of the first-filed action, whether or not it is a declaratory judgment action."). In addition, since this Court is the forum of the *second*-filed case, the normal procedure is for this Court to stay or dismiss this action, leaving it to the District of New Jersey court to decide any issue regarding transfer, etc. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627-29 (9th Cir. 1991).

Thus, for all the reasons set forth above, the Amended Motion for Reconsideration should be denied.

Dated: December 22, 2008

Respectfully submitted,

JONES DAY

By: /s/ Thomas R. Malcolm  by WPJ with permission

Thomas R. Malcolm

Attorneys for Defendant VIZIO, INC.

CLI-1677643v3

- 7 -