EXHIBIT A



1 | Kevin P.B. Johnson (Bar No. 177129)
Benjamin L. Singer (*pro hac* admission pending)
2 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
3 | Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
4 | Facsimile: (650) 801-5100

5 | Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
6 | 865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
7 | Telephone: (213) 443-3000
Facsimile: (213) 443-3100

8 |

9 | Attorneys for Plaintiff Sony Corporation

10 |

11 | UNITED STATES DISTRICT COURT

12 | CENTRAL DISTRICT OF CALIFORNIA

13 | WESTERN DIVISION

14 | SONY CORPORATION, A Japanese corporation,

CASE NO. CV-01135-AHS-AN

15 | Plaintiff,

**AMENDED NOTICE OF RELATED CASES**

16 |

17 | vs.

18 | VIZIO, Inc.,

Defendant.

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

02347.51451/2698853.2

Ex. A Page 3

1  TO THE CLERK OF THE COURT:

2       This case (the "Vizio Action") is substantially related to *Sony Corp. v.*

3  *Westinghouse Digital Electronics, LLC,* CV08-03934 RGK (FMOx)

4  ("Westinghouse Action"), which was filed in this Court on June 16, 2008 and is

5  pending before Judge Klausner.

6       The two actions are substantially related because:

7      (1)   both actions involve the same plaintiff, Sony Corporation;

8      (2)   Sony Corp. is asserting the same ten patents against the sole

9             defendant in each action (Sony is concurrently filing an Amended

10            Complaint in this action that removes 4 of the 14 originally

11            asserted patents from the case, thus rendering identical the patents

12            asserted in this action and the Westinghouse Action);

13     (3)   both actions involve the same underlying technology and similar

14            infringing products, flat-screen digital televisions; and

15     (4)   both actions will involve substantially the same patent issues of

16            validity, enforceability and claim construction.

17

18

19

20  DATED:  November 14, 2008     Respectfully submitted,

21                  QUINN EMANUEL URQUHART OLIVER &

22                  HEDGES, LLP

23

24                  By _____ /FOR

25                  Steven M. Anderson

                  Attorneys for Plaintiff Sony Corporation

26

27

28

EXHIBIT B

1   Thomas R. Malcolm (State Bar No. 39248)
    trmalcolm@jonesday.com
2   William J. Brown, Jr. (State Bar No. 192950)
    wbrown@jonesday.com
3   JONES DAY
    3 Park Plaza, Suite 1100
4   Irvine, California 92614
    Telephone: (949) 851-3939
5   Facsimile: (949) 553-7539

6   Attorneys for Defendant VIZIO, Inc.

7

8                   UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

11  SONY CORPORATION,                  Case No. SACV-08-01135-AHS(ANx)

12              Plaintiff,

13       v.                            **VIZIO'S OPPOSITION TO SONY'S
                                       AMENDED NOTICE OF RELATED
14  VIZIO, INC.,                       CASES**

15              Defendant.             [Proposed Transferee Judge:
                                       Honorable R. Gary Klausner]

16

17  TO THE CLERK OF THE COURT:

18       For the following reasons, Sony's second attempt to transfer this case from

19  Judge Stotler to Judge Klausner should be denied, just as the first one was.

20       1.    Sony's Amended Notice of Related Cases is a request for a "do-over",

21  effectively seeking reconsideration of Judge Klausner's first Order (See Docket

22  Entry No. 7, filed November 2, 2008) declining to accept a transfer. In fact, on

23  November 10, Sony requested VIZIO's consent to file such a motion for

24  reconsideration on November 14. When VIZIO did not consent, Sony filed its

25  "Amended Notice of Related Cases" that day instead. Not content with that filing,

26  Sony also filed on November 19 a motion for reconsideration of Judge Klausner's

27  first Order and an unwarranted *Ex Parte* Application asking for that Motion to be

28  taken up on an expedited basis.

LAI-2987711v3

1       2.     There is no basis in law or in fact for Sony's submission.  Local Rule

2  83-1 does not give a party repeated bites at the apple, and does not authorize a party

3  to file notice after notice in an attempt to effect a transfer.  Nor do the rules

4  contemplate the filing of an "Amended Notice of Related Cases."

5       3.     Furthermore, Sony has no "right" to have this case heard by a

6  particular judge and Sony's Amended Notice can be rejected solely for this reason

7  as well.  The local rules on related cases were adopted for the Court's benefit rather

8  than the tactical advantage of private litigants, and Sony has no standing or legally

9  cognizable right to seek to overturn the Court's decision to decline a case transfer.

10  Under this Court's procedures, that is a matter for the Case Assignment Committee

11  if the transferor judge disagrees.  General Order 8-05, § 5.2.  Moreover, the Judges

12  of this Court have discretion <u>not</u> to accept a case transfer under Local Rule 83-1.3.

13  *Payne v. Anvil Knitwear, Inc.*, 2007 U.S. Dist. LEXIS 51352 at *8 (C.D. Cal. June

14  27, 2007).

15       4.     This case may never be heard in this Court in any event.  Sony was

16  notified before it filed its original Complaint here that VIZIO had first filed a

17  declaratory judgment action in the District of New Jersey involving virtually all the

18  same Sony patents.  *VIZIO, Inc. v. Sony Corp. et al.*, No. 08-5029 (FSH/OS).

19  Rather than simply counterclaim in New Jersey, Sony chose to judge shop by filing

20  its Complaint here along with its first Notice of Related Cases, claiming that the

21  case was related to the *Westinghouse* case.

22       5.     Tellingly, Sony did <u>not</u> disclose VIZIO's New Jersey case to this

23  Court and violated Local Rule 83-1.4 by failing to file a "Notice of Pendency of

24  Other Actions or Proceedings" with their Complaint.  Under Federal Circuit (and

25  Ninth Circuit) precedents, the forum of the first-filed case is normally favored

26  under the first-to-file rule.  *Micron Technology, Inc. v. Mosaid Technologies, Inc.*,

27  518 F.3d 897, 904 (Fed. Cir. 2008)("The general rule favors the forum of the first-

28  filed action, whether or not it is a declaratory judgment action.").  In addition, since

1    this Court is the forum of the second-filed case, the normal procedure is for this

2    Court to stay or dismiss this action, leaving it to the District of New Jersey court to

3    decide any issue regarding transfer, etc. *Alltrade, Inc. v. Uniweld Products, Inc.*,

4    946 F.2d 622, 627-29 (9th Cir. 1991).

5            6.      In any event, transfer of this case to Judge Klausner would be

6    unwarranted under Local Rule 83-1.3. Although Sony amended its original

7    Complaint to make it appear that only the same ten patents were asserted in both

8    this case and the *Westinghouse* case, that is not the whole story. A "real and

9    substantial" dispute seems to remain under the four patents it dropped, and claims

10   may still be asserted under those four patents. While Sony has sent VIZIO a

11   covenant not to sue under the four "dropped" patents, that covenant is limited, and

12   does not appear to extend to the full breadth of Sony's original infringement

13   allegations against VIZIO. *See FieldTurf USA, Inc. v. Sports Constr. Group, LLC*,

14   507 F.Supp.2d 801 (N.D. Ohio 2007). Therefore, the patents in suit here will not

15   likely end up being the same as those in the *Westinghouse* case.

16           7.      Even if the exact same patents were at issue in both cases, however,

17   that alone would not be sufficient under the local rule to justify a related case

18   transfer, since at least one of the other factors identified in clause (a), (b) or (c) of

19   the rule must be present as well. *See* L.R. 8-1.3.1. Sony makes a conclusory claim

20   that the two actions will involve "substantially the same patent issues of validity,

21   enforceability and claim construction," but the same thing might be said of any two

22   actions involving the same patents. L.R. 8-1.3 explicitly requires more than that to

23   justify a related case transfer. Moreover, while VIZIO's products are televisions,

24   they are also different from Westinghouse's, so Sony's infringement claims against

25   these two defendants will almost certainly differ, creating different issues of fact

26   and law. It cannot simply be assumed--as Sony does--that the same issues of claim

27   construction, validity and enforceability will arise in both actions. For example,

28   differences in products lead to different infringement and claim construction issues.

LAI-2987711v3

- 3 -

1   In short, Sony's Amended Notice is unsupported and does not justify transfer.

2       Since the requirements of Local Rule 83-1.3.1 have not been met, transfer

3   should be denied.

4   Dated:   November 20, 2008          Respectfully submitted,

5                                       JONES DAY

6

7                                       By:

8                                           Thomas R. Malcolm

9                                       Attorneys for Defendant
                                        VIZIO, INC.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT C

1 | Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | 555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
3 | Telephone: (650) 801-5000
Facsimile: (650) 801-5100
4
5 | Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
6 | Los Angeles, California 90017
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff Sony Corporation

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | SOUTHERN DIVISION

13 | SONY CORPORATION, A Japanese corporation,

14 |          Plaintiff,

15 | vs.

16 | VIZIO INC., A California corporation,

17 |          Defendant.

18

CASE NO. CV-01135-AHS-AN

**SONY'S NOTICE OF MOTION AND MOTION FOR RECONSIDERATION OF TRANSFER ORDER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**The Honorable Alicemarie H. Stotler**

[Concerns Order by the Honorable R. Gary Klausner Declining Intra-District Transfer]

**Hearing Date and Time:** December 8, 2008, 10:00 a.m.

19

20

21

22

23

24

25

26

27

28

51354/2692196.3

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2          PLEASE TAKE NOTICE that plaintiff Sony Corporation ("Sony")

3  will, and hereby does, move the Honorable Judge R. Gary Klausner to reconsider his

4  October 24, 2008 Order declining to transfer the case captioned <u>Sony Corp. v.</u>

5  <u>Vizio, Inc.</u>, CV08-01135 AHS (ANx) (the "Vizio Action") to his docket. This

6  Motion is made pursuant <u>Local Rule</u> 7-18, on the grounds that material facts

7  presented to the Court were overlooked and not considered in its decision to decline

8  transfer of the Vizio Action.

9          This Motion is based on this Notice of Motion and Motion, the

10 accompanying Memorandum of Points and Authorities, the Declaration of Charlie

11 Y. Chou filed concurrently herewith, and all other matters of which the Court may

12 take judicial notice.

13                    Statement of Rule 7-3 Compliance

14         This motion is made following the conference of counsel pursuant to

15 L.R. 7-3 which took place on November 13, 2008. On November 19, 2008, Vizio

16 Inc. ("Vizio") notified Sony that it opposes this motion.

17

18

19 DATED:  November 19, 2008          Respectfully submitted,

20                                    QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
21

22                                    By_____ /FOR

23                                    Kevin P.B. Johnson
                                      Attorneys for Sony Corporation
24

25

26

27

28

51354/2692196.3

1    <u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

3    <u>**Introduction**</u>

4    This is a motion for reconsideration of the Court's denial of an intra-

5    district transfer of this case (the "Vizio Action") to the docket of Judge Klausner,

6    where Sony already has a related patent infringement case pending entitled <u>Sony</u>

7    <u>Corp. v. Westinghouse Digital Electronics, LLC</u>, CV08-03934 RGK (FMOx)

8    ("Westinghouse Action"). The Westinghouse and Vizio Actions involve the

9    identical 10 patents and substantially similar accused products. Accordingly, a

10    transfer of the Vizio Action will benefit judicial economy by preventing the

11    unnecessary and inefficient duplication of this Court's efforts and eliminate the risk

12    of inconsistent substantive rulings. Based on the Court's Order declining transfer,

13    however, it appears that the overlap of the patents asserted in the two cases was not

14    considered, as boxes on the form order that relate to that issue were not marked.

15    Accordingly, the Court should reconsider its order denying transfer of the Vizio

16    Action and allow it to be properly transferred to the docket of Judge Klausner as a

17    related case.

18

19    <u>**Factual Background**</u>

20    On June 16, 2008, Sony filed a complaint for multiple counts of patent

21    infringement against Westinghouse. Declaration of Charlie Y. Chou, ("Chou

22    Decl."), Ex. A. In the Westinghouse Action, Sony asserted that Westinghouse

23    infringed seven of its patents, U.S. Patent Nos. 5,434,626, 5,583,577, 5,684,542,

24    5,731,847, 5,751,373, 6,111,614, and RE38,055. <u>Id.</u> On September 16, 2008, the

25    Court granted a joint stipulation allowing Sony to file its First Amended Complaint

26    in the Westinghouse Action, thereby adding claims of infringement of three

27    additional patents, U.S. Patent Nos. RE40,468, 6,778,182, and 6,661,472. Chou

28    Decl., Exs. B and C. The patents asserted in the Westinghouse Action concern

51354/2692196.3

MATTEL'S MTN FOR RECONSIDERATION OF DISCOVERY MASTER'S 2/26/08 ORDER DENYING
MATTEL'S MOTION TO COMPEL DEPO. OF CHRISTOPHER PALMERI

Ex. C Page 11

1 | various aspects of the display, interface, and data transmission technology of digital
2 | display devices.

3 |         On October 10, 2008, Sony filed suit against Vizio, another digital
4 | television manufacturer, and the case was assigned to Judge Stotler. Chou Decl.,
5 | Ex. D. In the Vizio Action, Sony asserted all ten of the patents at issue in the
6 | Westinghouse Action and four additional patents relating generally to display
7 | technology: U.S. Patent Nos. 5,285,285, 5,212,553, 5,168,362 and 5,539,425. <u>Id.</u>
8 | Concurrently with the filing of the Vizio Action, Sony filed a Notice of Related
9 | Case and a Civil Cover Sheet, both of which noted that the Westinghouse Action
10 | and the Vizio Action overlapped with respect to the patents-in-suit and the
11 | determinations of questions of law and fact. Chou Decl., Ex. E and F. In addition,
12 | the Civil Cover Sheet also noted the potential for substantial duplication of labor if
13 | the two cases were adjudicated separately. Chou Decl., Ex. F.

14 |         In accordance with the typical process in this district for handling
15 | related cases, intra-district transfer of the Vizio Action to the docket of Judge
16 | Klausner was sought. However, on October 24, 2008, Judge Klausner declined to
17 | accept transfer of the case. In declining to accept transfer, the Court expressed the
18 | view that the two cases were "not related." Chou Decl. Ex. G.

19 |         In the section of the Court's Order entitled "REASON FOR
20 | TRANSFER AS INDICATED BY COUNSEL," the Court explicitly indicated that
21 | it considered the fact that the two cases called for determinations of the same or
22 | substantially related or similar questions of law and fact (indicated by the check
23 | mark next to box "B"). However, two other factors, both identified in the Notice of
24 | Related Case and Civil Cover Sheet, appear to have been overlooked and not
25 | considered (as indicated by the *lack* of a check mark next to their respective
26 | identifiers ("C" and "D"). Chou Decl., Ex. G. Specifically, the factors of
27 | substantial duplication of labor if the two cases were tried separately (as indicated
28 | by the identifier "C") and the fact that the two cases <u>involve the same patents</u> (as

51354/2692196.3

2

1    indicated by the identifier "D") were not acknowledged as factors presented by

2    counsel for the Court's consideration. Id.

3          On November 14, 2008, Sony filed its First Amended Complaint for

4    Patent Infringement in the Vizio Action, which removed four previously asserted

5    patents from the case: U.S. Patent Nos. 5,285,285, 5,212,553, 5,168,362 and

6    5,539,425. Chou Decl., Ex. H. As a result, the 10 patents remaining in the Vizio

7    Action are identical to the 10 patents at issue in the Westinghouse Action.

8

9                        **Argument**

10         Sony respectfully moves to reconsider Judge Klausner's Order

11   declining transfer of the Vizio Action. "A motion for reconsideration of the

12   decision of any motion may be made only on grounds of...a manifest showing of a

13   failure to consider material facts presented to the court before such decision." Civil

14   L.R. 7-18(c).

15         Judge Klausner's Order declining transfer of the Vizio Action did not

16   acknowledge the consideration of two material facts presented in Sony's Notice of

17   Related Case and Civil Cover Sheet. Specifically, the factors of substantial

18   duplication of labor if the two cases were tried separately and the fact that the two

19   cases involve the same patents were not acknowledged as factors considered in

20   Judge Klausner's Order. Chou Decl., Ex. G. Accordingly, it appears that the Court

21   overlooked and failed to consider these two material facts.

22         The Westinghouse and Vizio Actions involve the identical ten patents

23   and substantially similar accused products. Thus, a transfer will benefit judicial

24   economy by preventing the unnecessary and inefficient duplication of this Court's

25   efforts and eliminate the risk of inconsistent substantive rulings. For example, if the

26   Vizio Action were not transferred, both Judge Klausner and Judge Stotler would

27   engage in claim construction for the same 10 patents and would consider summary

28   judgment motions applying those patents against the same types of products, with a

3

1 | corresponding duplication of efforts and risk of inconsistent rulings. Similarly, both
2 | Judge Klausner and Judge Stotler would likely address the same prior art issues as
3 | well.

4 | Accordingly, the Court's Order declining intra-district transfer of the
5 | Vizio Action should be reconsidered, and it should be transferred to the docket of
6 | Judge Klausner.

7 |

8 | DATED:  November 19, 2008       Respectfully submitted,

9 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

10 |

11 | By /FOR

12 | Kevin P.B. Johnson
Attorneys for Sony Corporation

51354/2692196.3

EXHIBIT D

1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2  555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065-2139
3  Telephone: (650) 801-5000
   Facsimile: (650) 801-5100
4
   Steven M. Anderson (Bar No. 144014)
5  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
6  Los Angeles, California 90017
   Telephone: (213) 443-3000
7  Facsimile: (213) 443-3100

8  Attorneys for Plaintiff Sony Corporation

9             UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11                  SOUTHERN DIVISION

12

13  SONY CORPORATION, A Japanese       CASE NO. CV-01135-AHS-AN
    corporation,

14            Plaintiff,               **TIME-SENSITIVE**

15       vs.                          SONY CORPORATION'S *EX PARTE*
                                      APPLICATION SEEKING WAIVER OF
16  VIZIO INC., A California corporation,  L.R. 7-3'S 20-DAY WAITING PERIOD
                                      AND SHORTENING OF BRIEFING
17            Defendant.               SCHEDULE REGARDING SONY'S
                                      MOTION FOR RECONSIDERATION
18                                     OF TRANSFER ORDER;
                                      MEMORANDUM OF POINTS AND
19                                     AUTHORITIES IN SUPPORT
                                      THEREOF

20                                     [PROPOSED] ORDER FILED
21                                     CONCURRENTLY HEREWITH

22                                     **The Honorable Alicemarie H. Stotler**

23                                     **Hearing Date and Time:** TBD

24

25

26

27

28

51451/2699468.3

SONY'S *EX PARTE* APPLICATION SEEKING WAIVER OF WAITING PERIOD AND SHORTENING OF BRIEFING SCHEDULE

1  TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2            PLEASE TAKE NOTICE that Pursuant to <u>Local Rule</u> 7-19, Plaintiff

3  Sony Corporation ("Sony") will, and hereby does, apply *ex parte* for entry of the

4  accompanying [Proposed] Order regarding Waiver of L.R. 7-3's 20-Day Waiting

5  Period and Shortening of Briefing Schedule Regarding Sony Corporation's Motion

6  for Reconsideration of Transfer Order.

7            Pursuant to <u>Local Rules</u> 7-19 and 7-19.1, on November 17, 2008,

8  notified Vizio Inc.'s ("Vizio") counsel of the date, time, and substance of this *ex*

9  *parte* application. Vizio's counsel opposes this application. The name of Vizio's

10  counsel is James L. Wamsley III and William J. Brown, Jr. of Jones Day. Mr.

11  Wamsley's business address is 901 Lakeside Avenue, Cleveland, Ohio 44114;

12  phone: 216-586-3939. Mr. Brown's business address is 2 Park Plaza, Suite 1100,

13  Irvine, California 92614.

14

15

16  DATED: November 19, 2008          QUINN EMANUEL URQUHART OLIVER &
                                     HEDGES, LLP

17

18                                   By _____ /FOR

19                                   Kevin P.B. Johnson
                                     Attorneys for Plaintiff Sony Corporation

20

21

22

23

24

25

26

27

28

-2-                                  **Ex. D Page 16**

## MEMORANDUM OF POINTS AND AUTHORITIES

1

2    Plaintiff Sony Corporation ("Sony") respectfully applies *ex parte* to this

3    Court for an order of Waiver of <u>Local Rule</u> 7-3's 20-Day Waiting Period and

4    Shortening of Briefing Schedule Regarding Sony Corporation's Motion for

5    Reconsideration of Transfer Order.

6    As set forth in greater detail in Sony's Motion for Reconsideration of

7    Transfer Order and supporting documents in accordance with <u>Local Rule</u> 7-18,

8    material facts presented to the Court were respectfully overlooked in its decision to

9    decline intra-district transfer of this case (the "Vizio Action"). Specifically, Judge

10   Klausner denied intra-district transfer of the Vizio Action as a related case to his

11   docket, where Sony already has a related patent infringement case pending entitled

12   <u>Sony Corp. v. Westinghouse Digital Electronics, LLC</u>, CV08-03934 RGK (FMOx)

13   ("Westinghouse Action"), despite the fact that the 14 patents-at-issue in the Vizio

14   Action included all 10 of the patents-at-issue in the Westinghouse Action and the

15   accused products in each are digital televisions (Sony's First Amended Complaint

16   filed on November 14, 2008 dropped 4 patents and as a result, the Vizio Action and

17   the Westinghouse Action now involve the same 10 patents). Thus, the two actions

18   involve the same plaintiff, the same patents, the same underlying technology, and

19   the same types of infringing products and are therefore unquestionably substantially

20   related, involving the same or substantially identical questions of law and fact.

21   Accordingly, a transfer of the Vizio Action to Judge Klausner's docket

22   would  benefit judicial economy by preventing the unnecessary and inefficient

23   duplication of judicial efforts and eliminate the risk of inconsistent substantive

24   rulings. For example, if the Vizio Action were not transferred, both this Court and

25   Judge Klausner would engage in claim construction for the same 10 patents and

26   would consider summary judgment motions applying those patents against the same

27   types of products, with a corresponding duplication of efforts and risk of

28

1  inconsistent rulings.  Similarly, both Judge Klausner and Judge Stotler would likely
2  address the same prior art issues as well.

3        Expedited consideration of Sony's motion for reconsideration is
4  warranted.  Vizio's answer is currently due December 15, 2008.  Soon thereafter the
5  Court will set a Rule 16 conference, and discovery will commence.  Accordingly, it
6  is in the interest of the Court and the parties to resolve the issue of intra-district
7  transfer as soon as possible before it is necessary for the Court to engage in
8  duplicative efforts of apprising itself of the nature of the case and of the 10 patents
9  and accused products at issue.

10        Sony and Vizio met and conferred on the substance of Sony's motion
11  for reconsideration six days ago on November 13, 2008.  Sony therefore requests
12  that the Court waive the 20-day waiting period set forth in Local Rule 7-3 and allow
13  for the immediate filing of Sony's Motion to Reconsider Transfer Order.   Sony also
14  requests that the parties' briefing schedule be shortened as follows: Sony's Motion
15  for Reconsideration to be filed on November 19, 2008, Vizio's opposition, if any, to
16  be filed on November 26, 2008, and Sony's reply to be filed on December 2, 2008,
17  with a hearing date tentatively set for December 8, 2008.  For the foregoing reason,
18  Sony's requested relief should be granted.

19
20  DATED:  November 19, 2008    QUINN EMANUEL URQUHART OLIVER &
21                        HEDGES, LLP
22                        By_____/FOR
23                        Kevin P.B. Johnson
                          Attorneys for Plaintiff Sony Corporation
24
25
26
27
28

EXHIBIT E

1   Thomas R. Malcolm (State Bar No. 39248)
    trmalcolm@jonesday.com
2   William J. Brown, Jr. (State Bar No. 192950)
    wbrown@jonesday.com
3   JONES DAY
    3 Park Plaza, Suite 1100
4   Irvine, California 92614
    Telephone: (949) 851-3939
5   Facsimile: (949) 553-7539

6   Attorneys for Defendant VIZIO, Inc.

7

8                 UNITED STATES DISTRICT COURT

9       CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

10

11  SONY CORPORATION,                 | Case No. SACV-08-01135-AHS(ANx)

12                    Plaintiff,      | **VIZIO'S MEMORANDUM OF
                                      | POINTS AND AUTHORITIES
13           v.                       | OPPOSING SONY
                                      | CORPORATION'S *EX PARTE*
14                                    | APPLICATION SEEKING WAIVER
    VIZIO, INC.,                      | OF L.R. 7-3'S 20-DAY WAITING
15                                    | PERIOD AND SHORTENING OF
                      Defendant.      | BRIEFING SCHEDULE
16                                    | REGARDING SONY'S MOTION
                                      | FOR RECONSIDERATION OF
17                                    | TRANSFER ORDER**

18                                    | [Proposed Transferee Judge:
                                      | Honorable R. Gary Klausner]
19

20

21          Sony Corporation's *Ex Parte* Application abuses this Court's rules and

22  procedures governing *ex parte* relief and should be denied. No extraordinary relief

23  is at stake, and Sony has not demonstrated that it will suffer any prejudice if its

24  unwarranted motion for reconsideration of an intra-district transfer order is taken up

25  on the regular schedule.

26          This Court's standing Order clearly states that:

27          *Ex Parte* applications are ONLY for extraordinary relief.

28          Sanctions may be imposed for misuse of *ex parte*

LAI-2988251v1

1    applications. *See Mission Power Engineering Co. v.*
2    *Continental Casualty Co.,* 883 F.Supp. 488 (C.D. Cal.
3    1995).
4  As the *Mission Power Engineering* decision makes clear, "[e]x parte motions are
5  rarely justified," and are "inherently unfair" when--as here--they are filed not to
6  secure legitimate extraordinary relief but instead in an effort to gain tactical
7  advantage. 883 F.Supp. at 490. Sony's Application fits squarely within the mold
8  criticized by the *Mission Power Engineering* court as "debilitat[ing] the adversary
9  system." *Id.* A motion for reconsideration of an intra-district transfer order decided
10  weeks ago in no way qualifies for extraordinary relief. In addition, Sony advised
11  VIZIO of its intention to make its *ex parte* application only 24 hours in advance,
12  engaging in the very "gamesmanship" decried in the *Mission Power Engineering*
13  opinion. *Id.*
14    Sony's Application also fails miserably when measured against the two-part
15  test for *ex parte* motions established in the *Mission Power Engineering* decision
16  (*Id.* at 492):
17    What showing is necessary to justify ex parte
18    relief? First, the evidence must show that the moving
19    party's cause will be irreparably prejudiced if the
20    underlying motion is heard according to regular noticed
21    motion procedures. Second, it must be established that
22    the moving party is without fault in creating the crisis that
23    requires ex parte relief, or that the crisis occurred as a
24    result of excusable neglect.
25  Putting aside Sony's own fault in delaying several weeks before raising the issue--
26  which is reason enough to deny their Application--it is plain that Sony has
27  demonstrated no irreparable prejudice if its motion for reconsideration "is heard
28  according to regular noticed motion procedures." As Sony itself concedes, VIZIO

LAI-2988251v1

1  is not even due to respond to the Amended Complaint for several weeks.  No

2  procedural or substantive prejudice will be visited on Sony if it is required to follow

3  this Court's "regular noticed motion procedures."  No Rule 16 conference will be

4  held and no duplicative efforts will be undertaken by the Court if those procedures

5  are followed.  This is particularly true given the fact that Sony yesterday consented

6  to a 30-day extension of time for VIZIO to respond to its Amended Complaint.  If

7  granted, VIZIO's response will not be due until January, 2009--providing ample

8  time for hearing Sony's motion on the normal schedule.

9       Beyond those deficiencies, Sony's motion for reconsideration is itself

10  baseless.  First, Sony has not established a basis for reconsideration under any of

11  the three grounds required by L.R. 7-18.  While Sony purports to rely on L.R. 7-

12  18(c), it has not made (and cannot make) "a manifest showing of failure to consider

13  material facts presented to the Court."  Sony has not identified a single material fact

14  that this Court failed to consider.  Indeed, Sony attempts to rely on the substance of

15  its Amended Complaint--which was not filed until November 14--weeks after this

16  Court's Order denying the intra-district transfer.  These facts alone demonstrate that

17  reconsideration is unwarranted.

18       Furthermore, Sony has no "right" to have this case heard by a particular

19  judge, and Sony's motion for reconsideration can be denied solely for this reason as

20  well.  The local rules on related cases were adopted for the Court's benefit rather

21  than the tactical advantage of private litigants, and Sony has no standing or legally

22  cognizable right to seek reconsideration of the Court's decision to decline a case

23  transfer.  Under this Court's procedures, that is a matter for the Case Assignment

24  Committee if the transferor judge disagrees.  General Order 8-05, § 5.2.  Moreover,

25  the Judges of this Court have discretion not to accept a case transfer under Local

26  Rule 83-1.3.  *Payne v. Anvil Knitwear, Inc.*, 2007 U.S. Dist. LEXIS 51352 at *8

27  (C.D. Cal. June 27, 2007).

28       This case may never be heard in this Court in any event.  Sony was notified

LAI-2988251v1

-3-

1  before it filed its original Complaint here that VIZIO had first filed a declaratory

2  judgment action in the District of New Jersey involving virtually all the same Sony

3  patents. *VIZIO, Inc. v. Sony Corp. et al.*, No. 08-5029 (FSH/OS). Rather than

4  simply counterclaim in New Jersey, Sony chose to judge shop by filing its

5  Complaint here along with its first Notice of Related Cases, claiming that the case

6  was related to the *Westinghouse* case.

7       Tellingly, Sony did not disclose VIZIO's New Jersey case to this Court and

8  violated Local Rule 83-1.4 by failing to file a "Notice of Pendency of Other Actions

9  or Proceedings" with their Complaint. Under Federal Circuit (and Ninth Circuit)

10  precedents, the forum of the first-filed case is normally favored under the first-to-

11  file rule. *Micron Technology, Inc. v. Mosaid Technologies, Inc.*, 518 F.3d 897, 904

12  (Fed. Cir. 2008)("The general rule favors the forum of the first-filed action, whether

13  or not it is a declaratory judgment action."). In addition, since this Court is the

14  forum of the second-filed case, the normal procedure is for this Court to stay or

15  dismiss this action, leaving it to the District of New Jersey court to decide any issue

16  regarding transfer, etc. *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622, 627-

17  29 (9th Cir. 1991).

18       In any event, transfer of this case to Judge Klausner would be unwarranted

19  under Local Rule 83-1.3. Although Sony amended its original Complaint to make

20  it appear that only the same ten patents were asserted in both this case and the

21  *Westinghouse* case, that is not the whole story. A "real and substantial" dispute

22  seems to remain under the four patents Sony dropped, and claims may still be

23  asserted under those four patents. While Sony has sent VIZIO a covenant not to

24  sue under the four "dropped" patents, that covenant is limited, and does not appear

25  to extend to the full breadth of Sony's original infringement allegations against

26  VIZIO. *See FieldTurf USA, Inc. v. Sports Constr. Group, LLC*, 507 F.Supp.2d 801

27  (N.D. Ohio 2007). Therefore, the patents in suit here will not likely end up being

28  the same as those in the *Westinghouse* case.

LAI-2988251v1

Ex. E Page 22

1    Even if the exact same patents were at issue in both cases, however, that

2    alone would not be sufficient under the local rule to justify a related case transfer,

3    since at least one of the other factors identified in clause (a), (b) or (c) of the rule

4    must be present as well. *See* L.R. 8-1.3.1. Sony makes a conclusory claim that the

5    two actions will involve "the same or substantially identical questions of law and

6    fact," but it is insufficient. The same thing could be said of any two actions

7    involving the same patents, but L.R. 8-1.3 explicitly requires more than that to

8    justify a related case transfer. Moreover, while VIZIO's products are televisions,

9    they are also different from Westinghouse's, so Sony's infringement claims against

10   these two defendants will almost certainly differ, creating different issues of fact

11   and law. It cannot simply be assumed--as Sony does--that the same issues of claim

12   construction, validity and enforceability will arise in both actions. For example,

13   differences in products lead to different infringement and claim construction issues.

14   In short, Sony's motion is unsupported and does not justify reconsideration.

15                              CONCLUSION

16        For the foregoing reasons, defendant VIZIO respectfully requests that:

17   (1) Sony's *Ex Parte* Application be denied, and (2) Sony's Motion for

18   Reconsideration either be denied or be set down for briefing and hearing based on

19   this Court's regular motion procedures.

20                              Respectfully submitted,

21   Dated:  November 20, 2008    JONES DAY

22

23                              By

24                                 Thomas R. Malcolm

25                              Attorneys for Defendant
                                VIZIO, INC.

26

27

28

LAI-2988251v1
                              - 5 -

# EXHIBIT F

1 | Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | 555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
3 | Telephone: (650) 801-5000
Facsimile: (650) 801-5100
4
5 | Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
6 | 865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff Sony Corporation

9 | UNITED STATES DISTRICT COURT

10 | CENTRAL DISTRICT OF CALIFORNIA

11 | SOUTHERN DIVISION

12

13 | SONY CORPORATION, A Japanese corporation,

14 |            Plaintiff,

15 |      vs.

16 | VIZIO INC., A California corporation,

17 |            Defendant.

18

19

20

CASE NO. SA CV08-01135-AHS

**TIME-SENSITIVE**

ORDER **DENYING** SONY CORPORATION'S *EX PARTE* APPLICATION SEEKING WAIVER OF L.R. 7-3'S 20-DAY WAITING PERIOD AND SHORTENING OF BRIEFING SCHEDULE REGARDING SONY'S MOTION FOR RECONSIDERATION OF TRANSFER ORDER

21
22
23
24
25
26
27
28

51451/2699871.1

-1-

CASE NO. CV 01135-AHS-AN
[PROPOSED] ORDER GRANTING *EX PARTE* APPLICATION

Ex. F Page 24

1    Plaintiff Sony Corporation ("Sony") has filed an *Ex Parte* Application

2   Seeking Waiver of L.R. 7-3's 20-Day Waiting Period and Shortening of Briefing

3   Schedule Regarding Sony Corporation's Motion for Reconsideration of Transfer

4   Order.  Having considered the application, the other pleadings and filings in this

5   action, and for good cause appearing,

6

7   IT IS HEREBY ORDERED that:

8        (1) Sony's request to waive Civil Local Rule 7-3's 20-day waiting period

9   with regard to Sony's Motion for Reconsideration of Transfer Order is hereby

10  GRANTED and

11       (2) The briefing schedule for Sony's Motion for Reconsideration of Transfer

12  Order is as follows: Sony's Motion for Reconsideration is to be filed no later than

13  November 19, 2008, Vizio's opposition, if any, is to be filed no later than November

14  26, 2008, and Sony's reply, if any, is to be filed no later than December 2, 2008.

15  Hearing on this matter is tentatively set for December 8, 2008.

16
# DENIED
17
## BY ORDER OF THE COURT
18

19  Dated: 12/4/08                    By:

20

21

22                         Honorable R. GARY KLAUSNER
                           United States District Judge
23

24

25

26

27

28