Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO INC., A California corporation,<br><br>Defendant. | CASE NO. CV-01135-AHS-AN<br><br>**SONY'S REPLY IN SUPPORT OF AMENDED MOTION FOR RECONSIDERATION OF TRANSFER ORDER**<br><br>[Concerns Order by the Honorable R. Gary Klausner Declining Intra-District Transfer]<br><br>**Judge:** Hon. R. Gary Klausner<br>**Hearing Date and Time:** January 5, 2009, 10:00 a.m. |

## Introduction

VIZIO's Opposition misstates the core of Sony's Amended Motion, as well as much of the procedural history underlying it. However, nothing in VIZIO's Opposition undercuts the critical point of the Amended Motion: both this action and the Westinghouse Action will require substantially identical judicial efforts regarding identical patents and very similar products, and having two different Judges presiding over the cases not only will waste a significant amount of the Court's resources, but will also present a risk of reaching conflicting rulings within the District. As a result, the VIZIO Action should be declared a "related action" to Westinghouse Action and transferred to the docket of Judge Klausner.

## Argument

### I. THIS COURT HAS *NEVER* RULED ON THE ISSUES RAISED IN THE AMENDED MOTION

At the outset, VIZIO's repeated claims that Sony's attempts to transfer this action to Judge Klausner's docket have been denied is simply wrong. First and foremost, despite VIZIO's attempt to portray it as something more substantive, the *only* effect of the December 4, 2008 Order was a denial of a motion to shorten the briefing schedule. The request was simply denied without reference to the substance of the motion for reconsideration. *See* Declaration of William Brown, Exhibit F at 2 (proposed order addressed *only* Civil Local Rule 7-3 and the briefing schedule, *not* the substance of the Motion for Reconsideration).

The only other denial that VIZIO can point to is the October 24, 2008 decision under reconsideration. However, as explained in Sony's opening papers and below, this denial was made after the Court apparently overlooked and failed to consider material facts. At no time, however, has the Court considered or ruled on any of the facts or issues raised in Sony's Motion for Reconsideration, and VIZIO's suggestion to the contrary is incorrect.

## II. VIZIO'S OPPOSITION MISSTATES THE STANDARD FOR A MOTION FOR RECONSIDERATION

VIZIO's claim that the Amended Motion is improper is based upon a mischaracterization of the procedural history.

Local Rule 7-18 has two requirements: first, that the Court has "overlooked" a material fact in making its original ruling, and second, that a motion for reconsideration focus only upon the facts overlooked by the Court.[1] Sony has met both of these requirements.

As explained in the Amended Motion, Judge Klausner's order declining transfer specifically failed to note that the reason for transfer was pursuant to Local Rule 83-1.3.1(d) (same patents at issue) and the duplication of judicial efforts that handling the two cases at issue before different judges would entail. The failure of the order to reflect these facts is, itself, sufficient to meet Local Rule 7-18's requirement that a motion for reconsideration be based upon an "overlooked" material fact. VIZIO's attempts to *imply* that these facts were considered based on the Notice of Related Cases and Civil Cover Sheet having been before the Court are without merit, as disclosed by Judge Klausner's order itself. In the section entitled "Reason for Transfer as Indicated by Counsel," *only* the box corresponding to Local Rule 83-1.3.1(b) is checked. Consequently, given that the Order for which reconsideration is sought indicates that these arguments were not asserted by counsel as a basis for transfer, it is evident that, despite VIZIO's argument to the contrary, they were not considered by the Court when issuing its original order.

Furthermore, the Amended Motion complies with Local Rule 7-18's bar on rearguing prior papers. Unlike a standard motion, there were no prior arguments presented to (and rejected by) the Court for Sony to reargue. Neither the original

---

[1] Thus, the Local Rule bars rearguing positions set forth in the papers the original ruling was based upon.

1  Motion for Reconsideration nor the *ex parte* Application to Shorten Time were *ever*
2  ruled on by the Court; at no time has any of Sony's arguments been rejected. The
3  Amended Motion is proper.

4  **III.  SONY HAS AMPLY DEMONSTRATED THE RELATEDNESS OF**
5     **THE TWO CASES**

6           VIZIO's Opposition perfunctorily states that Sony has merely
7  "assumed" that the issues in the Westinghouse Action will be similar or identical to
8  those in the VIZIO Action because of the identical patents-in-suit. VIZIO has,
9  however, *no* response to Sony's explanation of the similarity of the products in each
10 suit. As explained in the Amended Motion, five of the ten patents at issue in each of
11 these actions cover various digital television standards and specifications, the
12 implementations of which by both Westinghouse and VIZIO are *necessarily* similar
13 or identical. (*See* Amended Motion at 4:14-5:2.)

14          VIZIO's assertion that there may be additional issues in its case is,
15 again, not only insufficient to defeat a finding that the cases are "related," but also
16 inaccurate. As explained in the Amended Motion, Sony's covenant not to sue
17 divests a court of *any* jurisdiction over the patents subject to the covenant. *See*
18 *Super Sack Mfg. Corp. v. Chase Packaging Corp.,* 57 F.3 1054 (Fed. Cir. 1995).
19 VIZIO has not provided *any* support for its claim that the covenant not to sue does
20 not "extend to the full breadth of Sony's original infringement allegations." Opp. at
21 6:3-4. This is because, under *Super Sack,* VIZIO cannot. Regardless, the standard
22 for finding two cases related is not a complete identity of *all* claims and issues, as
23 VIZIO would have it; there need only be substantial factual and legal overlap
24 between the two cases. This overlap is plainly present here. Not only are identical
25 patents at issue in the VIZIO Action and the Westinghouse Action, but also the
26 implementation of many of those patents is necessarily similar or identical.
27 Furthermore, any purported validity defenses are likely to be similar or identical.
28

The significant factual and legal overlap these issues present is more than sufficient to meet Local Rule 83-1.3.1's definition of "related cases." VIZIO's Opposition has not raised any legitimate arguments to the contrary.

## IV. NONE OF VIZIO'S OTHER ARGUMENTS HAVE MERIT

Lastly, VIZIO makes two other related, but irrelevant, arguments centered on the existence of the New Jersey Action.

First. VIZIO contends that that Sony's Amended Motion should be denied solely because of the existence of the New Jersey Action, which VIZIO claims is the "first filed." At the outset, VIZIO's insistence that the New Jersey Action should be considered the "first filed" is not accurate, as both that case and the VIZIO Action were filed on the *same* day. In any event, whichever case was "first filed" is irrelevant to the Amended Motion: the "first filed" rule has *no* effect on intra-district transfer orders. Any motion to stay or transfer this action based on VIZIO's inaccurate characterization of the New Jersey Action as "first filed" should be decided *following* the determination of the relatedness of this case to the Westinghouse Action and its transfer to Judge Klausner's docket.

Second, VIZIO baselessly accuses Sony of "judge shopping." VIZIO ignores the fact that the Westinghouse Action was randomly assigned to Judge Klausner from the Automated Case Assignment System pursuant to General Order 8-05 § 1.2 and is the first-filed case concerning the patents-in-suit filed in this District. Accordingly, Sony's efforts to avoid the needlessly duplicative effort and waste of the Court's resources (as well as those of the parties) that will be required to simultaneously litigate identical patents-in-suit and similar products before two Judges of the same court, as well as to avoid the additional difficulties that conflicting rulings in those actions could cause, cannot remotely be considered improper, let alone "judge shopping."

## V. CONCLUSION

For the foregoing reasons, as well as those stated in Sony's moving papers, the Court's Order declining intra-district transfer of the VIZIO Action should be reconsidered, and this case should be determined to be related to the Westinghouse Action pursuant to Local Rule 83-1.3.1 and be transferred to the docket of Judge Klausner.

DATED: December 29, 2008    Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____/s/_____ /for
Kevin P.B. Johnson
Attorneys for Sony Corporation