Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
Richard D. Whitlow (State Bar No. 227947)
rdwhitlow@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>VIZIO, INC.,<br><br>    Defendant. | Case No. CV-08-01135-RGK(FMO)<br><br>**VIZIO'S ANSWER AND AFFIRMATIVE DEFENSES TO SONY'S AMENDED COMPLAINT** |

Defendant VIZIO, Inc. ("VIZIO"), by and through its counsel, hereby answers the Amended Complaint for Patent Infringement ("the Amended Complaint") of Plaintiff Sony Corporation ("Sony" or "the Plaintiff") as follows:

**THE PARTIES**

1. VIZIO admits the allegations of Paragraph 1 of this subsection of the Amended Complaint.

2. VIZIO admits the allegations of Paragraph 2 of this subsection of the Amended Complaint.

- 1 -

## JURISDICTION AND VENUE

1. VIZIO admits that this purports to be an action for patent infringement arising under the patent laws of the United States, but denies any liability thereunder. VIZIO admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States, but lacks information sufficient to form a belief regarding whether the Plaintiff has standing to bring this action, and on that basis denies any remaining allegations of Paragraph 1 of this subsection of the Amended Complaint.

2. VIZIO denies that it has committed acts of infringement. For the purposes of this litigation only, VIZIO admits that this Court has personal jurisdiction over VIZIO. VIZIO denies any remaining allegations of Paragraph 2 of this subsection of the Amended Complaint.

3. VIZIO admits that the minimum requisites for venue under 35 U.S.C. 1391(c) exist in this district, but states that venue is more properly established in the District of New Jersey, which would better serve the convenience of the witnesses, the convenience of the parties, and the interests of justice. VIZIO denies any remaining allegations of Paragraph 3 of the Amended Complaint.

## THE PATENTS IN SUIT

4. VIZIO admits that U.S. Patent No. 5,434,626 ("the '626 patent") on its face purports to have issued on July 18, 1995, and lists a title of "Display Apparatus Displaying Operation Menu," but denies that the '626 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '626 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 4 of the Amended Complaint, and on that basis denies those allegations.

5. VIZIO admits that U.S. Patent No. 5,583,577 ("the '577 patent") on its face purports to have issued on December 10, 1996, and lists a title of "Caption Data Coding/Decoding Systems and Methods That Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption," but denies that the '577 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '577 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 5 of the Amended Complaint, and on that basis denies those allegations.

6. VIZIO admits that U.S. Patent No. 5,684,542 ("the '542 patent") on its face purports to have issued on November 4, 1997, and lists a title of "Video Subtitle Processing System," but denies that the '542 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '542 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 6 of the Amended Complaint, and on that basis denies those allegations.

7. VIZIO admits that U.S. Patent No. 5,731,847 ("the '847 patent") on its face purports to have issued on March 24, 1998, and lists a title of "Subtitle Encoding/Decoding Method and Apparatus," but denies that the '847 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '847 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 7 of the Amended Complaint, and on that basis denies those allegations.

8. VIZIO admits that U.S. Patent No. 5,751,373 ("the '373 patent") on its face purports to have issued on May 12, 1998, and lists a title of "Television Function Selection Method, Television Receiver and Remove Commander for Television Receiver," but denies that the '373 patent was duly and legally issued on

that day. VIZIO admits that what purports to be a copy of the '373 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 8 of the Amended Complaint, and on that basis denies those allegations.

9. VIZIO admits that U.S. Patent No. 6,111,614 ("the '614 patent") on its face purports to have issued on August 29, 2000, and lists a title of "Method and Apparatus for Displaying an Electronic Menu Having Components With Differing Levels of Transparency," but denies that the '614 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '614 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 9 of the Amended Complaint, and on that basis denies those allegations.

10. VIZIO admits that U.S. Patent Reissue No. 38,055 ("the '055 patent") on its face purports to have issued on April 1, 2003, and lists a title of "Video Data Bus Communication System and Method," but denies that the '055 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '055 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 10 of the Amended Complaint, and on that basis denies those allegations.

11. VIZIO admits that U.S. Patent Reissue No. 40,468 ("the '468 patent") on its face purports to have issued on August 26, 2008, and lists a title of "Video Data Bus Communication System and Method," but denies that the '468 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '468 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 11 of the Amended Complaint, and on that basis denies those allegations.

12. VIZIO admits that U.S. Patent No. 6,778,182 ("the '182 patent") on its face purports to have issued on August 17, 2004, and lists a title of "Display Device," but denies that the '182 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '182 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 12 of the Amended Complaint, and on that basis denies those allegations.

13. VIZIO admits that U.S. Patent No. 6,661,472 ("the '472 patent") on its face purports to have issued on December 9, 2003, and lists a title of "Channel Selection in Digital Television," but denies that the '472 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '472 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 13 of the Amended Complaint, and on that basis denies those allegations.

14. VIZIO admits that the term "patents-in-suit" is used in the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 14 of the Amended Complaint, and on that basis denies those allegations.

15. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 15 of the Amended Complaint, and on that basis denies those allegations.

## COUNT I

16. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

17. VIZIO denies all the allegations of Paragraph 17 of the Amended Complaint.

18. VIZIO denies all the allegations of Paragraph 18 of the Amended Complaint.

19. VIZIO denies all the allegations of Paragraph 19 of the Amended Complaint.

20. VIZIO denies all the allegations of Paragraph 20 of the Amended Complaint.

21. VIZIO denies all the allegations of Paragraph 21 of the Amended Complaint.

22. VIZIO denies all the allegations of Paragraph 22 of the Amended Complaint.

23. VIZIO denies all the allegations of Paragraph 23 of the Amended Complaint.

## COUNT II

24. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

25. VIZIO denies all the allegations of Paragraph 25 of the Amended Complaint.

26. VIZIO denies all the allegations of Paragraph 26 of the Amended Complaint.

27. VIZIO denies all the allegations of Paragraph 27 of the Amended Complaint.

28. VIZIO denies all the allegations of Paragraph 28 of the Amended Complaint.

29. VIZIO denies all the allegations of Paragraph 29 of the Amended Complaint.

30. VIZIO denies all the allegations of Paragraph 30 of the Amended Complaint.

31. VIZIO denies all the allegations of Paragraph 31 of the Amended Complaint.

## COUNT III

32. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

33. VIZIO denies all the allegations of Paragraph 33 of the Amended Complaint.

34. VIZIO denies all the allegations of Paragraph 34 of the Amended Complaint.

35. VIZIO denies all the allegations of Paragraph 35 of the Amended Complaint.

36. VIZIO denies all the allegations of Paragraph 36 of the Amended Complaint.

37. VIZIO denies all the allegations of Paragraph 37 of the Amended Complaint.

38. VIZIO denies all the allegations of Paragraph 38 of the Amended Complaint.

39. VIZIO denies all the allegations of Paragraph 39 of the Amended Complaint.

## COUNT IV

40. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

41. VIZIO denies all the allegations of Paragraph 41 of the Amended Complaint.

42. VIZIO denies all the allegations of Paragraph 42 of the Amended Complaint.

43. VIZIO denies all the allegations of Paragraph 43 of the Amended Complaint.

44. VIZIO denies all the allegations of Paragraph 44 of the Amended Complaint.

45. VIZIO denies all the allegations of Paragraph 45 of the Amended Complaint.

46. VIZIO denies all the allegations of Paragraph 46 of the Amended Complaint.

47. VIZIO denies all the allegations of Paragraph 47 of the Amended Complaint.

## COUNT V

48. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

49. VIZIO denies all the allegations of Paragraph 49 of the Amended Complaint.

50. VIZIO denies all the allegations of Paragraph 50 of the Amended Complaint.

51. VIZIO denies all the allegations of Paragraph 51 of the Amended Complaint.

52. VIZIO denies all the allegations of Paragraph 52 of the Amended Complaint.

53. VIZIO denies all the allegations of Paragraph 53 of the Amended Complaint.

54. VIZIO denies all the allegations of Paragraph 54 of the Amended Complaint.

55. VIZIO denies all the allegations of Paragraph 55 of the Amended Complaint.

## COUNT VI

56. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

57. VIZIO denies all the allegations of Paragraph 57 of the Amended Complaint.

58. VIZIO denies all the allegations of Paragraph 58 of the Amended Complaint.

59. VIZIO denies all the allegations of Paragraph 59 of the Amended Complaint.

60. VIZIO denies all the allegations of Paragraph 60 of the Amended Complaint.

61. VIZIO denies all the allegations of Paragraph 61 of the Amended Complaint.

62. VIZIO denies all the allegations of Paragraph 62 of the Amended Complaint.

63. VIZIO denies all the allegations of Paragraph 63 of the Amended Complaint.

## COUNT VII

64. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

65. VIZIO denies all the allegations of Paragraph 65 of the Amended Complaint.

66. VIZIO denies all the allegations of Paragraph 66 of the Amended Complaint.

67. VIZIO denies all the allegations of Paragraph 67 of the Amended Complaint.

68. VIZIO denies all the allegations of Paragraph 68 of the Amended Complaint.

69. VIZIO denies all the allegations of Paragraph 69 of the Amended Complaint.

70. VIZIO denies all the allegations of Paragraph 70 of the Amended Complaint.

71.   VIZIO denies all the allegations of Paragraph 71 of the Amended Complaint.

## COUNT VIII

72.   VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

73.   VIZIO denies all the allegations of Paragraph 73 of the Amended Complaint.

74.   VIZIO denies all the allegations of Paragraph 74 of the Amended Complaint.

75.   VIZIO denies all the allegations of Paragraph 75 of the Amended Complaint.

76.   VIZIO denies all the allegations of Paragraph 76 of the Amended Complaint.

77.   VIZIO denies all the allegations of Paragraph 77 of the Amended Complaint.

78.   VIZIO denies all the allegations of Paragraph 78 of the Amended Complaint.

## COUNT IX

79.   VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

80.   VIZIO denies all the allegations of Paragraph 80 of the Amended Complaint.

81.   VIZIO denies all the allegations of Paragraph 81 of the Amended Complaint.

82.   VIZIO denies all the allegations of Paragraph 82 of the Amended Complaint.

83.   VIZIO denies all the allegations of Paragraph 83 of the Amended Complaint.

84. VIZIO denies all the allegations of Paragraph 84 of the Amended Complaint.

85. VIZIO denies all the allegations of Paragraph 85 of the Amended Complaint.

## COUNT X

86. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

87. VIZIO denies all the allegations of Paragraph 87 of the Amended Complaint.

88. VIZIO denies all the allegations of Paragraph 88 of the Amended Complaint.

89. VIZIO denies all the allegations of Paragraph 89 of the Amended Complaint.

90. VIZIO denies all the allegations of Paragraph 90 of the Amended Complaint.

91. VIZIO denies all the allegations of Paragraph 91 of the Amended Complaint.

92. VIZIO denies all the allegations of Paragraph 92 of the Amended Complaint.

## VIZIO'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. As and for a separate affirmative defense, VIZIO alleges that it does not infringe, induce infringement of, or contributorily infringe any properly construed, valid claim of the '626 patent, the '577 patent, the '542 patent, the '847 patent, the '373 patent, the '614 patent, the '055 patent, the '468 patent, the '182 patent, or the '472 patent ("the patents-in-suit").

### Second Affirmative Defense

2. As and for a separate affirmative defense, VIZIO alleges that one or more of the claims of the patents-in-suit is invalid for failing to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

3. As and for a separate affirmative defense, VIZIO alleges that Sony is barred from recovering damages for failure to provide adequate notice in accordance with 35 U.S.C. § 287.

### Fourth Affirmative Defense

4. As and for a separate affirmative defense, VIZIO alleges that the Amended Complaint fails to state any claim on which relief can be granted.

### Fifth Affirmative Defense

5. VIZIO presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses. As such, VIZIO reserves the right to assert additional affirmative defenses in the event investigation or discovery indicates that additional affirmative defenses are appropriate, including, but not limited to, affirmative defenses of estoppel, laches, inequitable conduct, patent misuse, and/or unclean hands.

### PRAYER FOR RELIEF

WHEREFORE, VIZIO prays for relief as follows:

A. That the Plaintiff's Amended Complaint be dismissed with prejudice and that the Plaintiff recover nothing thereon;

B. That Sony be required to pay VIZIO's attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

C. That Sony be required to pay VIZIO's costs; and

D. For such other and further relief as the Court may deem just and fair.

**DEMAND FOR JURY TRIAL**

VIZIO requests a jury trial of any issues triable by jury.

Dated: January 26, 2009

Respectfully submitted,

JONES DAY

By: /s/ Thomas R. Malcolm
Thomas R. Malcolm
Richard D. Whitlow

Attorneys for Defendant VIZIO, INC.

# CERTIFICATE OF SERVICE

I, Yvette Barba, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3 Park Plaza, Suite 1100, Irvine, California 92614. On January 26, 2009, I served a copy of **VIZIO'S ANSWER AND AFFIRMATIVE DEFENSES TO SONY'S AMENDED COMPLAINT** by electronic transmission.

I am familiar with the United States District Court, Central District of California, Western Division's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

> Kevin P.B. Johnson, Esq.
> Quinn Emanuel Urquhart Oliver and Hedges
> 555 Twin Dolphin Drive, Suite 560
> Redwood Shores, CA 94065
> kevinjohnson@quinnemanuel.com
>
> Steven M. Anderson, Esq.
> Rory S. Miller, Esq.
> Quinn Emanuel Urquhart Oliver and Hedges
> 865 South Figueroa St., 10th Floor
> Los Angeles, CA 90017
> stevenanderson@quinnemanuel.com

Executed on January 26, 2009, at Irvine, California.

*/s/ Yvette Barba*
Yvette Barba