Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
Richard D. Whitlow (State Bar No. 227947)
rdwhitlow@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Kevin G. McBride (State Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (State Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendant VIZIO, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION, a Japanese corporation,<br><br>Plaintiff,<br><br>v.<br><br>VIZIO, INC., a California corporation,<br><br>Defendant. | Case No. SA CV 08-01135-RGK (FMOx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT VIZIO, INC.'S MOTION FOR TEMPORARY STAY AND/OR THIRTY-DAY CONTINUANCE OF THE APRIL 6, 2009 SCHEDULING CONFERENCE**<br><br>Date: April 6, 2009<br>Time: 9:00 a.m.<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850 |

Defendant Vizio respectfully requests that the Court enter a temporary stay of this litigation, or alternatively a thirty-day continuance of the April 6, 2009 scheduling conference, pending resolution of Plaintiff Sony's motion to transfer a prior pending action, which involves eight of the patents at issue here.

LAI-3008918v3

P's and A's In Support of Mtn for Stay and/or
Thirty-Day Continuance of Scheduling Conf.
Case No. SA CV 08-01135-RGK (FMOx)

## BACKGROUND

Sony filed this patent infringement action on October 10, 2008 (Doc. No. 1.) shortly after learning that Vizio had filed a declaratory relief action in the District of New Jersey ("the New Jersey action") (D.N.J. Case No. 08-CV-05029-FSH-PS). Vizio's first-filed action and Sony's second-filed action involve eight identical Sony patents. In the first-filed New Jersey action, Vizio sought declaratory judgment of non-infringement and invalidity of twelve Sony patents, and brought other non-patent claims. (*See* Declaration of Steven J. Corr, Ex. A.) In its response, Sony counterclaimed for infringement of eight of the same patents at issue before this Court. (*Id.*, Ex. B.) In this second action, Sony originally alleged that Vizio is infringing the same patents at issue in the New Jersey action, plus two additional Sony patents. Sony later amended its complaint to assert a total of ten patents against Vizio, eight of which are identical to patents still at issue in the New Jersey action.

On January 16, 2009, the New Jersey court issued two orders – one set a briefing schedule on Sony's motion to transfer (in response to Sony's request to file such a motion); and ruled that that the case schedule should progress through the pretrial stages, regardless of the federal forum in which the case proceeds. (*Id.*, Ex. C.) The other order set forth the date for a scheduling conference, and ordered the parties to, among other requirements, continue with early disclosure requirements and timely submit a joint discovery plan. (*Id.*, Ex. D.).

Sony then filed a motion to transfer the New Jersey action to this district. (*Id.*, Ex. E.) Vizio opposed Sony's motion to transfer. (*Id.*, Ex. F.) To date, no ruling has been made by the New Jersey court on Sony's motion to transfer.[1]

In meet and confer discussions in January 2009, Vizio requested that Sony

---

[1] One basis of Sony's motion to transfer was that Sony had brought a prior action against Westinghouse in this Court involving the same patents as in the New Jersey action. That matter, however, has now been settled and dismissed, and Sony has acknowledged the settlement in a letter to the New Jersey court. (*Id.*, Ex. G.)

LAI-3008918v3

- 2 -

P's and A's In Support of Mtn for Stay and/or
Thirty-Day Continuance of Scheduling Conf.
Case No. SA CV 08-01135-RGK (FMOx)

agree to a temporary stay of this action pending resolution of Sony's motion to transfer, but Sony refused. (*Id.*, Ex. H.) Again, on March 11, 2009, Vizio requested that Sony agree at least to a thirty-day continuance of the scheduling conference in this action to allow the New Jersey court to rule on Sony's motion to transfer. Sony again refused.

On March 12, 2009, the parties submitted a Joint Discovery Plan to the New Jersey court in preparation for a March 13, 2009 scheduling conference. (*Id.*, Ex. I.) That scheduling conference has now taken place. Although the court has not yet issued an order, the parties were informed that the case would proceed with the following deadlines (among others): (1) deadline to file amended pleadings – September 10, 2009; (2) fact discovery cut-off – March 31, 2010; and (3) final pretrial conference – October 27, 2010. The court also set a series of deadlines for the parties to file various required submissions under the New Jersey district court's recently adopted Local Patent Rules culminating in a final submission on June 11, 2010. (*Id.*, ¶11.)

## DISCUSSION

A strong showing of good cause exists to grant a temporary stay or a thirty-day continuance of the pending scheduling conference until such issues have been resolved. Consistent with Ninth Circuit precedent, this Court, as the second-filed court, should temporarily stay or continue the pending litigation for thirty days in deference to the New Jersey court, the first-filed court. *See Alltrade v. Uniweld Prods., Inc.*, 946 F.2d 622, 629, n. 16 (9th Cir. 1991) (noting that a temporary stay "may . . . be appropriate to permit the court of first filing to rule on a motion to transfer"). After the New Jersey court rules on Sony's motion to transfer, this Court can then determine how best to proceed.

Moreover, comity suggests that this Court, as the second-filed court, defer to the decisions of the New Jersey court, the first-filed court, on whether the New Jersey court will hear the claims on the eight identical patents asserted in both

LAI-3008918v3

- 3 -

P's and A's In Support of Mtn for Stay and/or
Thirty-Day Continuance of Scheduling Conf.
Case No. SA CV 08-01135-RGK (FMOx)

cases. These claims should not be heard by two district courts at the same time.

Indeed, the New Jersey court has already moved the case forward. The parties have already submitted a joint discovery plan, and participated in a scheduling conference relating to the same issues in this case. As stated above, the Court has advised the parties of the schedule that will be entered, including dates for discovery cut-off, Markman proceedings, and pretrial conferences. The Court also ordered the parties to proceed with discovery and pretrial requirements, regardless of the outcome of Sony's motion to transfer. Thus, it would be an inefficient use of judicial resources for this Court to conduct a scheduling conference when the parties already have a litigation schedule imposed by the New Jersey court for identical claims on the same eight patents asserted in both actions.

Further, the New Jersey court's resolution of Sony's motion to transfer in the first-filed action may have a direct bearing on this case. If the New Jersey court denies Sony's motion to transfer, Vizio intends to file a motion to either temporarily stay or transfer this second-filed action to the New Jersey court, potentially making the need to hold a scheduling conference in this Court moot. If, on the other hand, the New Jersey court grants Sony's motion to transfer, any scheduling by this Court must involve coordination of the two actions in the Central District, and this Court would likely wish to hold another scheduling conference to incorporate all the issues in both cases. Under either scenario, holding a scheduling conference before resolution of Sony's motion to transfer may waste judicial resources by asking this Court to invest time to prepare and conduct the scheduling conference before all issues between the parties have been consolidated in one venue.

## **CONCLUSION**

For the reasons stated above, Vizio respectfully requests that the Court enter a temporary stay of this litigation, or alternatively, a thirty-day continuance of the

LAI-3008918v3

- 4 -

P's and A's In Support of Mtn for Stay and/or
Thirty-Day Continuance of Scheduling Conf.
Case No. SA CV 08-01135-RGK (FMOx)

April 6, 2009 scheduling conference, pending resolution of Sony's motion to transfer.

Dated: March 13, 2009

Respectfully submitted,

JONES DAY

By: /s/ Steven J. Corr

Steven J. Corr

Attorneys for Defendant VIZIO, INC.

LAI-3008918v3

- 5 -

P's and A's In Support of Mtn for Stay and/or
Thirty-Day Continuance of Scheduling Conf.
Case No. SA CV 08-01135-RGK (FMOx)