# EXHIBIT A

Liza M. Walsh
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

Counsel for Plaintiff
VIZIO, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIZIO, Inc., | ) | Civil Action No. |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SONY CORPORATION, A Japanese Corporation, and SONY CORPORATION OF AMERICA, A New York Corporation, | ) ) ) ) ) | **COMPLAINT FOR DECLARATORY JUDGMENT, TRADE LIBEL, DISPARGEMENT, AND VIOLATION OF LANHAM ACT** |
| Defendants. | ) ) | |

## COMPLAINT

Plaintiff VIZIO, Inc. ("VIZIO") for its Complaint against Sony Corporation and Sony Corporation of America hereby demands a jury trial and alleges as follows:

## NATURE OF THE ACTION

1.    This is an action for declaratory judgment of noninfringement and invalidity of twelve (12) United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.*, for damages for and injunctive relief from trade libel and disparagement under common law and violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for such other relief as the Court deems just and proper.

## PARTIES

2.      Plaintiff VIZIO is an American company that sells high definition televisions, having its principal place of business at 39 Tesla, Irvine, California 92618.

3.      On information and belief, defendant Sony Corporation ("Sony") is a Japanese corporation having its principal place of business at 1-7-1, Konan, Minato-Ku, Tokyo, Japan.

4.      On information and belief, defendant Sony Corporation of America ("SCA") is a New York corporation having its principal place of business at 550 Madison Avenue, New York, New York 10022. SCA has offices and employees in New Jersey at 1 Sony Drive, Park Ridge, New Jersey and 123 Tice Boulevard, Woodcliff Lake, New Jersey.

5.      As alleged herein, Sony and SCA have engaged in various acts in and directed to New Jersey.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction of Counts I-XXIV of this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and of Counts XXV and XXVI of this Complaint under 28 U.S.C. §§ 1331, 1338(b), 1367 and/or the doctrine of pendent jurisdiction. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7.      Sony purports to be the owner of rights in U.S. Patent Nos. 5,285,285; 5,212,553; 5,434,626; 6,111,614; 5,168,362; 5,539,425; 6,778,182; RE 38,055; 5,583,577; 5,684,542; 5,731,847; and RE 40,468 (collectively, the "Patents-in-Suit"). Through a series of verbal and written communications, Sony has asserted that these patents relate to various aspects of

televisions and are infringed by VIZIO.  Sony has confirmed its ability and willingness to file suit against VIZIO and has threatened to sue VIZIO for infringement of the Patents-in-Suit, but VIZIO has not infringed and does not infringe, either directly or indirectly, any valid and enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of equivalents, nor is it aware of any infringement of any of the Patents-in-Suit.  A substantial controversy exists between the parties which is of sufficient immediacy and reality to warrant declaratory relief.

8.     This Court has personal jurisdiction over Sony.  Sony has regularly conducted business in and directed to New Jersey, including, *inter alia*, business pertaining to the Patents-in-Suit, has sued to enforce its patents in this Court, and has engaged in various acts in and directed to New Jersey.

9.     This Court has personal jurisdiction over SCA.  SCA regularly conducts business in and directed to New Jersey, including, *inter alia*, business pertaining to the Patents-in-Suit, and has an office and employees in New Jersey.

## THE PATENTS

10.     U.S. Patent No. 5,285,285 ("the '285 patent") is entitled "Method of Controlling First Items That Require Prior CRT Display And Second Items That Require No Prior Display," and bears an issuance date of February 8, 1994.  A copy of the '285 patent is attached hereto as Exhibit 1.

11.     U.S. Patent No. 5,212,553 ("the '553 patent") is entitled "Television Receiver With Selective Menu Display," and bears an issuance date of May 18, 1993.  A copy of the '553 patent is attached hereto as Exhibit 2.

12.     U.S. Patent No. 5,434,626 ("the '626 patent") is entitled "Display Apparatus Displaying Operation Menu," and bears an issuance date of July 18, 1995.  A copy of the '626 patent is attached hereto as <u>Exhibit 3</u>.

13.     U.S. Patent No. 6,111,614 ("the '614 patent") is entitled "Method And Apparatus For Displaying An Electronic Menu Having Components With Differing Levels Of Transparency," and bears an issuance date of August 29, 2000.  A copy of the '614 patent is attached hereto as <u>Exhibit 4</u>.

14.     U.S. Patent No. 5,168,362 ("the '362 patent") is entitled "Apparatus For Displaying Standard Aspect Ratio Television Signal On Wide Aspect Ratio Display Screen," and bears an issuance date of December 1, 1992.  A copy of the '362 patent is attached hereto as <u>Exhibit 5</u>.

15.     U.S. Patent No. 5,539,425 ("the '425 patent") is entitled "Display Unit," and bears an issuance date of July 23, 1996.  A copy of the '425 patent is attached hereto as <u>Exhibit 6</u>.

16.     U.S. Patent No. 6,778,182 ("the '182 patent") is entitled "Display Device," and bears an issuance date of August 17, 2004.  A copy of the '182 patent is attached hereto as <u>Exhibit 7</u>.

17.     U.S. Patent No. RE 38,055 ("the '055 patent") is entitled "Video Data Bus Communication System And Method," and bears an issuance date of April 1, 2003.  A copy of the '055 patent is attached hereto as <u>Exhibit 8</u>.

18.     U.S. Patent No. 5,583,577 ("the '577 patent") is entitled "Caption Data Coding/Decoding Systems And Methods That Includes Key Data Indicating Intermediate Levels

Of Attenuation In The Vicinity Of The Caption," and bears an issuance date of December 10, 1996. A copy of the '577 patent is attached hereto as <u>Exhibit 9</u>.

19.     U.S. Patent No. 5,684,542 ("the '542 patent") is entitled "Video Subtitle Processing System," and bears an issuance date of November 4, 1997. A copy of the '542 patent is attached hereto as <u>Exhibit 10</u>.

20.     U.S. Patent No. 5,731,847 ("the '847 patent") is entitled "Subtitle Encoding/Decoding Method And Apparatus," and bears an issuance date of March 24, 1998. A copy of the '847 patent is attached hereto as <u>Exhibit 11</u>.

21.     U.S. Patent No. RE40,468 ("the '468 patent") is entitled "Video Data Bus Communication System and Method," and bears an issuance date of August 26, 2008. A copy of the '468 patent is attached hereto as <u>Exhibit 12</u>.

**COUNT I - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,285,285**

22.     VIZIO repeats and realleges the allegations in paragraphs 1-21 as though fully set forth herein.

23.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '285 patent.

24.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

25.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '285 patent.

## COUNT II - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,285,285

26.    VIZIO repeats and realleges the allegations in paragraphs 1-25 as though fully set forth herein.

27.    The '285 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

28.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '285 patent.

## COUNT III - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,212,553

30.    VIZIO repeats and realleges the allegations in paragraphs 1-29 as though fully set forth herein.

31.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '553 patent.

32.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '553 patent.

## COUNT IV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,212,553

34.     VIZIO repeats and realleges the allegations in paragraphs 1-33 as though fully set forth herein.

35.     The '553 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

36.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '553 patent.

## COUNT V - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,434,626

38.     VIZIO repeats and realleges the allegations in paragraphs 1-37 as though fully set forth herein.

39.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '626 patent.

40.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '626 patent.

## COUNT VI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,434,626

42.     VIZIO repeats and realleges the allegations in paragraphs 1-41 as though fully set forth herein.

43.     The '626 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

44.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '626 patent.

## COUNT VII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,111,614

46.     VIZIO repeats and realleges the allegations in paragraphs 1-45 as though fully set forth herein.

47.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '614 patent.

48.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '614 patent.

## COUNT VIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,111,614

50.     VIZIO repeats and realleges the allegations in paragraphs 1-49 as though fully set forth herein.

51.     The '614 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

52.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '614 patent.

## COUNT IX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,168,362

54.     VIZIO repeats and realleges the allegations in paragraphs 1-53 as though fully set forth herein.

55.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '362 patent.

56.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

57.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '362 patent.

**COUNT X - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,168,362**

58.     VIZIO repeats and realleges the allegations in paragraphs 1-57 as though fully set forth herein.

59.     The '362 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

60.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

61.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '362 patent.

**COUNT XI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,539,425**

62.     VIZIO repeats and realleges the allegations in paragraphs 1-61 as though fully set forth herein.

63.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '425 patent.

64.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

65.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '425 patent.

## COUNT XII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,539,425

66.     VIZIO repeats and realleges the allegations in paragraphs 1-65 as though fully set forth herein.

67.     The '425 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

68.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

69.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '425 patent.

## COUNT XIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,778,182

70.     VIZIO repeats and realleges the allegations in paragraphs 1-69 as though fully set forth herein.

71.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '182 patent.

72.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

73.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '182 patent.

**COUNT XIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,778,182**

74.     VIZIO repeats and realleges the allegations in paragraphs 1-73 as though fully set forth herein.

75.     The '182 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

76.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

77.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '182 patent.

**COUNT XV - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE 38,055**

78.     VIZIO repeats and realleges the allegations in paragraphs 1-77 as though fully set forth herein.

79.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '055 patent.

80.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

81.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '055 patent.

**COUNT XVI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 38,055**

82.    VIZIO repeats and realleges the allegations in paragraphs 1-81 as though fully set forth herein.

83.    The '055 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

84.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

85.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '055 patent.

**COUNT XVII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,583,577**

86.    VIZIO repeats and realleges the allegations in paragraphs 1-85 as though fully set forth herein.

87.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '577 patent.

88.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

89.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '577 patent.

**COUNT XVIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,583,577**

90.    VIZIO repeats and realleges the allegations in paragraphs 1-89 as though fully set forth herein.

91.    The '577 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

92.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

93.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '577 patent.

**COUNT XIX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,684,542**

94.    VIZIO repeats and realleges the allegations in paragraphs 1-93 as though fully set forth herein.

95.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '542 patent.

96.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

97.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '542 patent.

## COUNT XX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,684,542

98.     VIZIO repeats and realleges the allegations in paragraphs 1-97 as though fully set forth herein.

99.     The '542 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

100.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

101.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '542 patent.

## COUNT XXI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,731,847

102.    VIZIO repeats and realleges the allegations in paragraphs 1-101 as though fully set forth herein.

103.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '847 patent.

104.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

105.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '847 patent.

**COUNT XXII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,731,847**

106.    VIZIO repeats and realleges the allegations in paragraphs 1-105 as though fully set forth herein.

107.    The '847 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

108.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

109.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '847 patent.

**COUNT XXIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE 40,468**

110.    VIZIO repeats and realleges the allegations in paragraphs 1-109 as though fully set forth herein.

111.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '468 patent.

112.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

113.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '468 patent.

**COUNT XXIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 40,468**

114.    VIZIO repeats and realleges the allegations in paragraphs 1-113 as though fully set forth herein.

115.    The '468 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

116.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

117.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '468 patent.

**COUNT XXV - TRADE LIBEL/DISPARAGEMENT**

118.    VIZIO repeats and realleges the allegations in paragraphs 1-9 as though fully set forth herein.

119.    On information and belief, on May 14, 2008, officers of Sony and SCA, including one Sony/SCA officer Robert Wiesenthal, participated in a public telephone conference call to discuss the earnings performance of Sony for its fiscal 4th quarter of 2007 (the "Conference Call").  On information and belief, consistent with Sony's custom and practice, Sony's website supplied advance notice of the Conference Call, including a dial-in number to permit the public, including financial analysts and investors all over the United States, to participate or listen in on the call.

120.    On information and belief, during the Conference Call, Sony and SCA officers made a presentation, after which there was a question and answer period.  During the question and answer period, participating financial analysts directed questions to the Sony and SCA

officers.  One such question from an unidentified analyst was:  "Just curious as you move and push harder at the smaller screen size whether you can discuss how you plan to make money in such a competitive market?"

121.    On information and belief, in responding to that question during the Conference Call, Mr. Wiesenthal purposely and maliciously made statements in the course of his employment as an officer of Sony and SCA about VIZIO television sets that were known to be false or made with reckless disregard for the truth, to wit:

> "I think it's important to point out there is a very big difference between the high-end 1080p sets and the low-end kind of VIZIO and Chinese manufacturer semi non-HD sets."

In fact, VIZIO sells HD (high definition) television sets, not inferior "semi non-HD sets," and Mr. Wiesenthal had no basis for asserting otherwise.

122.    On information and belief, Sony and SCA's false and disparaging statements were not only published to those members of the public who listened to the Conference Call as it occurred, but were also transcribed, and the transcript was published and made available to the public over the Internet by posting it on a website, found (as of October 10, 2008) at the following URL:  http://seekingalpha.com/article/77322-sony-corp-f4q07-qtr-end-03-31-earnings-call-transcript.

123.    VIZIO requested a retraction of the aforementioned statements but defendants were unwilling to provide one.

124.    Sony and SCA's false and disparaging statements about VIZIO television sets has proximately caused VIZIO to incur and suffer special damages as described herein.  The special damages incurred by VIZIO to date include the increased costs of creating and producing corrective television advertising spots designed to counteract the false assertions of Sony and SCA regarding VIZIO television sets and/or the attendant loss of goodwill they caused VIZIO.

In addition, by reason of these increased incurred costs, VIZIO has been unable to create and produce the additional television ads this year that it otherwise would have made. The amount of special damages incurred by VIZIO to date in this respect exceeds $500,000, exclusive of interest, costs and attorneys fees.

125.    As a result of their conduct in publishing false and disparaging statements about VIZIO television sets that they knew or should have known were false, Sony and SCA are jointly and severally liable to VIZIO for common law trade libel and/or disparagement, for which VIZIO is entitled to: (a) an injunction ordering Sony and SCA to cease and desist from making any such statements and to disseminate a prominent public retraction of the statements that were made, and (b) compensation for the special damages incurred by VIZIO, as described above, in an amount to be determined at trial.

### COUNT XXVI - UNFAIR COMPETITION UNDER LANHAM ACT § 43(a)

126.    VIZIO repeats and realleges the allegations in paragraphs 1-9 and 118-125 as though fully set forth herein.

127.    The above-alleged false and disparaging statements were made, on information and belief, by Sony/SCA officer Mr. Wiesenthal during the Conference Call and in the course of his employment, in connection with and in promotion of Sony/SCA and its television products to the public.

128.    The above-alleged false and disparaging statements were made in commerce and materially misrepresent the nature, characteristics or qualities of VIZIO's television sets in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and, on information and belief, for the purpose of influencing the public perception of VIZIO televisions in a negative

129.    VIZIO is entitled to recover the damages specified in 15 U.S.C. § 1117(a) and (b) from Sony and SCA as a result of their violation of Section 43(a) of the Lanham Act.

PRAYER FOR RELIEF

WHEREFORE, VIZIO prays for the following relief:

(a)    A judgment declaring that VIZIO has not infringed, directly or indirectly, any valid or enforceable claim of the Patents-in-Suit;

(b)    A judgment declaring that the claims of the Patents-in-Suit are invalid;

(c)    An order declaring that VIZIO is a prevailing party and that this is an exceptional case; awarding VIZIO its costs, expenses, disbursements and reasonable attorneys fees under 35 U.S.C. § 285;

(d)    An order directing Sony and SCA to cease and desist from making further false, misleading and/or disparaging statements regarding VIZIO television sets;

(e)    An order directing Sony and SCA to publish a prominent and public retraction of its false, misleading and/or disparaging statements regarding VIZIO television sets;

(f)    That defendants be ordered to pay VIZIO's special damages incurred as a result of the maliciously false, misleading and/or disparaging statements that they made;

(g)    That defendants be ordered to pay VIZIO such punitive damages as the trier of fact may award with respect to defendants' maliciously false, misleading and/or disparaging statements about VIZIO's television sets;

(h)    That defendants be ordered to pay VIZIO's damages assessed under 15 U.S.C. § 1117(a) and (b);

(i)    That defendants be ordered to pay prejudgment interest;

(j)    That defendants be ordered to pay all costs associated with this action; and

(k)    That VIZIO be granted such other and additional relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims so triable.


Dated: October 10, 2008                          *s/ Liza M. Walsh*
                                                 Liza M. Walsh
                                                 CONNELL FOLEY LLP
                                                 85 Livingston Avenue
                                                 Roseland, New Jersey  07068
                                                 (973) 535-0500

                                                 Counsel for Plaintiff
                                                 VIZIO, Inc.


Of Counsel:

James L. Wamsley, III
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court, or any other pending arbitration or administrative proceeding.

Dated: October 10, 2008                                    CONNELL FOLEY LLP

By:    *s/ Liza M. Walsh*
       Liza M. Walsh

## RULE 201.1 CERTIFICATION

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that declaratory and injunctive relief is sought.

Dated: October 10, 2008                                    CONNELL FOLEY LLP

By:    *s/ Liza M. Walsh*
       Liza M. Walsh

1990805-01