# EXHIBIT B

Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102
(973) 622-3333

Kevin P.B. Johnson (kevinjohnson@quinnemanuel.com)
Benjamin Singer (benjaminsinger@quinnemanuel.com)
**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5000

Edward J. DeFranco (eddefranco@quinnemanuel.com)
Thomas D. Pease (thomaspease@quinnemanuel.com)
**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
*Attorneys for Defendants*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIZIO, INC., | Civil Action No. 08-5029 (FSH) (PS) |
| Plaintiff, | **ANSWER TO COMPLAINT, SEPARATE** |
| | **DEFENSES, COUNTERCLAIMS AND** |
| v. | **DEMAND FOR JURY TRIAL** |
| SONY CORPORATION and SONY CORPORATION OF AMERICA, | |
| Defendants. | *DOCUMENT FILED ELECTRONICALLY* |
| SONY CORPORATION, | |
| Counterclaim Plaintiff, | |
| v. | |
| VIZIO, INC., | |
| Counterclaim Defendant. | |

51451/2780013.3

Defendants Sony Corporation ("Sony Corp.") and Sony Corporation of America ("SCA") (collectively "Defendants") respond to the averments made in the numbered paragraphs of the Complaint of Plaintiff Vizio, Inc. ("Vizio") as follows:

## NATURE OF THE ACTION

1.      In response to paragraph 1 of the Complaint, Defendants admit that Plaintiff purports to bring an action for declaratory judgment of noninfringement and invalidity of twelve (12) United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq.,* for damages for and injunctive relief from trade libel and disparagement under common law and violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for such other relief as the Court deems just and proper, but deny that these claims are properly brought.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 1.

## PARTIES

2.      In response to paragraph 2 of the Complaint, Defendants admit, on information and belief, that Vizio is a corporation organized under the laws of California and headquartered at 39 Tesla, Irvine, California 92618.  Defendants further admit, on information and belief, that Vizio sells, among other things, high definition televisions.  Except as expressly admitted, Defendants are without personal knowledge sufficient to admit or deny the allegations of paragraph 2 and for that reason they are denied.

3.      Defendants admit the allegations in paragraph 3 of the Complaint.

4.      In response to paragraph 4 of the Complaint, Defendants admit that SCA is a New York corporation with its principal place of business at 550 Madison Avenue, New York, New York 10022-3211.  Defendants further admit that SCA has employees and offices in New Jersey

at 1 Sony Drive, Park Ridge, New Jersey and 123 Tice Boulevard, Woodcliff Lake, New Jersey.

Except as expressly admitted, Defendants deny each and every allegation of paragraph 4.

5.      Defendants admit Vizio purports to allege in paragraph 5 of the Complaint that

Defendants have engaged in various acts in and directed to New Jersey.  Defendants will respond

herein to each of Vizio's allegations contained in its Complaint.  Except as expressly admitted,

Defendants deny each and every allegation of paragraph 5.

## JURISDICTION AND VENUE

6.      Sony Corp. admits that this Court has subject matter jurisdiction over Courts V-

VIII and XIII-XXVI, but denies this Court has subject matter jurisdiction over Counts I-IV and

IX-XII in view of Sony Corp.'s execution of a formal Covenant Not to Sue with respect to each

of United States Patent Nos. 5,285,285, 5,212,553, 5,168,362, and 5,539,425.  SCA denies this

Court has subject matter jurisdiction, and accordingly that venue is proper, over Counts I-XXIV

with respect to SCA, because there is no substantial controversy between Vizio and SCA.

Defendants admit venue in this District is otherwise technically proper, but the interests of

justice and convenience of the parties and witnesses would be better served by transferring this

case to the Central District of California.  On January 23, 2009, Defendants filed a Motion to

Transfer This Action to the Central District of California Pursuant to 28 U.S.C. § 1404(a).

Except as expressly admitted, Defendants deny each and every allegation of paragraph 6.

7.      Defendants admit Sony Corp. is the owner of rights in U.S. Patent Nos.

5,285,285; 5,212,553; 5,434,626; 6,111,614; 5,168,362; 5,539,425; 6,778,182; RE 38,055;

5,583,577; 5,684,542; 5,731,847; and RE 40,468 (collectively, the "Patents-in-Suit") and these

patents relate to various aspects of televisions.  Defendants admit there exists a substantial

controversy between Sony Corp. and Vizio with respect to Counts V-VIII and XIII-XXIV as a

result of Sony Corp.'s currently pending action for patent infringement against Vizio in the Central District of California. Defendants deny a substantial controversy exists with respect to Counts I-IV and IX-XII in view of Sony Corp.'s execution of a formal Covenant Not to Sue with respect to each of United States Patent Nos. 5,285,285, 5,212,553, 5,168,362, and 5,539,425. Defendants deny that there exists a substantial controversy between SCA and Vizio with respect to Counts I-XXIV. Except as expressly admitted, Defendants deny each and every allegation of paragraph 7.

8.      In response to paragraph 8 of the Complaint, Defendants admit that Sony Corp. has sued to enforce its patents in this Court. Except as expressly admitted, Defendants deny each and every allegation of paragraph 8.

9.      In response to paragraph 9 of the Complaint and solely for the purposes of this action, Defendants do not contest that SCA is subject to personal jurisdiction in this district. Defendants admit that SCA has conducted business in this district and has employees in New Jersey. Except as expressly admitted, Defendants deny each and every allegation of paragraph 9.

### THE PATENTS

10.     Defendants admit the allegations in paragraph 10 of the Complaint.

11.     Defendants admit the allegations in paragraph 11 of the Complaint.

12.     Defendants admit the allegations in paragraph 12 of the Complaint.

13.     Defendants admit the allegations in paragraph 13 of the Complaint.

14.     Defendants admit the allegations in paragraph 14 of the Complaint.

15.     Defendants admit the allegations in paragraph 15 of the Complaint.

16.     Defendants admit the allegations in paragraph 16 of the Complaint.

17.     Defendants admit the allegations in paragraph 17 of the Complaint.

18.    Defendants admit the allegations in paragraph 18 of the Complaint.

19.    Defendants admit the allegations in paragraph 19 of the Complaint.

20.    Defendants admit the allegations in paragraph 20 of the Complaint.

21.    Defendants admit the allegations in paragraph 21 of the Complaint.

## COUNT I - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,285,285

22.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-21 of this Answer.

23.    Defendants deny the allegations in paragraph 23 of the Complaint.

24.    Defendants deny the allegations in paragraph 24 of the Complaint.

25.    Defendants deny the allegations in paragraph 25 of the Complaint.

## COUNT II - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,285,285

26.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-25 of this Answer.

27.    Defendants deny the allegations in paragraph 27 of the Complaint.

28.    Defendants deny the allegations in paragraph 28 of the Complaint.

29.    Defendants deny the allegations in paragraph 29 of the Complaint.

## COUNT III - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,212,553

30.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-29 of this Answer.

31.    Defendants deny the allegations in paragraph 31 of the Complaint.

32.    Defendants deny the allegations in paragraph 32 of the Complaint.

33.    Defendants deny the allegations in paragraph 33 of the Complaint.

**COUNT IV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,212,553**

34.     Defendants reassert, reallege, and incorporate by reference Paragraphs 1-33 of this Answer.

35.     Defendants deny the allegations in paragraph 35 of the Complaint.

36.     Defendants deny the allegations in paragraph 36 of the Complaint.

37.     Defendants deny the allegations in paragraph 37 of the Complaint.

**COUNT V - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,434,626**

38.     Defendants reassert, reallege, and incorporate by reference Paragraphs 1-37 of this Answer.

39.     Defendants deny the allegations in paragraph 39 of the Complaint.

40.     Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count V as a result of Sony Corp.'s currently pending action for infringement of the '626 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 40.

41.     Defendants admit that a judicial declaration of infringement is appropriate. Except as expressly admitted, Defendants deny each and every allegation of paragraph 41.

**COUNT VI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,434,626**

42.     Defendants reassert, reallege, and incorporate by reference Paragraphs 1-41 of this Answer.

43.     Defendants deny the allegations in paragraph 43 of the Complaint.

44.     Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count VI as a result of Sony Corp.'s currently pending action for

infringement of the '626 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 44.

45.    Defendants admit that a judicial declaration of the validity of the '626 patent is appropriate.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 45.

## COUNT VII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,111,614

46.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-45 of this Answer.

47.    Defendants deny the allegations in paragraph 47 of the Complaint.

48.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count VII as a result of Sony Corp.'s currently pending action for infringement of the '614 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 48.

49.    Defendants admit that a judicial declaration of infringement is appropriate. Except as expressly admitted, Defendants deny each and every allegation of paragraph 49.

## COUNT VIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,111,614

50.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-49 of this Answer.

51.    Defendants deny the allegations in paragraph 51 of the Complaint.

52.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count VIII as a result of Sony Corp.'s currently pending action for infringement of the '614 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 52.

53.     Defendants admit that a judicial declaration of the validity of the '614 patent is appropriate.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 53.

## COUNT IX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,168,362

54.     Defendants reassert, reallege, and incorporate by reference Paragraphs 1-53 of this Answer.

55.     Defendants deny the allegations in paragraph 55 of the Complaint.

56.     Defendants deny the allegations in paragraph 56 of the Complaint.

57.     Defendants deny the allegations in paragraph 57 of the Complaint.

## COUNT X - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,168,362

58.     Defendants reassert, reallege, and incorporate by reference Paragraphs 1-57 of this Answer.

59.     Defendants deny the allegations in paragraph 59 of the Complaint.

60.     Defendants deny the allegations in paragraph 60 of the Complaint.

61.     Defendants deny the allegations in paragraph 61 of the Complaint.

## COUNT XI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,539,425

62.     Defendants reassert, reallege, and incorporate by reference Paragraphs 1-61 of this Answer.

63.     Defendants deny the allegations in paragraph 63 of the Complaint.

64.     Defendants deny the allegations in paragraph 64 of the Complaint.

65.     Defendants deny the allegations in paragraph 65 of the Complaint.

**COUNT XII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,539,425**

66.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-65 of this Answer.

67.    Defendants deny the allegations in paragraph 67 of the Complaint.

68.    Defendants deny the allegations in paragraph 68 of the Complaint.

69.    Defendants deny the allegations in paragraph 69 of the Complaint.

**COUNT XIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,778,182**

70.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-69 of this Answer.

71.    Defendants deny the allegations in paragraph 71 of the Complaint.

72.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XIII as a result of Sony Corp.'s currently pending action for infringement of the '182 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 72.

73.    Defendants admit that a judicial declaration of infringement is appropriate. Except as expressly admitted, Defendants deny each and every allegation of paragraph 73.

**COUNT XIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,778,182**

74.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-73 of this Answer.

75.    Defendants deny the allegations in paragraph 75 of the Complaint.

76.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XIV as a result of Sony's currently pending action for

infringement of the '182 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 76.

77.    Defendants admit that a judicial declaration of the validity of the '182 patent is appropriate.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 77.

## COUNT XV - DECLARATION OF NONINFRINGEMENT OF
## U.S. PATENT NO. RE 38,055

78.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-77 of this Answer.

79.    Defendants deny the allegations in paragraph 79 of the Complaint.

80.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XV as a result of Sony Corp.'s currently pending action for infringement of the '055 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 80.

81.    Defendants admit that a judicial declaration of infringement is appropriate. Except as expressly admitted, Defendants deny each and every allegation of paragraph 81.

## COUNT XVI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 38,055

82.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-81 of this Answer.

83.    Defendants deny the allegations in paragraph 83 of the Complaint.

84.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XVI as a result of Sony Corp.'s currently pending action for infringement of the '055 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 84.

85.    Defendants admit that a judicial declaration of the validity of the '055 patent is appropriate.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 85.

### COUNT XVII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,583,577

86.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-85 of this Answer.

87.    Defendants deny the allegations in paragraph 87 of the Complaint.

88.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XVII as a result of Sony Corp.'s currently pending action for infringement of the '577 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 88.

89.    Defendants admit that a judicial declaration of infringement is appropriate. Except as expressly admitted, Defendants deny each and every allegation of paragraph 89.

### COUNT XVIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,583,577

90.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-89 of this Answer.

91.    Defendants deny the allegations in paragraph 91 of the Complaint.

92.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XVIII as a result of Sony Corp.'s currently pending action for infringement of the '577 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 92.

93.     Defendants admit that a judicial declaration of the validity of the '577 patent is appropriate.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 93.

## COUNT XIX - DECLARATION OF NONINFRINGEMENT OF
## U.S. PATENT NO. 5,684,542

94.     Defendants reassert, reallege, and incorporate by reference Paragraphs 1-93 of this Answer.

95.     Defendants deny the allegations in paragraph 95 of the Complaint.

96.     Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XIX as a result of Sony Corp.'s currently pending action for infringement of the '542 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 96.

97.     Defendants admit that a judicial declaration of infringement is appropriate. Except as expressly admitted, Defendants deny each and every allegation of paragraph 97.

## COUNT XX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,684,542

98.     Defendants reassert, reallege, and incorporate by reference Paragraphs 1-97 of this Answer.

99.     Defendants deny the allegations in paragraph 99 of the Complaint.

100.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XX as a result of Sony Corp.'s currently pending action for infringement of the '542 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 100.

101.    Defendants admit that a judicial declaration of the validity of the '542 patent is appropriate.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 101.

## COUNT XXI - DECLARATION OF NONINFRINGEMENT OF
## U.S. PATENT NO. 5,731,847

102.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-101 of this Answer.

103.    Defendants deny the allegations in paragraph 103 of the Complaint.

104.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XXI as a result of Sony Corp.'s currently pending action for infringement of the '847 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 104.

105.    Defendants admit that a judicial declaration of infringement is appropriate. Except as expressly admitted, Defendants deny each and every allegation of paragraph 105.

## COUNT XXII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,731,847

106.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-105 of this Answer.

107.    Defendants deny the allegations in paragraph 107 of the Complaint.

108.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count VIII as a result of Sony Corp.'s currently pending action for infringement of the '847 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 108.

109.    Defendants admit that a judicial declaration of the validity of the '847 patent is appropriate.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 109.

### COUNT XXIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE 40,468

110.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-109 of this Answer.

111.    Defendants deny the allegations in paragraph 111 of the Complaint.

112.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XXIII as a result of Sony Corp.'s currently pending action for infringement of the '468 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 112.

113.    Defendants admit that a judicial declaration of infringement is appropriate. Except as expressly admitted, Defendants deny each and every allegation of paragraph 113.

### COUNT XXIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 40,468

114.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-113 of this Answer.

115.    Defendants deny the allegations in paragraph 115 of the Complaint.

116.    Defendants admit that there exists a substantial controversy between Sony Corp. and Vizio with respect to Count XXIV as a result of Sony Corp.'s currently pending action for infringement of the '468 patent against Vizio in the Central District of California.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 116.

117.    Defendants admit that a judicial declaration of the validity of the '468 patent is appropriate.  Except as expressly admitted, Defendants deny each and every allegation of paragraph 117.

## COUNT XXV - TRADE LIBEL/DISPARAGEMENT

118.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-9 of this Answer.

119.    Defendants deny the allegations of Paragraph 119 of the Complaint, except to admit that Mr. Robert Wiesenthal, a Group Executive and Executive Vice President and Chief Financial Officer of SCA, as well as a Sony Corp. officer and an SCA officer, participated in a telephone conference call to discuss Sony Corp.'s results for the year ended March 31, 2008.

120.    Defendants deny the allegations of Paragraph 120, except to admit that the executives referenced in Paragraph 119 above participated in the above-referenced telephone conference call, that a question-and-answer period followed a presentation, that financial analysts asked questions of the executives, and that the quoted language constituted a portion of a question and follow-up question asked by an analyst.  Defendants aver the Complaint has set forth the quoted language in isolation and out of the context in which it originally appeared. Defendants further aver an accurate and complete audio recording and accurate and complete transcript are the best evidence of the content of the conference call.

121.    Defendants deny the allegations of Paragraph 121 of the Complaint, except to admit that the quoted language constituted a portion of an answer given by Mr. Wiesenthal during the conference call in question.  Defendants aver the Complaint has set forth the quoted language in isolation and out of the context in which it originally appeared.  Defendants further

aver an accurate and complete audio recording and accurate and complete transcript are the best evidence of the content of the conference call.

122.    Defendants deny the allegations of Paragraph 122 of the Complaint, except to admit that the conference call was transcribed, and that a transcription was made publicly available at the URL cited in Paragraph 121.

123.    Defendants deny the allegations in paragraph 123 of the Complaint.

124.    Defendants deny the allegations in paragraph 124 of the Complaint.

125.    Defendants deny the allegations in paragraph 125 of the Complaint.

## COUNT XXVI - UNFAIR COMPETITION UNDER LANHAM ACT § 43(a)

126.    Defendants reassert, reallege, and incorporate by reference Paragraphs 1-9 and 118-125 of this Answer.

127.    Defendants deny the allegations of Paragraph 127, except to admit that Mr. Wiesenthal was acting in the course of his employment during the conference call in question.

128.    The allegations of Paragraph 128 are too unintelligible to be susceptible of a response in that they appear to end mid-sentence.  To the extent that a response is deemed required, the allegations of Paragraph 128 are denied.

129.    Defendants deny the allegations in paragraph 129 of the Complaint.

\* \* \*

All allegations contained in the Complaint not specifically admitted are here and now denied.

## SEPARATE DEFENSES

Without any admission as to the burden of proof or as to any of the averments in the Complaint, Defendants set forth the following defenses:

## FIRST SEPARATE DEFENSE

130.    The Court lacks subject matter jurisdiction over Counts I-IV and IX-XII of the Complaint in view of Sony Corp.'s execution of a formal Covenant Not to Sue with respect to each of United States Patent Nos. 5,285,285, 5,212,553, 5,168,362, and 5,539,425 or, in the alternative, should exercise its discretion to decline the exercise of subject matter jurisdiction over this action.

## SECOND SEPARATE DEFENSE

131.    The Court also lacks subject matter jurisdiction over Counts I-XXIV with respect to SCA, because there is no substantial controversy between Vizio and SCA with respect to Sony Corp.'s patents.

## THIRD SEPARATE DEFENSE

132.    The Complaint fails to state a claim upon which relief can be granted.

## FOURTH SEPARATE DEFENSE

133.    The challenged statement is not "of and concerning" the Plaintiff.

## FIFTH SEPARATE DEFENSE

134.    The challenged statement is nonactionable opinion, fair comment, and/or a nonactionable, inherently subjective statement that is not verifiable or measurable.

## SIXTH SEPARATE DEFENSE

135.    The challenged statement is not false or provably false and is protected by the doctrine of substantial truth.

## SEVENTH SEPARATE DEFENSE

136.    The challenged statement is protected from liability by the First and Fourteenth Amendments of the U.S. Constitution as well as by the free speech provisions of any applicable state constitution.

## EIGHTH SEPARATE DEFENSE

137.    The First and Fourteenth Amendments of the U.S. Constitution as well as the free speech provisions of any applicable state constitution prohibit injunctive relief based on the challenged statement.

## NINTH SEPARATE DEFENSE

138.    The challenged statement is protected from liability by the common-interest privilege.

## TENTH SEPARATE DEFENSE

139.    The challenged statement was made in good faith, and did not violate the applicable standard of care.

## ELEVENTH  SEPARATE DEFENSE

140.    The challenged statement was not made with common law or constitutional malice.

## TWELFTH SEPARATE DEFENSE

141.    Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

## THIRTEENTH SEPARATE DEFENSE

142.    Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

## FOURTEENTH SEPARATE DEFENSE

143.    Plaintiff has failed sufficiently to allege special damages pursuant to state law.

## FIFTEENTH SEPARATE DEFENSE

144.    Plaintiff has failed to allege special damages with the specificity required by Fed. R. Civ. P. 9(g).

## SIXTEENTH SEPARATE DEFENSE

145.    The challenged statement has caused Plaintiff to suffer no damages.

## SEVENTEENTH SEPARATE DEFENSE

146.    To the extent that Plaintiff has suffered any damages, Plaintiff failed to mitigate any such damages.

## EIGHTEENTH SEPARATE DEFENSE

147.    To the extent that Plaintiff has suffered any damages, all or a portion of those damages are attributable to Plaintiff or others, not Defendants.

## NINETEENTH SEPARATE DEFENSE

148.    Plaintiff does not plead facts sufficient to support a claim for punitive or exemplary damages.

## TWENTIETH SEPARATE DEFENSE

149.    Punitive or exemplary damages are not available under the Lanham Act.

## TWENTY-FIRST SEPARATE DEFENSE

150.    The challenged statement was not made in commercial advertising or promotion.

## TWENTY-SECOND SEPARATE DEFENSE

151.    Punitive damages are unavailable, barred, or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate Defendants' rights under the United States Constitution and/or any applicable state constitution.

## PRAYER FOR RELIEF

WHEREFORE, Defendants demand judgment in their favor on Vizio's Complaint as follows:

(a)     Dismissal of the Complaint with prejudice;

(b)     An award of costs and attorneys' fees to the extent appropriate and permitted by law; and

(c)     Such other and additional relief as the Court may deem proper.

## COUNTERCLAIMS

Sony Corp., by and through its undersigned counsel, by way of Counterclaims against Vizio, alleges as follows:

### JURISDICTION AND VENUE

1.     These are counterclaims for patent infringement arising under the United States Patent Act, 35 U.S.C. §§ 100 *et seq.,* including § 271.

2.     This Court has subject matter jurisdiction over this counterclaim under 28 U.S.C. §§ 1331 and 1338(a).

3.     Venue is proper in this judicial district under 28 U.S.C. §§ 1391(c) and 1400(b).

### THE PARTIES

4.     Sony Corporation ("Sony Corp.") is a Japanese corporation with a principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

5.     Upon information and belief, Vizio, Inc. ("Vizio") is a corporation organized under the laws of California and headquartered at 39 Tesla, Irvine, California, 92618.

**THE PATENTS IN SUIT**

6.      On July 18, 1995, the United States Patent and Trademark Office ("USPTO") issued U.S. Patent No. 5,434,626 titled "Display Apparatus Displaying Operation Menu" (hereinafter "the '626 patent"). A true and correct copy of the '626 patent is attached hereto as Exhibit A.

7.      On December 10, 1996, the USPTO issued U.S. Patent No. 5,583,577 titled "Caption Data Coding/Decoding Systems and Methods that Includes Key Data Indicating Intermediate Levels of Attenuation in the Vicinity of the Caption" (hereinafter "the '577 patent"). A true and correct copy of the '577 patent is attached hereto as Exhibit B.

8.      On November 4, 1997, the USPTO issued U.S. Patent No. 5,684,542 titled "Video Subtitle Processing System" (hereinafter "the '542 patent"). A true and correct copy of the '542 patent is attached hereto as Exhibit C.

9.      On March 24, 1998, the USPTO issued U.S. Patent No. 5,731,847 titled "Subtitle Encoding/Decoding Method and Apparatus" (hereinafter "the '847 patent"). A true and correct copy of the '847 patent is attached hereto as Exhibit D.

10.      On August 29, 2000, the USPTO issued U.S. Patent No. 6,111,614 titled "Method and Apparatus for Displaying an Electronic Menu having Components with Differing Levels of Transparency" (hereinafter "the '614 patent"). A true and correct copy of the '614 patent is attached hereto as Exhibit E.

11.      On April 1, 2003, the USPTO issued U.S. Patent Re-issue No. 38,055 titled "Video Data Bus Communication System and Method" (hereinafter "the '055 patent"). A true and correct copy of the '055 patent is attached hereto as Exhibit F.

12.     On August 26, 2008, the USPTO issued U.S. Patent Re-issue No. 40,468 titled "Video Data Bus Communication System and Method" (hereinafter "the '468 patent").  A true and correct copy of the '468 patent is attached hereto as Exhibit G.

13.     On August 17, 2004, the USPTO issued U.S. Patent No. 6,778,182 titled "Display Device" (hereinafter "the '182 patent").  A true and correct copy of the '182 patent is attached hereto as Exhibit H.

14.     The '626 patent, '577 patent, '542 patent, '847 patent, '614 patent, '055 patent, '468 patent, and the '182 patent collectively, are henceforth referred to as the "patents-in-suit."

15.     Sony Corp. is the owner of all right, title, and interest in and to each of the patents-in-suit with full and exclusive right to bring suit to enforce this patent, including the right to recover for past infringement.

**COUNT I**
**INFRINGEMENT OF THE '626 PATENT**

16.     Sony Corp. realleges and incorporates herein the allegations of the preceding paragraphs of its Counterclaim as if fully set forth herein.

17.     Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '626 patent by practicing one or more claims of the '626 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

18.     Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe the '626 patent by contributing to and/or actively inducing the infringement by others of the '626 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

19.     Upon information and belief, Vizio has willfully infringed the '626 patent.

20.     Upon information and belief, Vizio's acts of infringement of the '626 patent will continue after service of this complaint unless enjoined by the Court.

21.     As a result of Vizio's infringement, Sony Corp. has suffered and will suffer damages.

22.     Sony Corp. is entitled to recover from Vizio the damages sustained by Sony Corp. as a result of Vizio's wrongful acts in an amount subject to proof at trial.

23.     Unless Vizio is enjoined by this Court from continuing its infringement of the '626 patent, Sony Corp. will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Sony Corp. is entitled to a preliminary and permanent injunction against further infringement.

## COUNT II
## INFRINGEMENT OF THE '577 PATENT

24.     Sony Corp. realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

25.     Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '577 patent by practicing one or more claims of the '577 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

26.     Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe the '577 patent by contributing to and/or actively inducing the infringement by others of the '577 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

27.     Upon information and belief, Vizio has willfully infringed the '577 patent.

28.    Upon information and belief, Vizio's acts of infringement of the '577 patent will continue after service of this complaint unless enjoined by the Court.

29.    As a result of Vizio's infringement, Sony Corp. has suffered and will suffer damages.

30.    Sony Corp. is entitled to recover from Vizio the damages sustained by Sony Corp. as a result of Vizio's wrongful acts in an amount subject to proof at trial.

31.    Unless Vizio is enjoined by this Court from continuing its infringement of the '577 patent, Sony Corp. will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Sony Corp. is entitled to a preliminary and permanent injunction against further infringement.

## COUNT III
## INFRINGEMENT OF THE '542 PATENT

32.    Sony Corp. realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

33.    Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '542 patent by practicing one or more claims of the '542 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

34.    Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe the '542 patent by contributing to and/or actively inducing the infringement by others of the '542 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

35.    Upon information and belief, Vizio has willfully infringed the '542 patent.

36.    Upon information and belief, Vizio's acts of infringement of the '542 patent will continue after service of this complaint unless enjoined by the Court.

37.    As a result of Vizio's infringement, Sony Corp. has suffered and will suffer damages.

38.    Sony Corp. is entitled to recover from Vizio the damages sustained by Sony Corp. as a result of Vizio's wrongful acts in an amount subject to proof at trial.

39.    Unless Vizio is enjoined by this Court from continuing its infringement of the '542 patent, Sony Corp. will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Sony Corp. is entitled to a preliminary and permanent injunction against further infringement.

## COUNT IV
## INFRINGEMENT OF THE '847 PATENT

40.    Sony Corp. realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

41.    Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '847 patent by practicing one or more claims of the '847 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of digital devices, including display televisions.

42.    Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe the '847 patent by contributing to and/or actively inducing the infringement by others of the '847 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

43.    Upon information and belief, Vizio has willfully infringed the '847 patent.

44. Upon information and belief, Vizio's acts of infringement of the '847 patent will continue after service of this complaint unless enjoined by the Court.

45. As a result of Vizio's infringement, Sony Corp. has suffered and will suffer damages.

46. Sony Corp. is entitled to recover from Vizio the damages sustained by Sony Corp. as a result of Vizio's wrongful acts in an amount subject to proof at trial.

47. Unless Vizio is enjoined by this Court from continuing its infringement of the '847 patent, Sony Corp. will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony Corp. is entitled to a preliminary and permanent injunction against further infringement.

## COUNT V
## INFRINGEMENT OF THE '614 PATENT

48. Sony Corp. realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

49. Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '614 patent by practicing one or more claims of the '614 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

50. Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe the '614 patent by contributing to and/or actively inducing the infringement by others of the '614 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

51. Upon information and belief, Vizio has willfully infringed the '614 patent.

52.    Upon information and belief, Vizio's acts of infringement of the '614 patent will continue after service of this complaint unless enjoined by the Court.

53.    As a result of Vizio's infringement, Sony Corp. has suffered and will suffer damages.

54.    Sony Corp. is entitled to recover from Vizio the damages sustained by Sony Corp. as a result of Vizio's wrongful acts in an amount subject to proof at trial.

55.    Unless Vizio is enjoined by this Court from continuing its infringement of the '614 patent, Sony Corp. will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Sony Corp. is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VI
## INFRINGEMENT OF THE '055 PATENT

56.    Sony Corp. realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

57.    Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '055 patent by practicing one or more claims of the '055 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

58.    Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe the '055 patent by contributing to and/or actively inducing the infringement by others of the '055 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

59.    Upon information and belief, Vizio has willfully infringed the '055 patent.

60.     Upon information and belief, Vizio's acts of infringement of the '055 patent will continue after service of this complaint unless enjoined by the Court.

61.     As a result of Vizio's infringement, Sony Corp. has suffered and will suffer damages.

62.     Sony Corp. is entitled to recover from Vizio the damages sustained by Sony Corp. as a result of Vizio's wrongful acts in an amount subject to proof at trial.

63.     Unless Vizio is enjoined by this Court from continuing its infringement of the '055 patent, Sony Corp. will suffer additional irreparable harm and impairment of the value of its patent rights. Thus, Sony Corp. is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VII
## INFRINGEMENT OF THE '468 PATENT

64.     Sony Corp. realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

65.     Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '468 patent by practicing one or more claims of the '468 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

66.     Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe the '468 patent by contributing to and/or actively inducing the infringement by others of the '468 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

67.     Upon information and belief, Vizio has willfully infringed the '468 patent.

68.     Upon information and belief, Vizio's acts of infringement of the '468 patent will continue after service of this complaint unless enjoined by the Court.

69.     As a result of Vizio's infringement, Sony Corp. has suffered and will suffer damages.

70.     Sony Corp. is entitled to recover from Vizio the damages sustained by Sony Corp. as a result of Vizio's wrongful acts in an amount subject to proof at trial.

71.     Unless Vizio is enjoined by this Court from continuing its infringement of the '468 patent, Sony Corp. will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Sony Corp. is entitled to a preliminary and permanent injunction against further infringement.

## COUNT VIII
## INFRINGEMENT OF THE '182 PATENT

72.     Sony Corp. realleges and incorporates herein the allegations of the preceding paragraphs of this Complaint as if fully set forth herein.

73.     Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe, literally and/or under the doctrine of equivalents, the '182 patent by practicing one or more claims of the '182 patent in the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

74.     Upon information and belief, in violation of 35 U.S.C. § 271, Vizio has infringed and is continuing to infringe the '182 patent by contributing to and/or actively inducing the infringement by others of the '182 patent by the manufacture, use, offering for sale, sale, and/or importation or exportation of display devices, including digital televisions.

75.     Upon information and belief, Vizio has willfully infringed the '182 patent.

76.     Upon information and belief, Vizio's acts of infringement of the '182 patent will continue after service of this complaint unless enjoined by the Court.

77.     As a result of Vizio's infringement, Sony Corp. has suffered and will suffer damages.

78.     Sony Corp. is entitled to recover from Vizio the damages sustained by Sony Corp. as a result of Vizio's wrongful acts in an amount subject to proof at trial.

79.     Unless Vizio is enjoined by this Court from continuing its infringement of the '182 patent, Sony Corp. will suffer additional irreparable harm and impairment of the value of its patent rights.  Thus, Sony Corp. is entitled to a preliminary and permanent injunction against further infringement.

## PRAYER FOR RELIEF

WHEREFORE, Sony Corp. demands judgment in its favor and against Vizio as follows:

(a)     Judgment in its favor on each count of its Counterclaims;

(b)     That Vizio be ordered to pay damages adequate to compensate Sony Corp. for Vizio's infringement of each of the patents-in-suit as alleged in the Counterclaims herein pursuant to 35 U.S.C. § 284;

(c)     That Vizio be ordered to pay treble damages for willful infringement of each of the patents-in-suit as alleged in the Counterclaims herein pursuant to 35 U.S.C. § 284;

(d)     That Vizio be ordered to pay attorneys' fees pursuant to 35 U.S.C. § 285 for each of the patents-in-suit as alleged in the Counterclaims herein;

(e)     That Vizio, its officers, agents, servants, employees, and those persons acting in active concert or in participation with them be enjoined from further infringement of

each of the patents-in-suit as alleged in the Counterclaims herein pursuant to 35

U.S.C. § 283;

(f)    That Vizio be ordered to pay prejudgment interest;

(g)    That Vizio be ordered to pay all costs associated with this action; and

(h)    That Sony Corp. be granted such other and additional relief as the Court deems just

and proper.

## DEMAND FOR JURY TRIAL

Sony Corp. and SCA hereby respectfully request a trial by jury on any issue so triable.


Respectfully submitted,

**SAIBER LLC**
*Counsel for Sony Corporation and
Sony Corporation of America*


Dated:  February 2, 2009              s/ Arnold B. Calmann
                                       Arnold B. Calmann (abc@saiber.com)
                                       Jakob B. Halpern (jbh@saiber.com)
                                       One Gateway Center, 13th Floor
                                       Newark, New Jersey 07102-5311
                                       (973) 622-3333

                                       Kevin P.B. Johnson
                                       (kevinjohnson@quinnemanuel.com)
                                       Benjamin Singer
                                       (benjaminsinger@quinnemanuel.com)
                                       **QUINN EMANUEL URQUHART OLIVER
                                       & HEDGES, LLP**
                                       555 Twin Dolphin Drive, Suite 560
                                       Redwood Shores, California 94065
                                       (650) 801-5000

                                       Edward J. DeFranco
                                       (eddefranco@quinnemanuel.com)
                                       Thomas D. Pease
                                       (thomaspease@quinnemanuel.com)

QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

## LOCAL CIVIL RULE 11.2 CERTIFICATION

Under Local Civil Rule 11.2, the undersigned counsel for Defendants hereby certifies that the matter in controversy is the subject of the following other actions:

(1) Sony Corp. v. Westinghouse Digital Elecs., LLC, Civil Action No. 08-3934 (RGK) (FMOx) (Central District of California)

(2) Sony Corp. v. Vizio, Inc., Civil Action No. 08-1135 (RGK) (FMOx) (Central District of California)

SAIBER LLC
*Counsel for Sony Corporation and Sony Corporation of America*

Dated: February 2, 2009

s/ Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333

Kevin P.B. Johnson
(kevinjohnson@quinnemanuel.com)
Benjamin Singer
(benjaminsinger@quinnemanuel.com)
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5000

Edward J. DeFranco
(eddefranco@quinnemanuel.com)
Thomas D. Pease
(thomaspease@quinnemanuel.com)
QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000

## <u>LOCAL CIVIL RULE 201.1 CERTIFICATION</u>

Under Local Civil Rule 201.1, the undersigned counsel for Defendants hereby certifies that Plaintiff seeks declaratory relief, and both Plaintiff and Defendants seek injunctive relief and money damages in excess of $150,000.00, and therefore this action is not appropriate for compulsory arbitration.

**SAIBER LLC**
*Counsel for Sony Corporation and*
*Sony Corporation of America*

Dated:  February 2, 2009

s/ Arnold B. Calmann
Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333

Kevin P.B. Johnson
(kevinjohnson@quinnemanuel.com)
Benjamin Singer
(benjaminsinger@quinnemanuel.com)
**QUINN EMANUEL URQUHART OLIVER**
**& HEDGES, LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
(650) 801-5000

Edward J. DeFranco
(eddefranco@quinnemanuel.com)
Thomas D. Pease
(thomaspease@quinnemanuel.com)
**QUINN EMANUEL URQUHART OLIVER**
**& HEDGES, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
