# EXHIBIT F

Liza M. Walsh
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey 07068
(973) 535-0500

James L. Wamsley III
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939

*Counsel for Plaintiff*
*VIZIO, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIZIO, Inc.,<br><br>    Plaintiff,<br><br>v.<br><br>SONY CORPORATION,<br>A Japanese Corporation, and SONY<br>CORPORATION OF AMERICA,<br>A New York Corporation,<br><br>    Defendants. | Civil Action No. 08-cv-5029 (FSH)(PS)<br><br><br>**RETURN DATE: February 17, 2009** |

## PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER THIS
## ACTION TO THE CENTRAL DISTRICT OF CALIFORNIA
## PURSUANT TO 28 U.S.C. § 1404(a)

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ...................................................................................1

ARGUMENT.............................................................................................................4

    I.      LEGAL STANDARD.................................................................................4

    II.    DEFENDANTS DO NOT PROVE VIZIO'S CLAIMS MIGHT HAVE
         BEEN BROUGHT IN THE CENTRAL DISTRICT OF CALIFORNIA ..............8

    III.   DEFENDANTS DO NOT PROVE THE CENTRAL DISTRICT OF
         CALIFORNIA IS A MORE CONVENIENT VENUE THAN THE
         DISTRICT OF NEW JERSEY ...................................................................9

         A.    New Jersey Is a Convenient Venue for VIZIO's Claims..........................10

              1.    New Jersey Is a Convenient Venue
                    for VIZIO's Tort Claims against SCA............................................10

              2.    New Jersey Is a Convenient Venue for
                    VIZIO's Patent Claims against Sony.............................................10

         B.    VIZIO Never Misled Sony.........................................................................13

    IV.   TRANSFER WILL NOT PROMOTE THE INTERESTS OF JUSTICE .............15

         A.    A Transfer Would Not Serve
              Judicial Expediency and Economy ..........................................................15

         B.    Transfer Is Not Required in Order to Avoid
              the Risk of Conflicting Rulings ...............................................................18

         C.    Public Interest Factors Do Not Weigh in Favor of Transfer.....................19

    V.    TRANSFER WILL NOT SERVE THE CONVENIENCE OF THE PARTIES
         OR WITNESSES OR OTHER PRIVATE INTEREST FACTORS ...................20

         A.    Plaintiff's Choice of Forum Is Entitled to Deference ...............................20

         B.    No Weight Should Be Given Defendants' Forum Preference.....................21

         C.    The Declaratory Judgment Claims Did Not Arise
              in Either California or Asia......................................................................22

          D.    The Convenience of the Parties Does Not Favor Transfer ........................23

|   |   |   |
|---|---|---|
| E. | The Convenience of the Non-Party Witnesses Does Not Favor Transfer | 25 |
| F. | The Location of Sources of Evidence Does Not Favor Transfer | 26 |

CONCLUSION .......................................................................................................27

# TABLE OF AUTHORITIES

**Page**

## Cases

*Acuity Brands, Inc. v. Cooper Indus., Inc.,*
 C.A. No. 07-444-GMS, 2008 U.S. Dist. LEXIS 58364
 (D. Del. July 31, 2008)..........................................................13, 20, 23, 24, 25, 26

*Amazon.com v. Cendant Corp.,*
 404 F. Supp. 2d 1256 (W.D. Wash. 2005)............................................17 n.10

*Am. Cyanamid Co. v. Eli Lilly & Co.,*
 903 F. Supp. 781 (D.N.J. 1995) .........................................................5, 16 n.8, 20

*Am. SensoRx, Inc. v. Banner Pharmcaps, Inc.,*
 C.A. No. 06-1929, 2006 WL 2583450 (D.N.J. Sept. 6, 2006) .......................19, 20, 23, 25

*Caliendo v. Trump Taj Mahal Assocs.,*
 C.A. No. 03-5145 (JBS), 2007 U.S. Dist. LEXIS 9462 (D.N.J. Feb. 8, 2007)..................24

*Celgene Corp. v. Abrika Pharms., Inc.,*
 No. 06-5818 (SDW), 2007 U.S. Dist. LEXIS 36202 (D.N.J. May 15, 2006) ..................20

*Chi Mei Optoelecs. Corp. v. LG Philips LCD Co., Ltd.,*
 C.A. No. 05-cv-01584, 2008 WL 901405 (E.D. Tex. Mar. 31, 2008)........................16 n.8

*Crosley Corp. v. Hazeltine Corp.,*
 122 F.2d 925 (3d Cir. 1941), *cert. denied,* 315 U.S. 813 (1942)....................4, 5, 6, 15, 20

*Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.,*
 No. 01-199-SLR, 2001 U.S. Dist. LEXIS 13477
 (D. Del. Nov. 28, 2001) ......................................................................16, 26, 27

*DataTreasury Corp. v. First Data Corp.,*
 243 F. Supp. 2d 591 (N.D. Tex. 2003) ...................................................16 n.8

*DiRienzo v. Philip Servs. Corp.,*
 294 F.3d 21, 23-27 (2d Cir. 2002) ...................................................................23

*Dollinger v. Salomon Smith Barney, Inc..,*
 C.A. No. 00-5607, 2001 WL 1917976 (D.N.J. Mar. 7, 2001)...................................18 n.11

*Ethicon, Inc. v. Quigg,*
 849 F.2d 1422 (Fed. Cir. 1988).........................................................................18 n.12

*Genentech, Inc. v. Eli Lilly & Co.,*
 998 F.2d 931 (Fed. Cir. 1993)...........................................................................6

*General Electro Music Corp. v. Samick Music Corp.*,
19 F.3d 1405 (Fed. Cir. 1994) ..................................................................18

*Gulf Oil Corp. v. Gilbert*,
330 U.S. 501 (1947) .............................................................................7, 20

*Hoffman v. Blaski*,
363 U.S. 335 (1960) ..................................................................................9

*ICU Med., Inc. v. Rymed Techs., Inc.*,
C.A. No. 07-468-JJF, 2008 WL 205307 (D. Del. Jan. 23, 2008) ....................21

*Interactive Music Tech., LLC v. Roland Corp.*,
C.A. No. 6:07-CV-282, 2008 WL 24542 (E.D. Tex. Jan. 29, 2008) .........18 n.11

*Jumara v. State Farm Ins. Co.*,
55 F.3d 873 (3d Cir. 1995) ................................................6, 7, 8, 15, 20, 24, 26

*LG Elecs., Inc. v. First Int'l Computer, Inc.*,
138 F. Supp. 2d 574 (D.N.J. 2001) .........................................................16 n.8

*Lawrence v. Xerox Corp.*,
56 F. Supp. 2d 442 (D.N.J. 1999) ...........................................................16 n.8

*MedImmune, Inc. v. Genentech, Inc.*,
549 U.S. 118 (2007) .................................................................................13

*Mendenhall v. Barber-Greene Co.*,
26 F.3d 1573 (Fed. Cir. 1994) ..................................................................18

*Micron Tech., Inc. v. Mosaid Techs., Inc.*,
518 F.3d 897 (Fed. Cir. 2008) .....................................................................6

*MyMail, Ltd. v. Am. Online, Inc.*,
223 F.R.D. 455 (E.D. Tex. 2004) ...........................................................18 n.11

*NICE Sys., Inc. v. Witness Sys., Inc.*,
C.A. No. 06-311-JJF, 2006 U.S. Dist. LEXIS 74642
(D. Del. Oct. 12, 2006) .....................................................12, 20, 21, 23, 25

*Omega Financial Servs., Inc. v. Innovia Estates & Mortgage Corp.*,
C.A. No. 07-1470 (JAG), 2007 U.S. Dist. LEXIS 90125
(D.N.J. Dec. 6, 2007) .........................................................................23, 24

*Oracle Corp. v. epicRealm Licensing, LP*,
Nos. 06-414-SLR, 06-495-SLR, 2007 U.S. Dist. LEXIS 21095
(D. Del. Mar. 26, 2007) .......................................................................24, 25

*Samsung SDI Co., Ltd. v. Matsushita Electric Indus. Co. Ltd.,*
    524 F. Supp. 2d 628, 634 (W.D. Pa. 2006).................................................7, 19, 20, 23, 26

*Schreiber v. Eli Lilly & Co.,*
    No. 05-CV-2616, 2006 U.S. Dist. LEXIS 13477
    (E.D. Pa. Mar. 27, 2006)....................................................................16, 17, 25, 26, 27

*Shutte v. Armco Steel Corp.,*
    431 F.2d 22 (3d Cir. 1970)..................................................................................6, 7, 8, 20

*Sky Solutions, LLC v. Cendant Mobility Servs. Corp.,*
    No. 2:07-CV-2456 (DMC), 2008 U.S. Dist. LEXIS 15622
    (D.N.J. Feb. 28, 2008).............................................................................................22

*Smith v. McIver,*
    9 Wheat. 532, 22 U.S. 532 (1822) ..........................................................................4

*Smithkline Beecham Corp. v. Geneva Pharms., Inc.,*
    No. 99-2926, 2000 U.S. Dist. LEXIS 1818 (E.D. Pa. Feb. 11, 2000) .......................17, 26

*Sony Corp. v. Eastman Kodak Co.,*
    C.A. No. 04-1506(DMC) (D.N.J. filed Oct. 1, 2004)................................................11 n.5

*Sony Elecs., Inc. v. Guardian Media Techs., Ltd.,*
    Civ. No. 05-CV-1777-B (AJB), 2007 U.S. Dist. LEXIS 82636
    (S.D. Cal. Nov. 6, 2007) ............................................................................................22

*Sony Elecs., Inc. v. Orion IP, LLC.,*
    C.A. No. 05-255 (GMS), 2006 U.S. Dist. LEXIS 9834
    (D. Del. Mar. 14, 2006)..............................................................................................15

*Sun Pharm. Indus., Ltd. v. Eli Lilly & Co.,*
    No. 07-CV-15087, 2008 U.S. Dist. LEXIS 35206
    (E.D. Mich. Apr. 30, 2008).........................................................................................26

*Textron Innovations Inc. v. The Toro Co.,*
    C.A. No. 05-486 FMS, 2005 U.S. Dist. LEXIS 23561
    (D. Del. Oct. 14, 2005) ........................................................................13, 21, 23, 24, 25

*Total Gard Corp. v. Dentek Oral Care, Inc.,*
    C.A. No. 08-4498(KSH) (D.N.J. filed Dec. 10, 2008) ............................................19 n.13

*Travelodge Hotels, Inc. v. Mangat Houston Race Track LLC,*
    C.A. No. 06-3543 (JAG), 2007 U.S. Dist. LEXIS 53655
    (D.N.J. July 24, 2007)........................................................................................21, 24, 27

*Truth Hardware Corp. v. Ashland Prods., Inc.,*
    No. 02-1541-GMS, 2003 U.S. Dist. LEXIS 409
    (D. Del. Jan. 13, 2003) ....................................................................17, 19, 25, 26

*Weber v. Basic Comfort Inc.,*
    155 F. Supp. 2d 283 (E.D. Pa. 2001) ...................................................16 n.8

*Wilton v. Seven Falls Co.,*
    515 U.S. 277 (1995) .....................................................................................6

*Winner Int'l Royalty Corp. v. Wang,*
    202 F.3d 1340 (Fed. Cir. 2000).....................................................................6

*Yang v. Odom,*
    409 F. Supp. 2d 59 (D.N.J. 2006) .........................................................18 n.11

## Statutes

28 U.S.C. § 1404(a) ..................................................................................... *passim*

## PRELIMINARY STATEMENT

The facts here do not support transferring VIZIO, Inc.'s ("VIZIO's") first-filed case out of this Court to the Central District of California, where Sony Corporation's ("Sony's") second-filed retaliatory infringement countersuit was filed.  Defendants are aware of these facts, yet they do not mention them in their motion papers.  For example, Defendants know that Sony Corporation ("Sony") and its affiliates have an R&D and engineering facility not just in San Diego, but in this District as well.  Defendants know Sony has frequently chosen *this* District (and others nearby) to bring its patent claims.  Defendants know they resisted transfer out of this District on the grounds that "New Jersey is the most convenient possible forum for Sony."  Defendants further know that, two weeks *before* Sony sued Westinghouse Corporation ("Westinghouse") in California, Sony (and other plaintiffs) filed a patent suit against VIZIO in the Southern District of New York, accusing VIZIO's digital televisions of infringing three other Sony patents allegedly related to a technical standard.

Defendants are so eager to escape this Court that they paint an incomplete, false and misleading picture in their motion papers.  Not only do they fail to tell the Court many of the relevant facts, they also make numerous assertions without any proof to back them up.  For example, Sony claims that it has been engaged in licensing negotiations with VIZIO since 2005, yet Defendants' attached declaration (Siegel Decl. ¶ 18) admits that no such negotiations began until 2007.  Defendants further claim that the California forum would be more convenient to third-party chipset manufacturer witnesses, but do not identify a single such witness or his/her location.  They claim that certain of the infringement analysis will be "virtually identical" for both Westinghouse and VIZIO products, yet provide the Court no evidence to support that claim.

Even worse, Defendants stoop to leveling untrue and unsupportable accusations at VIZIO, falsely claiming that VIZIO "misled" Sony.  Simply put, there was no explicit or implicit

agreement not to file suit and Sony could have had no illusions to the contrary. Sony knew that VIZIO could file at any time because (1) VIZIO had declaratory judgment standing for its patent claims as early as September 2007, and (2) VIZIO gave Sony explicit notice of VIZIO's intent to file its tort claims in early June 2008. Likewise, as explained in the accompanying declaration of Mr. Robert Brinkman, a VIZIO Vice President, VIZIO knew that Sony might file suit at any time, notwithstanding the fact that the parties had scheduled a meeting. (Brinkman Decl. ¶ 5.) In fact, Sony filed its recent patent suit against VIZIO in New York without warning and on the day before walking into a meeting with VIZIO – the same type of conduct that Sony now brands as "deceptive." On the other hand, VIZIO's counsel provided Sony's counsel with a courtesy copy of the complaint the same day it was filed, and VIZIO engaged in substantive negotiations with Sony in the meeting on October 14, 2008. (*Id.* ¶ 10.)

This is no "race to the courthouse" case; rather, Defendants are determined to try to wrestle VIZIO's claims from VIZIO's forum of choice to Sony's. Defendants admit they filed their patent claims in the California court only *after* learning that VIZIO had filed its complaint here. Defendants' filing in the California court was thus a direct response to VIZIO's filing here, made solely in an effort to deprive VIZIO of its choice of this District.

While Sony seeks to cast doubt on VIZIO's choice of this District to file its complaint, the truth is that VIZIO filed its claims against Sony and Sony Corporation of America ("SCA") in this District for a host of valid reasons. Specifically, VIZIO knew that: (1) Defendants' substantial connections to New Jersey established personal jurisdiction and venue here; (2) key SCA witnesses on VIZIO's tort claims reside within the subpoena reach of this District; (3) the key Sony witnesses on the patent claims (the inventors) were likely in Japan, outside the subpoena reach of any U.S. court; and (4) this District had just proposed local procedural rules

for handling patent cases. In short, this District is a convenient, logical and appropriate place to sue an alien corporation (Sony) and a New York corporation headquartered in Manhattan (SCA) with many New Jersey connections. Indeed, Sony's purported preference for California in this case stands in stark contrast to its choice of venue in and around New Jersey in many other recent patent cases, as described herein.

Defendants have not met their burden to prove the need to transfer VIZIO's claims to California. Sony's second-filed infringement countersuit against VIZIO is a compulsory counterclaim here and provides no basis for a claim of judicial economy. Sony cannot be permitted to bootstrap itself into the California court simply because it sued someone else there.

As to the other suit, Defendants' claim that the Westinghouse action involves similar technology is unsubstantiated. Even crediting Defendants' assertion, the Westinghouse case is in no other way similar to VIZIO's action here, which involves different parties, several different patents, different accused products and tort claims based on local events. Moreover, the Westinghouse action is already far along, with discovery closing in a month and trial set for June 2009. The advanced procedural posture of the Westinghouse action undercuts Defendants' claims of efficiency, because neither consolidation nor coordination is feasible at this point. In any event, keeping VIZIO's claims here *is* efficient because this Court will have the benefit of the California court's findings at an early stage in this action, aiding this Court in its analysis and mitigating any risk of conflicting rulings (to the extent there is any risk).

Both VIZIO and Sony have the financial resources to litigate their claims in any forum in the United States. Defendants' argument that California is more convenient than New Jersey for VIZIO makes no sense. VIZIO is ready, willing and able to litigate its claims here, as are Defendants. Nor should Defendants be heard to complain of being sued in a forum that Sony has

3

praised as a convenient forum for litigating its patents. While Defendants assert that California is convenient for Sony Electronics Inc. ("SEL"), that is irrelevant; SEL has nothing to do with this case, since VIZIO's patent claims center on Sony's *patents* and *VIZIO's* televisions, not on *Sony's* televisions.

Almost all of the witnesses Defendants identify as potentially having relevant information are Sony's counsel or employees, who are presumed willing to appear. Still, though Sony argues travel to New Jersey would be inconvenient for unspecified non-party Japanese witnesses, California is no less inconvenient because travel from Japan to Los Angeles is not substantially shorter than travel to New Jersey. Tellingly, Defendants identify no defect in this Court's jurisdiction or venue rendering any potentially relevant witnesses or documents unavailable to this Court.

In the end, there is no reason to grant Defendants' motion. Defendants have obscured, exaggerated and – unfortunately – misrepresented the facts concerning the parties' history and this action. This Court should reject their efforts to deprive VIZIO of its choice of New Jersey as a venue just because Sony would prefer to litigate in the Central District of California, where the court has no local rules governing patent cases like those adopted by this District. While Defendants argue that a number of factors support California as a convenient alternative venue, as demonstrated below, their motion falls short of their burden to prove that private and public interest factors "strongly favor" a transfer. Defendants' motion should be denied.

## ARGUMENT

## I.     LEGAL STANDARD

The "first-to-file" rule favors the forum of the first-filed action and is a well-established principle of federal law. *See Crosley Corp. v. Hazeltine Corp.*, 122 F.2d 925, 929-30 (3d Cir. 1941), *cert. denied*, 315 U.S. 813 (1942) (quoting Chief Justice Marshall in *Smith v. McIver*, 9

Wheat. 532, 22 U.S. 532 (1822)).  The rule remains in force today.  *See, e.g., Am. Cyanamid Co. v. Eli Lilly & Co.*, 903 F. Supp. 781, 787 (D.N.J. 1995) ("[T]he general rule in the Third Circuit is that the first-filed suit should take priority in venue. . . .  This is particularly true in patent cases.") (citations omitted).

Judge Maris' landmark opinion in *Crosley* made it clear that the first-to-file rule has particular force in cases like this one:

> The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter.
>
> *  *  *  *  *
>
> What has been said applies, we think, with especial force to patent suits, such as the one before us, brought under the Declaratory Judgment Act . . . .  The act establishes the challenger of an alleged patent right to have the right adjudicated without having to take the risk of continuing his infringement pending action by the patent owner.  In the declaratory judgment action the patent owner may counterclaim for infringement. . . .  The intent of the Declaratory Judgment Act is to enable an alleged infringer to avoid a multiplicity of suits by the patent owner.  When the district court of the domicile of a patent owner has been asked by an infringer to determine by declaratory judgment the issues of the patent's validity and infringement, it would neutralize the beneficial effect of the Declaratory Judgment Act as well as impose an unwarranted burden upon the federal judiciary, to permit the patent owner thereafter to prosecute infringement suits in other district courts against the same infringer.

122 F.2d at 930 (internal citations omitted).  Defendants' motion seeks to transfer this action to the forum in which Sony *subsequently* brought its infringement claims against VIZIO upon learning VIZIO filed suit – claims which are compulsory counterclaims in this action.  Indeed, Sony's actions have all been focused on a desperate effort to wrestle this case away from this

Court, in which VIZIO's first-filed declaratory judgment claims were properly brought.[1]  This is the very conduct that led the *Crosley* court to reverse and order that the patent owner be enjoined from prosecuting subsequent infringement suits it had filed against the declaratory judgment plaintiff in another district.

To be sure, courts may deviate from the "first-to-file" rule if "sound reason [exists] that would make it unjust or inefficient to continue the first-filed suit." *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 938 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).  As Defendants' opening papers concede, where, as here, a first-filed declaratory judgment patent action is closely followed by a patent owner's subsequent infringement action in another forum, the general rule favors the forum of the first-filed action. *See Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 905 (Fed. Cir. 2008) (holding venue in first-filed declaratory judgment action was "the more appropriate forum").

Defendants' transfer motion under 28 U.S.C. § 1404(a) must meet two requirements:  (1) that the proposed transferee forum is one in which the action "might have been brought"; and (2) that a transfer would be more convenient for parties and witnesses and in the interest of justice. 28 U.S.C. § 1404(a); *see Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (3d Cir. 1995); *Shutte v. Armco Steel Corp.*, 431 F.2d 22, 25 (3d Cir. 1970); *see also Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1352 (Fed. Cir. 2000) (regional circuit law governs district court's § 1404(a) analysis).  Accordingly, defendants seeking transfer under § 1404(a) must establish, first, that jurisdiction and venue in the proposed transferee forum could have been proper as to

---

[1]  Not only did Sony file its compulsory counterclaim infringement claims in the California court right after VIZIO sent it courtesy copies of the complaint, but Sony then took unnecessary steps to avoid service of the summons and complaint in this action, all in an effort to frustrate this Court's proper exercise of jurisdiction.  *See* Dkt. #13 (Affidavit of Service) (noting in-house counsel refused to accept service on behalf of Sony, requiring service by mail to Sony's offices in Japan).

all defendants, and second, that the balance of convenience of the parties and witnesses strongly

favors the defendants. *Shutte*, 431 F.2d at 25; *see Jumara*, 55 F.3d at 878-79.

Defendants seeking transfer must demonstrate that both private and public interest factors

"strongly favor" transfer to the transferee forum. *Shutte*, 431 F.2d at 25; *Jumara*, 55 F.3d at 879.

Private interests include:

> [P]laintiff's forum preference as manifested in the original choice;
> the defendant's preference; whether the claim arose elsewhere; the
> convenience of the parties as indicated by their relative physical
> and financial condition; the convenience of the witnesses -- but
> only to the extent that the witnesses may actually be unavailable
> for trial in one of the fora; and the location of books and records
> (similarly limited to the extent that the files could not be produced
> in the alternative forum).

*Jumara*, 55 F.3d at 879 (citations omitted). Public interests include:

> [T]he enforceability of the judgment; practical considerations that
> could make the trial easy, expeditious, or inexpensive; the relative
> administrative difficulty in the two fora resulting from court
> congestion; the local interest in deciding local controversies at
> home; the public policies of the fora; and the familiarity of the trial
> judge with the applicable state law in diversity cases.

*Id.* at 879-80 (citations omitted). Both the Third Circuit and the U.S. Supreme Court have made

it plain that a plaintiff's choice of venue should not be lightly disturbed. *Id.* at 879 (citation

omitted); *Shutte*, 431 F.2d at 25; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947)

(finding that "unless the balance is strongly tipped in favor of the defendant, the plaintiff's

choice of forum should not be disturbed").

Defendants bear the burden of establishing the need for transfer. *Jumara*, 55 F.3d at 879;

*Shutte*, 431 F.2d at 25. If, as here, defendants have failed to come forward with the arguments

and evidence required to support transfer to another forum, their motion should be denied. *See,

e.g., Samsung SDI Co., Ltd. v. Matsushita Electric Indus. Co. Ltd.*, 524 F. Supp. 2d 628, 634

(W.D. Pa. 2006).

## II.    DEFENDANTS DO NOT PROVE VIZIO'S CLAIMS MIGHT HAVE BEEN BROUGHT IN THE CENTRAL DISTRICT OF CALIFORNIA

Defendants bear the threshold burden to prove that VIZIO could have established personal jurisdiction *and* venue in the proposed transferee forum as to both Sony and SCA. *Shutte*, 431 F.2d at 24 ("[V]enue must have been proper in the transferee district and the transferee court must have had power to command jurisdiction over all of the defendants."); *see also Jumara*, 55 F.3d at 878-79.

Defendants have failed to meet this threshold burden, and their motion can and should be denied for this reason alone. Defendants fail to *argue*, much less prove, that jurisdiction and venue lie in the Central District of California as to both SCA and Sony. Instead, Defendants argue, first, that VIZIO "cannot dispute" that this action could have been brought there; second, that Sony had already initiated a lawsuit (against a third party)[2] there; and third, that SCA does not dispute that VIZIO's claims could have been brought there. (Mot. at 9.)

Defendants' "showing" falls woefully short of their burden. *Shutte*, 431 F.2d at 24. First, Defendants' rhetoric does not alter the fact that it is *Defendants'* burden to argue and prove jurisdiction and venue in the transferee forum – not VIZIO's. Second, Defendants offer no explanation for why the fact that Sony sued a *third party* for patent infringement in California has any relevance as to where *VIZIO* might have filed its trade libel/disparagement, Lanham Act and declaratory patent claims against Sony and SCA. Third, it is utterly *meaningless* that SCA "does not dispute" the issue because SCA is a *defendant* who bears the burden of proof on the

---

[2] Sony's claim that it "had already initiated a lawsuit in the district on the same patents" is misleading. It implies, incorrectly, that Sony filed its infringement suit against VIZIO before VIZIO filed the present declaratory judgment complaint. (*See* Mot. at 9.) As Sony is forced to concede, Sony filed its infringement action against VIZIO *after* learning VIZIO filed its claims here. (Mot. at 4, 5; Siegel Decl. ¶ 31.) As discussed *infra*, Sony's suit against Westinghouse provides no reasonable basis for deciding that the Central District of California was a proper forum for VIZIO to file its claims against Sony and SCA.

issue.  *See Hoffman v. Blaski*, 363 U.S. 335, 343 (1960) ("[T]he power of a District Court under § 1404(a) to transfer an action . . . is made to depend not upon the wish or waiver of the defendant . . . .").  Moreover, SCA is a holding company for Sony in the United States, and is a New York corporation headquartered in Manhattan.  (*See* Siegel Decl. ¶ 2.)  Defendants neither argue nor offer facts that would support personal jurisdiction and venue in California.  Indeed, Mr. Siegel's declaration confirms that SCA "is not involved in the design or manufacture of any Sony products covered by the patents."  (*Id.* ¶ 15.)

Defendants' motion should be denied on this basis alone.  It is for Defendants to prove the proposed transferee forum could have entertained VIZIO's claims.  Still, Defendants have neither argued nor provided any facts sufficient to meet their burden to prove that the Central District of California is a proper alternative venue with jurisdiction over both Sony and SCA. Thus, their motion should be denied.

## III.   DEFENDANTS DO NOT PROVE THE CENTRAL DISTRICT OF CALIFORNIA IS A MORE CONVENIENT VENUE THAN THE DISTRICT OF NEW JERSEY

Defendants do not deny that venue is proper in the District of New Jersey.  (*See* Siegel Decl. ¶ 15, 17.)  If the Court does not deny Defendants' motion under the first *Jumara* prong, the sole issue to be decided by this Court is whether VIZIO's claims against Defendants should go forward in the District of New Jersey or in the Central District of California.[3]

---

[3] Defendants' claims that there will be duplication of judicial efforts if this case is not transferred are incorrect.  (Mot. at 10-14.)  If this Court denies Defendants' motion to transfer VIZIO's claims, they will be heard here, along with Sony's counterclaims, not in the California court.

**A.     New Jersey Is a Convenient Venue for VIZIO's Claims.**

    **1.     New Jersey Is a Convenient Venue for VIZIO's Tort Claims against SCA.**

SCA concedes that it is within this Court's subpoena power and has substantial connections to New Jersey. (*See* Siegel Decl. ¶ 15.) SCA also concedes that events underlying VIZIO's non-patent claims against SCA occurred nearby. (*See id.* ¶ 17.) SCA does not dispute that its witnesses with relevant information regarding those events are within this Court's subpoena power. (*Id.*) Thus, SCA does not contend that VIZIO's tort claims against it are not properly before this Court.

    **2.     New Jersey Is a Convenient Venue for VIZIO's Patent Claims against Sony.**

Defendants' brief admits to some (but not all) of their extensive connections to New Jersey. (Mot. at 3-4; *cf. id.* at 20-21 (describing no relevant contacts for Defendants to the Central District of California).) Defendants fail to disclose at least two facilities in New Jersey: an "R&D and Engineering Facility" in Park Ridge, New Jersey, and a "Major Manufacturing Site[]" in Pitman, New Jersey that are identified at the website found at the URL: http://www.sony.com/SCA/corporate.shtml. The Park Ridge Facility appears to be an active research center; that facility is designated as an assignee address in forty-three (43) U.S. patents and U.S. patent applications filed since January 2006.[4]

Defendants also fail to disclose that Sony has chosen to litigate its patents in this District and in surrounding districts. In opposing a transfer motion in a patent case it filed against Eastman Kodak Company ("Kodak") in this Court in 2004, Sony represented to this Court that "New Jersey is the most convenient possible forum for Sony." *See Sony Corp. v. Eastman*

---

[4] *See* Google Patents, *available at* http://www.google.com/patents (last visited Feb. 2, 2009).

*Kodak Co.*, No. 2:04-cv-01506-DMC-PS, Dkt. #9, Sony Brief in Opposition to Motion to

Transfer at 1 (D.N.J. filed Aug. 27, 2004).  It argued New Jersey was convenient because Sony

(and SCA) had "offices in New Jersey in and around Park Ridge, New Jersey." *Id.* at 2.[5]

 Sony's statements in the *Kodak* action (and in this one) demonstrate that SCA's offices in

New Jersey have played (and continue to play) a significant role in Sony's patent activities in the

United States.  In opposing transfer out of this district in *Kodak*, Sony submitted the declaration

of defendant SCA's Vice President of Intellectual Property, Peter C. Toto, stating that

> [a]n important function of SCA's New Jersey operations is its
> Intellectual Property Department ("SCAIPD").  An important
> function of SCAIPD is to provide support to Sony in the U.S. for
> United States patent matters.  Sony . . . relies . . . on the legal and
> related expertise in SCAIPD.  For all intents and purposes,
> SCAIPD functions as in-house patent counsel for Sony in the U.S.

(Exh. 1 ¶ 4.)  Mr. Toto further noted that SCAIPD was involved in settlement negotiations and

continued to advise Sony as it litigated its patents in New Jersey.  (*Id.* ¶ 5.)  SCAIPD was also

expected to meet regularly with Sony's outside patent counsel.  (*Id.* ¶ 6.)

 It appears that SCAIPD continues to "function[] as in-house patent counsel for Sony in

the U.S." to this day.  Mr. Siegel, Sony's Senior IP counsel, is based in Sony's Park Ridge, New

---

[5] That case involved crucially different facts than this one.  *See Sony Corp. v. Eastman Kodak Co.*, Civil Action No. 04-1506(DMC) (D.N.J. filed Oct. 1, 2004).  First, Sony's suit in New Jersey was the second filed suit; Kodak had previously sued Sony for infringement in the New York court.  Here, VIZIO's action is the first-filed action between VIZIO and Defendants. Second, in *Kodak*, the action pending in the New York court when Sony filed suit in New Jersey involved the *same* parties.  Here, only the Westinghouse action was pending when VIZIO filed suit, so there is no prior pending litigation between the parties.  Finally, Kodak's and Sony's complaints were filed very close in time to one another, making it possible for the transferee court to consolidate and coordinate between the two cases.  Here, the Westinghouse action is much farther along than VIZIO's action against Sony, and, should the Court decide to transfer VIZIO's claims to the California court, neither consolidation nor coordination with the Westinghouse action would be feasible.  Moreover, Sony responded to the transfer to the New York court by filing a separate action in New Jersey under different patents and joining SEL as a co-plaintiff.  *See Sony Corp. et al. v. Eastman Kodak Co.*, C.A. No. 2:04-cv-03193-JLL-CCC (D.N.J. filed July 7, 2004).  That action was not transferred.

Jersey facility and, like Mr. Toto, is a member of SCAIPD. (Siegel Decl. ¶ 1.) Mr. Siegel's declaration in this case implicitly confirms the "important function" of SCAIPD described by Mr. Toto, stating that "[a]lthough SCA . . . currently ha[s] employees working in New Jersey, *other than the Intellectual Property Group*, I do not believe that these employees perform any functions that are related to the issues this [sic] case." (Siegel Decl. ¶ 15 (emphasis added).)

Mr. Siegel's declaration attempts to ignore the elephant in the room: SCAIPD is a major factor in Sony's patent activities. In fact, Mr. Siegel was the very person who first notified VIZIO that Sony believed one of VIZIO's televisions infringed Sony's patents in a letter dated September 6, 2007 sent from his office in Park Ridge. (Brinkman Decl. ¶ 3, Brinkman Decl. Exh. A.) Mr. Siegel has been the lead Sony/SCA contact with VIZIO from the outset.

Moreover, contrary to the impression that Defendants have conveyed in their motion papers, Sony has also sued VIZIO for infringement of other patents in a judicial district other than the Central District of California. When Sony (along with other plaintiffs) accused VIZIO's televisions of infringing other patents in June 2008, those claims were filed in the Southern District of New York, not in California. (*See* Brinkman Decl. ¶ 7; Brinkman Decl. Exh. C.)

Because Sony is an alien corporation and SCA is a New York corporation headquartered in Manhattan, VIZIO was obliged to choose an appropriate forum when filing its complaint against them. As VIZIO's products are sold in virtually every district, its declaratory judgment claims do not involve any particular local interests. *See NICE Sys., Inc. v. Witness Sys., Inc.*, C.A. No. 06-311-JJF, 2006 U.S. Dist. LEXIS 74642, at *8 (D. Del. Oct. 12, 2006) ("[P]atent rights generally do not give rise to a local controversy or implicate local interests."); *see also Acuity Brands, Inc. v. Cooper Indus., Inc.*, C.A. No. 07-444-GMS, 2008 U.S. Dist. LEXIS 58364, at *9 (D. Del. July 31, 2008). In light of the Defendants' undeniably substantial relevant

connections to this District, the frequency with which they have litigated in the District of New Jersey, (*see* Exh. 2), and Sony's recent selection of the nearby Southern District of New York as the forum to hear its other patent infringement accusations regarding VIZIO's televisions, VIZIO properly chose the District of New Jersey as an appropriate venue for its declaratory judgment claims. *See, e.g., Textron Innovations Inc. v. The Toro Co.*, C.A. No. 05-486 GMS, 2005 U.S. Dist. LEXIS 23561, at *5 (D. Del. Oct. 14, 2005) (finding difficulty in determining inconvenience to defendant who had "previously chosen this forum in order to litigate its own patent infringement claims").

### B.     VIZIO Never Misled Sony.

Before turning to the purported merits of Defendants' motion, VIZIO is constrained to address their baseless claims that VIZIO "deliberately misled" them by filing its complaint in this District on October 10, 2008. (Mot. at 1-2, 4, 19-20.) As shown below, these claims are completely without merit.[6]

To start, Sony, through Mr. Siegel, accused one of VIZIO's televisions of infringing the patents-in-suit (enumerated in VIZIO's Counts I-XII and XV-XII) on September 6, 2007. (Brinkman Decl. ¶ 3, Brinkman Decl. Exh. A.) Though Sony's accusations gave VIZIO a basis for filing a declaratory judgment action immediately, *see MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118 (2007), VIZIO did not do so until more than a year later on October 10, 2008. Defendants' claim that VIZIO's declaratory judgment claims are "anticipatory" thus has no merit.

---

[6] Sony seeks to impose a double standard on negotiation conduct. As discussed herein, Sony was not above filing an infringement complaint without notice and before walking into a meeting with VIZIO, and did exactly that in June 2008. (*See* Brinkman Decl. ¶¶ 7-9.)

Similarly meritless are Defendants' insinuations that VIZIO's conduct was in any way deceptive. As a professional courtesy, VIZIO's counsel provided Mr. Siegel a courtesy copy of that complaint within hours after it was filed, but Sony later took unnecessary steps to avoid service of the summons and complaint in this action. (*See* Dkt. #13 (Affidavit of Service).)

During the course of VIZIO's negotiations with Sony in 2008, the parties met four times: on March 12, June 3, August 12 and October 14, 2008. (Brinkman Decl. ¶ 5-6.) There was *never* any agreement between VIZIO and Sony that neither party would file suit, and Defendants do not suggest otherwise. (*Id.* ¶ 5-6.) VIZIO was aware that Sony might file suit against it at any time and specifically asked Sony whether it had filed suit against VIZIO at the outset of their August 12, 2008 meeting. (*Id.* ¶ 9.) Nor can Defendants assert that VIZIO's claims came as a surprise. As stated above, Defendants knew that VIZIO had declaratory judgment standing since at least September 2007, (*id.* ¶ 3; Brinkman Decl. Exh. A), and VIZIO gave Defendants specific notice of its intent to file its tort claims on June 10, 2008, (*id.* ¶ 6; Brinkman Decl. Exh. B.)

Completely eviscerating Defendants' claims of deception is the fact that Sony itself joined with other plaintiffs in filing a patent infringement complaint against VIZIO in the United States District Court for the Southern District of New York on June 2, 2008, accusing VIZIO digital televisions of infringing other patents[7] allegedly related to a technical standard. (*Id.* ¶ 7; Brinkman Decl. Exh. C.) Sony gave VIZIO no prior notice of its intent to file that complaint. (Brinkman Decl. ¶ 7.) Rather, the next day, Mr. Siegel opened the meeting between VIZIO and Sony by announcing that the new complaint had been filed the day before. (*Id.* ¶ 8.) He said that Sony *intended* to file that suit when they did, because Sony wanted to send a message to VIZIO that it was serious about enforcing its intellectual property. (*Id.*)

---

[7] The Sony patents at issue in that case were not among the group of patents that Sony had previously raised in the 2007 and 2008 licensing meetings between the parties.

In short, the Defendants were not misled or deceived in the slightest. Like VIZIO, Sony and SCA realized that litigation could be filed at any time. When VIZIO filed its complaint and notified Defendants that afternoon, Sony filed its infringement claims a few hours later in California. Sony was clearly ready to go, and it instantly reacted negatively to the prospect of litigating this case before this Court, rather than before the California court that it preferred.

Defendants cannot dictate that litigation involving Sony's patents must proceed in the Central District of California based solely on the Westinghouse action. As Sony itself successfully persuaded the Delaware district court, a patent owner who sues some parties for infringement in one venue "should not be able to 'bootstrap itself into staying there' when subsequent litigation arises involving a different set of parties." *Sony Electronics, Inc. et al. v. Orion IP, LLC*, C.A. No. 05-255 (GMS), 2006 U.S. Dist. LEXIS 9834, at *7 (D. Del. Mar. 14, 2006) (citation omitted). Notwithstanding Sony's evident preference for the California court in this case, moreover, "[n]o party has a vested right to have his cause tried by one judge rather than another of equal jurisdiction." *Crosley*, 122 F.2d at 930.

## IV.     TRANSFER WILL NOT PROMOTE THE INTERESTS OF JUSTICE

Defendants fail to meet their burden to show that private and public interest factors "strongly favor" transfer to the transferee forum. *Jumara*, 55 F.3d at 879.

### A.     A Transfer Would Not Serve Judicial Expediency and Economy

Defendants' essential argument is that VIZIO's declaratory judgment claims should be transferred to the Central District of California because Sony sued Westinghouse there for infringement of Sony's patents. *This* litigation is the first-filed case between *VIZIO* and Sony

regarding the patents-in-suit,[8] is in its infancy and is the only action involving VIZIO's claims

for declaratory relief, trade libel/disparagement and Lanham Act violations.[9]

The Westinghouse action involves certain Sony patents and accused televisions, but that

is where the similarity ends. *Cypress Semiconductor Corp. v. Integrated Circuit Sys., Inc.*, No.

01-199-SLR, 2001 U.S. Dist. LEXIS 20803, at *11-12 (D. Del. Nov. 28, 2001) (parallel action

involving similar technology but different parties did not warrant transfer); *Schreiber v. Eli Lilly

and Co.*, No. 05-CV-2616, 2006 U.S. Dist. LEXIS 13477, at *35 (E.D. Pa. Mar. 27, 2006)

(denying motion to transfer to alternative forum where patentee litigated same patents against

third party; "This Court does not believe that the legal and factual issues overlap to such an

---

[8] Defendants repeatedly attempt to blur the difference between the Westinghouse action, filed by Sony before this action, and the Sony countersuit for infringement against VIZIO, which was not filed until after VIZIO filed its claims here. (Mot at 1-2, 9, 10-14, 20-21, 22.) The truth of the matter is that VIZIO's complaint here predates the case that Sony filed against VIZIO in California.

[9] Sony cites to a number of cases to support generalized propositions that related litigation should proceed in the same forum. (Mot. at 10-11.) None of this case authority is apposite, and in fact most of it supports VIZIO. *Lawrence*, *Cyanamid*, and *Chi Mei* all involved transfer of a *second-filed suit* between the same primary parties, which here, would support transfer of *Sony's* claims in California to this Court. *See Lawrence v. Xerox Corp.*, 56 F. Supp 2d 442, 451 (D.N.J. 1999) ("The Defendants in this action, with the exception of Fairfax, are parties to the [previously-filed action] in the Western District of Texas."); *Am. Cyanamid Co. v. Eli Lilly & Co.*, 903 F. Supp. 781, 787 (D.N.J. 1995) ("Cyanamid's and AHP's current claim . . . is the mirror image of Lilly's Indiana claim. Similarly, [their] state court claims in this action are identical to the counterclaims they have asserted in the Indiana action."); *see also Chi Mei Optoelecs. Corp. v. LG Philips LCD Co., Ltd.*, No. 2:07-CV-176, 2008 WL 901405, at *1 (E.D. Tex. Mar. 31, 2008) (transferring patent owner's infringement countersuit in Texas against accused infringer to Delaware, where accused infringer had sued patent owner for infringement four months earlier). All of these cases would support transfer of *Sony's* infringement claims in the California court to this Court, where VIZIO's claims are the first-filed.

Sony's other authority involved defendants with little to no connection to the forum, *see Weber v. Basic Comfort Inc.*, 155 F. Supp. 2d 283, 286-87 (E.D. Pa. 2001); *LG Elecs., Inc. v. First Int'l Computer, Inc.*, 155 F Supp. 2d 574, 590 (D.N.J. 2001). Finally, *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591 (N.D. Tex. 2003) is plainly distinguishable; there, the plaintiff originally filed an infringement suit against the accused infringer in the transferee forum, but dismissed that suit and re-filed in a second forum. *See id.* at 592-93. Unsurprisingly, the second court granted transfer back to the plaintiff's originally chosen forum.

extent that transfer on this basis is justified.").[10]  There are several different Sony patents at stake here beyond those at issue in the *Westinghouse* case, and Defendants do not suggest that this case could or should be consolidated with *Westinghouse*, thereby limiting any potential efficiency gains.  *See Schreiber*, 2006 U.S. Dist. LEXIS 13477, at *34.

In fact, the Westinghouse action is far along; discovery will close in about a month and trial will begin in June.  The advanced procedural posture of the Westinghouse action militates against a transfer.  *Truth Hardware Corp. v. Ashland Prods., Inc.*, No. 02-1541-GMS, 2003 U.S. Dist. LEXIS 409 at *4 (D. Del. Jan. 13, 2003) (advanced procedural posture of parallel action weighed against transfer where parallel action was approximately two months from trial); *see Smithkline Beecham Corp. v. Geneva Pharms., Inc.,* No. 99-2926, 2000 U.S. Dist. LEXIS 1818 (E.D. Pa. Feb. 11, 2000) (denying transfer motion when discovery already completed in proposed forum, "thus diminishing the possibility of consolidation or coordination to promote judicial economy.").

Nor is there any downside to this Court retaining jurisdiction.  This Court would have the benefit of any claim construction, invalidity or unenforceability ruling from the Westinghouse action and may consider it and give it whatever persuasive weight may be appropriate.  Though they claim that Westinghouse case involves similar technology, Defendants fail to offer any specific proof of those similarities and VIZIO believes "the present court is amply qualified to likewise familiarize itself."  *Truth Hardware*, 2003 U.S. Dist. LEXIS 409 at *4.

---

[10] Sony cites *Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1261 (W.D. Wash. 2005) in support of the public's interest in judicial economy.  *Amazon.com* is yet another case in which the court transferred a *second-filed* action to the forum of the first-filed action.  *See id.* at 1258 ("Two days later, Amazon filed this suit here."); *see also id.* at 1261 ("Amazon stated . . . that the two cases involve 'substantially the same parties.'").  *Amazon.com* thus would support transfer of *Sony's* second-filed claims from the California court to this court, not the transfer of *VIZIO's* first-filed claims.

### B.    Transfer Is Not Required in Order to Avoid the Risk of Conflicting Rulings

Defendants' argument regarding the "risk" of conflicting rulings fails to identify any real risks.[11]  As discussed above, this Court will have the benefit of the California court's claim construction at an early stage in this action and may rely on it if that is appropriate.

Defendants' claim of "inconsistent rulings on validity and enforceability-related issues" is similarly a red herring.  (Mot. at 15.)  To start, the argument makes no sense from a judgment conflicts perspective.  In the event Judge Klausner finds Sony's patents invalid, VIZIO may treat those findings as collateral estoppel.  *See Mendenhall v. Barber-Greene Co.*, 26 F.3d 1573, 1577 (Fed. Cir. 1994).  Likewise, should Judge Klausner find Sony's patents unenforceable, collateral estoppel would bind Sony in this action.  *See General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1413 (Fed. Cir. 1994).[12]  Further, VIZIO submits that this Court is

---

[11] Defendants point to several cases standing for the general proposition that consistency of judgments is an important interest in the § 1404(a) analysis. (*See* Mot. at 14-15.) Two of these cases are securities class actions, which raise substantially different judgment consistency issues than patent cases. *See Yang v. Odom*, 409 F. Supp. 2d 599, 602 (D.N.J. 2006) (noting second-filed securities class action suit risked conflict with previously adjudicated actions in another forum); *Dollinger v. Salomon Smith Barney Inc.*, No. Civ.A. 00-CV-5607JAP, 2001 WL 1917976, at *2 (D.N.J. 2001) (transferring to alternative forum in which plaintiff's co-counsel had initiated parallel suit with virtually no analysis; noting that parallel suit "also names nine additional individuals and entities as defendants along with [defendant]."). The other case, *Interactive Music Tech., LLC v. Roland Corp. U.S.*, C.A. No. 6:07-CV-282, 2008 WL 245142, (E.D. Tex. Jan. 29, 2008), has no bearing whatsoever on this action, as it involved a forum selection clause, *id.* at *2, that mandated litigation in the transferee forum as to other defendants, *id.* at *8-10. The court noted that if it retained the last defendant in its venue, there could be a risk of conflicting judgments, in light of its decision to transfer pursuant to the forum selection clause. *Id.* at *11.

*MyMail, Ltd. v. Am. Online, Inc.*, 223 F.R.D. 455 (E.D. Tex. 2004) is also inapposite. There, the court declined to sever an accused infringer from the action, preferring instead to keep all accused infringers together in a single consolidated action. *Id.* at 458. The court noted that no efficiency would be gained by having the accused infringer proceed in a separate infringement action, as opposed to the consolidated one. *Id.*

[12] The converse, however, is not true.  If Sony's patents are not held invalid or unenforceable, VIZIO would remain free to challenge them, even before Judge Klausner. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1429 n.3 (Fed. Cir. 1988) ("Courts do not find patents

perfectly capable of assessing the prior art references. *Truth Hardware*, 2003 U.S. Dist. LEXIS 409 at *4. Moreover, in the event Judge Klausner makes any rulings on any "validity and enforceability-related issues," this Court will have the benefit of his findings and may choose to make use of them if that is appropriate.

### C.    Public Interest Factors Do Not Weigh in Favor of Transfer

VIZIO agrees that patent law is federal in nature and that each forum is likely to be equally familiar with the law to be applied to this case. (*See* Mot. at 15.) VIZIO believes that both this Court and Judge Klausner are well equipped to adjudicate patent disputes in that regard. *Cf. Am. SensoRx, Inc. v. Banner Pharmcaps, Inc.*, Civil Action No. 06-1929(FSH), 2006 WL 2583450, at *6 (D.N.J. Sept. 6, 2006) (transferee court more familiar with applicable law). Even so, VIZIO does not agree that this factor is neutral to the current motion, as one of the reasons that VIZIO filed this action in this District was because the local patent rules that this District had proposed would assist in efficient and orderly disposition of VIZIO's claims.[13] *See Samsung SDI*, 524 F. Supp. 2d at 633-34. Moreover, Defendants' citations to aggregate docket statistics, (Mot. at 15), reveal nothing about whether this *particular* case will be adjudicated efficiently. VIZIO has every expectation that it will be.

---

(continued...)

'valid,' . . . only that the patent challenger did not carry the 'burden of establishing invalidity in the *particular case* before the court' under 35 U.S.C. § 282. . . . 'Thereupon, the patent simply remains valid until another challenger carries the § 282 burden.' . . . Accordingly, a court's decision upholding a patent's validity is not ordinarily binding on another challenge to the patent's validity . . . .") (alteration in original) (citations omitted). Thus, regardless of the outcome, there will be no conflict—either because Sony is collaterally estopped from raising the issues, or because VIZIO is entitled to challenge the issues anew.

[13] Defendants incorrectly suggest that the local patent rules will not apply to this action because this action was filed prior to January 1, 2009. (Mot. at 16.) This Court is free to apply them here and, indeed, has previously applied them in other cases filed before that date. *See, e.g., Total Gard Corp. v. Dentek Oral Care, Inc.*, Civil Action No. 08-4498(KSH) (D.N.J. filed Dec. 10, 2008).

Defendants have also identified no local interest of relevance in the Central District of California that would require this dispute be resolved in that forum. *Cf. id.* at 634. To the extent that VIZIO has sued Defendants outside VIZIO's home forum (and in one of Sony's heretofore preferred forums), Defendants cannot complain that they have lost home-field advantage. *See Crosley*, 122 F.2d at 929-30 ("Certainly, the defendant cannot be heard to complain that the suit has been brought in the district of its domicile rather than in the district where the plaintiff is located.").

## V.  TRANSFER WILL NOT SERVE THE CONVENIENCE OF THE PARTIES OR WITNESSES OR OTHER PRIVATE INTEREST FACTORS

### A.  Plaintiff's Choice of Forum Is Entitled to Deference

VIZIO's choice of forum is entitled to deference on two levels.  First, in parallel declaratory judgment actions and infringement countersuits, the first-filed suit has priority over subsequently filed suits. *See, e.g.*, *Cyanamid*, 903 F. Supp. at 787.  Second, Third Circuit law dictates that a plaintiff's choice of venue should not be lightly disturbed. *Jumara*, 55 F.3d at 879 (citation omitted); *Shutte*, 431 F.2d at 25; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1947); *see, e.g.*, *Celgene Corp. v. Abrika Pharms., Inc.*, No. 06-5818 (SDW), 2007 U.S. Dist. LEXIS 36202, at *14-15 (D.N.J. May 15, 2007) (affording deference to plaintiff's choice of New Jersey as forum even though plaintiff also filed "a similar, even identical action in Delaware").

VIZIO's products are sold throughout the U.S., including New Jersey, and patent infringement is not a localized injury. *NICE Sys.*, 2006 U.S. Dist. LEXIS 74642, at *8; *Acuity Brands*, 2008 U.S. Dist. LEXIS 58364, at *9.  Specific events underlying VIZIO's tort claims occurred in or around New Jersey.[14] *Cf. SensoRx*, 2006 WL 2583450, at *7 (transferee forum

---

[14] Defendants assert that VIZIO's tort claims will somehow require more California-based witnesses and evidence. (Mot. at 18-19.) Defendants' analysis focuses exclusively on

had strong local interest and nexus to the controversy). VIZIO elected to file suit in a forum where it knew both Sony and SCA could be found and which it knew Sony had previously defended as a convenient venue for its patent claims. And as demonstrated at length above, Sony and SCA are certainly no strangers to New Jersey. A search of PACER by VIZIO prior to filing its complaint confirmed that fact. (Exh. 2.)

### B.    No Weight Should Be Given Defendants' Forum Preference

Sony's lawsuit against VIZIO in the Central District of California was, as Sony concedes, filed *after* it was advised that VIZIO had filed its complaint in this action. Since Sony has previously sued VIZIO for patent infringement in the Southern District of New York and has also asserted other patent complaints in this District, the Court should give no weight whatsoever to Sony's attempt to hijack VIZIO's claims into a different forum of Sony's choosing. *See Textron Innovations*, 2005 U.S. Dist. LEXIS 23561, at *7-8 (litigation in alternative forum filed after instant lawsuit should not be relevant consideration in favor of transfer); *see also ICU Med., Inc. v. Rymed Techs., Inc.*, Civil Action No. 07-468-JJF, 2008 WL 205307, at *4 (D. Del. Jan. 23, 2008).

Regardless of Sony's litigation tactics, moreover, the defendant's preference factor is entitled to "considerably less weight" than plaintiff's choice of forum. *See Samsung SDI*, 524 F. Supp. 2d at 631-32 ("Defendant's preference is entitled to considerably less weight than Plaintiff's . . . .") (citations omitted); *see also NICE Sys.*, 2006 U.S. Dist. LEXIS 74642, at *6 (D. Del. Oct. 12, 2006) ("[A] transfer is not warranted 'simply because the transferee court is more convenient for defendants."); *Travelodge Hotels, Inc. v. Mangat Houston Race Track LLC*,

---

(continued…)

damages aspects of the offense, rather than any liability, which will undoubtedly involve local discovery.

Civil Action No. 06-3543 (JAG), 2007 U.S. Dist. LEXIS 53655 at *22 (D.N.J. July 24, 2007) (unpublished) (denying deference to defendants' preferred forum (Texas) despite fact that defendants had never been to New Jersey, plaintiff sought defendants out in Texas and facts underlying claims arose in Texas). Rather, a plaintiff's selection of a forum substantially outweighs a defendant's preference for another forum. *Sky Solutions, LLC v. Cendant Mobility Servs. Corp.*, No. 2:07-CV-2456 (DMC), 2008 U.S. Dist. LEXIS 15622, at *8 (D.N.J. Feb. 28, 2008). Because VIZIO appropriately chose this forum for substantial and valid reasons, discussed above, its choice is still entitled to deference, despite Defendants' preference for another forum.

### C.    The Declaratory Judgment Claims Did Not Arise in Either California or Asia

Defendants claim, without any meaningful support, that the underlying acts in VIZIO's patent claims occurred in California or Asia. (Mot. at 21.) In doing so, Defendants concede the underlying acts for VIZIO's tort claims arose in or around New Jersey and therefore weigh against transfer.

Despite Defendants' claims, VIZIO's declaratory judgment claims did, in fact, arise in New Jersey because Mr. Siegel's letter of September 2007 was Defendants' first notice to VIZIO regarding defendants' belief that VIZIO infringed. (Brinkman Decl. Exh. A.) And, though Defendants rely extensively on the location of recent negotiations between the parties and counsel in California, courts have rejected the location of negotiations as a relevant factor under § 1404(a). *See Sony Elecs., Inc. v. Guardian Media Techs., Ltd.*, Civ. No. 05-CV-1777-B (AJB), 2007 U.S. Dist. LEXIS 82636, at *8-10 (S.D. Cal. Nov. 6, 2007) (rejecting patentee's argument that transfer of SEL's declaratory claims in Southern District of California to the Central District of California was warranted on basis of "negotiations with Sony in Los Angeles").

Even so, Defendants mischaracterize the nature of patent claims in general because, as discussed above, patent infringement is neither local in nature nor otherwise unique to California. *NICE Sys.*, 2006 U.S. Dist. LEXIS 74642, at *8; *Acuity Brands*, 2008 U.S. Dist. LEXIS 58364, at *9; *cf. SensoRx*, 2006 WL 2583450, at *7 (transferee forum had strong local interest and nexus to the controversy). As such, this factor does not support transfer to California.

### D.    The Convenience of the Parties Does Not Favor Transfer

The parties here have the financial means to litigate in either New Jersey or California. *See Samsung SDI*, 524 F. Supp. 2d at 632. As shown above, Sony has previously chosen this District to bring its patent infringement claims, and has actively opposed transfer out of this District, citing New Jersey's convenience to Sony in patent litigation. Given these facts, the horse is out of the barn; it is too late to close the door by suddenly reversing course and claiming inconvenience. *See Textron Innovations*, 2005 U.S. Dist. LEXIS 23561, at *5 (finding difficulty in determining inconvenience to defendant who had "previously chosen this forum in order to litigate its own patent infringement claims").[15]

The fact that the parties will have to travel to New Jersey does not create an unreasonable burden. *Omega Financial Servs., Inc. v. Innovia Estates & Mortgage Corp.*, C.A. No. 07-1470 (JAG), 2007 U.S. Dist. LEXIS 90125, at *7 (D.N.J. Dec. 6, 2007) (unpublished) ("Although the parties are located on opposite coasts, such a distance is not sufficient to establish an unreasonable burden."); *see also DiRienzo v. Philip Servs. Corp.*, 294 F.3d 21, 23-27 (2d Cir.

---

[15] Defendants claim that the Central District of California is more convenient for Defendants – however, Defendants have failed completely to articulate any reason why Sony "televisions and products" or associated SEL employees are at all relevant to the issues here: whether Sony's patents are invalid and unenforceable or whether VIZIO's televisions infringe. (Mot. at 22.)

2002) (venue in New York was proper despite witnesses and documents located in Toronto, because modern travel not prohibitively burdensome in terms of cost or time); *Travelodge Hotels*, 2007 U.S. Dist. LEXIS 53655, at *21 (travel to New Jersey was a "general burden borne by all parties in litigation, and Defendants cite to no infirmity or other valid inconvenience."). On a broader level, in the modern discovery era, the parties' location outside of a venue is of little importance because discovery can take place any place that is convenient for the parties – even Japan. *See Oracle Corp. v. epicRealm Licensing, LP*, Civ. Nos. 06-414-SLR, 06-495-SLR, 2007 U.S. Dist. LEXIS 21095, at *13 (D. Del. Mar. 26, 2007) ("Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place [here] is the trial."); *Acuity Brands*, 2008 U.S. Dist. LEXIS 58364, at *8; *Textron Innovations*, 2005 U.S. Dist. LEXIS 23561, at *7 (noting plaintiff was willing to take depositions outside forum). And though, as discussed below, the convenience of *party* witnesses is irrelevant, California is nearly every bit as inconvenient as New Jersey for those party witnesses who would have to travel from Japan. *See Caliendo v. Trump Taj Mahal Assocs.*, Civil No. 03-5145 (JBS), 2007 U.S. Dist. LEXIS 9462, at *5 (D.N.J. Feb. 8, 2007) ("Since Plaintiffs live in Massachusetts, a trial in Newark would be nearly as inconvenient for them as a trial in Camden.").

In the end, "[h]owever burdensome, the parties' private interest in convenience weighs in favor of the moving party only if the witnesses or documents might be *unavailable* in a given forum." *Omega Financial Servs.*, 2007 U.S. Dist. LEXIS 90125, at *7 (citing *Jumara*, 55 F.3d at 879)) (emphasis added). Defendants do not identify any witnesses or evidence that would be unavailable here.

**E.    The Convenience of the Non-Party Witnesses Does Not Favor Transfer**

This factor is entitled to little weight because, as discussed above, the location of witnesses outside a forum is not a significant factor in the modern era of discovery in federal courts. *See Oracle*, 2007 U.S. Dist. LEXIS 21095, at *13 ("Considering that discovery can be conducted at any location convenient to the parties and their employees, the only event that will take place [here] is the trial."); *Acuity Brands*, 2008 U.S. Dist. LEXIS 58364, at *8; *Textron Innovations*, 2005 U.S. Dist. LEXIS 23561, at *7 (noting plaintiff was willing to take depositions outside forum).

None of the defense witnesses identified resides in the Central District of California; rather, all of them reside in Japan or in other districts in California. *Truth Hardware*, 2003 U.S. Dist. LEXIS 409 at *4 (transfer not warranted where none of allegedly "critical" non-party witnesses resided in transferee court's jurisdiction). Moreover, Defendants have not identified a single non-party[16] witness who would be particularly inconvenienced by or, for that matter, unwilling to travel to New Jersey. *Cf. SensoRx*, 2006 WL 2583450, at *4 (employee witnesses unwilling to travel to New Jersey). The convenience of party witnesses – such as employees or inventors – "carr[ies] no weight in the *Jumara* convenience analysis . . . ." *Schreiber*, 2006 U.S. Dist. LEXIS 13477, at *29; *NICE Sys.*, 2006 U.S. Dist. LEXIS 74642, at *7 ("Employee witnesses . . . are not part of the analysis of this factor because they are presumed willing to testify at trial."); *Acuity Brands*, 2008 U.S. Dist. LEXIS 58364, at *7-8 (same). In any event, it

---

[16] Defendants claim that expert witnesses traveling from Asia may be inconvenienced. (Mot. at 23.) Defendants should not be rewarded for hiring expert witnesses inconvenienced by travel to the United States, whether to California or New Jersey. Similarly, the other "non-party" witnesses that Defendants identify work for SEL, another Sony affiliate, or are former Sony employees that Sony cannot locate. (*Id.*; *see also* Siegel Decl. ¶¶ 6-7, 9 (identifying 20 inventors, 15 of which Sony can locate, 14 of whom are Sony employees in Japan and one SEL employee located outside the Central District of California).)

is plain enough that any Japanese witnesses would have to travel great distances whether this case goes forward in California or in New Jersey. *Truth Hardware*, 2003 U.S. Dist. LEXIS 409 at *4 ("[T]hese witnesses will have to travel regardless of where this action proceeds."); *Sun Pharm. Indus., Ltd. v. Eli Lilly and Co.*, No. 07-CV-15087, 2008 U.S. Dist. LEXIS 35206, at *10 (E.D. Mich. Apr. 30, 2008) (noting party "and its witnesses are based in India, and would not gain in convenience" in transfer to alternative form).

Finally, Defendants do not identify any particular difficulty in securing the testimony of any third party witnesses in New Jersey. *Jumara*, 55 F.3d at 879 (looking to the convenience of witnesses, but only to the extent that "witnesses may actually be unavailable for trial in one of the fora"); *Cypress Semiconductor*, 2001 U.S. Dist. LEXIS 20803, at *11 (dismissing transfer movant's argument that no witnesses were in court's jurisdiction, or even on the East Coast, where movant did not argue personal jurisdiction could not be obtained); *Smithkline Beecham*, 2000 U.S. Dist. LEXIS 1818, at *7 (E.D. Pa. Feb. 11, 2000) (transfer movant did not suggest any witnesses might be unavailable); *Samsung SDI*, 524 F. Supp. 2d at 633; *see also Schreiber*, 2006 U.S. Dist. LEXIS 13477, at *29-30 (E.D. Pa. Mar. 27, 2006) (movant did not demonstrate witnesses unavailable or unwilling to testify in forum); *Acuity Brands*, 2008 U.S. Dist. LEXIS 58364, at *8 (same).

## F.     The Location of Sources of Evidence Does Not Favor Transfer

In the modern era of discovery, the location of sources of evidence is of less importance because "today's modern technology allows for the easy exchange of electronic discovery." *Acuity Brands*, 2008 U.S. Dist. LEXIS 58364, at *9; *see also Samsung SDI*, 524 F. Supp. 2d at 633; *Cypress Semiconductor*, 2001 U.S. Dist. LEXIS 20803, at *8-9. Defendants do not allege that any particular proof or evidence cannot be produced either physically or electronically in New Jersey. *Jumara*, 55 F.3d at 879 (location of proofs relevance "limited to the extent that the

files could not be produced in the alternative forum"); *see Travelodge Hotels*, 2007 U.S. Dist.

LEXIS 53655, at *21 ("Defendants have made no showing as to why these documents could not

be transported to New Jersey or electronically produced."); *Schreiber*, 2006 U.S. Dist. LEXIS

13477, at *29-30 (location of documents outside forum irrelevant where files could be produced

in forum); *Cypress Semiconductor*, 2001 U.S. Dist. LEXIS 20803, at *9.

## CONCLUSION

VIZIO filed its trade libel/disparagement, Lanham Act and declaratory patent claims

against Sony and SCA here for a host of legitimate reasons. Sony, however, filed its retaliatory

countersuit against VIZIO in California in an effort to deprive VIZIO of its choice of this

District. As VIZIO has demonstrated herein, stripped of its inaccuracies and baseless claims,

Defendants' transfer motion provides no sound reason to transfer VIZIO's claims from this

Court to the Central District of California. Because they have failed to meet their burden to

prove the need to transfer VIZIO's claims, Defendants motion should be denied.

Dated: February 2, 2009                    CONNELL FOLEY LLP,


                                           *s/ Liza M. Walsh*
                                           Liza M. Walsh
                                           85 Livingston Avenue
                                           Roseland, NJ 07068
                                           Telephone: (973) 535-0500

                                           James L. Wamsley III, Ohio Bar 0024184
                                           Robert L. Canala, Ohio Bar 0037133
                                           Ryan B. McCrum, Ohio Bar 0071519
                                           JONES DAY
                                           North Point
                                           901 Lakeside Avenue
                                           Cleveland, OH 44114-1190
                                           Telephone: (216) 586-3939
                                           Facsimile: (216) 579-0212

                                           *Counsel for Plaintiff*
                                           *VIZIO, Inc.*