# EXHIBIT I

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIZIO, INC., <br><br> Plaintiff, <br><br> v. <br><br> SONY CORPORATION and SONY CORPORATION OF AMERICA, <br><br> Defendants. | Civil Action No. 08-5029 (FSH) (PS) <br><br> **JOINT DISCOVERY PLAN** <br> Rule 16 Conference March 13, 2009 <br><br> *DOCUMENT FILED ELECTRONICALLY* |

Plaintiff Vizio, Inc. ("Vizio") and Defendants Sony Corporation ("Sony Corp.") and Sony Corporation of America ("SCA") (collectively "Defendants" or "Sony") hereby submit this joint Statement and Discovery Plan pursuant to Fed R. Civ. P. 26(f), Local Civil Rule 26.1(b)(2), and the Court's January 16, 2009 Scheduling Order.

## I. THE PARTIES AND THEIR ATTORNEYS

    **A.**    Plaintiff Vizio, Inc.

        1.    Liza M. Walsh
            (lwalsh@connellfoley.com)
            Rukhsanah L. Lighari
            (rlighari@connellfoley.com)
            **CONNELL FOLEY LLP**
            85 Livingston Avenue
            Roseland, New Jersey 07068
            Tel. (973) 535-0500
            Fax (973) 535-9217

        2.    James L. Wamsley, III
            (jlwamsleyiii@jonesday.com)
            Robert L. Canala
            (rlcanala@jonesday.com)
            **JONES DAY**
            North Point

901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Tel. (216) 586-3939
Fax (216) 579-0212

B. Defendants Sony Corp. and Sony Corporation of America

1. Arnold B. Calmann (abc@saiber.com)
   Jakob B. Halpern (jbh@saiber.com)
   **SAIBER LLC**
   One Gateway Center, 13th Floor
   Newark, New Jersey 07102-5311
   tel. (973) 622-3333
   fax. (973) 622-3349

2. Kevin P.B. Johnson
   (kevinjohnson@quinnemanuel.com)
   **QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
   555 Twin Dolphin Drive, Suite 560
   Redwood Shores, California 94065
   tel. (650) 801-5000
   fax. (650) 801-5100

3. Edward J. DeFranco
   (eddefranco@quinnemanuel.com)
   Thomas D. Pease
   (thomaspease@quinnemanuel.com)
   **QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
   51 Madison Avenue, 22nd Floor
   New York, New York 10010
   tel. (212) 849-7000
   fax. (212) 849-7100

4. Gerson A. Zweifach
   (gzweifach@wc.com)
   Thomas G. Hentoff
   (thentoff@wc.com)
   **Williams & Connolly LLP**
   725 Twelfth Street, N.W.
   Washington, D.C. 20005
   tel. (202) 434-5000
   fax. (202) 434-5100

## II. BRIEF DESCRIPTION OF THE CASE, INCLUDING FACTS, CAUSES OF ACTION AND AFFIRMATIVE DEFENSES ASSERTED

Vizio filed this action against Sony Corp. and SCA on October 10, 2008 seeking a declaratory judgment of noninfringement and invalidity of twelve Sony patents relating to various aspects of digital television technology.[1] Vizio's Complaint also includes counts for trade libel/disparagement and unfair competition under Lanham Act § 43(a) based on statements made by a Sony executive.

On February 2, 2009, Defendants filed their Answer To Complaint, Separate Defenses, Counterclaims and Demand for Jury Trial (D.I. 32.) Without any admission as to the burden of proof or as to any of the averments in the Complaint, defendants set forth twenty-two separate defenses in their Answer, as well as Counterclaims for infringement of each of the eight patents-in-suit that are not the subject of the covenant not to sue Sony extended to Vizio (discussed below). On February 23, 2009, Vizio filed its Answer to Defendants' Counterclaim, asserting ten affirmative defenses. (D.I. 38.)

One other related litigation is pending between the parties. On October 10, 2008, after learning that Vizio had filed its complaint here, Sony Corp. sued Vizio for infringement of fourteen patents (including the same twelve patents that were the subject of VIZIO's first-filed complaint in this Court) in the Central District of California. (*Sony Corporation v. Vizio, Inc.*, 8:08-cv-01135-RGK-FMO, the "California Action"). On November 14, 2008, Sony amended its complaint in that action to eliminate four of the patents, leaving the same ten patents at issue there as in an earlier case (since resolved) Sony had filed against Westinghouse in the same

---

[1] Those patents are U.S. Patent Nos. 5,285,285; 5,212,553; 5,434,626; 6,111,614; 5,168,362; 5,539,425; 6,778,182; 5,583,577; 5,684,542; 5,731,847; and U.S. Patent Re-issue Nos. 38,055 and 40,468 (collectively, the "patents-in-suit").

District.[2] Sony also executed a formal "Covenant Not To Sue" Vizio for infringement of those four patents. It is Sony's position that by executing this covenant, it eliminated federal subject matter jurisdiction over Vizio's declaratory judgment claims on those patents. Vizio's position is that subject matter jurisdiction continues to exist for these claims due to the express exclusions in Sony's covenant. The parties have agreed to confer further on this dispute in an attempt to resolve their differences.

On January 8, 2009, Sony requested leave to file two motions: (1) a motion to transfer this case to the Central District of California where it could be consolidated with Sony's action against Vizio; and (2) a motion to dismiss Counts 1-4 and 9-12 of Vizio's Complaint for lack of subject matter jurisdiction based on Sony's Covenant Not to Sue, and Counts 25 (trade libel/disparagement) and 26 (unfair competition) for failure to state a claim upon which relief can be granted. On January 16, 2009, the Court entered an order granting leave to file the transfer motion but denying leave to file the partial motion to dismiss. (D.I. 21.) The Order provides that Sony may raise the motion to dismiss-related arguments at a later time, if warranted. *Id.*

Sony filed its motion to transfer this case to United States District Court for the Central District of California on January 23, 2009. That motion has been fully briefed and is now pending before Judge Hochberg.

The parties recently submitted letters to the Court regarding the settlement and dismissal of the Westinghouse action. (D.I. 39. 40, 41.) On March 4, 2009, Judge Klausner entered the Final Judgment by Consent submitted by the parties in that action.

---

[2] Specifically, Sony withdrew its claims relating to U.S. Patent Nos. 5,285,285, 5,212,553, 5,168,362 and 5,539,425. The Westinghouse case was captioned *Sony Corporation v. Westinghouse Digital Electronics, LLC*, 08-03934-RGK (FMOx).

## III. FEE SHIFTING

This is not a fee shifting case.

## IV. STATUS OF SETTLEMENT DISCUSSIONS.

The parties have met in person to discuss settlement of this case, and the most recent meeting occurred on March 5, 2009. The parties are continuing to hold discussions, but they have not reached an agreement.

## V. CORE DISCOVERY NEEDED TO BE ABLE TO DISCUSS SETTLEMENT IN A MEANINGFUL WAY.

**Sony's Proposal.** To promote settlement, Sony expects it will need technical and damages discovery concerning the Vizio television products at issue for the period October 10, 2002 to the present. Specifically, Sony will need discovery on which products implement features relevant to the patents-in-suit including, for example, the display and functionality of on-screen menus; the decoding, buffering, synchronization, and display of closed captioning data; gamma correction and contrast adjustment; and High-bandwidth Digital Content Protection ("HDCP") functionality. For such products, Sony will need information from Vizio and its third-party suppliers as to the operation of those products and certain of the specific chips or chipsets incorporated in those products.

Sony will also need financial information from Vizio reflecting the unit sales and revenues associated with the accused products and any licenses or other information that Vizio may contend bear on the value of a reasonable royalty to be applied to the patents-in-suit.

Sony believes that the schedule for the initial disclosures and the serving of initial discovery requests gives the parties sufficient time to further explore settlement.

**Vizio's Proposal.** VIZIO believes that it is important for the parties to devote their attention in the short run to efforts to conclude a settlement rather than launching into discovery.

5

In particular, VIZIO disputes Sony's claim that it needs discovery for the period of time dating back to October 10, 2002, since Sony cannot deny that it never contacted VIZIO about its patents until September, 2007. If settlement cannot be achieved in the short run, then VIZIO anticipates the need for core discovery on the validity of and prior art to the Sony patents, on Sony's activities in standards-setting organizations relevant to several patents-in-suit, as well as on damages-related discovery regarding Sony's license agreements and other information bearing on Sony's claim for damages. VIZIO further will require discovery on Sony's statements relative to VIZIO and its products that relate to VIZIO's trade libel/disparagement and unfair competition claims, on the information known by Sony about VIZIO and/or its products, and on Sony's views about VIZIO in the marketplace.

## VI. THE PARTIES FED R. CIV. P. 26(A)(1) DISCLOSURES

The parties will be exchanging the information required by Fed. R. Civ. P. 26(a)(1) on April 13, 2009. The parties agree to not serve any discovery requests prior to April 13, 2009.

## VII. EXPLAIN ANY PROBLEMS IN CONNECTION WITH COMPLETING THE ABOVE DISCLOSURES

The parties are not aware of any problems in connection with completing these disclosures, provided that they are not required before April 13, 2009.

## VIII. DISCOVERY CONDUCTED TO DATE

None.

## IX. THE PARTIES' MEETING PURSUANT TO FED R. CIV. P. 26(f)

The parties first met and conferred pursuant to Fed. R. Civ. P. 26(f) by telephone on February 27, 2008, and continued their discussions since that time.

This is a joint plan. The parties have worked together to try to reach agreement on the dates and other topics that are the subject of this plan. To the extent the parties were unable to agree on a particular issue, the parties' competing proposals are presented.

## X. DISCOVERY

### A. Discovery is needed on the following topics:

**Sony's proposal.** Sony anticipates that fact discovery will be needed concerning the following high level issues in the case: infringement of the patents-in-suit, the extent and bases for the calculation of damages, the basis of Vizio's claims and defenses, including its claims of trade libel/disparagement and unfair competition and for special damages allegedly caused by the claimed product disparagement, and other issues that may arise over the course of this action. Sony also believes that expert and third party discovery are likely to be needed. Sony intends to serve a wide range of specific discovery requests during discovery in this action on these and other issues that may arise.

**Vizio's Proposal.** VIZIO expects that discovery will be needed on matters related to the validity of the patents-in-suit and on Sony's conduct and intent relative to the statements that its executive made about VIZIO's products. In addition, VIZIO anticipates the need to take discovery on the bases for Sony's counterclaims for infringement and affirmative defenses, together with the relevant damages issues. Like Sony, VIZIO will serve written discovery requests on these and other issues that may arise, and anticipates the need for third-party and expert discovery on issues of liability and damages.

### B. Discovery in Phases

The parties agree that discovery should not be conducted in phases or be limited to particular issues.

### C. Interrogatories

**Sony's Proposal.** Sony proposes that a maximum of 35 interrogatories may be served by each side upon the other.

**Vizio's Proposal.** Vizio proposes that a maximum of 50 interrogatories may be served by each side upon the other.

### D. Depositions

**Sony's proposal.** Sony proposes that the number of fact depositions be limited to twenty (20), including depositions of third parties, but not including depositions of experts. Sony also proposes that the depositions of individuals be conducted where the witness resides and that, unless otherwise agreed, no deposition shall last longer than 7-hours with the exception of depositions of witnesses who testify through a translator, which shall be conducted over two consecutive days (14 hours total) with no single day exceeding the 7-hour limit imposed by Fed. R. Civ. P. 30.

**Vizio's Proposal.** VIZIO proposes that each side be permitted up to thirty (30) party and ten (10) third-party depositions. VIZIO agrees that the party depositions may be taken where the witnesses reside, except for those Sony witnesses who reside in Japan, who VIZIO requests be produced for deposition in the United States in order to obviate the need for the depositions to be taken in the U.S. Consular office in Japan. VIZIO agrees that 30(b)(1) depositions given in English shall last no more than seven (7) hours unless the parties agree otherwise. For witnesses who testify in a language other than English, those depositions shall last no more than 21 hours, and be taken for no more than seven hours per day.

### E. Expert Reports

The parties agree that two rounds of expert reports should be served by each side after the close of fact discovery. Specifically, each side shall serve opening expert reports on the same

day on issues for which they bear the burden of proof. Rebuttal expert reports shall then be exchanged a set number of days thereafter.

### F. Special discovery mechanisms or procedures

#### 1. Patent Local Rules

This District's Local Patent Rules took effect on January 1, 2009 and govern patent cases filed thereafter. Because this case was filed in October 2008 before the Local Patent Rules went into effect, Local Patent Rule 1.4 provides that the Court will confer with the parties and apply these rules as the Court deems practicable. In that regard, as the Explanatory Notes to Proposed Local Patent Rules emphasize, one of the special roles that Magistrate Judges play in case management in this District is their ability "to efficiently 'customize' discovery and scheduling based on the needs of the parties and the subject matter of the lawsuit."

The parties have agreed that the Local Patent Rules will apply in this case, but differ on adjustments to the timing of the deadlines under those rules. The parties' respective positions on the timing of events are set forth below.

The parties agree that it is necessary and appropriate to lengthen the default timetable provided under the Local Rules in view of the complexity and size of this case, involving twelve patents in which almost all of the inventors are Japanese. The parties are in agreement regarding the dates up through the filing of the Preliminary Invalidity Contentions. After that event, Sony's proposed schedule is more expeditious than VIZIO's proposal. Sony believes that its schedule reasonably accommodates the need for third-party discovery. VIZIO believes that its proposed timetable is more appropriate under the circumstances of this case, including not only the number and complexity of the patents-in-suit but also the fact that a substantial amount of technical information and documents relating to the infringement issues in this case will be in the possession, custody and control of foreign third-party entities. Because of this, third-party

discovery practice will be needed to obtain this material. Accordingly, additional time will be needed to accomplish the tasks required under the Local Rules and VIZIO has proposed deadlines which are consistent with that need.

### 2. Discovery Procedures

The parties agree to continue to confer on discovery procedures over the next thirty days. If, notwithstanding good faith efforts, the parties are unable to resolve all these issues, any disputes will be brought to the Court for resolution in a joint submission with each side setting forth its respective positions.

### 3. Electronic Discovery

The parties agree to continue to confer on electronic discovery issues and an electronic discovery protocol over the next thirty days. If, notwithstanding good faith efforts, the parties are unable to resolve all these issues, any disputes will be brought to the Court for resolution in a joint submission with each side setting forth its respective positions.

### 4. Discovery Confidentiality Order

This action is likely to require disclosure of confidential or proprietary technical and financial information. Accordingly, entry by the Court of an appropriate Discovery Confidentiality Order will be required.

**Privilege and Work Product Protections.** The parties will attempt to negotiate a Discovery Confidentiality Order or, if unsuccessful, will submit remaining issues to the Court for resolution. The parties agree that the Discovery Confidentiality Order shall provide that in the event of an inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection, the disclosure shall not operate as a waiver in a Federal or State proceeding, whether or not the holder of the privilege or protection took reasonable steps to prevent the disclosure or promptly took reasonable steps to rectify the error in

accordance with Federal Rule of Evidence 502(b). To ensure that the parties' agreement regarding the inadvertent disclosure of privileged or protected information shall be binding on persons other than the parties, the parties agree that the terms of this agreement shall be incorporated into a formal order that is entered by the Court in accordance with Federal Rule of Evidence 502(e).

The parties further agree that the Discovery Confidentiality Order shall also provide that: (1) communications between the parties' attorneys and experts, together with an expert's notes and draft expert reports, shall not be discoverable; and (2) persons having access to confidential technical information and/or documents relating to a party's products or processes shall not prosecute any patent applications relating to subject matter disclosed therein or participate in any patent prosecution reexaminations on any patents in suit for a period of two years following the conclusion of this litigation.

Pending entry of an appropriate Discovery Confidentiality Order, the parties agree that all information produced in this action shall be treated as outside Attorneys' Eyes Only and shall be subject to the parties' agreement regarding the inadvertent disclosure of privileged or protected information, as set forth above. The parties will confer on an appropriate Confidentiality Order that will distinguish between information that will be treated as Attorneys' Eyes Only and information that will not.

### 5. Other Procedures

In addition to service under Rule 5, Fed. R. Civ. P., the parties agree to serve concurrently courtesy copies of all discovery requests, deposition notices, motions and other pleadings and papers (but not document productions) by email to adverse counsel as follows:

**Plaintiff:**
jdvizio@jonesday.com
Liza M. Walsh, Esq. (lwalsh@connellfoley.com)
Rukhsanah Lighari, Esq. (rlighari@connellfoley.com)

**Defendants:**
sony-vizio@quinnemanuel.com
Arnold B. Calmann, Esq. (abc@saiber.com)
Jakob B. Halpern, Esq. (jbh@saiber.com)

Exhibits or other documents too voluminous to be sent practicably by email may be served by overnight courier. Service by email of a complete document or set of documents shall be deemed service by hand and will not entitle the recipient to any additional time to respond.

### G. Proposed Discovery Deadlines

| Event | Sony's Proposed Deadlines | Vizio's Proposed Deadlines |
|---|---|---|
| Motions to amend or add parties due by | April 17, 2009 | September 30, 2009 |
| Patent Local Rules 3.1 and 3.2 Disclosures (Preliminary Infringement Contentions) and Document Production | June 1, 2009 | June 1, 2009 |
| Patent Local Rules 3.3 and 3.4 Disclosures (Preliminary Invalidity Contentions) and Document Production | August 24, 2009 | August 24, 2009 |
| Patent Local Rule 4.1 Exchange of Proposed Claim Terms | September 9, 2009 | September 25, 2009 |
| Patent Local Rule 4.2 Exchange of Preliminary and Extrinsic Evidence | September 30, 2009 | November 9, 2009 |
| Patent Local Rule 4.3 Joint Claim | October 30, 2009 | January 8, 2010 |

| Event | Sony's Proposed Deadlines | Vizio's Proposed Deadlines |
|---|---|---|
| Construction and Prehearing Statement | | |
| Patent Local Rule 4.4 Completion of Claim Construction Discovery | November 30, 2009 | March 12, 2010 |
| Patent Local Rule 4.5(a) Opening Markman Submissions | January 8, 2010 | April 9, 2010 |
| Patent Local Rule 4.5(b) Discovery from any expert witness who submitted a certification or declaration under Rule 4.5(a) | January 27, 2010 | May 24, 2010 |
| Patent Local Rule 4.5(c) Responsive Markman Submissions | February 15, 2010 | July 9, 2010 |
| Patent Local Rule 4.6: Parties to Meet and Confer and propose schedule for Claim Construction Hearing | February 22, 2010 | July 23, 2010 |
| Claim Construction Hearing | At the Court's convenience | At the Court's convenience |
| Last day to file discovery motions | 30 days from issuance of Markman opinion | 30 days from issuance of Markman opinion |
| Fact discovery deadline | 60 days from issuance of Markman opinion | 60 days from issuance of Markman opinion |
| Opening expert reports (on issues for which the party bears the burden of proof) due | 90 days from issuance of Markman opinion | 120 days from issuance of Markman opinion |
| Rebuttal expert | 90 days from issuance of | 60 days from service of opening |

| Event | Sony's Proposed Deadlines | Vizio's Proposed Deadlines |
|---|---|---|
| reports due | Markman opinion | expert reports |
| Expert depositions to be completed by: | 120 days from issuance of Markman opinion | 60 days from service of rebuttal expert reports |
| Dispositive motions due | 30 days from completion of expert discovery | 60 days from completion of expert discovery |

**Amendment of Contentions:** Sony's position is that it should be permitted to amend its preliminary infringement contentions within 30 days after Vizio has produced the relevant source code for the accused products.

VIZIO disagrees with Sony's proposal, since it is too broad in that a number of the claims and patents do not require any knowledge of source code. VIZIO will consider consenting to the amendment of Sony's preliminary infringement contentions on a patent-by-patent basis if there is good cause to do so.

### H. Settlement Pretrial Conference

The parties will engage in a settlement pretrial conference to be scheduled at the Court's discretion.

### I. Final Conference

The parties agree that the final conference should be scheduled at the Court's discretion.

## XI. ANTICIPATED DISCOVERY ISSUES, CHALLENGES OR PROBLEMS

VIZIO anticipates that most of Sony's patent-related documents will be in Japanese, requiring additional time for their translation into English. It is VIZIO's position that, to the extent that Sony has English translations of any of its documents prepared in the ordinary course of its business, those translations should be produced along with the Japanese language originals. That is, the parties do not agree to exchange translations prepared by counsel relating to their

work on this case, but will discuss further the possible exchange of any such translations. Sony agrees, provided that this provision applies to both parties for any foreign language documents.

## XII. ANTICIPATED SPECIAL DISCOVERY NEEDS

The parties expect that many, if not all, depositions will be videotaped. Most Sony witnesses, including almost all of the 20 named inventors of the Sony patents-in-suit, reside in Japan. In addition, several potential Sony witnesses including at least some of the inventors do not speak English well enough to testify in English at their depositions. These depositions will require translators.

**Sony's Proposal.** To the extent Plaintiff seeks to take depositions in Japan, those depositions will need to be taken at a U.S. embassy.

**Vizio's Proposal.** As indicated above, VIZIO requests that Sony be required to produce its Japanese witnesses for deposition in the U.S. in order to simplify and streamline the deposition process.

## XIII. VOLUNTARY ARBITRATION, MEDIATION, APPOINTMENT OF SPECIAL MASTER OR OTHER SPECIAL PROCEDURE

The parties agree that this action is not appropriate for voluntary arbitration.

Sony proposes that this action is appropriate for early mediation after the parties have exchanged and had a chance to review the "core discovery" described above. Discovery will go forward during the pendency of any mediation proceedings.

VIZIO proposes that mediation occur after the parties' Markman submissions are complete but before the Markman ruling issues, since the uncertainty regarding the parties' positions will be reduced then.

At this time, the parties do not believe that this action is appropriate for the appointment of a special master or use of other special procedures.

## XIV. BIFURCATION

The parties agree that this action should not be bifurcated.

## XV. TRIAL BEFORE MAGISTRATE JUDGE

The parties do not consent to trial before a magistrate judge.

Respectfully submitted,

**CONNELL FOLEY LLP**
*Attorneys for Plaintiff VIZIO, Inc.*

s/ Liza M. Walsh
85 Livingston Avenue
Roseland, New Jersey 07068
Tel. (973) 535-0500
Fax (973) 535-9217

Of Counsel:

James L. Wamsley, III (jlwamsleyiii@jonesday.com)
Robert L. Canala (rlcanala@jonesday.com)
**JONES DAY**
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
(216) 586-3939

**SAIBER LLC**
Attorneys for Defendants

s/ Arnold B. Calmann

Dated: March 12, 2009

Of Counsel:

Kevin P.B. Johnson
(kevinjohnson@quinnemanuel.com)
**QUINN EMANUEL URQUHART OLIVER
& HEDGES, LLP**
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
*Attorneys for Defendants*
(650) 801-5000

Arnold B. Calmann (abc@saiber.com)
Jakob B. Halpern (jbh@saiber.com)
**SAIBER LLC**
One Gateway Center, 13th Floor
Newark, New Jersey 07102-5311
(973) 622-3333

*Sony Corporation and
Sony Corporation of America*

Edward J. DeFranco
(eddefranco@quinnemanuel.com)
Thomas D. Pease
(thomaspease@quinnemanuel.com)
**QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP**
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000