1   Kevin P.B. Johnson
        (State Bar No. 177129)
2   kevinjohnson@quinnemanuel.com
    QUINN EMANUEL URQUHART
3       OLIVER & HEDGES, LLP
    555 Twin Dolphin Drive, Suite 560
4   Redwood Shores, California 94065
    Telephone:  (650) 801-5000
5   Facsimile:   (650) 801-5100

6   Steve Anderson (State Bar No. 144014)
    steveanderson@quinnemanuel.com
7   QUINN EMANUEL URQUHART
        OLIVER & HEDGES, LLP
8   865 S. Figueroa Street, 10th Floor
    Los Angeles, California 90017
9   Telephone: (213) 443-3000
    Facsimile: (213) 443-3100
10
    Edward J. DeFranco
11      (State Bar No. 165596)
    eddefranco@quinnemanuel.com
12  QUINN EMANUEL URQUHART
        OLIVER & HEDGES, LLP
13  51 Madison Avenue, 22nd Floor
    New York, New York 10010
14  Telephone: (212) 849-7000
    Facsimile:   (212) 849-7100
15
    Attorneys for Plaintiff Sony
16  Corporation

Thomas R. Malcolm
    (State Bar No. 39248)
trmalcolm@jonesday.com
Richard D. Whitlow
    (State Bar No. 227947)
rdwhitlow@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone:  (949) 851-3939
Facsimile:   (949) 553-7539

Kevin G. McBride
    (State Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (State Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA  90071
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

Attorneys for Defendant VIZIO, INC.

17

18                     UNITED STATES DISTRICT COURT

19                   CENTRAL DISTRICT OF CALIFORNIA

20                            WESTERN DIVISION

21

22  SONY CORPORATION, a            Case No. SA CV 08-01135-RGK (FMOx)
    Japanese corporation,
23                                 **JOINT RULE 26(f) REPORT**
                Plaintiff,
24                                 Judge:  Hon. R. Gary Klausner
        v.
25                                 Trial Date:  None Set
    VIZIO, INC., a California
26  corporation,

27              Defendant.

28

## I.    BRIEF SYNOPSIS OF THE CASE

Sony Corporation ("Sony") filed this action on October 10, 2008, alleging infringement of fourteen patents and seeking damages and injunctive relief against VIZIO, Inc. ("VIZIO"). (Doc. No. 1.)  There are currently two overlapping actions between the parties pending before this Court.  In addition to this action, VIZIO filed an action earlier in the day on October 10, 2008 in the District of New Jersey, captioned *VIZIO, Inc. v. Sony Corporation and Sony Corporation of America* ("SCA"), in which it asserted claims for:  (1) a declaratory judgment of noninfringement and invalidity of twelve Sony patents, and (2) damages and other relief arising from VIZIO's allegations of trade libel/disparagement and unfair competition by Sony and SCA.[1]  Sony filed its complaint in this Court several hours after the VIZIO New Jersey action was filed.

On November 14, 2008, Sony filed its First Amended Complaint in this action (Doc. No. 14), in which it reduced the number of patents from fourteen to ten.[2]  (At the time, four other patents remain at issue in the New Jersey action, however.)[3]  VIZIO filed its Answer on January 26, 2009, denying infringement and asserting certain affirmative defenses, including invalidity of all of the asserted patents.  (Doc. No. 34.)

In the New Jersey action, Sony and SCA answered and counterclaimed for infringement of eight of the twelve patents that were the subject of VIZIO's declaratory judgment claims.  They also moved to transfer the New Jersey action to this District.  On March 20, 2009, the New Jersey Court granted the transfer

---

[1] VIZIO submits a copy of the complaint in the New Jersey action (No. 08-5029(FSH)(PS)) as Exhibit A hereto.

[2] All ten patents-in-suit were the subject of *Sony Corporation v. Westinghouse Digital Electronics, LLC*, 08-03934-RGK (FMOx) ("*Sony v. Westinghouse*"), which has recently been settled and dismissed.

[3] Sony notes it offered VIZIO a covenant not to sue on those four patents, but VIZIO responded that the terms of the covenant were not acceptable.  Several weeks before the New Jersey action was transferred here, Sony requested that VIZIO provide proposed revisions to the covenant, but VIZIO has not yet done so due to the fact that there are overall settlement talks ongoing.

motion. The parties agree that the transferred New Jersey action is a related case that should be consolidated with this action.[4]

On March 13, 2009, the Magistrate Judge in the New Jersey action conducted a scheduling conference and issued a Pretrial Scheduling Order.[5] Sony notes that the parties began to meet and confer regarding this case on March 17, 2009. VIZIO notes that, under the requirements of the New Jersey Court, the parties began to meet and confer on the scheduling issues on February 27, 2009 and that they submitted a joint discovery plan and schedule to that Court on March 12, 2009. The parties respectfully submit this Joint Rule 26(f) Report regarding both cases.

Sony notes, as set forth below, that VIZIO believes this Court should follow many aspects of the case schedule and discovery limits adopted by the Magistrate Judge in the New Jersey action. Sony disagrees, specifically with respect to the overall schedule for the case. The case schedule in the New Jersey action is too expansive, particularly given that the Final Pretrial Conference was not set to be held until October 27, 2010, even though the action was filed in December, 2008. Sony believes a more expedited and efficient schedule should be adopted here, consistent with the usual practice of this Court.

VIZIO explains below that, mindful of this Court's scheduling practice, it has proposed a case schedule that is more expedited than the schedule adopted by the New Jersey Court. VIZIO has instead proposed pretrial and discovery deadlines that are either shorter than or the same as those that Sony itself proposed to the New Jersey court. VIZIO notes that the dates proposed below by Sony are too expedited to permit VIZIO to prepare its case in an economically efficient manner, and would likely require multiple track discovery. In addition, the nature and complexity of

---

[4] The following are the patents-at-issue between the parties across the two actions: U.S. Patent Nos. 5,168,362; 5,212,553; 5,285,285; 5,434,626; 5,539,425; 5,583,577; 5,684,542; 5,731,847; 5,751,373; 6,111,614; 6,661,472; 6,778,182; Re. 38,055 and Re. 40,468.

[5] VIZIO attaches a copy of the Pretrial Scheduling Order in the New Jersey action as Exhibit B.

the patents-in-suit makes it appropriate to have a *Markman* claims construction procedure here, a procedure that Sony agreed to in New Jersey before the case was transferred. The fourteen patents-in-suit include a total of more than 300 patent claims relating to numerous distinct types of technology, ranging from encryption to different display techniques. VIZIO's preliminary review of the patents indicates that, for each patent-in-suit, the construction of more than five claim terms will be disputed by the parties. VIZIO believes that it would be better to take these issues up in a *Markman* claims construction procedure rather than during dispositive motion practice or trial, since issues of infringement and invalidity both depend on the construction of claim language.

## II. MATTERS TO BE ADDRESSED PURSUANT TO RULE 26(F)

### A. Timing and Form of Rule 26(a) Disclosures

**Rule 26(a)(1) Disclosures.** Sony proposes that the parties exchange Rule 26(a)(1) initial disclosures on March 30, 2009, the date they would otherwise be due under the Federal Rules. Sony plans to serve its initial disclosures on that date.

VIZIO proposes that the parties exchange initial disclosures on April 13, 2009, which was the date the parties agreed to (and the Court adopted) in the New Jersey action. VIZIO submits that this date is appropriate to allow the parties to address all the claims and patents-at-issue between the parties including those that were in the New Jersey action.

**Rule 26(a)(2) Disclosures.** Sony proposes that the parties adopt the requirements set forth by the Court in the *Westinghouse* action. Specifically, if expert witnesses are to be called at trial, the parties shall exchange at the Final Pre-Trial Conference short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial. If reports for experts to be called have been prepared, they shall be exchanged at the Final Pre-Trial Conference but shall not substitute for the narrative statements required.

VIZIO agrees to the exchange of such short narrative statements, but <u>not</u> as a substitute for expert reports and expert discovery, which VIZIO believes should also be required in this case. Given the technical complexity of this case, there will be numerous issues on which experts will need to opine at trial, including issues of patent infringement, invalidity, damages and others. Without exchange of expert reports and an opportunity for depositions of experts, the efficient trial of this action will suffer. Accordingly, VIZIO proposes that the parties agree that two rounds of expert reports should be served by each side after the close of fact discovery. Specifically, each side shall serve opening expert reports on the same day on issues for which they bear the burden of proof. Rebuttal expert reports shall then be exchanged a set number of days later.

## B. Discovery and Pretrial Plan

The parties' respective proposed discovery schedules are set forth below.

**Sony's Proposal.** Sony anticipates that fact discovery will be needed concerning the following high level issues in the case: infringement of the patents-in-suit, the extent and bases for the calculation of damages, the basis of VIZIO's defenses, and other issues that may arise over the course of this action. Sony also believes that expert and third party discovery are likely to be needed. Sony intends to serve a wide range of specific discovery requests during discovery in this action on these and other issues that may arise.

Sony does not believe a separate claim construction procedure involving a Markman hearing and briefing are necessary, and proposes conducting claim construction simultaneously with the parties' summary judgment briefing. VIZIO suggests that the Court consider appointing a Special Master to resolve claim construction issues. Sony notes that no Special Master was used in the recently settled Westinghouse case (which was resolved based on a settlement between the parties), and it sees no need for a Special Master in this case.

With respect to an identification of asserted claims, VIZIO states below that "Sony, consistent with the agreements it made in the New Jersey action, provide a disclosure of its asserted patent claims to VIZIO by April 13, 2009." That is not correct. Sony offered to identify the asserted claims during the New Jersey Rule 16(b) Conference only after the Court noted that VIZIO was the declaratory judgment plaintiff and raised the possibility of VIZIO providing its invalidity contentions prior to Sony providing its infringement contentions. Sony made this offer only after VIZIO contended that it could not provide its invalidity contentions first without an identification of the asserted claims. The Court ultimately did not require VIZIO to provide its invalidity contentions first, but nonetheless elected to put Sony's offer in the Scheduling Order. Sony believes that, as in the Westinghouse case, the parties discovery requests should govern the disclosure of infringement and invalidity contentions here.

**VIZIO's Proposal.** VIZIO anticipates the need for discovery on the validity of and prior art to the Sony patents, on Sony's activities in standards-setting organizations relevant to several patents-in-suit, as well as on damage-related discovery regarding Sony's license agreements and other information bearing on Sony's claim for damages. VIZIO further will require discovery on Sony's statements relative to VIZIO and its products that relate to VIZIO's trade libel/disparagement and unfair competition claims, on the information known by Sony about VIZIO and/or its products, and on Sony's views about VIZIO in the marketplace. VIZIO will serve written discovery requests on these and other issues that may arise, and anticipates the need for third-party and expert discovery on issues of validity of the Sony patents, liability and damages.

VIZIO also believes that a separate claim construction procedure involving a *Markman* hearing and briefing is necessary due to the number of patents and nature and complexity of the claims that will be disputed between the parties. Even

though it was not mandated under the Court's rules, Sony agreed with VIZIO in scheduling before the New Jersey Court that *Markman* claim construction procedures should be followed. VIZIO further proposes that, as the parties agreed and the New Jersey Court ordered, the deadlines for expert reports, and expert discovery cut-off should be tied to the date that the Court issues its *Markman* opinion. VIZIO's proposal is a more expedited version of the schedule adopted by the Court in the scheduling order in the New Jersey action.[6]

VIZIO further offers its support for the use of a Special Master to resolve claim construction issues between the parties. This case now involves 14 different patents, each with multiple claims at issue, and many terms that will require construction before the parties can narrow the issues in the case. Accordingly, VIZIO proposes that the Court consider the appointment of a Special Master to conduct the claim construction proceedings in this matter.

Additionally, VIZIO requests that Sony, consistent with the agreements it made in the New Jersey action, provide a disclosure of its asserted patent claims to VIZIO by April 13, 2009.[7] The identification of asserted claims is an essential feature of any patent case and their early identification serves to narrow the issues. It also allows for prompt court intervention in the event that Sony were to assert too many claims.

**Proposed Case Calendar.** The parties have been unable to agree on a proposed case schedule.

**Sony's Proposal.** Sony has proposed dates that track the timing of events in the schedule entered by the Court in *Sony v. Westinghouse* (*see* Doc. No. 12). Sony believes that VIZIO's proposed schedule is too expansive and will not promote resolution of this action through either settlement or an efficient fact and

---

[6] *See Vizio, Inc. v. Sony Corporation*, Civil Action No. 08-5029 (FSH) (PS), Pretrial Scheduling Order attached hereto as Exhibit B, page 5, ¶¶ 12-14.

[7] The New Jersey Court also ordered Sony to make this disclosure to Vizio by April 13, 2009. See Exhibit B, page 1, ¶ 1.

expert discovery schedule. VIZIO notes that the schedule that Sony proposed was more expansive than the schedule it proposes here. However, the New Jersey court recently implemented local patent rules that it encourages parties to use in cases filed before the rules were officially adopted (such as the New Jersey action between Sony and VIZIO), and implementation of the events under the patent rules in that action led to a more expansive schedule.

**VIZIO's Proposal.** VIZIO is not proposing the same dates as adopted in the New Jersey Court, but has proposed dates that are an expedited version of the schedule established in the Pretrial Scheduling Order entered by that Court (*see* Exhibit B hereto). VIZIO believes that Sony's proposed timetable in this action is too short and does not provide the time needed to permit the parties to complete the work that needs to be done.[8] VIZIO submits that its proposed timetable is more appropriate than Sony's under the circumstances of this case, including not only the number and complexity of the patents-in-suit, but also the fact that a substantial amount of technical information and documents related to the infringement issues in this case will be in the possession, custody, and control of foreign third-party entities. Because of this, third-party discovery practice will be needed to obtain this material, including third-party discovery outside of the U.S.

Accordingly, additional time will be needed to accomplish the tasks required and VIZIO has proposed deadlines that are consistent with that need.

The dates proposed by each party are set forth below.

| Event | Sony's Proposed Dates | VIZIO's Proposed Dates |
|---|---|---|
| Initial Disclosures | March 31, 2009 | April 13, 2009 |

---

[8] Sony is here proposing a discovery cut-off that is less than six months after the scheduling conference. In the New Jersey action, however, Sony proposed--and the Court adopted--a fact discovery cut-off that was twelve months after the scheduling conference, and an expert discovery cut-off that was tied to the issuance of the *Markman* claims construction ruling, just as VIZIO proposes here.

| Event | Sony's Proposed Dates | VIZIO's Proposed Dates |
|---|---|---|
| Disclosure of asserted claims | | April 13, 2009 |
| Disclosure of Preliminary Infringement Contentions | | June 1, 2009 |
| Disclosure of Preliminary Invalidity Contentions | | July 31, 2009 |
| Exchange of proposed terms for construction | | July 1, 2009 |
| Exchange of Preliminary Constructions and Extrinsic Evidence | | August 1, 2009 |
| Last day to amend the pleadings | May 6, 2009 | September 10, 2009 |
| Last day to add parties | May 6, 2009 | September 10, 2009 |
| Opening briefs on claim construction | not necessary | September 15, 2009 |
| Completion of discovery from experts who provided declarations in support of claim construction | | October 2, 2009 |
| Responsive briefs on claim construction | not necessary | October 30, 2009 |
| Claim Construction Hearing | not necessary | At Court's convenience |
| Fact discovery cut-off | September 25, 2009 | March 30, 2010 |
| Last day to file discovery motions | | 30 days from issuance of *Markman* opinion |
| Opening expert reports due | Follow procedure in *Westinghouse* case for expert narrative statements | 30 days from issuance of *Markman* opinion |
| Rebuttal expert reports due | None | 60 days from issuance of *Markman* opinion |
| Discovery cut-off (expert) | None | 90 days from issuance of *Markman* opinion |
| Last day to file motions (includes | October 9, 2009 | June 30, 2010 |

| Event | Sony's Proposed Dates | VIZIO's Proposed Dates |
|---|---|---|
| summary judgment motions) | | |
| Pretrial conference | November 30, 2009 | August 30, 2010 |
| Jury trial | December 14, 2009 | September 30, 2010 |

### C.    Electronically Stored Information

The parties agree that they should be required to take reasonable, good-faith steps to preserve potentially relevant electronically stored information, as required under the Federal Rules of Civil Procedure. The parties further agree to negotiate in good faith the format in which electronically stored information will be produced.

### D.    Privilege and Protection Issues

The parties are working on a protective order to protect the confidentiality of documents and things produced during this action. The parties agree that the protective order shall provide that in the event of an inadvertent disclosure of a communication or information covered by the attorney-client privilege or work product protection, the disclosure shall not operate as a waiver in a Federal or State proceeding, whether or not the holder of the privilege or protection took reasonable steps to prevent the disclosure or promptly took reasonable steps to rectify the error in accordance with Federal Rule of Evidence 502(b). To ensure that the parties' agreement regarding the inadvertent disclosure of privileged or protected information shall be binding on persons other than the parties, the parties agree that in accordance with Federal Rule of Evidence 502(e) the terms of this agreement shall be incorporated into the formal order that is presented to the Court for entry.

The parties further agree that the protective order shall also provide that: (1) communications between the parties' attorneys and experts, together with an expert's notes and draft expert reports, shall not be discoverable; and (2) persons having access to confidential technical information and/or documents relating to a

party's products or processes shall not prosecute any patent applications relating to subject matter disclosed therein or participate in any patent prosecution reexaminations on any patents in suit for a period of two years following the conclusion of this litigation.

Pending entry of an appropriate protective order, the parties agree that all information produced in this action shall be treated as Attorneys' Eyes Only and shall be subject to the parties' agreement regarding the inadvertent disclosure of privileged or protected information, as set forth above.

### E.    Additional Limitations on Discovery

The parties agree that the discovery limits of the Federal Rules of Civil Procedure shall be observed with respect to all discovery, with the exception of the limit to 10 depositions permitted under Fed. R. Civ. P. 30 and the number of interrogatories permitted under Fed. R. Civ. P. 33.

### 1.    Depositions

**Sony's Proposal.** Sony believes a limit of twenty (20) fact depositions per side is appropriate. Under Sony's proposal, depositions of third parties would count towards the limit, whereas expert depositions would not. Furthermore, Sony proposes that depositions be conducted in that specific witness' country of residence. To the extent Plaintiff seeks to take depositions in Japan, those depositions will need to be taken at a U.S. embassy.

With respect to depositions of foreign language speaking witnesses, Sony also proposes a limit of 14 hours for each deposition in which the deponent testifies through a translator. Sony proposes that such depositions shall be concluded in two consecutive days with no single day exceeding the 7-hour limit imposed by Fed. R. Civ. P. 30. VIZIO proposes that foreign language depositions last 17.5 hours, which VIZIO notes is consistent with the ruling and order of the New Jersey Court.[9]

_____
[9] *See Vizio, Inc. v. Sony Corporation*, Civil Action No. 08-5029 (FSH) (PS), Pretrial Scheduling Order attached hereto as Exhibit B, page 3, ¶ 7.b.

Sony states that the New Jersey Magistrate Judge initially set a limit of 14 hours, but increased it to 17.5 when VIZIO's counsel cited an article by a translator that advocated for 2.5 multiple of the time for foreign depositions. VIZIO did not cite that article to Sony prior to the Conference. In contrast to VIZIO's position, the website of the US. Embassy in Japan on the subject of "Deposition Taking in Tokyo" notes: "Be aware that the use of interpreters will approximately <u>double</u> the time required." (http://tokyo.usembassy.gov/e/acs/tacs-deposition_detail.html). The fourteen hour limit also promotes efficiency and keeps the depositions to two days rather than three.

Sony believes that, absent any agreement during discovery, the parties in this case should produce their witnesses where the witnesses are located.

**VIZIO's Proposal.** VIZIO proposes that each side be permitted up to a total of thirty (30) depositions (party and third-party), which is the limit established by the New Jersey Court after hearing argument on the subject during the March 13, 2009 scheduling conference.[10] Since there are more than twenty named Sony inventors alone, VIZIO submits that it would be unfair to limit the number of depositions to twenty.

The parties expect that many, if not all, depositions will be videotaped. Most Sony witnesses, including almost all of the named inventors of the Sony patents-in-suit, reside in Japan. In addition, several potential Sony witnesses including at least some of the inventors do not speak English well enough to testify in English at their depositions. These depositions will require translators.

VIZIO agrees that 30(b)(1) depositions given in English shall last no more than seven (7) hours unless the parties agree otherwise.

With respect to the amount of time to take depositions of witnesses who testify through an interpreter, VIZIO disagrees with Sony's statement, since the

_____
[10] *See Vizio, Inc. v. Sony Corporation*, Civil Action No. 08-5029(FSH)(PS), Pretrial Scheduling Order attached hereto as Exhibit B, page 3, ¶ 7.a.

only limit ever set by the New Jersey Court was 17.5 hours. Therefore, VIZIO proposes that each of those depositions shall last no more than 17.5 hours and be taken for no more than seven hours per day, which is consistent with the ruling and order of the New Jersey Court.[11] This limit is not inconsistent with the statements on the U.S. Embassy website and is supported by counsel's experience that the realities of the interpreted deposition process, involving the actions of check interpreters and the need for clarifications, make a 2 for 1 ratio impossible to achieve. See: http://www.lise.jp/guide.html.

VIZIO agrees that the party depositions may be taken where the witnesses reside, except for those Sony witnesses who reside in Japan. As briefly mentioned in VIZIO's proposed discovery and pretrial plan above, VIZIO expects that Sony, as the plaintiff in this action, will agree to produce its witnesses who reside in Japan for deposition in the United States in order to obviate the delay associated with the need for the depositions to be taken in the U.S. Consular office in Tokyo, Japan. In the event that Sony does not agree to produce these witnesses in the United States, VIZIO requests that this Court require Sony to produce them for deposition in the United States, which will simplify and streamline the deposition process.

### 2. Interrogatories

The parties agree that each side be permitted to serve up to a maximum of 40 interrogatories upon the other side.

### F. Anticipated Discovery Issues, Challenges or Problems

VIZIO anticipates that most of Sony's patent-related documents will be in Japanese, requiring additional time for their translation into English. It is VIZIO's position that, to the extent that Sony has English translations of any of its documents prepared in the ordinary course of its business, those translations should be produced along with the Japanese language originals. That is, the parties do not

---

[11] *See Vizio, Inc. v. Sony Corporation*, Civil Action No. 08-5029 (FSH) (PS), Pretrial Scheduling Order attached hereto as Exhibit B, page 3, ¶ 7.b.

agree to exchange translations prepared by counsel relating to their work on this case, but will discuss further the possible exchange of any such translations. Sony agrees, provided that this provision applies to both parties for any foreign language documents.

VIZIO expects Sony to produce promptly the documents and discovery that Sony previously produced in the *Sony v. Westinghouse* case. VIZIO also expects Sony to complete this production by April 13, 2009, consistent with the representations Sony made to the Court in the New Jersey action, where Sony agreed to provide these discovery materials to reduce the discovery burdens on the parties. Sony has served document requests upon VIZIO, and believes that the parties should set a mutually agreeable date for an exchange of their respective document productions, which would include the relevant documents from the Westinghouse case. VIZIO notes that Sony--unlike VIZIO--has already collected many of the relevant documents and can (and should) produce them immediately.

### G. Other Orders Currently Sought from Court

In addition to service under Rule 5, Fed. R. Civ. P., the parties agree to serve concurrently courtesy copies of all discovery requests, deposition notices, motions and other pleadings and papers, but not document productions, by email to adverse counsel as follows:

**<u>Plaintiff</u>**

sony-vizio@quinnemanuel.com

**<u>Defendant</u>**

jdvizio@jonesday.com

Service by email is appropriate and does not impose a burden on the parties given that this is an ECF case and all parties are registered to receive service of Court documents by email. The parties agree that service by email of discovery requests, deposition notices, motions and other pleadings and papers shall be

deemed service by hand and will not entitle the recipient to any additional time to respond. Exhibits or other documents too voluminous to be sent practicably by email may be served by overnight courier. In that regard, document productions shall not be made by email. In addition, service by email is not effective if the serving party learns that the email did not reach the person to be served.

## III. MATTERS TO BE ADDRESSED PURSUANT TO LOCAL RULE 26-1

### A. Complex Cases

The parties agree that this litigation is not complex, and no portion of the Manual for Complex Litigation should be utilized in this matter.

### B. Dispositive Motion Schedule

Pursuant to <u>Local Rule</u> 26-1(b), the parties discussed the dispositive or partially dispositive motions which are likely to be made. Both parties plan to bring a motion for summary judgment.

### C. Settlement

Settlement discussions have taken place and have been productive. The parties intend to continue attempting to negotiate a potential settlement as this action proceeds.

The parties agree to proceed with Settlement Procedure No. 3 under L.R. 16-15.4.

### D. Trial Estimate

Sony estimates that trial will last 10 court days.

VIZIO estimates that trial will last 20 court days.

### E. Additional Parties

Subject to new and material disclosures during the course of discovery, Sony foresees the possibility and reserves the right of adding additional defendants. VIZIO reserves the right to add additional counterclaims and Counter-defendants, pending further discovery.

1
2
3

**F.    Expert Witnesses**

The parties' proposals with respect to the timing of expert disclosures is set forth above in sections II.A and II.B.

4
5

DATED:  March 30, 2009                QUINN EMANUEL URQUHART OLIVER
                                               & HEDGES, LLP

6
7
8

By     /s/ Kevin P.B. Johnson
       Kevin P.B. Johnson
       Attorneys for Plaintiff
       SONY CORPORATION

9
10

DATED:  March 30, 2009                JONES DAY

11
12
13

By     /s/ Kevin G. McBride
       Kevin G. McBride
       Attorneys for Defendant
       VIZIO, INC.

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

Liza M. Walsh
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, New Jersey  07068
(973) 535-0500

Counsel for Plaintiff
VIZIO, Inc.

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| VIZIO, Inc., ) | Civil Action No. |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| SONY CORPORATION, ) | **COMPLAINT FOR DECLARATORY** |
| A Japanese Corporation, and ) | **JUDGMENT, TRADE LIBEL,** |
| SONY CORPORATION OF AMERICA, ) | **DISPARGEMENT, AND** |
| A New York Corporation, ) | **VIOLATION OF LANHAM ACT** |
| ) | |
| Defendants. ) | |
| ) | |

## COMPLAINT

Plaintiff VIZIO, Inc. ("VIZIO") for its Complaint against Sony Corporation and Sony Corporation of America hereby demands a jury trial and alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for declaratory judgment of noninfringement and invalidity of twelve (12) United States Patents pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, and the Patent Laws of the United States, 35 U.S.C. § 100 *et seq*., for damages for and injunctive relief from trade libel and disparagement under common law and violation of Section

43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and for such other relief as the Court deems just and proper.

## PARTIES

2.    Plaintiff VIZIO is an American company that sells high definition televisions, having its principal place of business at 39 Tesla, Irvine, California 92618.

3.    On information and belief, defendant Sony Corporation ("Sony") is a Japanese corporation having its principal place of business at 1-7-1, Konan, Minato-Ku, Tokyo, Japan.

4.    On information and belief, defendant Sony Corporation of America ("SCA") is a New York corporation having its principal place of business at 550 Madison Avenue, New York, New York 10022. SCA has offices and employees in New Jersey at 1 Sony Drive, Park Ridge, New Jersey and 123 Tice Boulevard, Woodcliff Lake, New Jersey.

5.    As alleged herein, Sony and SCA have engaged in various acts in and directed to New Jersey.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction of Counts I-XXIV of this Complaint pursuant to 28 U.S.C. §§ 1331, 1338(a), 1367, 2201, and 2202, and the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.*, and of Counts XXV and XXVI of this Complaint under 28 U.S.C. §§ 1331, 1338(b), 1367 and/or the doctrine of pendent jurisdiction. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400.

7.    Sony purports to be the owner of rights in U.S. Patent Nos. 5,285,285; 5,212,553; 5,434,626; 6,111,614; 5,168,362; 5,539,425; 6,778,182; RE 38,055; 5,583,577; 5,684,542; 5,731,847; and RE 40,468 (collectively, the "Patents-in-Suit"). Through a series of verbal and written communications, Sony has asserted that these patents relate to various aspects of

televisions and are infringed by VIZIO.  Sony has confirmed its ability and willingness to file

suit against VIZIO and has threatened to sue VIZIO for infringement of the Patents-in-Suit, but

VIZIO has not infringed and does not infringe, either directly or indirectly, any valid and

enforceable claim of any of the Patents-in-Suit, either literally or under the doctrine of

equivalents, nor is it aware of any infringement of any of the Patents-in-Suit.  A substantial

controversy exists between the parties which is of sufficient immediacy and reality to warrant

declaratory relief.

8.      This Court has personal jurisdiction over Sony.  Sony has regularly conducted

business in and directed to New Jersey, including, *inter alia*, business pertaining to the Patents-

in-Suit, has sued to enforce its patents in this Court, and has engaged in various acts in and

directed to New Jersey.

9.      This Court has personal jurisdiction over SCA.  SCA regularly conducts business

in and directed to New Jersey, including, *inter alia*, business pertaining to the Patents-in-Suit,

and has an office and employees in New Jersey.

## THE PATENTS

10.     U.S. Patent No. 5,285,285 ("the '285 patent") is entitled "Method of Controlling

First Items That Require Prior CRT Display And Second Items That Require No Prior Display,"

and bears an issuance date of February 8, 1994.  A copy of the '285 patent is attached hereto as

Exhibit 1.

11.     U.S. Patent No. 5,212,553 ("the '553 patent") is entitled "Television Receiver

With Selective Menu Display," and bears an issuance date of May 18, 1993.  A copy of the '553

patent is attached hereto as Exhibit 2.

12.    U.S. Patent No. 5,434,626 ("the '626 patent") is entitled "Display Apparatus Displaying Operation Menu," and bears an issuance date of July 18, 1995.  A copy of the '626 patent is attached hereto as Exhibit 3.

13.    U.S. Patent No. 6,111,614 ("the '614 patent") is entitled "Method And Apparatus For Displaying An Electronic Menu Having Components With Differing Levels Of Transparency," and bears an issuance date of August 29, 2000.  A copy of the '614 patent is attached hereto as Exhibit 4.

14.    U.S. Patent No. 5,168,362 ("the '362 patent") is entitled "Apparatus For Displaying Standard Aspect Ratio Television Signal On Wide Aspect Ratio Display Screen," and bears an issuance date of December 1, 1992.  A copy of the '362 patent is attached hereto as Exhibit 5.

15.    U.S. Patent No. 5,539,425 ("the '425 patent") is entitled "Display Unit," and bears an issuance date of July 23, 1996.  A copy of the '425 patent is attached hereto as Exhibit 6.

16.    U.S. Patent No. 6,778,182 ("the '182 patent") is entitled "Display Device," and bears an issuance date of August 17, 2004.  A copy of the '182 patent is attached hereto as Exhibit 7.

17.    U.S. Patent No. RE 38,055 ("the '055 patent") is entitled "Video Data Bus Communication System And Method," and bears an issuance date of April 1, 2003.  A copy of the '055 patent is attached hereto as Exhibit 8.

18.    U.S. Patent No. 5,583,577 ("the '577 patent") is entitled "Caption Data Coding/Decoding Systems And Methods That Includes Key Data Indicating Intermediate Levels

Of Attenuation In The Vicinity Of The Caption," and bears an issuance date of December 10, 1996. A copy of the '577 patent is attached hereto as <u>Exhibit 9</u>.

    19.    U.S. Patent No. 5,684,542 ("the '542 patent") is entitled "Video Subtitle Processing System," and bears an issuance date of November 4, 1997. A copy of the '542 patent is attached hereto as <u>Exhibit 10</u>.

    20.    U.S. Patent No. 5,731,847 ("the '847 patent") is entitled "Subtitle Encoding/Decoding Method And Apparatus," and bears an issuance date of March 24, 1998. A copy of the '847 patent is attached hereto as <u>Exhibit 11</u>.

    21.    U.S. Patent No. RE40,468 ("the '468 patent") is entitled "Video Data Bus Communication System and Method," and bears an issuance date of August 26, 2008. A copy of the '468 patent is attached hereto as <u>Exhibit 12</u>.

**COUNT I - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,285,285**

    22.    VIZIO repeats and realleges the allegations in paragraphs 1-21 as though fully set forth herein.

    23.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '285 patent.

    24.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

    25.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '285 patent.

## COUNT II - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,285,285

26.     VIZIO repeats and realleges the allegations in paragraphs 1-25 as though fully set forth herein.

27.     The '285 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

28.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

29.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '285 patent.

## COUNT III - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,212,553

30.     VIZIO repeats and realleges the allegations in paragraphs 1-29 as though fully set forth herein.

31.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '553 patent.

32.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

33.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '553 patent.

**COUNT IV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,212,553**

34.      VIZIO repeats and realleges the allegations in paragraphs 1-33 as though fully set forth herein.

35.      The '553 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

36.      As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

37.      A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '553 patent.

**COUNT V - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,434,626**

38.      VIZIO repeats and realleges the allegations in paragraphs 1-37 as though fully set forth herein.

39.      VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '626 patent.

40.      As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

41.      A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '626 patent.

## COUNT VI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,434,626

42.    VIZIO repeats and realleges the allegations in paragraphs 1-41 as though fully set forth herein.

43.    The '626 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

44.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

45.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '626 patent.

## COUNT VII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,111,614

46.    VIZIO repeats and realleges the allegations in paragraphs 1-45 as though fully set forth herein.

47.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '614 patent.

48.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

49.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '614 patent.

1990805-01

**COUNT VIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,111,614**

50.    VIZIO repeats and realleges the allegations in paragraphs 1-49 as though fully set forth herein.

51.    The '614 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

52.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

53.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '614 patent.

**COUNT IX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,168,362**

54.    VIZIO repeats and realleges the allegations in paragraphs 1-53 as though fully set forth herein.

55.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '362 patent.

56.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

57.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '362 patent.

## COUNT X - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,168,362

58.    VIZIO repeats and realleges the allegations in paragraphs 1-57 as though fully set forth herein.

59.    The '362 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

60.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

61.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '362 patent.

## COUNT XI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,539,425

62.    VIZIO repeats and realleges the allegations in paragraphs 1-61 as though fully set forth herein.

63.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '425 patent.

64.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

65.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '425 patent.

## COUNT XII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,539,425

66.    VIZIO repeats and realleges the allegations in paragraphs 1-65 as though fully set forth herein.

67.    The '425 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

68.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

69.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '425 patent.

## COUNT XIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 6,778,182

70.    VIZIO repeats and realleges the allegations in paragraphs 1-69 as though fully set forth herein.

71.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '182 patent.

72.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

73.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '182 patent.

## COUNT XIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 6,778,182

74.    VIZIO repeats and realleges the allegations in paragraphs 1-73 as though fully set forth herein.

75.    The '182 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

76.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

77.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '182 patent.

## COUNT XV - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE 38,055

78.    VIZIO repeats and realleges the allegations in paragraphs 1-77 as though fully set forth herein.

79.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '055 patent.

80.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

81.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '055 patent.

**COUNT XVI - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 38,055**

82.     VIZIO repeats and realleges the allegations in paragraphs 1-81 as though fully set forth herein.

83.     The '055 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

84.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

85.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '055 patent.

**COUNT XVII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,583,577**

86.     VIZIO repeats and realleges the allegations in paragraphs 1-85 as though fully set forth herein.

87.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '577 patent.

88.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

89.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '577 patent.

## COUNT XVIII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,583,577

90.     VIZIO repeats and realleges the allegations in paragraphs 1-89 as though fully set forth herein.

91.     The '577 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

92.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

93.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '577 patent.

## COUNT XIX - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,684,542

94.     VIZIO repeats and realleges the allegations in paragraphs 1-93 as though fully set forth herein.

95.     VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '542 patent.

96.     As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

97.     A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '542 patent.

**COUNT XX - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,684,542**

98.     VIZIO repeats and realleges the allegations in paragraphs 1-97 as though fully set forth herein.

99.     The '542 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

100.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

101.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '542 patent.

**COUNT XXI - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. 5,731,847**

102.    VIZIO repeats and realleges the allegations in paragraphs 1-101 as though fully set forth herein.

103.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '847 patent.

104.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

105.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '847 patent.

**COUNT XXII - DECLARATION OF INVALIDITY OF U.S. PATENT NO. 5,731,847**

106.    VIZIO repeats and realleges the allegations in paragraphs 1-105 as though fully set forth herein.

107.    The '847 patent is invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

108.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

109.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '847 patent.

**COUNT XXIII - DECLARATION OF NONINFRINGEMENT OF U.S. PATENT NO. RE 40,468**

110.    VIZIO repeats and realleges the allegations in paragraphs 1-109 as though fully set forth herein.

111.    VIZIO has not infringed and does not infringe, directly or indirectly, any valid and enforceable claim of the '468 patent.

112.    As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

113.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '468 patent.

**COUNT XXIV - DECLARATION OF INVALIDITY OF U.S. PATENT NO. RE 40,468**

114.    VIZIO repeats and realleges the allegations in paragraphs 1-113 as though fully

set forth herein.

115.    The '468 patent is invalid for failure to meet the conditions of patentability and/or

otherwise comply with one or more of 35 U.S.C. §§ 100 *et seq.*, 101, 102, 103, 112 and 132.

116.    As a result of the acts described in the foregoing paragraphs, there exists a

substantial controversy of sufficient immediacy and reality to warrant the issuance of a

declaratory judgment.

117.    A judicial declaration is necessary and appropriate so that VIZIO may ascertain

its rights regarding the '468 patent.

**COUNT XXV - TRADE LIBEL/DISPARAGEMENT**

118.    VIZIO repeats and realleges the allegations in paragraphs 1-9 as though fully set

forth herein.

119.    On information and belief, on May 14, 2008, officers of Sony and SCA, including

one Sony/SCA officer Robert Wiesenthal, participated in a public telephone conference call to

discuss the earnings performance of Sony for its fiscal 4th quarter of 2007 (the "Conference

Call").  On information and belief, consistent with Sony's custom and practice, Sony's website

supplied advance notice of the Conference Call, including a dial-in number to permit the public,

including financial analysts and investors all over the United States, to participate or listen in on

the call.

120.    On information and belief, during the Conference Call, Sony and SCA officers

made a presentation, after which there was a question and answer period.  During the question

and answer period, participating financial analysts directed questions to the Sony and SCA

- 17 -

officers. One such question from an unidentified analyst was: "Just curious as you move and push harder at the smaller screen size whether you can discuss how you plan to make money in such a competitive market?"

121.    On information and belief, in responding to that question during the Conference Call, Mr. Wiesenthal purposely and maliciously made statements in the course of his employment as an officer of Sony and SCA about VIZIO television sets that were known to be false or made with reckless disregard for the truth, to wit:

> "I think it's important to point out there is a very big difference between the high-end 1080p sets and the low-end kind of VIZIO and Chinese manufacturer semi non-HD sets."

In fact, VIZIO sells HD (high definition) television sets, not inferior "semi non-HD sets," and Mr. Wiesenthal had no basis for asserting otherwise.

122.    On information and belief, Sony and SCA's false and disparaging statements were not only published to those members of the public who listened to the Conference Call as it occurred, but were also transcribed, and the transcript was published and made available to the public over the Internet by posting it on a website, found (as of October 10, 2008) at the following URL: http://seekingalpha.com/article/77322-sony-corp-f4q07-qtr-end-03-31-earnings-call-transcript.

123.    VIZIO requested a retraction of the aforementioned statements but defendants were unwilling to provide one.

124.    Sony and SCA's false and disparaging statements about VIZIO television sets has proximately caused VIZIO to incur and suffer special damages as described herein. The special damages incurred by VIZIO to date include the increased costs of creating and producing corrective television advertising spots designed to counteract the false assertions of Sony and SCA regarding VIZIO television sets and/or the attendant loss of goodwill they caused VIZIO.

In addition, by reason of these increased incurred costs, VIZIO has been unable to create and produce the additional television ads this year that it otherwise would have made. The amount of special damages incurred by VIZIO to date in this respect exceeds $500,000, exclusive of interest, costs and attorneys fees.

125.    As a result of their conduct in publishing false and disparaging statements about VIZIO television sets that they knew or should have known were false, Sony and SCA are jointly and severally liable to VIZIO for common law trade libel and/or disparagement, for which VIZIO is entitled to:  (a) an injunction ordering Sony and SCA to cease and desist from making any such statements and to disseminate a prominent public retraction of the statements that were made, and (b) compensation for the special damages incurred by VIZIO, as described above, in an amount to be determined at trial.

### COUNT XXVI - UNFAIR COMPETITION UNDER LANHAM ACT § 43(a)

126.    VIZIO repeats and realleges the allegations in paragraphs 1-9 and 118-125 as though fully set forth herein.

127.    The above-alleged false and disparaging statements were made, on information and belief, by Sony/SCA officer Mr. Wiesenthal during the Conference Call and in the course of his employment, in connection with and in promotion of Sony/SCA and its television products to the public.

128.    The above-alleged false and disparaging statements were made in commerce and materially misrepresent the nature, characteristics or qualities of VIZIO's television sets in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and, on information and belief, for the purpose of influencing the public perception of VIZIO televisions in a negative

129.    VIZIO is entitled to recover the damages specified in 15 U.S.C. § 1117(a) and (b) from Sony and SCA as a result of their violation of Section 43(a) of the Lanham Act.

**PRAYER FOR RELIEF**

WHEREFORE, VIZIO prays for the following relief:

(a)    A judgment declaring that VIZIO has not infringed, directly or indirectly, any valid or enforceable claim of the Patents-in-Suit;

(b)    A judgment declaring that the claims of the Patents-in-Suit are invalid;

(c)    An order declaring that VIZIO is a prevailing party and that this is an exceptional case; awarding VIZIO its costs, expenses, disbursements and reasonable attorneys fees under 35 U.S.C. § 285;

(d)    An order directing Sony and SCA to cease and desist from making further false, misleading and/or disparaging statements regarding VIZIO television sets;

(e)    An order directing Sony and SCA to publish a prominent and public retraction of its false, misleading and/or disparaging statements regarding VIZIO television sets;

(f)    That defendants be ordered to pay VIZIO's special damages incurred as a result of the maliciously false, misleading and/or disparaging statements that they made;

(g)    That defendants be ordered to pay VIZIO such punitive damages as the trier of fact may award with respect to defendants' maliciously false, misleading and/or disparaging statements about VIZIO's television sets;

(h)    That defendants be ordered to pay VIZIO's damages assessed under 15 U.S.C. § 1117(a) and (b);

(i)      That defendants be ordered to pay prejudgment interest;

(j)      That defendants be ordered to pay all costs associated with this action; and

(k)      That VIZIO be granted such other and additional relief as the Court deems just

and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues and claims so triable.


Dated: October 10, 2008                                    _s/ Liza M. Walsh_
                                                                      Liza M. Walsh
                                                                      CONNELL FOLEY LLP
                                                                      85 Livingston Avenue
                                                                      Roseland, New Jersey  07068
                                                                      (973) 535-0500

                                                                      Counsel for Plaintiff
                                                                      VIZIO, Inc.


Of Counsel:

James L. Wamsley, III
JONES DAY
North Point
901 Lakeside Avenue
Cleveland, Ohio  44114-1190
(216) 586-3939

## **LOCAL CIVIL RULE 11.2 CERTIFICATION**

I hereby certify that the matter in controversy is not the subject of any other action pending in any other court, or any other pending arbitration or administrative proceeding.

Dated: October 10, 2008                      CONNELL FOLEY LLP

                                        By:    *s/ Liza M. Walsh*
                                               Liza M. Walsh

## **RULE 201.1 CERTIFICATION**

I hereby certify that the above-captioned matter is not subject to compulsory arbitration in that declaratory and injunctive relief is sought.

Dated: October 10, 2008                      CONNELL FOLEY LLP

                                        By:    *s/ Liza M. Walsh*
                                               Liza M. Walsh

1990805-01

# EXHIBIT B

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| VIZIO, INC. | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | Civil Action No. 08-5029 (FSH) (PS) |
| **v.** | : | |
| | : | |
| SONY CORPORATION and SONY | : | PRETRIAL SCHEDULING |
| CORPORATION OF AMERICA | : | ORDER |
| | : | |
| **Defendant.** | : | |

**THIS MATTER** having come before the Court for a scheduling conference on the record pursuant to Rule 16 of the Federal Rules of Civil Procedure on March 13, 2009; and the Court having considered the positions of the parties; and for the reasons set forth on the record; and for good cause shown,

IT IS on this <u>13th</u> day of March, 2009

ORDERED THAT:

The discovery provided by Sony in the California case shall be made available to plaintiffs.

IT IS FURTHER ORDERED THAT:

## I. PATENT-RELATED TASKS

1. The defendant shall identify the patent claims at issue no later than **April 13, 2009.**

2. Defendant shall disclose its infringement contentions no later than **June 1, 2009.**

3. The plaintiff shall provide its invalidity contentions no later than **July 31, 2009.**

4. The parties shall identify the claim terms that they believe need to be construed no later than **September 16, 2009.**

5. The parties shall exchange preliminary claim term constructions and extrinsic evidence no later than **October 23, 2009.**

6. The parties shall submit the joint claims construction chart no later than

**December 8, 2009.**

7.  Claims construction discovery shall be completed no later than **February 12, 2010.**

8.  Claims construction expert discovery shall be completed no later than **April 29, 2009**.

9.  The opening <u>Markman</u> briefs shall be submitted no later than **March 29, 2010.**

10.  The responsive <u>Markman</u> briefs shall be submitted no later than **May 28, 2010.**

11.  The parties shall submit a joint letter that sets forth the information required by proposed Patent Rule 4.6, including the estimated length of the <u>Markman</u> hearing and the names of the witnesses (if any) no later than **June 11, 2010.**

**IT IS FURTHER ORDERED THAT:**

**II.  COURT DATES**

1.    There shall be a telephone status conferences before the Undersigned on the following dates:

| Date | Party to Initiate |
| --- | --- |
| **6/4/09  at 11:30 a.m.** | **Plaintiff** |
| **8/6/09 at 11:30 a.m.** | **Defendant** |
| **10/15/09 at 11:30 a.m.** | **Plaintiff** |
| **1/7/10 at 11:30 a.m.** | **Defendant** |

2.     There will be a settlement conference before the Undersigned on **TO BE SET**. No later than, **TO BE SET** each party may submit a confidential memorandum to the Court, not to exceed 5 pages, summarizing the relevant facts, the respective legal positions, status of the case, and the client's position on settlement.  Trial Counsel and clients with full settlement authority must attend the conference.  If the trial counsel **and** client with full settlement authority do not appear, the settlement conference may be cancelled or rescheduled and the noncompliant party and/or attorney may be sanctioned, which may include an assessment of the costs and expenses incurred by those parties who appeared as directed.

3.    A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 27, 2010 at 10:00 a.m.**  The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

### III. DISCOVERY AND MOTION PRACTICE

4.      a.  Fed. R. Civ. P. 26 disclosures are to be exchanged on or before **April 13, 2009.**

b.  No later than **April 13, 2009**, the parties shall submit a proposed discovery confidentiality order and certification as required by Local Civ. R. 5.3.[1]

c.  Any disputes concerning the electronic discovery protocol shall be submitted no later than **April 13, 2009.**

5.      Discovery necessary to engage in meaningful settlement discussions: **<u>none</u>**.

6.      a.  The parties may serve interrogatories limited  to **25** single questions including subparts and requests for production of documents on or before **April 30, 2009,** which shall be responded to no later than **May 30, 2009.**  No document demands may be served after **February 1, 2010.**

b.  Foreign evidence collection shall commence no later than **July 23, 2009.**

c.  Foreign language documents that have been translated for either non-litigation purposes or that will be used at trial shall be produced together with the translation.

7.      a.  Absent agreement of counsel or order of the Court, the number of depositions to be taken by each side shall not exceed **30.**  No objections to questions posed at depositions shall be made other than as to lack of foundation, form or privilege.  <u>See</u> Fed. R. Civ. P. 32(d) (3) (A).  No instruction not to answer shall be given unless a privilege is implicated.  The depositions shall be completed no later than **March 30, 2010**.  Documents that have been translated for business purposes and foreign language documents used at trial will be used at trial shall be translated by the party who intends to offer this document.

b.  Depositions occurring with the aid of an interpreter may continue for up to 17 ½ hours.

8.      Fact discovery is to remain open through **March 30, 2010**.  No discovery is to be issued or engaged in beyond that date, except upon application and for good cause shown.

9.      Counsel shall confer in a good  faith attempt to informally resolve any and all discovery disputes <u>before</u> seeking the Court's intervention.  Should such informal effort fail to resolve the dispute, the matter shall be brought to the Court's attention in the first instance via a joint letter that sets forth: (a) the request, (b) the response; (c) efforts to resolve the dispute; (d) why the complaining party believes the information is relevant and why the responding party's

---

[1]If a party seeks to file under seal information submitted in connection with a request for non-discovery relief, then the party shall: (1) consult Local Civ. R. 5.3 and (2) contact the Chambers of the Undersigned for instructions regarding the format for presenting such a motion.

response continues to be deficient; and (e) why the responding party believes the response is sufficient.  No further submissions regarding the dispute may be submitted without leave of Court.  If necessary, the Court will thereafter schedule a telephone conference to resolve the dispute.

No discovery motion or motion for sanctions for failure to provide discovery shall be filed before utilizing the procedures set forth in these paragraphs without prior leave of Court.

Any unresolved discovery disputes (other than those that arise during depositions) must be brought before the Court no later than **September 23, 2009** .  The Court will not entertain applications concerning discovery matters, informally or otherwise, after this date.  If an unresolved dispute arises at a deposition, then the parties shall contact the Chambers of the Undersigned for assistance during the deposition.

10.    Any motion to amend pleadings or join parties shall be filed no later than **September 10, 2009.**

11.    All dispositive motions shall be discussed in advance of filing with the Undersigned either in person or by teleconference.

If leave is granted to file a summary judgment motion, the following protocol shall apply:

a.  Each motion for summary judgment shall be supported by a separate, short, and concise statement of material facts, set forth in numbered paragraphs, as to which the moving party contends there is no genuine issue of material fact to be tried.  Each fact asserted in the statement shall be supported by a record citation.  A "record citation" is a citation to a specific page or paragraph of identified record material supporting the assertion.

b.  Each response in opposition shall be accompanied by a separate, short, and concise statement of material facts.  The opposing statement shall admit, deny or qualify the facts by reference to each numbered paragraph of the moving party's statement of material facts and unless a fact is admitted, shall support each denial or qualification by a record citation.  The opposing statement may contain in a separate section additional facts, set forth in separate numbered paragraphs and supported by a record citation.

c.  In the event a party seeks to submit a reply, the party shall file a formal request for permission to do so within the time period provided by Local Rule, attaching the proposed reply.  Accompanying the proposed reply shall be a separate, short, and concise statement of material facts which shall be limited to any additional facts submitted by the opposing party.  The reply statement shall admit, deny or qualify such additional facts by reference to the numbered paragraphs of the opposing party's statement of material facts, and unless a fact is admitted, shall support each denial or qualification by a record citation.

d.  Facts contained in a supporting or opposing statement of material facts, if supported by record citations, shall be deemed admitted unless properly controverted.  The Court

may disregard any statement of fact not supported by a specific citation to record material properly considered on summary judgment.  The Court shall have no independent duty to search or consider any part of the record not specifically referenced in the parties' separate statement of facts.

    e.  Local Rules governing electronic filing and length, font-size, and format of moving, opposing and reply briefs shall continue to apply as appropriate.  Parties shall provide the Court with two hard copies of all submissions by delivering same to the Clerk's Office, Attention Judge Katharine Hayden.

## IV.  EXPERTS

  12. All affirmative expert reports shall be delivered no later than 30 days after the Markman ruling, unless otherwise ordered by the Court**.**

  13. All responding expert reports shall be delivered no later than 60 days after the Markman ruling, unless otherwise ordered by the Court.

  14. a.  All expert reports are  to be in the form and content as required by Fed. R. Civ. P. 26(a) (2)(B).  No expert shall testify at trial as to any opinions or base those opinions on facts not substantially disclosed in the experts report.

    b.  All expert depositions shall be completed no later than 90 days after the Markman ruling, unless otherwise ordered by the Court.

## V. FINAL PRETRIAL CONFERENCE

  15. A final pretrial conference shall be conducted pursuant to Fed. R. Civ. P. 16(d) on **October 27, 2010** at **10:00 a.m.**   The Final Pretrial Conference will occur even if there are dispositive motions pending.   The Court will adjourn the Final Pretrial conference <u>only</u> if the requesting party makes a compelling showing that manifest injustice would otherwise result absent adjournment.

  16. <u>Not later than **20 working days**  before the pretrial conference, the parties shall exchange copies of all proposed trial exhibits.  Each exhibit shall be pre-marked with an exhibit number conforming to the party's exhibit list.</u>

  17. All counsel are directed to assemble at the office of Plaintiff's counsel not later than **ten (10) days** before the pretrial conference to prepare the proposed Joint Final Pretrial Order in the form and content required by the Court.  Plaintiff's counsel shall prepare the Joint Pretrial Order and shall submit it to all other counsel for approval and execution.

  18. With respect to non-jury trials, each party shall submit to the District Judge and to opposing counsel proposed Findings of Fact and Conclusions of Law, trial briefs and any hypothetical questions to be put to an expert witness on direct examination.

  19. The original joint proposed final pretrial order shall be delivered to the

CHAMBERS of the Undersigned no later than **October 20, 2010 at 4:00 p.m.** All counsel are responsible for the timely submission of the Order.

      20.     The Court expects to engage in meaningful settlement discussions at the final pretrial
conference. Therefore, trial counsel who actually has full settlement authority must attend the conference and clients or other persons with full settlement authority must be available by telephone.

## VI.  MISCELLANEOUS

      21.     The Court may from time to time schedule conferences as may be required, either sua sponte or at the request of a party.

      22.     Since all dates set forth herein are established with the assistance and knowledge of counsel, there will be no extensions except for good cause shown and by leave of Court, even with consent of all counsel. Any request to extend any deadline or to adjourn a court event shall be made no later than three days before the scheduled date and shall reflect: (1) the good cause the requesting party believes supports the extension or adjournment and (2) whether or not all parties consent to the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request. Absent unforeseen emergent circumstances, the Court will not entertain requests to extend deadlines that have passed as of the date of the request.

      23.     A copy of every pleading, document or written communication with the Court shall be served on all other parties to the action. Any such communication which does not recite or contain a certification of such service may be disregarded by the Court.

      24.     Absent permission from Chambers, communications to the Court by facsimile will not be accepted. All communications to the Court shall be in writing or by telephone conference.

      25.    **FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER   MAY RESULT IN SANCTIONS.**

                          **s/Patty Shwartz**_____
                          **UNITED STATES MAGISTRATE JUDGE**

# PROOF OF SERVICE

I, Beth A. Marchese, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower St., 50th Floor, Los Angeles, CA 90071. On March 30, 2009, I served a copy of the within document(s):

## JOINT RULE 26(f) REPORT

by transmitting via e-mail or electronic transmission the document(s) listed above.

I am familiar with the United States District Court, Central District of California, Western Division's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Kevin P.B. Johnson, Esq.                    kevinjohnson@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

Steven M. Anderson, Esq.                    stevenanderson@quinnemanuel.com
Rory S. Miller, Esq.                        rorymiller@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017


I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 30, 2009, at Los Angeles, California.


　　　　　　　／s/ Beth A. Marchese
　　　　　　　　　Beth A. Marchese