1  Thomas R. Malcolm (State Bar No. 39248)
   trmalcolm@jonesday.com
2  JONES DAY
   3 Park Plaza, Suite 1100
3  Irvine, California 92614
   Telephone: (949) 851-3939
4  Facsimile: (949) 553-7539

5  Kevin G. McBride (State Bar No. 195866)
   kgmcbride@jonesday.com
6  Steven J. Corr (State Bar No. 216243)
   sjcorr@jonesday.com
7  JONES DAY
   555 S. Flower Street, 50th Floor
8  Los Angeles, CA 90071
   Telephone: (213) 489-3939
9  Facsimile: (213) 243-2539

10 Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>    Defendant. | Case No. CV-08-01135-RGK(FMOx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VIZIO'S MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO SONY'S AMENDED COMPLAINT**<br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850 |

Defendant Vizio respectfully requests the Court grant Vizio leave to file its proposed Amended Answer, Affirmative Defenses and Counterclaims to Sony's Amended Complaint. The proposed amendments include the addition of four counterclaims of patent infringement against Sony for the infringement of Vizio's recently acquired patents. Vizio's amendments also include the addition of two counterclaims for declaratory judgment of noninfringement and invalidity of two of

LAI-3016216v3

- 1 -

P's & A's ISO Vizio's Mtn to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

Sony's asserted patents. The addition of the declaratory judgment counterclaims conforms Vizio's counterclaims to its previously pled affirmative defenses of noninfringement and invalidity. (Declaration of Steven J. Corr at ¶ 7 (hereafter "Corr Decl.").)

## BACKGROUND

Sony filed its original Complaint for patent infringement on October 10, 2008 (Docket No. 1) and an Amended Complaint on November 14, 2008 (Docket No. 14). Vizio filed an Answer to Sony's Amended Complaint on January 26, 2009.

On April 6, 2009, the Court held a scheduling conference and entered a Scheduling Order setting a fifteen (15) day time limit for the parties to move to amend their pleadings. (Docket No. 48).

On or around April 6, 2009, Vizio acquired the following U.S. Patents (Corr Decl. at ¶¶ 2-5.):

- U.S. Pat. No. 5,511,096 titled "Quadrature Amplitude Modulated Data for Standard Bandwidth Television Channel," (hereafter "the '096 Patent").
- U.S. Pat. No. 5,621,761 titled "Rotationally Invariant Trellis Coding Incorporating Transparent Binary Convolutional Codes," (hereafter "the '761 Patent").
- U.S. Pat. No. 5,703,887 titled "Synchronization and Error Detection in a Packetized Data Stream," (hereafter "the '887 Patent").
- U.S. Pat. No. 5,745,522 titled "Randomizer for Byte-Wise Scrambling of Data," (hereafter "the '522 Patent").

The '096; '761; '887; and '522 patents (hereafter "the Vizio Patents") each contain one or more claims that Vizio believes are infringed by Sony's digital television products.

LAI-3016216v3

- 2 -

P's & A's ISO Vizio's Mtn to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

Vizio's counsel met and conferred with Sony regarding this motion under L.R. 7-3. The parties conferred on April 14, 2009 but could not reach agreement on the motion.

## ARGUMENT

Rule 15(a) states that leave to amend a party's pleading "shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Such an amendment may include the addition of counterclaims. FED. R. CIV. P. 13(f). "A claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." FED. R. CIV. P. 13(e).[1,2] The Supreme Court has held that the filing of permissive counterclaims furthers judicial economy as it allows all claims between parties to be resolved in one proceeding. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974).

While the decision to grant or deny a motion for leave to amend is governed by the district court's discretion, the Supreme Court has held that amendment of pleadings is to be permitted unless the opposing party makes a showing of: (a) undue delay, (b) bad faith, (c) undue prejudice, or (d) futility of amendment on the part of the moving party. *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9L. Ed.2d 222 (1962). The Ninth Circuit applies this same liberal standard when deciding motions for leave to amend. *See, e.g., Morongo Band of Mission Indians v. Rose,* 893 F.2d 1074, 1079 (9th Cir. 1990) (stating that policy to freely grant leave to amend should be applied with "extreme liberality").

---

[1] A pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim. FED. R. CIV. P. 13(b).

[2] The title of the pleading, whether "supplemental" or "amended" is not determinative. *See U.S. ex rel. Wulff v. CMA, Inc.,* 890 F.2d 1070, 1073 (9th Cir. 1989).

LAI-3016216v3

- 3 -

P's & A's ISO Vizio's Mtn to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

## A. Vizio's Motion is Timely Under the Scheduling Order

There has been no undue delay because Vizio filed its motion to amend within the time period set by this Court for the parties to file motions to amend their pleadings.

Vizio's counsel contacted Sony's counsel on April 14, 2009 to request whether Sony would stipulate to Vizio's right to amend its answer. During the conference, Sony asserted that Vizio had not provided the full twenty (20) days notice as required under the Local Rules. Local Rule 7-3 states in part that:

> [C]ounsel contemplating the filing of any motion shall first contact opposing counsel to discuss thoroughly, preferably in person, the substance of the contemplated motion and any potential resolution. If the proposed motion is one which under the F.R.Civ.P. must be filed within a specified period of time (*e.g.*, a motion to dismiss pursuant to F.R.Civ.P. 12(b), or a new trial motion pursuant to F.R.Civ.P. 59(a)), then this conference shall take place at least five (5) days prior to the last day for filing the motion; otherwise, the conference shall take place at least twenty (20) days prior to the filing of the motion.

Sony's refusal to consent to Vizio's motion to amend its answer and counterclaims is baseless. It is unreasonable for Sony to expect Vizio to provide a full twenty (20) days' notice of this motion when the Court's deadline for filing amended pleadings was only fifteen (15) days after the Scheduling Conference and entry of the Scheduling Order setting the amendment deadline.

Local Rule 7-3 thus allows for a five day notice period in circumstances where motions must be filed within a specified period of time under the Federal Rules. *See* L.R. 7-3. Here, the Court's order requires motions to amend pleadings be filed within a shortened period – only fifteen days later – therefore, pursuant to Local Rule 7-3, Vizio's five days notice is sufficient and does not constitute undue delay.

## B. Vizio Has Acted in Good Faith

To oppose a motion for leave to amend on grounds of bad faith, a party opposing the motion must show the moving party engaged in "sharp practice." *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

LAI-3016216v3

- 4 -

P's & A's ISO Vizio's Mtn to File Prop. Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

Vizio has acted in good faith by promptly asserting the Vizio Patents upon acquiring and analyzing them to determine which of the patents are infringed by Sony. Vizio provided Sony with notice of its intention to amend its answer as soon as it became aware that the parties were unlikely to settle the case before the fifteen day deadline. Therefore, Vizio should be granted leave to amend its answer to add counterclaims of patent infringement.

### C. Sony Will Not Be Unduly Prejudiced

Where a party opposes a motion for leave to amend on the basis of undue prejudice, the showing must be substantial. *See Morongo Band of Mission Indians*, 893 F.2d at 1079 (finding undue prejudice where the claims sought to be added "would have required defendants to have undertaken, at a late hour, an entirely new course of defense.").

Sony has not, and will not be unduly prejudiced by Vizio's amendment of its answer because it will have an opportunity to respond to Vizio's counterclaims. Furthermore, discovery has just begun. The parties only recently served their first round of discovery requests, no depositions have been noticed, and the discovery cut-off is still more than six months away. (Corr Decl. at ¶ 6; Civil Minutes of Scheduling Conference, Docket No. 47 (setting November 1, 2009 as the discovery cut-off date)). The Amendment of Vizio's Answer to add its counterclaims of infringement will also not delay trial in this action.

### D. Vizio's Counterclaims of Infringement Are Not Futile

Vizio has the right to enforce the Vizio Patents under 35 U.S.C. § 271 as plead in the proposed Amended Answer, Affirmative Defenses and Counterclaims to Sony's Amended Complaint. Vizio knows of no reason that its counterclaims would be futile.

LAI-3016216v3

- 5 -

P's & A's ISO Vizio's Mtn to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

## CONCLUSION

For the foregoing reasons, Vizio respectfully requests this Court GRANT Vizio's motion for leave to file its proposed Amended Answer, Affirmative Defenses and Counterclaims to Sony's Amended Complaint.

Dated: April 21, 2009

Respectfully submitted,

JONES DAY

By: /s/ Steven J. Corr

Steven J. Corr

Attorneys for Defendant VIZIO, INC.

LAI-3016216v3

- 6 -

P's & A's ISO Vizio's Mtn to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Beth A. Marchese, declare: |
| 3 | I am a citizen of the United States and employed in Los Angeles County, |
| 4 | California. I am over the age of eighteen years and not a party to the within-entitled |
| 5 | action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, |
| 6 | California 90071. On April 21, 2009, I served a copy of the within document(s): |
| 7 | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VIZIO'S MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO SONY'S AMENDED COMPLAINT** |
| 8 | |
| 9 | by transmitting via e-mail or electronic transmission the document(s) listed above. |
| 10 | I am familiar with the United States District Court, Central District of |
| 11 | California, Western Division's practice for collecting and processing electronic |
| 12 | filings. Under that practice, documents are electronically filed with the court. The |
| 13 | court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the |
| 14 | filing party, the assigned judge, and any registered users in the case. The NEF will |
| 15 | constitute service of the document. Registration as a CM/ECF user constitutes |
| 16 | consent to electronic service through the court's transmission facilities. Under said |
| 17 | practice, the following CM/ECF users were served: |

| | | |
|---|---|---|
| 18 | | |
| 19 | Kevin P.B. Johnson, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges | kevinjohnson@quinnemanuel.com |
| 20 | 555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065 | |
| 21 | Steven M. Anderson, Esq. | stevenanderson@quinnemanuel.com |
| 22 | Rory S. Miller, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges | rorymiller@quinnemanuel.com |
| 23 | 865 South Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | |

| | |
|---|---|
| 24 | |
| 25 | On April 21, 2009, I also served a courtesy copy, pursuant to the agreement |
| 26 | between the parties, by e-mail to opposing counsel at: |
| 27 | sony-vizio@quinnemanuel.com |
| 28 | I declare that I am employed in the office of a member of the bar of this court |

LAI-3016216v3

P's & A's ISO Vizio's Mtn to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

1 | at whose direction the service was made.

2 | Executed on April 21, 2009, at Los Angeles, California.

_Beth A. Marchese_
Beth A. Marchese

LAI-3016216v3

- 2 -

P's & A's ISO Vizio's Mtn to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)