Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Kevin G. McBride (State Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (State Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>        Plaintiff,<br><br>      v.<br><br>VIZIO, INC.,<br><br>        Defendant. | Case No. CV-08-01135-RGK(FMOx)<br><br>**[PROPOSED] VIZIO'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO SONY'S AMENDED COMPLAINT**<br><br>Date: TBD<br>Time: TBD<br>Judge: Hon. R. Gary Klausner<br>Courtroom: 850 |

Defendant VIZIO, Inc. ("VIZIO"), by and through its counsel, hereby amends its answers to the Amended Complaint for Patent Infringement ("the Amended Complaint") of Plaintiff Sony Corporation ("Sony" or "the Plaintiff") and counterclaims as follows:

## THE PARTIES

1.  VIZIO admits the allegations of Paragraph 1 of this subsection of the Amended Complaint.

2. VIZIO admits the allegations of Paragraph 2 of this subsection of the Amended Complaint.

## JURISDICTION AND VENUE

3. VIZIO admits that this purports to be an action for patent infringement arising under the patent laws of the United States, but denies any liability thereunder. VIZIO admits that this Court has subject matter jurisdiction over actions arising under the patent laws of the United States, but lacks information sufficient to form a belief regarding whether the Plaintiff has standing to bring this action, and on that basis denies any remaining allegations of Paragraph 1 of this subsection of the Amended Complaint.

4. VIZIO denies that it has committed acts of infringement. For the purposes of this litigation only, VIZIO admits that this Court has personal jurisdiction over VIZIO. VIZIO denies any remaining allegations of Paragraph 2 of this subsection of the Amended Complaint.

5. VIZIO admits that the minimum requisites for venue under 35 U.S.C. 1391(c) exist in this district, but states that venue is more properly established in the District of New Jersey, which would better serve the convenience of the witnesses, the convenience of the parties, and the interests of justice. VIZIO denies any remaining allegations of Paragraph 3 of the Amended Complaint.

## THE PATENTS IN SUIT

6. VIZIO admits that U.S. Patent No. 5,434,626 ("the '626 patent") on its face purports to have issued on July 18, 1995, and lists a title of "Display Apparatus Displaying Operation Menu," but denies that the '626 patent was duly and legally issued on that day. VIZIO admits that what purports to be a copy of the '626 patent is attached to the Amended Complaint. VIZIO is without knowledge or information sufficient to form a belief regarding any remaining allegations of Paragraph 4 of the Amended Complaint, and on that basis denies those allegations.

[Proposed] VIZIO's Amd. Answer,
Affirmative Defenses & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

1    7.    VIZIO admits that U.S. Patent No. 5,583,577 ("the '577 patent") on its

2   face purports to have issued on December 10, 1996, and lists a title of "Caption

3   Data Coding/Decoding Systems and Methods That Includes Key Data Indicating

4   Intermediate Levels of Attenuation in the Vicinity of the Caption," but denies that

5   the '577 patent was duly and legally issued on that day. VIZIO admits that what

6   purports to be a copy of the '577 patent is attached to the Amended Complaint.

7   VIZIO is without knowledge or information sufficient to form a belief regarding

8   any remaining allegations of Paragraph 5 of the Amended Complaint, and on that

9   basis denies those allegations.

10    8.    VIZIO admits that U.S. Patent No. 5,684,542 ("the '542 patent") on its

11   face purports to have issued on November 4, 1997, and lists a title of "Video

12   Subtitle Processing System," but denies that the '542 patent was duly and legally

13   issued on that day. VIZIO admits that what purports to be a copy of the '542 patent

14   is attached to the Amended Complaint. VIZIO is without knowledge or

15   information sufficient to form a belief regarding any remaining allegations of

16   Paragraph 6 of the Amended Complaint, and on that basis denies those allegations.

17    9.    VIZIO admits that U.S. Patent No. 5,731,847 ("the '847 patent") on its

18   face purports to have issued on March 24, 1998, and lists a title of "Subtitle

19   Encoding/Decoding Method and Apparatus," but denies that the '847 patent was

20   duly and legally issued on that day. VIZIO admits that what purports to be a copy

21   of the '847 patent is attached to the Amended Complaint. VIZIO is without

22   knowledge or information sufficient to form a belief regarding any remaining

23   allegations of Paragraph 7 of the Amended Complaint, and on that basis denies

24   those allegations.

25    10.    VIZIO admits that U.S. Patent No. 5,751,373 ("the '373 patent") on its

26   face purports to have issued on May 12, 1998, and lists a title of "Television

27   Function Selection Method, Television Receiver and Remove Commander for

28   Television Receiver," but denies that the '373 patent was duly and legally issued on

1  that day. VIZIO admits that what purports to be a copy of the '373 patent is
2  attached to the Amended Complaint. VIZIO is without knowledge or information
3  sufficient to form a belief regarding any remaining allegations of Paragraph 8 of the
4  Amended Complaint, and on that basis denies those allegations.

5        11.    VIZIO admits that U.S. Patent No. 6,111,614 ("the '614 patent") on its
6  face purports to have issued on August 29, 2000, and lists a title of "Method and
7  Apparatus for Displaying an Electronic Menu Having Components With Differing
8  Levels of Transparency," but denies that the '614 patent was duly and legally
9  issued on that day. VIZIO admits that what purports to be a copy of the '614 patent
10  is attached to the Amended Complaint. VIZIO is without knowledge or
11  information sufficient to form a belief regarding any remaining allegations of
12  Paragraph 9 of the Amended Complaint, and on that basis denies those allegations.

13        12.    VIZIO admits that U.S. Patent Reissue No. 38,055 ("the '055 patent")
14  on its face purports to have issued on April 1, 2003, and lists a title of "Video Data
15  Bus Communication System and Method," but denies that the '055 patent was duly
16  and legally issued on that day. VIZIO admits that what purports to be a copy of the
17  '055 patent is attached to the Amended Complaint. VIZIO is without knowledge or
18  information sufficient to form a belief regarding any remaining allegations of
19  Paragraph 10 of the Amended Complaint, and on that basis denies those allegations.

20        13.    VIZIO admits that U.S. Patent Reissue No. 40,468 ("the '468 patent")
21  on its face purports to have issued on August 26, 2008, and lists a title of "Video
22  Data Bus Communication System and Method," but denies that the '468 patent was
23  duly and legally issued on that day. VIZIO admits that what purports to be a copy
24  of the '468 patent is attached to the Amended Complaint. VIZIO is without
25  knowledge or information sufficient to form a belief regarding any remaining
26  allegations of Paragraph 11 of the Amended Complaint, and on that basis denies
27  those allegations.

28

1    14.    VIZIO admits that U.S. Patent No. 6,778,182 ("the '182 patent") on its
2    face purports to have issued on August 17, 2004, and lists a title of "Display
3    Device," but denies that the '182 patent was duly and legally issued on that day.
4    VIZIO admits that what purports to be a copy of the '182 patent is attached to the
5    Amended Complaint. VIZIO is without knowledge or information sufficient to
6    form a belief regarding any remaining allegations of Paragraph 12 of the Amended
7    Complaint, and on that basis denies those allegations.

8    15.    VIZIO admits that U.S. Patent No. 6,661,472 ("the '472 patent") on its
9    face purports to have issued on December 9, 2003, and lists a title of "Channel
10   Selection in Digital Television," but denies that the '472 patent was duly and
11   legally issued on that day. VIZIO admits that what purports to be a copy of the
12   '472 patent is attached to the Amended Complaint. VIZIO is without knowledge or
13   information sufficient to form a belief regarding any remaining allegations of
14   Paragraph 13 of the Amended Complaint, and on that basis denies those allegations.

15   16.    VIZIO admits that the term "patents-in-suit" is used in the Amended
16   Complaint. VIZIO is without knowledge or information sufficient to form a belief
17   regarding any remaining allegations of Paragraph 14 of the Amended Complaint,
18   and on that basis denies those allegations.

19   17.    VIZIO is without knowledge or information sufficient to form a belief
20   regarding any remaining allegations of Paragraph 15 of the Amended Complaint,
21   and on that basis denies those allegations.

22                               **COUNT I**

23   18.    VIZIO realleges and incorporates herein its admissions and denials of
24   the previous paragraphs of this Answer as if fully set forth herein.

25   19.    VIZIO denies all the allegations of Paragraph 17 of the Amended
26   Complaint.

27   20.    VIZIO denies all the allegations of Paragraph 18 of the Amended
28   Complaint.

1   21.   VIZIO denies all the allegations of Paragraph 19 of the Amended
2   Complaint.
3   22.   VIZIO denies all the allegations of Paragraph 20 of the Amended
4   Complaint.
5   23.   VIZIO denies all the allegations of Paragraph 21 of the Amended
6   Complaint.
7   24.   VIZIO denies all the allegations of Paragraph 22 of the Amended
8   Complaint.
9   25.   VIZIO denies all the allegations of Paragraph 23 of the Amended
10  Complaint.

## COUNT II

12  26.   VIZIO realleges and incorporates herein its admissions and denials of
13  the previous paragraphs of this Answer as if fully set forth herein.
14  27.   VIZIO denies all the allegations of Paragraph 25 of the Amended
15  Complaint.
16  28.   VIZIO denies all the allegations of Paragraph 26 of the Amended
17  Complaint.
18  29.   VIZIO denies all the allegations of Paragraph 27 of the Amended
19  Complaint.
20  30.   VIZIO denies all the allegations of Paragraph 28 of the Amended
21  Complaint.
22  31.   VIZIO denies all the allegations of Paragraph 29 of the Amended
23  Complaint.
24  32.   VIZIO denies all the allegations of Paragraph 30 of the Amended
25  Complaint.
26  33.   VIZIO denies all the allegations of Paragraph 31 of the Amended
27  Complaint.
28

## **COUNT III**

34. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

35. VIZIO denies all the allegations of Paragraph 33 of the Amended Complaint.

36. VIZIO denies all the allegations of Paragraph 34 of the Amended Complaint.

37. VIZIO denies all the allegations of Paragraph 35 of the Amended Complaint.

38. VIZIO denies all the allegations of Paragraph 36 of the Amended Complaint.

39. VIZIO denies all the allegations of Paragraph 37 of the Amended Complaint.

40. VIZIO denies all the allegations of Paragraph 38 of the Amended Complaint.

41. VIZIO denies all the allegations of Paragraph 39 of the Amended Complaint.

## **COUNT IV**

42. VIZIO realleges and incorporates herein its admissions and denials of the previous paragraphs of this Answer as if fully set forth herein.

43. VIZIO denies all the allegations of Paragraph 41 of the Amended Complaint.

44. VIZIO denies all the allegations of Paragraph 42 of the Amended Complaint.

45. VIZIO denies all the allegations of Paragraph 43 of the Amended Complaint.

46. VIZIO denies all the allegations of Paragraph 44 of the Amended Complaint.

1      47.    VIZIO denies all the allegations of Paragraph 45 of the Amended

2 Complaint.

3      48.    VIZIO denies all the allegations of Paragraph 46 of the Amended

4 Complaint.

5      49.    VIZIO denies all the allegations of Paragraph 47 of the Amended

6 Complaint.

7 **COUNT V**

8      50.    VIZIO realleges and incorporates herein its admissions and denials of

9 the previous paragraphs of this Answer as if fully set forth herein.

10      51.    VIZIO denies all the allegations of Paragraph 49 of the Amended

11 Complaint.

12      52.    VIZIO denies all the allegations of Paragraph 50 of the Amended

13 Complaint.

14      53.    VIZIO denies all the allegations of Paragraph 51 of the Amended

15 Complaint.

16      54.    VIZIO denies all the allegations of Paragraph 52 of the Amended

17 Complaint.

18      55.    VIZIO denies all the allegations of Paragraph 53 of the Amended

19 Complaint.

20      56.    VIZIO denies all the allegations of Paragraph 54 of the Amended

21 Complaint.

22      57.    VIZIO denies all the allegations of Paragraph 55 of the Amended

23 Complaint.

24 **COUNT VI**

25      58.    VIZIO realleges and incorporates herein its admissions and denials of

26 the previous paragraphs of this Answer as if fully set forth herein.

27      59.    VIZIO denies all the allegations of Paragraph 57 of the Amended

28 Complaint.

1      60.    VIZIO denies all the allegations of Paragraph 58 of the Amended

2 Complaint.

3      61.    VIZIO denies all the allegations of Paragraph 59 of the Amended

4 Complaint.

5      62.    VIZIO denies all the allegations of Paragraph 60 of the Amended

6 Complaint.

7      63.    VIZIO denies all the allegations of Paragraph 61 of the Amended

8 Complaint.

9      64.    VIZIO denies all the allegations of Paragraph 62 of the Amended

10 Complaint.

11      65.    VIZIO denies all the allegations of Paragraph 63 of the Amended

12 Complaint.

13 **<u>COUNT VII</u>**

14      66.    VIZIO realleges and incorporates herein its admissions and denials of

15 the previous paragraphs of this Answer as if fully set forth herein.

16      67.    VIZIO denies all the allegations of Paragraph 65 of the Amended

17 Complaint.

18      68.    VIZIO denies all the allegations of Paragraph 66 of the Amended

19 Complaint.

20      69.    VIZIO denies all the allegations of Paragraph 67 of the Amended

21 Complaint.

22      70.    VIZIO denies all the allegations of Paragraph 68 of the Amended

23 Complaint.

24      71.    VIZIO denies all the allegations of Paragraph 69 of the Amended

25 Complaint.

26      72.    VIZIO denies all the allegations of Paragraph 70 of the Amended

27 Complaint.

28

LAI-3015967v3

1        73.   VIZIO denies all the allegations of Paragraph 71 of the Amended

2 Complaint.

3                     **COUNT VIII**

4        74.   VIZIO realleges and incorporates herein its admissions and denials of

5 the previous paragraphs of this Answer as if fully set forth herein.

6        75.   VIZIO denies all the allegations of Paragraph 73 of the Amended

7 Complaint.

8        76.   VIZIO denies all the allegations of Paragraph 74 of the Amended

9 Complaint.

10        77.   VIZIO denies all the allegations of Paragraph 75 of the Amended

11 Complaint.

12        78.   VIZIO denies all the allegations of Paragraph 76 of the Amended

13 Complaint.

14        79.   VIZIO denies all the allegations of Paragraph 77 of the Amended

15 Complaint.

16        80.   VIZIO denies all the allegations of Paragraph 78 of the Amended

17 Complaint.

18                     **COUNT IX**

19        81.   VIZIO realleges and incorporates herein its admissions and denials of

20 the previous paragraphs of this Answer as if fully set forth herein.

21        82.   VIZIO denies all the allegations of Paragraph 80 of the Amended

22 Complaint.

23        83.   VIZIO denies all the allegations of Paragraph 81 of the Amended

24 Complaint.

25        84.   VIZIO denies all the allegations of Paragraph 82 of the Amended

26 Complaint.

27        85.   VIZIO denies all the allegations of Paragraph 83 of the Amended

28 Complaint.

1       86.    VIZIO denies all the allegations of Paragraph 84 of the Amended

2  Complaint.

3       87.    VIZIO denies all the allegations of Paragraph 85 of the Amended

4  Complaint.

5                         **COUNT X**

6       88.    VIZIO realleges and incorporates herein its admissions and denials of

7  the previous paragraphs of this Answer as if fully set forth herein.

8       89.    VIZIO denies all the allegations of Paragraph 87 of the Amended

9  Complaint.

10       90.    VIZIO denies all the allegations of Paragraph 88 of the Amended

11  Complaint.

12       91.    VIZIO denies all the allegations of Paragraph 89 of the Amended

13  Complaint.

14       92.    VIZIO denies all the allegations of Paragraph 90 of the Amended

15  Complaint.

16       93.    VIZIO denies all the allegations of Paragraph 91 of the Amended

17  Complaint.

18       94.    VIZIO denies all the allegations of Paragraph 92 of the Amended

19  Complaint.

20               **VIZIO'S AFFIRMATIVE DEFENSES**

21                   **First Affirmative Defense**

22       95.    As and for a separate affirmative defense, VIZIO alleges that it does

23  not infringe, induce infringement of, or contributorily infringe any properly

24  construed, valid claim of the '626 patent, the '577 patent, the '542 patent, the '847

25  patent, the '373 patent, the '614 patent, the '055 patent, the '468 patent, the '182

26  patent, or the '472 patent ("the patents-in-suit").

27

28

**[Proposed] VIZIO's Amd. Answer,**
**Affirmative Defenses & Counterclaims**
**Case No. CV-08-01135-RGK (FMOx)**

### Second Affirmative Defense

96.     As and for a separate affirmative defense, VIZIO alleges that one or more of the claims of the patents-in-suit is invalid for failing to meet one or more of the conditions for patentability set forth in 35 U.S.C. §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

97.     As and for a separate affirmative defense, VIZIO alleges that Sony is barred from recovering damages for failure to provide adequate notice in accordance with 35 U.S.C. § 287.

### Fourth Affirmative Defense

98.     As and for a separate affirmative defense, VIZIO alleges that the Amended Complaint fails to state any claim on which relief can be granted.

### Fifth Affirmative Defense

99.     VIZIO presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional affirmative defenses.  As such, VIZIO reserves the right to assert additional affirmative defenses in the event investigation or discovery indicates that additional affirmative defenses are appropriate, including, but not limited to, affirmative defenses of estoppel, laches, inequitable conduct, patent misuse, and/or unclean hands.

### PRAYER FOR RELIEF FOR VIZIO'S AFFIRMATIVE DEFENSES

WHEREFORE, VIZIO prays for relief as follows:

A.     That the Plaintiff's Amended Complaint be dismissed with prejudice and that the Plaintiff recover nothing thereon;

B.     That Sony be required to pay VIZIO's attorneys' fees and expenses pursuant to 35 U.S.C. § 285;

C.     That Sony be required to pay VIZIO's costs; and

D.     For such other and further relief as the Court may deem just and fair.

### VIZIO'S COUNTERCLAIMS

VIZIO hereby counterclaims as follows:

## THE PARTIES

100.  Counterclaimant VIZIO is a corporation organized and existing under the laws of the State of California having its principal place of business at 39 Tesla, Irvine, California 92618.

101.  As alleged in Paragraph 1 of its Amended Complaint, counter-defendant Sony Corporation ("SC") is a Japanese corporation with a principal place of business at 1-7-1, Konan, Minato-ku, Tokyo, Japan.

102.  Upon information and belief, Sony Corporation of America ("SCA") is a New York corporation having a principal place of business at 550 Madison Avenue, New York, New York 10022. SCA is a subsidiary of SC and, *inter alia*, cooperates with SC and its other subsidiaries in marketing, in this district and elsewhere in the United States, a variety of electronic products, including digital televisions.

103.  Upon information and belief, Sony Electronics Inc. ("SEI") is a Delaware corporation having a principal place of business at 16450 W. Bernardo Drive, San Diego, California 92127. SEI is a subsidiary of SCA and, *inter alia*, directly sells and/or otherwise markets, in this district and elsewhere in the United States, a variety of electronic products, including digital televisions.

104.  Counter-defendants SC, SCA and SEI are hereafter referred to collectively as "Sony."

## JURISDICTION AND VENUE

105.  The Court has subject matter jurisdiction over VIZIO's counterclaims under the patent laws of the United States, 35 U.S.C. §§ 1 *et seq.* and the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, for which jurisdiction is based on 28 U.S.C. §§ 1331 and 1338.

106.  By filing its Complaint and Amended Complaint against VIZIO, SC has consented to the personal jurisdiction of this Court.

107.  The jurisdiction of this Court over counter-defendant SCA is proper because of the business SCA regularly conducts in the State of California, and is specifically proper because, pursuant to various commercial arrangements, SCA places products that infringe VIZIO's Patents into the stream of commerce, which stream is directed at the State of California, including this district, with the knowledge and/or understanding that such products would be sold in the State of California, including this district.

108.  The jurisdiction of this Court over counter-defendant SEI is proper because of the business SEI's principal place of business in the State of California and it regularly conducts business in California, and is specifically proper because, pursuant to various commercial arrangements, SEI places products which infringe VIZIO's Patents into the stream of commerce, which stream is directed at this district and elsewhere in the State of California, with the knowledge and/or understanding that such products would be sold in this district.

109.  Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400 and Fed. R. of Civ. P. 13(a).

## VIZIO'S FIRST COUNTERCLAIM

### (Infringement of '096 Patent)

110.  VIZIO incorporates by reference the foregoing paragraphs as though fully set forth herein.

111.  On April 23, 1996, the USPTO issued U.S. Pat. No. 5,511,096 titled "Quadrature Amplitude Modulated Data for Standard Bandwidth Television Channel," (hereafter "the '096 Patent"). A true and correct copy of the '096 Patent is attached hereto as Exhibit A.

112.  VIZIO is the owner of all rights, title and interest in the '096 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

113. Upon information and belief, in violation of 35 U.S.C. § 271, counter-defendant Sony has infringed, and is continuing to infringe either literally and/or under the doctrine of equivalents, the '096 Patent by practicing one or more claims of the '096 Patent in the manufacture, use, offering for sale, sale, and/or importation of products having a QAM cable tuner.

114. Upon information and belief, in violation of 35 U.S.C. § 271, counter-defendant Sony has infringed, and is continuing to infringe, the '096 Patent by contributing to and/or actively inducing others to infringe one or more claims of the '096 Patent by its manufacture, use, offering for sale, sale and/or importation of products having a QAM cable tuner.

115. Upon information and belief, counter-defendant Sony's infringement will continue after service of VIZIO's Amended Answer, Affirmative Defenses and Counterclaims to Sony's Amended Complaint unless enjoined by the Court.

116. As a result of Sony's infringement, VIZIO has suffered, and will continue to suffer damages.

117. VIZIO is entitled to recover from counter-defendant Sony the damages sustained by VIZIO as a result of Sony's wrongful acts in an amount subject to proof at trial.

118. Unless counter-defendant Sony is enjoined by this Court from continuing its infringement of the '096 Patent, VIZIO will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a preliminary and permanent injunction against further infringement.

## VIZIO'S SECOND COUNTERCLAIM

### (Infringement of '761 Patent)

119. VIZIO incorporates by reference the foregoing paragraphs as though fully set forth herein.

120. On April 15, 1997, the USPTO issued U.S. Pat. No. 5,621,761 titled "Rotationally Invariant Trellis Coding Incorporating Transparent Binary

LAI-3015967v3

1    Convolutional Codes," (hereafter "the '761 Patent"). A true and correct copy of the

2    '761 Patent is attached hereto as Exhibit B.

3        121. VIZIO is the owner of all rights, title and interest in the '761 Patent,

4    with the full and exclusive right to bring suit to enforce this patent and recover for

5    past infringement.

6        122. Upon information and belief, in violation of 35 U.S.C. § 271, counter-

7    defendant Sony has infringed, and is continuing to infringe either literally and/or

8    under the doctrine of equivalents, the '761 Patent by practicing one or more claims

9    of the '761 Patent in the manufacture, use, offering for sale, sale, and/or importation

10   of products having a QAM cable tuner.

11       123. Upon information and belief, in violation of 35 U.S.C. § 271, counter-

12   defendant Sony has infringed, and is continuing to infringe, the '761 Patent by

13   contributing to and/or actively inducing others to infringe one or more claims of the

14   '761 Patent by its manufacture, use, offering for sale, sale and/or importation of

15   products having a QAM cable tuner.

16       124. Upon information and belief, counter-defendant Sony's infringement

17   will continue after service of VIZIO's Amended Answer, Affirmative Defenses and

18   Counterclaims to Sony's Amended Complaint unless enjoined by the Court.

19       125. As a result of Sony's infringement, VIZIO has suffered, and will

20   continue to suffer damages.

21       126. VIZIO is entitled to recover from counter-defendant Sony the damages

22   sustained by VIZIO as a result of Sony's wrongful acts in an amount subject to

23   proof at trial.

24       127. Unless counter-defendant Sony is enjoined by this Court from

25   continuing its infringement of the '761 Patent, VIZIO will suffer additional

26   irreparable harm and impairment of the value of its patent rights and is, therefore,

27   entitled to a preliminary and permanent injunction against further infringement.

28

## VIZIO'S THIRD COUNTERCLAIM

### (Infringement of '887 Patent)

128.  VIZIO incorporates by reference the foregoing paragraphs as though fully set forth herein.

129.  On December 30, 1997, the USPTO issued U.S. Pat. No. 5,703,887 titled "Synchronization and Error Detection in a Packetized Data Stream," (hereafter "the '887 Patent"). A true and correct copy of the '887 Patent is attached hereto as Exhibit C.

130.  VIZIO is the owner of all rights, title and interest in the '887 Patent, with the full and exclusive right to bring suit to enforce this patent and recover for past infringement.

131.  Upon information and belief, in violation of 35 U.S.C. § 271, counter-defendant Sony has infringed, and is continuing to infringe either literally and/or under the doctrine of equivalents, the '887 Patent by practicing one or more claims of the '887 Patent in the manufacture, use, offering for sale, sale, and/or importation of products having a QAM cable tuner.

132.  Upon information and belief, in violation of 35 U.S.C. § 271, counter-defendant Sony has infringed, and is continuing to infringe, the '887 Patent by contributing to and/or actively inducing others to infringe one or more claims of the '887 Patent by its manufacture, use, offering for sale, sale and/or importation of products having a QAM cable tuner.

133.  Upon information and belief, counter-defendant Sony's infringement will continue after service of VIZIO's Amended Answer, Affirmative Defenses and Counterclaims to Sony's Amended Complaint unless enjoined by the Court.

134.  As a result of Sony's infringement, VIZIO has suffered, and will continue to suffer damages.

LAI-3015967v3

[Proposed] VIZIO's Amd. Answer,
Affirmative Defenses & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

1    135.   VIZIO is entitled to recover from counter-defendant Sony the damages

2    sustained by VIZIO as a result of Sony's wrongful acts in an amount subject to

3    proof at trial.

4    136.   Unless counter-defendant Sony is enjoined by this Court from

5    continuing its infringement of the '887 Patent, VIZIO will suffer additional

6    irreparable harm and impairment of the value of its patent rights and is, therefore,

7    entitled to a preliminary and permanent injunction against further infringement.

8    **VIZIO'S FOURTH COUNTERCLAIM**

9    **(Infringement of '522 Patent)**

10   137.   VIZIO incorporates by reference the foregoing paragraphs as though

11   fully set forth herein.

12   138.   On April 28, 1998, the USPTO issued U.S. Pat. No. 5,745,522 titled

13   "Randomizer for Byte-Wise Scrambling of Data," (hereafter "the '522 Patent").  A

14   true and correct copy of the '522 Patent is attached hereto as Exhibit D.

15   139.   VIZIO is the owner of all rights, title and interest in the '522 Patent,

16   with the full and exclusive right to bring suit to enforce this patent and recover for

17   past infringement.

18   140.   Upon information and belief, in violation of 35 U.S.C. § 271, counter-

19   defendant Sony has infringed, and is continuing to infringe either literally and/or

20   under the doctrine of equivalents, the '522 Patent by practicing one or more claims

21   of the '522 Patent in the manufacture, use, offering for sale, sale, and/or importation

22   of products having a QAM cable tuner.

23   141.   Upon information and belief, in violation of 35 U.S.C. § 271, counter-

24   defendant Sony has infringed, and is continuing to infringe, the '522 Patent by

25   contributing to and/or actively inducing others to infringe one or more claims of the

26   '522 Patent by its manufacture, use, offering for sale, sale and/or importation of

27   products having a QAM cable tuner.

28

142.   Upon information and belief, counter-defendant Sony's infringement will continue after service of VIZIO's Amended Answer, Affirmative Defenses and Counterclaims to Sony's Amended Complaint unless enjoined by the Court.

143.   As a result of Sony's infringement, VIZIO has suffered, and will continue to suffer damages.

144.   VIZIO is entitled to recover from counter-defendant Sony the damages sustained by VIZIO as a result of Sony's wrongful acts in an amount subject to proof at trial.

145.   Unless counter-defendant Sony is enjoined by this Court from continuing its infringement of the '522 Patent, VIZIO will suffer additional irreparable harm and impairment of the value of its patent rights and is, therefore, entitled to a preliminary and permanent injunction against further infringement.

## VIZIO'S FIFTH COUNTERCLAIM

### (Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of U.S. Patent No. 5,751,373)

146.   VIZIO incorporates by reference the foregoing paragraphs as though fully set forth herein.

147.   On May 12, 1998, the USPTO issued U.S. Pat. No. 5,751,373 titled "Television Function Selection Method, Television Receiver and Remote Commander for Television Receiver," (hereafter "the '373 Patent"). A true and correct copy of the '373 Patent is attached hereto as Exhibit E.

148.   Sony has asserted and continues to assert VIZIO is infringing the '373 patent. Sony has placed VIZIO under a reasonable apprehension that VIZIO's products are accused of infringing the '373 patent.

149.   VIZIO has not and does not infringe, directly or indirectly, any valid and enforceable claim of the '373 patent.

150.   The '373 patent is invalid, unenforceable and/or void.

151.  As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

152.  A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '373 patent.

## VIZIO'S SIXTH COUNTERCLAIM

### (Declaratory Judgment of Noninfringement, Invalidity and Unenforceability of U.S. Patent No. 6,661,472)

153.  VIZIO incorporates by reference the foregoing paragraphs as though fully set forth herein.

154.  On December 9, 2003, the USPTO issued U.S. Pat. No. 6,661,472 titled "Channel Selection in Digital Television," (hereafter "the '472 Patent"). A true and correct copy of the '472 Patent is attached hereto as Exhibit F.

155.  Sony has asserted and continues to assert VIZIO is infringing the '472 patent. Sony has placed VIZIO under a reasonable apprehension that VIZIO's products are accused of infringing the '472 patent.

156.  VIZIO has not and does not infringe, directly or indirectly, any valid and enforceable claim of the '472 patent.

157.  The '472 patent is invalid, unenforceable and/or void.

158.  As a result of the acts described in the foregoing paragraphs, there exists a substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

159.  A judicial declaration is necessary and appropriate so that VIZIO may ascertain its rights regarding the '472 patent.

## PRAYER FOR RELIEF FOR VIZIO'S COUNTERCLAIMS

WHEREFORE, VIZIO prays for relief on its counterclaims as follows:

A.  That counter-defendant Sony be ordered to pay damages adequate to compensate VIZIO for Sony's infringement of the '096 Patent, the '761 Patent, the

'887 Patent and the '522 Patent (hereafter "the VIZIO Patents") pursuant to 35 U.S.C. § 284;

B. That counter-defendant Sony, its officers, agents, employees, representatives and any person acting in concert or in participation with them be enjoined from further infringement of each of VIZIO's Patents pursuant to 35 U.S.C. § 283;

C. That counter-defendant Sony be ordered to pay attorneys' fees pursuant to 35 U.S.C. § 285 for each of the VIZIO Patents;

D. That counter-defendant Sony be ordered to pay prejudgment interest;

E. That the Court issue a judgment declaring that VIZIO has not infringed, directly or indirectly, any valid enforceable claim of the '373 patent and the '472 patent;

F. That the Court issue a judgment declaring that the claims of the '373 patent and the '472 patent are invalid;

G. That counter-defendant Sony be ordered to pay all costs associated with this action; and

H. That VIZIO be granted such other and additional relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

VIZIO requests a jury trial of any issues triable by jury.

Dated:   April 21, 2009

Respectfully submitted,

JONES DAY

By: _____
Steven J. Corr

Attorneys for Defendant VIZIO, INC.

# PROOF OF SERVICE

I, Beth A. Marchese, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071. On April 21, 2009, I served a copy of the within document(s):

**[PROPOSED] VIZIO'S AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO SONY'S AMENDED COMPLAINT**

by transmitting via e-mail or electronic transmission the document(s) listed above.

I am familiar with the United States District Court, Central District of California, Western Division's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Kevin P.B. Johnson, Esq.                    kevinjohnson@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

Steven M. Anderson, Esq.                    stevenanderson@quinnemanuel.com
Rory S. Miller, Esq.                        rorymiller@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

On April 21, 2009, I also served a courtesy copy, pursuant to the agreement between the parties, by e-mail to opposing counsel at:

sony-vizio@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

LAI-3015967v3

[Proposed] VIZIO's Amd. Answer,
Affirmative Defenses & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

1   Executed on April 21, 2009, at Los Angeles, California.

2                                              _Beth A. Marchese_
3                                                  Beth A. Marchese
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28