Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Kevin G. McBride (State Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (State Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VIZIO, INC.,<br><br>　　　　　Defendant. | Case No. CV-08-01135-RGK(FMOx)<br><br>**VIZIO'S REPLY IN SUPPORT OF ITS MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO SONY'S AMENDED COMPLAINT**<br><br>Date:　　　May 18, 2009<br>Time:　　　9:00 a.m.<br>Judge:　　　Hon. R. Gary Klausner<br>Courtroom: 850 |

# TABLE OF CONTENTS

|   | Page |
|---|---|
| INTRODUCTION | 1 |
| ARGUMENT | 1 |
|    A. Sony Has Not Met Its Burden in Opposing Vizio's Motion | 1 |
|       1. Sony does not assert Vizio's counterclaims are futile | 4 |
|       2. There has been no undue delay | 4 |
|       3. Vizio has not acted in bad faith | 5 |
|       4. The addition of Vizio's patent infringement counterclaims will not unduly prejudice Sony | 6 |
|    B. Vizio Has Complied With Local Rule 7-3 | 8 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page**

CASES

*Agar Corp. v. Multi-Fluids, Inc.*,
    No. H-95-5105, 1998 WL 425474 (S.D. Tex. April 17, 1998) ................................................. 8

*AmerisourceBergen Corp. v. Dialysist West, Inc.*,
    465 F.3d 949 (9th Cir. 2006) .................................................................................................. 5

*Baker v. Gold Seal Liquors, Inc.*,
    417 U.S. 467 (1974) ................................................................................................................ 2

*DCD Programs, Ltd. v. Leighton*,
    833 F. 2d 183 (9th Cir. 1987) ............................................................................................. 4, 6

*Del Amo v. Baccash*,
    No. CV07-663-PSG, 2008 WL 4414514 (C.D. Cal. Sept. 16, 2008) ..................................... 9

*General Motors Corp. v. Kolodin*,
    16 F.R.D. 20 (E.D.N.Y. 1954) ............................................................................................ 3, 6

*Gilman v. Davis*,
    No. CIV. S-05-830, 2009 US. Dist. LEXIS 21609 (E.D. Cal. March 4, 2009) ..................... 7

*Glatt v. Chicago Park District*,
    87 F.3d 190 (7th Cir. 1996) ..................................................................................................... 4

*Griggs v. Pace Am. Group Inc.*,
    170 F.3d 877 (9th Cir. 1999) ................................................................................................... 5

*IXYS Corp. v. Advanced Power Tech., Inc.*,
    No. C 02-03942, 2004 WL 135861 (N.D. Cal. Jan. 22, 2004) ............................................... 3

*Keith v. Volpe*,
    858 F.2d 467 (9th Cir. 1988) ................................................................................................... 2

*Lewis v. Knutson*,
    699 F.2d 230 (5th Cir. 1983) ................................................................................................... 4

*Matsushita Elec. Indus. Co. v. CMC Magnetics Corp.*,
    No. C06-04538 WHA, 2007 WL 127997 (N.D. Cal. Jan. 12, 2007) .................................. 3, 4

*Micron Tech. Inc. v. Rambus, Inc.*,
    409 F.Supp.2d 552 (D. Del. 2006) ...................................................................................... 3, 6

*Paralyzed Veterans of America v. McPherson*,
    2008 U.S. Dist. LEXIS 69542 (E.D. Cal) ............................................................................... 4

ii

Vizio's Reply in Supp. of its Mot. to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

*Planned Parenthood of Southern Arizona v. Neely*,
    130 F.3d 400 (9th Cir. 1997)............................................................................................2

*SAES Getters v. Aeronex, Inc.*,
    219 F.Supp.2d 1081 (S.D. Cal. 2002).............................................................................4

*Sorosky v. Burroughs Corp.*,
    826 F.2d 794 (9th Cir. 1987)............................................................................................6

*U.S. ex rel. Wulff v. CMA, Inc.*,
    890 F.2d 1070 (9th Cir. 1989)..........................................................................................2

*Vernay Labs. v. Indus. Elec. Rubber Co.*,
    234 F.Supp. 161 (N.D. Ohio 1964)...................................................................................3

**RULES**

Fed. R. Civ. P. § 13(b) ...............................................................................................................1

Fed. R. Civ. P. § 13(e)............................................................................................................2, 6

Fed. R. Civ. P. § 15(a) ...............................................................................................................4

Fed. R. Civ. P. § 15(d) ...............................................................................................................4

Local Rule 7-3........................................................................................................................8, 9

**OTHER AUTHORITIES**

6A Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1504, at 185-86 (2d
    ed. 1990)...........................................................................................................................4

6A Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D § 1506 (2009).....................2, 7

Fed. R. Civ. P. § 13(b) ...............................................................................................................1

Fed. R. Civ. P. § 13(e)............................................................................................................2, 6

Fed. R. Civ. P. § 15(a) ...............................................................................................................4

Fed. R. Civ. P. § 15(d) ...............................................................................................................4

Local Rule 7-3........................................................................................................................8, 9

iii

Vizio's Reply in Supp. of its Mot. to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

# INTRODUCTION

Sony's Opposition to Vizio's motion is premised on the erroneous notion that the Federal Rules and case law do not permit Vizio to amend its Answer to assert "new causes of action" as counterclaims. As demonstrated, this outmoded view is not the general rule, and the facts and law strongly show that Vizio's motion to amend should be granted.[1]

Vizio's proposed amendment will allow the parties to resolve the entire controversy between them, resulting in substantial savings in cost, effort and judicial resources. In meetings between Vizio and Sony, the parties have sought to resolve the current controversy by means of an agreement to cross-license certain of their patents relating to digital televisions. (Wamsley Decl. ¶ 2.) In recent conversations, Vizio communicated its desire to exclude from the potential cross-license certain Vizio patents relating to standards – just as Sony had excluded certain Sony patents from the deal. (*Id.* at ¶ 3.) Sony, however, refused to agree, insisting that any resolution of the dispute concerning the Sony patents must include a cross-license under all of the Vizio patents. Thus, it is clear, that the patent dispute between Sony and Vizio cannot be fully and effectively resolved without the Vizio patents being joined in the action. Sony has not shown that the addition of these infringement counterclaims will unduly prejudice Sony. Accordingly, Vizio's motion to amend should be granted.

# ARGUMENT

**A.     Sony Has Not Met Its Burden in Opposing Vizio's Motion**

Federal Rule of Civil Procedure 13(b) states that a "pleading may state as a counterclaim any claim against an opposing party not arising out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ.

---

[1] As its Opposition makes clear, Sony does not oppose Vizio's motion to add counterclaims for declaratory judgments of noninfringement and invalidity of two of their patents against Sony Corporation.

P. § 13(b). Furthermore, a "claim which either matured or was acquired by the pleader after serving a pleading may, with the permission of the court, be presented as a counterclaim by supplemental pleading." Fed. R. Civ. P. § 13(e). The Supreme Court has held that the filing of such permissive counterclaims furthers judicial economy as it allows all claims between parties to be resolved in one proceeding. *See Baker v. Gold Seal Liquors, Inc.*, 417 U.S. 467, 469 n.1 (1974).

Contrary to Sony's claim,[2] "courts have ruled that a supplemental pleading may include a new 'cause of action' when it would be convenient to litigate all the claims between the parties in the same action." 6A Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D §1506 (2009). Indeed, the Ninth Circuit emphasized in *Keith v. Volpe,* 858 F.2d 467, 473 (9th Cir. 1988), that the allowance of such supplemental claims is <u>favored</u>:

> [Rule 15(d)] is a tool of judicial economy and convenience. Its use is therefore favored.... It is a useful device, enabling a court to award complete relief, or more nearly complete relief, in one action, and to avoid the cost, delay and waste of separate actions which must be separately tried and prosecuted. So useful they are and of such service in the efficient administration of justice that they ought to be allowed as of course, unless some particular reason for disallowing them appears, though the court has the unquestioned right to impose terms upon their allowance when fairness appears to require them.
>
> Relying on this principle, courts have long routinely granted parties leave to

---

[2] Sony's reliance on *Planned Parenthood of Southern Arizona v. Neely,* 130 F.3d 400 (9th Cir. 1997), and *U.S. ex rel. Wulff v. CMA, Inc.,* 890 F.2d 1070, 1073 (9th Cir. 1989) is misplaced. In *Planned Parenthood*, the parties had reached a final resolution of the case four years prior to plaintiffs' request to supplement their complaint and the district court had not retained jurisdiction. *Id.* at 402-403. The issue in *Wulff* was whether a supplemental pleading could relate back to the original pleading to avoid a time bar, not whether an amendment of the pleading was proper. *Id.* at 1073-74.

file supplemental counterclaims or pleadings asserting additional patents acquired after-the-fact. *See, e.g., General Motors Corp. v. Kolodin,* 16 F.R.D. 20, (E.D.N.Y. 1954) (granting defendant leave to amend to assert counterclaim for infringement of a patent acquired after he had answered); *Vernay Labs. v. Indus. Elec. Rubber Co.,* 234 F.Supp. 161, 166-67 (N.D. Ohio 1964) (observing that "motions for supplemental complaints in patent cases have been treated liberally" and ruling that "[t]he entire patent controversy between the parties should be settled at one trial."); *Micron Tech. Inc. v. Rambus, Inc.,* 409 F.Supp.2d 552, 558 (D. Del. 2006) and *IXYS Corp. v. Advanced Power Tech., Inc.,* No. C 02-03942, 2004 WL 135861, *5 (N.D. Cal. Jan. 22, 2004) (both cases allowing defendant to amend counterclaims to assert infringement of own patents).

The main case Sony relies upon, *Matsushita Elec. Indus. Co. v. CMC Magnetics Corp.,*[3] is not on point. In *Matsushita*, the defendant sought to add counterclaims of patent infringement for a patent covering "an entirely different product" than the ones at issue which, the parties agreed, would have required "bifurcation of the counterclaim entirely if [it] were allowed to go forward." *Id.* at *3-4. Here, no bifurcation of Vizio's proposed counterclaims will be required because discovery is still in its early stages. (Wamsley Decl. ¶ 11.) Vizio's counterclaims seek to assert its patents against Sony's televisions just as Sony's patents are asserted against Vizio's televisions. Also, both the Vizio and Sony patents cover technology involving the decoding of digital video data for display. (*Id.* at ¶ 10.) Sony asserts that the Vizio patents disclose tuner technology (Sony Br. at 7) but neglects to mention that one of the asserted Sony patents, U.S. Pat. No. 6,661,472, entitled "Channel Selection in Digital Television," also claims "a tuner" to "tune to a physical channel to supply a signal carried on the physical channel to a display." (Wamsley Decl. ¶ 10.) Unlike in the *Matsushita* case where there was no overlap between the technology or products at issue, Vizio's proposed patent

---

[3] No. C06-04538 WHA, 2007 WL 127997 (N.D. Cal. Jan. 12, 2007)

counterclaims cover overlapping products and technology. Moreover, while the patents at issue in the *Matsushita* case were found to have been purchased so that the defendant could assert them as counterclaims, that is not the case here. In fact, Vizio originally sought to get Sony's agreement to exclude the patents from the controversy and only moved to amend when Sony refused to agree to that. (*Id.* at ¶ 2-4.)

Contrary to Sony's assertion, "[t]he legal standard for granting or denying a motion to supplement under Rule 15(d) is the same as for amending under Rule 15(a)."[4] *Paralyzed Veterans of America v. McPherson*, 2008 U.S. Dist. LEXIS 69542, *81 (E.D. Cal) (*citing Glatt v. Chicago Park District*, 87 F.3d 190, 194 (7th Cir. 1996), *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983) and 6A Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D §1504, at 185-86 (2d ed. 1990)). Therefore, Sony has the burden of showing "bad faith, undue delay, prejudice to the opposing party, and futility of the amendment." *DCD Programs, Ltd. v. Leighton*, 833 F. 2d 183, 186 (9th Cir. 1987). Because Sony has failed to meet its burden, Vizio's motion to amend should be granted.

### 1. Sony does not assert Vizio's counterclaims are futile

Vizio's proposed patent infringement counterclaims are not futile for the reasons set forth in Vizio's opening brief and Sony does not contend otherwise. (Vizio Br. at 5, Sony Opp'n Br. at 1.)

### 2. There has been no undue delay

Sony concedes that Vizio could not have brought its infringement

---

[4] Moreover, "Courts "generally have adhered to the liberal amendment policy of Rule 15" in deciding whether to add omitted counterclaims "*regardless of whether it is termed a supplemental or amended pleading.*" See *SAES Getters v. Aeronex, Inc.*, 219 F.Supp.2d 1081, 1095 n.11 (S.D. Cal. 2002) (emphasis added) (refusing to deny defendant's motion to amend its answer to add a patent infringement counterclaim where plaintiff argued that the motion should have been filed under Rule 13(f) rather than Rule 15(a)).

- 4 -

Vizio's Reply in Supp. of its Mot. to File Prop.
Amend. Answer, Aff. Def. & Counterclaims
Case No. CV-08-01135-RGK (FMOx)

counterclaims at the time it filed its original answer because Vizio did not acquire the patents until later.[5] (Sony Opp'n at 1.) Therefore, there has been no undue delay.[6]

### 3. Vizio has not acted in bad faith

Sony's contention that Vizio acted in bad faith is totally without merit. The sole basis Sony provides for its assertion is that Vizio's motion violates a purported standstill agreement reached between the parties on April 14. (Sony Opp'n Br. at 9.) Although such an agreement was discussed, it was never finalized. (Wamsley Decl. ¶¶ 4-7.) Vizio's counsel requested a meeting, which Sony's counsel refused. (*Id.*) Sony's argument further disregards the fact that, later the same day that Sony contends an agreement was reached, Vizio contacted Sony to inform it of its intention to seek leave to amend its answer in order to comply with the Court's deadline for amending pleadings. (*Id.*) Moreover, Sony does not allege any prejudice from these alleged events or that it acted in any way to its detriment in reliance on the nonexistent agreement.

In sharp contrast to Sony's claims, bad faith on the part of a party seeking amendment has been found in cases of egregious conduct not found here – such as, for example, where a party seeks to amend a pleading with knowing misrepresentations of law or fact, *Griggs v. Pace Am. Group Inc.*, 170 F.3d 877,

---

[5] Sony erroneously argues that Vizio's motion to amend its answer was untimely. (Sony Opp'n Br. at n.4.) Vizio filed its motion to amend within the required deadline, on April 21, with its supporting papers. These papers were never stricken. (Doc. Nos. 49-53.) The Court only struck the separate electronic copy of the proposed answer (not the copy attached as an exhibit to the motion), and requested that it be filed by hand, which Vizio did on April 23. (*Id.*) This does not constitute undue delay.

[6] "In evaluating undue delay, [the Ninth Circuit] also inquire[s] 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 949, 953 (9th Cir. 2006).

880-881 (9th Cir. 1999), or to add additional parties in order to disrupt jurisdiction, *Sorosky v. Burroughs Corp.*, 826 F.2d 794, 805 (9th Cir. 1987). Sony's opposition brief does not allege any action that rises to the level of bad faith.

### 4. The addition of Vizio's patent infringement counterclaims will not unduly prejudice Sony

Sony asserts that Vizio should not be allowed to add its patent infringement counterclaims because doing so would "inject an additional layer of complexity and delay" into the action. (Sony Opp'n Br. at 8.) This is not the test for determining whether permissive counterclaims should be added because counterclaims, by definition, nearly always add some level of complexity to a case.[7] Rather, Sony must show that the addition of Vizio's counterclaims would result in undue prejudice to Sony. *See DCD Programs, Ltd.*, 833 F. 2d at 186.

As previously discussed, the Vizio patents concern technology similar to that already at issue in the litigation. (Wamsley Decl. ¶ 10.) Furthermore, Vizio and Sony have been meeting for many months in an attempt to reach a broad cross-licensing agreement relating to digital televisions. (*Id.* at ¶ 2.) In recent attempts to settle this case, Vizio repeatedly requested that Sony agree to exclude the Vizio patents from the potential cross-license, since Sony was insisting on a similar provision. Sony has refused. (*Id.*) Because Sony is insisting that the controversy between the parties can only be resolved by an agreement that gives Sony a cross-license to the Vizio patents, fundamental fairness suggests that the Vizio patents should be addressed in the same proceeding and at the same time as the Sony patents.[8]

---

[7] *Micron Tech., Inc. v. Rambus, Inc.*, 409 F.Supp.2d 552, 559 (D.Del. 2006) (allowing defendant's supplemental infringement counterclaim stating "it may be necessary to address case complexity in determining how to try the case, but that is not a basis for denying leave to amend").

[8] *General Motors Corp. v. Kolodin*, 16 F.R.D. 20, 22 (E.D. N.Y. 1954) (granting defendant's motion to supplement its answer under Rule 13(e) to add a patent infringement counterclaim because the rules "should be liberally construed

Moreover, the fact that Sony may sustain additional discovery costs does not constitute undue prejudice. *See Gilman v. Davis*, No. CIV. S-05-830, 2009 US. Dist. LEXIS 21609, *11-14 (E.D. Cal. March 4, 2009) (defending a lawsuit necessarily involves significant costs, including discovery costs, which are not themselves prejudicial). Any resulting prejudice to Sony will be small because Sony will have to defend Vizio's infringement claims somewhere. As part of that effort, Sony will be required to retain experts and engage in third party discovery. It is much more efficient to consolidate the discovery for all of the patent claims between the parties.

Contrary to Sony's assertions, fact discovery is still in its early stages. No depositions have been taken, no protective order has been entered, and the parties have only recently served responses to the first round of discovery requests. (Wamsley Decl. ¶ 11.) Sony's proclamation that it has produced "tens of thousands of pages" is misleading because it fails to mention that those documents consist largely of Vizio's own publicly-available product manuals. (*Id.*) Sony has yet to produce any of its own documents other than copies of the patents and their file histories. Third party confidential documents have yet to be produced. (*Id.*)

Nearly six months remain before the deadline for fact discovery. (Doc. No. 47 (setting November 1, 2009 as the discovery cut-off date)). The current schedule will have provided Vizio with approximately ten months of preparation in defense of Sony's ten asserted patents. Vizio seeks leave to add counterclaims for only four patents. Therefore, six months of fact discovery should be sufficient and Vizio's

---

(continued...)

to avoid a multiplicity of suits [and] [n]o useful purpose would be served in relegating the defendant to an independent suit against the plaintiff"); 6A Wright, *et al.*, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2D §1506 (2009) ("a party should be given every opportunity to join all of his grievances against another party regardless of when they arose. More in keeping with this philosophy are those decisions that have allowed the joinder of new claims by supplemental pleading.").

proposed counterclaims should not result in a substantial delay that unduly prejudices Sony.

Even if the schedule were extended to provide Sony with a full ten months of fact discovery for Vizio's four patents, Sony has failed to meet its burden of showing that such a minor four month delay will result in undue prejudice. The *Agar Corp. v. Multi-Fluids, Inc.*,[9] case Sony cites to support its argument is inapposite. In that case, the Court denied defendants' motion because they did not seek leave to amend their answer to add counterclaims until "over nine months after the period for amending the pleadings had expired, over a month after the deadline for designating experts had passed, and over twenty-seven months after the suit was filed."). In contrast, Vizio filed its motion to amend within the time limit ordered by this Court. Because Sony has failed to meet its burden of showing that it will suffer undue prejudice from the addition of Vizio's patent infringement counterclaims, Vizio's motion to amend its answer should be granted.

### B. Vizio Has Complied With Local Rule 7-3

Sony argues that Vizio's motion should be denied for failure to comply with Local Rule 7-3. Although the parties discussed the motion, Sony complains that Vizio did not disclose that it would name two related Sony entities as counter-defendants. But Vizio informed Sony at the conference of its intention to add the patent counterclaims based on its belief that Sony's products infringe several of Vizio's patents. (Wamsley Decl. ¶ 6.) Because Sony itself knew full well which Sony entities would be liable for the various acts of infringement, Sony Corporation cannot claim surprise that Vizio's counterclaims seek to include those entities. Vizio's filed its motion to amend within the Court's deadline for filing for amended pleadings and joining parties. (April 6, 2009 Order.) Furthermore, the other two Sony entities are no strangers to the present controversy as representatives of all

---

[9] No. H-95-5105, 1998 WL 425474, at *4 (S.D. Tex. April 17, 1998).

three Sony companies and Vizio have been participating in the meetings regarding a possible cross-licensing agreement. (Wamsley Decl. ¶ 2.) Moreover, Sony offers no reason that a disclosure of the particular counter-defendants would have been important to or changed the outcome of the discussion. Vizio's good faith discussion of its intention to add the patent infringement counterclaims against Sony's products satisfied its burden under Local Rule 7-3.[10]

Sony also complains that Vizio violated Rule 7-3 by refusing to provide the patent number for each patent it intended to assert against Sony. In fact, Vizio offered to identify the patents if Sony agreed not to file a declaratory judgment action before Vizio's motion could be heard.[11] (Wamsley Decl. ¶ 7.) Yet, Sony flatly refused. (*Id.*) Thus, Sony cannot credibly complain that Vizio was unreasonable in not disclosing the patents. Moreover, Local Rule 7-3 does not require a particular level of disclosure but requires a discussion of "the substance of the contemplated motion and any proposed resolution." That was done. If Sony needed more information, it should have worked with Vizio to resolve Vizio's declaratory judgment concern. Under the circumstances, the level of disclosure by Vizio was appropriate under Local Rule 7-3.

---

[10] *See Del Amo v. Baccash*, No. CV07-663-PSG, 2008 WL 4414514, *2 (C.D. Cal. Sept. 16, 2008) (finding defendants' "failure to meet and confer on every substantive issue" did not preclude their motion where "there was no evidence of bad faith").

[11] Vizio's concern was justified as Sony rushed to file a declaratory judgment action in the N.D. of California after AmTRAN disclosed its patents to Sony during licensing negotiations between Sony, AmTRAN and Vizio. (Wamsley Decl. ¶ 8.)

## **CONCLUSION**

For the foregoing reasons, Vizio respectfully requests this Court grant Vizio's motion for leave to file its proposed Amended Answer, Affirmative Defenses and Counterclaims to Sony's Amended Complaint.

Dated: May 11, 2009

Respectfully submitted,

JONES DAY

By: /s/ Lena Bacani
Lena Bacani

Attorneys for Defendant VIZIO, INC.

## PROOF OF SERVICE

I, Linnea Kempf, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071. On May 11, 2009, I served a copy of the within document(s):

**VIZIO'S REPLY IN SUPPORT OF ITS MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS TO SONY'S AMENDED COMPLAINT**

by transmitting via e-mail or electronic transmission the document(s) listed above.

I am familiar with the United States District Court, Central District of California, Western Division's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

| | |
|---|---|
| Kevin P.B. Johnson, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065 | kevinjohnson@quinnemanuel.com |
| Steven M. Anderson, Esq.<br>Rory S. Miller, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges<br>865 South Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | stevenanderson@quinnemanuel.com<br>rorymiller@quinnemanuel.com |

On May 11, 2009, I also served a courtesy copy, pursuant to the agreement between the parties, by e-mail to opposing counsel at:

sony-vizio@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court

1 | at whose direction the service was made.
2 | Executed on May 11, 2009, at Los Angeles, California.

*Linnea Kempf*