```
1  Thomas R. Malcolm (State Bar No. 39248)
   trmalcolm@jonesday.com
2  JONES DAY
   3 Park Plaza, Suite 1100
3  Irvine, California 92614
   Telephone:  (949) 851-3939
4  Facsimile:   (949) 553-7539

5  Kevin G. McBride (State Bar No. 195866)
   kgmcbride@jonesday.com
6  Steven J. Corr (State Bar No. 216243)
   sjcorr@jonesday.com
7  JONES DAY
   555 S. Flower Street, 50th Floor
8  Los Angeles, CA  90071
   Telephone:  (213) 489-3939
9  Facsimile:   (213) 243-2539

10 Attorneys for Defendant VIZIO, INC.
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION, a Japanese corporation,<br><br>    Plaintiff,<br><br>v.<br><br>VIZIO, INC., a California corporation,<br><br>    Defendant. | Case No. SA CV 08-01135-RGK (FMOx)<br><br>**DECLARATION OF JAMES L. WAMSLEY, III IN SUPPORT OF VIZIO'S REPLY IN SUPPORT OF ITS MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>Date:    May 18, 2009<br>Time:    9:00 a.m.<br>Judge:   Hon. R. Gary Klausner<br>Courtroom: 850 |

I, James L. Wamsley, III, declare as follows:

1. I am a partner in the Cleveland office of Jones Day, counsel of record for Defendant Vizio, Inc. in this action. I have been admitted *pro hac vice* in this litigation. I make this declaration in support of Vizio's Reply in support of its Motion to Amend its Answer, Affirmative Defenses and Counterclaims to Sony's Amended Complaint. The following is based on my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. As counsel for Vizio, I have participated in a series of meetings since August, 2008 with representatives from Sony Corporation, Sony Corporation of America and Sony Electronics, Inc. to discuss a possible license agreement under which Sony and Vizio would cross-license each other under patents relating to digital televisions.

3. In recent meetings and phone conversations with Jaime Siegel, Senior IP Counsel for Sony, I repeatedly requested that Sony agree to exclude from the potential cross-license Vizio patents relating to standards, since Sony was itself insisting on excluding those types of Sony patents from the scope of the proposed license. Sony refused this request each time I made it.

4. Due to Sony's refusal to agree that these Vizio patents could be excluded from the proposed cross-license agreement, I telephoned Mr. Siegel on April 12, 2009 to inform him that Vizio had acquired some patents from Motorola that it believed were quite valuable and wanted to have a further meeting with Sony to discuss the patents. Mr. Siegel asked me to identify the Vizio patents in advance, and I told him that I would need to discuss that with Vizio. I raised the prospect of a standstill agreement of non-specific duration with Mr. Siegel during that call, but no agreement was reached during that phone conversation, which concluded with me indicating that I would call him again in the next day or two.

5. I telephoned Mr. Siegel again the morning of April 14, 2009 to raise

the same subject, inquiring if Sony would agree to meet with Vizio to permit Vizio to make a presentation about its patents, and in that context proposed a standstill agreement. Mr. Siegel did not accept my proposal, declining to commit to have a meeting, and requesting instead that I send him an identification of the Vizio patents. Because Mr. Siegel had not agreed to the meeting I had proposed, there was no meeting of the minds and no standstill agreement was formed, and I did not follow up that call by identifying the Vizio patents at that time.

6. Later on that same day (April 14), I telephoned Ed DeFranco, one of Sony's outside counsel responsible for this case, to meet and confer with him and seek his consent to a Vizio motion to amend its answer to assert counterclaims for infringement of Vizio's patents. I explained that we needed to confer with Sony on this subject in order to comply with the Court's Order setting an April 21, 2009 deadline for filing motions to amend pleadings and add parties. Mr. DeFranco listened to my request and indicated that he would confer with his side and get back to me.

7. A short time later on April 14, I received a call instead from Mr. Siegel to discuss this subject. At the outset of that call, Mr. Siegel accused me of violating a standstill agreement, and I immediately responded by telling him that no such agreement had been reached because he had not agreed to my proposal to meet with Vizio. With regard to Vizio's proposed motion, Mr. Siegel indicated that he neither consented nor refused to consent at that time, asking that Vizio provide a copy of its proposed amended pleading and/or identify the Vizio patents. When I asked him if he would agree that Sony would refrain from filing a declaratory judgment action against Vizio if I identified the patents, Mr. Siegel refused.

8. Based on my conversations with Mr. Siegel and experience with Sony, I believed that Sony would file a declaratory judgment action in another jurisdiction if I identified the Vizio patents. When Vizio filed on October 10, 2008 in the District of New Jersey its complaint against Sony seeking, *inter alia*, a declaratory

judgment of noninfringement and invalidity for twelve Sony patents, I telephoned Mr. Siegel that same afternoon as a courtesy and sent him courtesy copies of the complaint. Sony responded to that courtesy by filing its complaint in this Court alleging Vizio's infringement of the same Sony patents later that same day. In addition, a declaration filed by Mr. Siegel in another case confirms that Sony and Sony Electronics filed a declaratory judgment action in the Northern District of California against AmTRAN Technology Co., Ltd. (one of Vizio's major suppliers) within three days after a meeting in Tokyo in which AmTRAN had identified several of its patents to Sony. (*Sony Corp. and Sony Electronics, Inc. v AmTRAN Tech., Co., Ltd.*, Case No. 5:08-cv-05706-JF, N.D. Cal.).

9. I am personally aware of at least two recent patent infringement lawsuits against Sony that name all three related Sony entities: Sony Corp., Sony Corp. of America and Sony Electronics Inc. The cases are *Eastman Kodak Co. v. Sony Corp.; Sony Corp. of America, Sony Electronics Inc., et al.*, Case No. 04-CV-6095T, D.C. N.Y. and *AmTRAN Tech. Co., Ltd. v. Funai Corp., Sony Corp. Inc., Sony Corp. and Sony Electronics Inc.*, No. 3:08-cv-00740-bbc, D.C. of Wis.

10. Both the Sony and Vizio patents relate to the decoding of digital video data for display. For example, Sony patent Re 40,468 relates to the decrypting of video data so that it can be displayed. (*See, e.g.,* '468 Pat. at Claim 41, 26:19-21 (claiming a "display apparatus for displaying a video image comprising…a decryptor for decrypting said received encrypted digital video data…")). The Vizio patents relate to the decoding of data that has been digitally modulated for transmission over a cable television network so that it may be displayed. Furthermore, Sony is asserting U.S. Pat. No. 6,661,472, entitled "Channel Selection in Digital Television," against Vizio in the present action. The patent discloses, and claims, "a tuner" to "tune to a physical channel to supply a signal carried on the physical channel to a display." ('472 Pat. at 10:9-11.)

11. Fact discovery in this litigation is underway but still is in its early

| 1 | stages. There have been no depositions taken, no protective order has been entered, |
| 2 | and the parties have only responded to the first round of interrogatories and |
| 3 | document requests. Sony has just begun to produce documents and its production |
| 4 | consists largely of Vizio's own publicly-available product manuals. Sony has yet |
| 5 | to produce any documents of its own other than copies of the patents and their file |
| 6 | histories. No third party confidential documents have yet been produced. |
| 7 |     I declare under the penalty of perjury under the laws of the United States that |
| 8 | the foregoing is true and correct. |
| 9 |     Dated this 11th day of May, 2009. |

_[Signature]_
James L. Wamsley, III

Attorneys for Defendant VIZIO, INC.

# PROOF OF SERVICE

I, Linnea Kempf, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071. On May 11, 2009, I served a copy of the within document(s):

**DECLARATION OF JAMES L. WAMSLEY III IN SUPPORT OF VIZIO'S REPLY IN SUPPORT OF ITS MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

by transmitting via e-mail or electronic transmission the document(s) listed above.

I am familiar with the United States District Court, Central District of California, Western Division's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

| | |
|---|---|
| Kevin P.B. Johnson, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065 | kevinjohnson@quinnemanuel.com |
| Steven M. Anderson, Esq.<br>Rory S. Miller, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges<br>865 South Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | stevenanderson@quinnemanuel.com<br>rorymiller@quinnemanuel.com |

On May 11, 2009, I also served a courtesy copy, pursuant to the agreement between the parties, by e-mail to opposing counsel at:

sony-vizio@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court

LAI-3020998v1

Corr Decl. in Supp. of Vizio's Mtn to File
Prop. Amd. Ans., Aff. Def. & Counterclaims
Case No. SA CV 08-01135-RGK (FMOx)

at whose direction the service was made.

Executed on May 11, 2009, at Los Angeles, California.

_____
Linnea Kempf