Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation,<br><br>   Plaintiff,<br><br>  vs.<br><br>VIZIO, INC., a California corporation,<br><br>   Defendant. | CASE NO. 08-01135 (RGK) (FMOx)<br><br>**PLAINTIFF SONY CORPORATION'S *EX PARTE* APPLICATION FOR LEAVE TO FILE SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO VIZIO'S MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>[SUPPLEMENTAL DECLARATION OF JAIME A. SIEGEL, [PROPOSED] SUR-REPLY, AND [PROPOSED] ORDER FILED CONCURRENTLY HEREWITH]<br><br>Judge:  Hon. R. Gary Klausner |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Pursuant to *Local Rule* 7-19, Plaintiff Sony Corporation ("Sony") will, and hereby does, apply *ex parte* for an order granting leave to file the attached sur-reply and accompanying declaration in response to Vizio's reply to Sony's opposition to its motion to file its proposed amended answer, affirmative defenses, and counterclaims.

Pursuant to *Local Rules* 7-19 and 7-19.1, on May 15, 2009 counsel for Sony notified Vizio's counsel of the date, time, and substance of this *ex parte* application. Notice was given via voice-mail message to James L. Wamsley III and Stephen Corr of Jones Day. Additional notice was given via electronic email to each of those individuals, as well as through a telephonic conversation with Mr. Corr. Vizio's counsel opposes this application. The name of Vizio's counsel is James L. Wamsley III of Jones Day. Mr. Wamsley's business address is 901 Lakeside Avenue, Cleveland, Ohio 44114; phone: 216-586-3939.

DATED: May 15, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____ /for _____
 Kevin P.B. Johnson
 Attorneys for Plaintiff Sony Corporation

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Sony Corporation ("Sony") submits this *ex parte* application for an order granting leave to file the attached sur-reply and accompanying declaration in response to Vizio's reply to Sony's opposition to its motion to file its proposed amended answer, affirmative defenses, and counterclaims.

Sony submits this application to address new arguments and evidence that Vizio raised in its reply memorandum and accompanying declaration of James L. Wamsley, III concerning the parties' licensing negotiations. Vizio argues for the first time in its reply papers that its newly-acquired QAM cable tuner patents should be added to the pending lawsuit because the parties sought to resolve their differences through a "cross-license" of their respective patents. (Vizio Br. at 1, 6.)

But as Sony's proposed sur-reply explains, the arguments and statements in Vizio's brief and supporting declaration are inaccurate and misleading. To allow Vizio to introduce these misleading materials for the first time in its reply without allowing an opportunity for a response would prejudice Sony. Indeed, it is well-accepted that a party may not raise new arguments or evidence in a reply, and that failure to do so in its opening papers waives the argument. *See Bazuaye v. INS,* 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996) (finding that court should not consider new evidence in a reply without affording the non-movant an opportunity to respond); *Contratto v. Ethicon, Inc.,* 227 F.R.D 304, 309 n.5 (N.D. Cal. 2005) (finding that declaration submitted with reply was improper to the extent it introduced new evidence). Should the Court elect to consider the new arguments despite Vizio's waiver, Sony should be allowed to respond via a brief and narrowly focused sur-reply.

In addition to responding to Vizio's new evidence and argument, Sony also wishes to inform the Court that on May 13, 2009, Sony filed a declaratory judgment action against Vizio in the Southern District of California based on the newly-

acquired patents that Vizio seeks leave to add to this action. Because Vizio may contend the filing of this action bears upon the Court's resolution of the present motion, Sony seeks leave to bring this matter to the Court's attention—and explain why it should not bear on Vizio's motion to amend—through the requested sur-reply.

In light of these two narrow issues, Sony accordingly respectfully requests that the Court grant its motion for leave to file the attached sur-reply.

DATED: May 15, 2009        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____/for_____
Kevin P.B. Johnson
Attorneys for Plaintiff Sony Corporation