Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO, INC., a California corporation,<br><br>Defendant. | CASE NO. 08-01135 RGK (FMOx)<br><br>**PLAINTIFF SONY CORPORATION'S [PROPOSED] SUR-REPLY MEMORANDUM IN OPPOSITION TO VIZIO'S MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**<br><br>Judge: Hon. R. Gary Klausner |

Plaintiff Sony Corporation ("Sony") submits this sur-reply memorandum to (1) correct a number of misleading statements made by Vizio in its reply memorandum and declaration concerning the parties' licensing negotiations; and (2) inform the Court that Sony has filed a declaratory judgment action against Vizio based on the patents Vizio seeks to add here.[1]

## I. VIZIO'S MISLEADING STATEMENTS ON REPLY

In an effort to show that its newly acquired patents relate to the same products and technology as the Sony patents-in-suit, arise out of the same dispute, and thus would not "inject an additional layer of complexity and delay into an already complex action," Vizio repeatedly states in its reply that the parties have sought to resolve their differences through a "cross-license" of their respective patents. (Vizio Br. at 1, 6.) For example, Vizio alleges, "Sony is insisting that the controversy between the parties can only be resolved by an agreement that gives Sony a cross-license to the Vizio patents . . . ." (*Id.* at 6.) Similarly, Vizio's counsel states in his declaration that the parties met "to discuss a possible license agreement under which Sony and Vizio would cross-license each other under patents relating to digital televisions." (Wamsley Decl. at ¶ 2.)

These statements are incorrect. Sony has never sought a cross-license with Vizio. (Supplemental Siegel Declaration ¶ 4.) To the contrary, Sony attempted to negotiate a "for fee" license, which would have given Vizio a license, subject to certain exclusions, to Sony patents necessary to make, import, offer for sale and sell color televisions. (*Id.*) Vizio would be required to pay Sony a fee and to give Sony a royalty-free grant-back of rights, subject to certain exclusions, to Vizio patents, if any, necessary to make and sell color televisions. (*Id.*) In fact, when Vizio

---

[1] Although Vizio's reply fails to address many of the points raised in Sony's opposition and contains numerous misstatements of law, in light of the extraordinary nature of this sur-reply, Sony does not further address those shortcomings here.

demanded a royalty for its newly acquired patents, Sony withdrew any previous settlement offers. (*Id*.)

Accordingly, Vizio is plainly misguided in its belief that adding its newly acquired QAM cable tuner patents to this lawsuit, which Vizio contends are directed to DVD players and DVRs as well as televisions, would necessarily assist the parties in resolving their licensing negotiations. In fact, as pointed out in Sony's opposition and supporting declaration, the parties were very close to a settlement of this dispute when Vizio attempted to interject these patents into this case. (Sony Opposition at 3; Siegel Decl. at ¶ 6.)

## II. SONY'S DECLARATORY JUDGMENT ACTION

Sony also wishes to inform the Court that on May 13, 2009, Sony, along with Sony Electronics Inc. ("SEL"), filed a declaratory relief action against Vizio in the Southern District of California based on six of Vizio's newly-acquired patents, including the four that Vizio seeks to add to this action. *Sony Corporation et al. v. Vizio, Inc.,* S.D. Cal. Case No. 09cv1034 JM (BLMx). SEL is headquartered in San Diego and its television business is based there.

Vizio may contend this filing proves it was justified in refusing to disclose the identity of its newly-acquired patents during the mandatory Local Rule 7-3 meet and confer process. But Local Rule 7-3 does not permit a party to selectively withhold substantive information necessary to a resolution of their dispute during a meet and confer simply because it does not comport with that party's strategic goals. Vizio consciously decided to ignore the requirements of Local Rule 7-3 by refusing to identify the patents it wished to assert, or even to provide a draft of its proposed counter-claims—information that would have established a case or controversy between the parties. Vizio does not even suggest in its motion that it tried to provide the required substantive information.

Vizio could have avoided the disclosure requirements of Local Rule 7-3 by asserting its newly acquired patents against Sony in a separate action, either in this

forum or another—assuming that Vizio even had a good faith basis to do so, which Sony disputes. Vizio made a bad choice in deciding not to make such a filing. Because Vizio failed to comply with Local Rule 7-3, as well for as the other reasons set forth in Sony's opposition, Vizio's motion to amend should be denied.

## III. CONCLUSION

Accordingly, for the reasons stated above, and in Sony's opposition brief and accompanying declarations, Sony respectfully requests that this Court deny Vizio's Motion to File its Proposed Amended Answer, Affirmative Defenses and Counterclaims.

DATED: May 15, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____ /for
Kevin P.B. Johnson
Attorneys for Plaintiff Sony Corporation