Kevin G. McBride (State Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (State Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

James L. Wamsley III (admitted *pro hac vice*)
jlwamsleyiii@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>    Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>    Defendant. | Case No. 08-01135(RGK)(FMOx)<br><br>**VIZIO, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING SONY CORPORATION'S EX PARTE APPLICATION FOR LEAVE TO FILE ITS SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO VIZIO'S MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS.** |

For a second time in this litigation, Sony has filed an *ex parte* application that does not comply with this Court's rules and procedures governing *ex parte* relief. No extraordinary relief is at stake, and Sony has not demonstrated that it will suffer any prejudice if it is not granted leave to file its Sur-Reply In Support of its Opposition to Vizio's Motion to File its Proposed Amended Answer, Affirmative Defenses and Counterclaims (hereafter "Sony's proposed sur-reply").

This Court's standing Order clearly states that "*ex parte* applications are solely for extraordinary relief" and that "[s]anctions may be imposed for misuse of *ex parte* applications. *See Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F.Supp. 488 (C.D. Cal. 1995)." (J. Klausner Standing Order re: Newly Assigned Cases.) As the *Mission Power Engineering* decision makes clear, "[e]x parte motions are rarely justified," and are "inherently unfair" when, as here, they are filed not to secure legitimate extraordinary relief but instead in an effort to gain tactical advantage. 883 F.Supp. at 490. Moreover, Sony's *ex parte* application fits squarely within the mold criticized by the *Mission Power Engineering* court as "debilitat[ing] the adversary system." *Id.*

Sony's sur-reply makes two fundamental points: (1) they believe Vizio mischaracterizes the settlement discussions and (2) they wish to explain why they filed a declaratory judgment action in another court involving the very same patents at issue here in Vizio's pending motion to amend. Filing a sur-reply in an attempt to explain additional factual differences on a topic fully briefed by the parties in no way qualifies for extraordinary relief. Additionally, Sony's desire to explain its forum shopping activities to the Court not only fails to rise to a level of extraordinary relief, but is further evidence of Sony's engagement in the very "gamesmanship" criticized in the *Mission Power Engineering* opinion. *Id.*

## I. Sony's Version of the Settlement Discussions Does Not Justify a Sur-reply, But Confirms Vizio's Description of the Settlement Discussions.

Sony's introduction of settlement discussions in its opposition papers invited Vizio's response to those allegations. Now, Sony would like to cast Vizio's response as a source of inaccurate new factual information in support of its *ex parte* application. Reply evidence is not new where the "Reply Brief addressed the same set of facts [in] the opposition to the motion but provides the full context to [the opposing party's] selected recitation of the facts." *Terrell v. Contra Costa County*, 232 Fed. Appx. 626, 629 n.2 (9th Cir. 2007). Indeed, under the second prong of the

*Mission Power Engineering* test, Sony's *ex parte* application should be rejected because Sony cannot now claim that it "is without fault in creating the crisis that requires *ex parte* relief."

Furthermore, although Sony's proposed sur-reply disputes Vizio's descriptions of the licensing negotiations regarding the possibility of a "cross license" between the parties, that argument is purely semantic, as evidenced by Sony's own papers. First, in the Supplemental Siegel Declaration accompanying Sony's memorandum, Mr. Siegel concedes that as part of the transaction he proposed, "Vizio would be required to . . . give a royalty-free grant-back of rights... to Vizio patents." (*See* Supp. Siegel Decl. ¶ 4.) (Docket No. 62-2.) Moreover, Sony's proposed sur-reply confirms that, as part of Sony's proposed "for fee" license, Vizio would have to "give Sony a royalty-free grant-back of rights, subject to certain exclusions, to Vizio patents necessary to make and sell color televisions." (*See* Sony's proposed sur-reply at 2.) (Docket No. 62-3.) In other words, Sony contemplated a form of a cross-license between the parties. This confirms rather than contradicts Vizio's description of the settlement discussions in its Reply papers.

Additionally, Sony's papers indicate that Sony withdrew its previous settlement offer after Vizio indicated that it wanted royalties for a license under its recently acquired patents. This further supports Vizio's position that an agreement on the patents-in-suit in this action cannot be reached without at the same time reaching an agreement on the Vizio patents asserted in Vizio's Proposed Amended Answer, Affirmative Defenses and Counterclaims. This confirms that any settlement between the parties must include both Sony's and Vizio's patents, again corroborating rather than contradicting Vizio's position regarding cross-license negotiations between the parties. (*See* Wamsley Decl. ¶¶ 2-11.) (Docket No. 59-2.) In sum, Sony's actions and the supplemental Siegel declaration serve to underscore why Vizio's motion to amend should be granted.

VIZIO'S MEMO OF POINTS & AUTHORITIES
OPPOSING SONY'S EX PARTE APPLICATION
LAI-3022547v4

## II. Sony's Forum Shopping Only Supports Vizio's Request That the Full Patent Dispute Between Vizio and Sony Should be Heard by This Court.

Sony's sur-reply attempts to explain to this Court that it was somehow justified in filing a declaratory judgment action of non-infringement of Vizio's patents in the Southern District of California, even while it knew that Vizio's motion to amend concerning four of the same patents was pending in this Court.

By filing another action in another district, however, Sony is attempting to forum shop and subvert the ongoing process in this Court. Sony is trying to put the dispute over Vizio's patents into a forum with local patent rules in which the parties can expect a longer time to trial than if Vizio's motion to amend is granted. Such gamesmanship should not be allowed. Moreover, Sony's forum shopping is particularly inappropriate given its earlier successful motion to transfer Vizio's first-filed New Jersey action to this District, purportedly in an effort to consolidate all of the parties' pending disputes in one forum. Moreover, Sony's conduct in filing a declaratory judgment action is exactly the type of forum shopping Vizio was trying to avoid during meet and confer discussions between the parties regarding Vizio's motion to amend its answer and counterclaims. (*See* Wamsley Decl. ¶¶ 2-7.) There is no reasonable justification for Sony's actions which only further support Vizio's assertion in its Reply brief that the full patent dispute between the parties should be heard by this Court.

## CONCLUSION

For the foregoing reasons, defendant Vizio respectfully requests that: (1) Sony's *Ex Parte* Application be denied, and (2) the Court decide Vizio's Motion to File its Proposed Amended Answer, Affirmative Defenses and Counterclaims on the papers previously submitted to this Court under the regular noticed motion procedures.

| | | |
|---|---|---|
| Dated: | May 18, 2009 | JONES DAY |

By: /s/ Lena Bacani
Lena N. Bacani

Attorneys for Plaintiff
VIZIO, INC.

# PROOF OF SERVICE

I, Linnea Kempf, declare:

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, California 90071. On May 18, 2009, I served a copy of the within document(s):

**VIZIO, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES OPPOSING SONY CORPORATION'S EX PARTE APPLICATION FOR LEAVE TO FILE ITS SUR-REPLY IN SUPPORT OF ITS OPPOSITION TO VIZIO'S MOTION TO FILE ITS PROPOSED AMENDED ANSWER, AFFIRMATIVE DEFENSES AND COUNTERCLAIMS**

by transmitting via e-mail or electronic transmission the document(s) listed above.

I am familiar with the United States District Court, Central District of California, Western Division's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

| | |
|---|---|
| Kevin P.B. Johnson, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges<br>555 Twin Dolphin Drive, Suite 560<br>Redwood Shores, CA 94065 | kevinjohnson@quinnemanuel.com |
| Steven M. Anderson, Esq.<br>Rory S. Miller, Esq.<br>Quinn Emanuel Urquhart Oliver & Hedges<br>865 South Figueroa St., 10th Floor<br>Los Angeles, CA 90017 | stevenanderson@quinnemanuel.com<br>rorymiller@quinnemanuel.com |

On May 18, 2009, I also served a courtesy copy, pursuant to the agreement between the parties, by e-mail to opposing counsel at:

sony-vizio@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on May 18, 2009, at Los Angeles, California.

Linnea Kempf