Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

Kevin G. McBride (State Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (State Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

James L. Wamsley III (admitted *pro hac vice*)
jlwamsleyiii@jonesday.com
901 Lakeside Avenue
Cleveland, Ohio 44114
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> VIZIO, Inc., <br><br> Defendant. | Case No. SACV 08-01135-RGK (FMOx) <br><br> **PROTECTIVE ORDER** <br><br> **[DISCOVERY MATTER]** <br><br> **Judge: Hon. Fernando M. Olguin** <br><br> **Trial Date: January 26, 2010** |

# **PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial in the above-captioned case and in the case (CV 09-02129-RGK (FMOx)) consolidated herewith, as referenced in this Court's order of May 11, 2009, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

## **I.    Definitions**

1.  "Party": any party to this action or a subsidiary thereof, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.  "Material": all information, documents, testimony, and things produced, served or otherwise provided in this action by the Parties or by non-parties.

3.  "Designating Party": a Party or non-party that designates information, documents, or things for production in disclosures, or in responses to discovery as "CONFIDENTIAL", "OUTSIDE

ATTORNEYS' EYES ONLY", "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

4. "CONFIDENTIAL" Material: information, documents, and things the Designating Party has good cause to believe is not generally known to others, and which the Designating Party (i) would not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) has good cause to believe is protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

5. "OUTSIDE ATTORNEYS' EYES ONLY" Material: information, documents, and things the Designating Party has good cause to believe is not generally known to others, and has significant competitive value such that unrestricted disclosure to others, including the Receiving Party's in-house counsel, would create a substantial risk of serious injury, and which the Designating Party (i) has good cause to not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) has good cause to believe is significantly sensitive and protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

6. "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE": RTL, HDL, microcode, or other sensitive code or schematics (collectively, "SOURCE CODE") that the Designating Party has good cause to believe is not generally known to others, and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury, and which the Designating Party (i) has good cause to not normally reveal to third parties except in confidence, or has undertaken with others to maintain in confidence, or (ii) has good cause to believe is significantly sensitive and protected by a right to privacy under federal or state law, or any other applicable privilege or right related to confidentiality or privacy.

7. "Producing Party": a Party or non-party that produces Material in this action.

8. "Receiving Party": a Party that receives Material from a Producing Party.

9. "Designated Material": Material that is designated "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" under this Order.

10. "Counsel of Record": (i) outside counsel who appears on the pleadings as counsel for a Party, (ii) partners, principals, associates, and employees of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation, including supporting personnel employed by the attorneys, such as paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, and/or (iii) independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

11. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by Counsel of Record to serve as an expert witness, or as a consultant in this action, and who is not a current employee of a Party or of a competitor of a Party and who, at the time of retention, is not anticipated to become an employee of a Party or of a competitor of a Party.

12. "Professional Vendors": persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; designing and preparing exhibits, graphics, or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and

their employees and subcontractors who have been retained by Counsel of Record in this action, and who are not current employees of a Party or of a competitor of a Party and who, at the time of retention, are not anticipated to become employees of a Party or of a competitor of a Party. This definition includes professional jury or trial consultants retained in connection with this litigation, and mock jurors retained by such a consultants to assist them in their work. Professional vendors do not include consultants who fall within the definition of Outside Consultant.

## II. Good Cause Statement

13. A Producing Party shall not designate Material as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", unless good cause exists. Good cause shall exist when public knowledge of a trade secret or other confidential research, development, or commercial information would result in specific prejudice or harm to the Producing Party, such as the public disclosure of proprietary information, failure to maintain status as a trade secret, detriment to intellectual property, or other harm to the Producing Party's competitive standing in the marketplace.

14. Items for which good cause shall exist include, but are not limited to, i) proprietary technical documents such as blueprints, schematics, SOURCE CODE or other technical materials; ii) customer lists and other customer data which have economic value to the producing party and are not public; iii) industry data or analysis which has economic value to the producing party and is not public; iv) contracts, licenses, agreements and documents or information related to such that are normally kept confidential during the ordinary course of business; v) financial and sales information and related documents, such as cost, pricing, margin, and other financial data; vi) corporate planning, strategy and/or budget information or documents; vii) non-public or draft patent applications; viii) invention disclosures; ix) internal communications; and x) information or documents originating with a third party and which the Producing Party bears an obligation, either explicit or implicit, to not disclose publicly. Good cause shall also exist for Materials, including Materials generated during the pendency of this litigation (or prior to this litigation but related to it), which are based on and/or contain information derived from such information.

15. Good cause shall not exist for any document or information which is generally known to or accessible by members of the public. For

example, good cause shall not exist for a) any information that at the time of disclosure to a Receiving Party is in the public domain, b) any information that after disclosure to the Receiving Party becomes part of the public domain as a result of publication not involving a violation of this Protective Order; c) any information that a Receiving Party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation or confidentiality to the Producing Party, and/or d) any information that a Receiving Party can show was independently developed by it after the time of disclosure by personnel who have not had access to the Producing Party's Materials. Such information may include, but is not limited to, any publicly available patent application materials or related filings; publicly filed financial disclosures; information available on the Internet without use of a password or other security protection; information previously included in press releases or other marketing activities; information and documents normally distributed to the public, or publicly filed court documents. Good cause shall not exist for other items not listed here that share the same general characteristics as the items listed in this paragraph. Nor shall good cause exist for any information or document the public disclosure of

which would not result in specific prejudice or harm to the Producing Party.

**III.   Scope**

16.  The protections conferred by this Order are limited to those within the scope of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Central District of California ("Local Rules").  Unless otherwise ordered by the Court, the dispute resolution procedures described below shall be carried out pursuant to Local Rule 37.

17.  The protections conferred by this Order cover not only Designated Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof.  Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, or the Court's deadlines provided in the Scheduling Order or any other Order.  Identification of any individual pursuant to this Protective Order does not make that individual available for deposition, or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Central District of

California, and the Court's deadlines provided in the Scheduling Order.

## IV. Access to Designated Material

18. **CONFIDENTIAL Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, document or thing designated "CONFIDENTIAL" only to the following, in addition to those identified in Paragraphs 33 and 34 below regarding use of Designated Material at depositions:

a) Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

b) Counsel of Record;

c) Up to four (4) employees of a Receiving Party and necessary secretarial staff who are responsible for providing oversight of or assistance in the litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

d) Up to two (2) in-house attorneys (including in-house foreign patent attorneys) of the Receiving Party, and necessary secretarial staff, having responsibility for providing oversight of or assistance in the litigation, provided that each such attorney must keep all such documents and information in segregated files access to which is restricted to the designated attorney and necessary secretarial

staff, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A;

e)      With respect to Designated Material from third parties, absent a protective order or agreement of the third party, Designated Material from third parties may not be disclosed to employees of a Receiving Party, including in-house attorneys;

f)      Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

g)      The Court and its personnel;

h)      Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

i)      Court reporters and videographers employed in connection with this case; and

j)      Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the

"Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

19. **"OUTSIDE ATTORNEYS' EYES ONLY" and "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material:** Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information, documents or things designated "OUTSIDE ATTORNEYS' EYES ONLY" and **"OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"** only to the following, in addition to those identified in Paragraphs 33 and 34 below regarding use of Designated Material at depositions:

a) Persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

b) Counsel of Record;

c) With respect to Designated Material from third parties, absent a protective order or agreement of the third party, Designated Material from third parties may not be disclosed to employees of a Receiving Party, including in-house attorneys.

d) Outside Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation, and who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached

hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

     e)    The Court and its personnel;

     f)    Any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staffs, who have signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B;

     g)    Court reporters and videographers employed in connection with this case; and

     h)    Professional Vendors to whom disclosure is reasonably necessary for this litigation, and a representative of which has signed the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A.

20. Each person to whom Designated Material may be disclosed, and who is required to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A and, if applicable, the "Certification Of Consultant" attached hereto as Exhibit B, shall do so, prior to the time such Designated Material is disclosed to him or her. Counsel for a Party who makes any disclosure of Designated Material shall retain each original executed

certificate and, upon written request, shall provide copies to counsel to all other Parties at the termination of this action.

21. At the request of the Designating Party, persons not permitted access to Designated Material under the terms of this Protective Order shall not be present at depositions while the Designating Party's Designated Material is discussed or otherwise disclosed. Any Party intending to disclose or discuss Designated Material at pretrial or trial proceedings must give advance notice to assure the implementation of the terms of this Protective Order.

## V. Access By Outside Consultants

22. **Notice.** If a Receiving Party wishes to disclose another Party's Designated Material to any Outside Consultant, such Receiving Party must provide notice to counsel for the Designating Party, which notice shall include: (a) the individual's name and business title; (b) business address; (c) business or profession; (d) the individual's CV; (e) any previous or current relationship (personal or professional) with any of the parties; (f) a list of other cases in which the individual has testified (at trial or deposition) within the last four years; (g) a list of all companies with which the individual has consulted or by which the individual has been employed within the last four years; and (h) a signed copy of the "Acknowledgement and Agreement To Be Bound

By Protective Order" attached as Exhibit A, and the "Certification Of Consultant" attached hereto as Exhibit B. No Party will seek discovery from a non-testifying Outside Consultant disclosed under this Order simply because they have been disclosed under this Order without an Order of this Court based on a finding of good cause.

23. **Objections.** The Designating Party shall have five (5) business days from receipt of the notice specified in Paragraph 22 to object in writing to such disclosure (plus three (3) extra days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission). Any such objection must set forth in detail the grounds on which it is based. After the expiration of the 5-day (plus 3-days, if appropriate) period, if no objection has been asserted, then Designated Material may be disclosed to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within the 5-day (plus 3-days, if appropriate) period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute pursuant to Local Rule 37 or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer pursuant to Local Rule 37 to try to resolve the matter by agreement. If the parties cannot reach an agreement, pursuant to Local Rule 37

the Objecting Party may, within three (3) business days following the meet and confer, file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant, or for other appropriate relief. If the objecting party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Acknowledgement and Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting party files pursuant to Local Rule 37 a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court, or by the consent of the Objecting party, whichever occurs first.

## VI. Production of ATTORNEYS' EYES ONLY – SOURCE CODE Material

24. If a Party is required to produce SOURCE CODE, it must do so in electronically searchable form and under the terms of Section VI. The Producing Party shall produce SOURCE CODE preferably on a hard drive, or alternatively on a stand-alone laptop computer. The stand-alone computer or hard drive shall contain appropriate software for accessing and reviewing the SOURCE CODE. All data on any

stand-alone computer or hard drive, including all SOURCE CODE, shall be protected by confidential passwords or codes and, at the option of the Producing Party, may be encrypted. In addition to the SOURCE CODE, a stand-alone computer or hard drive shall contain the software used to develop the SOURCE CODE, if that software is possessed by the Producing Party and is not subject to restrictions regarding its use that would preclude the Producing Party from providing copies. The Parties will work together to ensure any produced SOURCE CODE can be accessed by the Receiving Party in accordance with the terms of this Order.

25. If the Receiving Party wants to use other software to access or review the SOURCE CODE, it must notify the Producing Party of the specific software to be used before installing such software on the stand-alone computer or hard drive, or using such software to access or review the SOURCE CODE. By close of business on the next business day after receiving notice from Receiving Party, Producing Party will provide Receiving Party with the appropriate key or password to enable Receiving Party to install such software on the stand-alone computer or hard drive, or to use such software to access or review the SOURCE CODE. Unless otherwise agreed to in writing by the Producing Party, and such agreement shall not be

unreasonably withheld, the Receiving Party is not permitted to use any other software to access or review the SOURCE CODE, or install or run any other software on any stand-alone computer or hard drive. Any stand-alone computer or hard drive containing the SOURCE CODE shall be maintained by the Receiving Party's Counsel of Record under lock and key at its offices. While the SOURCE CODE is maintained on the stand-alone computer or hard drive, it will be handled in accordance with the "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" designation.

26. No electronic copies of the SOURCE CODE will be permitted. If the Receiving Party wishes to make a paper copy of certain limited portions of the SOURCE CODE, such as routines or sub-routines, only one (1) paper copy of those limited portions will be allowed on watermarked paper. A log shall be maintained of any selected portions printed out to paper. The log will be provided to the Producing Party upon request. The Receiving Party will not be allowed to print any wholesale or unnecessarily large portions of the SOURCE CODE from the stand-alone computer or hard drive.

27. A Receiving Party may request a Producing Party to provide up to three (3) additional electronic copies of SOURCE CODE that may be kept at other offices of the Receiving Party's Counsel of Record

under the same restrictions described above. Any such electronic copies may be maintained only at the offices of the Receiving Party's Counsel of Record. The Receiving Party shall maintain a log indicating, at all times, the location of each stand-alone computer or hard drive containing SOURCE CODE.

28. Access to a stand-alone computer or hard drive must be controlled by the use of confidential passwords or codes. At the option of the Producing Party, data on any stand-alone computer or hard drive may be encrypted. A hard drive containing the SOURCE CODE may be connected only to a stand-alone computer. A stand-alone computer (as referenced in Section VI) shall not be connected to a network, the Internet or any peripheral device, except to a stand-alone printer or to a hard drive provided by the Producing Party. A stand-alone computer shall not have the ability to electronically transmit information therefrom, including, without limitation, via a Local Area Network or Internet connection, wireless connection, a modem, or any other port or device capable of electronic transmission. All input/output ports on a stand-alone computer shall be disabled, except for a printer port and any port necessary to attach a hard drive provided by the Producing Party. Access to a stand-alone computer

must be further controlled by the use of confidential passwords or codes in order to log onto the stand-alone computer.

29. The Producing Party will produce the relevant SOURCE CODE in its entirety (i.e., all code necessary for compilation), but need not produce it in executable format absent a specific request from the Receiving Party, which a Receiving Party will only make when necessary.

30. If the Receiving Party prints a paper copy of any SOURCE CODE designated as "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", such paper copy must always be kept under lock and key at the office of the Receiving Party's Outside Counsel of Record or other agreed upon location.  Paper copies of SOURCE CODE designated as "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" shall include Bates number and confidentiality labels when printed.

## VII.   Prosecution Bar

31. Unless otherwise agreed to in writing by a Producing Party, any individual subject to this Protective Order who obtains, receives or otherwise learns, in whole or in part, technical Designated Material from a Producing Party relating to a party's products or processes, shall not prepare, prosecute or be involved in the preparation or

prosecution of any patent application related to the subject matter claimed in any of the patents-in-suit during the pendency of this litigation and for a period of two (2) years following the conclusion of this litigation (including, if applicable, any appeals therefrom).

## VIII. Use Of Designated Material

32. **Use Of Designated Material By Receiving Party.** Unless otherwise ordered by the Court, or agreed to in writing by the Parties, all Designated Material, and all information derived therefrom, shall be used by the Receiving Party only for purposes of this litigation and for the litigation known as Vizio, Inc. v. Sony Corporation, Case No. CV 09-2129, and shall not be used in any other way, or for any other purpose. Information contained or reflected in Designated Materials shall not be disclosed in conversations, presentations by parties or counsel, in court or in other settings that might reveal Designated Material, except in accordance with the terms of this Order.

33. **Use Of Designated Material By Designating Party.** Nothing in this Order shall limit any Designating Party's use of its own documents and information, nor shall it prevent the Designating Party from disclosing its own confidential information, documents or things to any person. Such disclosure shall not affect any

designations made pursuant to the terms of this Order, so long as the disclosure is made in a manner that is reasonably calculated to maintain the confidentiality of the information.

34. **Use of Designated Material at Depositions.** Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial, and may testify concerning all Designated Material of which such person has prior knowledge, without in any way limiting the generality of the following:

a)    A present director, officer, employee, designated Rule 30(6)(b) witness, and/or Outside Consultant of a Producing Party may be examined, and may testify concerning all Designated Material which has been produced by that party;

b)    A former director, officer, agent and/or employee of a Producing Party may be interviewed, examined and may testify concerning all Designated Material of which he or she has prior knowledge, including any Designated Material that refers to matters of which the witness has personal knowledge, which has been produced by that Party and which pertains to the period or periods of his or her employment; and

c)    Non-parties may be examined or testify concerning any document containing Designated Material of a Producing Party which appears on its face, or from other documents or testimony, to have been received from, or communicated to, the non-party as a result of any contact or relationship with the

Producing Party, or a representative of such Producing Party. Any person other than the witness, his or her attorney(s), and any person qualified to receive Designated Material under this Order, shall be excluded from the portion of the examination concerning such information, unless the Producing Party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" attached as Exhibit A. In the event that such attorney declines to sign the "Acknowledgement and Agreement To Be Bound By Protective Order" prior to the examination, the parties, by their attorneys, shall jointly seek a protective order from the Court prohibiting such attorney from disclosing such Designated Material.

35. A witness who previously had access to a document designated "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY," or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," but who is not under a present non-disclosure agreement with the Producing Party that covers that document, may be shown the document if the witness is advised on the record of the existence of the Protective Order and that the protective order requires the parties to keep confidential any questions, testimony or documents that are designated as "CONFIDENTIAL", "OUTSIDE ATTORNEYS'

EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE". The witnesses may not copy, take notes on or retain copies of any Designated Material used or reviewed at the deposition. The witness may not take out of the deposition room any exhibit that is marked "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY", or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE". The Producing Party of any Designated Material used at the deposition may also require that the transcript and exhibits not be copied by the witness or his counsel and that no notes may be made of the transcript or the exhibits. The restrictions in this paragraph apply only to a witness who is not subject to this Order.

## IX. Procedure for Designating Materials

36. Subject to the limitations set forth in this Order, a Designating Party may: designate as "CONFIDENTIAL" information that the Designating Party has good cause to believe meets the definition set forth in Paragraph 4 above; designate as "OUTSIDE ATTORNEYS' EYES ONLY" information that it has good cause to believe meets the definition set forth in Paragraph 5 above; designate as "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

information that it has good cause to believe meets the definition set forth in Paragraph 6 above.

37. Except as provided above in Section VI with respect to "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material, any material (including physical objects) made available for initial inspection by counsel for the Receiving Party prior to producing copies of selected items shall initially be considered, as a whole, to constitute "OUTSIDE ATTORNEYS' EYES ONLY" information, and shall be subject to this Order. Thereafter, the Producing Party shall have ten (10) calendar days from the inspection to review and designate the appropriate documents as "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY" prior to furnishing copies to the Receiving Party.

38. Except as otherwise provided in this Order or as otherwise stipulated or ordered, Material that qualifies for protection under this Order must be designated in accordance with this Section IX before the Material is disclosed or produced.

39. Designation in conformity with this Order requires:

a)      For information in documentary form (apart from transcripts of depositions, or other pretrial or trial proceedings), the Producing Party shall affix the legend "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or

"OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" on each page that contains Designated Material;

b)      For testimony given in deposition, or in other pretrial or trial proceedings, the Designating Party shall specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  In the case of depositions, the Designating Party may also designate any portion of a deposition transcript as "CONFIDENTIAL," "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," by informing the reporter, and opposing Parties, in writing within thirty (30) calendar days of completion of the deposition of the designations to be applied. All deposition transcripts not marked at least "CONFIDENTIAL" during the deposition will nonetheless be treated as "CONFIDENTIAL" until the thirty (30) day period has expired. Transcript pages containing Designated Material must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", as instructed by the Designating Party; and

c)      For information produced in some form other than documentary, and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or thing is

stored the legend "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."

## IX.    No Waiver of Privilege

40.  Inspection or production of documents (including physical objects) shall not constitute a waiver in any Federal or State proceeding of the attorney-client privilege, work product immunity, or any other applicable privilege or immunity.  After the Producing Party becomes aware of any inadvertent or unintentional disclosure, the Producing Party may designate any such documents as within the attorney-client privilege, work product immunity or any other applicable privilege or immunity, and request in writing return of such documents to the Producing Party. The inadvertent or unintentional disclosure shall not operate as a waiver in a Federal of State proceeding whether or not the holder or the privilege or immunity took reasonable steps to prevent the disclosure or promptly took reasonable steps to rectify the error in accordance with Federal Rule of Evidence 502(b).  Upon request by the Producing Party, the Receiving Party shall immediately retrieve and return all copies of such inadvertently produced document(s). Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege,

work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

## X.    Inadvertent Failure To Designate

41. An inadvertent failure to designate qualified information, documents or things as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY",  or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE," does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon discovery of an inadvertent failure to designate, a Producing Party may notify the Receiving Party in writing that the material is to be designated as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE."  Upon receipt of such notice, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the terms of this Order, subject to the right to challenge the propriety of such designation(s). The Producing Party shall provide substitute copies of documents bearing the confidentiality designation.

## XI.    Filing Designated Material

42. Any document filed with the Court that reveals any Designated Material shall be done in accordance with Local Rule 79-5.1  In the

event the court denies the request to file said Designated Material under seal, the parties shall continue to treat the Designated Material in all other respects as Designated Material governed under this Order. This provisions of this paragraph are limited to documents filed with the Court prior to this case proceeding to trial.

## XII. Challenges to Confidentiality Designations

43. The Parties will use reasonable care when designating documents, things, or information as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE." Nothing in this Order shall prevent a Receiving Party from contending that any or all documents, things, or information designated as "CONFIDENTIAL" Material, "OUTSIDE ATTORNEYS' EYES ONLY" Material or OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE Material have been improperly designated. A Receiving Party may, at any time, request that the Producing Party cancel or modify the confidentiality designation with respect to any document, thing, or information contained therein.

44. A Party shall not be obligated to challenge the propriety of a "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE"

designation at the time made, and the failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the Producing Party, and shall identify particularly the document, thing, or information that the Receiving Party contends should be differently designated. If such negotiation fails to resolve the dispute within five (5) days of receipt of the written notice, the procedure for obtaining a decision from the Court is that set forth in Local Rule 37. If the parties wish to file a Joint Stipulation, required by Local Rule 37, under seal, the parties may file a stipulation to that effect or the moving party may file an ex parte application making the appropriate request. The parties must set forth good cause in the stipulation or ex parte application as to why the Joint Stipulation or portions thereof should be filed under seal. The document, thing, or information shall remain as designated until the Court has ruled upon the motion or the parties have agreed otherwise. Any order requiring disclosure shall be drawn as narrowly as possible to protect the interests of all parties concerned.

## XIII. Protected Material Subpoenaed or Ordered Produced In Other Litigation

45. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any information, documents or things

Case No. CV 08-01135-RGK (FMOx)
PROTECTIVE ORDER

designated in this action as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY" or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE", the Receiving Party must so notify the Designating Party, in writing (by fax and email) promptly, and in no event more than ten (10) calendar days after receiving the subpoena or order. Such notification must include a copy of the subpoena or order.  The Receiving Party also must immediately inform, in writing, the party who caused the subpoena or order to issue that some or all of the material covered by the subpoena or order is subject to this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Designated Material.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## XIV.  Unauthorized Disclosure Of Designated Material

46.  If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Designated Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (c) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## XV.  Non-Party Use of this Protective Order

47. A non-party that produces Material voluntarily, or pursuant to a subpoena or a court order, may designate such Material in the same manner, and shall receive the same level of protection under this Protective Order, as any Party to this lawsuit.

48. A non-party's use of this Protective Order to protect its "CONFIDENTIAL" Material, "OUTSIDE ATTORNEYS' EYES ONLY" Material or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" Material does not entitle that non-party access to "CONFIDENTIAL" Material, "OUTSIDE ATTORNEYS' EYES

ONLY" Material or "ATTORNEYS' EYES ONLY – SOURCE CODE" Material produced by any Party in this case.

## XVI. Communications between Party and Counsel of Record

49. Privileged or protected communications or materials transmitted between a Party and its Counsel of Record need not be recorded on the Party's privilege log or produced in this Case except upon a showing of good cause by a Party, and upon an Order of this Court.

## XVII. Duration

50. With the exception described in Paragraph 51, even after the termination of this action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

51. This Protective Order shall not apply to the introduction of evidence at trial. Designated Materials not introduced as evidence at trial shall maintain such protections and designations after commencement of any trial in this matter. With respect to designated Materials introduced as evidence at trial, either party may seek appropriate court orders concerning the handling at trial of such materials.

## XVIII. Final Disposition

52. Unless otherwise ordered or agreed in writing by the Producing Party, within sixty (60) calendar days after the final termination of

this action, each Receiving Party must destroy or return all Designated Material to the Producing Party. As used in this Paragraph, "all Designated Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Designated Material. The Receiving Party must submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline. Notwithstanding this provision, Counsel of Record may retain an archival copy of all pleadings, motion papers, deposition transcripts (including exhibits), transcripts of other proceedings (including exhibits), expert reports (including exhibits), discovery requests and responses (including exhibits), exhibits offered or introduced into evidence at trial, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Material. Any such archival copies that contain or constitute Designated Material remain subject to this Protective Order as set forth in Section XVII (Duration), above.

## XIX.  Miscellaneous

53. The Parties agree that draft reports, draft declarations, draft affidavits, or notes taken by experts or prepared by Outside Consultants will not be subject to discovery.  The Parties also agree

that all communications (including e-mail communications) between the Parties' Outside Consultants and in-house counsel or Counsel of Record as well as documents relating to such communications, except for documents, information, and things included in or attached to such communications that are directly relied upon by the testifying Outside Consultant in his or her expert report, will not be subject to discovery. Only the final expert report served on an opposing Party and the materials the Outside Consultant relied upon during preparation of the report are discoverable. The Parties will identify and produce copies of any documents "considered by the witness in forming the opinion" as required by Fed. R. Civ. P. 26(a)(2)(B).

54. Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the Counsel of Record for the Party against whom such waiver will be effective.

55. This Order is entered without prejudice to the right of any Party to apply to the Court at any time for modification of this Order, when convenience or necessity requires. Nothing in this Order abridges the right of any person to seek to assert other objections. No Party waives any right it otherwise would have to object to disclosing or producing any information, documents, or things on any ground not addressed in this Protective Order. Similarly, no Party waives any

right to object on any ground to the use in evidence of any of the material covered by this Protective Order. The Court shall take appropriate measures to protect Designated Material at trial and any hearing in this case.

56. This Order shall not diminish any existing obligation or right with respect to Designated Material, nor shall it prevent a disclosure to which the Designating Party consents in writing before the disclosure takes place.

57. The United States District Court for the Central District of California is responsible for the interpretation and enforcement of this Protective Order. All disputes concerning Designated Material under the protection of this Protective Order shall be resolved by the United States District Court for the Central District of California. This Court retains jurisdiction even after the termination of this action to enforce this Protective Order and to amend this Protective Order as the Court deems appropriate.

Date: June 10, 2009          _____/s/_____
                             Hon. Fernando M. Olguin
                             United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

## BY PROTECTIVE ORDER

I, _____ [print or type full name], state:

1.     I reside at

_____;

2.     My present employer is

_____;

3.     My present occupation or job description is

_____;

4.     I agree to keep confidential all information provided to me in the matter of Sony Corporation v. Vizio, Inc., Case No. CV 08-01135-RGK (FMOx) in the United States District Court for the Central District of California (and the case, CV 09-02129-RGK (FMOx), consolidated therewith), and to be subject to the authority of that Court in the event of any violation or dispute related to this agreement.

5.     I have been informed of and have reviewed the Protective Order entered in this case, and I will not divulge any information, documents or things that are subject to the Protective Order except in accordance with the provisions of the Order;

6.     I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.


Executed on _____


_____
[printed name]


_____
[signature]

# EXHIBIT B

## CERTIFICATION OF CONSULTANT

I, _____ [print or type full

name],                                                                                                    of

_____

_____ am not an employee of the Party who retained me, or of a competitor of the

opposing Party.  If at any time after I execute this Certificate of Consultant and

during the pendency of the Action I become an employee of a competitor of the

opposing Party, I will promptly inform the counsel for the party who retained me in

the Action, and I will not thereafter review any Designated Materials marked by the

opposing Party as "CONFIDENTIAL", "OUTSIDE ATTORNEYS' EYES ONLY"

or "OUTSIDE ATTORNEYS' EYES ONLY – SOURCE CODE" unless and until

the Parties agree or the Court orders otherwise.

I state under penalty of perjury under the laws of the United States of

America that the foregoing is true and correct.

Executed on _____

_____
[printed name]

_____
[signature]