# Exhibit 2

Exhibit 2 Page 15

1 | Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
2 | 555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
3 | Telephone: (650) 801-5000
Facsimile: (650) 801-5100
4 |
Steven M. Anderson (Bar No. 144014)
5 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
6 | Los Angeles, California 90017
Telephone: (213) 443-3000
7 | Facsimile: (213) 443-3100

8 | Attorneys for Plaintiff Sony Corporation

9 |

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12 | WESTERN DIVISION

13 | SONY CORPORATION, A Japanese corporation,

14 | Plaintiff,

15 | vs.

16 | VIZIO, Inc.,

17 | Defendant.

18 |

CASE NO. SA CV 08-01135-RGK (FMOx)

**RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)**

19 |

20 | Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Sony

21 | Corporation ("Sony") objects and responds to Defendant Vizio, Inc.'s ("Vizio")

22 | First Set of Interrogatories (Nos. 1-18) ("Interrogatories") as follows:

23 | **Preliminary Statement**

24 |

25 | Sony has made a reasonable investigation for information responsive to

26 | Vizio's Interrogatories based upon its current employees' knowledge, information,

27 | and belief. Sony is still pursuing its investigation and analysis of the facts and law

28 | pertaining to this action, and has not yet completed its investigation. Thus, Sony's

1  responses are made without prejudice to Sony's right subsequently to add, modify,
2  or otherwise change or amend its responses. Sony reserves the right to make any
3  use of, or to introduce at any hearing, and at trial, information and/or documents
4  responsive to Vizio's Interrogatories but discovered subsequent to the date of this
5  response. Sony reserves all objections or other questions as to the competency,
6  relevance, materiality, privilege, or admissibility in any proceeding or trial of this or
7  any other action for any purpose whatsoever of Sony's responses herein and any
8  document or thing identified or provided in response to Vizio's Interrogatories.
9  Sony provides these written responses to Vizio's Interrogatories subject to the
10 general and specific objections stated below.

11
12                          **General Objections**

13        The following general objections apply to each and every interrogatory
14 propounded by Vizio and are incorporated into each of the following responses by
15 reference as if set forth fully therein.
16        1.      Sony objects to the Interrogatories, and the instructions and definitions
17 that accompany them, to the extent that they are premature.
18        2.      Sony objects to the Interrogatories, and the instructions and definitions
19 that accompany them, to the extent that they seek to impose obligations and
20 demands on Sony greater than or more extensive than those required by the Federal
21 Rules of Civil Procedure or the Local Rules of the United States District Court for
22 the Central District of California.
23        3.      Sony objects to the Interrogatories, and the instructions and definitions
24 that accompany them, to the extent that they seek information subject to attorney-
25 client privilege, attorney work product immunity, or other privilege or immunity
26 against disclosure. Such information will not be provided in response to the
27 Interrogatories, and any inadvertent disclosure thereof shall not be deemed a waiver
28

1  of any privilege with respect to such information or of any work product doctrine
2  protections which may attach thereto.

3      4.    Sony objects to the Interrogatories, and the instructions and definitions
4  that accompany them, to the extent that they purport to require the production of
5  proprietary and confidential information of any third parties to whom Sony may be
6  under obligations of confidentiality.

7      5.    Sony objects to the Interrogatories, and the instructions and definitions
8  that accompany them, to the extent that they are vague, ambiguous, unintelligible,
9  overly broad, unduly burdensome, oppressive, and harassing and seek information
10  that is not relevant to the subject matter of this action nor reasonably calculated to
11  lead to the discovery of admissible evidence.

12      6.    Sony objects to the Interrogatories, and the instructions and definitions
13  that accompany them, to the extent they seek information available through public
14  sources or are known to Vizio.

15      7.    Sony objects to the Interrogatories, and the instructions and definitions
16  that accompany them, to the extent that they call for legal conclusions.

17      8.    Sony objects to the Interrogatories to the extent they contain discrete
18  subparts improperly grouped as a single interrogatory.

19      9.    Sony objects to the definitions of "you," "your," and "Sony" in the
20  "Definitions" section of the Interrogatories, on the basis that they are overbroad,
21  unduly burdensome, and purport to place discovery obligations upon Sony that
22  exceed those required by the Federal Rules of Civil Procedure.  Sony submits these
23  responses on its own behalf and does not speak for other entities.

24      10.    Sony objects to the definitions of "Sony Patent(s)," "Asserted Sony
25  Patent(s)," and "Patents-in-Suit" to the extent such definitions include patents not
26  asserted in Sony's First Amended Complaint.  Sony reserves the right to supplement
27  its responses to these Interrogatories to the extent additional patents are in suit.

28

51451/2911762.5
CONFIDENTIAL

10.    Sony objects to the Interrogatories to the extent that they seek information not within the possession, custody or control of Sony.  An objection on this ground does not constitute a representation or admission that such information does in fact exist.

11.    Except for explicit facts admitted in these responses, no incidental or implied admissions are intended and these responses shall not be construed to be a waiver by Sony of all or any part of any objection to the Interrogatories.

12.    Sony objects to the Interrogatories as premature to the extent that they call for responses that are the subject of expert testimony and the parties have not yet engaged in expert discovery or exchanged expert witness reports.

13.    Sony has made a reasonable investigation for information responsive to the Interrogatories.  Sony is still pursuing its investigation and analysis of the facts and law pertaining to this action and has not yet completed its investigation.  Thus, Sony's responses are made without prejudice to Sony's right subsequently to add, modify or otherwise change or amend these responses.  The information contained in these responses is also subject to correction for omissions or errors.

14.    Sony objects to the manner of responding specified in the Interrogatories and the instructions and definitions that accompany them. Sony will respond to the Interrogatories in a manner that conforms to the Federal Rules of Civil Procedure and the Local Rules of the Central District of California.

15.    Sony objects to each interrogatory as compound to the extent it contains multiple sub-parts.

15.    Any objection by Sony does not constitute a representation or admission that such information does in fact exist or is known to Sony.

16.    Sony reserves its right to supplement these responses.

## INTERROGATORIES

### INTERROGATORY NO. 1:

Separately for each Accused VIZIO Product and for each Asserted Claim, using a claim chart format, indicate the element or component of such Accused VIZIO Product that allegedly meets each limitation of each Asserted Claim, specifying whether each such limitation is alleged to be met, directly or indirectly, literally or under the doctrine of equivalents and the complete factual and legal basis for your answer.

### RESPONSE TO INTERROGATORY NO. 1:

Sony incorporates each of its general objections by reference. Sony objects to this request as premature to the extent it calls for Sony to have determined the "complete" legal and factual bases for its contentions at this early stage in discovery. Sony further objects to this request as being unduly burdensome to the extent that it calls for a response "[s]eparately for each Accused VIZIO Product." Sony further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. Sony also objects to this request to the extent it requests information in the possession of third parties or otherwise unknown to Sony. Sony also objects to this request to the extent it calls for a legal conclusion. Sony objects to this request as premature to the extent that it seeks information that is more properly the subject of expert testimony.

Without waiving the foregoing general and specific objections and subject to those objections, Sony responds as follows:

Discovery in this matter is at a very early stage and is ongoing. Vizio has not yet produced any documents and things, or provided any deposition testimony in this action. Moreover, an inspection of the Accused VIZIO Products has not taken place nor has VIZIO confirmed that it will make any of the Accused Products available for inspection. Sony's investigation regarding these and other potential

grounds of infringement is ongoing. This response is therefore based upon information that Sony has been able to obtain publicly, together with Sony's current good faith belief regarding the Accused Products, and is given without prejudice to Sony's right to supplement and/or modify this response as additional facts are ascertained, analyses are made, research is completed and claims are construed.

Vizio makes, uses, sells, offers for sale and/or imports into the United States instrumentalities that by themselves or in combination with other products or services are capable of displaying digital video signals, including, without limitation, the following Vizio televisions: VA19L HDTV10T; VA190E; VA190E-W; VW19L HDTV10F; HDX 20L; L20; VX20L HDTV; VX20L HDTV1A; VX20L HDTV20A; VXW20L HDTV10A; VX200E; VO22L HDTV10A; VO22L FHDTV10A; VA22L FHDTV10T; VW22L HDTV10T; VA220E; VA220M; VO220M; VA260E; VGM26F; VA26L HDTV10T; VW26L HDTV10F; VW26L HDTV20F; L30; L30e; L30WGUe; L30WGU; VA320E; L32; L32 HDTV; L32 HDTV10A; L32 HDTV20A; VECO320L 1A; VO32L HDTV10A; VO32L FHDTV10A; VO320E; SV320XVT; VOJ320F1A; VP322 HDTV10A; VU32L HDTV10A; VU32L FHDTV10A; VW32L HDTV10A; VW32L HDTV20A; VW32L HDTV30A; VW32L HDTV40A; VX32L HDTV; VX32L HDTV10A; VX32L HDTV20A; L37 HDTV10A; L37 HDTV; VO37L HDTV10A; VO37L FHDTV10A; VO37L FHDTV20A; VOJ370F1A; VO370M; SV370XVT; VS370E; VU37L HDTV10A; VU37L FHDTV10A; VW37L HDTV10A; VW37L HDTV20A; VW37L HDTV30A; VW37L HDTV40A; VX37L HDTV; VX37L HDTV10A; VX37L HDTV20A; VO40L HDTV10A; VO40L FHDTV10A; VX40L HDTV10A; VX40L FHDTV10A; HDX42P; GV42L HDTV; GV42L FHDTV10A; L42 HDTV10A; L42 HDTV; P42; P42 ED; P42 HD; P42 HDTV; P42e; P42Hde; P42HDeA; P42EDM; P42eA; P42HDTV10A; RP56; RP56e; SV420XVT 1A; SV420XVT 1AB; SV420M; VO42L FHDTV10A; VO420E; VP42 HDTV; VP42 HDTV10A; VP42 HDTV20A; VP422 HDTV10A; VP423 HDTV10A;

51451/2911762.5

CONFIDENTIAL

VS420LF1A; VS42L FHDTV10A; VU42L HDTV10A; VU42L FHDTV10A; VW42L HDTV10A; VW42L FHDTV10A; VX42L HDTV10A; GV46L HDTV; GV46L HDTV10A; GV46L FHDTV20A; VX46L FHDTV10A; P46; VW46L FHDTV10A; VW46L FHDTV20A; GV47L FHDTV; GV47L FHDTV20A; SV470XVT1A; SV470XVT1AB; VO47L FHDTV10A; VO47L FHDTV20A; VO47L FHDTV30A; VO47L 120F1A; VO470E; VW47L FHDTV10A; JV50P HDTV10A; P50HD; P50 HDTV10A; P50 HDTV20A; VP50 HDTV; VP50 HDTV10A; VP50 HDTV20A; VP503 HDTV10A; VP504 FHDTV10A; VP505XVT1A; GV52L FHDTV10A; VX52L FHDTV10A; VF550XVT1A; VM60P HDTV; VM60P HDTV10A; L15; L13; L13e; L13 TVJ10; L6; L5; L4; L3; P1; P4 (the "Accused Products"). On information and belief, the Accused Products infringe, directly and literally, one or more claims of the Asserted Patents. Sony reserves its right to contend that VIZIO's infringement of any element of an Asserted Claim is indirect. Sony also reserves its right to contend that VIZIO's infringement of any element of an Asserted Claim is under the doctrine of equivalents because any differences between a claim element and the Infringing VIZIO Products are insubstantial and the Infringing Products perform substantially the same function, in substantially the same way, to reach substantially the same result.

See Exhibits A-J.

**INTERROGATORY NO. 2:**

Separately for each Asserted Sony Claim, specify each claim term that Sony contends requires construction by the Court and state the proper construction of each such term, setting forth all bases for that construction, including without limitation any intrinsic or extrinsic evidence on which Sony relies.

**RESPONSE TO INTERROGATORY NO. 2:**

Sony incorporates each of its general objections by reference. Sony objects to this request as overbroad and unduly burdensome to the extent it seeks "all bases for that construction." Sony further objects to this request as calling for legal conclusions. Sony further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. Sony further objects to this request as being premature.

Without waiving the foregoing general and specific objections and subject to those objections, Sony responds as follows:

Based on the information currently available to it, Sony does not believe that any of the claim terms in the patents-in-suit require construction by the Court. Notwithstanding its current position, Sony reserves all rights to request construction of claim terms to the extent the Court or Sony determines it is necessary and to offer constructions of terms that Vizio asks the Court to construe.

**INTERROGATORY NO. 3:**

Separately for each Asserted Sony Claim, identify the date of invention that Sony contends applies to that claimed invention and the complete facts, documents, and persons with knowledge on which Sony relies to support that contention.

**RESPONSE TO INTERROGATORY NO. 3:**

Sony incorporates each of its general objections by reference. Sony objects to this request as overbroad and unduly burdensome to the extent it seeks "the complete facts, documents, and persons with knowledge." Sony further objects to this request as premature to the extent it calls for Sony to have determined all of the claims it is asserting against Vizio at this early stage in discovery. Sony further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. Materials and information referring or relating to conception, reduction to practice, or diligence

1 include that which would otherwise be responsive to this request but was created by
2 or at the direction of Sony's outside or in-house counsel and professional legal
3 advisers. Such privileged materials and information include communications
4 containing legal advice by and between Sony's engineers and Sony's in-house legal
5 advisers responsible for patent prosecution, licensing, and litigation. Such materials
6 and information that would otherwise be responsive to this request also include
7 materials and information prepared or exchanged in anticipation of litigation,
8 including the case at hand and related litigations.

9 Without waiving the foregoing general and specific objections and subject to
10 those objections, Sony responds as follows:

11 **The '626 Patent:** Toshihide Hayashi and Koki Tsumori conceived of the
12 inventions claimed by the '626 patent while trying to develop a new television on-
13 screen menu display that was easier to use and less confusing to users. This
14 conception occurred at least as early as the fall of 1990. At this time, on-screen
15 menu navigation was new to televisions and often confused users because the menus
16 did not clearly identify which menu items were available. Toshihide Hayashi and
17 Koki Tsumori reduced to practice the novel, improved menu disclosed in and
18 claimed by the '626 patent on or before November of 1990. The persons involved
19 in the conception, reduction to practice, and diligence were Messrs. Hayashi and
20 Tsumori. They are also the individuals most knowledgeable about the conception,
21 reduction to practice, and diligence.

22 **The '577, '542, and '847 Patents:** Ikuo Tsukagoshi is a pioneer in the field
23 of subtitle and closed captioning display. In the early to mid 1990s, Mr. Tsukagoshi
24 worked on Sony's Project 203. The aim of Project 203 was to develop hardware
25 and software for the improved display of subtitles and/or captions overlayed on an
26 image. This is a technically difficult application. Subtitles and captions can be
27 difficult or impossible for a user to read if they are not displayed properly and can
28 be distracting or annoying if they are not synched to the underlying video image.

1 Through the Project 203 development, Mr. Tsukagoshi advanced this entire field.

2 He developed encoders and decoders that provided improved and easier to read

3 caption and subtitle displays. These advances include the invention claimed in the

4 '577 patent, which he conceived at least as early as May of 1993 and reduced to

5 practice around October of 1993, and the invention claimed in the '542 patent,

6 which he conceived at least as early as October 25, 1993 and reduced to practice on

7 or before December 21, 1993. These advances further include the invention claimed

8 in the '847 patent, which he conceived at least as early as January 18, 1995 and

9 reduced to practice on or before March 20, 1995. The person involved in the

10 conception, reduction to practice, and diligence of the invention claimed in the '577,

11 '542, and '847 patents was Mr. Tsukagoshi. He is also the individual most

12 knowledgeable about the conception, reduction to practice, and diligence.

13 **The '373 Patent:** Tomoko Ohyama, Yukiko Ohkura, Masaharu Fukumoto,

14 Shigeyuki Sano, Yasuko Rokukawa, Shiro Endo, Kyosuke Oda, Yumiko Minakawa,

15 and Chifumi Matsuura conceived of the inventions claimed in the '373 patent at

16 least as early as January of 1994 while working on a project to develop one of

17 Sony's first digital televisions. The project was known internally as Project XBR2.

18 As part of this project, the inventors were developing a novel on-screen menu

19 display that offered a superior experience to the user. The inventions claimed in the

20 '373 patent advanced the field by displaying hierarchical menus regarding the

21 control of television functions, thereby making it easier to navigate the menu levels.

22 The inventors reduced to practice this novel, improved hierarchical menu system on

23 or around February of 1994. The people involved in the conception, reduction to

24 practice, and diligence were Messrs. Ohyama, Ohkura, Yumiko, and Matsuura and

25 Messrs. Fukumoto, Sano, Rokukawa, Endo, Oda, and Minakawa. They are also the

26 individuals most knowledgeable about the conception, reduction to practice, and

27 diligence.

28

51451/2911762.5

CONFIDENTIAL

1     **The '614 Patent:** In the mid 1990s, Sony was developing set-top boxes for
2 the DirectTV service. One feature that needed to be improved upon was the
3 graphical user interface (GUI) for the set-top box. Most GUIs at the time presented
4 a programming guide that was organized into a grid structure. While working on
5 this aspect of the set-top box, Kazuto Mugura, Yuko Nishikawa, Joseph Saib, and
6 Ludovic Legrand conceived of the inventions in the '614 patent, which improved
7 the user interface by incorporating on screen display components of varying levels
8 of transparency, at least as early as July of 1996. The inventors reduced to practice
9 the inventions claimed in the '614 patent and reduced to practice on or before
10 October 17, 1997. The people involved in the conception, reduction to practice, and
11 diligence were Ms. Nishikawa and Messrs. Mugura, Saib, and Legrand. They are
12 also the individuals most knowledgeable about the conception, reduction to practice,
13 and diligence.

14     **The '055 and '468 Patents:** In 1994, the inventors were working together at
15 Sony on Project HMS. The goal of Project HMS team was to develop a digital
16 VCR. One aspect of this project in which the inventors of the '055 patent were
17 involved was the development of the methods for linking a set-top box to the digital
18 VCR and transferring data between the two devices. The inventors conceived of the
19 inventions claimed in the '055 patent at least as early as April 21, 1994. The
20 inventors reduced to practice the inventions claimed in the '055 patent on or before
21 May 24, 1994. The persons involved in the conception, reduction to practice, and
22 diligence were Messrs. Tsukamoto, Goto, and Fukushima. They are the also
23 individuals most knowledgeable about the conception, reduction to practice, and
24 diligence.

25     **The '472 Patent:** In the late 1990s, Peter Rae Shintani and Shigeharu Kondo
26 were engaged in work at Sony relating to the introduction of digital television
27 products and technology. One complication presented by digital television which
28 Messrs. Shintani and Kondo addressed during their work at the time is the difficulty

1 in selecting digital channels, which can be identified by a combination of a major

2 channel number and a minor channel number. A method was needed to distinguish

3 between the major channel and the minor channel in order to facilitate the proper

4 selection of the digital channel. While addressing this need, Messrs. Shintani and

5 Kondo conceived of the inventions claimed in the '472 patent at least as early as

6 September of 1998 and reduced to practice the inventions on or around January of

7 1999. The persons involved in the conception, reduction to practice, and diligence

8 were Messrs. Shintani and Kondo. They are also the individuals most

9 knowledgeable about in the conception, reduction to practice, and diligence.

10     **The '182 Patent:** In the late 1990s, Mr. Yamakawa was developing plasma

11 display technology at Sony. At that time, images displayed on plasma screens

12 suffered from increased darkness levels. The inability to display bright imagery was

13 a major problem for plasma monitors used for public advertising. Mr. Yamakawa

14 sought to develop a unique method of increasing the brightness of the displayed

15 image. He conceived of the inventions claimed in the '182 patent at least as early as

16 August of 1997 and reduced to practice those inventions on or around August of

17 1997. The only person involved in the conception, reduction to practice, and

18 diligence was Mr. Yamakawa. He is also the individual most knowledgeable about

19 the conception, reduction to practice, and diligence.

20     In addition to the foregoing, pursuant to Federal Rule Civil Procedure 33(d),

21 Vizio may derive or ascertain information responsive to this interrogatory from at

22 least the following documents produced in this matter: SONY0005933-6355,

23 SONY0006356-6839, SONY0006840-7161, SONY0007162-7398, SONY0007399-

24 7640, SONY0007641-7926, SONY0007927-8191, SONY0008192-8374,

25 SONY0008375-8604, SONY0008605-8786, and SONY0008787-9088.

26     Sony is continuing to investigate the subject matter of this interrogatory and

27 reserves the right to supplement its response to the extent it locates additional non-

28 privileged, relevant documents or information responsive to this interrogatory.

**INTERROGATORY NO. 4:**

Separately for each Sony Patent, describe in detail each named inventor's contribution to and involvement with the invention claimed therein, and identify all documents that refer or relate thereto.

**RESPONSE TO INTERROGATORY NO. 4:**

Sony incorporates each of its general objections by reference. Sony objects to this request as overbroad and unduly burdensome to the extent it seeks identification of "<u>all</u> documents that refer or relate thereto." Sony objects to this request as vague and ambiguous to the extent it uses the phrase "contribution to and involvement with" without defining it. Sony further objects to this request to the extent it calls for a legal conclusion or for information otherwise protected from discovery by the attorney-client privilege and/or the work product doctrine, including communications reflecting legal advice by and between Sony's engineers and Sony's in-house legal advisers responsible for patent prosecution, licensing, and litigation. Sony further objects to this interrogatory to the extent it seeks information that is more appropriately the subject of a different form of discovery, such as a deposition.

Without waiving the foregoing general and specific objections and subject to those objections, Sony responds as follows:

Sony refers Vizio to Sony's response to Interrogatory No. 3, above, and incorporates it by reference herein. Sony further states:

**The '626 Patent:** Named inventors Toshihide Hayashi and Koki Tsumori worked together and contributed to at least one of the inventions claimed in the '626 patent.

**The '577, '542, and '847 Patents:** Named inventor Ikuo Tsukagoshi is the sole named inventor of the '577, '542, and '847 patents.

**The '373 Patent:** Named inventors Tomoko Ohyama, Yukiko Ohkura, Masaharu Fukumoto, Shigeyuki Sano, Yasuko Rokukawa, Shiro Endo, Kyosuke

1 Oda, Yumiko Minakawa, and Chifumi Matsuura worked together with each

2 contributing to at least one of the inventions claimed in the '373 patent.

3    **The '614 Patent:**  Named inventors Kazuto Mugura, Yuko Nishikawa,

4 Joseph Saib, and Ludovic Legrand worked together with each contributing to at

5 least one of the inventions claimed in the '614 patent.

6    **The '055 and '468 Patents:**  Named inventors Junichi Tsukamoto, Koichi

7 Goto, and Shinichi Fukushima worked together with each contributing to at least

8 one of the inventions claimed in the '055 and '468 patents.

9    **The '472 Patent:**  Named inventors Peter Rae Shintani and Shigeharu Kondo

10 worked together with each contributing to at least one of the inventions claimed in

11 the '472 patent.

12    **The '182 Patent:**  Named inventor Yoshifumi Yamakawa is the sole named

13 inventor of the '182 patent.

14    Sony is continuing to investigate the subject matter of this interrogatory and

15 reserves the right to supplement its response to the extent it locates additional non-

16 privileged, relevant documents or information responsive to this interrogatory.

17

18 **INTERROGATORY NO. 5:**

19    Separately for each Sony Patent, identify each person other than a named

20 inventor who contributed to or was involved in any way with the conception or

21 actual reduction to practice of the claimed invention, each such person's

22 contribution to or involvement in those events, and all documents that refer or relate

23 thereto.

24 **RESPONSE TO INTERROGATORY NO. 5:**

25    Sony incorporates each of its general objections by reference.  Sony objects to

26 this request as overbroad and unduly burdensome to the extent it seeks "<u>all</u>

27 documents" and information pertaining to persons "involved in any way."  Sony

28 objects to this request as vague and ambiguous to the extent it uses the terms

1 "contributed to or was involved in any way" and "contribution to and involvement
2 with" without defining them. Sony further objects to this request to the extent it
3 calls for a legal conclusion or seeks information protected from discovery by the
4 attorney-client privilege and/or the work product doctrine. Sony further objects to
5 this request as seeking information that is not relevant to the subject matter of this
6 action nor reasonably calculated to lead to the discovery of admissible evidence.

7 Without waiving the foregoing general and specific objections and subject to
8 those objections, Sony responds as follows:

9 To the extent the phrases "contributed to or was involved in any way" and
10 "contributed to or was involved in any way with" are intended to refer to persons
11 who would have been eligible to be named as inventors on the patents in suit, Sony
12 is not aware of anyone other than the named inventors who contributed to or were
13 involved with the inventions described in the patents in suit in that manner.

14 Sony is continuing to investigate the subject matter of this interrogatory and
15 reserves the right to supplement its response to the extent it locates additional non-
16 privileged, relevant documents or information responsive to this interrogatory.

17

18 **INTERROGATORY NO. 6:**

19 Separately for each Sony Patent, Related Patent, and Related Application,
20 identify all prior art of which Sony is aware concerning the claimed invention of
21 such patent or application, including without limitation all relevant public uses,
22 offers for sale, or sales in the United States occurring prior to the earliest effective
23 filing date of each such patent, all relevant patents and publications dated prior to
24 the earliest effective filing date of each such patent, and all relevant documents
25 concerning such identified prior art.

26 **RESPONSE TO INTERROGATORY NO. 6:**

27 Sony incorporates each of its general objections by reference. Sony objects to
28 this request as vague and ambiguous to the extent it uses the terms "prior art" and

1  "relevant" without providing corresponding definitions and on the grounds that
2  these terms require a subjective analysis. Sony's response to this interrogatory is
3  accordingly based on its understanding of the meaning of those terms. Sony further
4  objects to this request to the extent it calls for information protected from discovery
5  by the attorney-client privilege and/or the work product doctrine. Requesting that
6  Sony identify prior art references known to Sony to be relevant to the patents-in-
7  suit, to the extent any such prior art exists, calls for the mental impressions,
8  conclusions, opinions, or legal theories of Sony's counsel and legal
9  advisors, which are entitled to protection from discovery under the Federal Rules.

10     Without waiving the foregoing general and specific objections, without
11  conceding that any prior art anticipates or renders obvious any element of any
12  patent-in-suit, and subject to those objections, Sony responds as follows:

13     Without waiving its objections to relevancy and to Vizio's use of the term
14  "prior art," pursuant to Federal Rule Civil Procedure 33(d), Vizio may derive or
15  ascertain information that may be responsive to this interrogatory from the
16  following documents: documents cited during the prosecution of the patents-in-suit
17  and documents identified by Westinghouse during *Sony Corporation v.*
18  *Westinghouse Digital Electronics, LLC,* Case No. CV-08-3934 with production
19  numbers: SONY0005933-6355, SONY0006356-6839, SONY0006840-7161,
20  SONY0007162-7398, SONY0007399-7640, SONY0007641-7926, SONY0007927-
21  8191, SONY0008192-8374, SONY0008375-8604, SONY0008605-8786,
22  SONY0009220-9868, inclusive, and SONY0010192-22968, inclusive. Sony makes
23  no admission that any of these documents are prior art to any of the patents-in-suit.

24     Sony is continuing to investigate the subject matter of this interrogatory and
25  reserves the right to supplement its response to the extent it locates additional non-
26  privileged, relevant documents or information responsive to this interrogatory.

27
28

**INTERROGATORY NO. 7:**

Separately for each prior art search directed to any subject matter claimed at any time in any of the Sony Patents and Related Patents, describe the details of such search, including without limitation the persons involved in conducting the search, when the search was conducted, the particular subject matter to which the search was directed, all prior art located as a result of such search, the persons to whom the search results were communicated, and all documents that refer or relate thereto.

**RESPONSE TO INTERROGATORY NO. 7:**

Sony incorporates each of its general objections by reference. Sony objects to this request as vague and ambiguous to the extent it uses the terms "prior art" and "any subject matter" without providing corresponding definitions and on the grounds that these terms require a subjective analysis. Sony's response to this interrogatory is accordingly based on its understanding of the meaning of those terms. Sony further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. Requesting that Sony identify prior art references known to Sony to be relevant to the patents-in-suit, to the extent any such prior art exists, calls for the mental impressions, conclusions, opinions, or legal theories of Sony's counsel and legal advisors, which are entitled to protection from discovery under the Federal Rules. Similarly, all prior art searches not otherwise described below were carried out either by or at the direction of counsel in anticipation of litigation and the details of such searches are protected by the attorney-client privilege and/or the work product doctrine.

Without waiving the foregoing general and specific objections, without conceding that any prior art anticipates or renders obvious any element of any patent-in-suit, and subject to those objections, Sony responds as follows:

**The '626 Patent:** On March 12, 1993, a prior art search was carried out at the direction of Michael Nicholls. The results of the search were submitted to the

European Patent Office. On July 2, 1993, the '626 applicants submitted a List of
Prior Art Cited by Applicant to the U.S.P.T.O. which detailed prior art potentially
related to the application for the '626 patent that had been located by applicants
during the pendency of the '626 application. The search was conducted at the
direction of Jay Maioli. Pursuant to Fed. R. Civ. P. 33(d), Sony refers Vizio to
additional information regarding these prior art searches contained in documents
with the following production number ranges: SONY0005933-6355.

**The '577 Patent:** On September 2, 1994, a prior art search was carried out at
the direction of Shigemoto Tanabe. The results of the search were submitted to the
Japanese Patent Office. Pursuant to Fed. R. Civ. P. 33(d), Sony refers Vizio to
additional information regarding this prior art search contained in documents with
the following production number ranges: SONY0006356-6839.

**The '542 Patent:** On March 4, 1997, applicants of the '542 Patent filed an
Information Disclosure Statement at the direction of Charles Sammut, listing certain
results of a prior art search. Pursuant to Fed. R. Civ. P. 33(d), Sony refers Vizio to
additional information regarding this prior art search contained in documents with
the following production number ranges: SONY0006840-7161.

**The '847 Patent:** Pursuant to Fed. R. Civ. P. 33(d), Sony refers Vizio to
documents with the following production number ranges: SONY0007162-7398.

**The '373 Patent:** Pursuant to Fed. R. Civ. P. 33(d), Sony refers Vizio to
documents with the following production number ranges: SONY0007927-8191.

**The '614 Patent:** On October 17, 1997, applicants of the '614 Patent filed
an Information Disclosure Statement at the direction of Maria Sobrino, listing
certain results of a prior art search. On October 17, 1997, applicants of the '614
Patent filed an Information Disclosure Statement at the direction of Sang Hui Kim,
listing certain results of a prior art search. On February 12, 1998, applicants of the
'614 Patent filed an Information Disclosure Statement at the direction of Richard
Gregory, listing certain results of a prior art search. On September 25, 1998,

51451/2911762.5
CONFIDENTIAL
Case No. SA CV 08-01135-RGK (FMOx)
RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)
Exhibit 2 Page 33

applicants of the '614 Patent filed an Information Disclosure Statement at the
direction of Maria Sobrino, listing certain results of a prior art search.  On December
8, 1998, applicants of the '614 Patent filed an Information Disclosure Statement at
the direction of Richard Gregory, listing certain results of a prior art search.
Pursuant to Fed. R. Civ. P. 33(d), Sony refers Vizio to additional information
regarding these prior art searches contained in documents with the following
production number ranges: SONY0007399-7640.

   **The '055 Patent:**  On October 18, 2000, applicants of the '055 Patent filed
an Information Disclosure Statement at the direction of Gordon Kessler, listing
certain results of a prior art search.  On January 18, 2002, applicants of the '055
Patent filed an Information Disclosure Statement at the direction of Gordon Kessler,
listing certain results of a prior art search.  Pursuant to Fed. R. Civ. P. 33(d), Sony
refers Vizio to additional information regarding these prior art searches contained in
documents with the following production number ranges: SONY0007641-7926.

   **The '468 Patent:**  On October 18, 2000, applicants of the '055 Patent filed
an Information Disclosure Statement at the direction of Gordon Kessler, listing
certain results of a prior art search.  On January 18, 2002, applicants of the '055
Patent filed an Information Disclosure Statement at the direction of Gordon Kessler,
listing certain results of a prior art search.  On November 28, 2005, applicants of the
'468 Patent filed an Information Disclosure Statement at the direction of William
Frommer, listing certain results of a prior art search.  On May 23, 2007, applicants
of the '468 Patent filed an Information Disclosure Statement at the direction of
William Frommer, listing certain results of a prior art search.  Pursuant to Fed. R.
Civ. P. 33(d), Sony refers Vizio to additional information regarding these prior art
searches contained in documents with the following production number ranges:
SONY0007641-7926 and SONY0008605-8786.

   **The '472 Patent:**  On February 18, 2000, applicants of the '472 Patent filed
an Information Disclosure Statement at the direction of Hans Mahr, listing certain

1  results of a prior art search.  Pursuant to Fed. R. Civ. P. 33(d), Sony refers Vizio to

2  additional information regarding these prior art searches contained in documents

3  with the following production number ranges: SONY0008192-8374.

4      **The '182 Patent:**  Pursuant to Fed. R. Civ. P. 33(d), Sony refers Vizio to

5  documents with the following production number ranges: SONY0008375-8604.

6      Sony is continuing to investigate the subject matter of this interrogatory and

7  reserves the right to supplement its response to the extent it locates additional non-

8  privileged, relevant documents or information responsive to this interrogatory.

9

10  **INTERROGATORY NO. 8:**

11      Separately for each Asserted Sony Claim, identify all facts concerning, the

12  persons most knowledgeable about, and all documents concerning, any objective

13  indicia that Sony contends supports nonobviousness of the claimed invention,

14  including without limitation any commercial success of the claimed invention, any

15  long felt but unmet need for the claimed invention, any failure of others to develop

16  the claimed invention, or any unexpected results of the claimed invention.

17  **RESPONSE TO INTERROGATORY NO. 8:**

18      Sony incorporates each of its general objections by reference.  Sony objects to

19  this request as overbroad and unduly burdensome to the extent it seeks "all facts"

20  and "all documents."  Sony further objects to this request to the extent it calls for

21  information protected from discovery by the attorney-client privilege and/or the

22  work product doctrine.  Materials and information referring or relating to objective

23  indicia of nonobviousness include those which would otherwise be responsive to

24  this request but were created by or at the direction of Sony's outside or in-house

25  counsel and professional legal advisers.  Such privileged materials and information

26  include communications containing legal advice by and between Sony's engineers

27  and Sony's in-house legal advisers responsible for patent prosecution, licensing, and

28  litigation.   Such materials and information that would otherwise be responsive to

1  this request also include materials and information prepared or exchanged in
2  anticipation of litigation, including the case at hand and related litigations. Sony
3  further objects to this request as calling for legal conclusions. Sony further objects
4  to this request to the extent it seeks the confidential information of third parties and
5  information not in the possession, custody, or control of Sony.

6      Without waiving the foregoing general and specific objections and subject to
7  those objections, Sony responds as follows:

8      **The '626 Patent:** The claims of the '626 patent exhibit some, if not all, of the
9  secondary considerations and objective indicia of non-obviousness enunciated in
10 *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny. For
11 example, the inventions claimed in the '626 patent addressed the long-felt but unmet
12 need for easy-to-use on-screen displays for color televisions and reflect the failure of
13 others to develop suitable on-screen displays. The sales of Sony televisions and the
14 products of Sony licensees that embody the patented inventions claimed in the '626
15 patent demonstrate commercial success. Sony's numerous licenses with other
16 television manufacturers that cover the '626 patent are evidence of commercial
17 acquiescence to the validity of the patent.

18      **The '577 Patent:** The claims of the '577 patent exhibit some, if not all, of the
19 secondary considerations and objective indicia of non-obviousness enunciated in
20 *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny. For
21 example, the inventions claimed in the '577 patent addressed the long-felt but unmet
22 need for the efficient display of high-quality subtitles without picture degradation on
23 color televisions and reflect the failure of others to develop these techniques. The
24 sales of Sony televisions and the products of Sony licensees that embody the
25 patented inventions claimed in the '577 patent demonstrate commercial success.
26 Sony's numerous licenses with other television manufacturers that cover the '577
27 patent are evidence of commercial acquiescence to the validity of the patent.

28

1    **The '542 Patent:** The claims of the '542 patent exhibit some, if not all, of the
2    secondary considerations and objective indicia of non-obviousness enunciated in
3    *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny. For
4    example, the inventions claimed in the '542 patent addressed the long-felt but unmet
5    need for efficient processing of subtitle data and other data for display on color
6    televisions and reflect the failure of others to develop such techniques. The sales of
7    Sony televisions and the products of Sony licensees that embody the patented
8    inventions claimed in the '542 patent demonstrate commercial success. Sony's
9    numerous licenses with other television manufacturers that cover the '542 patent are
10   evidence of commercial acquiescence to the validity of the patent.
11   **The '847 Patent:** The claims of the '847 patent exhibit some, if not all, of the
12   secondary considerations and objective indicia of non-obviousness enunciated in
13   *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny. For
14   example, the inventions claimed in the '847 patent addressed the long-felt but unmet
15   need for properly and efficiently processing and decoding subtitle data in real time
16   and reflect the failure of others to develop such techniques. The sales of Sony
17   televisions and the products of Sony licensees that embody the patented inventions
18   claimed in the '847 patent, demonstrate commercial success. Sony's numerous
19   licenses with other television manufacturers that cover the '847 patent are evidence
20   of commercial acquiescence to the validity of the patent.
21   **The '373 Patent:** The claims of the '373 patent exhibit some, if not all, of the
22   secondary considerations and objective indicia of non-obviousness enunciated in
23   *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny. For
24   example, the inventions claimed in the '373 patent addressed the long-felt but unmet
25   need for easy-to-use function control menus displayed by color televisions and
26   reflect the failure of others to develop suitable function control menus. The sales of
27   Sony televisions and the products of Sony licensees that embody the patented
28   inventions claimed in the '373 patent demonstrate commercial success. Sony's

1  numerous licenses with other television manufacturers that cover the '373 patent are

2  evidence of commercial acquiescence to the validity of the patent.

3  **The '614 Patent:**  The claims of the '614 patent exhibit some, if not all, of the

4  secondary considerations and objective indicia of non-obviousness enunciated in

5  *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny.  For

6  example, the inventions claimed in the '614 patent addressed the long-felt but unmet

7  need for easy-to-use on-screen menu displays on color televisions and reflect the

8  failure of others to develop such on-screen menu displays.  The sales of Sony

9  televisions and the products of Sony licensees that embody the patented inventions

10  claimed in the '614 patent demonstrate commercial success.  Sony's numerous

11  licenses with other television manufacturers that cover the '614 patent are evidence

12  of commercial acquiescence to the validity of the patent.

13  **The '055 Patent:**  The claims of the '055 patent exhibit some, if not all, of the

14  secondary considerations and objective indicia of non-obviousness enunciated in

15  *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny.  For

16  example, the inventions claimed in the '055 patent addressed the long-felt but unmet

17  need for secure transmission of video data to color televisions and reflect the failure

18  of others to develop suitable techniques for the secure transmission of such data.

19  The sales of Sony televisions and the products of Sony licensees that embody the

20  patented inventions claimed in the '055 patent demonstrate commercial success.

21  Sony's numerous licenses with other television manufacturers that cover the '055

22  patent are evidence of commercial acquiescence to the validity of the patent.

23  **The '468 Patent:**  The claims of the '468 patent exhibit some, if not all, of the

24  secondary considerations and objective indicia of non-obviousness enunciated in

25  *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny.  For

26  example, the inventions claimed in the '468 patent addressed the long-felt but unmet

27  need for secure transmission of video data to color televisions and reflect the failure

28  of others to develop such techniques for secure transmission.  The sales of Sony

1 televisions and the products of Sony licensees that embody the patented inventions
2 claimed in the '468 patent demonstrate commercial success. Sony's numerous
3 licenses with other television manufacturers that cover the '468 patent are evidence
4 of commercial acquiescence to the validity of the patent.

5     **The '472 Patent:** The claims of the '472 patent exhibit some, if not all, of the
6 secondary considerations and objective indicia of non-obviousness enunciated in
7 *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny. For
8 example, the inventions claimed in the '472 patent addressed the long-felt but unmet
9 need for an easy-to-use way of displaying and selecting a major and minor channel
10 from a digital television broadcast signal and reflect the failure of others to develop
11 such techniques. The sales of Sony televisions and the products of Sony licensees
12 that embody the patented inventions claimed in the '472 patent demonstrate
13 commercial success. Sony's numerous licenses with other television manufacturers
14 that cover the '472 patent are evidence of commercial acquiescence to the validity
15 of the patent.

16     **The '182 Patent:** The claims of the '182 patent exhibit some, if not all, of the
17 secondary considerations and objective indicia of non-obviousness enunciated in
18 *Graham v. John Deere Co. of Kansas City*, 383 U.S. 1 (1966) and its progeny. For
19 example, the inventions claimed in the '182 patent addressed the long-felt but unmet
20 need for dynamic gamma correction of a color television video signal and reflect the
21 failure of others to develop suitable techniques for dynamic gamma correction. The
22 sales of Sony televisions and the products of Sony licensees that embody the
23 patented inventions claimed in the '182 patent demonstrate commercial success.
24 Sony's numerous licenses with other television manufacturers that cover the '182
25 patent are evidence of commercial acquiescence to the validity of the patent.

26     Sony notes that this list is non-exhaustive and there may be objective indicia
27 or secondary considerations of non-obviousness that are not included in the
28 response. If Sony becomes aware of any such omissions through discovery or

1   otherwise, it will supplement its response to include any nonprivileged, responsive

2   information.  Pursuant to Federal Rule Civil Procedure 33(d), Vizio may also derive

3   or ascertain information responsive to this interrogatory from at least the following

4   documents produced in this matter:  SONY0009089-9219.

5       Sony is continuing to investigate the subject matter of this interrogatory and

6   reserves the right to supplement its response to the extent it locates additional non-

7   privileged, relevant documents or information responsive to this interrogatory.

8

9   **INTERROGATORY NO. 9:**

10      Separately for each Sony Patent, state the best mode of carrying out the

11  claimed invention as known to the inventor(s) at the earliest effective United States

12  filing date of each such patent, and identify the persons most knowledgeable and all

13  documents and things that refer or relate thereto.

14  **RESPONSE TO INTERROGATORY NO. 9:**

15      Sony incorporates each of its general objections by reference.  Sony objects to

16  this request as overbroad and unduly burdensome to the extent it seeks "<u>all</u>

17  documents."  Sony further objects to this request to the extent it calls for

18  information protected from discovery by the attorney-client privilege and/or the

19  work product doctrine.  Sony further objects to this request as calling for legal

20  conclusions.

21      Without waiving the foregoing general and specific objections and subject to

22  those objections, Sony responds as follows:

23      35 U.S.C. § 112 states in part: "The specification shall contain a written

24  description of the invention, and of the manner and process of making and using it,

25  in such full, clear, concise, and exact terms as to enable any person skilled in the art

26  to which it pertains, or with which it is most nearly connected, to make and use the

27  same, and shall set forth the best mode contemplated by the inventor of carrying out

28  his invention."

1  The specifications of each of the patents-in-suit set forth the best mode
2  contemplated by the inventors for carrying out the claimed inventions. The named
3  inventors of the patents-in-suit are most knowledgeable concerning this topic
4  regarding their respective patents. Pursuant to Federal Rule Civil Procedure 33(d),
5  Vizio may derive or ascertain information responsive to this interrogatory from at
6  least the following documents produced in this matter: SONY0008787-8825,
7  SONY0008826-8850, SONY0008851-8888, SONY0008889-8927, SONY0008928-
8  8952, SONY0008953-8984, SONY0008985-8997, SONY0008998-9037,
9  SONY0009038-9061, and SONY0009062-9088.
10  Sony is continuing to investigate the subject matter of this interrogatory and
11  reserves the right to supplement its response to the extent it locates additional non-
12  privileged, relevant documents or information responsive to this interrogatory.
13
14  **INTERROGATORY NO. 10:**
15  Identify all Patented Sony Products by name and model number, and for each
16  identified product list all Sony Patents that cover such product.
17  **RESPONSE TO INTERROGATORY NO. 10:**
18  Sony incorporates each of its general objections by reference. Sony objects to
19  this request as overbroad and unduly burdensome to the extent it seeks "all []
20  Products." Sony further objects to this request to the extent it calls for information
21  protected from discovery by the attorney-client privilege and/or the work product
22  doctrine.
23  Without waiving the foregoing general and specific objections and subject to
24  those objections, Sony responds as follows:
25  Based on a reasonable investigation, which is ongoing, and on information
26  and belief, Sony has identified Sony products (listed by model number) that embody
27  the subject matter of each of the patents-in-suit. These products are identified in the
28  charts below.

**The '626 Patent:**

| Products |
| --- |
| KD27FS130 |
| KD32FS130 |
| KD36FS130 |
| KD27FS170, KD32FS170, KD36FS170 |
| KD30XS955 |
| KD32XS945 |
| KD34XS955, KD36XS955 |
| KDE37XS955 |
| KDE42XS955 |
| KDE50XS955 |
| KDF42E2000 |
| KDF46E2000 |
| KDF50E2000 |
| KDF55E2000 |
| KDF42WE655, KDF50WE655, KDF55WE655, KDF60WE655 |
| KDF46E3000, KDF50E3000 |
| KDF55XS955, KDF60XS955 |
| KDF60XBR950, KDF70XBR950 |
| KDFE42A10, KDFE50A10 |
| KDL23S2000 |
| KDL26S2000, KDL32S2000, KDL40S2000 |
| KDL46S2000 |
| KDL23S2010, KDL26S2010, KDL32S2010 |
| KDL40S2010, KDL46S2010 |
| KDL26S3000 |
| KDL32S3000, KDL40S3000, KDL46S3000 |
| KDL32SL130, KDL40SL130 |
| KDL32S2400, KDL40S2400 |
| KDL32XBR6 |
| KDL37XBR6 |
| KDL40V4150 |
| KDL40V4100 |
| KDL42V4100, KDL46V4100, KDL52V4100 |
| KDL40W4100 |
| KDL46W4100 |
| KDL52W4100 |
| KDL46W4150 |
| KDL40S4100, KDL46S4100 |
| KDL40Z4100, KDL46Z4100 |
| KDL40V2500, KDL46V2500 |
| KDL40V3000, KDL46V3000 |
| KDL40VL130, KDL46VL130 |
| KDL40W3000, KDL46W3000 |
| KDL52W3000 |

Case No. SA CV 08-01135-RGK (FMOx)
RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)
Exhibit 2 Page 42

51451/2911762.5

CONFIDENTIAL

| |
|---|
| KDL40WL135 |
| KDL46WL135 |
| KDL52WL135 |
| KDL40XBR2, KDL46XBR2 |
| KDL40XBR3, KDL46XBR3 |
| KDL52XBR2, KDL52XBR3 |
| KDL40XBR4, KDL46XBR4, KDL52XBR4 |
| KDL40XBR5 |
| KDL46XBR5 |
| KDL52XBR5 |
| KDLV26XBR1, KDLV32XBR1, KDLV40XBR1 |
| KDP51WS550 |
| KDP57WS550, KDP65WS550 |
| KDP51WS655, KDP57WS655 |
| KDP57XBR2, KDP65XBR2 |
| KDS50A2000, KDS55A2000, KDS60A2000 |
| KDS50A2020, KDS55A2020, KDS60A2020 |
| KDS50A3000, KDS55A3000, KDS60A3000 |
| KDSR50XBR1 |
| KDSR60XBR1 |
| KDSR60XBR2, KDSR70XBR2 |
| KDL32L4000, KDL37L4000 |
| KDFE55A20, KDFE60A20 |
| KDL32S20L1, KDL40S20L1 |
| KDS50AL120 |
| KDS55AL120 |
| KDS60AL120 |
| KDL32XBR4 |
| KW34HD1 |
| KDL70XBR3 |
| KD34XBR2 |
| KD34XBR960 |
| KD34XBR970 |
| KDF37H1000 |
| KDL46V25L1 |
| KDL52WL130 |
| KDLV32XBR2 |
| KWP65HD1 |
| KDL19M4000 |
| KDL70XBR3 |
| KDS70Q006 |
| KDX46Q005 |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

51451/2911762.5

CONFIDENTIAL

## The '577 Patent:

| Products |
| --- |
| KD27FS130 |
| KD32FS130 |
| KD36FS130 |
| KD27FS170, KD32FS170, KD36FS170 |
| KD30XS955 |
| KD32XS945 |
| KD34XS955, KD36XS955 |
| KDE37XS955 |
| KDE42SX955 |
| KDE50XS955 |
| KDF42E2000 |
| KDF46E2000 |
| KDF50E2000 |
| KDF55E2000 |
| KDF42WE655, KDF50WE655, KDF55WF655, KDF60WF655 |
| KDF46E3000, KDF50E3000 |
| KDF55XS955, KDF60XS955 |
| KDF60XBR950, KDF70XBR950 |
| KDFE42A10, KDFE50A10 |
| KDL23S2000 |
| KDL26S2000, KDL32S2000, KDL40S2000 |
| KDL46S2000 |
| KDL23S2010, KDL26S2010, KDL32S2010 |
| KDL40S2010, KDL46S2010 |
| KDL26S3000 |
| KDL32S3000, KDL40S3000, KDL46S3000 |
| KDL32SL130, KDL40SL130 |
| KDL32S2400, KDL40S2400 |
| KDL32XBR6 |
| KDL37XBR6 |
| KDL40V4150 |
| KDL40V4100 |
| KDL42V4100, KDL46V4100, KDL52V4100 |
| KDL40W4100 |
| KDL46W4100 |
| KDL52W4100 |
| KDL46W4150 |
| KDL40S4100, KDL46S4100 |
| KDL40Z4100, KDL46Z4100 |
| KDL40V2500, KDL46V2500 |
| KDL40V3000, KDL46V3000 |
| KDL40VL130, KDL46VL130 |
| KDL40W3000, KDL46W3000 |
| KDL52W3000 |

51451/2911762.5

CONFIDENTIAL

| |
|---|
| KDL40WL135 |
| KDL46WL135 |
| KDL52WL135 |
| KDL40XBR2, KDL46XBR2 |
| KDL40XBR3, KDL46XBR3 |
| KDL52XBR2, KDL52XBR3 |
| KDL40XBR4, KDL46XBR4, KDL52XBR4 |
| KDL40XBR5 |
| KDL46XBR5 |
| KDL52XBR5 |
| KDLV26XBR1, KDLV32XBR1, KDLV40XBR1 |
| KDP51WS550 |
| KDP57WS550, KDP65WS550 |
| KDP51WS655, KDP57WS655 |
| KDP57XBR2, KDP65XBR2 |
| KDS50A2000, KDS55A2000, KDS60A2000 |
| KDS50A2020, KDS55A2020, KDS60A2020 |
| KDS50A3000, KDS55A3000, KDS60A3000 |
| KDSR50XBR1 |
| KDSR60XBR1 |
| KDSR60XBR2, KDSR70XBR2 |
| KDL32L4000, KDL37L4000 |
| KDFE55A20, KDFE60A20 |
| KDL26M3000, KDL32M3000 |
| KDL37M3000 |
| KDL26ML130, KDL32ML130 |
| KDL26M4000 |
| KDL32M4000 |
| KDL37M4000 |
| KDL32N4000, KDL37N4000 |
| KDL26NL140, KDL32NL140, KDL37NL140 |
| KDL32S20L1, KDL40S20L1 |
| KDS50AL120 |
| KDS55AL120 |
| KDS60AL120 |
| KDL32XBR4 |
| KW34HD1 |
| KDL70XBR3 |
| KD34XBR2 |
| KD34XBR960 |
| KD34XBR970 |
| KDF37H1000 |
| KDL46V25L1 |
| KDL52WL130 |
| KDLV32XBR2 |

51451/2911762.5

CONFIDENTIAL

Case No. SA CV 08-01135-RGK (FMOx)
RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)
Exhibit 2 Page 45

| |
|---|
| KWP65HD1 |
| KDL19M4000 |
| KDL70XBR3 |
| KDS70Q006 |
| KDX46Q005 |

## The '542 Patent:

| Products |
|---|
| KD27FS130 |
| KD32FS130 |
| KD36FS130 |
| KD27FS170, KD32FS170, KD36FS170 |
| KD30XS955 |
| KD32XS945 |
| KD34XS955, KD36XS955 |
| KDE37XS955 |
| KDE42SX955 |
| KDE50XS955 |
| KDF42E2000 |
| KDF46E2000 |
| KDF50E2000 |
| KDF55E2000 |
| KDF42WE655, KDF50WE655, KDF55WF655, KDF60WF655 |
| KDF46E3000, KDF50E3000 |
| KDF55XS955, KDF60XS955 |
| KDF60XBR950, KDF70XBR950 |
| KDFE42A10, KDFE50A10 |
| KDL23S2000 |
| KDL26S2000, KDL32S2000, KDL40S2000 |
| KDL46S2000 |
| KDL23S2010, KDL26S2010, KDL32S2010 |
| KDL40S2010, KDL46S2010 |
| KDL26S3000 |
| KDL32S3000, KDL40S3000, KDL46S3000 |
| KDL32SL130, KDL40SL130 |
| KDL32S2400, KDL40S2400 |
| KDL32XBR6 |
| KDL37XBR6 |
| KDL40V4150 |
| KDL40V4100 |
| KDL42V4100, KDL46V4100, KDL52V4100 |
| KDL40W4100 |
| KDL46W4100 |
| KDL52W4100 |
| KDL46W4150 |

51451/2911762.5

CONFIDENTIAL

Case No. SA CV 08-01135-RGK (FMOx)
RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)
Exhibit 2 Page 46

| | |
|---|---|
| 1 | KDL40S4100, KDL46S4100 |
| | KDL40Z4100, KDL46Z4100 |
| 2 | KDL40V2500, KDL46V2500 |
| | KDL40V3000, KDL46V3000 |
| 3 | KDL40VL130, KDL46VL130 |
| | KDL40W3000, KDL46W3000 |
| 4 | KDL52W3000 |
| | KDL40WL135 |
| 5 | KDL46WL135 |
| | KDL52WL135 |
| 6 | KDL40XBR2, KDL46XBR2 |
| | KDL40XBR3, KDL46XBR3 |
| 7 | KDL52XBR2, KDL52XBR3 |
| | KDL40XBR4, KDL46XBR4, KDL52XBR4 |
| 8 | KDL40XBR5 |
| | KDL46XBR5 |
| 9 | KDL52XBR5 |
| 10 | KDLV26XBR1, KDLV32XBR1, KDLV40XBR1 |
| 11 | KDP51WS550 |
| | KDP57WS550, KDP65WS550 |
| 12 | KDP51WS655, KDP57WS655 |
| | KDP57XBR2, KDP65XBR2 |
| 13 | KDS50A2000, KDS55A2000, KDS60A2000 |
| 14 | KDS50A2020, KDS55A2020, KDS60A2020 |
| 15 | KDS50A3000, KDS55A3000, KDS60A3000 |
| 16 | KDSR50XBR1 |
| 17 | KDSR60XBR1 |
| | KDSR60XBR2, KDSR70XBR2 |
| 18 | KDL32L4000, KDL37L4000 |
| | KDFE55A20, KDFE60A20 |
| 19 | KDL26M3000, KDL32M3000 |
| | KDL37M3000 |
| 20 | KDL26ML130, KDL32ML130 |
| | KDL26M4000 |
| 21 | KDL32M4000 |
| | KDL37M4000 |
| 22 | KDL32N4000, KDL37N4000 |
| 23 | KDL26NL140, KDL32NL140, KDL37NL140 |
| 24 | KDL32S20L1, KDL40S20L1 |
| | KDS50AL120 |
| 25 | KDS55AL120 |
| | KDS60AL120 |
| 26 | KDL32XBR4 |
| 27 | KW34HD1 |
| 28 | KDL70XBR3 |

| |
|---|
| KD34XBR2 |
| KD34XBR960 |
| KD34XBR970 |
| KDF37H1000 |
| KDL46V25L1 |
| KDL52WL130 |
| KDLV32XBR2 |
| KWP65HD1 |
| KDL19M4000 |
| KDL70XBR3 |
| KDS70Q006 |
| KDX46Q005 |

## The '847 Patent:

| Products |
|---|
| KD27FS130 |
| KD32FS130 |
| KD36FS130 |
| KD27FS170, KD32FS170, KD36FS170 |
| KD30XS955 |
| KD32XS945 |
| KD34XS955, KD36XS955 |
| KDE37XS955 |
| KDE42SX955 |
| KDE50XS955 |
| KDF42E2000 |
| KDF46E2000 |
| KDF50E2000 |
| KDF55E2000 |
| KDF42WE655, KDF50WE655, KDF55WF655, KDF60WF655 |
| KDF46E3000, KDF50E3000 |
| KDF55XS955, KDF60XS955 |
| KDF60XBR950, KDF70XBR950 |
| KDFE42A10, KDFE50A10 |
| KDL23S2000 |
| KDL26S2000, KDL32S2000, KDL40S2000 |
| KDL46S2000 |
| KDL23S2010, KDL26S2010, KDL32S2010 |
| KDL40S2010, KDL46S2010 |
| KDL26S3000 |
| KDL32S3000, KDL40S3000, KDL46S3000 |
| KDL32SL130, KDL40SL130 |
| KDL32S2400, KDL40S2400 |
| KDL32XBR6 |
| KDL37XBR6 |
| KDL40V4150 |

51451/2911762.5

CONFIDENTIAL

| | |
|---|---|
| 1 | KDL40V4100 |
| 2 | KDL42V4100, KDL46V4100, KDL52V4100 |
| 3 | KDL40W4100 |
| | KDL46W4100 |
| 4 | KDL52W4100 |
| | KDL46W4150 |
| 5 | KDL40S4100, KDL46S4100 |
| 6 | KDL40Z4100, KDL46Z4100 |
| | KDL40V2500, KDL46V2500 |
| 7 | KDL40V3000, KDL46V3000 |
| | KDL40VL130, KDL46VL130 |
| 8 | KDL40W3000, KDL46W3000 |
| | KDL52W3000 |
| 9 | KDL40WL135 |
| | KDL46WL135 |
| 10 | KDL52WL135 |
| 11 | KDL40XBR2, KDL46XBR2 |
| | KDL40XBR3, KDL46XBR3 |
| 12 | KDL52XBR2, KDL52XBR3 |
| | KDL40XBR4, KDL46XBR4, KDL52XBR4 |
| 13 | KDL40XBR5 |
| | KDL46XBR5 |
| 14 | KDL52XBR5 |
| 15 | KDLV26XBR1, KDLV32XBR1, KDLV40XBR1 |
| 16 | KDP51WS550 |
| | KDP57WS550, KDP65WS550 |
| 17 | KDP51WS655, KDP57WS655 |
| | KDP57XBR2, KDP65XBR2 |
| 18 | KDS50A2000, KDS55A2000, KDS60A2000 |
| 19 | KDS50A2020, KDS55A2020, KDS60A2020 |
| 20 | KDS50A3000, KDS55A3000, KDS60A3000 |
| 21 | KDSR50XBR1 |
| | KDSR60XBR1 |
| 22 | KDSR60XBR2, KDSR70XBR2 |
| | KDL32L4000, KDL37L4000 |
| 23 | KDFE55A20, KDFE60A20 |
| | KDL26M3000, KDL32M3000 |
| 24 | KDL37M3000 |
| 25 | KDL26ML130, KDL32ML130 |
| | KDL26M4000 |
| 26 | KDL32M4000 |
| | KDL37M4000 |
| 27 | KDL32N4000, KDL37N4000 |
| 28 | KDL26NL140, KDL32NL140, KDL37NL140 |

| |
|---|
| KDL32S20L1, KDL40S20L1 |
| KDS50AL120 |
| KDS55AL120 |
| KDS60AL120 |
| KDL32XBR4 |
| KW34HD1 |
| KDL70XBR3 |
| KD34XBR2 |
| KD34XBR960 |
| KD34XBR970 |
| KDF37H1000 |
| KDL46V25L1 |
| KDL52WL130 |
| KDLV32XBR2 |
| KWP65HD1 |
| KDL19M4000 |
| KDL70XBR3 |
| KDS70Q006 |
| KDX46Q005 |

### The '373 Patent:

| Products |
|---|
| KD27FS130 |
| KD32FS130 |
| KD36FS130 |
| KD27FS170, KD32FS170, KD36FS170 |
| KD30XS955 |
| KD32XS945 |
| KD34XS955, KD36XS955 |
| KDE37XS955 |
| KDE42SX955 |
| KDE50XS955 |
| KDF42E2000 |
| KDF46E2000 |
| KDF50E2000 |
| KDF55E2000 |
| KDF42WE655, KDF50WE655, KDF55WF655, KDF60WF655 |
| KDF46E3000, KDF50E3000 |
| KDF55XS955, KDF60XS955 |
| KDF60XBR950, KDF70XBR950 |
| KDFE42A10, KDFE50A10 |
| KDL23S2000 |
| KDL26S2000, KDL32S2000, KDL40S2000 |
| KDL46S2000 |
| KDL23S2010, KDL26S2010, KDL32S2010 |
| KDL40S2010, KDL46S2010 |

| | |
|---|---|
| 1 | KDL26S3000 |
| | KDL32S3000, KDL40S3000, KDL46S3000 |
| 2 | KDL32SL130, KDL40SL130 |
| | KDL32S2400, KDL40S2400 |
| 3 | KDL32XBR6 |
| | KDL37XBR6 |
| 4 | KDL40V4150 |
| | KDL40V4100 |
| 5 | KDL42V4100, KDL46V4100, |
| | KDL52V4100 |
| 6 | KDL40W4100 |
| | KDL46W4100 |
| 7 | KDL52W4100 |
| | KDL46W4150 |
| 8 | KDL40S4100, KDL46S4100 |
| 9 | KDL40Z4100, KDL46Z4100 |
| | KDL40V2500, KDL46V2500 |
| 10 | KDL40V3000, KDL46V3000 |
| | KDL40VL130, KDL46VL130 |
| 11 | KDL40W3000, KDL46W3000 |
| | KDL52W3000 |
| 12 | KDL40WL135 |
| 13 | KDL46WL135 |
| | KDL52WL135 |
| 14 | KDL40XBR2, KDL46XBR2 |
| 15 | KDL40XBR3, KDL46XBR3 |
| | KDL52XBR2, KDL52XBR3 |
| 16 | KDL40XBR4, KDL46XBR4, KDL52XBR4 |
| | KDL40XBR5 |
| 17 | KDL46XBR5 |
| | KDL52XBR5 |
| 18 | KDLV26XBR1, KDLV32XBR1, |
| | KDLV40XBR1 |
| 19 | KDP51WS550 |
| 20 | KDP57WS550, KDP65WS550 |
| | KDP51WS655, KDP57WS655 |
| 21 | KDP57XBR2, KDP65XBR2 |
| 22 | KDS50A2000, KDS55A2000, |
| | KDS60A2000 |
| 23 | KDS50A2020, KDS55A2020, |
| | KDS60A2020 |
| 24 | KDS50A3000, KDS55A3000, |
| | KDS60A3000 |
| 25 | KDSR50XBR1 |
| | KDSR60XBR1 |
| 26 | KDSR60XBR2, KDSR70XBR2 |
| | KDL32L4000, KDL37L4000 |
| 27 | KDFE55A20, KDFE60A20 |
| 28 | KDL26M4000, KDL32M4000, |
| | KDL37M4000 |

| KDL32N4000, KDL37N4000 |
| KDL26NL140 |
| KDL32S20L1, KDL40S20L1 |
| KDS50AL120 |
| KDS55AL120 |
| KDS60AL120 |
| KDL32XBR4 |
| KW34HD1 |
| KDL70XBR3 |
| KD34XBR2 |
| KD34XBR960 |
| KD34XBR970 |
| KDF37H1000 |
| KDL46V25L1 |
| KDL52WL130 |
| KDLV32XBR2 |
| KWP65HD1 |
| KDL19M4000 |
| KDL70XBR3 |
| KDS70Q006 |
| KDX46Q005 |

## The '614 Patent:

| Products |
|---|
| SAT-A55 |
| SAT-B55 |
| SAT-A60 |
| SAT-B60 |
| SAT-A65 |
| SAT-B65 |
| SAT-A65A |
| SAT-B65A |
| SAT-HD100 |
| SAT-HD200 |
| SAT-HD300 |

## The '055 and '468 Patents:

| Products |
|---|
| KD30XS955 |
| KD32XS945 |
| KD34XS955, KD36XS955 |
| KDE37XS955 |
| KDE42SX955 |
| KDE50XS955 |

| |
|---|
| KDF42E2000 |
| KDF46E2000 |
| KDF50E2000 |
| KDF55E2000 |
| KDF42WE655, KDF50WE655, KDF55WF655, KDF60WF655 |
| KDF46E3000, KDF50E3000 |
| KDF55XS955, KDF60XS955 |
| KDF60XBR950, KDF70XBR950 |
| KDFE42A10, KDFE50A10 |
| KDL23S2000 |
| KDL26S2000, KDL32S2000, KDL40S2000 |
| KDL46S2000 |
| KDL23S2010, KDL26S2010, KDL32S2010 |
| KDL40S2010, KDL46S2010 |
| KDL26S3000 |
| KDL32S3000, KDL40S3000, KDL46S3000 |
| KDL32SL130, KDL40SL130 |
| KDL32S2400, KDL40S2400 |
| KDL32XBR6 |
| KDL37XBR6 |
| KDL40V4150 |
| KDL40V4100 |
| KDL42V4100, KDL46V4100, KDL52V4100 |
| KDL40W4100 |
| KDL46W4100 |
| KDL52W4100 |
| KDL46W4150 |
| KDL40S4100, KDL46S4100 |
| KDL40Z4100, KDL46Z4100 |
| KDL40V2500, KDL46V2500 |
| KDL40V3000, KDL46V3000 |
| KDL40VL130, KDL46VL130 |
| KDL40W3000, KDL46W3000 |
| KDL52W3000 |
| KDL40WL135 |
| KDL46WL135 |
| KDL52WL135 |
| KDL40XBR2, KDL46XBR2 |
| KDL40XBR3, KDL46XBR3 |
| KDL40XBR2, KDL52XBR3 |
| KDL40XBR4, KDL46XBR4, KDL52XBR4 |
| KDL40XBR5 |
| KDL46XBR5 |
| KDL52XBR5 |
| KDLV26XBR1, KDLV32XBR1, KDLV40XBR1 |
| KDP51WS550 |

51451/2911762.5

CONFIDENTIAL

Case No. SA CV 08-01135-RGK (FMOx)
RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)
Exhibit 2 Page 53

| Products |
|---|
| KDP57WS550, KDP65WS550 |
| KDP51WS655, KDP57WS655 |
| KDS50A2000, KDS55A2000, KDS60A2000 |
| KDS50A2020, KDS55A2020, KDS60A2020 |
| KDS50A3000, KDS55A3000, KDS60A3000 |
| KDSR50XBR1 |
| KDSR60XBR1 |
| KDSR60XBR2, KDSR70XBR2 |
| KDL32L4000, KDL37L4000 |
| KDFE55A20, KDFE60A20 |
| KDL26M3000, KDL32M3000 |
| KDL37M3000 |
| KDL26ML130, KDL32ML130 |
| KDL26M4000 |
| KDL32M4000 |
| KDL37M4000 |
| KDL32N4000, KDL37N4000 |
| KDL26NL140, KDL32NL140, KDL37NL140 |
| KDL32S20L1, KDL40S20L1 |
| KDS50AL120 |
| KDS55AL120 |
| KDS60AL120 |
| KDL32XBR4 |
| KDL70XBR3 |
| KD34XBR960 |
| KD34XBR970 |
| KDF37H1000 |
| KDL46V25L1 |
| KDL52WL130 |
| KDLV32XBR2 |
| KDL19M4000 |
| KDL70XBR3 |
| KDS70Q006 |
| KDX46Q005 |

**The '472 Patent:**

| Products |
|---|
| KDF60XBR950, KDF70XBR950 |
| KDP51WS550 |
| KDP57WS550, KDP65WS550 |
| KDP57XBR2, KDP65XBR2 |
| KDS50A2000, KDS55A2000, KDS60A2000 |

51451/2911762.5

CONFIDENTIAL

| |
|---|
| KW34HD1 |
| KD34XBR2 |
| KWP65HD1 |

## The '182 Patent:

| Products |
|---|
| PFM-500A1W |
| KZ-32TS1, KZ-42TS1 |
| KE-32TS2, KE-42TS2 |
| KDF46E3000, KDF50E3000 |
| KDFE42A10, KDFE50A10 |
| KDL23S2000 |
| KDL26S2000, KDL32S2000, KDL40S2000 |
| KDL46S2000 |
| KDL23S2010, KDL26S2010, KDL32S2010 |
| KDL40S2010, KDL46S2010 |
| KDL26S3000 |
| KDL32S3000, KDL40S3000, KDL46S3000 |
| KDL32SL130, KDL40SL130 |
| KDL32S2400, KDL40S2400 |
| KDL32XBR6 |
| KDL37XBR6 |
| KDL40V4150 |
| KDL40V4100 |
| KDL42V4100, KDL46V4100, KDL52V4100 |
| KDL40W4100 |
| KDL46W4100 |
| KDL52W4100 |
| KDL46W4150 |
| KDL40S4100, KDL46S4100 |
| KDL40Z4100, KDL46Z4100 |
| KDL40V2500, KDL46V2500 |
| KDL40V3000, KDL46V3000 |
| KDL40VL130, KDL46VL130 |
| KDL40W3000, KDL46W3000 |
| KDL52W3000 |
| KDL40WL135 |
| KDL46WL135 |
| KDL52WL135 |
| KDL40XBR2, KDL46XBR2 |
| KDL40XBR3, KDL46XBR3 |
| KDL52XBR2, KDL52XBR3 |
| KDL40XBR4, KDL46XBR4, KDL52XBR4 |
| KDL40XBR5 |
| KDL46XBR5 |
| KDL52XBR5 |

51451/2911762.5

CONFIDENTIAL

| | |
|---|---|
| KDLV26XBR1, KDLV32XBR1, KDLV40XBR1 | |
| KDS50A2000, KDS55A2000, KDS60A2000 | |
| KDS50A2020, KDS55A2020, KDS60A2020 | |
| KDS50A3000, KDS55A3000, KDS60A3000 | |
| KDSR50XBR1 | |
| KDSR60XBR1 | |
| KDSR60XBR2, KDSR70XBR2 | |
| KDL32L4000, KDL37L4000 | |
| KDS50AL120 | |
| KDS55AL120 | |
| KDS60AL120 | |
| KDL32XBR4 | |
| KDL70XBR3 | |
| KDL46V25L1 | |
| KDL52WL130 | |
| KDLV32XBR2 | |
| KDL70XBR3 | |
| KDS70Q006 | |
| KDX46Q005 | |

Sony is continuing to investigate Sony products that embody the subject matter of the patents-in-suit and reserves the right to supplement this response as additional information becomes available.

**INTERROGATORY NO. 11:**

Separately for each Patented Sony Product, state the date of the earliest public use, sale, and offer for sale of such product in the United States, and identify the persons most knowledgeable and all facts and documents that refer or relate to such first public use, sale, and offer for sale.

**RESPONSE TO INTERROGATORY NO. 11:**

Sony incorporates each of its general objections by reference. Sony objects to this request as overbroad and unduly burdensome to the extent it seeks "all facts and documents." Sony further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine.

1   Without waiving the foregoing general and specific objections and subject to
2   those objections, Sony responds as follows:

3       **The '626 Patent:** After a reasonable investigation, on information and belief,
4   Sony is unaware of any public disclosure of the inventions claimed in the asserted
5   claims of the '626 patent prior to the public disclosure that resulted from the patent
6   prosecution process. Further, Sony is unaware of any sale, offer for sale, or public
7   use of the inventions claimed in the asserted claims of the '626 patent in the U.S.
8   more than one year prior to the date of the application for patent in the U.S. Based
9   on the best of information available to Sony at this time, the inventions claimed in
10  the '626 patent were first sold or offered for sale in the U.S. on or about November
11  1998.

12      **The '577 Patent:** After a reasonable investigation, on information and belief,
13  Sony is unaware of any public disclosure of the inventions claimed in the asserted
14  claims of the '577 patent prior to the public disclosure that resulted from the patent
15  prosecution process. Further, Sony is unaware of any sale, offer for sale, or public
16  use of the inventions claimed in the asserted claims of the '577 patent in the U.S.
17  more than one year prior to the date of the application for patent in the U.S. Based
18  on the best of information available to Sony at this time, the inventions claimed in
19  the '577 patent were first sold or offered for sale in the U.S. in November 1998.

20      **The '542 Patent:** After a reasonable investigation, on information and belief,
21  Sony is unaware of any public disclosure of the inventions claimed in the asserted
22  claims of the '542 patent prior to the public disclosure that resulted from the patent
23  prosecution process. Further, Sony is unaware of any sale, offer for sale, or public
24  use of the inventions claimed in the asserted claims of the '542 patent in the U.S.
25  more than one year prior to the date of the application for patent in the U.S. Based
26  on the best of information available to Sony at this time, the inventions claimed in
27  the '542 patent were first sold or offered for sale in the U.S. in November 1998.

28

1      **The '847 Patent**: After a reasonable investigation, on information and belief,
2  Sony is unaware of any public disclosure of the inventions claimed in the asserted
3  claims of the '847 patent prior to the public disclosure that resulted from the patent
4  prosecution process. Further, Sony is unaware of any sale, offer for sale, or public
5  use of the inventions claimed in the asserted claims of the '847 patent in the U.S.
6  more than one year prior to the date of the application for patent in the U.S. Based
7  on the best of information available to Sony at this time, the inventions claimed in
8  the '847 patent were first sold or offered for sale in the U.S. in November 1998.

9      **The '373 Patent**: After a reasonable investigation, on information and belief,
10  Sony is unaware of any public disclosure of the inventions claimed in the asserted
11  claims of the '373 patent prior to the public disclosure that resulted from the patent
12  prosecution process. Further, Sony is unaware of any sale, offer for sale, or public
13  use of the inventions claimed in the asserted claims of the '373 patent in the U.S.
14  more than one year prior to the date of the application for patent in the U.S. Based
15  on the best of information available to Sony at this time, the inventions claimed in
16  the '373 patent were first sold or offered for sale in the U.S. in November 1998.

17      **The '614 Patent**: After a reasonable investigation, on information and belief,
18  Sony is unaware of any public disclosure of the inventions claimed in the asserted
19  claims of the '614 patent prior to the public disclosure that resulted from the patent
20  prosecution process. Further, Sony is unaware of any sale, offer for sale, or public
21  use of the inventions claimed in the asserted claims of the '614 patent in the U.S.
22  more than one year prior to the date of the application for patent in the U.S. Based
23  on the best of information available to Sony at this time, the inventions claimed in
24  the '614 patent were first sold or offered for sale in the U.S. in 2000.

25      **The '055 Patent**: After a reasonable investigation, on information and belief,
26  Sony is unaware of any public disclosure of the inventions claimed in the asserted
27  claims of the '055 patent prior to the public disclosure that resulted from the patent
28  prosecution process. Further, Sony is unaware of any sale, offer for sale, or public

1 use of the inventions claimed in the asserted claims of the '055 patent in the U.S.
2 more than one year prior to the date of the application for patent in the U.S. Based
3 on the best of information available to Sony at this time, the inventions claimed in
4 the '055 patent were first sold or offered for sale in the U.S. in January 2003.

5     **The '468 Patent:** After a reasonable investigation, on information and belief,
6 Sony is unaware of any public disclosure of the inventions claimed in the asserted
7 claims of the '468 patent prior to the public disclosure that resulted from the patent
8 prosecution process. Further, Sony is unaware of any sale, offer for sale, or public
9 use of the inventions claimed in the asserted claims of the '468 patent in the U.S.
10 more than one year prior to the date of the application for patent in the U.S. Based
11 on the best of information available to Sony at this time, the inventions claimed in
12 the '468 patent were first sold or offered for sale in the U.S. in January 2003.

13     **The '472 Patent:** After a reasonable investigation, on information and belief,
14 Sony is unaware of any public disclosure of the inventions claimed in the asserted
15 claims of the '472 patent prior to the public disclosure that resulted from the patent
16 prosecution process. Further, Sony is unaware of any sale, offer for sale, or public
17 use of the inventions claimed in the asserted claims of the '472 patent in the U.S.
18 more than one year prior to the date of the application for patent in the U.S. Based
19 on the best of information available to Sony at this time, the inventions claimed in
20 the '472 patent were first sold or offered for sale in the U.S. in November 1998.

21     **The '182 Patent:** After a reasonable investigation, on information and belief,
22 Sony is unaware of any public disclosure of the inventions claimed in the asserted
23 claims of the '182 patent prior to the public disclosure that resulted from the patent
24 prosecution process. Further, Sony is unaware of any sale, offer for sale, or public
25 use of the inventions claimed in the asserted claims of the '182 patent in the U.S.
26 more than one year prior to the date of the application for patent in the U.S. Based
27 on the best of information available to Sony at this time, the inventions claimed in
28 the '182 patent were first sold or offered for sale in the U.S. in 1998.

1     Sony notes that discovery is ongoing and that it will supplement this response

2 if it becomes aware of any additional non-privileged, relevant information

3 responsive to this interrogatory.

4

5 **INTERROGATORY NO. 12:**

6     Describe in detail the total amount of damages allegedly sustained by Sony

7 due to VIZIO's alleged infringement. A complete answer to this interrogatory will

8 describe in detail Sony's theory of damages, the method used to calculate damages

9 including without limitation whether the calculation is based on lost profits,

10 reasonable royalty, or some other measure of damages, whether Sony alleges it is

11 entitled to prejudgment interest on such damages and, if so, the interest rate and how

12 that interest rate was determined, identify the persons most knowledgeable (other

13 than outside counsel), and identify all documents that refer or relate thereto.

14 **RESPONSE TO INTERROGATORY NO. 12:**

15     Sony incorporates each of its general objections by reference. Sony objects to

16 this request as premature to the extent it seeks a complete answer at this early stage

17 of discovery. Sony further objects to this request as premature to the extent that it

18 seeks information that is more properly the subject of expert testimony. Sony also

19 objects to this request as over broad and unduly burdensome to the extent it seeks

20 "all documents." Sony further objects to this request as calling for legal

21 conclusions. Sony further objects to this request to the extent it calls for information

22 protected from discovery by the attorney-client privilege and/or the work product

23 doctrine. Documents that refer or relate to the factual basis for Sony's computation

24 of damages include that which would otherwise be responsive to this request but

25 were created by or at the direction of Sony's outside or in-house counsel and

26 professional legal advisers. Such privileged materials and information include

27 communications containing legal advice by and between Sony's engineers and

28 Sony's in-house legal advisers responsible for patent prosecution, licensing, and

1 | litigation. Other documents that would otherwise be responsive to this request also
2 | include materials and information prepared or exchanged in anticipation of
3 | litigation, including the case at hand and related litigations. Sony objects to this
4 | interrogatory to the extent it seeks information that contains the confidential
5 | information of third parties.

6 | Without waiving the foregoing general and specific objections and subject to
7 | those objections, Sony responds as follows:

8 | As discovery is in its earliest stages and Vizio has not produced any
9 | documents in response to Sony's requests for production, Sony is still evaluating the
10 | damages it intends to seek from Vizio, which "in no event [shall] be less than a
11 | reasonable royalty for the use made of the invention[s] by [Vizio], together with
12 | interest and costs fixed by the court." 35 U.S.C. § 284. Accordingly, Sony has not
13 | yet made a final determination as to the form of damages, the method of computing
14 | said damages, the period of time for those damages, or whether it will seek lost
15 | profits. Sony reserves the right to supplement this response once the parties have
16 | engaged in substantive fact and expert discovery. In addition, even though a
17 | Protective Order has not yet been entered, Sony has been and continues to work
18 | diligently to obtain any necessary consents from third parties with respect to certain
19 | licenses and royalty reports, and pursuant to Fed. R. Civ. P. 33(d), Sony refers Vizio
20 | to those documents to be produced by Sony.

21 |

22 | **INTERROGATORY NO. 13:**

23 | Identify all agreements, assignments, or licenses relating to patents on digital
24 | television technology executed by Sony, the persons most knowledgeable thereof
25 | and all documents that refer or relate thereto.

26 | **RESPONSE TO INTERROGATORY NO. 13:**

27 | Sony incorporates each of its general objections by reference. Sony objects to
28 | this request as overbroad and unduly burdensome to the extent it seeks "<u>all</u>

1  agreements, assignments, or licenses relating to patents on digital television

2  technology executed by Sony." Sony objects to this request as overbroad and

3  unduly burdensome to the extent it seeks information relating to agreements,

4  assignments, or licenses that are not relevant to the issues presented by this case or

5  likely to lead to admissible evidence, including documents reflecting extraterritorial

6  licensing activity.  Sony also objects to this request to the extent it seeks confidential

7  information prior to the entry of a protective order.   Moreover, Sony objects to this

8  request to the extent it seeks the confidential information of third parties.

9       Without waiving the foregoing general and specific objections and subject to

10  those objections, Sony responds as follows:

11       Even though a Protective Order has not yet been entered, Sony has been and

12  continues to work diligently to obtain any necessary consents from third parties with

13  respect to certain licenses and royalty reports.  Sony will promptly supplement its

14  response to this interrogatory once a Protective Order has been entered and any

15  necessary consents are obtained.

16

17  **INTERROGATORY NO. 14:**

18       Separately for each Sony Patent, state and describe in detail each and every

19  fact concerning Sony's allegations that VIZIO's alleged infringement of such patent

20  has been or is willful, and identify the persons most knowledgeable and all

21  documents that refer or relate thereto.

22  **RESPONSE TO INTERROGATORY NO. 14:**

23       Sony incorporates each of its general objections by reference.  Sony objects to

24  this request as over broad and unduly burdensome to the extent it seeks "all

25  documents." Sony also objects to this request to the extent it calls for a legal

26  conclusion.  Sony further objects to this request as premature to the extent it seeks a

27  full and complete response at this early stage in discovery.  Sony further objects to

28

51451/2911762.5

CONFIDENTIAL

47                    Case No. SA CV 08-01135-RGK (FMOx)
RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)
Exhibit 2 Page 62

1  this request to the extent it calls for information protected from discovery by the
2  attorney-client privilege and/or the work product doctrine.

3      Without waiving the foregoing general and specific objections and subject to
4  those objections, Sony responds as follows:

5      Vizio is aware of Sony's status as one of, if not the, leading developer of new
6  technologies for televisions. Vizio is further aware that Sony invests an enormous
7  amount of resources in research and development to create cutting-edge
8  technologies that it incorporates into its products. Vizio is further aware that Sony
9  protects its investment by aggressively seeking and procuring patent rights,
10 including patents that cover the innovative features of its televisions.

11     Vizio was aware of Sony's extensive patent portfolio before this case was
12 filed. Beginning in 2007, Sony engaged Vizio in a series of licensing discussions
13 relating to the patents-in-suit. During the course of the negotiations, Sony provided
14 information related to its patent portfolio and to the significant number of patents in
15 its portfolio that are related to color television technology. Sony also pointed to
16 specific patents that it believed Vizio was infringing. On September 6, 2007, Sony
17 directly informed Vizio of its infringement of the '626, '577, '542, '847, and '614
18 patents via letter correspondence from Jaime A. Siegel, Senior Intellectual Property
19 Counsel for Sony. On November 7, 2007, representatives from both parties met in-
20 person to continue the ongoing licensing negotiations. In this meeting, Sony again
21 directly informed Vizio of its infringement of certain of the patents-in-suit.

22     Sony notes that discovery is ongoing. At this point, Vizio has not produced
23 any documents and Sony has not yet taken a single deposition. Once the parties
24 have engaged in substantive discovery, Sony will promptly supplement its response
25 to incorporate responsive information from Vizio to the extent that information is
26 not reflected therein.

27

28

1 **INTERROGATORY NO. 15:**

2     Describe in detail each and every fact concerning Sony's involvement with

3 the Consumer Electronics Association ("CEA") Television Data Systems

4 Subcommittee, including without limitation its involvement with CEA-708 and

5 digital television closed captioning standards, and identify the persons most

6 knowledgeable and all documents that refer or relate thereto.

7 **RESPONSE TO INTERROGATORY NO. 15:**

8     Sony incorporates each of its general objections by reference. Sony objects to

9 this request as over broad and unduly burdensome to the extent it seeks "every fact"

10 and "all documents." Sony further objects to this request as premature to the extent

11 it seeks a full and complete response at this early stage in discovery. Sony further

12 objects to this request to the extent it calls for information protected from discovery

13 by the attorney-client privilege and/or the work product doctrine.

14     Without waiving the foregoing general and specific objections and subject to

15 those objections, Sony responds as follows:

16     Pursuant to Federal Rule Civil Procedure 33(d), Vizio may derive or ascertain

17 information responsive to this interrogatory from at least the following documents

18 produced in this matter: SONY0005722-5815 and SONY0005816-5932.

19 Furthermore, Sony continues to investigate information that may be responsive to

20 this Interrogatory and will supplement its response if additional information is

21 located.

22

23 **INTERROGATORY NO. 16:**

24     Describe in detail all facts concerning any disclosure, whether by Sony or any

25 other person, of any patents to the CEA relating to digital television closed

26 captioning, including without limitation an identification of such patents, the

27 persons most knowledgeable concerning the disclosure, and all documents that refer

28 or relate to the disclosure.

**RESPONSE TO INTERROGATORY NO. 16:**

Sony incorporates each of its general objections by reference. Sony objects to this request as over broad and unduly burdensome to the extent it seeks "all facts" and "all documents." Sony further objects to this request as premature to the extent it seeks a full and complete response at this early stage in discovery. Sony further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine.

Without waiving the foregoing general and specific objections and subject to those objections, Sony responds as follows:

Pursuant to Federal Rule Civil Procedure 33(d), Vizio may derive or ascertain information responsive to this interrogatory from at least the following documents produced in this matter: SONY0005722-5815 and SONY0005816-5932. Furthermore, Sony continues to investigate information that may be responsive to this Interrogatory and will supplement its response if additional information is located.

**INTERROGATORY NO. 17:**

Explain in detail why the claims that ultimately issued in the '468 patent were not presented to the U.S. Patent and Trademark Office earlier in the chain of applications that lead to the issuance of that patent.

**RESPONSE TO INTERROGATORY NO. 17:**

Sony incorporates each of its general objections by reference. Sony objects to this request as premature to the extent it seeks a complete answer at this early stage of discovery. Sony further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. Documents that refer or relate to the factual basis for Sony's computation of damages include those which would otherwise be responsive to this request but were created by or at the direction of Sony's outside or in-house counsel

1 and professional legal advisers. Such privileged materials and information include
2 communications containing legal advice by and between Sony's engineers and
3 Sony's in-house legal advisers responsible for patent prosecution, licensing, and
4 litigation. Sony objects to this interrogatory to the extent it seeks information that
5 contains the confidential information of third parties.
6      Without waiving the foregoing general and specific objections and subject to
7 those objections, Sony responds as follows:
8      The '468 Patent is a continuation of application no. 10/323,357, filed on
9 December 19, 2002, now Patent No. RE38,898, which is itself a continuation of
10 application no. 09/461,136, filed on December 14, 1999, now Patent No. RE38,055.
11 The applicants of the '468 Patent conformed with all applicable statutes and
12 regulations. In particular, MPEP 1412.03 states:

> A broadened claim can be presented within two years from the grant of the
> original patent in a reissue application. In addition, a broadened
> claim can be presented after two years from the grant of the original
> patent in a broadening reissue application which was filed within two
> years from the grant. Where any intent to broaden is unequivocally
> indicated in the reissue application within the two years from the patent
> grant, a broadened claim can subsequently be presented in the reissue
> after the two year period. . . . Thus, a broadened claim may be
> presented in a reissue application after the two years, even though the
> broadened claim presented after the two years is different than the
> broadened claim presented within the two years. Finally, if intent to
> broaden is indicated in a parent reissue application within the two years,
> a broadened claim can be presented in a continuing (continuation or
> divisional) reissue application after the two year period. In any other
> situation, a broadened claim cannot be presented, and the examiner
> should check carefully for the improper presentation of broadened
> claims.

22      Pursuant to Federal Rule Civil Procedure 33(d), Vizio may also derive or
23 ascertain information responsive to this interrogatory from at least the following
24 documents produced in this matter: SONY0008605-8786. Furthermore, Sony
25 continues to investigate information that may be responsive to this Interrogatory and
26 will supplement its response if additional information is located.
27
28

# INTERROGATORY NO. 18:

Separately for each Patented Sony Product, describe in detail all facts concerning Sony's marking of patent numbers on such product under 35 U.S.C. § 287, including without limitation the date such marking began, any changes to such marking, the patent numbers used in such marking, and identifying the persons most knowledgeable about Sony's marking practices and all documents that refer or relate thereto.

# RESPONSE TO INTERROGATORY NO. 18:

Sony incorporates each of its general objections by reference. Sony objects to this request as overbroad and unduly burdensome to the extent it seeks "all facts." Sony further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine.

Without waiving the foregoing general and specific objections and subject to those objections, Sony responds as follows:

35 U.S.C. § 287 states:

Patentees, and persons making, offering for sale, or selling within the United States any patented article for or under them, or importing any patented article into the United States, may give notice to the public that the same is patented, either by fixing thereon the word "patent" or the abbreviation "pat.", together with the number of the patent, or when, from the character of the article, this cannot be done, by fixing to it, or to the package wherein one or more of them is contained, a label containing a like notice. In the event of failure so to mark, no damages shall be recovered by the patentee in any action for infringement, except on proof that the infringer was notified of the infringement and continued to infringe thereafter, in which event damages may be recovered only for infringement occurring after such notice. Filing of an action for infringement shall constitute such notice.

Marking is not necessary, however, if a patentee asserts only method claims against an alleged infringer. *Crown Packaging Technology, Inc. v. Rexam Beverage Can Co.*, 559 F.3d 1308, 1317 (Fed. Cir. 2009) ("Because Rexam asserted only the method claims of the '839 patent, the marking requirement of 35 U.S.C. § 287(a) does not apply."). Sony refers Vizio to its response to Interrogatory No. 1, which is incorporated by reference herein.

1     Sony's investigation with respect to this interrogatory continues and Sony will

2 supplement its response once the parties have engaged in substantive discovery.

3

4

5 DATED: April 30, 2009         As to the objections,

6

7                     By/s/ Kevin Johnson

                    Kevin P.B. Johnson

8                     QUINN EMANUEL URQUHART

                    OLIVER & HEDGES, LLP

9

10                     Attorneys for Plaintiff

                    SONY CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

51451/2911762.5

CONFIDENTIAL

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of:

**RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)**

have been caused to be served on April 30, 2009 to all counsel of record via email.

By:  /s/ Peter Klivans

Peter Klivans

51451/2911762.5

CONFIDENTIAL