# Exhibit 3

Exhibit 3 Page 70

# JONES DAY

NORTH POINT · 901 LAKESIDE AVENUE · CLEVELAND, OHIO 44114-1190
TELEPHONE: (216) 586-3939 · FACSIMILE: (216) 579-0212

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

May 7, 2009

VIA EMAIL

Todd M. Kennedy, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re: *Sony Corporation v. Vizio Inc.*

Dear Todd:

I am writing regarding various deficiencies in Sony's responses to Vizio's first set of discovery requests.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

Sony's first production of documents consisted almost entirely of Vizio's own public documents and other public documents (*e.g.*, patents and prosecution histories). Sony has not produced any documents from the Westinghouse litigation, despite Vizio's repeated requests for those documents. We again request the immediate production of the documents from the Westinghouse litigation. Please also advise when Sony plans to begin producing additional documents beyond those produced in the Westinghouse litigation. If Sony is waiting for entry of a suitable protective order to produce confidential documents, please be reminded that Vizio is still waiting for a response regarding the draft protective order that was sent to Sony on April 28, 2009, and has also offered to begin exchanging confidential documents on an Outside Attorneys' Eyes Only basis. Please get back to us on this issue as soon as possible.

Sony has objected to the production of documents containing third party confidential information absent consent from those third parties to produce the confidential information. (See Sony's General Objection No. 3 to Vizio's first set of document requests). Please advise us of the identities of those third parties and the steps Sony has taken to obtain consent to produce their confidential information and the nature of the documents that Sony is withholding based on this objection.

Sony objected to Vizio's Document Request Nos. 8-10, 20, 30, 31, 34, 35-36, 40, 52, 62, 68-69, 73-87, 91-94, and 97, but did not indicate that it would be producing responsive documents. Sony is required to produce all non-privileged, responsive documents and things in

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK · PARIS · PITTSBURGH
SAN DIEGO · SAN FRANCISCO · SHANGHAI · SILICON VALLEY · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

Exhibit 3 Page 71

its possession, custody, or control. While Sony objected to a number of these requests as duplicative of others for which Sony agreed to produce documents, it is unclear whether Sony is refusing to produce all responsive documents. Please supplement Sony's responses to these requests to indicate that all non-privileged, responsive documents will be produced, or advise us immediately if Sony is refusing to produce documents responsive to these requests.

Vizio's Document Request Nos. 70-72 relate to the production of certain financial information, but Sony only agreed to produce a subset of the information requested. All the financial information requested by Vizio is relevant and discoverable. Please supplement Sony's response to remove the limitation on the documents Sony agreed to produce, or advise us immediately if Sony still refuses to produce documents responsive to these requests.

Vizio's Request Nos. 50 and 51 seek samples of "each Patented Sony Product." Sony did not indicate that such samples will be produced or made available for inspection. Please supplement Sony's response to indicate that the requested samples will be produced, or at least made available for inspection, or advise us immediately if Sony still refuses to provide such samples.

## INTERROGATORIES

As set forth in my letter from yesterday, insisting that Vizio provide its *legal* contentions at this time during *fact* discovery is improper, particularly given Sony's failure to provide comprehensive legal contentions in response to Vizio's discovery requests. While the parties can discuss the appropriate time for the disclosure of legal contentions, Vizio is clearly entitled to Sony's legal contentions no later than twenty-one days prior to the Final Pre-Trial Conference in accordance with the Court's Scheduling Order. As set forth below, Sony's responses to some of Vizio's interrogatories seeking legal contentions are deficient. In pointing out those deficiencies, Vizio is not suggesting that all legal contentions are the proper subject of fact discovery at this time, only that Sony has failed to adequately provide the information required by the Court's Scheduling Order. In an effort to avoid further disputes regarding such issues, Vizio again offers to negotiate a schedule by which the orderly disclosure of legal contentions can be exchanged.

Interrogatory No. 1

Vizio's Interrogatory No. 1 requests claim charts setting forth Sony's infringement contentions concerning each Accused VIZIO Product. The claim charts provided by Sony in response to this Interrogatory are wholly deficient. The claim charts do nothing more than simply repeat the claim language and then cut and paste large portions of Vizio's User Manuals with no attempt whatsoever to correlate those portions of the User Manuals with the claim limitations. For many of the claim limitations, the cited portions of the Users Manuals have nothing to do with the claim limitations. Indeed, for many of the claim limitations, there is no analysis at all. For example, with regard to the '626 patent, one of the main claim limitations requires *"modifying a common menu display signal* to generate said menu display signal."

Exhibit 3 Page 72

Sony failed to point to any evidence even remotely suggesting that this important limitation is satisfied. Similarly, with respect to the '182 patent, the claims require "measuring an average luminance level of a video signal." Absent from Sony's claim charts is any evidence that Vizio's accused products satisfy this limitation. These are just a few examples – there are many more.

In short, Sony simply copied the same sections of Vizio's Users Manuals over and over with no substantive analysis of how the claim limitations are satisfied – the net effect of this is voluminous claim charts with no analysis. The claim chart for the '182 patent is exemplary. There, Sony copied the *exact* same 5 pages of text over and over again for every single limitation of every asserted claim (noting that at the beginning of each claim, Sony included an additional boilerplate 2 pages of text attempting to establish that the accused products are "display devices.") Making matters worse, there are numerous asserted claims with means-plus-function language, and Sony made no attempt to show that structure in Vizio's products corresponds to the structure disclosed in the asserted patents. In fact, Sony failed to even identify what structure in the asserted patents corresponds to the means-plus-function claim limitations.

In view of the foregoing, Sony's claim charts provided in response to Interrogatory No. 1 are wholly deficient, and appear designed only to frustrate the discovery process.

Sony's claim charts were marked confidential, even though they appear to contain no confidential Sony information. Please immediately confirm that the claim charts do not contain any confidential Sony information.

Interrogatory No. 2

Vizio's Interrogatory No. 2 seeks all bases for Sony's proposed construction of claim terms requiring construction. Sony responded that it "does not believe that any of the claim terms in the patents-in-suit require construction by the Court." Sony cannot reasonably contend that from its ten asserted patents and dozens of asserted claims, not one limitation requires construction. This is particularly true given that a number of claim terms are in means-plus-function form. If Sony continues to advance this untenable position, Vizio will seek to preclude Sony form offering any constructions of terms other than the ones that Vizio proposes should be construed.

Interrogatory No. 3

Vizio's Interrogatory No. 3 seeks the purported date of invention for each of the claims of the patents-in-suit, as well as the facts and documents supporting those dates. Sony's response is deficient for several reasons.

Sony objected to this Interrogatory on the ground that information responsive to this Interrogatory is subject to the attorney-client privilege. Sony failed to produce a privilege log

Exhibit 3 Page 73

detailing the documents and information that are allegedly protected by the attorney-client-privilege. Please provide a privilege log identifying the relevant documents and information.

Furthermore, the only documents Sony identified as responsive to this Interrogatory are file histories, which do not support invention dates earlier than the earliest effective filing dates for the patents-in-suit. Please supplement Sony's response to identify on a patent-by-patent basis the specific documents Sony is relying on to establish any invention dates earlier than each patent's respective filing date. The short narrative answers provided by Sony without any corroborating evidence are insufficient.

Interrogatory No. 4

Vizio's Interrogatory No. 4 seeks for each of the patents-in-suit the contributions of each of the named inventors. Sony's response that the named inventors for each patent "worked together with each contributing to at least one of the inventions" equates to no response at all. At a minimum, Sony must supplement its response to this Interrogatory to specifically identify on a claim-by-claim basis what inventors contributed to each of the claims and what aspects of the technology each inventor contributed to the claims.

Interrogatory No. 5

Vizio's Interrogatory No. 5 seeks the identity of any persons other than named inventors that contributed or were involved in the conception or reduction to practice of the patents-in-suit. Sony failed to provide any names. At a minimum, Sony must supplement its response to this Interrogatory to identify the contributing individuals and their roles on the projects leading to the inventions of the patents-in-suit.

Interrogatory No. 6

Vizio's Interrogatory No. 6 seeks the identity of prior art that Sony is aware of. Sony objected to this Interrogatory on the ground that the "identity of prior art references known to Sony to be relevant to the patents-in-suit. . . calls for the mental impressions, conclusions, opinions or legal theories of Sony's counsel and legal advisors, which are entitled to protection from discovery . . ." While opinions regarding prior art may be protected as privileged, the actual prior art is not. Sony cannot withhold actual prior art (*e.g.*, patents, publications, etc.) on the ground that it is purportedly privileged. If Sony is doing this, please supplement the response to Interrogatory No. 6 to identify that prior art. If Sony refuses to do so, please let us know immediately so we can take steps to bring this issue before the Court.

Interrogatory No. 7

Vizio's Interrogatory No. 7 seeks information regarding prior art searches. Sony again objected to providing certain prior art on the grounds that it is privileged. For the reasons

Exhibit 3 Page 74

discussed in connection with Interrogatory No. 6, that objection is improper. Interrogatory No. 7 must be supplemented to identify any withheld prior art.

Interrogatory No. 8

Vizio's Interrogatory No. 8 seeks information supporting any claims that secondary considerations support non-obviousness of any of the claims of the patents-in-suit. While Sony's response alleges that certain *Graham* factors, such as long-felt but unmet need and commercial success, evidence non-obviousness of the patents-in-suit, Sony failed to identify a single product that experienced the purported commercial success or set forth the financial data supporting commercial success. Furthermore, Sony failed to set forth any evidence of a long-felt need and failure of others to satisfy that need. Please supplement Sony's response to this Interrogatory to provide at least this additional information.

Interrogatory No. 9

Vizio's Interrogatory No. 9 seeks the best mode for carrying out the claimed inventions of each of the patents-in-suit. Sony's response simply referred to the patents-in-suit, which is not sufficient. Patents may disclose several modes for carrying out the claimed invention, and in some cases, none of those modes are the best mode. Sony must supplement its response to Interrogatory No. 9 to set forth its understanding of the best mode for carrying out the claimed inventions, and if that is disclosed in the patents-in-suit, Sony needs to specifically identify that disclosure.

Interrogatory No. 11

Vizio's Interrogatory No. 11 seeks the date of the earliest public use, sale and offer for sale of the products identified in response to Interrogatory No. 10. In response, Sony simply provided the approximate time that products covered by each of the patents-in-suit were first sold in the U.S. This is inadequate. Sony must supplement its response to Interrogatory No. 11 to identify the earliest products that were sold, as well as when the remaining products identified in response to Interrogatory No. 10 were sold, offered for sale and/or publicly used.

Interrogatory No. 13

Vizio's Interrogatory No. 13 seeks the identity of all agreements, assignments, and licenses relating to digital television technology executed by Sony. In response, Sony indicated that it has been and continues to work diligently to obtain consent from third parties to provide information responsive to this Interrogatory. Please identify those third parties and explain what steps Sony has already taken to secure the consent to provide the requested information. Also, Sony's position on the production of the requested information is wholly inconsistent with the position taken in its April 29, 2009 letter insisting that Vizio produce third party information prior to obtaining consent to do so from the relevant third parties.

Exhibit 3 Page 75

Interrogatory Nos. 15 and 16

Vizio's Interrogatory Nos. 15 and 16 seek detailed information regarding Sony's involvement with the Consumer Electronics Association ("CEA") Television Data Systems Subcommittee and the patents disclosed to the CEA relating to digital television closed captioning. In response, Sony failed to provide any written response, instead relying on the identification of certain documents. The documents relied on by Sony fall far short of adequately answering these Interrogatories. Sony failed to identify any persons involved with the CEA and its standards, how long Sony has been involved with the CEA, what standards Sony has been involved with, Sony's role in working with the CEA in adopting standards and the identity of those standards, what patents have been disclosed by Sony to the CEA and when/by whom they were disclosed, and much more. At a minimum, Sony is required to supplement its response to this Interrogatory to provide this information.

Interrogatory No. 17

Vizio's Interrogatory No. 17 seeks an explanation of why the claims that issued in the '468 patent were not presented to the USPTO earlier in the chain of applications that led to the issuance of that patent. Sony's response simply states that "it conformed with all applicable statutes and regulations" and then recites MPEP 1423.03. This response does not answer the Interrogatory. Please supplement the response to Interrogatory No. 17 to give the requested explanation.

Interrogatory No. 18

Vizio's Interrogatory No. 18 seeks a detailed description of Sony's marking policies with respect to the Patented Sony Products, including when marking began, changes to such marking, the patent numbers used in such marking, and the persons most knowledgeable about Sony's marking policies. Sony provided no responsive information, instead claiming that marking is not necessary if a patentee asserts only method claims against an alleged infringer. However, as your letter of April 29, 2009 makes clear, for a number of patents, Sony is asserting more than just method claims, and in some cases, only apparatus claims. Accordingly, Sony must immediately supplement its answer to this Interrogatory to provide the requested information.

We look forward to your prompt supplementation to Sony's discovery responses. If Sony does not agree to provide any of the requested information, please let me know immediately so we can arrange a meet and confer.

Very truly yours,

Ryan B. McCrum

Exhibit 3 Page 76