# Exhibit 5

Exhibit 5 Page 83

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL: (415) 875-6600 FAX: (415) 875-6700

May 22, 2009

<u>VIA E-MAIL</u>

Ryan McCrum, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
fax: 216-579-0212

Re: <u>Sony Corporation v. Vizio, Inc., CV-08-01135 (C.D. Cal.)</u>

Dear Ryan:

I write to follow-up on the parties' May 18, 2009 meet and confer and to respond to your letter of May 20, 2009 regarding the meet and confer.

As discussed during the meet and confer, Sony will produce all responsive, relevant documents that it produced in the *Westinghouse* matter. Sony, however, will not produce Westinghouse or third party documents that are subject to the *Westinghouse* Protective Order, unless you secure permission for us to do so from such entities and make suitable arrangements to cover the cost of such productions.

With respect to claim construction issues, your letter misstates the parties' discussion during the meet and confer. You had asked, "[I]s Sony willing to accept a proposed list of terms to be construed and then exchange proposed constructions?" (Rough Tr. 46:15-20.) In response, we said we would consider such a proposal and suggested we discuss it further. (*Id.* at 46:19-21) Although Sony remains willing to consider any proposal offered by Vizio, at this time Sony believes an exchange of claim constructions would be premature. At this early stage in discovery, it is still unclear which claims terms will be disputed in the litigation. Moreover, in light of the Court's April 6, 2006 Scheduling Order, which provides for claim construction to be

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052 Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Exhibit 5 Page 84

taken up in connection with summary judgment, the parties have time to reach agreement concerning claim construction positions:

```
15            THE COURT: Okay. I'm going to give you a little
16    more leeway. I will set it for January 26th then.
17    January 26th would be the trial date.
18            The pretrial would be January 10th. The motion
19    cut-off will be November 10th. The discovery, November 1st.
20            Counsel, I should talk to you a little bit about
21    claim construction. Each court does claim construction
22    differently, as you know.
23            We do claim construction as part of the summary
24    judgment. The Markman hearing is part of the summary
25    judgment.
```

UNITED STATES DISTRICT COURT

(April 6, 2009 Tr. at 9:15-25)

As you requested, we have reviewed Sony's April 30, 2009 response to Vizio's Interrogatory No. 1. As you are aware, out of over 160 accused Vizio products, Vizio has produced a technical service manual for only *one* product. In addition, Vizio has not yet made any of its products available for Sony's inspection. Therefore, Sony's response to that interrogatory was necessarily based on the limited publicly available information available to it, such as Vizio user manuals available on the Internet.

Although Sony believes the April 30, 2009 infringement claim charts—more than 1000 pages—were more than sufficient to fulfill Sony's obligations under Rule 26, Sony has reviewed the user manuals and has determined that it will supplement its response to Interrogatory No. 1 within 30 days of your May 7, 2009 letter. In addition, as we stated repeatedly during the meet and confer, Sony will fulfill its obligations under Fed. R. Civ. P. 26(e) by supplementing its response within a reasonable period of time after Vizio has produced documents in its possession. (Rough Tr. 92:24-93:17.) Also, Sony will supplement its response within a reasonable period of time after Vizio has made its accused products available for inspection. (*Id.*) Moreover, Sony will supplement its response as it receives relevant documentation from third parties whom Sony intends to subpoena. (*Id.*)

Your letter incorrectly states that Sony agreed to provide Vizio with a privilege log covering any documents relating to Sony's infringement contentions that are being withheld on the basis of a work product, privilege, or other protection. During the meet and confer, Sony merely agreed to consider whether it would provide such a log. (*Id.* at 76:22-78:9, 108:25-110:10). At this time, I

2

Exhibit 5 Page 85

can confirm that Sony will agree to provide such a log, in the manner and timeframe as it will provide a log for all documents withheld on the basis of privilege or other doctrine. During the meet and confer, Sony offered a proposal for the parties to exchange privilege logs. (*Id.* at 123:1-124:8.) Sony awaits your agreement or counter-proposal regarding the exchange of privilege logs.

Sony will supplement its responses to Interrogatory Nos. 4 and 9 within 30 days of your May 7, 2009 letter.

With respect to Vizio's Interrogatory No. 11, Sony will supplement its response to identify products sold on the dates identified in Sony's April 30, 2009 response, and to provide additional information concerning the products identified in Sony's response to Vizio's Interrogatory No. 10.

Sony will supplement its responses to Interrogatory Nos. 15, 16, and 18 within 30 days of your May 7, 2009 letter.

As stated during the meet and confer, we expect to produce additional documents previously produced in the *Westinghouse* matter by the end of this month. (*Id.* at 9:6-8) We cannot confirm that it will be "in the range of about 22,000 pages." As Mr. Klivans stated during the meet and confer, it will be of "similar size." (*Id.* at 18:20-21) As further discussed during the meet and confer, a limited number of documents from the *Westinghouse* matter cannot be produced until a protective order has been entered. (*Id.* at 16:19-24) With respect to documents not produced in the *Westinghouse* matter, Sony will continue to produce such documents on a rolling basis.

We are still investigating Vizio's demand that Sony produce for inspection any and all products made over time that embody one or more of the inventions of the patents-in-suit. In order to allow us to get back with you as quickly as possible, please provide us with a list of products that you seek to inspect, as well as the proposed manner of inspection.

Best regards,

/s/
Todd Kennedy

3

Exhibit 5 Page 86