# Exhibit 6

Exhibit 6 Page 87

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190

TELEPHONE: (216) 586-3939 • FACSIMILE: (216) 579-0212

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

June 9, 2009

VIA EMAIL

Todd M. Kennedy, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re: *Sony Corporation v. Vizio Inc.*

Dear Todd:

I am writing regarding Sony's recently served supplemental interrogatory responses. Unfortunately, those responses are still deficient in many respects.

Document Production

While Sony has produced some documents from the Westinghouse litigation, it does not appear that Sony has produced all documents from that litigation. For example, Sony has not produced any of its own discovery responses or the discovery responses served by Westinghouse. We know such responses exist from the Westinghouse litigation because they were the subject of motions to compel. Such documents should have been produced by now.

Interrogatory No. 1

The supplemental claim charts provided by Sony in response to Interrogatory No. 1 are still wholly deficient. Indeed, it does not appear that Sony has supplemented its charts for any of the asserted patents in any substantive manner whatsoever, which is inexcusable.

As I noted in my June 3, 2009 letter, Sony's initial response to Interrogatory No. 1 does not even mention some of the information Sony relied on in charts provided to Vizio before this litigation began (*e.g.*, information relating to the use of a "Tektronix 1410 Signal Generator" in connection with Vizio's products). Vizio asked that the supplemental responses to Interrogatory No. 1 include this information, and all other bases and facts that support Sony's infringement contentions, but Sony failed to do so.

Furthermore, the supplemental claim charts suffer from the exact same problems as the original claim charts. Indeed, as already noted, it does not appear that Sony even supplemented the claim charts in any substantive manner, if at all. As noted with the original claim charts, the

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit 6 Page 88

6/9/2009
Page 2

supplemental claim charts do nothing more than simply repeat the claim language and then cut and paste large portions of Vizio's User Manuals and other documents with no attempt to correlate those portions of the User Manuals/documents with the claim limitations. For example, in the claim chart for the '182 patent, Sony relied on the exact same portion of the Users Manual to claim that the same product satisfies two mutually exclusive claims (*i.e.*, claims 3 and 4). Vizio asked that the supplemental claim charts provided by Sony explain how this could be the case, but Sony failed to do so. The supplemental claim charts provide no basis at all for asserting claims 3 and 4 of the '182 patent against Vizio. In short, all of the same concerns Vizio raised with respect to the original claim charts provided by Sony apply to the supplemental claim charts recently served.

Vizio finds it extremely troubling that after agreeing to give Sony an extra thirty days to provide an adequate response to Vizio's Interrogatory No. 1, Sony failed to make any good-faith attempt to address the many concerns raised by Vizio. Vizio intends to bring this issue to the attention of the Court at the earliest possible opportunity.

Interrogatory No. 2

Vizio's Interrogatory No. 2 seeks all bases for Sony's proposed construction of claim terms requiring construction. After Sony failed to answer this Interrogatory, Vizio proposed that the parties exchange proposed terms to be construed, and then simultaneously provide proposed constructions. Sony rejected this idea, claiming it is premature. It is not premature. To satisfy its Rule 11 obligations prior to filing its Complaint, Sony was required to interpret the asserted claims, and Vizio is entitled to those constructions now. As Sony previously argued when it insisted that Vizio supplement its non-infringement contentions, "[r]equiring a defendant to answer a contention interrogatory . . . is consistent with Rule 11 of the Federal Rules of Civil Procedure, which require parties have some factual basis for their claims and allegations." *Id.* at *4. A party responding to a contention interrogatory at an early stage of discovery should "answer [the] interrogatory [] based on the information it has to date." *Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997). "[T]he purpose of discovery is to remove surprise from trial preparation so that parties can obtain evidence necessary to evaluate and resolve their dispute." *National Academy of Recording Arts & Sciences, Inc. v. On Point Events*, LP, --- F.R.D. ---, 2009 WL 1068962 at * 2 (C.D. Cal. February 25, 2009).

Since Sony must have construed the claims of the asserted patents prior to bringing this action, Sony must answer Interrogatory No. 2 now. Many of the claim terms are in means-plus-function form and Sony must, at a minimum, immediately provide its proposed constructions for those claim terms.

Exhibit 6 Page 89

Interrogatory No. 3

     Vizio's Interrogatory No. 3 seeks the purported date of invention for each of the claims of the patents-in-suit, as well as the facts and documents supporting those dates. In Mr. Klivens letter of May 13, 2009, he indicated that "Sony will shortly be producing additional documents which relate to the respective dates of invention" and "[f]ollowing production of such documents, Sony will supplement its response to this interrogatory." During our May 18, 2009 meet and confer, Mr. Klivens promised to produce documents relating to alleged conception and reduction to practice by the end of May, 2009. Despite Mr. Klivens' promise to supplement Sony's response to Interrogatory No. 3, Sony has failed to do so.

Interrogatory No. 4

     Vizio's Interrogatory No. 4 seeks for each of the patents-in-suit the contributions of each of the named inventors. Sony's response that the named inventors for each patent "worked together with each contributing to at least one of the inventions" equates to no response at all. Moreover, the documents identified by Sony do not adequately answer this Interrogatory.

Interrogatory No. 5

     Vizio's Interrogatory No. 5 seeks the identity of any persons other than named inventors that contributed or were involved in the conception or reduction to practice of the patents-in-suit. Sony failed to provide any names in its original response. In Mr. Klivens letter of May 13, 2009, he indicated that "Sony will supplement its response to this interrogatory following its forthcoming production of documents." Despite Mr. Klivens' promise to supplement Sony's response to Interrogatory No. 5, Sony has failed to do so.

Interrogatory No. 8

     Vizio's Interrogatory No. 8 seeks information supporting any claims that secondary considerations support non-obviousness of any of the claims of the patents-in-suit. In Mr. Klivens letter of May 13, 2009, he indicated that "Sony will supplement its response to this interrogatory following its forthcoming production of documents." Despite Mr. Klivens' promise to supplement Sony's response to Interrogatory No. 8, Sony has failed to do so.

Interrogatory No. 9

     Vizio's Interrogatory No. 9 seeks the best mode for carrying out the claimed inventions of each of the patents-in-suit. Sony's response simply referred to the patents-in-suit, as well as additional documents that do not adequately answer this interrogatory. For the additional documents that Sony identified in its supplemental response, Sony made no effort to identify which of the ten asserted patents each document relates to, or where within the documents the best mode is allegedly disclosed.

Exhibit 6 Page 90

Interrogatory No. 13

Vizio's Interrogatory No. 13 seeks the identity of all agreements, assignments, and licenses relating to digital television technology executed by Sony. In response, Sony indicated that it has been and continues to work diligently to obtain consent from third parties to provide information responsive to this Interrogatory. Now that the parties have agreed on the terms of a protective order, please confirm that all responsive documents have been produced, and none are being withheld on the basis of confidentiality concerns.

Interrogatory Nos. 15 and 16

Vizio's Interrogatory Nos. 15 and 16 seek detailed information regarding Sony's involvement with the Consumer Electronics Association ("CEA") Television Data Systems Subcommittee and the patents disclosed to the CEA relating to digital television closed captioning. In response, Sony failed to provide any written response, instead relying on the identification of certain documents. The documents originally relied on by Sony and the single additional document identified in Sony's supplemental response as having responsive information fall far short of adequately answering these Interrogatories.

Interrogatory No. 18

Vizio's Interrogatory No. 18 seeks a detailed description of Sony's marking policies with respect to the Patented Sony Products, including when marking began, changes to such marking, the patent numbers used in such marking, and the persons most knowledgeable about Sony's marking policies. Sony's initial response provided no responsive information, instead claiming that marking is not necessary if a patentee asserts only method claims against an alleged infringer. Sony's supplemental response is equally non-responsive. That response simply listed the claims Sony is asserting, many of which are not method claims. Such a response is inadequate.

Pursuant to Local Rule 37, Vizio requests an in-person meet and confer regarding the above issues in order to determine whether a motion to compel is necessary. We are available for a meet and confer in our Los Angeles office at any time on June 11 or 12, 2009. Please propose a time on one of these days when someone from your firm will be available.

Very truly yours,

/s/ Ryan B. McCrum

Ryan B. McCrum

Exhibit 6 Page 91