# Exhibit 7

Exhibit 7 Page 92

| | | |
|---|---|---|
| Ryan B McCrum/JonesDay<br>Extension 6-7291<br>06/18/2009 04:12 PM | To | Todd Kennedy <toddkennedy@quinnemanuel.com> |
| | cc | "'William J. Brown, Jr.'" <bill@wbrownlaw.com>, 'Steven Corr' <sjcorr@jonesday.com>, Sony-Vizio <Sony-Vizio@quinnemanuel.com> |
| | bcc | Diane L. Hughes/JonesDay |
| | Subject | Re: Sony v. Vizio: Letter to McCrum regarding Vizio's interrogatories |

History: This message has been forwarded.

Todd:

We have reviewed the letter attached to your email below and determined that an in-person meet and confer tomorrow at our Los Angeles office is still necessary. We look forward to talking to you tomorrow at 1:30 PM PDT. For those participating remotely, the call-in information is provided below.

866-448-1308
57002437#

Regards,
Ryan

Ryan McCrum
Jones Day
901 Lakeside Ave.
Cleveland, OH 44114
phone: 216-586-7291
fax: 216-579-0212
Todd Kennedy <toddkennedy@quinnemanuel.com>



| | | |
|---|---|---|
| Todd Kennedy<br><toddkennedy@quinnemanuel.com><br>06/18/2009 09:53 AM | To | 'James Wamsley' <jlwamsleyiii@jonesday.com>, 'Richard Whitlow' <rdwhitlow@jonesday.com>, 'Ryan McCrum' <rbmccrum@jonesday.com>, 'Steven Corr' <sjcorr@jonesday.com>, 'Thomas Malcolm' <trmalcolm@jonesday.com>, Vizio Joint Defense List <jdvizio@jonesday.com>, "'William J. Brown, Jr.'" <bill@wbrownlaw.com> |
| | cc | Sony-Vizio <Sony-Vizio@quinnemanuel.com> |
| | Subject | Sony v. Vizio: Letter to McCrum regarding Vizio's interrogatories |

Counsel,

Please see the attached letter, the contents of which are as follows:

Dear Ryan:

I write in response to your letter of June 9, 2009 in which Vizio requested a Local
Rule 37 meet-and-confer regarding Sony's responses to Vizio's discovery

Exhibit 7 Page 93

requests.

Document Production

As you acknowledge in your letter, Sony has already produced to Vizio substantial numbers of documents from the Sony v. Westinghouse action. You indicated, however, that Vizio also expects Sony to produce both Sony and Westinghouse's discovery responses in that litigation. As we previously explained, Sony would be happy to produce any discovery responses from Sony v. Westinghouse to the extent that those responses do not contain confidential information of Westinghouse. Sony cannot produce any confidential information of Westinghouse unless and until Vizio obtains written consent from Westinghouse to do so. Once Vizio has done so, please let us know and we will produce the documents in question promptly.

Vizio's Interrogatory No. 1

During the parties' May 18, 2009 meet-and-confer regarding this interrogatory, Sony stated that it would consider "whether or not we think there is any supplementation that can be done with respect to the user manuals." (Rough Tr. at 105:14-16.) Sony did exactly that. After painstakingly reviewing (for the second time) each and every user manual for each of Vizio's televisions, Sony supplemented its response. Specifically, Sony determined based on its review of the user manuals that some of Vizio's televisions do not appear to have DVI or HDMI ports and therefore supplemented its contentions concerning the '055 or '468 patents accordingly.

As Sony has explained to Vizio on multiple occasions, Sony will further supplement its response to this interrogatory after it has reviewed Vizio's service manuals, and after Vizio has made the accused products available for inspection. As you know, Vizio did not produce its service manuals to Sony until less than a week and a half before Sony's supplemental response. In addition, Vizio has not made any its products available for Sony's inspection, despite Sony's repeated requests and Vizio's commitment to do so.

Further, as you are aware, Sony has subpoenaed various third parties in order to obtain further documentation regarding the structure and operation of Vizio's products. Sony will also supplement its response to Interrogatory No. 1 after Sony has had an opportunity to review that documentation. Accordingly, Vizio's complaint about Sony's supplemental response is premature.

Your letter further states that Sony's response "does not even mention some of the information Sony relied on in charts provided to Vizio before this litigation began." This complaint assumes that Sony is somehow required to include in its interrogatory response all information about Vizio products that Sony provided to Vizio at an earlier time. Sony disagrees with that assumption. Nevertheless, Sony will supplement its response to this interrogatory to include information from the charts previously Sony provided to Vizio to the extent Sony wishes to include such information in its contentions. Sony will do so by the end of this month.

Vizio's Interrogatory No. 2

In your letter, Vizio complains that Sony has not provided claim constructions for the patents-in-suit. As an initial matter, I note that Vizio itself has not provided any substantive response to Sony's earlier-served Interrogatory No. 7, which requires Vizio to provide claim constructions for the patents-in-suit. It is hard to understand how Vizio can fault Sony for following its lead in choosing to put off for now a full disclosure of all

Exhibit 7 Page 94

potential claim construction positions for the ten patents-in-suit when the vast majority of those positions will not be materials to the parties' disputes.

Your letter also erroneously implies that Sony rejected Vizio's "proposal" regarding the exchange of claim terms and claim constructions. The fact is, although Sony expressed its willingness to consider a proposal whereby the parties would exchange claim construction positions regarding a limited number of terms, Vizio has never provided Sony with a specific proposal regarding how such an exchange should take place. Indeed, during the May 18, 2009 meet-and-confer, Sony indicated its willingness to consider any specific proposal that Vizio might have:

MR. PEASE: Well, our position on that is I want to hear more about that. I think we can probably come to a more reasonable approach and identify, let's say, 15 terms that we're going to share or exchange, you know, at the same time claim construction positions on.
    But I want to make clear we are not -- if we agree to that, it doesn't in any way reflect our view that what Vizio has done to date is acceptable. We're still pressing forward to try to get your             noninfringement contentions and we believe we're entitled to them and we believe that we are entitled to them based on the information that you now have.
MR. McCRUM: Okay. And I understand your point and I see what you are saying anyway but that's fine.
    Let me know if -- all I'm asking is give some thought and add it to your list of things to do and get back to me by Friday.
MR. PEASE: We can do that. In the meantime though, if you have more specifics that you want to run by us, that would be great.
MR. McCRUM: Yes, that's fine.
(Rough Tr. at 51:16-52:19.) Sony still awaits the specifics of Vizio's proposal regarding claim construction, and requests that Vizio provide any such proposal in writing.

In addition, Vizio's noninfringement contentions-which Vizio provided only after Sony prepared a motion to compel-are insufficient to enable Sony to identify any claim terms that may be in dispute. Those noninfringement contentions contain no factual analysis of the features of Vizio's televisions. In fact, those contentions do not contain information that Vizio itself has raised elsewhere. For example, your May 20, 2009 letter states that one of Vizio's televisions does not infringe the '182 patent because the television "analyzes the entire frame to generate a histogram distribution that accumulates luminance data into 32 bins." That asserted factual basis for noninfringement does not appear in Vizio's noninfringement contentions.

Vizio's Interrogatory Nos. 3, 5, and 8

Due to a clerical error, Sony's most recent supplemental responses did not contain Sony's updated responses to these interrogatories. Sony will provide its supplemental responses to these interrogatories later today.

Vizio's Interrogatory No. 4

Vizio's Interrogatory No. 4 requests information regarding "each named inventor's contribution to and involvement with the invention." Sony's supplemental response to this interrogatory pointed to over forty documents produced by Sony that contain information responsive to this interrogatory. Your letter of June 9, 2009 states that "the documents identified by Sony do not adequately answer this Interrogatory" but fails to indicate in any way why such documents do not answer the interrogatory. It is Sony's understanding that these documents contain information responsive to this interrogatory.

Exhibit 7 Page 95

Sony acknowledges that certain of these documents contain information in Japanese. Sony has and will continue to provide translations of all produced documents for which it can locate non-privileged, non-work product translations. For other documents, such as these, for which no non-privileged, non-work product translations exist, the burden of analyzing the documents is the same for Sony as it is for Vizio. If upon further analysis you continue to believe that these documents do not adequately answer the interrogatory, please provide us with an explanation why and Sony will endeavor to meet your concerns.

Vizio's Interrogatory No. 9

Vizio's Interrogatory No. 9 requests that Sony "state the best mode of carrying out the claimed invention as known to the inventor(s) at the earliest effective United States filing date of each such patent." Sony's position is that the best mode of each patent-in-suit is clearly disclosed in the patent's specification. To that end, Sony's response identifies, among other documents, the patents' specifications. It is unclear what additional information Vizio seeks from Sony. Sony would be happy to meet and confer with Vizio in order to determine what additional information Vizio seeks.

Vizio's Interrogatory No. 13

As you know, the protective order in this case was entered just last week. Sony has already begun the process of preparing for production the documents responsive to this interrogatory. Sony expects to produce those documents to Vizio no later than Wednesday, June 24.

Vizio's Interrogatory Nos. 15 and 16

Vizio's Interrogatory Nos. 15 and 16 request information relating to Sony's involvement with the Consumer Electronics Association ("CEA"). Your letter of June 9, 2009 states, "The documents originally relied on by Sony and the single additional document identified in Sony's supplemental response as having responsive information fall far short of adequately answering these Interrogatories." (emphasis added) This statement is incorrect. Sony's supplemental response identified a document range, SONY0073791-74094, that contained almost 60 separate documents. In addition, Sony continues to search for documents and information responsive to this interrogatory and will supplement this interrogatory to the extent any additional documents or information are located.

Vizio's Interrogatory Nos. 18

Vizio's Interrogatory No. 18 requests that Sony, "Separately for each Patented Sony Product, describe in detail all facts concerning Sony's marking of patent numbers on such product under 35 U.S.C. § 287, including without limitation the date such marking began, any changes to such marking, the patent numbers used in such marking, and identifying the persons most knowledgeable about Sony's marking practices and all documents that refer or relate thereto." As you know, this interrogatory calls for a detailed investigation involving approximately 150 Sony products, many of which are no longer being manufactured and/or sold. Sony's investigation is ongoing, and Sony will continue to supplement its response to this interrogatory as its investigation continues.

Given the foregoing, Sony does not believe that a Local Rule 37 meet-and-confer is necessary. Nevertheless, if Vizio wishes to proceed with such a meet-and-confer, Sony will be available on Friday, June 19 after 1:30 pm PDT.

Exhibit 7 Page 96

Regards,

/s/
Todd Kennedy



Todd Kennedy
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
Direct: (415) 875-6390
Main Phone: (415) 875-6600
Main Fax: (415) 875-6700
E-mail: toddkennedy@quinnemanuel.com
Web: www.quinnemanuel.com

The information contained in this e-mail message is intended only for the personal and confidential use of the recipient(s) named above. This message may be an attorney-client communication and/or work product and as such is privileged and confidential. If the reader of this message is not the intended recipient or agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is strictly prohibited. If you have received this communication in error, please notify us immediately by e-mail, and delete the original message.

[attachment "2977248_2009.06.18 Letter to McCrum re Vizio_s Interrogatories (2).PDF" deleted by Ryan B McCrum/JonesDay]

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

Exhibit 7 Page 97