# Exhibit 10

Exhibit 10 Page 110

Thomas R. Malcolm (State Bar No. 39248)
trmalcolm@jonesday.com
Richard D. Whitlow (State Bar No. 227947)
rdwhitlow@jonesday.com
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Kevin G. McBride (State Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (State Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, California 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for Defendant VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Sony Corporation,<br><br>    Plaintiff,<br><br>    v.<br><br>VIZIO, Inc.,<br><br>    Defendant. | Case No. SA CV 08-01135-RGK (FMOx)<br><br>**VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant VIZIO, Inc. requests that Plaintiffs Sony Corporation and Sony Corporation of America answer the following interrogatories separately and fully, in writing, under oath and within thirty days of the service of this request.

# DEFINITIONS

Without limiting the scope of the Federal Rules of Civil Procedure, the following definitions apply to each paragraph of these interrogatories and are deemed to be incorporated therein:

1. As used herein, the term "Accused VIZIO Product" shall mean any VIZIO product, device, system, or process that Sony alleges infringes any claim of the Patents-in-Suit.

2. As used herein, the term "Asserted Claim" shall mean any claim of the Patents-in-Suit that Sony contends is infringed by any Accused VIZIO Product.

3. As used herein, the terms "You," "Plaintiff," and "Sony" mean Sony Corporation and Sony Corporation of America (both individually and collectively), including any of their officers, directors, partners, associates, employees, staff members, agents, representatives, divisions, parents, subsidiaries, and predecessors in interest.

4. As used herein, "Patented Sony Product" means any product, device, system, or process (excluding Accused VIZIO Products) (i) the manufacture, use, or sale of which is covered by any of the Asserted Claims, including without limitation those products, devices, systems, or processes that when used or made, incorporate, embody, or practice the subject matter of the Asserted Claims; (ii) that is marked with any of the patent numbers of the Sony Patents or Related Patents; or (iii) that is licensed under any of the Sony Patents or Related Patents.

5. As used herein, the terms "Defendant" and "VIZIO" mean Defendant VIZIO, Inc.

6. As used herein, the term "Related Applications" means any and all applications related to the Patent-in-Suit, including any provisional or non-provisional applications, continuations, continuations-in-part, divisions, interferences, reexaminations, reissues, parents, foreign counter-part applications, and any other applications disclosing, describing, or claiming any invention

disclosed, described, or claimed in the Patent-in-Suit, or claiming the benefit of the filing date of any application whose benefit is claimed in the Patent-in-Suit, whether or not abandoned and whether or not issued.

7. As used herein, the term "Related Patents" means any and all patents based upon any Related Application, including any patents that may have been opposed, re-examined, re-issued, or subjected to any validity or nullity proceeding.

8. As used herein, the terms "Sony Patent(s)," "Asserted Sony Patent(s)," or "Patents-in-Suit" refer to, separately and collectively, the following U.S. Patents:

    5,168,362 ("the '362 patent");
    5,212,553 ("the '553 patent");
    5,285,285 ("the '285 patent");
    5,434,626 ("the '626 patent");
    5,539,425 ("the '425 patent");
    5,583,577 ("the '577 patent");
    5,684,542 ("the '542 patent");
    5,731,847 ("the '847 patent");
    5,751,373 ("the '373 patent");
    6,111,614 ("the '614 patent");
    6,661,472 ("the '472 patent");
    6,778,182 ("the '182 patent");
    RE 38,055 ("the '055 patent"); and
    RE 40,468 ("the '468 patent").

9. As used herein, "all" shall be construed as all, each, and any. The term "each" shall be construed as all, each, and any. The term "any" shall be construed as all, each, and any.

10. As used herein, the connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the

interrogatory all responses that might otherwise be construed to be outside of its scope.

11. As used herein, "communication" means any transmittal of information in the form of facts, ideas, inquiries, or otherwise.

12. As used herein, "concerning," "related to," "relating to," "relate to," "relates to," and "regarding" as used herein mean, without limitation, about, identifying, describing, discussing, assessing, stating, reflecting, constituting, containing, reflecting, evidencing, supporting, rebuffing, referring directly or indirectly to, in any way, the particular subject matter identified.

13. As used herein, "document" has the broadest possible meaning afforded under the Federal Rules of Civil Procedure and shall include without limitation every writing or record of any kind that is in your possession, custody, or control and that is kept by electronic, photographic, mechanical, or other means. For purposes of these interrogatories, any document that contains a note, comment, addition, deletion, modification, or otherwise comprises a non-identical copy of another document shall be treated as a separate document subject to identification.

14. When used in connection with a natural person, "identify" means to provide the name, home address, business address, company or organization affiliation, home telephone number, and business telephone number of the person.

15. When used in connection with a business, legal, governmental entity, or association, "identify" means to provide the name, address, and telephone number of the business, legal, governmental entity, or association, including an identification of the office, section, branch, or other subdivision most relevant to the response.

16. When used in connection with a document, "identify" means to provide the title of the document, the number of pages of the document, all serial or identification numbers appearing on the document, a general description of the document, the name of the writer, sender, or initiator of the document, the name of

all recipients of the document (including the addressees and any indicated or blind copies), and the date of the document.

17. When used in connection with an activity or event, "identify" means to give the date, participants, and nature of the activity or event.

18. As used herein, the terms "infringe," "infringed," or "infringement," mean all categories of infringement under 35 U.S.C. § 271, including direct infringement, contributory infringement, and inducement of infringement.

19. As used herein, "person" means any natural person or any business, legal, or governmental entity or association.

20. As used herein, "prior art" refers to any document or thing, in whole or in part, relevant to the patentability of any of the claims of the Patent-in-Suit, including without limitation any events, acts, or conditions of patentability in 35 U.S.C. §§ 102 and 103. The term "prior art" also includes publications, patents, patent applications, inventions by others, uses, sales or offers for sale, and disclosures.

21. The use of the singular form of any word includes the plural and vice versa.

## INSTRUCTIONS

The following instructions apply to each interrogatory and are deemed to be incorporated therein:

1. These interrogatories seek disclosure to the full extent allowed by the Federal Rules of Civil Procedure and shall be interpreted as inclusive rather than exclusive.

2. These interrogatories are continuing so as to require supplemental responses in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

3. If any information requested in these interrogatories is withheld by reason of a claim of privilege or work product protection, state the nature of the privilege or objection and provide sufficient information to permit a full determination of whether the claim or objection is proper. If any document or thing is withheld, provide the following information:

   a) the identity of the document, including the exact name and title of the document, the number of pages, attachments, or appendices to the document, and all serial or identification numbers appearing on the document;

   b) a general description of the document;

   c) the name of the writer, sender, or initiator of the document;

   d) the name of all recipients of the document (including the addressees and any indicated or blind copies);

   e) the date of the document;

   f) the number of the interrogatory to which the document relates; and

   g) the basis on which the document is being withheld.

4. In responding to requests for identification of documents, identify documents known to Sony regardless of whether they are presently in the direct custody or control of Sony or any longer exist.

5. In the event that Sony objects to any interrogatory or part thereof, Sony is requested to answer all parts of such interrogatory to which such objection does not apply.

6. Unless otherwise indicated, these interrogatories cover all time periods.

# INTERROGATORIES

**INTERROGATORY NO. 1:**

Separately for each Accused VIZIO Product and for each Asserted Claim, using a claim chart format, indicate the element or component of such Accused VIZIO Product that allegedly meets each limitation of each Asserted Claim, specifying whether each such limitation is alleged to be met, directly or indirectly, literally or under the doctrine of equivalents and the complete factual and legal basis for your answer.

**INTERROGATORY NO. 2:**

Separately for each Asserted Sony Claim, specify each claim term that Sony contends requires construction by the Court and state the proper construction of each such term, setting forth all bases for that construction, including without limitation any intrinsic or extrinsic evidence on which Sony relies.

**INTERROGATORY NO. 3:**

Separately for each Asserted Sony Claim, identify the date of invention that Sony contends applies to that claimed invention and the complete facts, documents, and persons with knowledge on which Sony relies to support that contention.

**INTERROGATORY NO. 4:**

Separately for each Sony Patent, describe in detail each named inventor's contribution to and involvement with the invention claimed therein, and identify all documents that refer or relate thereto.

**INTERROGATORY NO. 5:**

Separately for each Sony Patent, identify each person other than a named inventor who contributed to or was involved in any way with the conception or actual reduction to practice of the claimed invention, each such person's contribution to or involvement in those events, and all documents that refer or relate thereto.

**INTERROGATORY NO. 6:**

Separately for each Sony Patent, Related Patent, and Related Application, identify all prior art of which Sony is aware concerning the claimed invention of such patent or application, including without limitation all relevant public uses, offers for sale, or sales in the United States occurring prior to the earliest effective filing date of each such patent, all relevant patents and publications dated prior to the earliest effective filing date of each such patent, and all relevant documents concerning such identified prior art.

**INTERROGATORY NO. 7:**

Separately for each prior art search directed to any subject matter claimed at any time in any of the Sony Patents and Related Patents, describe the details of such search, including without limitation the persons involved in conducting the search, when the search was conducted, the particular subject matter to which the search was directed, all prior art located as a result of such search, the persons to whom the search results were communicated, and all documents that refer or relate thereto.

**INTERROGATORY NO. 8:**

Separately for each Asserted Sony Claim, identify all facts concerning, the persons most knowledgeable about, and all documents concerning, any objective indicia that Sony contends supports nonobviousness of the claimed invention, including without limitation any commercial success of the claimed invention, any long felt but unmet need for the claimed invention, any failure of others to develop the claimed invention, or any unexpected results of the claimed invention.

**INTERROGATORY NO. 9:**

Separately for each Sony Patent, state the best mode of carrying out the claimed invention as known to the inventor(s) at the earliest effective United States filing date of each such patent, and identify the persons most knowledgeable and all documents and things that refer or relate thereto.

**INTERROGATORY NO. 10:**

Identify all Patented Sony Products by name and model number, and for each identified product list all Sony Patents that cover such product.

**INTERROGATORY NO. 11:**

Separately for each Patented Sony Product, state the date of the earliest public use, sale, and offer for sale of such product in the United States, and identify the persons most knowledgeable and all facts and documents that refer or relate to such first public use, sale, and offer for sale.

**INTERROGATORY NO. 12:**

Describe in detail the total amount of damages allegedly sustained by Sony due to VIZIO's alleged infringement. A complete answer to this interrogatory will describe in detail Sony's theory of damages, the method used to calculate damages including without limitation whether the calculation is based on lost profits, reasonable royalty, or some other measure of damages, whether Sony alleges it is entitled to prejudgment interest on such damages and, if so, the interest rate and how that interest rate was determined, identify the persons most knowledgeable (other than outside counsel), and identify all documents that refer or relate thereto.

**INTERROGATORY NO. 13:**

Identify all agreements, assignments, or licenses relating to patents on digital television technology executed by Sony, the persons most knowledgeable thereof and all documents that refer or relate thereto.

**INTERROGATORY NO. 14:**

Separately for each Sony Patent, state and describe in detail each and every fact concerning Sony's allegations that VIZIO's alleged infringement of such patent has been or is willful, and identify the persons most knowledgeable and all documents that refer or relate thereto.

**INTERROGATORY NO. 15:**

Describe in detail each and every fact concerning Sony's involvement with the Consumer Electronics Association ("CEA") Television Data Systems Subcommittee, including without limitation its involvement with CEA-708 and digital television closed captioning standards, and identify the persons most knowledgeable and all documents that refer or relate thereto.

**INTERROGATORY NO. 16:**

Describe in detail all facts concerning any disclosure, whether by Sony or any other person, of any patents to the CEA relating to digital television closed captioning, including without limitation an identification of such patents, the persons most knowledgeable concerning the disclosure, and all documents that refer or relate to the disclosure.

**INTERROGATORY NO. 17:**

Explain in detail why the claims that ultimately issued in the '468 patent were not presented to the U.S. Patent and Trademark Office earlier in the chain of applications that lead to the issuance of that patent.

**INTERROGATORY NO. 18:**

Separately for each Patented Sony Product, describe in detail all facts concerning Sony's marking of patent numbers on such product under 35 U.S.C. § 287, including without limitation the date such marking began, any changes to such marking, the patent numbers used in such marking, and identifying the persons most knowledgeable about Sony's marking practices and all documents that refer or relate thereto.

Dated: March 31, 2009

JONES DAY

By: /s/ Steven J. Corr

Steven J. Corr

Attorneys for Defendant VIZIO, INC.

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300. On March 31, 2009, I served a copy of the within document(s):

**VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 1-18)**

- ☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

- ☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below.

- ☐ by placing the document(s) listed above in a sealed _____ envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a _____ agent for delivery.

- ☒ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

- ☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Steve Anderson, Esq.
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, California 90017
sony-vizio@quinnemanuel.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

LAI-3012990v1

Proof of Service
Case No. SA CV 08-01135-RGK (FMOx)

Exhibit 10 Page 122

1     I declare that I am employed in the office of a member of the bar of this court
2 at whose direction the service was made.
3     Executed on March 31, 2009, at Los Angeles, California.

*[signature]*
Beth A. Marchese