# Exhibit 12

Exhibit 12 Page 176

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190

TELEPHONE: (216) 586-3939 • FACSIMILE: (216) 579-0212

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

May 6, 2009

VIA EMAIL

Todd M. Kennedy, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re: *Sony Corporation v. Vizio Inc.*

Dear Todd:

I am writing in response to your letter of April 29, 2009 to James Wamsley regarding alleged deficiencies in Vizio's discovery responses.

As an initial matter, we are surprised by the lack of care and attention that appears in your letter. It seems you have simply taken an old letter from the Westinghouse litigation – as evidenced by your request for *Westinghouse's* availability for a meet and confer – doctored it up, and sent it to Vizio without carefully reviewing Vizio's discovery responses. Particularly troubling are your complaints regarding information that was clearly provided to Sony. For example, you claimed that Vizio failed to even mention AmTran in response to Interrogatory No. 2, even though AmTran was identified in response to that interrogatory dozens of times as the supplier of numerous Vizio products. Furthermore, you accused Vizio of failing to identify specific models of Vizio's televisions, when the models from your letter are in fact identified. You also accused Vizio of failing to identify a single Video Processor or Graphics Processor, even though numerous processor models have been identified in Attachment A to Vizio's responses.

Furthermore, while Sony has objected to providing any 3rd party confidential business information ("CBI") before obtaining consent to do so, you have insisted Vizio produce such information before obtaining 3rd party consent. You have also insisted on Vizio providing claim constructions for all asserted claims (and originally did so before Vizio received any infringement contentions), even though Sony has taken the extraordinary position that no claim construction is necessary for any terms, despite the fact that numerous claim terms are in means-plus-function form. Such demands are inconsistent with Sony's own positions and are disingenuous.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit 12 Page 177

In the future, we ask that you closely review Vizio's discovery responses and consider Sony's positions on issues before firing off letters complaining about purported deficiencies in Vizio's discovery responses. The standards adopted by the Local Rules and Judge Klausner require at least as much, and we will certainly endeavor to do the same.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

You complained that Vizio failed to produce any documents with its discovery responses. Vizio is working diligently to gather and review documents and plans to make productions of confidential information on a rolling basis after a protective order has been entered. In the meantime, Vizio plans to make its first production of non-confidential information no later than Monday, May 10. Vizio is willing to agree to the production of documents for "Outside Attorneys' Eyes Only" provided Sony is willing to do the same. Please let us know.

It bears noting that Sony's first production consisted almost entirely of Vizio's own public documents and other public documents (patents and file histories), and Sony still has not produced documents from the Westinghouse litigation. Sony cannot expect Vizio to produce confidential documents prior to entry of a protective order when Sony has been unwilling to do the same. We are still awaiting Sony's comments on the draft protective order that Vizio provided.

You also demanded that Vizio produce documents containing 3rd party CBI before obtaining consent from those 3rd parties to produce such documents. As noted above, Sony has objected to producing 3rd party CBI before obtaining consent to do so (See Sony's General Objection No. 4 and response to Interrogatory No. 13). Consistent with Sony's objection, the law does not require production of 3rd party information prior to receiving their consent. The law cited in your letter at most suggests that 3rd party CBI may be discoverable. Vizio is taking steps to get consent from third parties to produce their CBI.

With regard to your requested inspection of "fully operational exemplar[s] of each of the Vizio Products," please be advised that Vizio does not have exemplars of all such products. For those products that it does have in inventory, Vizio is willing to arrange an inspection, and will provide a proposal for the date, time and protocol for such an inspection.

For Document Request Nos. 55-57, 64, 82, 106, 125 and 126, Vizio is standing on its objections. For Request Nos. 55-57 and 82, to the extent any documents exist, they are privileged. Request No. 64 is vague and ambiguous, and to the extent understood, does not appear to seek information reasonably calculated to lead to the discovery of admissible evidence. To the extent Vizio has "exemplars" responsive to Request No. 106, it will make those available for inspection pursuant to mutually agreed-upon terms. Request Nos. 125 and 126 are overbroad and vague and ambiguous to such an extent that Vizio does not understand what documents are being sought. Vizio requests that Sony clarify these requests so Vizio can determine if it has responsive, non-privileged documents, or otherwise objects to these requests on other grounds.

Exhibit 12 Page 178

JONES DAY

5/6/2009
Page 3

## INTERROGATORIES

Your contention that Vizio provided an incomplete list of relevant products in response to Interrogatory No. 1 is incorrect. Vizio did identify all relevant products to the best of its ability, including those identified in your letter:

VX20L HDTV1A is on page 3 of Attachment A.

L32 HDTV is on pages 6 and 9 of Attachment A.

L42 HDTV is on page 4 of Attachment A.

P42 ED is on page 4 of Attachment A.

P42 HDTV is on page 6 of Attachment A.

VP42 HDTV is on pages 6 and 9 of Attachment A.

VP50 HDTV is on pages 6 and 9 of Attachment A.

VM60P HDTV10A is on page 2 of Attachment A.

VO22L FHDTV10A is on page 6 of Attachment A.[1]

Your claims regarding Vizio's response to Interrogatory No. 2 are wrong. You contend that "Vizio has not even mentioned" AmTran in its response, but even a cursory review of Attachment A (which was incorporated into Vizio's response to Interrogatory No. 2) shows that AmTran was identified numerous times as the "Vendor" of multiple Vizio products. As for "when" the products in Attachment A were manufactured and sold, Vizio is relying on documents that have responsive information. The burden of ascertaining this information from the documents that Vizio will rely on is substantially the same for Sony as it is for Vizio, and Vizio will identify such documents in a supplemental response as soon as they are produced.

With regard to Sony's Interrogatory No. 3 seeking Vizio's non-infringement contentions, there is nothing in the Local Rules or in any Order issued by the Court requiring Vizio to provide the requested *legal* contentions at this time. The parties are currently engaged in *fact* discovery,

---

[1] In the chart attached to Vizio's discovery responses, Vizio made a good faith effort to minimize any duplication of information. To that end, in very few instances, Vizio identified a model that is representative of other models in a family having substantially the same model number. For example, the VO22L FHDTV10A contains the same chip as the VO22L HDTV10A, so Vizio only identified the VO22L HDTV 10A.
Exhibit 12 Page 179

and this Interrogatory seeks *legal* and expert opinions which are generally disfavored at this stage of the litigation. *E-Bay Seller AntiTrust Litigation*, 2008 WL 5212170 (N.D. Cal.) ("Courts using their Rule 33(a)(2) discretion *generally disfavor contention interrogatories asked before discovery is undertaken.*") As you know, Vizio proposed a detailed schedule by which legal contentions such as those requested by this Interrogatory would be exchanged. Vizio's schedule followed the format set forth in Patent Rules adopted by other courts that are intended to facilitate the timely disclosure of these types of contentions. Sony rejected that approach. Accordingly, Vizio will provide the requested legal contentions in its expert narrative statements twenty-one days before the pre-trial conference in accordance with the Court's Scheduling Order.

Alternatively, if you would like to discuss a mutually agreeable schedule by which legal contentions and expert opinions are to be exchanged, Vizio would be happy to do that. Agreeing to such a schedule would be in keeping with Judge Klausner's remarks that the parties are in the best position to work out these issues in an orderly and amicable manner. Such a schedule would resolve these issues and related issues in their entirety and prevent the parties and the Court from having to waste valuable resources continuing to address such issues in the future.

It is also important to note that just last week was the first time Sony identified the claims it is asserting. Also, while Sony just recently provided Vizio with claim charts, those claim charts are very conclusory and incomplete, as will be outlined in a separate letter. It is premature to ask Vizio for its responses to infringement charges when it does not have a complete and comprehensive set of infringement charts from Sony. Sony has the burden of providing its infringement contentions, and the claim charts provided do not satisfy that burden.

As with Interrogatory No. 7, Sony's Interrogatory No. 4 is premature in that it seeks Vizio's *legal* contentions regarding claim construction during *fact* discovery. Again, Vizio proposed a schedule for an orderly exchange of claim terms in dispute and proposed constructions, which was rejected by Sony. Accordingly, claim construction will be conducted as part of summary judgment briefing as Sony requested, and the Court has ordered. At that time, Vizio will provide its proposed constructions as necessary. Vizio is still willing to discuss a mutually agreeable schedule for exchanging claim terms in dispute and proposed constructions if Sony is interested in that approach. Moreover, Sony cannot insist on Vizio's proposed claim constructions when Sony has failed to provide complete and comprehensive infringement claim charts.

With regard to Sony's Interrogatory No. 8 regarding sales information, Vizio will be relying on documents that have responsive information. The burden of ascertaining this information from the documents that Vizio plans to rely on is substantially the same for Sony as it is for Vizio. Vizio will produce these documents after entry of a suitable protective order (or as Outside Attorneys' Eyes Only assuming Sony is willing to do the same), and will identify them in a supplemental response.

Exhibit 12 Page 180

Vizio will supplement its response to Interrogatory No. 10 to more specifically describe how it first became aware of the '373, '472 and '468 patents.

With regard to Sony's Interrogatory No. 11, Sony is improperly asking Vizio to do Sony's analytical work. Vizio will be relying on documents that have responsive information. The burden of ascertaining this information from the documents that Vizio plans to rely on is substantially the same for Sony as it is for Vizio. Vizio will produce these documents after entry of a suitable protective order (or as Outside Attorneys' Eyes Only assuming Sony is willing to do the same), and will identify them in a supplemental response.

Your claims regarding Vizio's response to Interrogatory No. 12 have no merit. Sony is not entitled to a set number of people most knowledgeable about certain topics. Vizio identified, in each case, a number of individuals most knowledgeable about the topics set forth in Interrogatory No. 12. By insisting on more names, Sony is improperly seeking duplicative discovery.

With respect to Interrogatory No. 13, you claim that Vizio has failed to identify even a single processor in its response. However, Attachment A to Vizio's responses set forth nearly all the processors used in Vizio's products by model number. Vizio will supplement its response to Interrogatory No. 13 to more clearly refer to Attachment A as having information responsive to this Interrogatory.

With regard to Sony's Interrogatory Nos. 14 and 18 regarding television standards and standards organizations, Vizio will be relying on documents that have responsive information. The burden of ascertaining this information from the documents that Vizio plans to rely on is substantially the same for Sony as it is for Vizio. Vizio will produce these documents after entry of a suitable protective order (or as Outside Attorneys' Eyes Only assuming Sony is willing to do the same), and will identify them in a supplemental response.

In view of the foregoing, Vizio does not believe that an in-person meet and confer is necessary. Nevertheless, if you still feel that a meet and confer is necessary, we are available May 15, 2009. If your question regarding Westinghouse's availability for a meet and confer was not simply a carryover from a letter in the Westinghouse litigation, we fail to see the need for them to attend any meet and confers.

Please feel free to call me if you would like to discuss this further.

Very truly yours,

Ryan B. McCrum

Exhibit 12 Page 181