# Exhibit 13

Exhibit 13 Page 182

Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Sony Corporation

Thomas R. Malcolm (Bar No. 39248)
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Kevin G. McBride (Bar No. 195866)
Steven J. Corr (Bar No. 216243)
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>Defendant. | CASE NO. CV 08-01135-RGK (FMOx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING SONY CORPORATION'S MOTION TO COMPEL A FURTHER RESPONSE TO SONY'S INTERROGATORY NO. 3**<br><br>**Magistrate Judge: Hon. Fernando M. Olguin**<br><br>Hearing: XX:XX a.m. on XXXX, XX, 2009, at 312 N. Spring St., 9th Floor, Courtroom F<br>**Discovery Cut-Off Date:** November 1, 2009<br>**Pretrial Conference Date:** January 10, 2010<br>**Trial Date:** January 26, 2010 |

# TABLE OF CONTENTS

**Page**

Exhibit 13 Page 184

Pursuant to Fed. R. Civ. P. 37 (a) and Local Rule 37-2.1, Plaintiff Sony Corporation ("Sony") and Defendant Vizio, Inc. ("Vizio") submit the following joint stipulation in connection with Sony Corporation's Motion to Compel a Further Response to Sony's Interrogatory No. 3.[1] The parties have complied with Local Rule 37-1.[2]

## I. INTRODUCTION

### A. Sony's Introductory Statement

Having failed to convince the Court to adopt its proposed schedule for this litigation at the Court's April 6, 2009 Scheduling Conference, Vizio now seeks to unilaterally impose its own schedule by refusing to respond to Sony's interrogatory request seeking Vizio's non-infringement claim charts. The Discovery Rules do not allow such a strategy. Rather, the Federal Rules are clear that "the purpose of discovery is to remove surprise from trial preparation so the parties can obtain evidence necessary to evaluate and resolve their disputes. *National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, --- F.R.D. ---, 2009 WL 1068962 at * 2 (C.D. Cal. February 25, 2009). Furthermore, "[t]he party who resists discovery has the burden to show discovery should not be allowed." *Id.* Vizio has not met this burden. Vizio has merely asserted a mistaken belief that the law per se disfavors early contention interrogatories and therefore it should not have to respond to Sony's interrogatory requesting non-infringement claim charts for seven more

---

[1] Vizio's Response to Sony's First Set of Interrogatories (Nos. 1-18) is attached to the accompanying Declaration of Peter A. Klivans in Support of Joint Stipulation Regarding Sony Corporation's Motion to Compel a Further Response to Sony Interrogatory No. 3 ("Klivans Decl.") at Ex. D. Pursuant to Local Rule 37-2.1, a copy of this Court's order establishing the initial case schedule is attached as Ex. B to the Klivans Declaration.

[2] Pursuant to Local Rule 37-1, the parties have conducted a pre-filing conference of counsel by letter (April 29, 2009, May 6, 2009, and May 7, 2009) (Klivans Decl. Exs. E, F, and G) and have met and conferred in-person (May 11, 2009), which was transcribed by a court reporter. (Klivans Decl. Ex. A.)

months, until 21 days before the pretrial conference. Should Vizio succeed in delaying its response, Sony will be prejudiced by Vizio's refusal to provide its non-infringement claim charts on a timely basis. Vizio should not be allowed to continue to refuse to provide a substantive response.

On March 23, 2009, Sony served Vizio with its First Set of Interrogatories, including Interrogatory No. 3, which requested Vizio's non-infringement claim charts. In its initial response to this interrogatory on April 22, 2009, Vizio merely objected and stated that it would supplement its response within a "reasonable period of time" after Sony provided a list of asserted claims and accused products. Sony provided a list of asserted claims by letter on April 29, 2009 and provided a list of accused products on April 30, 2009 in its own responses to Vizio's interrogatories, which also included detailed infringement claim charts. Despite having provided the information requested by Vizio, on May 6, 2009, Vizio stated by letter that it would in fact not be supplementing its response to Sony's Interrogatory No. 3 until after the November 1, 2009 close of discovery, when it provides its "expert narrative statements twenty-one days before the pre-trial conference." (Klivans Decl. Ex. F at 4.) Vizio confirmed its position in the parties' May 11, 2009 meet and confer. (Klivans Decl. Ex. A at 20:9-20.)

Vizio's refusal to respond to Sony's Interrogatory No. 3 will result in unfair surprise and prejudice to Sony. Without Vizio's non-infringement claim charts, Sony will be unable to carry out discovery, including written discovery, deposition testimony, or expert discovery, on Vizio's non-infringement contentions prior to the November 1, 2009 close of discovery. For Vizio to contend that Sony can engage in discovery and prepare its case without knowledge of Vizio's non-infringement contentions until twenty-one days before the pre-trial conference is extremely prejudicial to Sony.

Given Vizio's unwillingness to provide a substantive answer to Interrogatory No. 3, Sony is forced to bring this dispute to the Court for resolution. Sony

respectfully requests that the Court order Vizio to comply with its discovery obligations and supplement its response to Interrogatory No. 3.

**B. Vizio's Introductory Statement**

[TBA]

## II. DISPUTED INTERROGATORY NO. 3

On March 23, 2009, Sony propounded its First Set of Interrogatories to Vizio (Nos. 1-18). (Klivans Decl. Ex. C.) Vizio served objections and responses to Sony's interrogatories on April 22, 2009. (Klivans Decl. Ex. D.) Sony's Interrogatory No. 3, along with Vizio's response, is set forth as follows.

**INTERROGATORY NO. 3:**

Set forth in claim chart form the bases for Vizio's First Affirmative Defense that "it does not infringe, induce infringement of, or contributorily infringe any properly construed, valid claim of ... the 'patents-in-suit.'" (ellipsis in original)

**RESPONSE TO INTERROGATORY NO. 3:**

In addition to and without limiting the foregoing General Objections, Vizio objects to this Interrogatory as premature, overly broad and unduly burdensome in that Sony has not yet identified the claims of the patents-in-suit that it is asserting against Vizio and the products that are purportedly infringed by those claims. This Interrogatory improperly seeks Vizio's non-infringement contentions with respect to every claim of all ten asserted patents and with respect to every product ever sold by Vizio. Vizio objects to responding with respect to any patent claims not actually asserted by Sony and with respect to products not accused by Sony. Vizio further objects to this Interrogatory as premature to the extent that it calls for the disclosure of expert opinion or claim constructions in contravention of any Scheduling Order to be entered by the Court. Vizio further objects to this Interrogatory to the extent it seeks information protected by the attorney-client

Exhibit 13 Page 187
51451/2926917.3                3

privilege and/or work product immunity, or non-testifying expert privilege. Vizio further objects to this Interrogatory on the ground that it is compound and counts as multiple interrogatories rather than simply one interrogatory.

Subject to and without waiving the foregoing General and Specific Objections, Vizio responds that upon receiving the identity of the asserted claims and the products accused of infringing each of those claims, Vizio will supplement its response to this Interrogatory within a reasonable period of time.

### A. Sony's Position Regarding Interrogatory No. 3

Interrogatory No. 3 is a straightforward request that asks Vizio to provide claim charts setting forth its non-infringement positions. This information is obviously relevant to this patent infringement action and is well within the scope of discovery permitted by the Federal Rules of Civil Procedure. Indeed, such information is routinely exchanged in patent cases. Vizio's refusal to provide a timely response to Interrogatory No. 3 is unreasonable, violates the Federal Rules, and obstructs Sony's ability to prepare its case for trial. It also will effectively prevent the parties from crystallizing their disputes in a manner that will allow them to be resolved by the Court.

#### 1. Sony's Interrogatory Is Relevant and Proper Under the Federal Rules

Vizio has no legitimate basis for refusing to disclose the information sought by Interrogatory No. 3. Federal Rule of Civil Procedure 26 provides that a party "may obtain discovery of any nonprivileged matter that is relevant to any party's claim or defense[.]" Indeed, the liberal rules of discovery embodied in the Federal Rules of Civil Procedure permit any discovery that is "reasonably calculated to lead to the discovery of admissible evidence." *Id.* An interrogatory regarding the bases for an affirmative defense of non-infringement clearly meets this standard. Vizio does not dispute that it must provide the information sought. Rather, it asserts that it

has no obligation to respond to Sony's Interrogatory until after the close of discovery, when the parties exchange expert reports.

### 2. Vizio Should Respond to Sony's Interrogatory No. 3 With The Information It Now Has

As described above, on March 23, 2009, Sony served Vizio with its First Set of Interrogatories, including the subject of this joint stipulation, Interrogatory No. 3. That interrogatory requested that Vizio "Set forth in claim chart form the bases for Vizio's First Affirmative Defense that 'it does not infringe, induce infringement of, or contributorily infringe any properly construed, valid claim of ... the 'patents-in-suit.'" (ellipsis in original). On April 22, 2009, Vizio responded to Interrogatory No. 3, stating, "upon receiving the identify of the asserted claims and the products accused of infringing each of those claims, Vizio will supplement its response to this Interrogatory within a reasonable period of time."

On April 29, 2009, Sony sent a letter to Vizio setting forth exactly which claims it is presently asserting against specific Vizio products. (Klivans Decl. Ex. E at 3.) The next day, in response to Vizio's interrogatories, Sony provided an interrogatory response that incorporated this information and also include detailed claim charts. Yet despite having all of the information that Vizio said it needed to supplement its response, Vizio reversed course, stating in its May 6, 2009 letter that it would not supplement its response to Sony's Interrogatory No. 3 until after the November 1, 2009 close of discovery, when it provides its "expert narrative statements twenty-one days before the pre-trial conference." (Klivans Decl. Ex. F at 4.) The pre-trial conference is set for January 10, 2010. During the parties' May 11, 2009 meet and confer, Vizio confirmed its intention not to provide a substantive response for Interrogatory No. 3 until 21 days before January 10, 2010. (Klivans Decl. Ex. A at 20:12-15).

Although Vizio is unwilling to provide noninfringement contentions at the present time, its First Set of Interrogatories, served March 31, 2009, asked Sony to

provide its infringement contentions. Indeed, Vizio's Interrogatory No. 1 requested that Sony "using a claim chart format, indicate the element or component of such Accused Vizio product that allegedly meets each limitation of each Asserted Claim." As noted above, Sony responded to that interrogatory on April 30, 2009, providing detailed infringement charts totaling over 1400 pages that set forth Sony's present infringement contentions—in advance of any production of documents or other discovery by Vizio—on an element-by-element basis for the accused products.[3] For each element, Sony's claim charts included page citations to Vizio product manuals.

Vizio's refusal to respond to Sony's interrogatory requesting non-infringement claim charts stands in stark contrast to Vizio's own service of an interrogatory requiring Sony to provide detailed infringement claim charts. Although Sony provided those charts on April 30, 2009 and plans to supplement them as additional discovery becomes available, Vizio refuses to disclose any noninfringement contentions until the eve of trial. This is improper. Discovery is not a one-way street in which one party timely provides information while the other delays responding for strategic gain. *U.S. v. Two Bank Accounts*, 2008 WL 2696927 at *3 (D.S.D. July 2, 2008) ("The process of discovery is a two-way street that is designed to allow each party to the lawsuit to discover the facts and witnesses the other party intends to present at the trial of the case.").

### 3. Vizio's Delay Will Result in Unfair Surprise and Prejudice to Sony

"[T]he purpose of discovery is to remove surprise from trial preparation so that parties can obtain evidence necessary to evaluate and resolve their dispute."

---

[3] At this early stage of discovery, Sony based its infringement claim charts on publicly available information. Sony provided claim charts for the accused products as a group. As the
(footnote continued)

Exhibit 13 Page 190
51451/2926917.3        6

*National Academy of Recording Arts & Sciences, Inc. v. On Point Events, LP*, ---
F.R.D. ---, 2009 WL 1068962 at * 2 (C.D. Cal. February 25, 2009). In keeping with
this purpose, the purpose of Sony's Interrogatory No. 3 is to allow the parties to set
forth their infringement and non-infringement contentions early in the discovery
process so that the parties will be able to seek relevant discovery of matters relating
to the parties' underlying contentions. "Requiring a defendant to answer a
contention interrogatory and to produce documents that support its affirmative
defenses is consistent with Rule 11 of the Federal Rules of Civil Procedure, which
require parties have some factual basis for their claims and allegations." *Id.* at *4.
Here, the patents-in-suit concern technologies relating to closed captioning and on-screen menus, among other technologies. In order to adequately prepare for
depositions, to serve relevant Requests for Admission, to know what third party
discovery to engage in, and to carry out its obligations under the Federal Rules with
respect to expert discovery, Sony must know what aspects of these technologies on
the accused products are in dispute.

Despite the obvious relevance of the information sought by Interrogatory No.
3, Vizio has taken the position that it can withhold its non-infringement claim charts
for the next seven months. The Court has set a Discovery Cut-off of November 1,
2009, and yet Vizio has stated that it will not respond to this Interrogatory until 21
days before the January 10, 2010 pre-trial conference. Sony will have no
opportunity prior to the close of discovery to depose witnesses regarding Vizio's
non-infringement positions, nor any opportunity to seek third-party discovery of the
parts and components that Vizio refers to in its claim charts. This would result in
serious prejudice to Sony, that could possibly only be ameliorated by the preclusion
of Vizio's evidence at trial. *See, e.g., Heidelberg Harris, Inc. v. Mitsubishi Heavy*

---

parties engage in substantive discovery, Sony will supplement its response to Vizio's Interrogatory
No. 1, pursuant to Fed. R. Civ. P. 26(e).

Exhibit 13 Page 191

51451/2926917.3                          7

*Industries, Ltd.*, 1997 WL 321686 (N.D. Ill. June 6, 1997) (finding that "the prejudice resulting from Mitsubishi's failure to timely reveal the basis of its Section 112 defense warranted the preclusion of any evidence on this defense at trial"). Rather than proceed down this route, Vizio should be required to provide substantive non-infringement claim charts on a timely basis. For Vizio to contend that Sony must engage in discovery and prepare its case without knowledge of Vizio's non-infringement contentions until twenty-one days before the pre-trial conference is extremely prejudicial to Sony.

### 4. Vizio Should Be Ordered to Immediately Respond to Sony's Interrogatory No. 3

Vizio's assertion that contention interrogatories are disfavored at the start of discovery is incorrect. Although Fed. R. Civ. P. 33(a)(2) does state that "[a contention] interrogatory need not be answered until designated discovery is complete, or until a pretrial conference or some other time," this limitation is aimed at interrogatories which a party cannot reasonably respond to until later in the discovery process. But the mere fact that forthcoming discovery will permit a more complete answer to a contention interrogatory does not make the interrogatory premature. Rather, a party responding to a contention interrogatory at an early stage of discovery should "answer [the] interrogatory [] based on the information it has to date." *Cable & Computer Technology, Inc. v. Lockheed Saunders, Inc.*, 175 F.R.D. 646, 652 (C.D. Cal. 1997). Sony does not dispute Vizio's right to timely supplement any response it provides now to the extent it learns additional information responsive to this interrogatory during the course of discovery. *Id.* ("Of course, [the party] may later amend its answer … or supplement it, as it has an obligation to do under Fed. R. Civ. P. 26(e)."); *see also Bathija v. Panoff Pub., Inc.*, 2005 WL 2323298 at *1 (D. Alaska Sept. 21, 2005); *Titre v. S.W. Bach & Co.*, 2005 WL 1692508 at * 1 (S.D. Fla. July 20, 2005) ("Defendant's lone complaint about

this Interrogatory is that it is premature; yet, Defendant is authorized to (and indeed, must) supplement its discovery responses as information becomes available to it."). Indeed, Vizio is obligated to do so. Fed. R. Civ. P. 26(e).

Vizio should be ordered to provide its response now, at the outset of discovery, because by exchanging infringement and non-infringement claim charts, the parties may 1) clarify the issues in the case; 2) narrow the scope of their dispute; and 3) potentially encourage early settlement discussion.

The parties' mutual exchange of infringement and non-infringement claim charts at an early stage of discovery will clarify the issues in the case and narrow the scope of the dispute. By crystallizing which features and technologies of the asserted products are in dispute as potentially infringing the asserted claims, the parties will be able to focus their upcoming discovery, including additional written discovery, depositions, and expert discovery, on the relevant features and technologies. In general, courts routinely require defendants in patent infringement matters to respond to contention interrogatories regarding their affirmative defenses at the outset of discovery. *Cornell Research Foundation, Inc. v. Hewlett Packard Co.*, 223 F.R.D. 55, 67 (N.D.N.Y. 2003) ([F]undamental fairness dictates, at a minimum, that HP be required to flesh out the contentions associated with this affirmative defense in sufficient detail to allow CRF to conduct meaningful discovery concerning it.); *Dot Com Entertainment Group, Inc. v. Cyberbingo Corp.*, 237 F.R.D. 43, 45 (W.D.N.Y. 2006) ("[C]ontention interrogatories seeking the bases for Defendants' prior art and obviousness defenses are enforced, even at an early stage..."). Contention interrogatories seeking non-infringement claim charts are not treated any differently. *Ring Indus. Group, LP v. E Z Set Tank Co., Inc.*, 2008 WL 2413996 at *6 (W.D.N.C. June 11, 2008).

Furthermore, clarification of the issues and narrowing of the dispute may encourage the parties to seek settlement to the extent each side better understands

Exhibit 13 Page 193

51451/2926917.3                                        9

the other's infringement or non-infringement assertions. Delay will likely have the opposite effect and reduce the chances of the parties' seeking settlement.

### 5. It is Improper for Vizio to Condition its Response on Sony's Responses to Vizio's Interrogatories

In its May 6, 2009 letter to Sony, Vizio stated that it would not provide its non-infringement claim charts until 21 days before the pre-trial conference. However, referring to Sony's request for non-infringement claim charts as a request for legal contentions, Vizio further stated: "Alternatively, if you would like to discuss a mutually agreeable schedule by which legal contentions and expert opinions are to be exchanged, Vizio would be happy to do that." (Klivans Decl. Ex. F at 4.) Although Vizio may propose to Sony a schedule for expert opinion exchanges different from that required by the Local Rules and the Court's April 6, 2009 Scheduling Order, Vizio may not withhold a discovery response in an effort to force Sony to agree to Vizio's preferred schedule. "Discovery is not conducted on a 'tit-for-tat' basis." *National Academy of Recording Arts & Sciences*, 2009 WL 1068962 at *2.

Nor can Vizio properly withhold information it is obligated to provide based on alleged deficiencies in *Sony's* discovery responses. The Federal Rules and relevant case law are clear that a party is not permitted to condition its compliance with discovery obligations upon its unilateral satisfaction with a response to other discovery by the propounding party. Fed. R. Civ. P. 26(d)(2) ("Unless, on motion, the court orders otherwise . . . discovery by one party does not require any other party to delay its discovery."); *Zamora v. D'Arrigo Bros. Co. of Cal.*, 2006 WL 931728, at *5 (N.D. Cal. 2006) (Rule 26(d) "eliminate[s] any fixed priority in the sequence of discovery") (internal quotation marks and citation omitted); *see also Convolve, Inc. v. Compaq Comp. Corp.*, 2000 WL 1480363, at *1 (S.D.N.Y. Oct. 6, 2000) ("[W]ithout judicial intervention a party can neither assert priority in discovery nor make its responses to another party's discovery requests contingent

upon reciprocal compliance."). Therefore, it is improper for Vizio to suggest that it would provide a response to Interrogatory No. 3 if only Sony would agree to a revised schedule for expert discovery.

In view of the foregoing, Sony respectfully requests the Court grant Sony's motion to compel Vizio to provide a complete response to Sony's discovery by providing Sony with non-infringement claim charts as requested by Interrogatory No. 3.

### B. Vizio's Position Regarding Interrogatory No. 3

[TBA]

Exhibit 13 Page 195

51451/2926917.3

11

## III. CONCLUSION

### A. Sony's Conclusion

For the foregoing reasons, the Court should compel Vizio to promptly supplement its response to Sony's Interrogatory No. 3.

### B. Vizio's Conclusion

[TBA]

DATED: May , 2009    Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By_____
Kevin P.B. Johnson
Attorneys for Sony Corporation

DATED: May , 2009    Respectfully submitted,

JONES DAY

By_____
James L. Wamsley, III
Attorneys for Vizio, Inc.