# Exhibit 16

Exhibit 16 Page 720

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SONY CORPORATION, | ) | CASE NO. SA CV 08-01135-RGK (FMOx) |
| Plaintiff(s), | ) ) | |
| | ) | **ORDER FOR JURY TRIAL:** |
| vs. | ) | |
| | ) | **Pretrial Conference: January 10, 2010 at** |
| VIZIO, INC., | ) | **9:00 a.m.** |
| | ) | |
| Defendant(s). | ) | **Trial Date: January 26, 2010 at 9:00 a.m.** |
| _____ | ) ) | |

**UNLESS OTHERWISE ORDERED BY THE COURT, THE FOLLOWING RULES**

**SHALL APPLY:**

## SCHEDULING

1.    <u>In General</u>

All motions to join other parties or to amend the pleadings shall be filed and served within fifteen (15) days of the date of this order.

2.    <u>Motions for Summary Judgment or Partial Summary Judgment</u>

Motions for summary judgment or partial summary judgment shall be filed as soon as practical, however, in no event later than the motion cut-off date.

Exhibit 16 Page 721

1  **3.     Discovery Cut-Off**

2      The Court has established a cut-off date for discovery in this action. All discovery shall

3  be complete by the discovery cut-off date specified in the Scheduling Order.  **This is not the**

4  **date by which discovery requests must be served; it is the date by which all discovery is to**

5  **be completed.**

6      In an effort to provide further guidance to the parties, the Court notes the following:

7          a. Depositions

8      All depositions shall be scheduled to commence sufficiently in advance of the discovery

9  cut-off date to permit their completion and to permit the deposing party enough time to bring any

10  discovery motion concerning the deposition prior to the cut-off date.

11          b. Written Discovery

12     All interrogatories, requests for production of documents, and requests for admission

13  shall be served sufficiently in advance of the discovery cut-off date to permit the discovering

14  party enough time to challenge (via motion practice) responses deemed to be deficient.

15          c. Discovery Motions

16     Whenever possible, the Court expects the parties to resolve discovery problems among

17  themselves in a courteous, reasonable and professional manner.  The Court expects that counsel

18  will strictly adhere to the Civility and Professional Guidelines adopted by the United States

19  District Court for the Central District of California in July, 1995.

20     Discovery matters are referred to a United States Magistrate Judge.  **Any motion**

21  **challenging the adequacy of responses to discovery must be filed timely, and served and**

22  **calendared sufficiently in advance of the discovery cut-off date to permit the responses to**

23  **be obtained before that date, if the motion is granted.**

24     Consistent resort to the Court for guidance in discovery is unnecessary and will result in

25  the appointment of a Special Master at the joint expense of the parties to resolve discovery

26  disputes.

27  **4.     Mandatory Settlement Conference**

28          2

Exhibit 16 Page 722

1       Pursuant to Local Rule 16-14, the parties in every case must select a settlement

2  procedure.  The final meeting with the parties' settlement officer must take place no later than 45

3  days before the Final Pretrial Conference.

4

5                        **FINAL PRE-TRIAL CONFERENCE**

6

7       This case has been placed on calendar for a Final Pre-Trial Conference pursuant to

8  Fed.R.Civ.P. 16 and 26.  Unless excused for good cause, each party appearing in this action shall

9  be represented at the Final Pre-Trial Conference, and all pre-trial meetings of counsel, by the

10  attorney who is to have charge of the conduct of the trial on behalf of such party.

11  <u>STRICT COMPLIANCE WITH THE REQUIREMENT OF FED.R.CIV.P. 26 AND</u>

12  <u>LOCAL RULES ARE REQUIRED BY THE COURT</u>.  Therefore, carefully prepared

13  Memoranda of Contentions of Fact and Law, a Joint Witness List, and Joint Exhibit List shall be

14  submitted to the Court.  The Joint Witness List shall contain a brief statement of the testimony

15  for each witness, **what makes the testimony unique** from any other witness testimony, and the

16  time estimate for such testimony.  The Joint Exhibit List shall contain any objections to

17  authenticity and/or admissibility to the exhibit(s) and the reasons for the objections.

18       The Memoranda of Contentions of Fact and Law, Witness List and Exhibit List are due

19  twenty-one (21) days before the Final Pre-Trial Conference.

20       If expert witnesses are to be called at trial, each party shall list and identify their

21  respective expert witnesses.  Failure of a party to list and identify an expert witness may

22  preclude a party from calling an expert witness at trial.  If expert witnesses are to be called at

23  trial, the parties shall exchange at the Final Pre-Trial Conference short narrative statements of

24  the qualifications of the expert and the testimony expected to be elicited at trial.  If reports of

25  experts to be called at trial have been prepared, they shall be exchanged at the Final Pre-Trial

26  Conference but shall not substitute for the narrative statements required.

27

28                       3

Exhibit 16 Page 723

**TRIAL PREPARATION FOR JURY TRIAL**

**MOTIONS, INSTRUCTIONS AND EXHIBITS**

THE COURT ORDERS that all counsel comply with the following in their preparation for trial:

**1.    <u>MOTIONS IN LIMINE</u>**

All motions in limine must be filed and served a minimum of forty-five (45) days prior to the scheduled trial date. Each motion should be separately filed and numbered. All opposition documents must be filed and served at least twenty-five (25) days prior to the scheduled trial date. All reply documents must be filed and served at least ten (10) days prior to the scheduled trial date.

All motions in limine will be ruled upon on or before the scheduled trial date and should not be noticed for motion on any date other than the assigned trial date.

**2.    <u>JURY INSTRUCTIONS/SPECIAL VERDICT FORMS</u>**

Thirty-five (35) days before trial, plaintiff shall serve plaintiff's proposed jury instructions and special verdict forms on defendant. Twenty-eight (28) days before trial, defendant shall serve on plaintiff defendant's objections to plaintiff's instructions together with any additional instructions defendant intends to offer. Twenty-one (21) days before trial, plaintiff shall serve on defendant plaintiff's objections to defendant's instructions. Twenty-one (21) days before trial, counsel are ordered to meet and confer to attempt to come to agreement on the proposed jury instructions. The parties shall make every attempt to agree upon the jury instructions before submitting them to the Court. It is expected that counsel will agree on the substantial majority of jury instructions, particularly where patent instructions are involved.

Sixteen (16) days before trial, counsel shall file with the Court a JOINT set of jury instructions on which there is agreement. Defendant's counsel has the burden of preparing the joint set of jury instructions. At the same time each party shall file its proposed jury instructions

4

Exhibit 16 Page 724

1  which are objected to by any other party, accompanied by points and authorities in support of
2  those instructions.

3    When the parties disagree on an instruction, the party opposing the instruction must
4  attach a short statement (one to two paragraphs) supporting the objection, and the party
5  submitting the instruction must attach a short reply supporting the instruction. Each statement
6  should be on a separate page and should follow directly after the disputed instruction.

7    The parties ultimately must submit one document, or if the parties disagree over any
8  proposed jury instructions, three documents. The three documents shall consist of: (1) a set of
9  Joint Proposed Jury Instructions; (2) Plaintiff's Disputed Jury Instructions; and (3) Defendant's
10  Disputed Jury Instructions. Any disputed Jury Instructions shall include the reasons supporting
11  and opposing each disputed instruction in the format set forth in the previous paragraph.

12    The Court directs counsel to use the instructions from the Manual of Model Jury
13  Instructions for the Ninth Circuit where applicable. Where California law is to be applied and
14  the above instructions are not applicable, the Court prefers counsel to use the California Jury
15  Instructions in either BAJI or CACI. If none of these sources is applicable, counsel are directed
16  to use the instructions in Devitt, Blackmar and Wolff, Federal Jury Practice and Instructions.

17    Modifications of instructions from the foregoing sources (or any other form instructions)
18  must specifically state the modification made to the original form instruction and the authority
19  supporting the modification.

20    Each requested instruction shall be set forth in full; be on a separate page; be numbered;
21  cover only one subject or principle of law; not repeat principles of law contained in any other
22  requested instructions; and cite the authority for a source of the requested instruction. In
23  addition to the foregoing, each party shall file with the Courtroom Deputy on the first day of trial
24  a "clean set" of the aforesaid requested duplicate jury instructions in the following form: Each
25  requested instruction shall be set forth in full; be on a separate page with the caption "COURT'S
26  INSTRUCTION NUMBER __"; cover only one subject or principle of law; and not repeat
27  principles of law contained in any other requested instruction. The "clean set" shall not cite the

28                                                  5

Exhibit 16 Page 725

1  authority for a source of the requested instruction.  Counsel shall also provide the Court with a
2  CD in WordPerfect format containing the proposed jury instructions.

3      An index page shall accompany all jury instructions submitted to the Court.  The index
4  page shall indicate the following:

5      •      the number of the instruction;

6      •      a brief title of the instruction;

7      •      the source of the instruction and any relevant case citation; and

8      •      the page number of the instruction.

9  *EXAMPLE:*

10  NO.   TITLE                                    SOURCE                PAGE
11  NO.

12  5      Evidence for Limited Purpose           9th Cir. 1.5              9

13

14      During the trial and before argument, the Court will meet with counsel and settle the
15  instructions.  Strict adherence to time requirements is necessary for the Court to examine the
16  submissions in advance so that there will be no delay in starting the jury trial.  **Failure of**
17  **counsel to strictly follow the provisions of this section may subject the non-complying party**
18  **and/or its attorney to sanctions and SHALL CONSTITUTE A WAIVER OF JURY TRIAL**
19  **in all civil cases.**

20

21

22

23

24

25

26

27

28                                            6

Exhibit 16 Page 726

### 3.    <u>TRIAL EXHIBITS</u>

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders which are indexed by exhibit number with tabs or dividers on the right side.  Counsel shall submit to the Court an original and one copy of the binders.  The exhibits shall be in a three-ring binder labeled on the spine portion of the binder as to the volume number <u>and</u> contain an index of each exhibit included in the volume.  Exhibits must be numbered in accordance with Fed.R.Civ.P. 16, 26 and the Local Rules.

Exhibit list shall indicate which exhibits are objected to, the reason for the objection, and the reason it is admissible.  Failure to object will result in a waiver of objection.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the first day of trial:

- The <u>original exhibits</u> with the Court's exhibit tags shall be stapled to the front of the exhibit on the upper right-hand corner with the case number, case name, and exhibit number placed on each tag.  Exhibit tags can be obtained from the Clerk's Office, Room G-8, 312 North Spring Street, Los Angeles, CA 90012.
- <u>One bench book</u> with a copy of each exhibit for use by the Court, tabbed with numbers as described above.  (Court's exhibit tags not necessary.)
- Three (3) copies of exhibit lists.
- Three (3) copies of witness lists in the order in which the witness may be called to testify.
- Counsel are ordered to submit a short joint statement of the case seven (7) days before trial that the Court may read to the prospective panel.
- All counsel are to meet not later than ten (10) days before trial and to stipulate so far as is possible as to foundation, waiver of the best evidence rule, and to those exhibits which may be received into evidence at the start of trial.  The exhibits to be so received will be noted on the copies of the exhibit lists.

7

Exhibit 16 Page 727

1    •    Counsel may, but need not, submit brief proposed voir dire questions for the jury

2         seven (7) calendar days before the Pretrial Conference. The Court will conduct

3         its own voir dire after considering any proposed voir dire submitted by counsel.

4    •    Any items that have not been admitted into evidence and are left in the courtroom

5         overnight <u>without prior approval</u>, will be discarded.

6

7

8 DATED: April 6, 2009

9

10                                  _Gary Klausner_

11                          R. Gary Klausner, Judge
                           UNITED STATES DISTRICT COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 16 Page 728