# EXHIBIT A

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190

TELEPHONE: (216) 586-3939 • FACSIMILE: (216) 579-0212

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

July 8, 2009

VIA EMAIL

Todd M. Kennedy, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re: *Sony Corporation v. Vizio Inc.*

Dear Todd:

I am writing regarding outstanding deficiencies in Sony's discovery responses. Pursuant to Local Rule 37, Vizio requests an in-person meet and confer regarding these issues. During that meet and confer, Vizio also plans to discuss placing a limit on the number of asserted claims and a schedule for exchanging expert reports and conducting expert discovery.

Interrogatory No. 1

The supplemental claim charts provided by Sony in response to Interrogatory No. 1 are still deficient. The charts suffer from the exact same problems as the original claim charts, and Sony has made no effort to address the main concerns raised by Vizio. Most notably, the claim charts are deficient in that they still contain large cut and pasted portions from Vizio's Users Manuals and other documents, without any attempt whatsoever to indicate what *specific* portions of those documents correspond to *specific* limitations. Accordingly, the parties are at an impasse with respect to Sony's response to Interrogatory No. 1.

Limiting the Number of Asserted Claims; Expert Reports and Expert Discovery

Sony's response to Interrogatory No. 1 highlights another significant issue needing immediate attention. Sony is currently asserting over 100 patent claims against Vizio, which, as Sony must recognize, is an unreasonable number of claims to try before a jury. Moreover, because of the number of claims currently being asserted, the parties have been unable to focus their efforts on the claims that are ultimately going to be at-issue, and have wasted a lot of time preparing infringement and invalidity contentions for claims that are not going to be asserted at trial. This problem will become worse as the parties start preparing expert reports. Accordingly, Vizio plans to discuss during the next meet and confer a date certain by which Sony should have to limit the number of asserted claims to three claims per patent. In conjunction with that

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit A Page 4

discussion, Vizio plans to discuss a schedule for exchanging expert reports and conducting expert discovery.

Notably, Sony has made little effort to narrow the scope of asserted claims. Even though Sony acknowledged during meet and confers that it needs to obtain additional discovery in order to better understand the internal operation of Vizio's products, Sony has made no effort to subpoena MediaTek, which supplies the large majority of chips used in Vizio's products. Vizio has inquired numerous times as to whether Sony plans to seek information from MediaTek, and Sony has never responded. Sony's failure to seek information from the firm that is the largest supplier of chips used in Vizio televisions evidences Sony's lack of diligence in moving this case forward. Given the aggressive schedule Sony requested and obtained in this case, the parties cannot afford to drag their feet. We again ask Sony to advise promptly whether it plans to serve a subpoena on MediaTek.

Interrogatory No. 19

Interrogatory No. 19 seeks Sony's bases for denying certain paragraphs of Vizio's trade libel/disparagement claims. Sony refused to provide an answer, instead setting forth a number of baseless objections. There is no excuse for Sony's failure to provide the bases for its denials.

Interrogatory No. 20

Interrogatory No. 20 seeks Sony's validity contentions, including a limitation-by-limitation analysis in claim chart format identifying, separately for each reference identified by Vizio in its response to Sony's Interrogatory No. 19, each claim limitation that Sony contends is not disclosed by each such reference, and an explanation as to why Sony contends that each such limitation is missing from each such reference. Sony failed to provide any substantive response to this Interrogatory despite serving its own Interrogatory No. 19 seeking detailed claim charts with Vizio's invalidity contentions. In response to Sony's Interrogatory No. 19, Vizio worked diligently to provide a timely and thorough response that included detailed claim charts for each of the more than 100 asserted claims of each asserted patent on a limitation-by-limitation basis. Sony, for its part, did not even attempt to provide the information requested by Vizio.

In an effort to further delay responding to Interrogatory No. 20, Sony used Vizio's supplemental response to Sony's Interrogatory No. 19 as an excuse for its shortcomings. Sony should have at least responded to Interrogatory No. 20 by addressing the references that were cited in Vizio's original response to Sony's Interrogatory No 19.

In response to your request for a redline showing the changes made from the previous invalidity claim charts, Vizio notes that for all of the asserted patents except the reissue patents, any new references were identified with new letters that were not included in the original charts. For example, if the original charts included references identified with letters "A," "B," and "C," any new references were identified starting with letter "D." This should have been apparent

from a cursory review of the charts. For the reissue patents, the only new reference was U.S. Patent No. 5,241,599.

Sony's conduct during discovery demonstrates an increasing pattern of delay and failure to move this case forward that, if not corrected, will have to be brought to the attention of the Court. For example, Sony has failed to provide its claim construction contentions, Sony has failed to provide timely and complete answers to basic interrogatories regarding marking and involvement with standards organizations, Sony has failed to answer Vizio's interrogatory regarding its trade libel/disparagement claims, Sony has failed to provide validity contentions, Sony has failed to address Vizio's concerns with Sony's infringement claim charts, Sony has failed to pursue information from MediaTek required to address issues regarding infringement, and more. Sony urged this Court to adopt an aggressive schedule, but has done nothing but delay Vizio's efforts to enable the parties to comply with that schedule. If Sony continues its delay tactics, Vizio will seek relief from the Court.

Third-Party Subpoenas

Sony has provided very little information with respect to the third-party subpoenas it has served. Please promptly provide all information received from the third parties that Sony has subpoenaed, including all correspondence between Sony and these third parties, any objections served by the third parties, and any documents served by the third parties. To the extent this information is provided to Sony in the future, we ask that it be immediately provided to Vizio as well.

Westinghouse Documents

Despite Vizio's numerous requests, Sony still has not provided any correspondence regarding its efforts to obtain consent from Westinghouse to produce documents from the Westinghouse litigation, including discovery responses, expert reports, and any other responsive documents. Please provide all such correspondence by the close of business on July 9, 2009.

We are available for a meet and confer in our Los Angeles office at any time on July 9, 10, (before 4 PM ET on July 10) or 13 to discuss the foregoing issues. Please propose a time on one of these days when someone from your firm will be available.

Very truly yours,

/s/ *Ryan B. McCrum*

Ryan B. McCrum