# EXHIBIT F

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190

TELEPHONE: (216) 586-3939 • FACSIMILE: (216) 579-0212

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

July 7, 2009

VIA EMAIL

Peter Klivens, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re: *Sony Corporation v. Vizio Inc.*

Dear Peter:

I write in response to your letter of July 6, 2009 regarding Vizio's portion of the draft joint stipulation regarding Vizio's motion to compel. For the reasons discussed below, Vizio will not withdraw its portion of the draft stipulation with respect to Interrogatory Nos. 15 and 16.

Vizio served Interrogatory Nos. 15 and 16 more than three months ago, and still does not have adequate responses to these Interrogatories, as Sony has even acknowledged. Now Sony proposes that it be given another month to "endeavor to complete its discovery response relating to these topics" at which time it will purportedly "be clear to the parties whether or not 33(d) is an appropriate response to these Interrogatories." Vizio should not have to wait another month for Sony to "endeavor" to respond to these Interrogatories pursuant to Rule 33(d), especially when Sony acknowledges that it is not even clear whether such a response will be adequate. Sony has had over three months to locate documents with all responsive information, and has been unable to do so. There is no reason to believe that if given another month, Sony will find additional documents that adequately answer Interrogatory Nos. 15 and 16. Vizio cannot wait any longer for an adequate response to these Interrogatories and is entitled now to a narrative response that provides the basic information that Vizio requested.

Moreover, as noted during the meet and confer, the dispute is not about whether Sony is willing to supplement its answers to Interrogatory Nos. 15 and 16, but about whether Rule 33(d) is an appropriate response to these Interrogatories. As I emphasized during our June 19, 2009 meet and confer, "the specific information that we're asking for [through Interrogatory Nos. 15 and 16] should not be the subject of a 33(d)" response. (June 19, 2009 M&C Tr. at 78:11-13; *see also* 77:12-14 (Mr. McCrum: "this is an interrogatory that really should be the subject of a narrative response"). Accordingly, I asked that you advise by June 26, 2009 whether Sony would be willing to provide a *narrative* response to Interrogatory Nos. 15 and 16. (June 19, 2009 M&C Tr. at 80:22-25 (Mr. McCrum: "The other thing that I really want to include in this

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit F Page 60

narrative . . ."); 85:5-13 (Mr. McCrum: "We would like a narrative listing the patents disclosed to the CEA"); 86:10-23 (Mr. McCrum: "So let us know by Friday if you are going to be able to put that into a narrative response." Mr. Klivens. "Okay")). On June 26, 2009, Sony responded that it "believes that it is premature for the parties to discuss whether a narrative response is appropriate."

In view of the foregoing, the parties are at an impasse on this issue. Vizio asked Sony to commit to providing a narrative response by June 26, 2009, and Sony failed to do so. Vizio has waited patiently for over three months for a response to Interrogatory Nos. 15 and 16 and cannot wait any longer. Vizio needs certainty that it will receive an adequate response with the basic information it has requested, and the only way to ensure that is by obtaining a commitment from Sony that it will provide the requested information in a narrative response. Sony's proposal that it will "endeavor" to provide a response within 30 days, at which time the parties can assess whether such a response is appropriate will not work, especially under the aggressive schedule that Sony urged the Court to adopt. Having requested and obtained an aggressive schedule, it is wholly unreasonable for Sony to try to delay answering discovery requests for over four months by identifying hundreds of pages of documents, many of which have already been identified and are non-responsive.

For at least the foregoing reasons, Vizio is unwilling to withdraw the draft stipulation as it relates to Interrogatory Nos. 15 and 16. If you would like to discuss this further, please do not hesitate to contact me.

Very truly yours,

/s/ *Ryan B. McCrum*

Ryan B. McCrum