Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Sony Corporation

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>Defendant. | CASE NO. CV 08-01135-RGK (FMOx)<br><br>**DISCOVERY MATTER**<br><br>**SONY'S SUPPLEMENTAL MEMORANDUM REGARDING VIZIO, INC.'S MOTION TO COMPEL FURTHER RESPONSES TO VIZIO'S INTERROGATORY NOS. 2, 15 AND 16**<br><br>**Magistrate Judge: Hon. Fernando M. Olguin**<br><br>**Hearing:** 10:00 A.M. on August 12, 2009 at 312 N. Spring St., 9th Floor, Courtroom F<br>**Discovery Cut-Off Date:** November 1, 2009<br>**Pretrial Conference Date:** January 10, 2010<br>**Trial Date:** January 26, 2010 |

Vizio's "Supplemental Memorandum," filed earlier this evening, raises no new points that it did not or could not have raised in the original joint stipulation. The only exception is a single, out of context citation to a statement made by Sony in a co-pending case in the Southern District of California—a district that, unlike this one, has adopted Patent Local Rules requiring the parties to exchange formal claim construction disclosures early in the case. Although Local Rule 37-2.3 allows the parties to file a supplemental brief following a joint stipulation, the purpose of that rule presumably is to permit the parties to bring new information to the Court's attention; it is not a license for parties to restate the very same arguments and facts that were previously set forth (or ought to have been set forth) in the joint stipulation. Accordingly, with the exception of Vizio's comments concerning the statements made in the parties' co-pending case in San Diego, which Sony responds to below, Sony urges the Court to disregard Vizio's Supplemental Memorandum and supporting materials. To the extent the Court chooses to consider Vizio's supplemental brief, Sony has provided below a concise response to the specific points raised by Vizio in that filing and respectfully requests that the Court consider this response.

Vizio contends Sony improperly characterizes Vizio's motion as requiring formal claim construction exchanges for all terms appearing in more than 100 claims when in fact, Vizio only allegedly seeks such information for merely 40 means-plus-function terms as well as a list of <u>other</u> disputed terms. But Vizio misses the point. Given the state of Vizio's perfunctory non-infringement contentions and the parties' ongoing discussions concerning identification of representative accused products and limiting the asserted claims for trial, it does not make sense for the parties to exchange formal claim construction disclosures (proposed constructions and all supporting evidence) when many of those claims may ultimately not be in issue at trial. Indeed, Vizio neglects to mention that the parties met and conferred on these very issues a mere five hours before Vizio filed

its Supplemental Memorandum and that the main stumbling block to reaching agreement is the woeful state of Vizio's production of technical information concerning its products.[1]

Sony believes that the parties should continue engaging in fact discovery, begin taking depositions (which have not yet begun), and continue working to reduce the number of asserted claims and to select representative accused products. In accordance with the protocol adopted by Judge Klausner at the April 6, 2009 Scheduling Conference, once discovery has ended and the parties' disputes are crystallized, the parties can then brief any claim construction terms that are truly in dispute as part of their summary judgment briefs. To require the parties to invest the time and effort to prepare and exchange formal claim construction contentions at this point, for terms that may not even be at issue as trial nears, would unnecessarily waste time and resources.

Vizio's brief also misstates Sony's statements regarding expert discovery. Sony does not contend that Vizio's Interrogatory No. 2 seeks Sony's expert contentions. Rather, the information that Interrogatory No. 2 seeks is premature in the same way that a contention interrogatory seeking expert opinions would be premature if it required an answer before a Court-ordered date for the exchange of expert reports.

---

[1] Vizio fails to point out that Sony has now produced to Vizio over 1000 pages of infringement charts (supplemented once and soon to be supplemented again) in which any claim construction analysis that Sony has done is necessarily implicit. Although Sony has not prepared formal lists of proposed constructions for each term with charts cataloguing the intrinsic and extrinsic evidence that support those constructions, Sony's infringement contentions reflect the way in which Sony is asserting the asserted claims against Vizio. Because Vizio's non-infringement contentions do not currently provide the same kind of information, instead merely parroting the language of the asserted claims that is allegedly not met, the true disputes for trial and summary judgment motions have not yet crystallized.

Vizio also faults Sony for not addressing the "abundance" of case law cited by Vizio in the parties' Joint Stipulation. Vizio's criticism is misplaced. Sony did not address the case law cited by Vizio because it was off point, arising in jurisdictions that handle claim construction differently than this Court. The single cited case from the Central District of California, *Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc.,* 175 F.R.D. 646 (C.D. Cal. 1997), has nothing to do with claim construction, or even patents, and merely discusses contention interrogatories in the abstract, the propriety of which is not in issue here.

Vizio's lengthy citations to Sony's motion to compel, which was never filed because Sony believed it had persuaded Vizio to disclose its noninfringement contentions are improper because Vizio could have relied on these materials in the parties' Joint Stipulation but chose not to do so. For Vizio to raise these materials for the first time at 6:39 p.m. on the deadline for submitting a Supplemental Memorandum is improper gamesmanship. In any event, these materials are irrelevant because the unfiled motion centered on Vizio's refusal to provide non-infringement contentions unless Sony provided claim construction contentions. Sony's statements were made with respect to infringement/non-infringement contentions. Sony has always contended that claim construction contentions are different, for the reason that the Court said they were different at the April 6, 2009 Scheduling Conference.

Vizio also repeats its argument that claim construction should be done early in discovery rather than later. But as Vizio knows, Judge Klausner expressly rejected that argument at the April 6, 2009 Scheduling Conference: "Each court does claim construction differently, as you know." (April 6, 2009 Tr. at 9:20-25.) Although some courts do claim construction before or during fact discovery, others like this one, handle such issues in the context of summary judgment. Accordingly, Sony's statements in the parties' Joint Rule 26(f) Report in the Southern District of California action, suggesting sufficient time be allocated after the Court issues its

claim construction ruling for additional discovery, is in no way relevant here. Unlike this Court, the Southern District recently adopted Local Patent Rules that require formal claim construction disclosures followed by a Markman hearing early in the case schedule. This Court has not adopted such a protocol. For that reason alone, Vizio's Motion with respect to Interrogatory No. 2 should be denied.

Vizio also repeats its argument with respect to Interrogatory Nos. 15 and 16. Sony will not burden the Court with a recitation of the Sony counterarguments in the Joint Stipulation, except to note that Vizio's statements with respect to Rule 33(d) are particularly egregious. These interrogatories explicitly require Sony to describe "all facts" and "all documents." For Vizio to again assert that Rule 33(d) is an improper method of responding to these interrogatories is nonsensical. Rule 33(d) was incorporated into the Federal Rules for interrogatories precisely such as these.

For these reasons, as well as those set forth in the parties' Joint Stipulation, Sony respectfully requests the Court reject Vizio's Motion in its entirety.

DATED: July 29, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By _____/s/_____
Kevin P.B. Johnson
Attorneys for Sony Corporation