Kevin G. McBride (Ca. Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (Ca. Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

James L. Wamsley III
(*admitted pro hac vice*)
jlwamsleyiii@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:   (216) 579-0212

Attorneys for Vizio, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>Defendant. | Case No. CV-08-01135 (RGK)(FMOx)<br><br>**DECLARATION OF STEVEN J. CORR IN SUPPORT OF MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VIZIO, INC.'S NOTICE OF MOTION AND MOTION TO LIMIT CLAIMS**<br><br>Date:  August 31, 2009<br>Time:  9:00 A.M.<br>Judge:  Hon. R. Gary Klausner<br>Courtroom: 850 |

I, Steven J. Corr, declare as follows:

1. I am an associate with Jones Day, counsel of record for Defendant Vizio, Inc. ("Vizio") in this action. I make this declaration in support of the Memorandum of Points and Authorities in Support of Vizio, Inc.'s Notice of Motion and Motion to Limit Claims. The following is based on my personal knowledge and, if called as a witness, I could and would competently testify thereto.

2. Exhibit 1 is a true and correct copy of the Civil Minutes – General from *In re Katz Interactive Call Processing Patent Litigation*, Case No. 07-ML-1816-RGK (FFMx), dated August 31, 2007.

3. Exhibit 2 is a true and correct copy of the unpublished decision in *ReRoof Am., Inc. v. United Structures of Am., Inc.*, Nos. 98-1378, 98-1430, 1999 WL 674517 (Fed. Cir. Aug. 30, 1999).

4. Exhibit 3 is a true and correct copy of the unpublished decision in *Kearns v. General Motors Corp.*, No. 93-1535, 1994 WL 386857 (Fed. Cir. July 26, 1994).

5. As of August 10, 2009, Sony has produced five claim charts that allegedly match each and every claim limitation of U.S. Patent No. 6,778,182 (the "'182 patent") to a corresponding element in the accused products. Sony produced these claim charts on April 30, 2009, June 9, 2009, June 18, 2009, July 1, 2009 and July 31, 2009. Sony's first three claim charts for the '182 patent, the April 30, June 9 and June 18 claim charts, specifically relied on the same eleven pages of documents, namely: SONY0001999, 2002, 2029, 2012, 2067, 2039, 4033, 32, 33, 3027 and 929. Sony also generally relied on Vizio user manuals produced at SONY0000001-5631 without citing any specific page. On July 1, 2009, Sony added an additional document, SONY0082324, in support of its infringement contentions for claims 1, and 3-6. On July 31, Sony added four more pages,

V000016007, 11, 13 and 26 as alleged support for its infringement contentions with respect to all six asserted claims.

6. As of August 10, 2009, Sony has produced five claim charts that allegedly match each and every claim limitation of U.S. Patent No. 6,111,614 (the "'614 patent") to a corresponding element in the accused products. Sony produced these claim charts on April 30, 2009, June 9, 2009, June 18, 2009, July 1, 2009 and July 31, 2009. Sony's first three claim charts for the '614 patent, the April 30, June 9 and June 18 claim charts, specifically relied on the same forty-six pages of documents, namely: SONY0002985, 2987, 2988, 2995, 3001, 3017, 3018, 3020, 3021, 3022, 3023, 3024-56, 2998 and 2994. Sony also generally relied on Vizio user manuals produced at SONY0000001-5631 without citing any specific page. On July 1, 2009, Sony added an additional document, "Sony Intellectual Property Law Department, 3rd Party CTV Worksheet V.7, Make Model: Vizio VX37L," as alleged support for its claim 1 infringement contentions. On July 31, Sony added two more pages, V000016025-26 as alleged support for its infringement contentions with respect to all six asserted claims.

7. Exhibit 4 is a true and correct copy of a July 29, 2009 letter from counsel for Sony to counsel for Vizio.

8. On July 29, 2009, the parties held a meet and confer regarding, *inter alia*, limiting the number of asserted claims. Sony proposed a schedule for limiting the number of asserted claims at two stages, first, after Sony was able to perform an inspection of the accused products, and second, after Sony had an opportunity to review source code. Sony did not propose firm dates for either of the suggested limitations of the asserted claims. As of August 10, 2009, the parties continue to negotiate the terms of Sony's proposed product inspection, but have not reached a date certain upon which the proposed product inspection shall take place.

9. During the July 29, 2009 meet and confer, Vizio asked whether Sony would agree as a threshold matter to limit the number of asserted claims to three

asserted claims for each of the patents-in-suit, putting aside the question of a particular time by which Sony would agree to so limit the asserted claims. Sony was unwilling to agree to such a limitation. Vizio also asked whether Sony would be willing to consider a global limit on the number of asserted claims, rather than a per-patent number  Sony was unwilling to agree to this as well. Vizio then asked Sony whether it would agree to limit the number of asserted claims to any reduced number, but by a date certain. Sony was again unwilling to agree to this proposal.

10. In the July 29, 2009 meet and confer, Vizio asked Sony whether it would waive the twenty day waiting period for filing this motion under C.D. Cal. L.R. 7-3. Sony responded that it would consider the proposal and provide an answer by the next day. Sony did not provide an answer the next day, July 30. On August 3, Sony stated that it would be willing to waive the twenty day waiting period if Vizio agreed to waive the meet and confer requirement for a motion Sony was contemplating.

11. Vizio offered Mr. Ken Lowe, a Vizio engineer, for deposition for three days in early July 2009. Mr. Lowe was unavailable for the deposition dates Sony had requested in mid-June 2009. Sony rejected Vizio's proposed dates for Mr. Lowe's deposition in early July 2009 and has not sought to reschedule Mr. Lowe's deposition.

12. On April 30, 2009, Sony stated in response to Vizio's Interrogatory No. 2 that "Sony does not believe that any of the claim terms in the patents-in-suit require construction by the Court." Sony has not changed its position on that issue since that time.

13. In the July 29, 2009 meet and confer, Sony suggested that it should only be required to limit the number of asserted claims in the event that the parties could reach an agreement regarding representative products. Vizio stated that it would be willing to consider any representative products proposal that Sony would offer. Sony did not make any concrete proposal regarding representative products

on July 29, 2009, or at any other point in time before or after that date.

14. Exhibit 5 is a true and correct copy of the July 17, 2009 Meet and Confer Transcript recording the meet and confer between counsel for Vizio and Sony Corporation regarding Sony's discovery responses.

Dated: August 10, 2009         JONES DAY


                               By:  /s/ Steven J. Corr
                                    Steven J. Corr
                               Attorneys for Defendant Vizio, Inc.