# EXHIBIT 3

Exhibit 3 Page 19



**H**NOTICE: THIS IS AN UNPUBLISHED OPINION.

(The Court's decision is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. Use FI CTAF Rule 47.6 for rules regarding the citation of unpublished opinions.)

United States Court of Appeals, Federal Circuit.
Robert W. KEARNS, Plaintiff-Appellant,
v.
GENERAL MOTORS CORPORATION, Defendant-Appellee.
**No. 93-1535.**

July 26, 1994.
Rehearing Denied Aug. 24, 1994.

E.D.Mich.

AFFIRMED.

Before LOURIE, RADER, SCHALL, Circuit Judges.

DECISION

RADER, Circuit Judge.

**\*1** Robert Kearns appeals the July 21, 1993, decision of the District Court for the Eastern District of Michigan dismissing with prejudice his patent infringement suit against General Motors Corporation (GM). The district court judge dismissed the suit because Dr. Kearns, acting *pro se,* refused to obey pretrial orders. Detecting no abuse of discretion, this court *affirms.*

BACKGROUND

On January 1, 1985, Dr. Kearns filed a complaint alleging that GM's intermittent windshield wiper circuits infringed five of his patents. Over the next seven years the case remained relatively dormant while Dr. Kearns engaged in litigation with other automotive companies. During this period, Kearns retained and dismissed his legal counsel twice, eventually deciding to proceed with the GM litigation *pro se.*

On July 31, 1992, the district court issued a pretrial order setting the trial date for October 21, 1992. This order also required Dr. Kearns to specify which claims he would assert and which GM circuits he would accuse of infringement. On April 20, 1993, the trial court instructed Dr. Kearns to limit the asserted claims to exceed no more than one representative claim per patent-in-suit and to limit the accused circuits to no more than five representative circuits. The trial court set June 21, 1993, as the deadline for Dr. Kearns to specify the claims and circuits.

On June 21, 1993, Dr. Kearns still had not identified the claims and circuits. Although Dr. Kearns had violated this deadline, the district court granted another five days to comply. At this time, the court warned Dr. Kearns that any further delays would result in a dismissal of the case. On June 22, 1993, in response to the trial court's simplification effort, GM agreed to let its five most common circuits represent 100% of its production, even though a total of 32 different circuits were produced during the period. On June 24, one day before the deadline, Dr. Kearns asked for another enlargement of time. In his letter requesting the extension, Dr. Kearns asserted all claims in all 23 of his patents against all 32 GM intermittent windshield wiper circuits, for a total combination of 7,424 claim chart interpretations. In response to this letter, the trial court's special master set July 2, 1993, as the final deadline and reminded Dr. Kearns that there were only five patents in the complaint from which he could choose.

Dr. Kearns did not comply with the July 2, 1993, deadline. At the close of the business day on July 6, four days after the deadline, Dr. Kearns faxed the special master: "I update to all 32 GM circuits vs. every claim of every patent I hold." On July 9, 1993, GM filed a motion to dismiss on the basis of Kearns' failure to prosecute. On July 21, 1993, after a hearing on the motion, the district court dismissed the case with prejudice. Dr. Kearns subsequently appealed to

this court.

## DISCUSSION

A district court can use a variety of sanctions to ensure compliance with its orders, including dismissal of the lawsuit with prejudice. Fed.R.Civ.P. 16(f) and 37(b)(2)(C). According to the Supreme Court:

**\*2** [Dismissal with prejudice] must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 643 (1976). The Supreme Court further stated:

The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.

Link v. Wabash R.R., 370 U.S. 626, 630-31 (1962). Thus, a district court has ample power to dismiss for a party's refusal to obey orders. In reviewing the trial court's action, this court does not inquire whether "as an original matter [it] would have dismissed the action ... [but] whether the District Court abused its discretion in so doing." Id. at 642.

In the absence of an essential relationship between its exclusive statutory mandate and a procedural issue, this court applies the Federal Rules of Civil Procedure according to the law of the regional circuit. Biodex Corp. v. Loredan Biomedical, Inc., 946 F.2d 850, 857 (Fed.Cir.1991). Therefore, this court applies the standard of the United States Court of Appeals for the Sixth Circuit for reviewing dismissals to remedy disobedience to court orders.

In the Sixth Circuit, a trial court may dismiss for disobedience when: (1) the party seeking dismissal suffers prejudice from the insubordination; (2) the disobedient party receives a warning that noncompliance may result in dismissal; and (3) the judge considers imposing less drastic sanctions before ordering dismissal. Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1073 (6th Cir.1990). Moreover, Sixth Circuit precedent requires a finding of willfulness, bad faith, or fault on the part of the disobedient party before dismissal. Regional Refuse Sys. v. Inland Reclamation Co., 842 F.2d 150, 153-54 (6th Cir.1988). As noted above, the dismissal review must be for an abuse of discretion. National Hockey, 427 U.S. at 642. The Sixth Circuit defines abuse of discretion as "a definite and firm conviction that the trial court committed a clear error of judgment." Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir.1989).

Without question, Dr. Kearns' refusal to obey the court orders prejudiced GM. GM could not reasonably prepare a defense to the infringement charges until it knew exactly which claims Dr. Kearns would assert. Throughout the proceedings Dr. Kearns refused to accept that he could only assert patents listed in his complaint. Moreover, Dr. Kearns refused to comply with the district court's order to limit his case to one representative claim per patent. There are 51 claims in the five patents listed in the complaint and 232 total claims in all of Dr. Kearns' patents. In the facsimile from Dr. Kearns to the special master of 4:55 p.m., July 6, 1993, Dr. Kearns sought, despite clear orders to the contrary, to assert every claim of every patent he owned. Thus, he knowingly ignored the district court's reasonable order seeking to simplify a highly complex case.

**\*3** The district court warned Dr. Kearns that continued refusal to comply with orders would result in dismissal of the case. At the conference on June 21, 1993, the trial court, referring to Dr. Kearns' repeated failure to limit his case as ordered, warned Dr. Kearns:

And I caution you, if it's not done by [June 25, 1993], I will entertain a motion to dismiss the General Motors case for your failure to comply with the orders of the Court. The Court has been more than indulgent with you, Dr. Kearns, more than fair, given you more time than was reasonable.

Thus, Judge Cohn satisfied the Sixth Circuit's requirement that the party receive a warning.

The record also shows that the trial court weighed other options before dismissing the case. The transcript of the hearing on the dismissal date indicates that the district court considered allowing the special master to designate the limited number of claims. Finally, clearly exasperated at Dr. Kearns' failure to prosecute, Judge Cohn declared:

I'm going to dismiss this case. My patience is at an end. My judicial patience is at an end. Dr. Kearns has had more than ample time in which to designate the claims.... Dr. Kearns is in complete default. A patent case cannot go forward without the claims-in-suit, the asserted claims being designated.

The complete transcript of that hearing shows that the trial court considered the alternative of designating the claims on its own, but decided that dismissal was more appropriate in light of Kearns' repeated refusals to obey pretrial orders.

After carefully examining the record, this court has no "definite and firm conviction that the trial court committed a clear error of judgment." *Logan, 865 F.2d at 790*. To the contrary, the district court judge made repeated efforts to accommodate the needs of this *pro se* litigant. As Judge Cohn pointed out in his August 9, 1993, order:

There is a vast difference between a *pro se* plaintiff with a meritorious case unable to afford counsel and a *pro se* plaintiff with a meritorious case declining to employ counsel because of a misplaced lack of trust in lawyers or an inflated opinion notion of his ability to prosecute his own case. Here, we certainly have the latter....

In a similar vein, the district court judge noted that:
The civil justice system can absorb just so much abuse from a *pro se* litigant. Plaintiff clearly exceeded the limit of abuse and for that reason this case is no longer in court.

Dr. Kearns argues that the district court judge wrongly entertained the motion to dismiss under Rule 41(b). The unmistakable language of Rule 41(b) states that a court may dismiss a case for noncompliance with "*any* order of court." Fed.R.Civ.P. 41(b) (emphasis added).

Judge Cohn explained that the dismissal was justified because of:

[t]he confusion exhibited by plaintiff's papers, his inability to focus his case, his complete failure to comply with the Court's order requiring that the claims-in-suit be designated ... and offering no good reason for such failure.

**\*4** The district court judge could also have used Rule 16, which permits dismissal under Rule 37(b)(2)(C) for failure of a party to comply with pretrial orders "upon motion *or the judge's own initiative*." Fed.R.Civ.P. 16(f) (emphasis added). Thus, dismissal was equally appropriate under either Rule 41(b) or Rule 16.

This court has considered Kearns' other arguments and finds them without merit.

Because this court finds no abuse of discretion by the trial court, the decision of the district court is affirmed.

C.A.Fed. (Mich.),1994.
Kearns v. General Motors Corp.
31 F.3d 1178, 1994 WL 386857 (C.A.Fed. (Mich.)), 33 U.S.P.Q.2d 1696

END OF DOCUMENT