1   Kevin G. McBride (Ca. Bar No. 195866)
    kgmcbride@jonesday.com
2   Steven J. Corr (Ca. Bar No. 216243)
    sjcorr@jonesday.com
3   JONES DAY
    555 S. Flower Street, 50th Floor
4   Los Angeles, CA 90071
    Telephone:   (213) 489-3939
5   Facsimile:   (213) 243-2539

6   James L. Wamsley III
    (admitted pro hac vice)
7   jlwamsleyiii@jonesday.com
    JONES DAY
8   901 Lakeside Avenue
    Cleveland, OH  44114-1190
9   Telephone:   (216) 586-3939
    Facsimile:   (216) 579-0212

10
    Attorneys for Vizio, Inc.

Kevin P.B. Johnson (Bar No. 177129)
kevinjohnson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100


Steven M. Anderson (Bar No. 144014)
stevenanderson@quinnemanuel.com
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100


Attorneys for Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>                    Plaintiff,<br><br>        v.<br><br>VIZIO, INC.,<br><br>                    Defendant. | Case No. CV-08-01135-RGK(FMOx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING VIZIO, INC.'S MOTION TO COMPEL EXPERT REPORTS AND DEPOSITIONS, AND TO COMPEL DEPOSITIONS OF SONY WITNESSES IN THE UNITED STATES**<br><br>**MAGISTRATE JUDGE: HON. FERNANDO M. OLGUIN**<br><br>**HEARING:** 10:00 A.M. ON SEPTEMBER 2, 2009 AT 312 N. SPRING ST., 9th FLOOR, COURTROOM F<br><br>**DISCOVERY CUT-OFF DATE:** NOVEMBER 1, 2009<br><br>**PRETRIAL CONFERENCE DATE:** JANUARY 10, 2010<br><br>**TRIAL DATE:** JANUARY 26, 2010 |

# **TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ..................................................................... 1

    A.  VIZIO'S INTRODUCTORY STATEMENT ...................................... 1

        1.  Expert Reports And Depositions ................................. 1

        2.  Location Of Depositions Of Sony Witnesses ........................... 3

    B.  SONY'S INTRODUCTORY STATEMENT .................................... 3

II.  DISCOVERY IN DISPUTE AND EFFORTS TO RESOLVE THOSE DISPUTES THROUGH MEET AND CONFERS ........................ 6

    A.  VIZIO'S STATEMENT REGARDING DISCOVERY IN DISPUTE ........................................................................ 6

        1.  Expert Reports And Expert Depositions ..................... 6

        2.  Depositions of Sony Witnesses in the United States ................. 8

    B.  SONY'S STATEMENT REGARDING DISCOVERY IN DISPUTE ...................................................................... 11

        1.  Expert Reports and Expert Depositions ................... 11

        2.  Depositions of Sony Witnesses in the United States ............... 11

III.  THE PARTIES' POSITIONS REGARDING DISPUTED DISCOVERY ......................................................................... 13

    A.  VIZIO'S POSITION REGARDING EXPERT REPORTS AND EXPERT DEPOSITIONS ............................................... 13

        1.  Vizio's Proposed Schedule For Expert Discovery Should Be Adopted ........................................................... 13

        2.  Sony Has Failed To Offer Any Reasonable Schedule For Expert Discovery In Advance Of Trial ..................... 16

    B.  SONY'S POSITION REGARDING EXPERT REPORTS AND EXPERT DEPOSITIONS ............................................... 16

    C.  VIZIO'S POSITION REGARDING DEPOSITIONS OF SONY WITNESSES IN THE UNITED STATES ........................... 18

        1.  Sony Chose This District As A Forum For This Dispute, And Cannot Refuse To Produce Witnesses Here ................... 19

        2.  Efficiency Factors Strongly Favor Depositions Of Sony Witnesses In The United States ................................ 21

        3.  The Court's Scheduling Order Is Silent Regarding Where Sony's Witnesses Should Be Deposed .................... 22

    D.  SONY'S POSITION REGARDING DEPOSITIONS OF SONY WITNESSES IN THE UNITED STATES ........................... 23

1.          Because Vizio Failed to Have a Local Rule 37-1 Conference of Counsel Regarding this Issue, Vizio's Motion Must be Denied. .......................................................... 23

2.          Even if Vizio's Motion Were Proper, It Should Be Denied On The Merits. ................................................................. 24

            (i)     Vizio Has Not Cited Any Authority That Supports An All-Inclusive, Blanket Rule. ........... 25

            (ii)    Contrary to Vizio's Position, Efficiency Factors Strongly Favor Depositions of Sony Witnesses in Japan. ............................................ 26

            (iii)   Sony's Choice of Forum in California Does Not Require Sony's Japan-Based Witnesses to Travel to California For Their Depositions. ................................................... 28

IV.   CONCLUSIONS ....................................................................... 29

    A.      VIZIO'S CONCLUSION ................................................... 29

    B.      SONY'S CONCLUSION .................................................... 29

Pursuant to Fed. R. Civ. P. 37(a) and Local Rule 37-2.1, Defendant Vizio, Inc. ("Vizio") and Plaintiff Sony Corporation ("Sony") submit the following joint stipulation in connection with Vizio, Inc.'s Motion to Compel Expert Reports and Expert Depositions and Depositions of Sony Witnesses in the United States.

I. **INTRODUCTION**

A. **VIZIO'S INTRODUCTORY STATEMENT**

This is a patent infringement case, involving ten patents that relate to television technology.[1]  Moreover, Sony has asserted over one hundred patent claims, and has accused hundreds of Vizio products of infringement.  As the parties prepare this large and complex case for trial – currently scheduled for January 26, 2010 – it is clear that several major issues must be resolved.  First, there is no schedule set for the orderly exchange of expert reports or expert discovery.  Vizio believes that such a schedule is necessary to properly frame for trial the many detailed issues involving expert testimony.  Second, many of the named inventors on the Sony patents are residents of Japan.  Having chosen this forum and having successfully won a venue transfer motion permitting it to pursue its claims here rather than in the District of New Jersey, Sony should be required to bring its Rule 30(b)(6) witnesses and its fact witnesses – including inventors – to Los Angeles for their depositions.  This is especially so because in arguing for transfer to this District, Sony relied on the fact that Los Angeles was a more convenient forum for its witnesses, including those in Japan.  Sony should not now be heard to claim otherwise.  Vizio's positions are presented below along with Sony's counter arguments.

1. **Expert Reports And Depositions**

Rule 26 of the Federal Rules of Civil Procedure requires the submission of expert reports for any "witness . . . retained or specially employed to provide expert

_____

[1] In addition, the consolidated case, No. 09-cv-01043, involves four other Sony patents.

testimony," unless otherwise ordered by the Court. Such reports "must contain a complete statement of all opinions the witness will express and the basis and reasons for them." *Id.* Unless otherwise ordered by the Court, expert reports "must be made at least 90 days before the date set for trial." *Id.* Experts may be deposed by any party, but only "after the report is provided." *Id.*

In accordance with Rule 26 and in view of the complexity of this case, Vizio proposed that the parties exchange opening expert reports on November 2, 2009, approximately 90 days before trial, followed by rebuttal expert reports on November 30, 2009. Vizio also proposed conducting expert depositions in December, 2009. Vizio's proposal was made in an effort to ensure that the parties are able to conduct expert discovery in an efficient and orderly manner in advance of trial in January 2010, and to also ensure an efficient and orderly trial.

Even though Sony has acknowledged that "expert… discovery [is] likely to be needed[]" in this case (Dkt. #44 at 5), Sony refused to agree to any schedule for the exchange of expert reports and expert depositions before the Final Pre-Trial Conference on January 10, 2010. According to Sony, proposed expert testimony should be disclosed only by means of an exchange of short narrative descriptions of the testifying experts' qualifications and proposed testimony ***two weeks before trial***, leaving virtually no time to conduct expert depositions before trial.

Sony's proposal simply will not work. This is a complex case involving infringement, invalidity, and damages issues under a large number of patents. As is the norm with patent cases, extensive expert testimony will be required on these issues, and it would be both impractical and inefficient to limit expert disclosures to the exchange of narrative statements two weeks before trial. Under Sony's proposal, there would not be enough time for the parties to prepare their case for trial or even take depositions of the experts in the two short weeks remaining prior to the beginning of trial. The Court's Scheduling Order clearly does not preclude the parties from following the usual practice under Rule 26 of exchanging detailed

expert reports earlier in the case. Indeed, the Court's Scheduling Order even references such reports. Accordingly, in order for the parties to prepare for trial in an orderly manner, Vizio's proposal for expert discovery should be adopted.

## 2. Location Of Depositions Of Sony Witnesses

Sony is refusing to make itself and its witnesses available for Rule 30(b)(6) and Rule 30(b)(1) depositions in the United States. It was Sony, not Vizio, who chose to file suit in this District, and Sony's position ignores the general rule that a plaintiff is required to appear for deposition in the venue in which it filed suit. Moreover, Sony successfully argued that this case should be transferred to this District from the District Court of New Jersey based in part on the convenience of this District for its Japanese witnesses. Having done so, Sony cannot refuse to make its 30(b)(6) corporate designees and inventor witnesses available for deposition here.

There are also a number of convenience factors that weigh heavily in favor of conducting depositions of Sony's witnesses in this District, including the facts that both parties' counsel are located here, that Sony personnel travel to the United States and, most importantly, that the Court will be able to effectively manage any disputes that might arise if the depositions are held here. Presumably, this is why Sony argued that trial in Los Angeles would be more convenient to its witnesses.

Sony's refusal to produce its witnesses in the venue in which it filed suit finds no support in the Court's Scheduling Order. Although Sony attempts to base its refusal to produce its witnesses here on the fact that the Court did not adopt Vizio's proposal regarding the location of depositions, Sony overlooks the fact that the Court did not accept Sony's proposal either. The Court simply has never addressed the issue of deposition location. As Vizio demonstrates below in more detail, Sony's witnesses should be deposed here, not in Japan.

## B. SONY'S INTRODUCTORY STATEMENT

As set forth in the Court's April 6 Order, the Court did not adopt Vizio's

proposal that certain depositions of Japan-based witnesses occur in this District. Even so, Sony has every intention of making its 30(b)(6) witnesses available for deposition in the United States. Vizio would have learned of Sony's position had it engaged in the mandatory Local Rule 37-1 meet and confer process.[2] Instead, Vizio sidestepped that requirement and chose to unilaterally request a blanket order requiring Sony to bring *all* of its Japan-based witnesses, including the nine Japan-based inventors Vizio has noticed for deposition, to this District.[3]

In making its unfair and overreaching request, which is not supported by the case law, Vizio ignores important considerations such as the relevance of the witness' anticipated testimony, as well as the relative costs and efficiencies of having one or two lawyers for each side fly to Japan to conduct depositions efficiently over a number of days compared to bringing to California a large group of Japan-based inventors (and presumably other witnesses as discovery proceeds). Furthermore, that Sony brought suit in the Central District based on a related action does not support the relief Vizio seeks. The blanket order Vizio requests is unduly burdensome and does not make sense here.

Vizio admits that in the parties' Joint Rule 26(f) Report, it agreed that except

---

[2] Vizio is incorrect in asserting Sony indicated in a July 24, 2009 letter that it would not produce its 30(b)(6) witnesses in the U.S. To the contrary, although Sony is generally willing to provide 30(b)(6) witnesses on topics relating to the patents-in-suit, Sony informed Vizio that if it wanted the personal deposition testimony of the Japan-based named inventors, it should take their individual depositions in Japan, and not try to rely on an omnibus 30(b)(6) notice to obtain that testimony.

[3] Vizio, in contrast, has not expressed a willingness to make witnesses and other discovery available in the U.S. from its Taiwan-based affiliate, AmTRAN Technology Co., Ltd. ("AmTRAN"), which manufactures the majority of the Vizio TVs accused of infringement and ships them directly to Irvine, California for distribution by Vizio. (Bellville Decl. Ex. B at V0000019862.) AmTRAN holds a 23% ownership interest in Vizio, is believed to be indemnifying Vizio, and participated in the parties' pre- and post-suit settlement meetings. (*Id.*, Bellville Decl. Ex. C at V0000046727.) Yet Vizio recently informed Sony that it must look directly to AmTRAN if it wants discovery from that company. (Belville Decl. Ex. A.) The parties will not be on an equal footing in discovery if Sony is required to go to Taiwan for depositions from AmTRAN while Vizio can obtain discovery directly from Sony in California.

for Sony witnesses who reside in Japan, <u>party depositions may be taken where the witnesses reside.</u>[4]   As a result, the last sentence in Section III.C.3., in which Vizio requests that Sony "be compelled to make its 30(b)(6) and 30(b)(1) witnesses available for deposition in this District," is either a misstatement or an attempt to renege on Vizio's written representation to this Court that it would not seek to depose Sony witnesses who reside in the U.S. to come to this District for deposition.   In either case, that request should be rejected.

It also bears emphasis that Vizio's motion, by its plain terms, applies only to the patent-infringement portion of this action, in which Sony is the plaintiff.  A recently served deposition notice related to Vizio's product disparagement claims that seeks the deposition of a senior Japanese executive will be addressed at a later time.[5]

With respect to expert reports, Vizio's "motion to compel" is more accurately a motion for reconsideration of the Court's April 6, 2009 Order for Jury Trial (Doc. No. 48).  Vizio failed to persuade Judge Klausner to adopt a schedule requiring the exchange of formal expert reports before the Pretrial Conference, and it now seeks to impose the very same expert report schedule through a Local Rule 37-1 discovery motion.  The parties' Joint Rule 26(f) Report contained the parties' competing proposals for the disclosure of expert opinions.  (Doc. No. 44 at 4-5, 9).  Sony proposed that the Court adopt the same protocol previously adopted in *Sony Corporation v. Westinghouse Digital Electronics, LLC*, NO. CV 08-03934-RGK (FMOx), a case that involved many of the same patents at issue here.  Specifically,

_____

[4]   In fact, the rules require depositions to occur within 100 miles of a witness' residence.

[5]   On Friday, August 7, three days after serving its half of this joint stipulation, Vizio served deposition notices in connection with the product disparagement portion of this case, in which Sony is the defendant.  One of those notices seeks the deposition in Los Angeles of Sony Corporation's Chief Financial Officer, who lives and works in Japan.  Sony intends to meet-and-confer with Vizio about the deposition notice and, if necessary, to file a motion for a protective order. That deposition raises significantly different factual and legal issues.  Accordingly, any consideration of that notice as part of this motion would be premature.

Sony proposed that the parties exchange formal expert reports at the Final Pre-Trial Conference as well as short narrative statements regarding the qualifications of the experts and their expected testimony. (Doc. No. 44 at 4). Vizio requested earlier exchanges of opening and rebuttal expert reports on issues for which the party bears the burden of proof. (*Id.* at 5.) Vizio's rationale was the same as it advances now, that this case is technically complex. (*Id.*) In its April 6, 2009 Order, the Court adopted Sony's proposal and ordered the parties to exchange at the Final Pre-Trial Conference short narrative statements of expert qualifications and expected testimony along with any expert reports that have been prepared. (Doc. No. 48 at 3). Vizio offers no good reason to depart from that schedule now.

For these reasons, both portions of Vizio's motion should be denied.

## II. DISCOVERY IN DISPUTE AND EFFORTS TO RESOLVE THOSE DISPUTES THROUGH MEET AND CONFERS

### A. VIZIO'S STATEMENT REGARDING DISCOVERY IN DISPUTE

#### 1. Expert Reports And Expert Depositions

The parties have complied with the meet and confer requirements of Local Rule 37-1 with respect to expert reports and depositions. The parties' meet and confers regarding expert reports and depositions date back to at least February 27, 2009, when the parties held a meet and confer to discuss scheduling issues. The parties met and conferred again on March 12, 2009 to discuss these issues further. Because the parties were unable to reach an agreement on this subject, they submitted a Rule 26(f) Report with competing proposals on March 30, 2009. Thereafter, the Court issued a Scheduling Order that did not address the issue of whether the parties were to exchange expert reports in the manner contemplated by Rule 26(a)(2). The Scheduling Order requires the parties to provide "short narrative statements" for any expert witness who will provide trial testimony at the Pre-Trial Conference. (Dkt. #48 at 3.) The Court's Order does not address whether the normal procedure of Rule 26 providing for an exchange of detailed expert

reports followed by expert depositions well in advance of the Pre-Trial Conference will be followed. Indeed, at the scheduling conference, the Court encouraged the parties to work together to resolve issues such as this one on which they had been unable to reach agreement.

Following the advice of the Court, on July 8, 2009, Vizio requested an in-person meet-and-confer with Sony regarding, *inter alia*, a schedule for exchanging expert reports and conducting expert discovery. (Ex. 1.)[6] Sony responded on July 16, 2009, and stated that Vizio's request did not set forth any position regarding the schedule for expert discovery, but that Sony would be willing to discuss the issue of expert discovery in an informal manner. (Ex. 2.)

The parties discussed expert discovery in a July 17, 2009 meet and confer. (Ex. 3, July 17, 2009 M&C Tr.) Vizio proposed "that [the parties] exchange opening expert reports on November 2nd, and that [the parties] exchange rebuttal reports on November 30th, and then [the parties] would do expert depositions in the month of December . . . ." (*Id.* at 22:3-7.) Vizio expressed concern that "given the [case] schedule . . .we obviously can't do [expert discovery] any later than that because we have got a trial in January." (*Id.* at 22:10-12.) Based on the parties' correspondence, Vizio noted that "it wasn't even clear . . . whether or not Sony was going to be willing to engage in formal expert reports and discovery." (*Id.* at 22:24-23:2.) Sony responded that it would "consider [the proposed expert discovery] and get back to [Vizio]." (*Id.* at 22:16-17; *see also id.* at 23:11-13.)

On July 21, 2009, Vizio requested another in-person meet-and-confer to discuss expert reports and expert discovery. (Ex. 4.) Vizio repeated that "these are issues that need immediate attention, and if not resolved this week, will have to be brought to the attention of the Court." (*Id.*) Sony responded on July 22, 2009, stating that it "would be happy to discuss the issue in an informal manner, after the

---

[6] References to Vizio's exhibits refer to those attached to the Declaration of Steven Corr, attached hereto.

transcribed portion of the parties' meet-and-confer [on July 23, 2009]." (Ex. 5.) During that meet and confer, Sony indicated it still needed more time to consider Vizio's proposal, but would have an answer by July 29, 2009. On July 29, 2009, the parties held another meet and confer, at which time Sony rejected Vizio's proposal, and stated that it would not agree to provide expert reports or conduct any expert discovery apart from the disclosure of narrative statements at the Final Pre-Trial Conference, scheduled to take place on January 10, 2010.

In view of the foregoing, Vizio is forced to seek assistance from the Court to resolve this issue. Specifically, Vizio asks the Court to set a schedule by which the parties simultaneously exchange opening expert reports on November 2, 2009 setting forth the detailed bases supporting each party's contentions on issues for which each party bears the burden of proof, followed by rebuttal expert reports on November 30, 2009 setting forth the detailed bases supporting each party's contentions on issues for which it does not bear the burden of proof. Vizio further requests that the Court enter an order permitting expert depositions to be taken during the month of December, 2009.

## 2. Depositions of Sony Witnesses in the United States

The parties have complied with the meet and confer requirements of Local Rule 37-1 with respect to location of depositions. As with expert reports and discovery, the parties began meeting and conferring regarding the location of depositions at least as early as February 27, 2009, when the parties held a meet and confer to discuss scheduling issues. The parties met and conferred again on March 12, 2009 to discuss these issues further. Prior to and after these meet and confers, the parties discussed and exchanged written proposals regarding the location of depositions. Unfortunately, the parties were unable to reach an agreement on this issue and submitted competing positions in the Rule 26(f) Report. In that Report, Vizio stated that it

> agree[d] that the party depositions may be taken where the witnesses reside, except for those Sony witnesses who reside in Japan. . . . VIZIO expects that Sony, as the plaintiff in this action, will agree to produce its witnesses who reside in Japan for deposition in the United States in order to obviate the delay associated with the need for the depositions to be taken in the U.S. Consular office in Tokyo, Japan. In the event that Sony does not agree to produce these witnesses in the United States, VIZIO requests that this Court require Sony to produce them for deposition in the United States, which will simplify and streamline the deposition process.

(Dkt. #44 at 13.) Sony "propose[d] that depositions be conducted in [a] specific witness' country of residence. To the extent Plaintiff [sic] seeks to take depositions in Japan, those depositions will need to be taken at a U.S. embassy." (*Id.* at 11.) Sony also stated that "Sony believe[d] that, absent any agreement during discovery, the parties in this case should produce their witnesses where the witnesses are located." (*Id.* at 12.)

The Court issued its Scheduling Order on April 6, 2009 (Dkt. #48), but did not make any specific ruling with regard to the location where depositions were to take place. (*See id.* at 2:8-10 ("All depositions shall be scheduled to commence sufficiently in advance of the discovery cut-off date to permit their completion and to permit the deposing party enough time to bring any discovery motion concerning the deposition prior to the cut-off date.").) This was not unexpected, as the Court encouraged the parties during the Case Management Conference to work together in an effort resolve these issues and others.

Following the Court's advice, on June 9, 2009, Vizio sent a letter to Sony asking Sony to "please advise whether Sony plans to make its witnesses (*e.g.*, the inventors) available for deposition in the United States." (Ex. 6.) Vizio proposed "having the Vizio employee deponents deposed in the Irvine, California office of Jones Day and the Sony witnesses (at least those resident in Japan) deposed in the Los Angeles office of Quinn Emmanuel Urquhart Oliver & Hedges, LLP." (*Id.*)

1    Sony responded on June 19, 2009 and stated that "as previously stated, Sony will

2    make its witnesses available in their country of residence." (Ex. 7 at 1.)

3        On July 17, 2009, Vizio served a Rule 30(b)(6) notice on Sony along with

4    Rule 30(b)(1) notices for a number of Sony employees, including several of the

5    named inventors in Japan. These depositions were noticed to take place at the

6    offices of Vizio's counsel in Los Angeles, California.

7        A week later, on July 24, 2009, Sony responded to the deposition notices in a

8    letter stating that "Sony long ago provided Vizio with notice that the depositions of

9    the inventors residing in Japan – who Sony identified at the outset of this case as

10   having relevant information – would need to take place in their country of residence

11   at a U.S. Embassy." (Ex. 8 at 1.) Sony indicated that its position regarding the

12   location of depositions of Sony witnesses was ***"crystal clear[]" and had been for***

13   ***"nearly four months . . . ."*** (*Id*.) Sony concluded by stating that "[i]f Vizio cannot

14   confirm that it has taken the necessary steps and that it will agree to proceed first

15   with the depositions of fact witnesses in Japan without derailing the Court's trial

16   schedule, Sony will be forced to seek protection from the Court." (*Id.* at 4)

17       The parties have made numerous attempts over the last several months to

18   resolve this issue and are clearly at an impasse. It has become clear from Sony's

19   latest correspondence that there is no chance of resolving this issue absent

20   intervention from the Court. Indeed, in its most recent correspondence on this

21   subject Sony emphasized that its position was "crystal clear" – and had been for

22   months – that it would not under any circumstances be making itself or any of its

23   witnesses available for deposition in the United States. (Ex. 8.) Vizio believes that

24   Sony, as plaintiff in this action, and the party that fought for this District, must

25   make itself and its witnesses available for deposition in the United States. Given

26   that the parties are clearly at an impasse on this issue, and there is no hope of

27   resolving it without guidance from the Court, Vizio had no choice but to seek

28   guidance from the Court now to resolve this pressing issue. The depositions at-

issue have been noticed for August and September 2009, and October 2009 is the last month of discovery.

## B. SONY'S STATEMENT REGARDING DISCOVERY IN DISPUTE

### 1. Expert Reports and Expert Depositions

The Court has already rejected Vizio's expert discovery protocol in favor of Sony's proposal. The parties first discussed their expert discovery positions during two telephone conversations in February and March, 2009 that centered on preparation of the parties' Rule 26(f) Report. (Belville Decl. ¶¶ 2, 3.) Vizio's proposal in the Report was identical to the relief it seeks now and contemplated that the parties "serve opening expert reports on the same day" and rebuttal expert reports "a set number of days later." (Docket No. 44 at 5.) Sony's proposal followed the Court's normal practice and required the parties to exchange expert reports at the Final Pre-Trial Conference, and exchange "short narrative statements" regarding each testifying expert's qualifications and expected testimony. (*Id.* at 4.)

In its April 6, 2009 Order for Jury Trial (Doc. No. 48 at 3), the Court adopted Sony's proposal, specifically ordering that expert reports, if prepared, "***shall be exchanged at the Final Pre-Trial Conference***." (Docket No. 48 at 3.) The Court also ordered the exchange of short narrative statements describing an expert witness's qualifications and expected testimony. (*Id.*)

### 2. Depositions of Sony Witnesses in the United States

Vizio has ***not*** complied with the meet and confer requirements of Local Rule 37-1 with respect to the location of depositions. In violation of Local Rule 37-1, not only have the parties ***never*** met in person to discuss the location of depositions, Vizio has never even sent Sony a letter requesting such a conference. (Belville Decl. ¶¶ 5, 6.)

Vizio makes much of the parties' two telephone conversations in February and March 2009. But those conversations involved the parties' Joint Rule 26(f)

Report and had nothing to do with any Rule 37 dispute.  (Belville Decl. ¶ 3.)
Moreover, Local Rule 37-1 requires the conference to occur "in person" if both
counsel are located within the same county, which is the case here.  (Belville Decl.
¶ 8.)  Local Rule 37-1 further requires the moving party to serve a letter requesting
a conference of counsel and identifying the dispute and the party's position
regarding the dispute.  As is clear from Vizio's portion of the Joint Stipulation, (*see
supra* Section II.A.2), Vizio sent no such letter prior to the February and March
telephone discussions.  (Belville Decl. ¶ 4.)   In fact, the parties have not had any
meet and confers about this issue for over five months, and the last occurred before
Vizio served the deposition notices at issue.  (Belville Decl. ¶ 9.)  Given Vizio's
clear violation of Local Rule 37, Vizio's motion should be denied on that basis
alone.  *Diagnostic Systems Corp. v. Symantec Corp.*, Case 8:06-cv-1211-DOC-AN
(C.D.Cal.)(Dkt. No. 673)(denying motion to compel for failure to comply with or
cooperate in the foregoing procedures, noting such failure may result in imposition
of sanctions.)

If Vizio had fulfilled its Rule 37-1 obligations, Vizio would have learned that
Sony will make its Rule 30(b)(6) witnesses available in the U.S.  (Belville Decl. ¶
10.)  Vizio attempts to rely upon a July 29 letter from Sony, but that letter simply
informed Vizio that Sony would not agree that Vizio could misuse 30(b)(6) topics
to evade deposition limits and obtain fact testimony from Sony's inventors.  Sony
pointed out that if Vizio wanted to depose Sony's Japan-based inventors, it should
do so in Japan.  Nothing in that letter supports Vizio's statement that "Sony is
refusing to make itself and its witnesses available for Rule 30(b)(6) and Rule
30(b)(1) depositions in the United States."  (Corr Decl. Ex. 8.)

### III. THE PARTIES' POSITIONS REGARDING DISPUTED DISCOVERY

#### A. VIZIO'S POSITION REGARDING EXPERT REPORTS AND EXPERT DEPOSITIONS

##### 1. Vizio's Proposed Schedule For Expert Discovery Should Be Adopted

Expert discovery regarding the complex technological issues in this case is necessary, as it is in virtually every high-technology patent case. Indeed, Sony itself acknowledged its "belie[f] that expert . . . discovery [is] likely to be needed[]" in the parties' Joint Rule 26(f) Report. (Dkt. #44 at 5:18-19.) A trial in this case will require that each side present extensive opinion testimony on the detailed limitations of each patent claim at issue – whether in reference to the accused products, the prior art or other issues. Yet Sony refuses to agree to make its expert positions known to Vizio prior to the exchange of the "short narrative statement" of the expected testimony to be provided at the Pre-Trial Conference. This refusal to agree to engage in meaningful pretrial expert disclosure and discovery is unworkable in a case that will depend so heavily on expert testimony.

To that end, Vizio proposed the following schedule: exchange of opening expert reports on November 2, 2009; exchange of rebuttal expert reports on November 30, 2009; and expert depositions to take place in December 2009. The Final Pre-Trial Conference will take place soon after, on January 10, 2010, followed by Trial, which is set to begin on January 26, 2010. With so many patents, claims, claim limitations and accused products, an earlier and more orderly expert disclosure and discovery process would allow the parties to be better prepared and would minimize surprises and permit trial time to be used most efficiently.

Vizio's proposed expert discovery schedule is reasonable and in direct compliance with Rule 26(a)(2) of the Federal Rules of Civil Procedure, which states in relevant part:

(A)   [A] party must disclose to the other parties the identity of any

[expert] witness it may use at trial to present evidence . . .

(B)     Unless otherwise stipulated or ordered by the court, this disclosure ***must*** be accompanied by a written report . . . [which] ***must*** contain:

    (i)     a complete statement of all opinions the witness will express and the basis and reasons for them.

(C)     Absent a stipulation or a court order, the disclosures ***must*** be made:

    (i)     ***at least 90 days before the date set for trial***

(Fed. R. Civ. P. 26(a)(2)(A), (B) and (C) (emphasis added).)  Vizio's proposal also complies with Rule 26(b)(4), which provides that expert depositions "may be conducted only ***after*** the report is provided."  (Fed. R. Civ. P. 26(b)(4)(A) (emphasis added).)

The 1993 Advisory Committee comments to Rule 26(a)(2)(A) and (B) provide additional insight on the importance of exchanging expert reports and conducting expert depositions in an orderly manner.  For example, the Advisory Committee noted the general purpose of requiring disclosure of expert testimony "sufficiently in advance of trial [is so] that opposing parties have a reasonable opportunity to prepare for effective cross examination and perhaps arrange for expert testimony from other witnesses."  (Fed. R. Civ. P. 26(a)(2) advisory committee's notes.)  Normally, the Committee stated, the court should prescribe a time for the exchange of proposed expert testimony and, in most cases, the party bearing the burden of proof on an issue should disclose its expert testimony first.  (*Id.*)  The Committee further stated that, at a minimum, "the disclosures are to be made by all parties ***at least 90 days before the trial date*** or the date by which the case is to be ready for trial," with the exception of rebuttal expert reports.  (*Id.* (emphasis added).)  The Committee also explained that full disclosure of proposed expert testimony in a written report was so critical that opinions not expressed in the report could be excluded under Rule 37(c)(1) and Fed. R. Evid. 702.  (*Id.*)  Finally, the Committee noted that expert depositions – which "have become

1    standard[]" – were to take place *after* exchanges of expert reports, so that the
2    deposing party would have a reasonable understanding of the expert's opinion,
3    greatly reducing the length of expert depositions. (*Id.* (emphasis added).)

4    Vizio's proposed expert discovery schedule permits the parties a reasonable
5    amount of time in advance of trial to discover, analyze, explore and define all the
6    expert opinions that will be expressed, by either party, in this case. *See*
7    *Philadelphia Nat'l Bank v. Dow Chem. Co.*, 106 F.R.D. 342, 343 (E.D. Pa. 1984)
8    (granting motion to compel exchange of expert reports, "emphasiz[ing] that expert
9    testimony at trial will be circumscribed by the information produced . . . and . . .
10   urg[ing] all parties to provide candid and comprehensive reports."). With a
11   complete picture of all experts' opinions, the parties can focus their efforts on
12   preparing their cases for trial in an efficient and orderly manner. Indeed, orderly
13   and efficient expert discovery, along the lines of Vizio's proposal, is contemplated
14   by the Federal Rules of Civil Procedure and plays an important role in almost every
15   patent case. *See* Fed. R. Civ. P. 26(a)(2)(A)-(D), 26(b)(4)(A); *see also, e.g.*,
16   *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1375 (Fed. Cir. 2008) (noting
17   that, absent a report setting forth "proposed content of . . . expert testimony, [the
18   opposing party] would not have been able to prepare an adequate deposition or
19   cross-examination.").

20   This Court in prior cases has ordered the type of expert discovery schedule
21   that Vizio is proposing. For example, in *Katz Interactive Call Processing*, the
22   Court adopted a schedule that permitted the parties to exchange opening expert
23   reports (February 29, 2008), rebuttal reports (March 21, 2008) and expert
24   depositions (February 29-April 14, 2008) near the end of fact discovery. Order No.
25   4 at 2, No. 2:07-ml-01816-RGK-FFM, [Dkt. #705] (C.D. Cal. Nov. 30, 2007) (Ex.
26   9.) Vizio requests that the same type of schedule be entered here.

27

28

**2.     Sony Has Failed To Offer Any Reasonable Schedule For Expert Discovery In Advance Of Trial**

Sony apparently opposes any expert discovery or even any disclosure of expert opinions prior to the Pre-Trial Conference scheduled for January 10, 2010. Under Sony's proposed timeline, the only information that parties would be required to provide is to "exchange the required short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial" and nothing more.  To the extent there are any deficiencies in the parties' exchanges of proposed testimony, there will not be sufficient time for the parties to file motions to compel in advance of trial.  *See Intercargo Ins. Co. v. Burlington N. Santa Fe R.R.*, 185 F. Supp. 2d 1103, 1107 (C.D. Cal. 2001) (denying motion to exclude experts because opposing party did not seek to compel more adequate disclosure of expert testimony within a reasonable time of service of expert reports).  More importantly, if no expert disclosures are provided until two weeks before trial, there will be no time for expert depositions prior to trial in contravention of Rule 26(b)(4) of the Federal Rules of Civil Procedure.  *See Innogenetics*, 512 F.3d at 1375.

**B.     SONY'S POSITION REGARDING EXPERT REPORTS AND EXPERT DEPOSITIONS**

This Court has already rejected Vizio's position regarding the timing of expert discovery.  In the parties' Joint Rule 26(f) Report, Vizio asked the Court to adopt a schedule requiring two rounds of expert reports:

> VIZIO proposes that the parties agree that two rounds of expert reports should be served by each side after the close of fact discovery.  Specifically, each side shall serve opening expert reports on the same day on issues for which they bear the burden of proof.  Rebuttal expert reports shall then be exchanged a set number of days later.

(Docket No. 44 at 5.)  Vizio further proposed that opening expert reports be due 30 days from the issuance of a claim construction opinion, and that rebuttal reports be due 30 days thereafter.  (*Id.* at 9.)  In contrast, Sony proposed as follows:

> Sony proposes that the parties adopt the requirements set

forth by the Court in the *Westinghouse* action.[7] Specifically, if expert witnesses are to be called at trial, the parties shall exchange at the Final Pre-Trial Conference short narrative statements of the qualifications of the expert and the testimony elicited at trial. If reports for experts to be called have been prepared, they shall be exchanged at the Final Pre-Trial Conference but shall not substitute for the narrative statements required.

(*Id.* at 4.)

In its April 6, 2009 Order for Jury Trial, this Court rejected Vizio's proposal in favor of Sony's. Using the same language as in the *Westinghouse* case, the Court's order stated:

If expert witnesses are to be called at trial, the parties shall exchange at the Final Pre-Trial Conference short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial. ***If reports of experts to be called at trial have been prepared, they shall be exchanged at the Final Pre-Trial Conference*** but shall not substitute for the narrative statements required.

(Docket No. 48 at 3 (emphasis added); 9/15/2008 Order, Case No. 2:08-cv-03934-RGK-FMO (Docket No. 13).) Given the Court already rejected Vizio's proposal that expert reports be exchanged before the Final Pre-Trial Conference, there is no need for the Court to reconsider that schedule now.

Vizio argues that Federal Rule of Civil Procedure 26(a)(2) and the corresponding 1993 Advisory Committee comments support its position that expert reports should be exchanged at least 90 days before the trial date. Vizio, however, ignores Rule 26(a)(2)(C)'s mandate that the Court's scheduling order trumps any of the default expert report deadlines set forth in Rule 26. Rule 26(a)(2)(C) states that "[a] party must make these disclosures at the times and in the sequences that the court orders." The Rule further states that the default 90-day deadline applies only "[a]bsent a stipulation or court order." Fed. R. Civ. P. 26(a)(2)(C). Nothing in the Federal Rules conflicts with this Court's order that expert reports be exchanged at

_____

[7] *Sony v. Westinghouse*, Case No. 2:08-cv-03934-RGK-FMO, involved the same patents-in-suit that are at issue in this case.

the Final Pre-Trial Conference.

Vizio contends its proposed schedule would permit the parties to conduct expert discovery "in an efficient and orderly manner." But Vizio's proposed schedule is no more efficient or orderly than the schedule chosen by the Court, which provides for expert reports (if any) to be exchanged at the January 10, 2010 Final Pre-Trial Conference. If any expert depositions are necessary, Sony would stipulate – subject to the Court's approval – that such depositions could be taken during the week of January 11 or January 18.

Finally, Vizio argues that "[t]his Court in prior cases has ordered the type of expert discovery schedule that Vizio is proposing." However, this Court typically schedules expert discovery in patent cases exactly as it has done in this case. *See Arko Development Limited v. Little Kids, Inc.*, 2:08-cv-04048-RGK-AGR (C.D. Cal.) (Docket No. 24 at 3); *Barracuda Networks Inc. v. Trend Micro Inc.*, 2:08-cv-04369-RGK-CW (C.D. Cal.) (Docket No. 44 at 3); *KYE Systems America Corp. v. RadioShack Corp.*, 2:08-cv-05579-RGK-FFM (C.D. Cal.) (Docket No. 55 at 3). The one case Vizio cites, *Katz Interactive Call Processing,* 2:07-ml-01816-RGK-FFM, is wholly inapposite as it was a centralized multidistrict litigation involving more than 30 lawsuits against more than 150 defendants. Discovery in that case was so complicated that it required the appointment of a special discovery master. (6/14/2007 Order, Case No. :07-ml-01816-RGK-FFM (Docket No. 28).) *Katz* is the exception that proves this Court's usual rule that expert reports, if any, are to be exchanged at the Final Pre-Trial Conference.

## C. VIZIO'S POSITION REGARDING DEPOSITIONS OF SONY WITNESSES IN THE UNITED STATES

Vizio properly noticed Sony's 30(b)(6) and 30(b)(1) depositions in the United States. As an initial matter, Vizio may choose the place for deposing Sony witnesses, subject to the granting of a protective order by the Court under Rule 26(c)(2) designating a different place. Fed. R. Civ. P. 26(c)(2); 8A Wright &

Miller, *Federal Practice and Procedure*, § 2112 (2008); *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. C98-3477CRB(JCS), 1999 WL 33292943, at *9 (N.D. Cal. Sept. 17, 1999) (citing *Turner v. Prudential Ins. Co.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988)).  Nevertheless, because Sony has delayed addressing Vizio's discovery concerns, Vizio has no choice but to bring this motion to address this pressing issue now.  Vizio has noticed the depositions at-issue for August and September, 2009, and October 2009 is the month of discovery.  As explained in more detail below, Sony should neither be surprised nor inconvenienced by its obligation to appear for depositions here, in the Central District of California, where Sony filed suit.

### 1.    Sony Chose This District As A Forum For This Dispute, And Cannot Refuse To Produce Witnesses Here

The fact that Vizio expects Sony's witnesses to appear for deposition in the United States should come as no surprise:  plaintiffs are usually ***required*** to make themselves available for examination in the districts in which they filed suit.  "As a normal rule, ***plaintiff will be required to make himself or herself available for examination in the district in which suit was brought.  Since plaintiff has selected the forum, he or she will not be heard to complain about having to appear there for a deposition***."  8A Wright & Miller, *Federal Practice and Procedure*, § 2112 (2008).  Indeed, Courts routinely compel plaintiffs to make themselves available for deposition in the United States.  *See, e.g.*, *HTC Corp. v. Tech. Props.*, Nos. C08-00882 JF (HRL), 08-00877-JF, 08-00884-JF, 2008 WL 5244905, at *2 (N.D. Cal. Dec. 16, 2008) (granting motion to compel deposition of Taiwanese 30(b)(6) witnesses in California); *Cadent Ltd. v. 3M UniTek Corp.*, 232 F.R.D. 625, 630 (C.D. Cal. 2005) (compelling depositions of Israeli 30(b)(6) witnesses in California); *Lexington,* 1999 WL 33292943, at *9 (requiring plaintiffs' corporate witnesses from England to appear in California); *see also United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999) ("A plaintiff . . . cannot

1  invoke the mere fact inconvenience or expense as a legitimate reason to refuse to
2  appear and submit himself or herself to questioning by the defendant regarding the
3  basis for the claim."); *Detweiler Bros., Inc. v. John Graham & Co.*, 412 F. Supp.
4  416, 422 (E.D. Wash. 1976) (rule applies to plaintiff's agents and employees).

5  In *HTC Corp.*, the district court granted defendants' motion to compel
6  30(b)(6) depositions of witnesses for a Taiwanese plaintiff in the United States.
7  2008 WL 5244905 at *2. Though the Taiwanese plaintiff cited authority for the
8  proposition that "the deposition of a corporate party should be taken at its place of
9  business," the district court correctly noted that "courts primarily apply this rule to
10 *defendants*, since plaintiffs have the luxury of choosing the forum." *Id.* (citing
11 *Lexington*, 1999 WL 33292943 at *9) (emphasis added). The rule does not apply to
12 plaintiffs, "[e]specially here, where plaintiffs not only chose this forum, but fought
13 for it because it was more convenient for its [Taiwanese] witnesses to travel
14 to . . . ." *Id.* The district court then found that "it will be less costly and disruptive
15 to have all [of the Taiwanese plaintiff's] 30(b)(6) designees deposed in this
16 district." *Id.*

17 Likewise, Sony must accept the consequences associated with its decision to
18 choose the Central District of California as a venue and it must produce its
19 witnesses here. Not only did Sony choose this venue, but like the Taiwanese
20 plaintiff in *HTC Corp.*, Sony fought hard for transfer here as a convenient venue for
21 its Japanese witnesses. In particular, Sony argued that

22      • this District "is a much more convenient forum" for "non-party
23        witnesses in the case resid[ing] in Asia, including . . . many of the
         inventors of the patents" making "Los Angeles . . . more convenient
24        for all involved[;]"

25      • "California is also more convenient for [Sony]" because "Sony
26        Corporation's engineers, some of whom are inventors of the patents-
          in-suit, are located in Japan[;]" and

27
28

- for the convenience of the witnesses, this forum was convenient because "[m]ost of the key witnesses . . . likely to testify in this litigation . . . reside either in California or in Asia".

Brief of Defendant at 21-23, *Vizio, Inc. v. Sony Corp.*, No. 2:08-cv-05029-FSH-PS [Dkt. #26-2] (D.N.J. Jan. 23, 2009) (Ex. 10.) Having purposefully availed itself of this venue by filing its complaint here and having strenuously argued that this venue was convenient to Japan, Sony should be required to produce its witnesses here.

### 2. Efficiency Factors Strongly Favor Depositions Of Sony Witnesses In The United States

As already noted, courts routinely grant motions to compel depositions of foreign plaintiffs in United States courts based on considerations of convenience. *See, e.g.*, *HTC Corp.*, 2008 WL 5244905 at *2; *Louis Vuitton Malletier, S.A. v. Akanoc Solutions, Inc.*, No. C07-03952 JW (HRL), 2008 WL 1766758 (N.D. Cal. Apr. 15, 2008); *Cadent*, 232 F.R.D. at 630. Here, depositions of Sony's 30(b)(6) and 30(b)(1) witnesses in the United States will be substantially more efficient and convenient than proposed depositions in Japan according to recognized factors of time and expense and whether inconvenience of travel presents a particular hardship for the deponent. *See New Medium Techs. LLC v. Barco N.V.*, 242 F.R.D. 460, 467-68 (N.D. Ill. 2007) (noting convenience factors; ordering that depositions of Japanese witnesses occur in United States). First, both counsel for Sony and counsel for Vizio are located in the Central District of California. *See Cadent*, 232 F.R.D. at 630 (citing *Resolution Trust Corp. v. Worldwide Ins. Mgmt. Corp.*, 147 F.R.D. 125, 127 (N.D. Tex. 1992)); *Turner*, 119 F.R.D. at 382; *HTC Corp.*, 2008 WL 5244905 at *2; *Louis Vuitton*, 2008 WL 1766758 at *2. Second, Sony does business in this District and is believed to have employees that travel to the United States on a regular basis. *See Cadent*, 232 F.R.D. at 630; *see also New Medium Techs.*, 242 F.R.D. at 467-68; *cf. Louis Vuitton*, 2008 WL 1766758 at *2. Indeed, in a companion case in the Southern District of California involving these two

parties, Sony brought a representative from Japan for an Early Neutral Evaluation ("ENE") and Scheduling Conference on July 29, 2009.

Finally, conducting depositions in the United States vastly simplifies the logistics of the Court's resolution of any disputes, as well as avoids any potential conflict of laws issues. *See New Medium Techs.*, 242 F.R.D. at 467 (noting proposed depositions in Japan would take place in the middle of the night in United States); *Minn. Mining & Mfg. Co. v. Dacar Chem. Prods. Co.*, 707 F. Supp. 793, 794-95 (W.D. Pa. 1989) ("[A]s a rule depositions should be taken in the district where the action is being litigated. This not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve disputes which may take place during the course of deposition[s] without undue expenditure of time."); *see also HTC Corp.*, 2008 WL 5244905 at *2 (quoting *Delphi Auto. Sys., LLC v. Shinwa Intern. Holdings LTD*, 2008 WL 2906765 at *2 (S.D. Ind. 2008) ("If a federal court compels discovery on foreign soil, foreign judicial sovereignty may be infringed, but when depositions of foreign nationals are taken on American or neutral soil, courts have concluded that comity concerns are not implicated."); *Custom Form Mfg., Inc. v. Omron Corp.*, 196 F.R.D. 333, 336 (N.D. Ind. 2000) (noting potential difficulty for court to resolve discovery disputes if depositions occurred in Japan); *In re Honda Am. Motor Co., Inc. Dealership Relations Litig.*, 168 F.R.D. 535, 539-540 (D. Md. 1996) ("Both comity and judicial economy require the deposition of Honda Japan's managing agents in Baltimore, Maryland."). In sum, the balance of convenience factors strongly favors depositions of Sony witnesses in the United States.

### 3. The Court's Scheduling Order Is Silent Regarding Where Sony's Witnesses Should Be Deposed

Sony erroneously attempts to justify its refusal to produce witnesses in the United States based on the fact that this Court's Scheduling Order (Dkt. #48) "did not adopt Vizio's invitation to 'require' the Japanese residents to travel to the

United States." (Ex. 8 at 2.) But the Court did not adopt Sony's position, either. (*See* Dkt. #44 at 11 (stating that "Sony proposes that depositions be conducted in that specific witness' country of residence.").) Instead, the Court simply did not rule on the question of where the depositions of Sony's witnesses would be taken. (*See* Dkt. #48 (prescribing timing of depositions).) Rather, the Court encouraged the parties to work together to resolve these issues, but they have been unable to reach an agreement.

For the foregoing reasons, Vizio requests that Sony be compelled to make its 30(b)(6) and 30(b)(1) witnesses available for deposition in this District.

### D. SONY'S POSITION REGARDING DEPOSITIONS OF SONY WITNESSES IN THE UNITED STATES

#### 1. Because Vizio Failed to Have a Local Rule 37-1 Conference of Counsel Regarding this Issue, Vizio's Motion Must be Denied.

As discussed above, Vizio's motion to compel Sony to produce all of its Japan-based witnesses in this district must be denied because Vizio failed to hold an in-person conference of counsel about this issue, as required by Local Rule 37-1. If Vizio had complied with its Local Rule 37-1 obligations, the parties might have been able to resolve their differences instead of wasting the Court's resources on this unripe issue. Vizio's failure to meet with Sony is not a mere technical deficiency. If the parties had conferred after Vizio served its 30(b)(6) deposition notice, Sony could have explained that Vizio's concerns about taking a 30(b)(6) deposition in Japan were unwarranted. Sony will make 30(b)(6) designees available for deposition in the United States.[8] Indeed, in the *Westinghouse* case, ***all*** of the witnesses Sony designated for Westinghouse's 30(b)(6) topics resided in the

---

[8] Vizio's Motion is directed to the location of depositions only and does not purport to address the specific merits of each of its deposition notices. Sony is preparing objections to those notices (both 30(b)(6) and personal) and intends to work with Vizio through the meet and confer process in an attempt to resolve specific disputes relating to the notices. Sony reserves all of its objections and its right to seek relief from the Court, including a protective order, in connection with the notices.

United States.  Accordingly, Vizio's assertion that "there is no chance of resolving this issue absent intervention from the Court" is wrong.

### 2. Even if Vizio's Motion Were Proper, It Should Be Denied On The Merits.

In addition to violating the Local Rule procedures, Vizio has offered no legitimate basis for a blanket order requiring Sony to make all of its Japan-based witnesses available for deposition in Los Angeles.  Vizio's request fails to consider the cost and efficiencies of bringing individual witnesses to this district, particularly in light of the specific testimony that each such witness is anticipated to provide and its importance to the case.

As for the nine Japan-based inventors whose depositions Vizio recently noticed, the relative costs and efficiencies of having a small number of lawyers from each side make one or two trips to Japan to depose these witnesses clearly outweighs the much larger cost and inconvenience of bringing this large group of witnesses to California for their depositions.  The presumption is that a deponent will be deposed at his residence. *Zakre v. Norddeutsche Landesbank Girozentrale*, No. 08-civ-257(RWS), 2003 WL 22208364, *2 (S.D.N.Y. Sept. 23, 2003);  *Six West Retail Acquisition Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001).  This can only be overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of an alternate location. *Id.* Vizio has not shown this.  Vizio offers no compelling reason why it would be more efficient for Sony to bring all of these witnesses to Los Angeles for deposition, when it would obviously be far less expensive for one or two of each side's lawyers to travel to Japan to take these depositions in one or two coordinated trips. Although Sony has offered to work with Vizio to book time at the U.S. Consulate in Japan for such a trip, thus far Sony's efforts have been rebuffed.  (Belville Decl. ¶ 7).

**(i)     Vizio Has Not Cited Any Authority That Supports An All-Inclusive, Blanket Rule.**

Vizio's contention that a plaintiff must come to the forum for a deposition "is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending."  8A Wright & Miller, *Federal Practice and Procedure*, § 2112 (2008).  "A district court has wide discretion to establish the time and place of depositions."  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994).

Moreover, the authority Vizio cites actually undercuts its position that ***all*** Japan-based Sony witnesses, regardless of circumstances, should be required to travel to California for deposition.  In *HTC Corp. v. Tech. Properties*, Civ. No. C08-00882-JF(HRL), 2008 WL 5244905 at *2 (N.D. Cal. Dec. 16, 2008), the court refused to issue an open-ended, blanket order requiring all foreign witnesses to appear in the United States.  Instead, the court noted that "the court cannot contemplate every possible factual scenario that may arise as to a particular deponent and the possible unfairness or unreasonableness of him or her having to travel to the Northern District of California."  *Id.* at *2.  Thus, the Court ordered that the parties could separately move with respect to individual depositions.  *Id.* Similarly, in *Cadent Ltd. v. 3M UniTek Corp.*, 232 F.R.D. 625, 630 (C.D. Cal. 2005), the Court considered the circumstances and concluded that "Israel may be a dangerous place to hold depositions."  In *United States v. Rock Springs Vista Dev.*, the court acknowledged that the rule requiring a plaintiff to make itself available in the forum "is at best a general rule, and is not adhered to if plaintiff can show good cause for not being required to come to the district where the action is pending." 185 F.R.D. 603, 604 (D. Nev. 1999), (quoting Wright & Miller, *Federal Practice and Procedure* § 2112 (1994)).  These cases show that each witness living abroad is entitled to an analysis of his or her individual circumstances before he or she is required to travel to the United States for a deposition.

The fault in Vizio's approach is clear from Vizio's argument that Sony's witnesses should be deposed in the United States, and would not be burdened by such depositions, simply because Sony brought a representative from Japan to an Early Neutral Evaluation and Scheduling Conference in San Diego. (*see supra* Section III.C.2.)  The Sony representative who came from Japan is a Sony senior manager whose responsibilities include oversight of U.S. patent litigation and licensing, and is not among those Sony employees noticed for a deposition. (Belville Decl. ¶ 11.)  The fact that this particular Sony employee would not be burdened by a deposition in California does not bear on whether all Sony employees, such as an inventor whose responsibilities are largely confined to research facilities in Japan, would be burdened by similar travel.

This Court should reject Vizio's invitation to order that all Japan-based Sony witnesses be deposed in California, without regard to their individual circumstances.  Not only would such a result be burdensome to the witnesses whose depositions have already been noticed, but also Vizio would have little incentive to exercise restraint in noticing the depositions of additional witnesses who reside in Japan, at significant cost and inconvenience to those witnesses and to Sony.  Accordingly, Vizio's motion should be denied.

> **(ii)** **Contrary to Vizio's Position, Efficiency Factors Strongly Favor Depositions of Sony Witnesses in Japan.**

Although Vizio argues that deposing Sony's witnesses in California would be more convenient, Vizio fails to take into account that it is seeking the deposition of at least nine witnesses based in Japan.  Contrary to Vizio's assertion, it would be more convenient, less time-consuming, and less expensive for one or two Sony and Vizio attorneys to fly to Japan and depose the witnesses than to have nine witnesses fly from Japan to the United States.  *See In re Air Crash at Taipei, Taiwan,* Case No. MDL-1394-GAF, 2002 WL 32155478 (C.D. Cal. Nov. 6, 2002) (finding deponent's absence from Singapore for a deposition in the United States might

adversely affect the corporation's operations and interfere with the deponent's duties); *Zakre v. Norddeutsche Landesbank Girozentrale*, No. 08-civ-257(RWS), 2003 WL 22208364, *2 (S.D.N.Y. Sept. 23, 2003) ("While it is true that all counsel would be inconvenienced by traveling to Germany, 'the convenience of counsel is less compelling tha[n] any hardship to the witnesses.'" (*quoting Six West Retail Acquisition Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 108 (S.D.N.Y. 2001))); *Realuyo v. Diaz*, No. 98CIV7684(JGK), 2000 WL 687585, *2-*3 (S.D.N.Y. May 26 2000) (deposition to take place in South Korea because it would be extremely burdensome for the deponent to miss nearly a week of work).

Additionally, Sony is also willing to work with Vizio to make the nine Japan-based inventors available for deposition at the consulate in Japan in a manner that avoids the need for Vizio's lawyers to make multiple trips to Japan. Since depositions in Japan must take place at the United States Embassy or at the Consulate in Osaka-Kobe, the parties can reserve a block of time to depose all of Sony's witnesses, instead of haphazardly scheduling the depositions of Sony inventors in the United States. When considering the time and expense of deposing in the United States each of these witnesses who reside in Japan, it would be more convenient for the parties, and for the witnesses, to proceed with depositions in Japan.

Vizio contends it is more efficient for foreign witnesses to be deposed in this district in the event disputes arise that need to be resolved by the Court. But the involvement of a court directly into a dispute during a deposition is a highly unusual situation that should not override the other factors of cost and convenience for the witness. This is particularly true here where the parties have already agreed to extend the normal one-day deposition to two days for witnesses who testify through a translator. Thus, even if an irreconcilable dispute were to arise during a deposition in Japan, there is no reason why the parties could not involve the court and reach a resolution before the deposition had concluded. Moreover, even for

depositions taken overseas, the Court, has jurisdiction over the parties and can compel them to proceed in a particular manner.

### (iii) Sony's Choice of Forum in California Does Not Require Sony's Japan-Based Witnesses to Travel to California For Their Depositions.

With respect to Vizio's argument that Sony's choice of the Central District favors having all of the depositions conducted here, Vizio ignores that Sony filed this case here in large part because: a) Sony's U.S. TV business is located in San Diego and Sony has offices in the Los Angeles area; b) Sony's action against Westinghouse involving the same patents-in-suit was pending here; and c) this is a convenient venue because Vizio is headquartered in Irvine, CA and its supplier, AmTRAN uses this district for its distribution network. "If plaintiff has sued in a court far distant from home because the transactions in question occurred in that district, and a suit elsewhere would probably have been transferred in any event, the usual rule requiring plaintiff to come to the forum for his or her deposition seems inappropriate." 8A Wright & Miller, *Federal Practice and Procedure*, § 2112 (2008). Sony was required to file this lawsuit in California given the dispute's ties to California. Accordingly, Vizio is not entitled to a blanket order requiring all Japan-based Sony witnesses to travel to this district for deposition.

Vizio also argues that Sony's witnesses who reside in Japan should be required to travel to California because Sony argued in the New Jersey case that California is a more convenient forum for those witnesses than New Jersey. However, Sony has ***never*** stated that California is convenient for its witnesses. The fact that California is more convenient than New Jersey is irrelevant to the witness-by-witness analysis that must be performed in order to determine whether the witnesses should be required to come to California. As discussed above, California is not a convenient location for depositions of Sony's witnesses who reside in Japan.

IV. **CONCLUSIONS**

   A. **VIZIO'S CONCLUSION**

For all of the foregoing reasons, Vizio's motion to compel expert reports and expert depositions and depositions of Sony witnesses in the United States should be granted.

   B. **SONY'S CONCLUSION**

For the foregoing reasons, Sony respectfully requests that the Court deny Vizio's motion to compel a change to the Court's expert discovery schedule and depositions of Sony's Japan-based witnesses in the United States. If the Court grants Vizio's request to have Sony's Japan-based witnesses deposed here, Sony requests that the Court require Vizio to live up to its prior agreement to have non-Japan based witnesses deposed where they reside.


Dated:        August 12, 2009        JONES DAY


                                     By: /s/ Steven J. Corr
                                          Steven J. Corr

                                     Attorneys for Defendant VIZIO, INC.


Dated:        August 12, 2009        QUINN EMANUEL URQUHART
                                     OLIVER & HEDGES, LLP


                                     By: /s/ Kevin P.B. Johnson
                                          Kevin P.B. Johnson

                                     Attorneys for Plaintiff Sony Corp.