# Exhibit 8

Exhibit 8 Page 71

**quinn emanuel** trial lawyers | new york

51 Madison Avenue, 22nd Floor, New York, New York 10010-1601 | TEL: (212) 849-7000 FAX: (212) 849-7100

July 24, 2009

<u>VIA E-MAIL</u>

Steven J. Corr
Jones Day
555 South Flower Street
Fiftieth Floor
Los Angeles, California 90071-2300

Re: <u>Sony Corporation v. Vizio, Inc.</u>

Dear Steven:

On July 17, 2009, Vizio improperly noticed depositions of nine Sony inventors who reside in Japan for deposition in the United States (at the same time, Vizio also served a 30(b)(6) notice and four other personal deposition notices). Instead of taking the necessary steps to depose the witnesses where they reside, Vizio appears to be improperly using an omnibus 30(b)(6) deposition as a means to try to compel Sony to bring its witnesses to the United States.

Sony long ago provided Vizio with notice that the depositions of the inventors residing in Japan – who Sony identified at the outset of this case as having relevant information – would need to take place in their country of residence at a U.S. Embassy. In the Joint Rule 26(f) Report filed nearly *four months ago*, Sony made its position crystal clear:

> [T]hat depositions be conducted in that specific witness' country of residence. To the extent Plaintiff seeks to take depositions in Japan, those depositions will need to be taken at a U.S. embassy.

(Dkt. No. 44 at 11:17-20). Vizio provided a counterproposal at the time, stating: "[i]n the event that Sony does not agree to produce these witnesses in the United States, VIZIO requests that this Court require Sony to produce them for deposition in the United States, which will simplify

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, 107-0052 | TEL +81 3 5561-1711 FAX +81 3 5561-1712
LONDON | 16 Old Bailey, London United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

Exhibit 8 Page 72

and streamline the deposition process." (*Id.* at 13:14-18). The Court, in its Scheduling Order, did not adopt Vizio's invitation to "require" the Japanese residents to travel to the United States (*See* Dkt. No. 48).

Sony has repeatedly reminded Vizio of its obligation to take the steps necessary to arrange the depositions of witnesses who reside in Japan. For example, in Mr. Klivan's letter to you of June 19, Sony reminded Vizio that it would make its witnesses available in their country of residence, and that for any depositions in Japan it would cooperate with Vizio with respect to the logistics of scheduling those depositions:

> [I]t will make its witnesses available in their country of residence. . . . [F]or any depositions that take place in Japan, Sony will cooperate with Vizio with respect to the logistics of scheduling and carrying out such depositions. Please note, if you are not already aware, that depositions in Japan must take place at the U.S. embassy in Tokyo or at the U.S. consulate in Osaka and that it is advisable to reserve deposition rooms well in advance of the desired dates.

Accordingly, Vizio may not feign that it did not realize it would need to take the steps necessary for the depositions to proceed in Japan and may not now unilaterally require the depositions to take place in the United States.

Instead of taking the steps necessary to schedule the depositions of the Japanese inventors in their home countries, Vizio apparently has chosen a dubious, highly inappropriate and unduly burdensome approach comprised of serving an omnibus 30(b)(6) deposition notice of Sony prior to the noticed dates for the depositions of the Japanese witnesses. Vizio's 30(b)(6) notice sets forth eighty one topics apparently directed to every conceivable issue in the case in a blatant attempt by Vizio to compel Sony to bring the witnesses to the United States for its 30(b)(6) deposition. This is a wholly improper use of a 30(b)(6) deposition and an unfortunate display of gamesmanship too often displayed in litigation.

Sony is preparing formal objections, but briefly sets forth herein many of its concerns with Vizio's 30(b)(6) deposition notice and a proposal for an alternative, less burdensome approach to help Vizio obtain the information it is seeking.

Vizio's noticed topics are grossly overbroad; inappropriately seek contentions, legal conclusions, claim construction positions and work product; and seek information that could be obtained more effectively and with far less burden through fact depositions of the witnesses that Sony identified at the outset of this case as having relevant information. Sony has already responded to numerous contention interrogatories, which Vizio appears to have repackaged as improper 30(b)(6) topics.

For example, Vizio is seeking discovery broadly encompassing:

- "All work conducted with or on behalf of any company concerning the subject matter of any of the Patents-in-Suit" (*See* Topic No. 34);

2

Exhibit 8 Page 73

- "All work relating to the research, development and commercialization . . . of the alleged inventions" (*See* Topic No. 17);
- "All statements in the specification and prosecution history (including those in any opposition, reissue, interference or reexamination) for the Patents-in-Suit, Related Patents and Related Applications and the basis for said statements" (*See* Topic No. 25);
- "Any papers, articles or other publications by Sony . . . regarding the technology disclosed in the Patents-in-Suit, including without limitation, all drafts of any such materials and any memoranda or correspondence between co-authors or others concerning work reflected in the materials" (*See* Topic No. 35); and
- "Each document referring or relating to one or more of the [seventy four] topics identified above . . ."

Vizio's topics also improperly seek contentions (in many cases duplicative of its contention interrogatories), legal conclusions, claim construction positions and work product. For example, Vizio's topics call for:

- "Construction of the claims of the Patents-in-Suit, including all support and/or bases for any asserted claim term meaning." (*See* Topic No. 29);
- "Sony's bases . . . for asserting that any Accused VIZIO Product infringes . . ." (*See* Topic No. 1);
- "Validity or invalidity of the claims of the Patents-in-Suit" (*See* Topic No. 30);
- "Sony's contentions, positions or assertions made or to be made concerning damages theories in this litigation . . ." (*See* Topic No. 40); and
- "Sony's contentions regarding the reasonable amount of possible royalties . . ." (*See* Topic No. 43).

Vizio's topics also seek information more appropriately and less burdensomely obtained through depositions of fact witnesses who Sony long ago named as having relevant information. For example, Vizio's topics seek:

- "The alleged inventors' activities during the time period between the conception of the subject matter of the asserted claims of the Patents-in-Suit and the actual or constructive reduction to practice of the subject matter of the asserted claims of the Patents-in-Suit, including all activities directed toward reduction to practice." (*See* Topic No. 20);
- "The contribution of each alleged inventor and/or individual determined not to be an inventor with respect to each of the claims of the Patents-in-Suit." (*See* Topic No. 19);
- "Preparation and/or prosecution . . . of any of the (1) Patents-in-Suit, (2) Related Patents and/or (3) Related Applications" (*See* Topic No. 23);
- "Conception, reduction to practice . . . of the alleged inventions of the Patents-in-Suit." (*See* Topic No. 18); and
- "The alleged benefits, if any, of each of the features claimed in the Patents-in-Suit" (*See* Topic No. 21).

Vizio cannot avoid taking the depositions of fact witnesses, such as the inventors based in Japan, by serving an omnibus 30(b)(6) deposition that would require Sony to prepare one or more

3

Exhibit 8 Page 74

witnesses to testify in the United States regarding the information that these fact witnesses could otherwise provide. This is inappropriate, inconvenient and likely to result in unnecessary disputes concerning the sufficiency of the information that Sony's 30(b)(6) designee(s) provides. For the patent-based topics, Vizio should have simply scheduled the depositions of the Japanese-based inventors prior to the 30(b)(6) deposition.

Vizio also cannot expect a Sony attorney to marshal all of the facts in this case from witnesses abroad, question each of the inventors, marketing personnel, patent prosecution attorneys, *etc.*, collect and synthesize all of the information in their possession; then, in turn, feed it back to Vizio in the U.S. in response to deposition questions. As one court succinctly put it in rejecting a similar misuse of a 30(b)(6) deposition: "To state the proposition is to defeat it." *See United States v. District Council of New York City,* C.A. No. 90 CIV. 5722, 1992 WL 208284, *15 (S.D.N.Y. Aug. 18, 1992); *In re Independent Service Organizations Antitrust Litigation,* 168 F.R.D. 651, 654 (D. Kan. 1996) (granting motion for protective order and holding that Xerox was not required to provide a 30(b)(6) witness where the information sought was available through less problematic means; "Xerox is not required to have counsel 'marshal all of its factual proof . . .").

As an alternative, less burdensome and more effective means of discovery, Sony proposes that Vizio first proceed with depositions of named fact witnesses, including the inventors based in Japan. This would substantially narrow the scope of Vizio's 30(b)(6) deposition and avoid the problems described above. If it is too late for Vizio to take the steps necessary to schedule the depositions in Japan, it is a result of Vizio's own doing, and Vizio cannot now expect to shift the burden of this mistaken strategy onto Sony or use this as an attempt to derail the Court's trial schedule.

Please let us know as soon as possible whether Vizio has taken the steps necessary to first proceed with its depositions of fact witnesses in Japan before scheduling the 30(b)(6) deposition. If Vizio cannot confirm that it has taken the necessary steps and that it will agree to proceed first with the depositions of fact witnesses in Japan without derailing the Court's trial schedule, Sony will be forced to seek protection from the Court.

Sincerely,

Joseph Milowic III

4

Exhibit 8 Page 75