

of the inventors have since moved, is in San Diego (*id.*).

Thus, because the Central District of California is more convenient for the Plaintiff, the Defendants, and their respective counsel, this factor weighs in favor of transfer.

### E.   The Convenience of the Witnesses Favors Transfer

Another "particularly significant" factor to be considered on a transfer motion is the convenience of the available districts relative to witnesses and documentary evidence. *Euro Classics, Inc. v. Excel Global Logistics, Inc.*, C.A. No. 06-CV-423, 2006 WL 1344098, *4 (D.N.J. May 16, 2006). "When considering the convenience to witnesses, the convenience of non-party witnesses is the more important factor." *See Amazon.com*, 404 F. Supp. 2d at 1260 (quotations omitted). Most of the key witnesses, including virtually all of the non-party

3. **Discovery Cut-Off**

The Court has established a cut-off date for discovery in this action. All discovery shall be complete by the discovery cut-off date specified in the Scheduling Order. **This is not the date by which discovery requests must be served; it is the date by which all discovery is to be completed.**

In an effort to provide further guidance to the parties, the Court notes the following:

who are believed to have knowledge concerning the issues presented by this case.

Based on the knowledge they are believed to have, at least some of these persons

2

Exhibit 10 Page 112

1   Pursuant to Local Rule 16-14, the parties in every case must select a settlement
2   procedure. The final meeting with the parties' settlement officer must take place no later than 45
3   days before the Final Pretrial Conference.
4
5   **FINAL PRE-TRIAL CONFERENCE**
6
7   This case has been placed on calendar for a Final Pre-Trial Conference pursuant to
8   Fed.R.Civ.P. 16 and 26. Unless excused for good cause, each party appearing in this action shall
9   be represented at the Final Pre-Trial Conference, and all pre-trial meetings of counsel, by the
10  attorney who is to have charge of the conduct of the trial on behalf of such party.
11  <u>STRICT COMPLIANCE WITH THE REQUIREMENT OF FED.R.CIV.P. 26 AND
12  LOCAL RULES ARE REQUIRED BY THE COURT</u>. Therefore, carefully prepared
13  Memoranda of Contentions of Fact and Law, a Joint Witness List, and Joint Exhibit List shall be
14  submitted to the Court. The Joint Witness List shall contain a brief statement of the testimony



**TRIAL PREPARATION FOR JURY TRIAL**

**MOTIONS, INSTRUCTIONS AND EXHIBITS**

THE COURT ORDERS that all counsel comply with the following in their preparation for trial:

1. **MOTIONS IN LIMINE**

All motions in limine must be filed and served a minimum of forty-five (45) days prior to the scheduled trial date. Each motion should be separately filed and numbered. All opposition documents must be filed and served at least twenty-five (25) days prior to the scheduled trial date. All reply documents must be filed and served at least ten (10) days prior to the scheduled trial date.

All motions in limine will be ruled upon on or before the scheduled trial date and should not be noticed for motion on any date other than the assigned trial date.

2. **JURY INSTRUCTIONS/SPECIAL VERDICT FORMS**

Thirty-five (35) days before trial, plaintiff shall serve plaintiff's proposed jury

1 | which are objected to by any other party, accompanied by points and authorities in support of
2 | those instructions.
3 |     When the parties disagree on an instruction, the party opposing the instruction must
4 | attach a short statement (one to two paragraphs) supporting the objection, and the party
5 | submitting the instruction must attach a short reply supporting the instruction. Each statement
6 | should be on a separate page and should follow directly after the disputed instruction.
7 |     The parties ultimately must submit one document, or if the parties disagree over any
8 | proposed jury instructions, three documents. The three documents shall consist of: (1) a set of
9 | Joint Proposed Jury Instructions; (2) Plaintiff's Disputed Jury Instructions; and (3) Defendant's
10 | Disputed Jury Instructions. Any disputed Jury Instructions shall include the reasons supporting
11 | and opposing each disputed instruction in the format set forth in the previous paragraph.
12 |     The Court directs counsel to use the instructions from the <u>Manual of Model Jury</u>
13 | <u>Instructions for the Ninth Circuit</u> where applicable. Where California law is to be applied and
14 | the above instructions are not applicable, the Court prefers counsel to use the California Jury
15 | Instructions in either BAJI or CACI. If none of these sources is applicable, counsel are directed
16 | to use the instructions in Devitt, Blackmar and Wolff, <u>Federal Jury Practice and Instructions</u>.
17 |     Modifications of instructions from the foregoing sources (or any other form instructions)
18 | must specifically state the modification made to the original form instruction and the authority
19 | supporting the modification.
20 |     Each requested instruction shall be set forth in full; be on a separate page; be numbered;
21 | cover only one subject or principle of law; not repeat principles of law contained in any other
22 | requested instructions; and cite the authority for a source of the requested instruction. In
23 | addition to the foregoing, each party shall file with the Courtroom Deputy on the first day of trial
24 | a "clean set" of the aforesaid requested duplicate jury instructions in the following form: Each
25 | requested instruction shall be set forth in full; be on a separate page with the caption "COURT'S

authority for a source of the requested instruction. Counsel shall also provide the Court with a CD in WordPerfect format containing the proposed jury instructions.

An index page shall accompany all jury instructions submitted to the Court. The index page shall indicate the following:

- the number of the instruction;
- a brief title of the instruction;
- the source of the instruction and any relevant case citation; and
- the page number of the instruction.

*EXAMPLE:*

| NO. | TITLE | SOURCE | PAGE NO. |
|---|---|---|---|
| 5 | Evidence for Limited Purpose | 9th Cir. 1.5 | 9 |

During the trial and before argument, the Court will meet with counsel and settle the instructions. Strict adherence to time requirements is necessary for the Court to examine the submissions in advance so that there will be no delay in starting the jury trial. **Failure of counsel to strictly follow the provisions of this section may subject the non-complying party and/or its attorney to sanctions and SHALL CONSTITUTE A WAIVER OF JURY TRIAL in all civil cases.**

3. **TRIAL EXHIBITS**

Counsel are to prepare their exhibits for presentation at the trial by placing them in binders which are indexed by exhibit number with tabs or dividers on the right side. Counsel shall submit to the Court an original and one copy of the binders. The exhibits shall be in a three-ring binder labeled on the spine portion of the binder as to the volume number and contain an index of each exhibit included in the volume. Exhibits must be numbered in accordance with Fed.R.Civ.P. 16, 26 and the Local Rules.

Exhibit list shall indicate which exhibits are objected to, the reason for the objection, and the reason it is admissible. Failure to object will result in a waiver of objection.

The Court requires that the following be submitted to the Courtroom Deputy Clerk on the

---

California and was attended by Fred Zustak and Ken Ono on behalf of SEL, along with outside counsel, Kevin Johnson of Quinn Emanuel Urquhart Oliver & Hedges, LLP; Jeff Schindeler, John Schindeler, Ken Lowe and Rob Brinkman on behalf of Vizio; and Jessica Liu on behalf of AmTRAN.

23. The June 3, 2008 meeting was also held at Vizio's office in Irvine, California and was attended by Fred Zustak, Ken Ono, and Jaime Siegel on behalf of the Sony companies, John Schindeler, Rob Brinkman and a Vizio engineer on behalf of Vizio, along with their outside counsel, Paul Lin and Richard Grabowski of Jones Day.

24. The August 12, 2008 meeting was held in Manhattan and was attended by Rob Brinkman and Robert Ranucci of Vizio, along with their outside counsel, Messrs. Cochran and Wamsley of Jones Day.

- Counsel may, but need not, submit brief proposed voir dire questions for the jury seven (7) calendar days before the Pretrial Conference. The Court will conduct its own voir dire after considering any proposed voir dire submitted by counsel.
- Any items that have not been admitted into evidence and are left in the courtroom overnight <u>without prior approval</u>, will be discarded.

DATED: April 6, 2009

*Gary Klausner*

R. Gary Klausner, Judge
UNITED STATES DISTRICT COURT

8

Exhibit 11 Page 131