1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART
2  OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065
   Telephone: (650) 801-5000
4  Facsimile: (650) 801-5100

5  Steven M. Anderson (Bar No. 144014)
   QUINN EMANUEL URQUHART
6  OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
7  Los Angeles, California 90017
   Telephone: (213) 443-3000
8  Facsimile: (213) 443-3100

9  Attorneys for Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>VIZIO INC.,<br><br>    Defendant. | CASE NO. CV 08-01135-RGK (FMOx)<br><br>**MEMORANDUM IN OPPOSITION TO VIZIO'S MOTION TO LIMIT CLAIMS**<br><br>**The Honorable R. Gary Klausner**<br><br>**Hearing:** 9:00 A.M. on August 31, 2009 |

02347.51451/3058835.1

## I. INTRODUCTION

Vizio faults Sony for failing to agree to set a limited number of asserted claims during the parties' meet and confer, but Vizio knows its production of technical documents on the accused products is deficient, which has made it difficult for Sony to determine the scope of claims to be asserted at trial.[1] For example, other than user manuals for all accused products and service manuals for some of them, Vizio has produced virtually no substantive technical documentation such as source code, circuit diagrams, chip specifications, or hardware and software design documents. Sony requested this documentation four months ago. Vizio has even refused to identify which of its products incorporate certain features Sony believes are relevant to the patents-in-suit, and it also refuses to identify the standards with which its products comply.

Nevertheless, having carefully reviewed the available information and in an effort to resolve the current dispute, Sony has the following compromise it hopes the Court will find acceptable. Sony proposes the total number of asserted claims of the ten patents-in-suit be limited from the currently asserted 108 claims down to 60 claims as identified below (an average of six per patent). Rather than having the same number of asserted claims for each patent, Sony believes this approach makes more sense. Several of the patents-in-suit have large numbers of claims that cover a variety of distinct inventions. For such patents, more than three asserted claims are warranted. For others, as described below, Sony has agreed to limit the number of asserted claims to four, three and in one case, two claims. Taken as a whole, these reductions will cut the number of asserted claims nearly by half. As Vizio's brief indicates, this is well within the range Vizio suggests it would have found

---

[1] Sony is in the process of filing motions to compel with Magistrate Judge Fernando N. Olguin on the deficiencies in Vizio's discovery responses. Pursuant to Local Rule 37, Sony has provided its portion of two joint stipulations to Vizio and is currently waiting for Vizio to return its portion after which Sony will file the combined joint stipulations.

acceptable. (Br. at 7) (noting it asked Sony if it would agree to a limit of "sixty claims").

Moreover, assuming Vizio provides the additional discovery Sony is seeking through the pending motions to compel, Sony believes it can reduce the number of asserted claims still further to 50 by September 14 and would suggest that it be permitted to submit a letter to the Court on that date identifying those claims or explaining why a further reduction is not possible.

Nothing in the cases Vizio cites or the particular facts of this case warrants the three claim per patent limitation that Vizio requests. To the contrary, those cases, and particularly this Court's opinion in *In re Katz*, support Sony's proposed protocol for a progressive reduction in asserted claims corresponding to the parties' resolution of underlying discovery disputes. Accordingly, Sony respectfully requests that the Court deny Vizio's motion and instead impose the schedule and protocol for the limitation of the asserted claims that Sony has proposed herein.

## II. ARGUMENT

### A. Vizio's Discovery Deficiencies Have Impeded Sony's Ability To Fully Streamline The Number of Asserted Patent Claims.

Vizio hinges its contention that Sony should be able to limit its asserted claims by now on the alleged fact that Vizio has "produced volumes of technical information concerning the accused products." (Br. at 1). Sony agrees with Vizio that a thorough analysis of technical documents relating to the accused products would allow Sony to reduce the number of claims it asserts. The problem, though, is that these "volumes" lack the fundamental technical information that Sony sought in its first set of discovery requests more than four months ago.

Vizio has produced user manuals (the publicly available consumer manuals packaged with Vizio TVs) and service manuals (used by people who repair Vizio products) for barely more than one third of the accused products, and virtually no

other substantive technical documentation such as source code, circuit diagrams, chip specifications, or design documents. (Klivans Decl. ¶ 10.) Although the ten patents-in-suit relate to various specific features of digital television technology such as gamma correction, closed captioning, menu displays, and the like, Vizio has produced virtually no information relating to these features, other than high level information found in user manuals and the limited number of produced service manuals.

Not only has Vizio refused to produce documents, but Vizio has refused to answer interrogatories requesting that Vizio identify which of its products have these specific features and the standards with which the products comply. Similarly, after refusing to agree to the Protective Order adopted by this Court in Sony's earlier-pending case against Westinghouse, 2:08-cv-03934-RGK-FMO, which concerned the same patents-in-suit, and after protracted negotiations regarding the specific language to govern the production of source code, Vizio recently revealed that it is unwilling to produce source code for the accused products. (Klivans Decl. ¶ 2.)

As a result of these shortcomings, Sony has met and conferred numerous times with Vizio and has since initiated the motion to compel process. Sony is awaiting receipt of Vizio's portion of two joint stipulations that will place these issues before Magistrate Judge Olguin for resolution.[2] The first motion to compel seeks to require Vizio to respond to two interrogatories. One interrogatory requests information on which Vizio products contain certain features. Vizio has refused to respond to this interrogatory, except by citing to manuals, on the basis that it is vague and ambiguous. (Klivans Decl. ¶ 3.) Vizio's refusal to respond with a narrative response stands out because Judge Olguin ordered Westinghouse to

---

[2] Sony provided its half of the Local Rule 37 joint stipulations to Vizio today and will file them with the Court next week, following the prescribed period for Vizio to provide its portion.

respond to a nearly identical interrogatory in the earlier case against it on the same patents. The second interrogatory requests information on which Vizio products conform to certain industry standards, including standards listed in the interrogatory. Vizio has refused to provide a substantive response stating whether its products comply with the standards described in Sony's interrogatory. (Klivans Decl. ¶ 4.)

The second motion seeks to compel Vizio to locate and produce documents in the physical possession of Vizio's main supplier and affiliate, AmTRAN Technology Co., Ltd. Vizio refuses to locate and produce such documents, which would include documents that a manufacturer would possess such as chip specifications, circuit diagrams, source code and other technical documentation on the basis that AmTRAN is a third party. Vizio takes this position even though AmTRAN is contractually required to indemnify Vizio, is represented by the same counsel as Vizio on the same patents, has attended every single business negotiation and settlement conference with Sony since this dispute began, and may even be paying for Vizio's legal costs in this matter. At one meet and confer, Vizio even went so far as to list for Sony the technical documents in AmTRAN's physical possession that would be available to Vizio were Sony to convince Vizio to ask AmTRAN, but Vizio then announced it was not convinced it had an obligation to ask. (Klivans Decl. Exs. A, B, ¶ 7.)

Vizio's pattern of obstruction continues with depositions and inspections.[3] Since Vizio has refused to fulfill its discovery obligations, Sony lacks the technical documentation and interrogatory information that would allow it to further narrow the number of asserted claims to those most relevant to this lawsuit.

---

[3] Although Sony has not yet deposed Vizio's Ken Lowe, Sony is waiting until additional technical information concerning the Vizio products has been produced, either by Vizio or by the suppliers of its products or the chips contained therein. Similarly, Vizio fails to mention that the reason inspections have yet to take place is that Vizio improperly derailed the process by insisting
(footnote continued)

Vizio's motion also faults Sony for not subpoenaing MediaTek, the supplier of over 90% of the chipsets used in the accused products. Vizio has an affirmative duty to seek permission to produce documents under its control even if not in its physical possession. *A. Farber and Partners, Inc. v. Garber*, 234 F.R.D. 186, 189 (C.D. Cal. 2006). For Vizio to refuse to even ask related parties such as suppliers like MediaTek for technical documents and then to blame Sony for failing to reduce the number of asserted claims reeks of gamesmanship. In any event, Sony has acted proactively and has contacted these companies, including MediaTek, to obtain documents relating to Vizio's products.

Accordingly, it makes no sense to require Sony to limit the number of asserted claims now, at this early stage when Sony still disputes the sufficiency of Vizio's document and interrogatory responses, to a limit of three claims per patent. To the contrary, consistent with its proposal, Sony contends that the number of asserted claims should presently be limited to 60 claims identified above with a further reduction to 50 claims (and possibly fewer) contemplated if Vizio provides certain discovery that Sony is in the process of moving to compel.

Vizio contends that Sony's infringement contentions reflect "substantial overlap in its proof—with multiple claims applied to the exact same pages of documents for Sony's contentions of infringement." (Br. at 1). But what Vizio fails to mention is that at Vizio's insistence Sony spent considerable time supplementing its infringement contentions to identify the specific portions of Vizio's user manuals, the high level publications that accompany the TVs that Vizio sells, that correspond to each claim limitation. Given the high level information set forth in these manuals, it is hardly surprising that multiple claim elements implicate the same user manual pages for a particular patent. Vizio is again putting the cart before the horse. Once

---

on a tit-for-tat inspection of *Sony's* products (which are not accused of infringement) as a condition of inspecting Vizio's products. (Decl. Exs. C, D.)

Vizio produces the documents and information requested by Sony's discovery requests, then Sony will have additional information to further supplement its infringement contentions. At the present time, however, nothing in Sony's infringement contentions supports Vizio's assertion that a mere three claims per patent is warranted.

Vizio also contends that Sony should be able to limit the number of asserted claims because Sony was required under Rule 11 to compare the scope of the asserted claims to each accused product before filing suit. Vizio's assertion, however, is based on the mistaken assumption that Vizio does not infringe any of the claims that Sony will no longer assert. In fact, Sony has agreed to withdraw certain claims because it will help streamline the case and reduce the burden on the Court and jury. Sony was not required prior to filing its lawsuit to have determined which specific infringed claims would make the most sense to present at trial in light of all the facts and circumstances. Sony has a right to analyze technical documents and information concerning the accused products and make a fully informed decision before withdrawing otherwise infringed claims. This analysis—which claims are most important to its lawsuit and the accused products—is unconnected to Sony's earlier Rule 11 analysis.

### B.  Sony's Proposal Should Be Adopted

Despite Vizio's failure to meet its discovery obligations, Sony has completed a preliminary review of the currently asserted claims and is willing to assert going forward the following 60 claims:

'626 patent:  claims 1, 4, 20- 22, 29, 30, 32, 33;

'373 patent:  claims 1, 5;

'614 patent:  claims 1-4;

'577 patent:  claims 13, 15, 19, 20;

'542 patent:  claims 6, 8, 11;

'847 patent:  claims 11, 12, 16, 27, 28, 33-35, 37, 39, 40, 41;

'055 patent: claims 41, 43-45, 51, 54, 61, 63-65;

'468 patent: claims 41-44;

'182 patent: claims 1, 3, 4;

'472 patent: claims 1, 4, 5, 8, 12-15, 18;

Sony further proposes to limit the maximum number of claims to 50 by September 14, 2009, more than a month before discovery closes, contingent upon Vizio supplementing its discovery responses. Presumably, by that time, the parties' underlying discovery disputes will be resolved, the parties will have begun taking depositions, and documents in the control of third parties will have been produced.

This proposal makes more sense than Vizio's arbitrary three claim per patent approach and is certainly fairer to Sony in light of the present state of Vizio's discovery responses. As can be seen above, for some of the patents-in-suit, it was relatively straightforward for Sony to apply the information it has acquired over the course of this case to refine the number of asserted claims to two, three, or four claims. For others, although Sony has dramatically reduced the number of claims, there are still a fair number of claims remaining. Sony is not yet in a position to cut the remaining claims wholesale but expects to be able to lower the overall count by 10 or even more assuming Vizio produces the documents that are the subject of Sony's Local Rule 37 motions.

Under Vizio's proposed relief, all that an accused infringer has to do to successfully obstruct a patent holder is to produce reams of generally non-substantive technical documents while refusing to request substantive technical documents from affiliates and suppliers. Then, the accused infringer can move to force an arbitrary limit of asserted claims on the patent holder. This makes no sense. Almost two and a half months remain in the discovery period. Sony is endeavoring to obtain information from third parties, including Vizio's own component suppliers, and at the same time Sony is moving to compel information. Vizio's own Motion acknowledges that this information is necessary for Sony to limit the number of

asserted claims. (Br. at 8-9.) Thus, Sony should be allowed to obtain this information before it is forced to further reduce the number of asserted claims. Allowing Sony the time to complete its discovery in the areas where Vizio has not been cooperative will neither force Vizio to bear an increased burden nor force the Court to construe a large number of claims during claim construction. Rather, it will simply allow Sony its right to obtain basic responses to its original discovery requests before narrowing the number of claims.

### C. Vizio's Authorities Do Not Support Its Proposal.

Although the cases cited by Vizio support the general proposition that courts have discretion in certain situations to limit the number of asserted claims in patent cases, none of those cases mandate the specific protocol that Vizio proposes—an immediate and irrevocable limitation of the asserted claims to three per patent, without regard to the nature of each patent and the current state of Vizio's document production. The parties do not dispute the general proposition that the number of claims should be limited. The parties only dispute the protocol for limiting the claims, particularly before Sony has received Vizio's supplemental document and interrogatory responses that are the subjects of Sony's motions to compel.

Vizio, for example, relies on this Court's opinion in *In re Katz Interactive Call Processing Patent Litig.*, No. 2:07-ml-01816-RGK-FFM (C.D. Cal. Aug. 31, 2007) (Klausner, J.). That case, which involved 165 defendants in approximately 50 patent groups, 31 patents-in-suit and 1,975 asserted claims, is hardly comparable to this matter. (Corr Decl. Ex. 1 at 1.) Although the Court in *In re Katz* did agree to limit the number of asserted claims, it did not impose a set of number of claims per patent, but rather simply set an upper limit for the overall total number of asserted claims, leaving it up to the Plaintiff to determine how many claims from the asserted patents it would assert. Similarly, along the same lines as Sony's proposal to presently limit the number of asserted claims to 60 claims, with a further reduction to 50 claims (or fewer) to follow one month from now assuming Vizio has complied

with its discovery obligations, the Court in *In re Katz*, stated: "This Court also adopts the parties' proposal to gradually limit the number of claims that Plaintiff may assert." (*Id.* at 3.) In that case, the Court then ordered the plaintiff to limit the number of asserted claims to "40 claims per defendant group" to be followed by a further reduction after the plaintiff had had "time to study the Core Discovery and invalidity analysis." (*Id.* at 3-4.) This is exactly the kind of approach that Sony proposed to Vizio at the parties' meet and confer before Vizio filed its Motion, and is what Sony has detailed with greater specificity above—a progressive reduction in the number of asserted claims, with a first reduction now and a second reduction to follow after additional discovery has taken place.

Vizio's other cited cases also support Sony's proposed compromise. In *Verizon California Inc.. v. Ronald A. Katz Technology Licensing*, 326 F. Supp. 2d 1060 (C.D. Cal. 2003), the Court ordered the parties to reduce the number of asserted claims for the Court to construe at a *Markman* hearing. In this matter, there is no separate *Markman* hearing, but claim construction will center on the necessarily limited disputed terms that will arise in conjunction with summary judgment proceedings following the November 10, 2009 dispositive motion cut-off.

Vizio's reliance on *Hearing Components, Inc. v. Shure, Inc.*, 2008 WL 2485426 (E.D. Tex. June 13, 2008) is also inapposite because that case did not involve a limitation on the number of asserted claims. Rather, in response to a motion to increase the number of pages of *Markman* briefing, the court simply ordered the parties to limit the number of disputed claim terms being submitted for construction.

Vizio's citation to yet another *Katz* case, *Katz v. AT&T Corp.,* 63 F. Supp. 2d 583 (E.D. Penn. 1999) is distinguishable for the same reason. Again, Vizio is confusing a case in which the court required the parties to limit the number of claim terms to be asserted for Markman purposes with a limit on the number of asserted claims. *Id.* at 588. With respect to the issue in dispute here, *Katz v. AT&T* provides

no support, except perhaps implicit support for Sony's proposal that further reductions in the number of asserted claims takes place after discovery has progressed.

Finally, *Fenster Family Patent Holdings, Inc. v. Siemens Medical Solutions USA, Inc.*, 2005 WL 2304190 (D. Del. Sept. 20, 2005) is also inapposite. In *Fenster*, the accused infringer asked the court to limit the number of asserted claims in response to the patentee's expansion of the scope of the litigation less than five weeks before the close of discovery. Sony, however, has no intention of expanding the number of asserted claims. To the contrary, Sony has proposed herein to limit the number of asserted claims to 60 to be followed by a further reduction to 50 claims one month from now, assuming Vizio produces the requested discovery.

## III. CONCLUSION

For the foregoing reasons, Sony respectfully requests that the Court adopt Sony's proposal to limit the total number of asserted claims to 60 (with no specific limits imposed as to individual patents), to be followed by an additional limitation of the number of asserted claims to 50 one month from now, assuming Vizio has produced the documents that are the subject of the meet and confer and Local Rule 37 process. Sony respectfully requests that the Court reject Vizio's Motion in its entirety.

DATED: August 17, 2009   Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


By /s/ _____
Kevin P.B. Johnson
Attorneys for Sony Corporation