Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>  Plaintiff,<br><br>  v.<br><br>VIZIO, INC.,<br><br>  Defendant. | CASE NO. CV 08-03934-RGK (FMOx)<br><br>**DECLARATION OF PETER A. KLIVANS IN SUPPORT OF SONY'S OPPOSITION TO VIZIO'S MOTION TO LIMIT CLAIMS** |

02347.51451/3058774.1

CASE NO. CV 08-01135 - RGK (FMOx)
DECLARATION OF PETER A. KLIVANS IN SUPPORT OF
SONY'S OPPOSITION TO VIZIO'S MOTION TO LIMIT CLAIMS

1. I am an attorney with the law firm of Quinn Emanuel Urquhart Oliver & Hedges, LLP, counsel for Sony Corporation ("Sony"). I submit this declaration in support of Sony's Memorandum In Opposition To Vizio's Motion To Limit Claims. I have personal knowledge of the facts stated in this declaration, and if called upon to do so, could and would competently testify thereto.

2. I was personally involved in the negotiations for a stipulated protective order in this matter. During the negotiations, Vizio insisted on an unusually stringent protocol for the production of source code. It was Sony's understanding that Vizio insisted on a strict protocol because it had source code to produce. To Sony's surprise, at a June 22, 2009 Local Rule 37 meet and confer, Vizio stated "We don't have any source code."

3. I have personally reviewed Vizio's discovery responses. In response to Sony's interrogatory requesting information on which accused products contain which features, Vizio has responded pursuant to Rule 33(d), citing to its user manuals and the limited number of service manuals it has produced. Vizio has refused to provide a narrative response notwithstanding Judge Olguin's order in *Sony v. Westinghouse*, 2:08-cv-03934-RGK-FMO, that the defendant in that case, a matter which concerned the exact same patents as this matter, was obligated to answer such an interrogatory by means of a narrative response.

4. I have personally reviewed Vizio's discovery responses. In response to Sony's interrogatory requesting information on which accused products conform with which industry standards, Vizio has responded pursuant to Rule 33(d), citing to its user manuals and the limited number of service manuals it has produced.

5. Attached hereto as Exhibit A is a true and correct copy of a July 23, 2009 letter from Peter Klivans to Ryan McCrum.

6. Attached hereto as Exhibit B is a true and correct copy of a July 29, 2009 letter from Ryan McCrum to Peter Klivans.

7. I attended the parties' July 23, 2009 Local Rule 37 meet and confer. Vizio stated that it would consider locating technical documents and source code in the possession of its main supplier, AmTRAN Technology Co., Ltd., provided that Sony provided it with case law suggesting Vizio has such an obligation. After Sony provided the case law on July 23, 2009, Vizio responded on July 29, 2009 that it was not convinced that it had to search for documents in AmTRAN's physical possession.

8. Attached hereto as Exhibit C is a true and correct copy of a June 19, 2009 letter from Steven Corr to Todd Kennedy.

9. Attached hereto as Exhibit D is a true and correct copy of a July 13, 2009 letter from Steven Corr to Todd Kennedy.

10. I have personally reviewed Vizio's production of documents. Vizio has produced to Sony user manuals, a limited number of service manuals for the accused products, and a large number of documents that are arguably technical in nature but include few, if any, chip specifications, datasheets, schematics, or source code for the accused products.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

DATED: August, 17, 2009

QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

By_____
Peter A. Klivans
Attorneys for Plaintiff SONY CORPORATION