

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190

TELEPHONE: (216) 586-3939 • FACSIMILE: (216) 579-0212

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

July 29, 2009

VIA EMAIL

Peter Klivans, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re: *Sony Corporation v. Vizio Inc.*

Dear Peter:

I write in response to your letter dated July 23, 2009 (which I received July 24, 2009).

We have reviewed the cases cited in that letter, and are not convinced that Vizio is obligated to produce documents from a third-party, Taiwanese company that is not a party to this lawsuit. You only cited one case from the Central District of California, and none from the 9th Circuit.

The case that you cited from the Central District of California was not about producing third-party documents; it was about relevancy objections. *Duran v. Cisco Systems, Inc.*, ---F. Supp. 2d ---, No. CV 08-3337-CAS(RCx), 2009 WL 2043516, at *3 (C.D. Cal. July 1, 2009) ("[D]efendant discusses only one objection in the Joint Stipulation, *i.e.,* relevancy. Thus, the Court finds defendant has waived those objections not addressed in the Joint Stipulation.") None of the other cases you cited are controlling or even support the argument that Vizio must obtain documents from AmTRAN Technologies in Taiwan, as they involved different fact patterns and different relationships between the named party and third party. In fact, in some cases, the party from whom documents were being sought was not even a third party.

There are a number of other cases with fact patterns closer to those present here that support Vizio's position that it is not obligated to seek and produce documents from a third-party, Taiwanese company. For example, Vizio directs Sony to the following cases:

- *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (union did not control records of local union branch since union constitution did not give it right to obtain records on demand)

- *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999) (domestic subsidiary did not have legal authority to obtain foreign parent's documents and district court properly denied motion to compel on that basis)

- *Tessera, Inc. v. Micron Tech., Inc., No*. C06-80024MISC-JW(PVT., 2006 WL 733498, at *6 (N.D. Cal. Mar. 22, 2006) (denying motion to compel domestic subsidiary to produce documents of foreign parent to the extent it sought information not already in domestic subsidiary's possession)

- *Micron Tech., Inc. v. Tessera, Inc.,* No. C06-80096 MISC.JW (HRL), 2006 WL 1646133, at *2 (N.D. Cal. June. 14, 2006) (denying motion to compel production where companies were closely related companies with some management in common, where requesting party failed to prove producing party had legal right to demand documents from non-party)

- *Miniace v. Pacific Maritime Ass'n*, No. C 04-3506-SI, 2006 WL 335389, at *2 (N.D. Cal. Feb. 13, 2006) (denying motion to compel production of documents in possession of former directors of party, where party seeking production failed to establish the degree of control exercised by party over former directors)

We ask that you review these cases and let us know if you still believe that Vizio is obligated to produce documents from AmTRAN Technologies.

Very truly yours,

/s/ *Ryan B. McCrum*

Ryan B. McCrum