Kevin G. McBride (Ca. Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (Ca. Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

James L. Wamsley III
(*admitted pro hac vice*)
jlwamsleyiii@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Attorneys for Vizio, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>        Plaintiff,<br><br>   v.<br><br>VIZIO, INC.,<br><br>        Defendant. | Case No. CV-08-01135-RGK(FMOx)<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION REGARDING VIZIO, INC.'S MOTION TO COMPEL EXPERT REPORTS AND DEPOSITIONS, AND TO COMPEL DEPOSITIONS OF SONY WITNESSES IN THE UNITED STATES**<br><br>**MAGISTRATE JUDGE: HON. FERNANDO M. OLGUIN**<br><br>**HEARING:** 10:00 A.M. ON SEPTEMBER 2, 2009, AT 312 NORTH SPRING STREET, LOS ANGELES, CALIFORNIA<br><br>**DISCOVERY CUT-OFF DATE:** NOVEMBER 1, 2009<br><br>**PRETRIAL CONFERENCE DATE:** JANUARY 10, 2010<br><br>**TRIAL DATE:** JANUARY 26, 2010 |

# I. **INTRODUCTION**

Sony filed suit in this District for infringement of its patents and then persuaded the New Jersey court to transfer Vizio's action on those patents here, arguing that this forum was more convenient for its witnesses, most of whom reside in Japan. As a result, Sony is estopped from now arguing that it is <u>in</u>convenient to bring witnesses here for depositions. Neither has Sony offered any evidence of good cause for not producing its Japanese witnesses here, nor sought a protective order. Accordingly, with respect to the matter of deposition locations, the Court should order as follows:

A. Sony must bring its Rule 30(b)(6) deponents to the Central District for their depositions. Despite arguing against this previously, it appears that Sony no longer debates this point;

B. Sony must also bring at least the lead inventor of each asserted patent to the Central District to serve as a Rule 30(b)(6) deponent on the patent issues of inventorship, conception and reduction to practice. As Sony admits, no other witnesses are capable of providing this crucial testimony; and

C. Consistent with its successful argument in the New Jersey court that it would be more convenient to litigate this case in the Central District, Sony must bring its Rule 30(b)(1) deponents who reside in Japan to the Central District for their depositions.

Nor should Sony be heard to complain about Vizio's compliance with the Local Rules. Both sides have staked out their positions on this dispute for quite some time: the parties have held meet and confers, exchanged correspondence and the issue was raised in the Joint Rule 26(f) Report. Sony has steadfastly refused to produce any Japanese witnesses here during these months. Only when confronted with the Court's intervention has Sony changed its tune and offered an eleventh-hour measure that falls well short of its obligations.

With respect to expert discovery, because Sony has asserted ten patents

- 1 -

covering disparate areas of television technology, the parties would benefit from an orderly exchange of expert reports and the opportunity for expert depositions to prepare for trial. Relying only on the exchange of narrative summaries at the pre-trial hearing will lead to surprise, wasted examination and confusion at trial. Expert reports should instead be prepared and exchanged on the schedule set forth in Vizio's proposed order.

## II.  ARGUMENT

### A.  THE COURT SHOULD GRANT VIZIO'S MOTION CONCERNING DEPOSITIONS IN THE UNITED STATES

#### 1.  Sony Must Produce At Least The Lead Inventors In The U.S. For Sony's 30(b)(6) Deposition

Sony now concedes that it will produce its 30(b)(6) witnesses for deposition in the U.S. With respect to the Rule 30(b)(6) topics of inventorship, conception, and reduction to practice, this concession is a hollow one because Sony refuses to produce its knowledgeable witnesses (*i.e.*, the inventors, most of whom reside in Japan) here.

Vizio is entitled to depose the individuals most knowledgeable regarding inventorship, conception and reduction to practice of the alleged inventions of the asserted patents. *See Dey L.P. v. Eon Labs., Inc.*, No. SACV 04-00243 CJC (FMOx), 2005 WL 3578120, at *6 (C.D. Cal. Dec. 22, 2005) (finding unreasonable patentee's failure to provide its 30(b)(6) witness, a named inventor, with information regarding inventorship or, alternatively, to designate additional 30(b)(6) witness with sufficient knowledge). These are crucial issues in every patent infringement case. Sony's inventors are unquestionably the most knowledgeable on these topics. *See, e.g., id.*; *Teleshuttle Techs. LLC v. Microsoft Corp.*, No. C04-02927 JW(HRL), 2005 WL 3259992, at *1 (N.D. Cal. Nov. 29, 2005); *Mosaid Techs. Inc. v. Samsung Elecs. Co., Ltd.*, 362 F. Supp. 2d 526, 539 (D.N.J. 2005).

Indeed, Sony has admitted in correspondence that only the inventors can

2

provide adequate testimony for 30(b)(6) topics regarding the asserted patents, including inventorship, conception and reduction to practice:

> Vizio cannot expect a Sony attorney to marshal all of the facts of this case from witnesses abroad, question each of the inventors, marketing personnel, patent prosecution attorneys, *etc.*, collect and synthesize all of the information in their possession; then, in turn, feed it back to Vizio in the U.S. in response to deposition questions.

(Joint Stip. Exh. 8 at 4.) Having conceded that the task is impossible, Sony cannot now insist that Vizio accept its proposal to have some other witness testify regarding the asserted patents on issues such as inventorship, conception and reduction to practice. Sony should produce its inventors because they are the witnesses who have the relevant information, thereby reducing the chance that time will be wasted when other 30(b)(6) witnesses have to be produced later who can answer Vizio's questions on these topics. *See Dey*, 2005 WL 3578120, at *6.

### 2. Sony's Other Fact Witnesses Must Appear Here Because It Filed Here And Successfully Argued For Transfer Here

Sony erroneously argues that "[t]he presumption is that a deponent will be deposed at his residence." (Joint Stip. at 24.) That is <u>not</u> the case for plaintiffs' witnesses, *HTC Corp. v. Tech. Props.*, No. C08-00882 JF (HRL) 2008 WL 5244905, at *2 (N.D. Cal. Dec. 16, 2008), and Sony admitted as much when it acknowledged that the plaintiff bears the burden to show good cause why its witnesses should not appear for deposition in its chosen venue. (Joint Stip. at 25.)

Although Sony acknowledges its burden,[1] it does not make the showing that

---

[1] Contrary to Sony's recount, the *HTC* court certainly did "issue an open-ended, blanket order requiring all foreign witnesses to appear in the United States." (Joint Stip. at 25.) All depositions of the Taiwanese plaintiff's witnesses—corporate and individual alike—were to take place in the U.S., "without prejudice to any party's ability to move for an exception for any individual deposition . . . ." 2008 WL 5244905, at *2. Nor does *Cadent Ltd. v. 3M UniTek Corp.*, 232 F.R.D. 625 (C.D. Cal. 2005) support Sony's position that depositions should take place in Japan—in fact, *Cadent* held Israeli witnesses should be deposed in this District. And, Sony also acknowledges that *United States v. Rock Springs Vista Dev.*, 185 F.R.D. 603, 604 (D. Nev. 1999), places the burden on "plaintiff [to] show good cause for not being required to come to the district where the action is pending."

courts require of plaintiffs in these instances. Sony does not explain any "individual circumstance" for any of its witnesses and has made no effort to move for a protective order or to show good cause why its witnesses should not appear in this District, other than vague notions of "cost and inconvenience to those witnesses and to Sony." (Joint Stip. at 26-28.) Those arguments must fail because Sony not only chose this venue, but convinced the New Jersey court to grant its transfer motion on convenience grounds. *HTC*, 2008 WL 5244905, at *2 ("[W]here plaintiffs not only chose this forum, but fought for it because it was more convenient for its [sic] witnesses to travel to [from Taiwan], the court gives little weight to plaintiffs' complaints that the forum is inconvenient and costly.") Indeed, Sony is estopped from arguing that this is not a convenient forum for its Japanese witnesses. *See Ins. Co. of N. Am. v. Ozean/Stinnes-Linien*, 367 F.2d 224, 227 (5th Cir. 1966).

### 3. Sony's Claims Of A Failure To Meet And Confer Are Unfounded

Sony does not dispute that the parties discussed depositions of Sony witnesses in the U.S. in February and March 2009, prior to filing the parties' Joint Rule 26(f) Report, which framed the dispute. (Joint Stip. at 11-12.) Nor does Sony dispute that the parties have exchanged numerous letters regarding this issue. (*Id.*) Sony admitted that the parties had a meet and confer about this issue. (*Id.* at 12.) In short, Sony has been well aware of Vizio's position for some time, and Sony has refused at every turn to produce its witnesses for deposition in the U.S.

Sony's last letter to Vizio on this issue conclusively established that the parties are at an impasse. On July 29, 2009, Sony wrote that its position was "crystal clear" and had been for four months. (Joint Stip. Exh. 8 at 1.) Sony insisted Vizio was "oblig[ed] to take the steps necessary to arrange the depositions of witnesses who reside in Japan." (*Id.* at 2.) Sony further argued that Vizio "may

4

1    not now unilaterally require the depositions to take place in the United States."

2    (*Id.*)

3        Sony's attempts to argue a failure to meet and confer are simply an after-the-

4    fact effort to avoid or delay the Court's intervention in this dispute, which has been

5    deadlocked since February 2009. The Court should reject them.

6    **B.    THE COURT SHOULD GRANT VIZIO'S MOTION**

7    **CONCERNING EXPERT REPORTS AND DEPOSITIONS**

8        Sony's position—that the Court adopted Sony's proposal for expert

9    discovery and rejected Vizio's—has no basis in the record. Sony confused the

10   Court's standard final pre-trial expert provisions in its April 6, 2009 Order as

11   reflecting the Court's final position on the disputed issue of expert reports and

12   discovery. (Joint Stip. at 16-17.)[2] The Court did not adopt either party's proposal

13   on this issue. The Court expected "the attorneys on both sides to be able to resolve

14   [disputed issues in the Joint Rule 26(f) Report] as much as [they] can by

15   [them]selves." (Supp. Exh. 1, at 10:13-15; Supp. Corr. Decl. ¶5.) The Court

16   advised: "Anything you can't agree on, bring to me by way of written motion."

17   (*Id.* at 10:18-20.) That is what Vizio did. Other than argue that the issue has

18   already been decided, Sony does not dispute that Vizio's proposed schedule will

19   facilitate a more efficient and less confusing trial on the ten asserted patents.

20   **III.    CONCLUSION**

21       For all of the foregoing reasons, the Court should grant Vizio's motion.

22

23

24

25       [2] The cases Sony cited involved far fewer than the ten asserted patents in this
26   case. *See Arko Dev. Ltd. v. Little Kids, Inc.*, No. 2:08-cv-04048-RGK-AGR, Dkt.
     #1 (C.D. Cal.) (three patents); *Barracuda Networks Inc. v. Trend Micro Inc.*, No.
27   2:08-cv-04369-RGK-CW, Dkt. #1 (C.D. Cal.) (same); *KYE Sys. Am. Corp. v.
     RadioShack Corp.*, No. 2:08-cv-05579-RGK-FFM, Dkt. #1 (C.D. Cal.) (one). *Katz*
28   *Interactive*, in which the Court ordered expert discovery similar to what Vizio
     requested, is more comparable to this case, given the number of asserted patents.

Dated: August 19, 2009

JONES DAY

By: /s/ Steven J. Corr
Steven J. Corr

Attorneys for Defendant Vizio, Inc.

# PROOF OF SERVICE

I, Maria Castellanos, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On August 19, 2009, I served a copy of the within document(s):

- **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF JOINT STIPULATION REGARDING VIZIO, INC.'S MOTION TO COMPEL EXPERT REPORTS AND DEPOSITIONS, AND TO COMPEL DEPOSITIONS OF SONY WITNESSES IN THE UNITED STATES**

- **SUPPLEMENTAL DECLARATION OF STEVEN J. CORR IN SUPPORT OF JOINT STIPULATION REGARDING VIZIO, INC.'S MOTION TO COMPEL EXPERT REPORTS AND DEPOSITIONS, AND TO COMPEL DEPOSITIONS OF SONY WITNESSES IN THE UNITED STATES**

by transmitting via e-mail or electronic transmission the document(s) listed above.

I am familiar with the United States District Court, Central District of California, Western Division's practice for collecting and processing electronic filings. Under that practice, documents are electronically filed with the court. The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case. The NEF will constitute service of the document. Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities. Under said practice, the following CM/ECF users were served:

Kevin P.B. Johnson, Esq.
Quinn Emanuel Urquhart Oliver & Hedges
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

kevinjohnson@quinnemanuel.com

Steven M. Anderson, Esq.
Rory S. Miller, Esq.
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

stevenanderson@quinnemanuel.com
rorymiller@quinnemanuel.com

1     On August 19, 2009, I also served a courtesy copy, pursuant to the agreement

2   between the parties, by e-mail to opposing counsel at:

3                  sony-vizio@quinnemanuel.com

4     I declare that I am employed in the office of a member of the bar of this court

5   at whose direction the service was made.

6     Executed on August 19, 2009, at Irvine, California.

7

8                        Maria Castellanos