Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VIZIO INC.,<br><br>　　　　Defendant. | CASE NO. CV 08-01135-RGK (FMOx)<br><br>**REQUEST FOR ORAL ARGUMENT**<br><br>**Magistrate Judge: Hon. Fernando M. Olguin**<br><br>**Hearing: 10:00 A.M. on September 2, 2009, at 312 North Spring Street, Los Angeles, California**<br><br>**DISCOVERY CUT-OFF DATE: NOVEMBER 1, 2009**<br><br>**PRETRIAL CONFERENCE DATE: JANUARY 10, 2010**<br><br>**TRIAL DATE: JANUARY 26, 2010** |

02347.51451/3063314.2

TO THE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Please take notice that Plaintiff Sony Corporation ("Sony") hereby respectfully requests and moves the Court to grant oral argument on Sony and Vizio Inc.'s ("Vizio") Joint Stipulation Regarding Vizio, Inc.'s Motion to Compel Expert Reports and Depositions, and to Compel Depositions of Sony Witnesses in the United States.

Sony respectfully submits that oral argument would be beneficial to the Court in ruling upon this motion because Vizio's Supplemental Memorandum contains several misstatements and new arguments, and Sony will not have an opportunity to rebut these new assertions in the absence of oral argument.

- Vizio contends Sony no longer debates that it must bring its Rule 30(b)(6) deponents to the Central District when, in fact, Sony has agreed to make its 30(b)(6) designees available in the United States where they reside.

- Vizio now requests that Sony be ordered to produce the "lead inventor" of each patent for deposition in the United States as a 30(b)(6) witness, even though it did not request such relief, let alone provide support for it, in the Joint Stipulation. Moreover, Sony does not know what Vizio means by lead inventor in this context.

- Vizio erroneously contends Sony admits the parties met and conferred pursuant to Local Rule 37-1 on the issue of locations for the depositions.

- Vizio faults Sony for not moving for a protective order when the parties have barely begun the meet and confer process for such a motion. Vizio itself on August 12, 2009—the same day it filed this motion—requested the parties meet and confer to discuss deposition scheduling on August 19th or 20th. After Sony agreed to meet on August 20th, Vizio said it was no longer available on that date.

Finally, Sony wishes to advise the Court that yesterday evening, Sony was able to reserve rooms for depositions at the United States Embassy in Osaka, Japan for the following dates: September 8-20, 22-30, and October 1 and 2, 2009. Sony has confirmed that four of the nine Japan-based inventors are available for

02347.51451/3063314.2

deposition in Osaka during this period and Sony is presently investigating the availability of the other Japan-based inventors for deposition at that time.

      WHEREFORE, Sony respectfully requests and moves that the Court set oral argument upon the above-referenced motion.

DATED: August 21, 2009

Respectfully submitted,

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/
    Kevin P.B. Johnson
    Attorneys for Sony Corporation