1  Kevin G. McBride (Ca. Bar No. 195866)
   kgmcbride@jonesday.com
2  Steven J. Corr (Ca. Bar No. 216243)
   sjcorr@jonesday.com
3  JONES DAY
   555 S. Flower Street, 50th Floor
4  Los Angeles, CA 90071
   Telephone:  (213) 489-3939
5  Facsimile:   (213) 243-2539

6  James L. Wamsley III
   (*admitted pro hac vice*)
7  jlwamsleyiii@jonesday.com
   JONES DAY
8  901 Lakeside Avenue
   Cleveland, OH  44114-1190
9  Telephone:  (216) 586-3939
   Facsimile:   (216) 579-0212

10
   Attorneys for Vizio, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>VIZIO, INC.,<br><br>　　　　Defendant. | Case No. CV-08-01135-RGK(FMOx)<br><br>**REPLY MEMORANDUM IN SUPPORT OF VIZIO, INC.'S MOTION TO LIMIT CLAIMS**<br><br>**THE HONORABLE R. GARY KLAUSNER**<br><br>**HEARING:** 9:00 A.M. ON AUGUST 31, 2009 |

## I. INTRODUCTION

Far from supporting its position, Sony's Opposition demonstrates why Vizio's Motion to Limit Claims was filed and should be granted. Within just **one week** after Vizio filed its Motion, Sony was able to cut the number of asserted claims by nearly one-half. Sony's action in so quickly cutting the asserted claims belies its argument that it cannot now further reduce the number of claims without additional discovery. Sixty asserted claims are still far too many, and Sony can and should cut back to no more than thirty, as Vizio's Motion requests. For some patents, Sony dropped only a single claim from the list of asserted claims. For two other patents, Sony dropped no claims in one case and actually is attempting to add a claim in the other. As explained below, Sony's list of asserted claims includes many overlapping and duplicative claims that can and should be eliminated promptly from this case.

Nor should the Court accept Sony's attempt to blame Vizio for Sony's own failure to pursue discovery. Sony needlessly served draft Joint Stipulations regarding two proposed motions to compel the same day as it filed its Opposition to Vizio's Motion, even though the parties were not at an impasse regarding the discovery in question. Contrary to Sony's claim, the fact is that Vizio has not withheld the information and technical documentation within its possession, custody or control. Nor has Vizio refused to provide the discovery that Sony so belatedly insists that it now needs. In fact, Vizio has agreed to provide documents obtained from its supplier AmTRAN Technology Co., Ltd. ("AmTRAN") and to supplement its interrogatory responses in a timely fashion. (Supp. Exh. 1.) Given that fact, Sony should be ordered to further cut the number of asserted claims in half to no more than 30 claims by September 29, 2009.

The bottom line is that the only way to ensure that Sony will reduce the number of asserted claims to a manageable number such as 30 claims or fewer is if the Court orders Sony to do it. Otherwise, Sony will continue in its attempts to

burden Vizio and the Court with needless work in claim constructions, summary judgment and expert analysis. Accordingly, Vizio requests that the Court issue an order requiring Sony to reduce the number of asserted claims to no more than 30 claims by no later than September 29, 2009.

## II. ARGUMENT

### A. Vizio Has Not Withheld Technical Documents In Its Possession, Custody Or Control

As Sony knows, Vizio does not manufacture the accused products, but rather sells televisions that are manufactured by third parties. To the extent that Vizio has any technical documents in its possession, custody and/or control, it is not withholding them. Vizio has substantially completed its production of such documents, and Sony does not argue otherwise. Rather, Sony devotes the bulk of its opposition to discussing the subject matter of two just-served draft Joint Stipulations on motions to compel, *i.e.*, alleged discovery deficiencies regarding: (1) production of documents in the possession of third parties, privilege logs concerning communications with third parties withheld on grounds of joint or common interest privilege and requests for documents from third party suppliers; and (2) supplementation of certain interrogatory responses.

Vizio was surprised to receive the stipulations because the parties were not at an impasse on these issues. However, as Vizio has already advised Sony, it is willing to supplement its responses to the discovery requests complained of by Sony, and has promised to deliver the supplemental responses and documents by no later than September 15, 2009. (Supp. Exh. 1.) Specifically, Vizio has agreed: (1) to provide a narrative response to Interrogatory No. 11, including a chart with information regarding the features identified in that Interrogatory; (2) to supplement its response to Interrogatory No. 14 based on information it is able to obtain from AmTRAN, a third party supplier; (3) to request information and documents from AmTRAN; (4) to produce a privilege log for pre-litigation communications of

1 | Vizio's communications with third parties like AmTRAN; and (5) to ask other third
2 | party suppliers to cooperate with Sony regarding any of Sony's potential requests
3 | for technical documents. (*Id.*)

Although at the time of this filing Sony has refused to withdraw its Joint Stipulations in violation of this Court's rules, Vizio has obviated these discovery disputes.

### B. Sony Can And Should Limit The Claims To 30 (Or Fewer)

Though Sony protests that it needs information and a chance to inspect the accused products before reducing the asserted claims further, Sony offers no reason why it cannot reduce the number of asserted claims to 30 claims (or fewer).[1] Sony in reality has no such reason, as evidenced by the fact that it was able to drop nearly half of the originally asserted claims on August 17, 2009, **before** it received the discovery that Vizio has agreed to provide. Sony concedes that it already had sufficient information to substantially reduce the number of asserted claims. (Opp. at 7 ("[F]or some of the patents-in-suit, it was relatively straightforward for Sony to apply the information it has acquired over the course of this case to refine the number of asserted claims to two, three, or four claims.").) But Sony fails to explain why further reduction is not possible, either immediately or in the near future.

Sony can and should eliminate more asserted claims to get down to no more than 30, because the current list of asserted claims contains far too many that are duplicative or overlapping. For example, Sony's proposed reduction eliminated only one claim from each of U.S. Patent No. 5,731,847 (the "'847 patent") and U.S. Patent Reissue No. 40,468 (the "'468 patent"). Specifically, Sony now asserts claims 11, 12, 16, 27, 28, 33-35, 37 and 39-41 of the '847 patent, (Opp. at 6), dropping only dependent claim 38 from its allegations, (*see* Supp. Exh. 2 at 3).

---

[1] Vizio never opposed a global limit on the number of asserted claims, which would serve the purpose of simplifying the disputed issues in this case. (*See* Mot. at 7.)

Among the still-asserted claims of the '847 patent are three independent claims (claims 11, 27 and 33) and nine dependent claims (claims 12, 16, 28, 34-35, 37 and 39-41). This reduction has not meaningfully reduced the burden on the Court. At a minimum, the Court must still construe the same three independent claims of the '847 patent. In any event, reducing the number of asserted dependent claims of the '847 from 10 to 9 does not significantly reduce the amount of work involved in construing the claims of the '847 patent.

With respect to the '468 patent, Sony dropped only claim 45, (*see* Opp. at 7), but continues to assert claims 41-44, (*see id.*). Claim 45 falls within the scope of other asserted claims because it is a multiply-dependent claim that depends from asserted claim 43 (which in turn depends from asserted independent claim 41). Under the doctrine of claim differentiation, independent claim 41 encompasses the scope of dependent claim 43 (which in turn encompasses the scope of multiply-dependent claim 45). *See, e.g.*, *AK Steel Corp. v. Sollac*, 344 F.3d 1234, 1242 (Fed. Cir. 2003) (independent claims "must also encompass" limitations recited in claims depending therefrom). As a result, Sony loses nothing by dropping claim 45, as both dependent claim 43 and independent claim 41 cover the same subject matter. Sony would similarly lose nothing by dropping multiply-dependent claim 44, which it still asserts, because claim 44 also depends from dependent claim 43 (and, in turn, from independent claim 41). Sony continues to assert other multiply-dependent claims of other patents-in-suit as well, including claims 22 and 30 of U.S. Patent No. 5,434,626; claim 45 of U.S. Patent Reissue No. 38,055; and claims 5, 12 and 14 of U.S. Patent No. 6,661,472.

Also, substantial overlap among the asserted claims remains even after Sony's reduction. For example, Sony has failed to eliminate **any** of the four asserted claims from U.S. Patent No. 6,111,614 (the "'614 patent"), (*see* Opp. at 6), even though Vizio showed—and Sony does not dispute—that there is substantial overlap in the asserted '614 patent claims, as evidenced by substantial overlap in

Sony's alleged infringement proofs for that patent, (*see* Mot. at 4:8-22). Sony should either reduce the number of overlapping claims or at least be required to explain why it should be allowed to continue to assert claims that substantially overlap. (*See* Mot. at 3:1-10 (discussing *In re Katz Interactive Call Processing Patent Litig.*, No. 2:07-ml-01816-RGK-FFM, slip op. at 4 (C.D. Cal. Aug. 31, 2007) (Klausner, J.)).)

Finally, with respect to one of the patents-in-suit, Sony has actually asserted a new claim for the first time—claim 8 of U.S. Patent No. 5,684,542 (the "'542 patent"). Until August 17, 2009, Sony had asserted infringement of only independent claims 6 and 11 of the '542 patent. (*See* Supp. Exh. 2 at 3.) For the first time in its Opposition, Sony also seeks to assert independent claim 8 of the '542 patent, in addition to claims 6 and 11. (*See* Opp. at 6.) Sony does not even mention this attempted addition of a claim in its Opposition, leaving it to Vizio to uncover it. Adding claims at this stage in the proceedings is improper and would frustrate the purpose of streamlining the case by instead **increasing** the burden on the Court.

In short, the action taken by Sony in its Opposition to reduce the asserted claims was (for the most part) a step in the right direction, but Sony did not go far enough. There is no reason why Sony cannot reduce the number of asserted claims even further to no more than 30 claims, if not now, then at least by September 29, 2009, after it has had time to review the supplemental discovery it claims to need.

### C. The Court Should Limit Sony To A Manageable Number Of Asserted Claims, Not Exceeding 30 Claims

The Court must intervene because it is abundantly clear that Sony will respond only to Court orders and Court-imposed deadlines. Indeed, Vizio's requests that Sony reduce the number of asserted claims fell on deaf ears until Vizio filed its Motion. (*See* Opp. at 3-4.) An order is the only way to ensure that Sony reduces the number of asserted claims to a manageable level, such as 30 claims, on

a defined timeframe. *Fenster Family Patent Holdings, Inc. v. Siemens Med. Solutions USA, Inc.*, No. 04-0038 JJF, 2005 WL 2304190, at *3 (D. Del. Sept. 20, 2005).

Sony's reduction of claims to 60 (or 50) does not solve the root problem because that number of asserted claims is still too high and is unmanageable for the Court, Vizio and the jury. The Court will be called upon to deal with voluminous summary judgment briefing and issue a summary judgment decision in the short amount of time before the jury trial begins on January 26, 2010. Standing alone, this is a time-consuming and burdensome task as seen by the voluminous orders issued by this Court on far fewer than 30 claims. *See, e.g.*, *Verizon Cal. Inc. v. Ronald A. Katz Tech. Licensing, L.P.*, 326 F. Supp. 2d 1060 (C.D. Cal. 2003) (48 page decision construing 75 disputed claim limitations of 16 asserted claims); *see also Katz v. AT&T Corp.*, 63 F. Supp. 2d 583 (E.D. Pa. 1999) (104 page decision construing 20 asserted claims). Thus, even Vizio's proposed limit of 30 claims presents a substantial challenge for all involved; however, reducing the asserted claims to 30 claims would go far to simplify the disputed issues in this case.

Contrary to Sony's claims, the fact that there is no separate *Markman* hearing in this case weighs in favor of reducing the number of asserted claims, not against it. Reducing the number of claims will reduce the burden imposed on the Court in claim construction and in summary judgment proceedings related to the major claims and defenses including infringement and invalidity. Reducing the number of claims will allow the Court and the parties to prepare for trial in an efficient and orderly manner within the framework of the Court's schedule.

**III. CONCLUSION**

The Court should grant Vizio's Motion and issue an order requiring Sony to reduce the number of asserted claims to a maximum of 3 claims per patent (or up to 30 claims in total), by no later than September 29, 2009.

Dated: August 24, 2009

JONES DAY

By: /s/ Steven J. Corr
Steven J. Corr

Attorneys for Defendant Vizio, Inc.

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Beth A. Marchese, declare: |
| 3 | I am a citizen of the United States and employed in Los Angeles County, |
| 4 | California. I am over the age of eighteen years and not a party to the within-entitled |
| 5 | action. My business address is 555 South Flower Street, 50th Floor, Los Angeles, |
| 6 | California 90071. On August 24, 2009, I served a copy of the within document(s): |
| 7 | **REPLY MEMORANDUM IN SUPPORT OF VIZIO, INC.'S MOTION TO LIMIT CLAIMS** |
| 8 | by transmitting via e-mail or electronic transmission the document(s) listed above. |
| 9 | I am familiar with the United States District Court, Central District of |
| 10 | California's practice for collecting and processing electronic filings. Under that |
| 11 | practice, documents are electronically filed with the court. The court's CM/ECF |
| 12 | system will generate a Notice of Electronic Filing (NEF) to the filing party, the |
| 13 | assigned judge, and any registered users in the case. The NEF will constitute |
| 14 | service of the document. Registration as a CM/ECF user constitutes consent to |
| 15 | electronic service through the court's transmission facilities. Under said practice, |
| 16 | the following CM/ECF users were served: |

Kevin P.B. Johnson, Esq.　　　　　　　　kevinjohnson@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

Steven M. Anderson, Esq.　　　　　　　stevenanderson@quinnemanuel.com
Rory S. Miller, Esq.　　　　　　　　　　rorymiller@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

On August 24, 2009, I also served a courtesy copy, pursuant to the agreement between the parties, by e-mail to opposing counsel at:

sony-vizio@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

**Proof of Service**
**Case No. CV-08-01135-RGK(FMOx)**

1

1 | Executed on August 24, 2009, at Los Angeles, California.
2 |
3 | _____
4 | */s/ Beth A. Marchese*
  | Beth A. Marchese

**Proof of Service**
**Case No. CV-08-01135-RGK(FMOx)**

2