# SUPPLEMENTAL EXHIBIT 2

April 29, 2009

<u>VIA E-MAIL, U.S. MAIL, AND FACSIMILE</u>

James L. Wamsley III, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
fax: 216-579-0212


Re:     <u>Sony Corporation v. Vizio, Inc.</u>

Dear Jim:

Pursuant to Local Rule 37-1, I write regarding various deficiencies in Vizio's discovery responses.

As an initial matter, Vizio failed to produce any documents along with its responses on the ground that a protective order has not been entered in this case. This is improper. At the very least, Vizio should have produced responsive non-confidential documents with its initial responses and produced its confidential documents on an Outside Attorneys' Eyes Only basis pending entry of a Protective Order.

In response to Sony's Request for Production Nos. 13, 14, 17-26, 43-46, 48-54, 67-81, 83-85, 91-92, 101-104, 110, 124, and 127-28, Vizio states that it will produce documents "only after . . . Vizio has received the consent of any third parties to produce any documents containing confidential information of said third parties." Vizio is not entitled to withhold nonprivileged documents from production on the basis that a third party might regard those documents as confidential. <u>See In re Bankers Trust Co.</u>, 61 F.3d 465, 469 (6th Cir. 1995) (documents in possession of responding party are discoverable regardless of third-party ownership); 8A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 2210 (2d ed. 2009) ("A party

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

Supp. Exh. 2 Page 8

may be required to produce documents and things that it possesses even though they belong to a third person who is not a party to the action."). Rather, Vizio is required to produce all nonprivileged, responsive documents in its possession, custody, or control. See Fed. R. Civ. P. 36(a). Moreover, Vizio has not even attempted to describe why it believes the withheld information is "confidential," nor has Vizio provided Sony with a log of the withheld information. Vizio also fails to state whether it has requested permission from any third parties to produce the requested documents and things.

Sony's Request for Production No. 1 requires Vizio to provide a fully operational exemplar of each of the Vizio Products. Vizio neither objected to this request nor confirmed that it will make any of the accused Vizio Products available for Sony's inspection. Rather, Vizio responded that it "is willing to meet and confer with Plaintiff." Sony accepts Vizio's offer to meet and confer regarding this request. In particular, the parties need to confer regarding the dates, location, and logistical details of the inspection. Sony expects that this inspection will take place within the next 60 days, and that that Vizio will permit Sony to bring its experts, a photographer, and a videographer to the inspection.

With respect to Sony's Request for Production Nos. 55-57, 64, 82, 106, 125, and 126, Vizio has not confirmed that it will produce any documents or things. Rather, Vizio merely objects to these requests. Vizio is required to produce all nonprivileged, responsive documents and things in its possession, custody, or control. See Fed. R. Civ. Pro. 36(a). Therefore, Vizio's responses to these requests are deficient.

Interrogatory No. 1 requires Vizio to identify each of the Vizio Products. The list of products that Vizio provided in response to this interrogatory is incomplete. For example, the list does not contain Vizio's VO22L FHDTV10A, which appears to be one of Vizio's best-selling products. In addition, the list does not identify any of the following products: VX20L HDTV1A, L32 HDTV, L42 HDTV, P42 ED, P42 HDTV, VP42 HDTV, VP50 HDTV, and VM60P HDTV10A. Vizio should immediately supplement its response to this interrogatory to identify all Vizio Products including, without limitation, those listed above.

Vizio's response to Sony's Interrogatory No. 2 is also inadequate. The Interrogatory requires Vizio to describe for each Vizio Product "how, when and by whom (including all entities involved) the Vizio Product was manufactured, sold, offered for sale, or distributed in, and/or imported into, the United States." Vizio's response is inadequate because Vizio has not provided *any* information regarding when the products were manufactured or distributed. In addition, despite the fact that publicly available information shows that AmTRAN Logistics, Inc. is directly involved in the importation and distribution of Vizio Products, Vizio has not even mentioned that company in its response. Vizio's response is also inadequate because it improperly invokes Federal Rule of Civil Procedure 33(d). Given the nature of Interrogatory No. 2, it is simply unimaginable that "the burden of deriving or ascertaining the answer will be substantially the same for either party." Fed. R. Civ. P. 33(d); see also Ropak Corp. v. Plastican, Inc., No. 04 C 5322, 2006 WL 1005406, at *5 (N.D. Ill. April 17, 2006) (the responding party has the "obligation of show[ing] that the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served"). This is especially true because the interrogatory seeks information about Vizio's own products. See Laserdynamics, Inc. v. Asus Computer Int'l, No. 2:06-CV-348, 2009 WL 153161, at *3 (E.D. Tex. Jan. 21, 2009) ("It is implausible for the defendants to contend that the plaintiff stands on

2

equal footing when it comes to determining how the defendants' own products operate."). Moreover, even if it were appropriate to rely on Rule 33(d), Vizio failed to identify the production numbers of the documents it is relying on as required by Rule 33(d). See Cambridge Elecs. Corp. v. MGA Elecs., Inc., 227 F.R.D. 313, 322 (C.D. Cal. 2004) ("A party that elects to avail itself of [Rule 33(d)], however, must specify where in the records the answers [can] be found."). Indeed, as of today, Vizio has failed to produce a single document to Sony.

Sony's Interrogatory No. 3 requires Vizio to "set forth in claim chart form the bases for Vizio's First Affirmative Defense that 'it does not infringe, induce infringement of, or contributorily infringe any properly construed, valid claim of . . . the patents-in-suit.'" Vizio responded that it will not answer this interrogatory until Sony has identified "the asserted claims and the products accused of infringing each of those claims." That response is inadequate because Vizio alleged in its Answer that it does not infringe "any" of the patents-in-suit. Nevertheless, in order to facilitate a proper response to Interrogatory No. 3, and without waiving Sony's right to revise its contentions as discovery continues, Sony presently contends that each and every Vizio Product infringes at least the following claims of the patents-in-suit:

- '626 patent:  claims 1, 3-4, 6-7, 9-10, 14, 17-24, and 29-33.
- '373 patent:  claims 1-13.
- '614 patent:  claims 1-4, and 6-7.
- '577 patent:  claims 13, 15, 19, 20, 27, and 28.
- '542 patent:  claims 6 and 11.
- '847 patent:  claims 11, 12, 16, 27, 28, 33, 34, 35, and 37-41.
- '055 patent:  claims 41-54 and 61-66.
- '468 patent:  claims 41-45.
- '182 patent:  claims 1-6.
- '472 patent:  claims 1-18.

Now that Sony has provided Vizio with the requested information, Sony expects that Vizio will supplement its response within 30 days of the date of this letter.

Interrogatory No. 7 requires Vizio to set forth its proposed constructions of any claim term that Vizio contends requires construction by the Court. Vizio has objected that the interrogatory is "premature, overbroad, and unduly burdensome" because Sony has not yet identified its asserted claims and the products accused of infringement. Now that Sony has provided Vizio with that information, Sony expects that Vizio will supplement its response within 30 days of the date of this letter.

Vizio's response to Interrogatory No. 8, which requires Vizio to identify sales information for its products, is inadequate because it does not provide *any* responsive information. Vizio's reliance on Rule 33(d) is improper, especially because the interrogatory seeks information about Vizio's own products. See Laserdynamics 2009 WL 153161, at *3 ("It is implausible for the defendants to contend that the plaintiff stands on equal footing when it comes to determining how the defendants' own products operate."). In addition, Vizio has failed to identify the production numbers of the responsive records as required by Rule 33(d). See Cambridge Elecs., 227 F.R.D.

at 322 ("A party that elects to avail itself of this option, however, must specify where in the records the answers [can] be found.") Indeed, as of today, Vizio has not produced any documents to Sony.

Interrogatory No. 10 requires Vizio to "[d]escribe when and how (including all persons involved) Vizio first became aware of each of the patents-in-suit." Vizio's response with respect to the '373, '472, and '468 patents is deficient because Vizio has not provided any information regarding how it first became aware of the patents and who was involved.

Interrogatory No. 11 requires Vizio to identify for each Vizio Product which of eleven features it incorporates. Vizio has not identified even a single product, and instead invokes Rule 33(d). Once again, Rule 33(d) is an improper way of responding to this interrogatory, which requests information regarding Vizio's own products. See Laserdynamics 2009 WL 153161, at *3; Cambridge Elecs., 227 F.R.D. at 322. In Sony v. Westinghouse, 2:08-cv-03934-RGK-FMO (C.D. Cal.), Sony propounded the same Interrogatory No. 11 against Westinghouse. After Westinghouse provided the same kind of deficient answer that Vizio has provided, Sony moved to compel. On February 11, 2009, Magistrate Judge Olguin found that Westinghouse's response was deficient and ordered Westinghouse to supplement its response. For your convenience, a copy of Judge Olguin's order is attached to this letter.

Interrogatory No. 12 requires Vizio to identify, for each of eleven technological features, its five most knowledgeable employees. Vizio has objected that identifying five individuals is "overly burdensome," and instead has identified only three employees, asserting that they are the three most knowledgeable employees regarding each of the eleven features. Sony expects Vizio to identify two additional witnesses, as required by the interrogatory. If Vizio does not do so, Sony will seek to preclude any unidentified witness from testifying or submitting a declaration regarding any of the eleven identified features.

Interrogatory No. 13 requires Vizio to identify the Video Processors and Graphics Processors used in each Vizio Product. Vizio has failed to identify even a single processor in its response. Vizio instead invokes Rule 33(d) without identifying any documents, which is not an appropriate response to the interrogatory. See Laserdynamics 2009 WL 153161, at *3; Cambridge Elecs., 227 F.R.D. at 322.

Interrogatory No. 14 requires Vizio to identify separately for each Vizio Product "all digital television standards (*e.g.*, standards relating to Closed Captioning such as EIA-708-B, CEA-708-B, and CEA-708-C, or standards relating to HDCP, such as 'High-Bandwidth Digital Content Protection System,' revision 1.3, issued by the Digital Content Protection LLC) with which that product complies or has complied (including the relevant time periods) and describe the manner in which each such standard is or has been implemented." Vizio's response is: "See Attachment A." Attachment A, however, does not provide the requested information. Among other things, Attachment A makes no mention of any of the relevant closed captioning or HDCP standards. In addition, there is no identification of the relevant time periods, nor any description of the manner in which any standard has been implemented. If Vizio's products do not comply with any digital television standards, then Vizio's response to this interrogatory should so state. Otherwise, Vizio should provide a substantive response to this interrogatory and identify the specific standards with which its products comply.

4

Interrogatory No. 18 requires Vizio to "[i]dentify all industry or standards organizations in which Vizio has participated and for each describe the nature and timing of Vizio's participation." Vizio has not identified any organizations, once again pointing to Rule 33(d) without identifying the production numbers of any documents. Again, Vizio's reliance on Rule 33(d) is improper. See Laserdynamics 2009 WL 153161, at *3; Cambridge Elecs., 227 F.R.D. at 322.

Pursuant to Local Rule 37, Sony requests an in-person meet and confer regarding the above issues in order to determine whether a motion to compel is necessary. We are available for the meet and confer in our Los Angeles offices on May 8. Please let us know whether Westinghouse is also available then.

Best regards,

Todd Kennedy

5

1
2
3
4
5
6               **UNITED STATES DISTRICT COURT**
7                **CENTRAL DISTRICT OF CALIFORNIA**
8
9  SONY CORPORATION, a Japanese          )    Case No. CV 08-3934 RGK (FMOx)
   corporation,                          )
10                                        )
                  Plaintiff,             )
11                                        )
         v.                              )    **ORDER Re: DISCOVERY MOTION**
12                                        )
   WESTINGHOUSE DIGITAL                  )
13 ELECTRONICS, LLC, a California limited )
   liability company,                    )
14                                        )
                  Defendant.             )
15 _____)

16        The court has reviewed and considered all the briefing filed with respect to the parties'

17 "Joint Stipulation Regarding Sony Corporation's Motion to Compel a Further Response to Sony

18 Interrogatory No. 11" ("Joint Stip." or "Motion"), and concludes that oral argument is not necessary

19 to resolve this Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d

20 675, 684 n. 2 (9th Cir. 2001, as amended Mar. 27, 2001).

21                                **DISCUSSION**

22 I.      STANDARD OF REVIEW.

23        A party can discover any nonprivileged information which is relevant to the claims or

24 defenses of any other party. Fed. R. Civ. P. 26(b)(1). Relevant information does not have to be

25 admissible so long as it appears calculated to lead to the discovery of admissible evidence. Id.

26 "Relevanc[e] is broadly construed, and a request for discovery should be considered relevant if

27 there is any possibility that the information sought may be relevant to the claim or defense of any

28 party. A request for discovery should be allowed unless it is clear that the information sought can

1    have no possible bearing on the claim or defense of a party." <u>McCormick v. City of Lawrence</u>,

2    2005 WL 1606595, at *5 (D. Kan. 2005) (citations omitted); <u>see also</u> <u>Surfvivor Media, Inc. v.</u>

3    <u>Survivor Prods.</u>, 406 F.3d 625, 635 (9th Cir. 2005) ("Litigants may obtain discovery regarding any

4    matter, not privileged, that is relevant to the claim or defense of any party.  Relevant information

5    for purposes of discovery is information reasonably calculated to lead to the discovery of

6    admissible evidence.") (internal quotation marks and citations omitted).  "The party who resists

7    discovery has the burden to show discovery should not be allowed, and has the burden of

8    clarifying, explaining, and supporting its objections." <u>Keith H. v. Long Beach Unified Sch. Dist.</u>,

9    228 F.R.D. 652, 655-56 (C.D. Cal. 2005) (citation omitted); <u>see also</u> <u>Blankenship v. Hearst Corp.</u>,

10    519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules

11    defendants were required to carry a heavy burden of showing why discovery was denied.").

12    II.    INTERROGATORY NO. 11.

13         Interrogatory No. 11 requests defendant "to identify which of its products incorporate certain

14    specific high level features or capabilities . . . to allow [plaintiff] to make a complete list of

15    [defendant's] products that would need to be studied to determine whether they infringe one o[r]

16    more of the ten Sony patents-in-suit."  (Joint Stip. at 1-2) (footnotes omitted).  Specifically,

17    Interrogatory No. 11 requests defendant to identify which of its products "incorporate one or more

18    of the following product features: menu displays capable of displaying in more than one color or

19    more than one brightness; menu displays capable of displaying in more than one level of

20    transparency; menu displays capable of displaying a submenu; the capability to superimpose

21    captions on another image; the capability to superimpose subtitles on another image; and the

22    capability to securely transfer video data between devices connected to a common bus." (<u>Id.</u> at

23    7-8).  Defendant responded to Interrogatory No. 11,[1] stating, <u>inter alia</u>, that "[a]s understood by

24    [defendant] and as alleged by [plaintiff], based on a reasonable investigation, no Westinghouse

25

_____

26        [1]  Under the circumstances, it is a close question as to whether another meet and confer was required.  Given that the Motion involves only one interrogatory, the court will proceed to address

27    the merits of the Motion.  However, the parties are advised that the court will not consider any future discovery motions in this matter unless the parties have conducted a timely meet and confer

28    process.

2

1  product includes [the specific feature] as [plaintiff] contends this feature is relevant to any valid and

2  enforceable claim of the [relevant Sony] patent." (Id. at 11; see also id. at 12-13).

3         Plaintiff contends that defendant's supplemental response "is unreasonable and obstructs

4  [its] ability to litigate its claims[.]" (Joint Stip. at 14). Defendant counters that, "[a]lthough [plaintiff]

5  may disagree with [defendant's] understanding of the patents-in-suit and/or its interpretation of the

6  scope of the claims recited therein, [defendant] has provided a specific, substantive response to

7  Interrogatory No. 11." (Id. at 7). Defendant also contends that the "true issue presented by

8  Interrogatory No. 11 is whether [defendant's] product features infringe [plaintiff's] patents, i.e.,

9  whether [defendant's] product features reflect the claims of the patents-in-suit, which will ultimately

10 be decided by the trier of fact." (Id. at 25).

11        The court has reviewed defendant's responses to Interrogatory No. 11 and believes they

12 are deficient. It appears that defendant has deliberately misconstrued Interrogatory No. 11 by

13 giving it a highly technical and unfair reading. See Hunter v. Int'l Systems & Controls Corp., 51

14 F.R.D. 251, 257 (W.D. Mo. 1970) (answer insufficient when based on a deliberate misconstruction

15 of interrogatory); see also Tig Ins. Co. of Mich. v. Vision Service Plan, 2006 WL 192537, at *3

16 (E.D. Cal. 2006) (denying defendant's discovery motion after finding that defendant "appears to

17 be trying to confuse the expense and burden of having to sift through 30,000 to 50,000 pages of

18 documents responsive to a document request with the separate issue of checking only 70 pages

19 of documents clearly identified in its privilege log"). Contrary to defendant's assertion, (see Joint

20 Stip. at 25), the interrogatory does not request defendant to identify infringing products, a point

21 that plaintiff made clear during the meet and confer process. (See Declaration of Andrew J.

22 Bramhall in Support of Joint Stip., Exh. G at 21) ("We could have just said, identify all products that

23 infringe claim "X" of the "Y" patent. And you, of course, wouldn't have answered that."). Instead,

24 the Interrogatory merely requests that defendant identify the products which contain the features

25 listed in the Interrogatory; features which the parties agree are relevant to the patents-in-suit.

26 (See Joint Stip. at 6; Plaintiff's Supplemental Memorandum in Support of Joint Stipulation

27 Regarding Sony Corporation's Motion to Compel a Further Response to Sony Interrogatory No.

28 11 at 3 & n. 3).

1        Indeed, Interrogatory No. 11 is an entirely proper discovery request under the Federal

2   Rules of Civil Procedure. "[R]elevant discovery in a patent infringement suit includes discovery

3   relating to the technical operation of the accused products, as well as the identity of and technical

4   operation of any products reasonably similar to any accused product." Epicrealm, Licensing, LLC

5   v. Autoflex Leasing, Inc., 2007 WL 2580969, at *3 (E.D. Tex. 2007) (internal quotation marks and

6   citation omitted); see also Phillip M. Adams & Assocs., LLC v. Dell, Inc., 2008 WL 200340, at *1

7   (D. Utah 2008) ("Discovery in patent litigation must necessarily identify the products *potentially* at

8   issue before the products *actually* at issue are identified.") (italics in original). Thus, plaintiff is

9   entitled to seek the identity of all products that are reasonably similar to any accused product, not

10  just those products plaintiff has already identified.[2] See L.G. Philips LCD Co. v. Tatung Co., 2007

11  WL 869700, at *2 (E.D. Cal. 2007) (allowing plaintiff to seek "information about *all* potentially

12  infringing products, not just those that have so far been identified[]") (italics in original); Dr.

13  Systems, Inc. v. Fujifilm Medical Sys. USA, Inc., 2008 WL 1734241, at *3 (S.D. Cal. 2008)

14  (allowing discovery of "products that are reasonably similar to the accused products[]") (internal

15  quotation marks omitted).

16       In short, by requesting that defendant identify which of its products contain any of the

17  features set forth in Interrogatory No. 11, defendant is not being asked to admit whether the

18  products infringe one or more of the patents-in-suit. (See Joint Stip. at 6 (explaining that the

19  features described in Interrogatory No. 11 relate to one or more of the patents-in-suit) & 19-20

20  (explaining that the features described in Interrogatory No. 11 are not linked to the actual claim

21  language so as to explicitly avoid seeking any specific admissions of infringement)). Instead,

22  _____

23       [2] The cases cited by defendant are inapposite. In Tesseron, Ltd. v. R.R. Donnelley & Sons
    Co., 2007 WL 2034286 (N.D. Ohio 2007), the plaintiff sought discovery "of all the systems that
24  [defendant] is using and has previously used." Id. at *2. The Tesseron court found that while
    discovery is not limited to the accused systems, the discovery request must be narrowed because
25  it "includes many systems that cannot conceivably infringe on any of [plaintiff's] patents." Id. at
    *5. Similarly, in Caliper Techs. Corp. v. Molecular Devices Corp., 213 F.R.D. 555 (N.D. Cal.
26  2003), plaintiff sought discovery of "any invention, method, apparatus, or technology that does not
    use antibodies or radioactive isotopes" without offering any explanation as to why this discovery
27  was "relevant to any claim or defense of a party in this case." Id. at 558. Here, in contrast, the
    interrogatory concerns the patents-in-suit.
28

4

1 | defendant is being asked to identify the products that include any of the features set forth in the

2 | Interrogatory.

3 | **This Order is not intended for publication.  Nor is it intended to be included or**

4 | **submitted to any online service such as Westlaw or Lexis.**

5 | Based on the foregoing, IT IS ORDERED THAT:

6 | 1.    Plaintiff's Motion to Compel a Further Response to Sony Interrogatory No. 11

7 | **(Document No. 40) is granted**.

8 | 2.    Defendant shall provide a supplemental written response, under oath, to

9 | Interrogatory No. 11 no later than **February 23, 2009**.  Defendant shall identify by model number

10 | all of its products that contain any of the features set forth in Interrogatory No. 11, irrespective of

11 | whether defendant believes the product(s) is related to or infringes any of the patents-in-suit.  If

12 | none of defendant's products contain any of the features set forth in Interrogatory No. 11, then

13 | defendant shall state so under oath.  In addition, defendant's response shall indicate under oath

14 | whether it considered and included all of its products in responding to the subject Interrogatory.

15 | Finally, to the extent defendant claims that all responsive information has been provided or there

16 | is a lack of information necessary to provide a complete response, it shall set forth in detail, under

17 | oath: (1) the efforts defendant made to obtain the requested information; and (2) that no further

18 | responsive information is available.

19 | 3.    The parties are reminded that they must strictly comply with the Local Rules and the

20 | Court's Order of November 17, 2008.

21 | 4.    The failure of any party or attorney to comply with the requirements of this Order,

22 | the Local Rules and Federal Rules of Civil Procedure may result in sanctions being imposed.

23 | Dated this 11th day of February, 2009.

24 |

25 |                                              /s/

26 |                                    Fernando M. Olguin
                                       United States Magistrate Judge

27 |

28 |

5