Kevin G. McBride (Ca. Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (Ca. Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

James L. Wamsley III
(*admitted pro hac vice*)
jlwamsleyiii@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114-1190
Telephone: (216) 586-3939
Facsimile: (216) 579-0212

Attorneys for Vizio, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>VIZIO, INC.,<br><br>        Defendant. | Case No. CV-08-01135-RGK(FMOx)<br><br>**VIZIO, INC.'S OPPOSITION TO SONY CORPORATION'S REQUEST FOR ORAL ARGUMENT**<br><br>**MAGISTRATE JUDGE: HON. FERNANDO M. OLGUIN**<br><br>**HEARING:** 10:00 A.M. ON SEPTEMBER 2, 2009, AT 312 NORTH SPRING STREET, LOS ANGELES, CALIFORNIA<br><br>**DISCOVERY CUT-OFF DATE:** NOVEMBER 1, 2009<br><br>**PRETRIAL CONFERENCE DATE:** JANUARY 10, 2010<br><br>**TRIAL DATE:** JANUARY 26, 2010 |

Defendant and Counterclaimant Vizio, Inc. (hereafter "Vizio") hereby opposes Plaintiff Sony Corporation's ("Sony's") Request For Oral Argument [Dkt. #96] regarding the parties' Joint Stipulation Regarding Vizio, Inc.'s Motion To Compel Expert Reports And Depositions, And To Compel Depositions Of Sony Witnesses In The United States [Dkt. #89]. Sony's request should be denied because oral argument is unnecessary. Sony has not identified any "misstatements" or "new arguments" that warrant additional argument. Moreover, holding oral argument will postpone resolution of the Vizio motion, thereby needlessly delaying the resolution of these issues when time is of the essence under the Court's discovery schedule.

- Sony no longer debates that it must bring its Rule 30(b)(6) deponents to the U.S. Vizio correctly stated that Sony is obliged to make them available in the Central District, where Sony chose to file suit, even though Sony has agreed only to make its 30(b)(6) designees available in the U.S. where they reside. Vizio would be willing to work with Sony in an effort to reach agreement to take the depositions of Sony's 30(b)(6) U.S.-based designees at a convenient U.S. location.

- Vizio's motion asked the Court to order Sony to produce its Rule 30(b)(6) witnesses in the U.S. *with no exceptions*. Sony first concedes that it must produce its 30(b)(6) witnesses in the U.S., but then refuses to designate the inventors--who are the only individuals having knowledge of the critical issues of inventorship, conception and reduction to practice of the alleged inventions of the asserted patents--for deposition. This tactic does not justify Sony's request for additional argument. Sony cannot refuse to comply with its obligations under the rules and then be heard to insist that its refusal is a basis for oral argument.[1]

---

[1] Sony's professed inability to understand the term "lead inventor" rings hollow; Sony knows full well that it is obligated under Rule 30(b)(6) to designate an individual knowledgeable regarding inventorship, conception and reduction to practice of the alleged inventions of the asserted patents, *i.e.*, a lead inventor, for each of Vizio's 30(b)(6) topics relating to those topics. Sony had no problem understanding the term "lead inventor" during the meet and confer process when Vizio requested that they be designated for certain 30(b)(6) topics.

1     •     Sony admitted that the parties have discussed the issue of deposition locations continuously since February and March 2009 and expressly identified the parties' earliest discussions as "meet and confers about this issue . . . ." (*See* Joint Stip. at 11-12.) Sony now clings to an artificially narrow reading of Local Rule 37-1 in a vain attempt to feign surprise about a disputed issue that Vizio correctly stated "has been deadlocked since February 2009." (*See* Supp. Mem. at 5.) Sony's efforts to avoid or delay resolution of this disputed issue should be rejected. It is more clear than ever that the issues in Vizio's motion to compel cannot be resolved without Court intervention.

    •     Sony's attempt to use an aborted meet and confer regarding deposition *scheduling* as a basis for its failure to move for a protective order regarding deposition *location* is off-base. Faced with a motion seeking to compel Sony to produce its witnesses for deposition in the U.S., Sony had the burden to move for a protective order with respect to the location of such depositions. It did not. Its failure to take the proper steps does not warrant additional argument and is alone reason to grant Vizio's motion to compel.

    •     Finally, Sony's purported reservation of space at the United States Consulate in Osaka, Japan is irrelevant to the issues raised in Vizio's motion. The fact that Sony was able to reserve space for depositions in Japan does not mean that Vizio is required to take the depositions there. Sony's contrary claim is a quintessential bootstrap argument: Sony cannot force the depositions to Japan by reserving Consulate time there. If Consulate time were not available, would Sony concede that the depositions should proceed in the U.S.? Moreover, the Consulate time is likely unusable, because the reservation of Consulate time is only the first preliminary hurdle to clear in the burdensome process of taking depositions in Japan. In addition, an appropriate court order must be issued, interpreters, court reporters and videographers must be arranged for in Japan, and special deposition visas must be obtained from the Japanese Consulate for all those involved in the

depositions. These hurdles further support Vizio's argument that the depositions should go forward in the U.S. instead.

## CONCLUSION

The Court should deny Sony's Request For Oral Argument because Sony has raised no issues warranting additional argument.

Dated: August 25, 2009

JONES DAY

By: /s/ Steven J. Corr
    Steven J. Corr

Attorneys for Defendant Vizio, Inc.

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I, Beth A. Marchese, declare: |
| 3 | I am a citizen of the United States and employed in Los Angeles County, |
| 4 | California.  I am over the age of eighteen years and not a party to the within-entitled |
| 5 | action.  My business address is 555 South Flower Street, 50th Floor, Los Angeles, |
| 6 | California 90071.  On August 25, 2009, I served a copy of the within document(s): |
| 7 | **VIZIO, INC.'S OPPOSITION TO SONY CORPORATION'S REQUEST FOR ORAL ARGUMENT** |

by transmitting via e-mail or electronic transmission the document(s) listed above.

I am familiar with the United States District Court, Central District of California's practice for collecting and processing electronic filings.  Under that practice, documents are electronically filed with the court.  The court's CM/ECF system will generate a Notice of Electronic Filing (NEF) to the filing party, the assigned judge, and any registered users in the case.  The NEF will constitute service of the document.  Registration as a CM/ECF user constitutes consent to electronic service through the court's transmission facilities.  Under said practice, the following CM/ECF users were served:

Kevin P.B. Johnson, Esq.                         kevinjohnson@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

Steven M. Anderson, Esq.                      stevenanderson@quinnemanuel.com
Rory S. Miller, Esq.                                rorymiller@quinnemanuel.com
Quinn Emanuel Urquhart Oliver & Hedges
865 South Figueroa St., 10th Floor
Los Angeles, CA 90017

On August 25, 2009, I also served a courtesy copy, pursuant to the agreement between the parties, by e-mail to opposing counsel at:

sony-vizio@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

LAI-3048699v1

1

**Proof of Service**
Case No. CV-08-01135-RGK(FMOx)

Executed on August 25, 2009, at Los Angeles, California.

                                        */s/ Beth A. Marchese*
                                        Beth A. Marchese