Kevin G. McBride (Ca. Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (Ca. Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 489-3939
Facsimile:   (213) 243-2539

James L. Wamsley III
(*admitted pro hac vice*)
jlwamsleyiii@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:   (216) 586-3939
Facsimile:   (216) 579-0212

Attorneys for Vizio, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>VIZIO, INC.,<br><br>Defendant. | Case No. 08-01135 (RGK)(FMOx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF STEVEN J. CORR IN SUPPORT OF VIZIO'S PORTION OF JOINT STIPULATION REGARDING SONY CORPORATION'S MOTION TO COMPEL A FURTHER RESPONSE TO SONY'S REQUEST FOR PRODUCTION NOS. 17-23, 24, 68, AND 82**<br><br>**MAGISTRATE JUDGE: HON. FERNANDO M. OLGUIN**<br><br>**DISCOVERY CUT-OFF DATE:** NOVEMBER 1, 2009<br><br>**PRETRIAL CONFERENCE DATE:** JANUARY 10, 2010<br><br>**TRIAL DATE:** JANUARY 26, 2010 |

LAI-3047527v2

1    I, Steven J. Corr, declare as follows:

2    1.    I am an associate with Jones Day, counsel of record for Defendant

3    Vizio, Inc. ("Vizio") in this action.  I make this declaration in support of Vizio's

4    Portion of Joint Stipulation Regarding Sony Corporation's Motion to Compel a

5    Further Response to Sony's Requests for Production Nos. 17-23, 24, 68, and 82.

6    The following is based on my personal knowledge and, if called as a witness, I

7    could and would competently testify thereto.

8    2.    Exhibit 1 is a true and correct copy of a letter from Steven Corr to Peter

9    Klivans sent on August 21, 2009.

10   3.    Exhibit 2 is a true and correct copy of a letter and proposed stipulation

11   from Peter Klivans to Steven Corr sent on August 21, 2009.

12   4.    Exhibit 3 is a true and correct copy of a letter from Ryan McCrum to

13   Peter Klivans sent on August 1, 2009.

14   5.    Exhibit 4 is a true and correct copy of a letter from Todd Kennedy to

15   Ryan McCrum sent on July 13, 2009.

16   6.    Exhibit 5 is a true and correct copy of a letter from Peter Klivans to

17   Steven Corr sent on July 13, 2009.

18   7.    Exhibit 6 is a true and correct copy of a letter from Ryan McCrum to

19   Todd Kennedy sent on July 17, 2009.

20   8.    Exhibit 7 is a true and correct copy of a letter from Ryan McCrum to

21   Peter Klivans sent on July 17, 2009.

22   9.    Exhibit 8 is a true and correct copy of a letter from Todd Kennedy to

23   Ryan McCrum sent on July 21, 2009.

24   10.    Exhibit 9 is a true and correct copy of a letter from Peter Klivans to

25   Ryan McCrum sent on July 23, 2009.

26   11.    Exhibit 10 is a true and correct copy of a letter from Ryan McCrum to

27   Peter Klivans sent on July 29, 2009.

28

Dated:        August 25, 2009        JONES DAY


By:   /s/ Steven J. Corr
      Steven J. Corr

Attorneys for Defendant Vizio, Inc.

# EXHIBIT 1

Exhibit 1 Page 4

# JONES DAY

555 SOUTH FLOWER STREET • FIFTIETH FLOOR • LOS ANGELES, CALIFORNIA 90071

TELEPHONE: (213) 489-3939 • FACSIMILE: (213) 243-2539

Direct Number: (213) 243-2327
sjcorr@jonesday.com

JP003603:bam
185979-600001

August 21, 2009

<u>VIA EMAIL</u>

Peter Klivans, Esq.
Quinn Emmanuel Urquhart Oliver & Hedges, LLP
50 California Street, 50th Floor
San Francisco, CA 94111

Re:  *Sony Corporation v. Vizio, Inc.*, Case no. 08-01135

Dear Peter,

This letter is in response to the two Joint Stipulations served by Sony on August 17, 2009. We were surprised to receive the stipulations because the parties were not at an impasse on any of the issues addressed in those papers. As set forth below, since Vizio is willing to supplement its discovery responses in question, neither of these stipulations or motions should be finalized or filed with the Court.

Regarding Sony's Motion to Compel a Further Response to Sony's Interrogatory Nos. 11 and 14, Vizio is willing to supplement its responses as follows:

1.     Interrogatory No. 11

Although Vizio continues to believe that its current response to this interrogatory is adequate, Vizio will provide a narrative answer to this interrogatory, which will include a chart for its products providing the information that is available to Vizio with respect to the features enumerated in Sony's Interrogatory No. 11. Vizio will provide this answer by September 15, 2009.

2.     Interrogatory No. 14

Regarding Interrogatory no. 14, Vizio does not currently possess the information responsive to this interrogatory, but Vizio will request the information sought in this interrogatory from its supplier AmTRAN Technology Co., Ltd. and provide a supplemental response that will include any relevant information about Vizio Product compliance with television standards that Vizio receives from AmTRAN Technology Co., Ltd. Vizio will inform Sony about when it will serve this supplemental answer by August 27, 2009.

LAI-3047299v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit 1 Page 5

Regarding Sony's Motion to Compel a Further Response to Sony's Request for Production Nos. 17-23, 24, 68, and 82, as noted above, Vizio is surprised that Sony served its portion of the stipulation relating to this motion, based on the most recent communications between the parties. During the last exchange of correspondence between the parties on this topic, Vizio specifically requested whether Sony still believes Vizio is obligated to seek documents from third parties (e.g., AmTRAN Technologies). To date, Sony has not responded to Vizio's letter. At a minimum, Vizio expected Sony to respond to Vizio's latest correspondence and try to resolve the issue before seeking intervention of the Court. Nevertheless, Vizio is willing to do the following to obviate the issues raised by Sony in its motion to compel on these requests:

1.      Technical Documentation in the Possession of AmTRAN Technology Co., Ltd.

Although Vizio does not agree with Sony's on its motion to compel, in an effort to resolve the differences between the parties in a cooperative manner, Vizio will undertake to identify and collect any relevant and responsive additional technical documentation in the possession of AmTRAN Technology Co., Ltd. and produce those materials to Sony. This information will include, if available and in the possession of AmTRAN Technology Co., Ltd., service manuals, engineering specifications and circuit diagrams, chip datasheets, source code and other technical documentation. Vizio will inform Sony about its expected dates of production by August 27, 2009, and will begin such productions no later than September 8, 2009.

2.      Communications with Third Parties Like AmTRAN Withheld On A Joint or Common Interest Privilege

Regarding this category of documents, Vizio will provide a privilege log identifying communications between the parties that occurred before the commencement date of this litigation to the extent they have been or are located through searches of non-email databases and/or files. Vizio does not intend to include as part of its log correspondence that occurred after the date of the lawsuit. Also, consistent with the protective order entered by the Court, Vizio reminds Sony that it will not identify attorney-client communications between its clients (e.g., Vizio and AmTRAN) and its litigation counsel, Jones Day, which is consistent with the privilege log Vizio has received from Sony. Vizio expects to be able provide its first installment of its privilege log to Sony by August 28, 2009.

3.      Requests to Additional Suppliers

Although this topic has not been properly addressed through the meet and confer process required by the local rules, Vizio is willing to correspond with its additional suppliers requesting

Exhibit 1 Page 6

Peter Klivans, Esq.
August 21, 2009
Page 3

that each supplier cooperate with Sony in providing the types of technical documents Sony is seeking from AmTRAN in the event that Sony seeks documents relevant to this litigation from those parties. Vizio will send such communications to its suppliers by August 26, 2009.

Accordingly, based on Vizio's commitments described above, Vizio expects Sony to immediately withdraw its portions of the stipulations supporting its two motions to compel. Please confirm by the close of business today that Sony will do so.

If Sony would like to discuss the contents of this letter, we are generally available for a discussion today or Monday.

Regards,

/s/ *Steven J. Corr*

Steven J. Corr

Exhibit 1 Page 7

# EXHIBIT 2

Exhibit 2 Page 8

August 21, 2009

<u>VIA E-MAIL</u>

Steven J. Corr
Jones Day
555 South Flower Street, 50th Floor
Los Angeles, California 90071

Re:     <u>Sony Corporation v. Vizio, Inc.</u>

Dear Steve:

I write in response to your letter earlier today regarding Sony's two Joint Stipulations served on Vizio on August 17, 2009.

Sony disagrees strongly with your statement that the parties were not at an impasse.  While Sony's motions speak for themselves, it has been *five months* since Sony served the interrogatories and document requests at issue and the parties have conducted numerous meet and confers.  In those five months, Vizio has refused to provide substantive responses to the interrogatories at issue and, to Sony's knowledge, has *not even asked* AmTRAN for responsive documents in its physical possession but under Vizio's possession, custody, or control.  For Vizio to contend that the parties are not at an impasse belies the record.

With respect to the proposal outlined in your letter, Sony cannot accept your suggested resolution of these discovery disputes.  You propose a series of supplemental responses that will take place over a period starting August 28, 2009 and ending September 15, 2009.  However, given that Vizio only offers to begin production of technical documents on September 8, 2009, Sony has no assurance that Vizio will even complete its supplemental responses by September

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 250 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

02347.51451/3066137.2

Exhibit 2 Page 9

15, 2009. As you are undoubtedly aware, under the Court's April 6, 2009 Order For Jury Trial, November 1, 2009 is not the cut-off for discovery requests to be served. Rather, November 1, 2009 is the cut-off for all discovery to be served, responded to, and further, "Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted." (Doc. No. 48 at 2.) In light of this order, as well as the fact that Vizio has delayed responding to these discovery requests for what is now five months, Sony is unable to agree to withdraw its motions based merely on Vizio's promises to supplement at some point in the future.

For the above reasons, please provide Vizio's portions of the joint stipulations on a timely basis, by Monday, August 24, 2009. If Vizio does not timely provide its portion, Sony will file its portion pursuant to Local Rule 37-2.4

As an alternative, however, Sony believes that with certain exceptions, the parties have been able to work together to resolve many discovery disputes and Sony believes that the parties should continue to do so. Clearly, it is in the interests of everyone, including the parties and the Court, for the parties to resolve their discovery disputes without needlessly burdening each other or the Court. Therefore Sony has enclosed with this letter a proposed stipulation, to be filed with the Court, to resolve these disputes. Sony drafted a proposed stipulation that meets Sony's concerns regarding assurance that Vizio will provide substantive supplemental responses to Sony with sufficient time for Sony to not only prepare its case for trial but also to again move to compel on these discovery requests should it become necessary to do so. Therefore, with respect to the proposed dates in the enclosed draft stipulation, Sony cannot be flexible in a way that would defeat the purpose of the joint stipulation and make it impossible for Sony to timely move to compel in the future should it be necessary.

To reiterate: It is Sony's understanding that Vizio will be providing its portion of both August 17th Joint Stipulations on a timely basis on Monday, August 24, 2009. Sony will provide Vizio with complete Joint Stipulations on Tuesday, August 25, 2009. Vizio will then provide signed copies (or permission to sign) on Wednesday, August 26, 2009. Unless Vizio is able to agree to the enclosed draft stipulation, Sony intends to file the two August 17th Joint Stipulations within the time frame contemplated by Local Rule 37.

Very truly yours,

/s/

Peter A. Klivans

1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART
2  OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065
   Telephone: (650) 801-5000
4  Facsimile: (650) 801-5100

5  Steven M. Anderson (Bar No. 144014)
   QUINN EMANUEL URQUHART
6  OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
7  Los Angeles, California 90017
   Telephone: (213) 443-3000
8  Facsimile: (213) 443-3100

9  Attorneys for Sony Corporation

   Thomas R. Malcolm (Bar No. 39248)
   JONES DAY
   3 Park Plaza, Suite 1100
   Irvine, California 92614
   Telephone: (949) 851-3939
   Facsimile: (949) 553-7539

   Kevin G. McBride (Bar No. 195866)
   Steven J. Corr (Bar No. 216243)
   JONES DAY
   555 S. Flower Street, 50th Floor
   Los Angeles, CA 90071
   Telephone: (213) 489-3939
   Facsimile: (213) 243-2539

   Attorneys for VIZIO, Inc.

12              UNITED STATES DISTRICT COURT

13              CENTRAL DISTRICT OF CALIFORNIA

15  SONY CORPORATION,

16              Plaintiff,

17       v.

18  VIZIO, INC.,

19              Defendant.

20

CASE NO. CV 08-01135-RGK (FMOx)

**DISCOVERY MATTER**

**JOINT STIPULATION REGARDING DISCOVERY DISPUTES**

**Magistrate Judge: Hon. Fernando M. Olguin**

**Discovery Cut-Off Date:** November 1, 2009
**Pretrial Conference Date:** January 10, 2010
**Trial Date:** January 26, 2010

1      WHEREAS, Plaintiff Sony Corporation ("Sony") and Defendant Vizio, Inc.

2    ("Vizio") dispute the sufficiency of Vizio's responses to Sony's Interrogatory Nos.

3    11 and 14 and Vizio's responses to Sony's Request for Production Nos. 17-23, 24,

4    68, and 82 ("the dispute");

5      WHEREAS on August 17, 2009, Sony served Vizio with two Joint

6    Stipulations regarding the dispute;

7      WHEREAS Vizio's portions of the two Joint Stipulations are scheduled to be

8    provided to Sony on August 24, 2009;

9      WHEREAS Sony and Vizio wish to resolve the dispute without further

10   motion practice or burdening the Court;

11     NOW, THEREFORE, IT IS HEREBY STIPULATED by the parties, subject

12   to the approval of the Court, that:

13     Vizio will provide to Sony supplemental responses to Sony's Interrogatory

14   Nos. 11 and 14 that contain substantive, narrative information (including narrative

15   information in chart format for each accused product) responsive to these

16   Interrogatories by August 28, 2009;

17     With respect to any accused products manufactured by Vizio's main supplier

18   AmTRAN Technology Co., Ltd. ("AmTRAN"), Vizio's responses to Interrogatory

19   Nos. 11 and 14 will contain the information that is available to Vizio, including

20   information available to AmTRAN;

21     With respect to any accused products manufactured by Vizio's suppliers other

22   than AmTRAN, Vizio will make a good faith effort to obtain information responsive

23   to Interrogatory Nos. 11 and 14 that is available to Vizio, including information

24   available to the other suppliers;

25     For products manufactured by suppliers other than AmTRAN, to the extent

26   Vizio claims that all responsive information has been provided in response to

27   Interrogatory Nos. 11 and 14 or there is a lack of information necessary to provide a

28   complete response, Vizio shall set forth in detail, under oath: (1) the efforts Vizio

1    made to obtain the requested information; and (2) that no further responsive

2    information is available;

3       Vizio will provide to Sony a supplemental response to Sony's Requests for

4    Production Nos. 17-23, 24, and 68, which shall include service manuals, engineering

5    specifications, circuit diagrams, chip datasheets, source code, and other technical

6    documentation ("supplemental technical documents") to the extent not produced,

7    including without limitation, supplemental technical documents in the exclusive

8    possession of AmTRAN that are located in Taiwan;

9       With respect to any accused products manufactured by AmTRAN, Vizio shall

10    produce the supplemental technical documents for three accused products by August

11    28, 2009 and for the remaining accused products by September 9, 2009;

12       With respect to any accused products manufactured by suppliers other than

13    AmTRAN, Vizio shall inform Sony by letter no later than August 26, 2009 the

14    details of requests made to the other suppliers including the date the request was

15    made, the nature of the request, and the person to whom the request was made;

16       With respect to any accused products manufactured by suppliers other than

17    AmTRAN, Vizio shall complete its production of supplemental technical documents

18    by September 9, 2009;

19       To the extent Vizio claims that all responsive information has been provided

20    in response to Sony's Requests for Production Nos. 17-23, 24, and 68 or there is a

21    lack of information necessary to provide a complete response, Vizio shall set forth

22    in detail, under oath, by September 9, 2009: (1) the efforts Vizio made to obtain the

23    requested information; and (2) that no further responsive information is available;

24       With respect to communications with suppliers, including AmTRAN or other

25    suppliers, Vizio will produce such communications, or a privilege log if privileged,

26    to Sony by August 28, 2009;

27       Subsequent to the execution date of this Stipulation, to the extent Sony

28    determines it is necessary to file a revised Joint Stipulation(s) with the Court

pursuant to Local Rule 37 with respect to Sony's Interrogatory Nos. 11 and 14 or Sony's Requests for Production Nos. 17-23, 24, 68, and 82, the parties agree that they will meet and confer on the next court day following Sony's sending by 5:00 P.M. PST of a meet and confer letter to Vizio; that Vizio will have two court days following the receipt of Sony's portion of any Joint Stipulation relating to the dispute by 5:00 P.M. PST to provide Sony with its portion of the Joint Stipulation; and that Vizio will provide Sony with its signature or permission to sign by noon the next court day after receiving any combined Joint Stipulation by 5:00 P.M. PST.

DATED: August   , 2009          Respectfully submitted,

                                QUINN EMANUEL URQUHART OLIVER &
                                HEDGES. LLP


                                By_____
                                    Kevin P.B. Johnson
                                    Attorneys for Sony Corporation

DATED: August   , 2009          Respectfully submitted,

                                JONES DAY


                                By_____
                                    James L. Wamsley, III
                                    Attorneys for Vizio. Inc.


Date: August __, 2009
                                _____
                                Hon. Fernando M. Olguin
                                United States Magistrate Judge

# Exhibit 3

Exhibit 3 Page 15

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

August 1, 2009

<u>VIA EMAIL</u>

Peter Klivans, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re:     *Sony Corporation v. Vizio Inc.*

Dear Peter:

I am writing regarding outstanding deficiencies in Sony's discovery responses. Pursuant to Local Rule 37, Vizio requests an in-person meet and confer regarding these issues.

<u>Documents Regarding Design, Development, Conception and Reduction to Practice</u>

As noted in my letter from July 13, 2009, it is inexcusable that Sony has produced so few documents from the more than twenty (20) named inventors for the ten asserted patents, especially given that Sony filed its Complaint more than ten (10) months ago. Sony has had more than enough time both before and after filing its Complaint to locate and produce inventor-related documents, and its failure to do so by now – when only three (3) months of discovery remain – is very troubling.

While you claim that in response to Vizio's Interrogatory No. 3, Sony identified "dozens of documents relating to conception and reduction to practice," the only documents cited that are even arguably relevant to those issues are the work reports of Shinichi Fukashima, one of the named inventors of the reissue patents. Aside from those documents, Sony has failed to cite or even produce a single document authored by any of the other named inventors of the other eight (8) asserted patents that pre-date the filing date of those eight (8) patents. Indeed, Vizio has been unable to locate a single inventor-authored document relating to the design, development, conception and/or reduction to practice of the technology disclosed in any of those eight (8) patents, nor has Sony been able to point to any such documents.

In your letter of July 17, 2009, you indicated that additional documents relating to conception and reduction to practice have been located and would be produced within two weeks. Sony has not produced those documents. Sony's failure to produce these documents is extremely prejudicial to Vizio given the aggressive schedule that Sony urged this Court to adopt. Vizio has noticed a number of depositions, and needs these documents well in advance of those

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit 3 Page 16

depositions. Compounding the problem is that Vizio expects most of these documents to be in Japanese, which will have to be translated, a process that is very time consuming. Please be advised that Vizio reserves the right to seek all appropriate relief resulting from Sony's delay, including monetary and equitable sanctions (*e.g.*, precluding Sony from relying on any such documents), and/or requesting that the schedule be altered to account for Sony's delay.

<u>Inspection of Sony's Products</u>

Vizio has requested on numerous occasions an inspection of the products that Sony claims practice the asserted patents. Vizio addressed this issue in letters dated June 9, 2009, June 12, 2009, June 19, 2009, July 13, 2009 and during meet and confers. Sony has completely ignored those requests. To the extent Sony plans to rely on alleged commercial success of such products in support of alleged non-obviousness, the function and operation of these products is plainly relevant. If Sony continues to ignore Vizio's efforts to inspect Sony's products, Vizio will have to seek assistance from the Court in either the form of a motion to compel or a motion to preclude Sony from relying on evidence of commercial success.

<u>Source Code</u>

Sony has failed to produce any source code for the products it claims are covered by the patents-in-suit. To the extent Sony plans to rely on alleged commercial success of such products in support of alleged non-obviousness, the source code for these products is plainly relevant. This source code is responsive to a number of Vizio's requests for documents and things, including Vizio's Document Request No. 53.

<u>License Agreements And Related Documents</u>

While Sony has produced a number of license agreements and related documents, we ask that you please confirm that all licenses relating to the patents-in-suit have been produced, including any cross-licenses Sony has entered into that would also grant licenses under the patents-in-suit.

We are available for an in-person meet and confer on these issues any time on August 5 or 6, 2009. Please advise when someone from your firm can be available on one of those days.

Very truly yours,

/s/ *Ryan B. McCrum*

Ryan B. McCrum

Exhibit 3 Page 17

# Exhibit 4

Exhibit 4 Page 18

July 13, 2009

<u>**VIA E-MAIL**</u>

Ryan McCrum, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

Re:    <u>Sony Corporation v. Vizio, Inc.</u>

Dear Ryan,

Pursuant to Local Rule 37, I write to request a meet-and-confer regarding various deficiencies in Vizio's responses to Sony's discovery requests regarding the accused Vizio televisions.

Sony's Interrogatory No. 3 requires Vizio to set forth the bases for its First Affirmative Defense that Vizio does not infringe any claim of the patents-in-suit. Vizio's response is deficient because it contains no facts regarding any of the accused televisions. Indeed, Vizio's response does not refer to even a single feature of any Vizio television. Rather, the response is merely a word-for-word recitation of claim elements. Vizio's response makes it impossible for Sony to determine why Vizio contends its products do not infringe the asserted claims.

Vizio's inadequate response to Interrogatory No. 3 is particularly troubling because it omits critical facts regarding infringement that Vizio has raised elsewhere. For example, in your May 20, 2009 letter, you represented that one of Vizio's televisions does not infringe the '182 patent because the television "analyzes the entire frame to generate a histogram distribution that accumulates luminance data into 32 bins." Because Vizio omitted that critical information from

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, 107-0052 | TEL +81 3 5561-1711 FAX +81 3 5561-1712
LONDON | 16 Old Bailey, London United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

Exhibit 4 Page 19

its response to Interrogatory No. 3, I requested in my June 16 and June 18 letters to you that Vizio supplement its response to include that information. Vizio failed to do so.

In addition to failing to properly respond to Sony's Interrogatory No. 3, Vizio has also withheld critical documents from Sony regarding infringement. For example, despite your assertions regarding the "histogram distribution" described above, Sony has been unable to locate in Vizio's production even a single document discussing how Vizio's televisions analyze the frame, let alone showing that such analysis involves accumulating luminance data into a histogram of 32 bins. Such documents are responsive not only to Interrogatory No. 3, but also to Sony's Requests for Production, including at least Request for Production Nos. 22 and 115. It is unclear to Sony whether such documents were sent to Vizio's counsel by Vizio or by a third party. In either case, however, the documents must be produced.

Vizio is also withholding critical communications it has had with third parties regarding infringement. For instance, in its April 22, 2009 response to Sony's Interrogatory No. 16, Vizio stated that "it has instructed its original equipment manufacturers (OEMs) to not incorporate transparency features with respect to on screen displays." Nevertheless, Vizio has failed to produce any such correspondence between Vizio and any of its original equipment manufacturers. Such correspondence is plainly responsive not only to Interrogatory No. 16, but also to Sony's Requests for Production, including at least Request for Production Nos. 3, 17, 67, 83, 84, 85, and 91.

Similarly, it appears that Vizio is also withholding technical documents it has received from its original equipment manufacturers. For example, although Vizio has produced some engineering specification documents, such as the document at V0000043780-818, Vizio has not produced such documents for each of the accused televisions. These documents are responsive to at least Sony's Request for Production Nos. 17-24, 27, and 114-123.

Further, Vizio has produced virtually no documents regarding the structure and operation of the scalars or microprocessors Vizio identified in response to Sony's Interrogatory No. 13. These documents are plainly responsive to at least Sony's Request for Production Nos. 17-24, 27, and 114-123 and it is inconceivable that Vizio does not have documentation for these scalars or microprocessors in its possession, custody, or control.

Finally, Vizio has not produced source code including, for example, software code, firmware, Register Transfer Language (RTL), and Hardware Design Language (HDL) code, for any of its accused products. The production of such source code is required by Sony's Request for Production No. 68, which requires production of "[a]ll Source Code that relates to any of the Vizio Products or the Related Vizio Products." Production of source code is also required by at least Sony's Request for Production Nos. 69-81. During the parties' June 22, 2009 meet-and-confer, Vizio represented that it does not have any source code. Vizio, however, subsequently produced a number of documents confirming that it does possess source code, and that its employees have specifically requested the delivery of such source code from third parties. One such document was produced by Vizio at V0000041098-99.

Exhibit 4 Page 20

We are available to meet and confer regarding the above issues in our Los Angeles offices this Friday, July 17 at 1:00 P.M. PDT.  Please let us know as soon as possible whether Vizio is available at that time.

Best regards,

Todd Kennedy
02347.51451/3008517.1

3

Exhibit 4 Page 21

# Exhibit 5

Exhibit 5 Page 22

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL: (415) 875-6600 FAX: (415) 875-6700

July 13, 2009

<u>**VIA E-MAIL**</u>

Steven Corr
Jones Day
555 South Flower St., 50F
Los Angeles, CA 90071

Re:     <u>Sony Corporation v. Vizio, Inc., CV-08-01135 (C.D. Cal.)</u>

Dear Steve:

I write regarding Vizio's production of documents.

Based on our review of Vizio's latest production, Vizio has still not produced any documents reflecting communications with third parties, such as AmTRAN, relating to this lawsuit or the patents-in-suit.

These documents are called for by several Sony requests including Request for Production No. 83, which requests "All Documents that relate to any Communications with any third parties regarding the Vizio Products, the patents-in-suit, or this action, including but not limited to Communications with AmTRAN or Westinghouse Digital Electronics, LLC." See also Request for Production Nos. 3, 27, 42, 56, 67, and 82.

In its response to Request for Production No. 83 two and a half months ago, Vizio agreed to produce such documents after entry of a suitable protective order and after Vizio obtained any necessary consents of any third parties. Given that the Court entered the Protective Order a month ago, Vizio has had sufficient time to obtain any such consents and it should be no problem for Vizio to produce these documents by July 20, 2009.

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, 107-0052 | TEL +81 3 5561-1711 FAX +81 3 5561-1712
LONDON | 16 Old Bailey, London United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

Exhibit 5 Page 23

Although Sony cannot discern any basis for Vizio to withhold such documents on grounds of any privilege, in the event Vizio is withholding such documents on grounds of privilege, please provide a privilege log at the time of Vizio's production on or before July 20, 2009.  If you are unable to confirm by July 15, 2009 that you will produce the documents, and a privilege log if any documents are withheld, by such date, Sony requests a meet and confer with Vizio pursuant to L.R. 37.

Very truly yours,

/s/

Peter Klivans

02347.51451/3006635.2

2

Exhibit 5 Page 24

# Exhibit 6

Exhibit 6 Page 25

July 17, 2009

<u>VIA EMAIL</u>

Todd M. Kennedy, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

   Re:   *Sony Corporation v. Vizio Inc.*

Dear Todd:

     This letter responds to your letter of July 13, 2009 regarding Sony's request for a meet and confer.

     Your claims that Vizio's response to Interrogatory No. 3 is inadequate are without merit. Sony's Interrogatory No. 3 asks Vizio to set forth in "claim chart form the bases for Vizio's First Affirmative Defense that it does not infringe . . . the patents-in-suit." In response, Vizio provided claim charts for each of the more than 100 asserted patent claims setting forth each limitation that it currently contends is not present in Vizio's products or that Sony has not shown by a preponderance of the evidence to be present in Vizio's products.

     To the extent Sony is not satisfied with this response, it is alone to blame for its refusal to agree to exchange proposed claim constructions. As you know, claim construction is the first step of any infringement analysis, and for good reason. Once the parties exchange proposed claim constructions, it will become much more apparent why each party is claiming that certain limitations are or are not present in Vizio's accused products. For example, once Vizio sets forth its construction for "gamma correction means," including the structure that is necessary to satisfy that limitation, Sony will better understand why Vizio is claiming that limitation is missing. Similarly, Vizio will better understand why Sony is claiming that limitation is present in the accused products. Accordingly, Vizio's response to Sony's Interrogatory No. 3 adequately provides the current bases for Vizio's claims that it does not infringe the patents-in-suit. Many of Sony's concerns will be alleviated if it agrees to the perform the first step of the infringement analysis, which is to propose claim constructions. Vizio is willing to supplement its response to Interrogatory No. 3 after the parties have exchanged proposed claim constructions and had an opportunity to consult with experts.

     As for your claims that Vizio has withheld "critical documents," "critical communications," "technical documents," "source code," and "documents regarding the

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit 6 Page 26

structure and operation of the scalars or microprocessors" used in the Vizio products, we have repeatedly told you that is not the case. Vizio has, and will continue to produce all relevant, responsive documents within its possession, custody and control, and is not withholding any documents regarding the issues raised in your letter. Vizio will continue to search for non-privileged, responsive documents in its possession, custody and control, including the types mentioned in your letter, and to the extent it finds additional such documents, Vizio will produce them to Sony.

In view of the foregoing, Vizio does not believe that an in-person meet and confer is necessary.

Very truly yours,

/s/ *Ryan B. McCrum*

Ryan B. McCrum

Exhibit 6 Page 27

# Exhibit 7

Exhibit 7 Page 28

# JONES DAY

NORTH POINT • 901 LAKESIDE AVENUE • CLEVELAND, OHIO 44114-1190

TELEPHONE: (216) 586-3939 • FACSIMILE: (216) 579-0212

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

July 17, 2009

VIA EMAIL

Peter Klivans, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re:     *Sony Corporation v. Vizio Inc.*

Dear Peter:

I write in response to your letter dated July 13, 2009 to Steve Corr regarding Vizio's document production.

As noted in my letter to Todd Kennedy today, Vizio has, and will continue to produce all relevant, responsive documents within its possession, custody and control, and is not withholding any such documents regarding the issues raised in your letter. Vizio will continue to search for non-privileged, responsive documents in its possession, custody and control, including the types mentioned in your letter, and to the extent it finds additional such documents, Vizio will produce them to Sony.

As you know, the parties have agreed not to produce electronic email correspondence in this litigation. You acknowledged this agreement during the parties' June 19, 2009 meet and confer. (June 19, 2009 M&C Tr. at 76:8-13 – "although we have an agreement regarding e-mail, some of those were printed out e-mails in hard copy file and obviously, we are not going to -- you know, we're obligated to produce those and we did). The parties' agreement is also reflected by the fact that Sony has not produced any electronically-maintained emails, including any from the more than 20 listed inventors of the patents-in-suit. In accordance with the parties' agreement, Vizio has not produced electronically-maintained e-mails either. Moreover, Vizio objects to producing correspondence generated after the date of the Complaint.

To the extent Vizio locates any additional non-email communications that are relevant, non-privileged, responsive, and in Vizio's possession, custody and control, Vizio will produce those communications.

As for privileged communications, Vizio is currently preparing a privilege log, which will be served as soon as it is complete.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit 7 Page 29

7/17/2009
Page 2

In view of the foregoing, Vizio does not believe that an in-person meet and confer is necessary.

Very truly yours,

/s/ *Ryan B. McCrum*

Ryan B. McCrum

Exhibit 7 Page 30

# Exhibit 8

Exhibit 8 Page 31

July 21, 2009

<u>VIA E-MAIL</u>

Ryan McCrum, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

Re:   <u>Sony Corporation v. Vizio, Inc.</u>

Dear Ryan,

After having reviewed your July 17, 2009 letter, Sony has determined that a meet-and-confer is still necessary.  Sony is available on July 23 between noon and 4 p.m. PDT .  Please let us know when Vizio is available.

Your letter did not contain any specific response to Sony's request that Vizio produce the documents supporting Vizio's May 20, 2009 assertion that a Vizio Television "analyzes the entire frame to generate a histogram distribution that accumulates luminance data into 32 bins." Vizio cannot continue to ignore Sony's repeated requests for these critical documents.  So that the parties can have a productive meet-and-confer, please either produce those documents by the close of business tomorrow, or explain why Vizio is refusing to do so.  If you believe Vizio has produced those documents, please provide the production numbers.

Your letter also did not contain any specific response to Sony's concern that Vizio appears to be withholding technical documents it has received from its original equipment manufacturers ("OEMs") like AmTRAN Technology Co., LTD.  Although Vizio has produced some documents that appear to have been authored by AmTRAN Tech., it is entirely unclear whether Vizio has actually contacted AmTRAN Tech. in order to collect from that company all

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000  FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000  FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, 107-0052 | TEL +81 3 5561-1711  FAX +81 3 5561-1712
LONDON | 16 Old Bailey, London United Kingdom | TEL +44(0) 20 7653 2000  FAX +44(0) 20 7653 2100

Exhibit 8 Page 32

documents responsive to Sony's document requests.  By the close of business tomorrow, please tell us whether Vizio has, in fact, asked AmTRAN Tech. to provide documents to Vizio for production to Sony.  If Vizio has not done so, please explain why not.

Best regards,

Todd Kennedy
02347.51451/3015770.1

Exhibit 8 Page 33

# Exhibit 9

Exhibit 9 Page 34

July 23, 2009

<u>**VIA E-MAIL**</u>

Ryan McCrum, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

Re:     <u>Sony Corporation v. Vizio, Inc.</u>

Dear Ryan:

I write to follow-up the parties' meet and confer today with respect to the issue of Vizio's obligation to search for technical documents in its control but in the physical possession of AmTRAN Technology, Co. Ltd. Sony offered to provide case law relating to this topic. Cases include the following:

*Super Film of America, Inc. v. UCB Films, Inc.*, 219 F.R.D. 649 (D. Kan. 2004).

*Afros S.P.A. v. Krauss-Maffei Corporation*, 113 F.R.D. 127 (D. Del. 1986).

*Bank of New York v. Meridien BIAO Bank Tanzania Ltd.*, 171 F.R.D. 135 (S.D.N.Y. 1997).

*Hitachi, Ltd. v. AmTRAN Technology Co. Ltd.*, 2006 WL 2038248 (N.D. Cal. 2006).

*Synopsys, Inc. v. Ricoh Co. Ltd.*, 2006 WL 1867529 (N.D. Cal. 2006).

*Duran v. Cisco Systems, Inc.*, ---F. Supp. 2d ---, 2009 WL 2043516 (C.D. Cal. July 1, 2009).

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, 107-0052 | TEL +81 3 5561-1711 FAX +81 3 5561-1712
LONDON | 16 Old Bailey, London United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

Exhibit 9 Page 35

*Kamatani v. BenQ Corp.*, No. 2:03-CV-437, 2005 WL 2455825 (E.D. Tex. 2006).

In today's meet and confer, contingent on your review of the above case law, you offered to search for documents at AmTRAN that were technical in nature. Although Sony reserves the right to request in the future that Vizio search for other non-technical documents at AmTRAN, Sony agrees that Vizio is not required to carry out wide-ranging searches at AmTRAN to locate documents responsive to all of Sony's document requests. Rather, at this time, Sony agrees that Vizio need only look for technical documents. Should Sony believe that additional categories of documents need to be searched for in the future, Sony will work with Vizio to narrowly tailor any such document searches.

With respect to technical documents, you mentioned today certain types of technical documents that Vizio would endeavor to locate at AmTRAN. Sony generally agrees with the document categories discussed at the meet and confer, but states that at a minimum, Vizio would need to endeavor to locate at AmTRAN the following documents, for each accused product:

- User manuals and service manuals, if not already produced
- IC data sheets, specifications, and schematics of the type generally in the possession of a television manufacturer
- Source code including: software code, firmware, Register Transfer Language (RTL), and Hardware Design Language (HDL) code
- Product design documents
- Product specification sheets
- Any other technical documents responsive to Sony's requests that are located while the above documents are being searched for

Of course, Sony requests the above documents only for accused products that were manufactured by AmTRAN.

Based on your comments at today's meet and confer, it is Sony's understanding that contingent upon your review of the above case law, Vizio will make a good faith effort to locate the above documents and produce them to Sony. Please let us know by tomorrow, July 24, 2009, whether Vizio will be requesting the above-described documents of AmTRAN. If Vizio does agree to produce such documents, Sony requests that Vizio produce them no later than August 10, 2009. Please note that if Vizio does not agree to search for these documents, then Sony considers the parties to be at an impasse on this issue.

Very truly yours,

/s/

Peter Klivans

# Exhibit 10

Exhibit 10 Page 37

# JONES DAY

NORTH POINT · 901 LAKESIDE AVENUE · CLEVELAND, OHIO 44114-1190

TELEPHONE: (216) 586-3939 · FACSIMILE: (216) 579-0212

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

July 29, 2009

<u>VIA EMAIL</u>

Peter Klivans, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re:     *Sony Corporation v. Vizio Inc.*

Dear Peter:

I write in response to your letter dated July 23, 2009 (which I received July 24, 2009).

We have reviewed the cases cited in that letter, and are not convinced that Vizio is obligated to produce documents from a third-party, Taiwanese company that is not a party to this lawsuit. You only cited one case from the Central District of California, and none from the 9th Circuit.

The case that you cited from the Central District of California was not about producing third-party documents; it was about relevancy objections. *Duran v. Cisco Systems, Inc.,* ---F. Supp. 2d ---, No. CV 08-3337-CAS(RCx), 2009 WL 2043516, at *3 (C.D. Cal. July 1, 2009) ("[D]efendant discusses only one objection in the Joint Stipulation, *i.e.,* relevancy. Thus, the Court finds defendant has waived those objections not addressed in the Joint Stipulation.") None of the other cases you cited are controlling or even support the argument that Vizio must obtain documents from AmTRAN Technologies in Taiwan, as they involved different fact patterns and different relationships between the named party and third party. In fact, in some cases, the party from whom documents were being sought was not even a third party.

There are a number of other cases with fact patterns closer to those present here that support Vizio's position that it is not obligated to seek and produce documents from a third-party, Taiwanese company. For example, Vizio directs Sony to the following cases:

- *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989) (union did not control records of local union branch since union constitution did not give it right to obtain records on demand)

ATLANTA · BEIJING · BRUSSELS · CHICAGO · CLEVELAND · COLUMBUS · DALLAS · FRANKFURT · HONG KONG · HOUSTON
IRVINE · LONDON · LOS ANGELES · MADRID · MILAN · MOSCOW · MUNICH · NEW DELHI · NEW YORK · PARIS · PITTSBURGH
SAN DIEGO · SAN FRANCISCO · SHANGHAI · SILICON VALLEY · SINGAPORE · SYDNEY · TAIPEI · TOKYO · WASHINGTON

Exhibit 10 Page 38

- *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999) (domestic subsidiary did not have legal authority to obtain foreign parent's documents and district court properly denied motion to compel on that basis)

- *Tessera, Inc. v. Micron Tech., Inc., No.* C06-80024MISC-JW(PVT., 2006 WL 733498, at *6 (N.D. Cal. Mar. 22, 2006) (denying motion to compel domestic subsidiary to produce documents of foreign parent to the extent it sought information not already in domestic subsidiary's possession)

- *Micron Tech., Inc. v. Tessera, Inc.,* No. C06-80096 MISC.JW (HRL), 2006 WL 1646133, at *2 (N.D. Cal. June. 14, 2006) (denying motion to compel production where companies were closely related companies with some management in common, where requesting party failed to prove producing party had legal right to demand documents from non-party)

- *Miniace v. Pacific Maritime Ass'n*, No. C 04-3506-SI, 2006 WL 335389, at *2 (N.D. Cal. Feb. 13, 2006) (denying motion to compel production of documents in possession of former directors of party, where party seeking production failed to establish the degree of control exercised by party over former directors)

We ask that you review these cases and let us know if you still believe that Vizio is obligated to produce documents from AmTRAN Technologies.

Very truly yours,

/s/ *Ryan B. McCrum*

Ryan B. McCrum

Exhibit 10 Page 39