Kevin G. McBride (Ca. Bar No. 195866)
kgmcbride@jonesday.com
Steven J. Corr (Ca. Bar No. 216243)
sjcorr@jonesday.com
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:   (213) 489-3939
Facsimile:    (213) 243-2539

James L. Wamsley III
(*admitted pro hac vice*)
jlwamsleyiii@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:   (216) 586-3939
Facsimile:    (216) 579-0212

Attorneys for Vizio, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>            Plaintiff,<br><br>    v.<br><br>VIZIO, INC.,<br><br>            Defendant. | Case No. 08-01135 (RGK)(FMOx)<br><br>**DISCOVERY MATTER**<br><br>**DECLARATION OF STEVEN J. CORR IN SUPPORT OF VIZIO'S PORTION OF JOINT STIPULATION REGARDING SONY CORPORATION'S MOTION TO COMPEL A FURTHER RESPONSE TO SONY'S INTERROGATORY NOS. 11 AND 14**<br><br>**MAGISTRATE JUDGE: HON. FERNANDO M. OLGUIN**<br><br>**DISCOVERY CUT-OFF DATE:** NOVEMBER 1, 2009<br><br>**PRETRIAL CONFERENCE DATE:** JANUARY 10, 2010<br><br>**TRIAL DATE:** JANUARY 26, 2010 |

1    I, Steven J. Corr, declare as follows:

2    1.    I am an associate with Jones Day, counsel of record for Defendant

3 Vizio, Inc. ("Vizio") in this action.  I make this declaration in support of Vizio's

4 Portion of Joint Stipulation Regarding Sony Corporation's Motion to Compel a

5 Further Response to Sony's Interrogatory Nos. 11 and 14.  The following is based

6 on my personal knowledge and, if called as a witness, I could and would

7 competently testify thereto.

8    2.    Exhibit A is a true and correct copy of a letter from Steven Corr to

9 Peter Klivans sent on August 21, 2009.

10   3.    Exhibit B is a true and correct copy of a letter and proposed stipulation

11 from Peter Klivans to Steven Corr sent on August 21, 2009.

12   4.    Exhibit C is a true and correct copy of a letter from Todd Kennedy to

13 Ryan McCrum sent on June 12, 2009.

14   5.    Exhibit D is a true and correct copy of a letter from Ryan McCrum to

15 Todd Kennedy sent on June 19, 2009.

16   6.    Exhibit E is a true and correct copy of excerpts from a transcript of a

17 meet and confer between the parties that took place on June 22, 2009.

18   7.    Exhibit F is a true and correct copy of a letter from Peter Klivans to

19 Steven Corr sent on June 19, 2009.

20 Dated:      August 25, 2009            JONES DAY

21

22

23                                       By:   /s/ Steven J. Corr
                                               Steven J. Corr
24
                                         Attorneys for Defendant Vizio, Inc.
25

26

27

28

# EXHIBIT A

Direct Number: (213) 243-2327
sjcorr@jonesday.com

JP003603:bam
185979-600001

August 21, 2009

VIA EMAIL

Peter Klivans, Esq.
Quinn Emmanuel Urquhart Oliver & Hedges, LLP
50 California Street, 50th Floor
San Francisco, CA 94111

> Re: *Sony Corporation v. Vizio, Inc.*, Case no. 08-01135

Dear Peter,

This letter is in response to the two Joint Stipulations served by Sony on August 17, 2009. We were surprised to receive the stipulations because the parties were not at an impasse on any of the issues addressed in those papers. As set forth below, since Vizio is willing to supplement its discovery responses in question, neither of these stipulations or motions should be finalized or filed with the Court.

Regarding Sony's Motion to Compel a Further Response to Sony's Interrogatory Nos. 11 and 14, Vizio is willing to supplement its responses as follows:

    1.     Interrogatory No. 11

Although Vizio continues to believe that its current response to this interrogatory is adequate, Vizio will provide a narrative answer to this interrogatory, which will include a chart for its products providing the information that is available to Vizio with respect to the features enumerated in Sony's Interrogatory No. 11. Vizio will provide this answer by September 15, 2009.

    2.     Interrogatory No. 14

Regarding Interrogatory no. 14, Vizio does not currently possess the information responsive to this interrogatory, but Vizio will request the information sought in this interrogatory from its supplier AmTRAN Technology Co., Ltd. and provide a supplemental response that will include any relevant information about Vizio Product compliance with television standards that Vizio receives from AmTRAN Technology Co., Ltd. Vizio will inform Sony about when it will serve this supplemental answer by August 27, 2009.

LAI-3047299v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MENLO PARK • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK
PARIS • PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit A Page 4

Peter Klivans, Esq.
August 21, 2009
Page 2

Regarding Sony's Motion to Compel a Further Response to Sony's Request for Production Nos. 17-23, 24, 68, and 82, as noted above, Vizio is surprised that Sony served its portion of the stipulation relating to this motion, based on the most recent communications between the parties. During the last exchange of correspondence between the parties on this topic, Vizio specifically requested whether Sony still believes Vizio is obligated to seek documents from third parties (e.g., AmTRAN Technologies). To date, Sony has not responded to Vizio's letter. At a minimum, Vizio expected Sony to respond to Vizio's latest correspondence and try to resolve the issue before seeking intervention of the Court. Nevertheless, Vizio is willing to do the following to obviate the issues raised by Sony in its motion to compel on these requests:

     1.     Technical Documentation in the Possession of AmTRAN Technology Co., Ltd.

Although Vizio does not agree with Sony's on its motion to compel, in an effort to resolve the differences between the parties in a cooperative manner, Vizio will undertake to identify and collect any relevant and responsive additional technical documentation in the possession of AmTRAN Technology Co., Ltd. and produce those materials to Sony. This information will include, if available and in the possession of AmTRAN Technology Co., Ltd., service manuals, engineering specifications and circuit diagrams, chip datasheets, source code and other technical documentation. Vizio will inform Sony about its expected dates of production by August 27, 2009, and will begin such productions no later than September 8, 2009.

     2.     Communications with Third Parties Like AmTRAN Withheld On A Joint or Common Interest Privilege

Regarding this category of documents, Vizio will provide a privilege log identifying communications between the parties that occurred before the commencement date of this litigation to the extent they have been or are located through searches of non-email databases and/or files. Vizio does not intend to include as part of its log correspondence that occurred after the date of the lawsuit. Also, consistent with the protective order entered by the Court, Vizio reminds Sony that it will not identify attorney-client communications between its clients (e.g., Vizio and AmTRAN) and its litigation counsel, Jones Day, which is consistent with the privilege log Vizio has received from Sony. Vizio expects to be able provide its first installment of its privilege log to Sony by August 28, 2009.

     3.     Requests to Additional Suppliers

Although this topic has not been properly addressed through the meet and confer process required by the local rules, Vizio is willing to correspond with its additional suppliers requesting

Peter Klivans, Esq.
August 21, 2009
Page 3

that each supplier cooperate with Sony in providing the types of technical documents Sony is seeking from AmTRAN in the event that Sony seeks documents relevant to this litigation from those parties. Vizio will send such communications to its suppliers by August 26, 2009.

Accordingly, based on Vizio's commitments described above, Vizio expects Sony to immediately withdraw its portions of the stipulations supporting its two motions to compel. Please confirm by the close of business today that Sony will do so.

If Sony would like to discuss the contents of this letter, we are generally available for a discussion today or Monday.

Regards,

/s/ *Steven J. Corr*

Steven J. Corr

# EXHIBIT B

August 21, 2009


**VIA E-MAIL**


Steven J. Corr
Jones Day
555 South Flower Street, 50th Floor
Los Angeles, California 90071


Re:     Sony Corporation v. Vizio, Inc.


Dear Steve:

I write in response to your letter earlier today regarding Sony's two Joint Stipulations served on Vizio on August 17, 2009.

Sony disagrees strongly with your statement that the parties were not at an impasse. While Sony's motions speak for themselves, it has been *five months* since Sony served the interrogatories and document requests at issue and the parties have conducted numerous meet and confers. In those five months, Vizio has refused to provide substantive responses to the interrogatories at issue and, to Sony's knowledge, has *not even asked* AmTRAN for responsive documents in its physical possession but under Vizio's possession, custody, or control. For Vizio to contend that the parties are not at an impasse belies the record.

With respect to the proposal outlined in your letter, Sony cannot accept your suggested resolution of these discovery disputes. You propose a series of supplemental responses that will take place over a period starting August 28, 2009 and ending September 15, 2009. However, given that Vizio only offers to begin production of technical documents on September 8, 2009, Sony has no assurance that Vizio will even complete its supplemental responses by September

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017-2543 | TEL (213) 443-3000 FAX (213) 443-3100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139 | TEL (650) 801-5000 FAX (650) 801-5100
CHICAGO | 500 South Wacker Drive, Suite 230, Chicago, Illinois 60606-6301 | TEL (312) 463-2961 FAX (312) 463-2962
LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100
TOKYO | Akasaka Twin Tower Main Bldg., 6th Fl., 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

02347.51451/3066137.2

Exhibit B Page 8

15, 2009. As you are undoubtedly aware, under the Court's April 6, 2009 Order For Jury Trial, November 1, 2009 is not the cut-off for discovery requests to be served. Rather, November 1, 2009 is the cut-off for all discovery to be served, responded to, and further, "Any motion challenging the adequacy of responses to discovery must be filed timely, and served and calendared sufficiently in advance of the discovery cut-off date to permit the responses to be obtained before that date, if the motion is granted." (Doc. No. 48 at 2.) In light of this order, as well as the fact that Vizio has delayed responding to these discovery requests for what is now five months, Sony is unable to agree to withdraw its motions based merely on Vizio's promises to supplement at some point in the future.

For the above reasons, please provide Vizio's portions of the joint stipulations on a timely basis, by Monday, August 24, 2009. If Vizio does not timely provide its portion, Sony will file its portion pursuant to Local Rule 37-2.4

As an alternative, however, Sony believes that with certain exceptions, the parties have been able to work together to resolve many discovery disputes and Sony believes that the parties should continue to do so. Clearly, it is in the interests of everyone, including the parties and the Court, for the parties to resolve their discovery disputes without needlessly burdening each other or the Court. Therefore Sony has enclosed with this letter a proposed stipulation, to be filed with the Court, to resolve these disputes. Sony drafted a proposed stipulation that meets Sony's concerns regarding assurance that Vizio will provide substantive supplemental responses to Sony with sufficient time for Sony to not only prepare its case for trial but also to again move to compel on these discovery requests should it become necessary to do so. Therefore, with respect to the proposed dates in the enclosed draft stipulation, Sony cannot be flexible in a way that would defeat the purpose of the joint stipulation and make it impossible for Sony to timely move to compel in the future should it be necessary.

To reiterate: It is Sony's understanding that Vizio will be providing its portion of both August 17th Joint Stipulations on a timely basis on Monday, August 24, 2009. Sony will provide Vizio with complete Joint Stipulations on Tuesday, August 25, 2009. Vizio will then provide signed copies (or permission to sign) on Wednesday, August 26, 2009. Unless Vizio is able to agree to the enclosed draft stipulation, Sony intends to file the two August 17th Joint Stipulations within the time frame contemplated by Local Rule 37.


Very truly yours,

/s/

Peter A. Klivans

Exhibit B Page 9

Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Sony Corporation

Thomas R. Malcolm (Bar No. 39248)
JONES DAY
3 Park Plaza, Suite 1100
Irvine, California 92614
Telephone: (949) 851-3939
Facsimile: (949) 553-7539

Kevin G. McBride (Bar No. 195866)
Steven J. Corr (Bar No. 216243)
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone: (213) 489-3939
Facsimile: (213) 243-2539

Attorneys for VIZIO, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>      Plaintiff,<br><br>      v.<br><br>VIZIO, INC.,<br><br>      Defendant. | CASE NO. CV 08-01135-RGK (FMOx)<br><br>**DISCOVERY MATTER**<br><br>**JOINT STIPULATION REGARDING DISCOVERY DISPUTES**<br><br>**Magistrate Judge: Hon. Fernando M. Olguin**<br><br>**Discovery Cut-Off Date:** November 1, 2009<br>**Pretrial Conference Date:** January 10, 2010<br>**Trial Date:** January 26, 2010 |

WHEREAS, Plaintiff Sony Corporation ("Sony") and Defendant Vizio, Inc. ("Vizio") dispute the sufficiency of Vizio's responses to Sony's Interrogatory Nos. 11 and 14 and Vizio's responses to Sony's Request for Production Nos. 17-23, 24, 68, and 82 ("the dispute");

WHEREAS on August 17, 2009, Sony served Vizio with two Joint Stipulations regarding the dispute;

WHEREAS Vizio's portions of the two Joint Stipulations are scheduled to be provided to Sony on August 24, 2009;

WHEREAS Sony and Vizio wish to resolve the dispute without further motion practice or burdening the Court;

NOW, THEREFORE, IT IS HEREBY STIPULATED by the parties, subject to the approval of the Court, that:

Vizio will provide to Sony supplemental responses to Sony's Interrogatory Nos. 11 and 14 that contain substantive, narrative information (including narrative information in chart format for each accused product) responsive to these Interrogatories by August 28, 2009;

With respect to any accused products manufactured by Vizio's main supplier AmTRAN Technology Co., Ltd. ("AmTRAN"), Vizio's responses to Interrogatory Nos. 11 and 14 will contain the information that is available to Vizio, including information available to AmTRAN;

With respect to any accused products manufactured by Vizio's suppliers other than AmTRAN, Vizio will make a good faith effort to obtain information responsive to Interrogatory Nos. 11 and 14 that is available to Vizio, including information available to the other suppliers;

For products manufactured by suppliers other than AmTRAN, to the extent Vizio claims that all responsive information has been provided in response to Interrogatory Nos. 11 and 14 or there is a lack of information necessary to provide a complete response, Vizio shall set forth in detail, under oath: (1) the efforts Vizio

1 made to obtain the requested information; and (2) that no further responsive

2 information is available;

3      Vizio will provide to Sony a supplemental response to Sony's Requests for

4 Production Nos. 17-23, 24, and 68, which shall include service manuals, engineering

5 specifications, circuit diagrams, chip datasheets, source code, and other technical

6 documentation ("supplemental technical documents") to the extent not produced,

7 including without limitation, supplemental technical documents in the exclusive

8 possession of AmTRAN that are located in Taiwan;

9      With respect to any accused products manufactured by AmTRAN, Vizio shall

10 produce the supplemental technical documents for three accused products by August

11 28, 2009 and for the remaining accused products by September 9, 2009;

12      With respect to any accused products manufactured by suppliers other than

13 AmTRAN, Vizio shall inform Sony by letter no later than August 26, 2009 the

14 details of requests made to the other suppliers including the date the request was

15 made, the nature of the request, and the person to whom the request was made;

16      With respect to any accused products manufactured by suppliers other than

17 AmTRAN, Vizio shall complete its production of supplemental technical documents

18 by September 9, 2009;

19      To the extent Vizio claims that all responsive information has been provided

20 in response to Sony's Requests for Production Nos. 17-23, 24, and 68 or there is a

21 lack of information necessary to provide a complete response, Vizio shall set forth

22 in detail, under oath, by September 9, 2009: (1) the efforts Vizio made to obtain the

23 requested information; and (2) that no further responsive information is available;

24      With respect to communications with suppliers, including AmTRAN or other

25 suppliers, Vizio will produce such communications, or a privilege log if privileged,

26 to Sony by August 28, 2009;

27      Subsequent to the execution date of this Stipulation, to the extent Sony

28 determines it is necessary to file a revised Joint Stipulation(s) with the Court

1    pursuant to Local Rule 37 with respect to Sony's Interrogatory Nos. 11 and 14 or

2    Sony's Requests for Production Nos. 17-23, 24, 68, and 82, the parties agree that

3    they will meet and confer on the next court day following Sony's sending by 5:00

4    P.M. PST of a meet and confer letter to Vizio; that Vizio will have two court days

5    following the receipt of Sony's portion of any Joint Stipulation relating to the

6    dispute by 5:00 P.M. PST to provide Sony with its portion of the Joint Stipulation;

7    and that Vizio will provide Sony with its signature or permission to sign by noon the

8    next court day after receiving any combined Joint Stipulation by 5:00 P.M. PST.

9

10

11

12    DATED: August  , 2009      Respectfully submitted,

13                             QUINN EMANUEL URQUHART OLIVER & HEDGES. LLP

14

15

16                             By_____
                               Kevin P.B. Johnson
                               Attorneys for Sony Corporation

17

18    DATED: August  , 2009      Respectfully submitted,

19                             JONES DAY

20

21                             By_____
                               James L. Wamsley, III
                               Attorneys for Vizio. Inc.

22

23

24

25    Date: August __, 2009      _____

26                             Hon. Fernando M. Olguin
                            United States Magistrate Judge

27

28

# EXHIBIT C

Exhibit C Page 14

June 12, 2009

**VIA E-MAIL, U.S. MAIL, AND FACSIMILE**

Ryan McCrum, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
fax: 216-579-0212

Re:     Sony Corporation v. Vizio, Inc.

Dear Ryan:

Pursuant to Local Rule 37-1, I write regarding continuing deficiencies in Vizio's responses to Sony's Interrogatory Nos. 11 and 14. This is the third letter I have sent you regarding Vizio's deficient responses to these interrogatories.

Sony's Interrogatory No. 11 requires Vizio to identify for each Vizio Product which of the eleven enumerated features it incorporates. Vizio provided no substantive information in response to that interrogatory. Instead, Vizio invoked Rule 33(d), pointing to document production numbers identified in Vizio's Attachment A to its interrogatory responses. During the May 11, 2009 meet-and-confer, Sony explained that Vizio's reliance on Rule 33(d) is improper. Because the interrogatory requests information regarding Vizio's own products, it is inconceivable that "the burden of deriving or ascertaining the answer will be substantially the same for either party" as required by Rule 33(d). *See Laserdynamics, Inc. v. Asus Computer Int'l*, No. 2:06-CV-348, 2009 WL 153161, at *3 (E.D. Tex. Jan. 21, 2009) ("It is implausible for the defendants to contend that the plaintiff stands on equal footing when it comes to determining how the defendants' own products operate.").

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL 213-443-3000 FAX 213-443-3100

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, New York 10010 | TEL 212-849-7000 FAX 212-849-7100

SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL 650-801-5000 FAX 650-801-5100

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81-3-5561-1711 FAX +81-3-5561-1712

LONDON | 16 Old Bailey, London EC4M 7EG, United Kingdom | TEL +44-20-7653-2000 FAX +44-20-7653-2100

Exhibit C Page 15

Vizio's June 5, 2009 supplemental response has not resolved the fundamental deficiencies in Vizio's initial response. Vizio still has not identified for *any* television which of the eleven features it incorporates, and instead continues to rely on Rule 33(d). Moreover, the documents that Vizio has identified are not responsive to the interrogatory because they do not identify for each Vizio television which of the eleven features it incorporates.

Interrogatory No. 14 requires Vizio to identify separately for each Vizio Product "all digital television standards (*e.g.*, standards relating to Closed Captioning such as EIA-708-B, CEA-708-B, and CEA-708-C, or standards relating to HDCP, such as 'High-Bandwidth Digital Content Protection System,' revision 1.3, issued by the Digital Content Protection LLC) with which that product complies or has complied (including the relevant time periods) and describe the manner in which each such standard is or has been implemented."

Once again, Vizio refers to Attachment A, asserting that it identifies documents with responsive information. Sony has reviewed those documents, however, and has determined that they are largely non-responsive. In particular, none of the documents mention EIA-708-B, despite the requirement of 47 C.F.R. § 15.122(b) that "[d]igital television receivers and tuners must be capable of decoding closed captioning information that is delivered pursuant to EIA-708-B." In addition, for many of the Vizio televisions identified on Attachment A, the corresponding documents identified in that attachment fail to mention whether the television complies with the "High-Bandwidth Digital Content Protection System." Also, many of the documents identified by Vizio, such as the user manual for the VW26L HDTV10F model, fail to specify the version of the High-Bandwidth Digital Content Protection System with which the product complies.

Pursuant to Local Rule 37, Sony requests an in-person meet and confer regarding the above issues in order to determine whether a motion to compel is necessary. We are available for the meet and confer in our Los Angeles offices on Wednesday, June 17. Please let us know whether Vizio is also available then.

Best regards,

Todd Kennedy

Exhibit C Page 16

# EXHIBIT D

Direct Number: (216) 586-7291
rbmccrum@jonesday.com

June 19, 2009

<u>VIA EMAIL</u>

Todd M. Kennedy, Esq.
Quinn, Emanuel, Urquhart, Oliver & Hedges, LLP
50 California Street
22nd Floor
San Francisco, CA 94111

Re: *Sony Corporation v. Vizio Inc.*

Dear Todd:

 This letter responds to your letter of June 12, 2009 regarding Vizio's response to Sony's Interrogatory Nos. 11 and 14. Vizio does not agree that its responses to those interrogatories are deficient.

 Starting with Sony's Interrogatory No. 11, Vizio does not track the features listed in that Interrogatory in the ordinary course of its business. Accordingly, in order to obtain the information Sony has requested (to the extent Vizio even understands what information is requested), Vizio would have to conduct an extensive review of a substantial number of documents (*e.g.*, its Users Manuals and/or Service Manuals) and/or physically inspect and operate the accused televisions. The burden of doing so is the same for Vizio as it is for Sony. Vizio, therefore, has agreed to identify and provide to Sony all the information that Vizio would need to review in order to answer this Interrogatory so that Sony can determine for itself whether the features in Interrogatory No. 11 are present in Vizio's accused products. Specifically, Vizio has identified on a product-by-product basis all Users Manuals and Service Manuals within its possession and control, and has agreed to make all its accused products under its possession and control available for inspection by Sony. This is entirely proper under Rule 33(d). By insisting that Vizio do more, Sony is improperly asking Vizio to do Sony's analytical work.

 Nor can Sony justifiably complain about Vizio's reliance on Users Manuals and Service Manuals in its response to Interrogatory No. 11 when Sony rested its own infringement contentions for many of the asserted patents entirely on what was disclosed in Vizio's Users Manuals. The claims of the asserted patents are far more specific than the features listed in Sony's Interrogatory No. 11, yet Sony has expressly represented that Vizio's Users Manuals are adequate to disclose such features. (May 18, 2009 Meet and Confer Transcript, p. 66, ll. 11-16 (acknowledging that the Users Manuals adequately disclose the features of the asserted claims)). Having already represented that the documents Vizio relied on in response to Sony's

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Exhibit D Page 18

Interrogatory No. 11 adequately disclose the many features of the claims of the asserted patents, Sony cannot now claim that they are inadequate to disclose more general features of Vizio's accused products.

Finally, as Vizio noted in its objections and the parties' May 11, 2009 meet and confer, many of the features listed in Sony's Interrogatory No. 11 are vague and ambiguous. For example:

- Feature [a] – "menu displays capable of displaying in more than one color or more than one brightness" – read literally encompasses any menu that is capable of being displayed in more than one color or brightness at different times (*i.e.,* an entire menu can be displayed in one color at one point in time and another color at another point in time), as well as menus where items change color from the other items when selected.

- Feature [b] – "menu displays capable of displaying in more than one level of transparency" – read literally encompasses any menu where the level of transparency of an entire menu is capable of being changed over time (*i.e.,* an entire menu can be displayed in one level of transparency at one point in time and another level of transparency at another point in time).

- Feature [c] – "menu displays capable of displaying a submenu or subordinate menu" – read literally encompasses any display device capable of displaying a "submenu" and/or "subordinate menu," regardless of whether any other menus are being displayed. Also, the terms "submenu" and "subordinate menu" are unclear as they are not defined terms.

- For features "[d]" and "[e]", it is unclear what is meant by the terms "captions" and "subtitles" and how those two terms differ.

- For feature "[f]", the term "securely transfer" is unclear.

- For feature "[g]", the term "Dynamic Contrast" is defined to mean "automatically adjusting the contrast based on picture brightness or luminance," but it is silent as to what picture brightness or luminance it is referring to.

Rather than try to guess what Sony means by these terms, Vizio is identifying and making available all the documents and information it has in its possession from which information responsive to Interrogatory No. 11 can be found. This way, Sony can decide for itself whether the features it has in mind are present in the accused Vizio products. The burden of doing so is actually less for Sony because Sony presumably knows exactly what it is looking for, while Vizio does not.

With regard to Interrogatory No. 14, Vizio objected to the term "standards" as vague and ambiguous. Nevertheless, Vizio responded to this Interrogatory based on its understanding of the Interrogatory and to the best of its ability. In doing so, Vizio provided information regarding certain standards, including the close captioning and encryption-related standards that were specifically listed in the interrogatory. With regard to the specific versions of these standards and whether Vizio's products comply with any, some or all of the multitude of specific portions of these various versions of the standards, that information is not within the knowledge of Vizio. That is information that Sony would need to obtain from the various chip suppliers that make the integrated circuits used in Vizio's products.

We noticed that Sony has subpoenaed a number of these chip suppliers, although those parties subpoenaed have only supplied chips for a very small fraction of Vizio's products. As you know, the vast majority of integrated circuit chips used in Vizio's televisions are manufactured by MediaTek. Sony has not made any attempt to subpoena any MediaTek entity to obtain chip-related information. Please advise whether Sony plans to do so.

In view of the foregoing, Vizio does not believe that an in-person meet and confer is necessary.

Very truly yours,

/s/ *Ryan B. McCrum*

Ryan B. McCrum

# EXHIBIT E

Page 1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

SONY CORPORATION, a
Japanese Corporation,

      Plaintiff,

      vs.           No. SA CV08-01135-RGK
                  (FMOx).

VIZIO, INC.,

      Defendant.

---

MEET AND CONFER CONFERENCE CALL

Los Angeles, California

Monday, June 22, 2009

Reported by:
JULIE SEYMOUR
CSR NO. 12341

Job No. 115053

1                UNITED STATES DISTRICT COURT
             CENTRAL DISTRICT OF CALIFORNIA
2                    WESTERN DIVISION

3

4    SONY CORPORATION, a
     Japanese Corporation,
5
             Plaintiff,
6
             vs.                    No. SA CV08-01135-RGK
7                                   (FMOx)
     VIZIO, INC.,
8
             Defendant.
9

10

11

12    _____

13

14

15
       Meet and Confer Conference Call held at
16
     865 South Figueroa Street, 10th Floor, Los Angeles,
17
     California, beginning at 6:10 p.m. and ending at
18
     7:07 p.m. on Monday, June 22, 2009, before
19
     Julie Seymour, Certified Shorthand Reporter No. 12341.
20

21

22

23

24

25

Exhibit E Page 23

77f4ec83-2c90-47ba-aa05-e5422314e967

```
 1   APPEARANCES:
 2   FOR THE PLAINTIFF:
 3       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
         BY: RORY S. MILLER
 4       Attorney at Law
         865 South Figueroa Street
 5       10th Floor
         Los Angeles, California  90017
 6       (213)443-3004
 7       QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
         BY: THOMAS PEASE
 8       Attorney at Law
         51 Madison Avenue
 9       22nd Floor
         New York, New York  10010
10       (212)849-7000
         (VIA TELEPHONE)
11
         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
12       BY: TODD KENNEDY
         BY: PETER KLIVENS
13       Attorneys at Law
         50 California Street
14       22nd Floor
         San Francisco, California  94111
15       (415)875-6600
         (VIA TELEPHONE)
16
     FOR THE DEFENDANT:
17
         JONES DAY
18       BY: STEVEN J. CORR
         Attorney at Law
19       555 South Flower Street
         15th Floor
20       Los Angeles, California  90071
         (213)489-3939
21
         JONES DAY
22       BY: RYAN MCCRUM
         Attorney at Law
23       901 Lakeside Avenue
         Cleveland, Ohio  44114
24       (216)586-3939
         (VIA TELEPHONE)
25
```

77f4ec83-2c90-47ba-aa05-e5422314e967

| | | EXHIBITS |
|---|---|---|
| 1 | | |
| 2 | 1 | Sony's First Set of Interrogatories to Vizio |
| 3 | | |
| | 2.1 | Vizio's Response to Interrogatory No. 3 |
| 4 | | |
| | 2.2 | Attachment A (Revised) Vizio's First |
| 5 | | Supplemental Response to Sony's |
| | | Interrogatory Nos. 2, 3, 8, 10, 11, 14, 18 |
| 6 | | |
| | 2.3 | Vizio's Response to Interrogatory No. 3 |
| 7 | | Non-Infringement Claim Chart 472 Patent |
| 8 | 2.4 | Visio's Response to Interrogatory No. 3 |
| | | Non-Infringement Claim Chart 542 Patent |
| 9 | | |
| | 2.5 | Visio's Response to Interrogatory No. 3 |
| 10 | | Non-Infringement Claim Chart 577 Patent |
| 11 | 2.6 | Visio's Response to Interrogatory No. 3 |
| | | Non-Infringement Claim Chart 614 Patent |
| 12 | | |
| | 2.7 | Visio's Response to Interrogatory No. 3 |
| 13 | | Non-Infringement Claim Chart 626 Patent |
| 14 | 2.8 | Visio's Response to Interrogatory No. 3 |
| | | Non-Infringement Claim Chart 847 Patent |
| 15 | | |
| | 2.9 | Visio's Response to Interrogatory No. 3 |
| 16 | | Non-Infringement Claim Chart 373 Patent |
| 17 | 2.10 | Visio's Response to Interrogatory No. 3 |
| | | Non-Infringement Claim Chart 468 Patent |
| 18 | | |
| | 2.11 | Visio's Response to Interrogatory No. 3 |
| 19 | | Non-Infringement Claim Chart 055 Patent |
| 20 | 2.12 | Visio's Response to Interrogatory No. 3 |
| | | Non-Infringement Claim Chart 182 Patent |
| 21 | | |
| | 3 | Letter to James Wamsley from Todd Kennedy, |
| 22 | | Dated April 29, 2009 |
| 23 | 4 | Letter to Todd Kennedy from Ryan McCrum, |
| | | Dated May 6, 2009 |
| 24 | | |
| | 5 | Letter to Ryan McCrum from Todd Kennedy, |
| 25 | | Dated May 26, 2009 |

EXHIBITS (Continued)

1

2    6    Letter to Todd Kennedy from Ryan McCrum,
          Dated May 28, 2009

3

     7    Letter to Ryan McCrum from Todd Kennedy,
4         Dated June 3, 2009

5    8    Letter to Steven Corr from Todd Kennedy,
          Dated June 4, 2009

6

     9    Letter to Todd Kennedy from Ryan McCrum,
7         Dated June 5, 2009

8    10   Letter to Ryan McCrum from Todd Kennedy,
          Dated June 12, 2009

9

     11   Letter to Todd Kennedy from Ryan McCrum,
10        Dated June 19, 2009

11

12        (The exhibits were subsequently
13        sent electronically to the court
14        reporter and are attached hereto.)

15

16

17

18

19

20

21

22

23

24

25

77f4ec83-2c90-47ba-aa05-e5422314e967

1    not as simple as that unfortunately.  As you know or may
2    know or should know by now, Vizio does not -- it's not
3    in the business of designing and developing televisions.
4    They sell televisions.  They market televisions.  But
5    you're going to -- to figure out these features, you're
6    going to have to go talk to some other entities, which
7    is what, I believe, your third-party subpoenas are
8    intended to go out and do.
9         MR. PEASE:  Well, we do have document requests
10   outstanding that ask for the specifications that Vizio
11   provides to its -- the companies that put -- make it for
12   it like the AmTrans of the world.  I don't know that we
13   have seen any of those documents yet, but I suspect that
14   in those specificities are a lot of the features that
15   are the subject of Interrogatory No. 11.  Closed
16   captioning, for example, you know, closed captioning, my
17   understanding is it's required by federal law.  It
18   should be a simple matter for somebody at Vizio to
19   confirm that closed caption information is -- can be
20   seen on a Vizio TV.
21        Well, anyway, I just think we have reached a
22   log jam here.  I don't think we're going to be able to
23   resolve this during the course of the call.  We think
24   Vizio should go through and tell us which of its
25   products have these features and it sounds like your

77f4ec83-2c90-47ba-aa05-e5422314e967

1   position is Sony and its lawyers should go look at the

2   service manuals and user manuals.

3       MR. MCCRUM:  Yeah, and it's twofold.  We have given

4   you everything that we have to look at to determine

5   whether or not we can even try to see whether these

6   features are in Vizio's products.  We have to go through

7   those.  And to do so thoroughly and extensively, it

8   would take a lot of time and effort and the burden of

9   doing that is exactly the same for Vizio as it is for

10  Sony.

11       And beyond that, like I said, we simply don't

12  understand what nearly all of these limitations are

13  seeking.  So, you know, that's the problem.  I mean, we

14  don't know what these features even mean, what you're

15  looking for.  So why should we try to read your mind and

16  figure out what these limitations and features are when

17  you know exactly what you're looking for and we're going

18  to give you everything in our possession that we have

19  for you to make that analysis and determination.

20      MR. PEASE:  Okay.  Well, we don't think that's a

21  fair way to do it.  We think it would be a simple matter

22  for you to simply check with your engineers.  They could

23  check the sources that are available to them.  And a lot

24  of these could be resolved, we think, in probably five

25  or ten minutes.  I don't think a Vizio engineer is going

77f4ec83-2c90-47ba-aa05-e5422314e967

1   to need to go through every single user manual and
2   service manual to answer these questions.
3        MR. MCCRUM:  For over 100 products?
4        MR. PEASE:  Yeah, that's right.
5        MR. MCCRUM:  And you think --
6        MR. PEASE:  No, it's not a matter of memorizing
7   them.  A lot of them share the same chips.  A lot of
8   chips fall within the same class of families.  So all,
9   for example, media-type chips may be -- may allow the
10  processing of closed captioning information.  I suspect
11  they do given that civil law requires TVs to be able to
12  display closed caption information.
13       MR. MCCRUM:  Well, we have over 100 TVs and you're
14  asking us for each and every one of over 100 to
15  determine whether or not there are 11 features present?
16  And to think that that is just in the memory and
17  knowledge of our engineers and readily available is just
18  unreasonable.  It requires a lot more work than that.
19  And I mean beyond that, you know, what you guys mean by
20  menu displays capable of displaying in more than one
21  color and more than one brightness, does that mean you
22  can have a menu displayed in more than one color, you
23  can have it red at one period in time and then you can
24  change the color to blue a day later, is that what that
25  means?

1    MR. PEASE:  We think it's clear on its face what it
2    means.
3         MR. MCCRUM:  Well, it's not clear to me, Tom.  Tell
4    me if it means that.
5         MR. PEASE:  Well, I don't know whether it means
6    that or not.  We'll talk amongst ourselves; and if we
7    can give you more information on that, we'll do it.  But
8    to me, that's clear on its face.
9         MR. MCCRUM:  Well, you can't give me -- you can't
10   even answer me that question.  What about transparency,
11   menu display capable of displaying in more than one
12   level of transparencies?  Okay?  So does that mean today
13   I can look at it and it displays with 60 percent
14   transparency and then tomorrow I have the ability to
15   change it to 80 percent transparency?  Are you looking
16   for those TVs?  Is that what that means?
17        MR. KENNEDY:  Ryan, this is Todd.  I mean, you can
18   try to pick apart this very simple language as much as
19   you would like.  But a fair response to this
20   interrogatory would require you then to define what
21   Vizio believes the interrogatory to be asking for and
22   then provide some sort of response.  And Vizio hasn't
23   even tried to do that.  I'm not satisfied that there is
24   any way that we could define these terms in a way that
25   would satisfy Vizio enough to withdraw it's vague and

77f4ec83-2c90-47ba-aa05-e5422314e967

1   ambiguous objections.  I think that no matter how we

2   define these terms, Vizio is going to still point to

3   Rule 33(d) and refuse to provide us with a narrative

4   response and say that the terms are vague and ambiguous.

5       MR. MCCRUM:  Well, I don't know, but I don't think

6   that it should be Vizio's burden to go through and

7   interpret -- try to interpret what Sony is meaning.  I

8   have asked you some specific questions here and you guys

9   are not even willing to tell me whether or not these

10  interpretations are what you had in mind.

11      MR. PEASE:  I mean -- this is Tom.  You're asking

12  me for the first time in this phone call.  We have

13  exchanged correspondence on this and you didn't present

14  those questions beforehand.  I don't have the patent in

15  front of me, I'm not in the office right --

16      MR. MCCRUM:  Well, apparently --

17      MR. PEASE:  -- and I'm not going to answer that

18  without thinking about it.  But the fact is we think the

19  terms we used in that interrogatory and the features we

20  defined are clear and unambiguous on their face.  You

21  know, we're here and now you have these specific

22  questions.  Why didn't you give us those questions

23  beforehand and we could have thought it out and given

24  you a response?

25      MR. MCCRUM:  Well, I would have thought that having

77f4ec83-2c90-47ba-aa05-e5422314e967

1   laid them out in my letter, you would have thought about

2   them before this meet and confer.  These questions that

3   I'm asking you I'm reading from the letter sitting in

4   front of me that I sent you last Friday.  And I'm not

5   going to try to read your minds about what these things

6   mean, only to have you hold them against me and say,

7   aha, they said they had a menu display capable of

8   displaying a submenu or subordinate menu, which is a

9   limitation, a feature of the 373 patent, they admitted

10   they infringed.  And we're sitting here saying no, no,

11   no, that was something that we interpreted differently.

12   We're not going to have that happen.  I'm sitting here

13   asking these specific questions that I already provided

14   to you in advance of this call and no one can tell me

15   whether or not these features mean what we think they

16   mean on their face or something else.

17       MR. KENNEDY:  Ryan, this is Todd.  Let's look at

18   one of these in particular, which is letter (d), and

19   that is the capability to superimpose captions on

20   another image or on a background.  And in Vizio's

21   letter, Vizio complains that it's unclear what is meant

22   by the term captions.  Captions is a simple term.  It's

23   one that is not debatable in terms of its meaning.  Can

24   you explain how the word captions is ambiguous?

25       MR. MCCRUM:  Well, all I'm willing to say on this

1    is that when we attempted to look into this

2    interrogatory, we had a question from someone at Vizio

3    who asked us what is the difference between captions and

4    subtitles.  Some people might interpret these things to

5    mean the same thing and some people might interpret them

6    to mean different things.  So that raised the question

7    in our mind if someone working in this industry can't

8    pinpoint a definition for these things, I'm certainly

9    not going to try to, and it was ambiguous to us.

10       MR. PEASE:  Well, I'm just asking you how do you

11   think captions and subtitles are different?

12       MR. MCCRUM:  I don't know, that's why I have it in

13   my letter.  I'm not sure if they're different.  Why

14   don't you tell us.

15       MR. KENNEDY:  In letter (d), the feature that I

16   just read to you doesn't even mention subtitles.

17       MR. MCCRUM:  Well, (e) does.  How do they differ?

18   That is a define terms.  Tell me what caption means and

19   tell me what subtitles mean.

20       MR. PEASE:  This is Tom.  All you had to do then

21   was answer based on what your experts said.  You could

22   have said we -- it has -- our TVs allow caption and

23   subtitles to be displayed, unless of course subtitles

24   means "X," which it could mean according to our experts;

25   and therefore, if it means "X" and if it doesn't if

1      MR. PEASE:  Well, that's not true because you're
2   not making your engineer available to us.  I guarantee
3   if you ask the engineer, they'll be able to tell and
4   confirm that every one of your products allows closed
5   caption information to be displayed.
6      MR. MCCRUM:  We did make him available on the 7th,
7   8th, and 9th and Sony indicated that those were not good
8   dates.
9      MR. PEASE:  They were not good dates because we
10  have very few of your documents at this point.  So far
11  we haven't seen any source code.  There is a lot of the
12  documentation that we haven't seen yet.
13     MR. MCCRUM:  We don't have any source code, Tom.
14  We have given you -- we're almost done with our document
15  production.  We're going to give you everything that you
16  need that we have in our possession to answer this
17  interrogatory to the extent that it even can be answered
18  with knowledge in Vizio's possession.
19     MR. KENNEDY:  Okay.  Should we move onto No. 14?
20  Okay.  No. 14 requested Vizio for each of its
21  televisions, identify all of the additional television
22  standards with which it complies.  And the interrogatory
23  specifically lists a number of standards, including
24  EIA-708-B, which is the closed captioning standard and
25  it also lists the high-bandwidth digital content

# EXHIBIT F

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL: (415) 875-6600 FAX: (415) 875-6700

June 19, 2009

VIA E-MAIL

Steven Corr
Jones Day
555 South Flower St., 50F
Los Angeles, CA 90071

Re:   Sony Corporation v. Vizio, Inc., CV-08-01135 (C.D. Cal.)

Dear Steve:

I write in response to your letter of June 9, 2009 regarding Sony's deposition notices to Ramon Ramirez, Jeff Schindler, and Ken Lowe. Your letter stated that Ken Lowe is available for deposition on July 8, 9, or 10. However, we are not available to take Mr. Lowe's deposition on those dates. Please provide alternative dates for Mr. Lowe as well as dates for Mr. Ramirez and Mr. Schindler.

Also, your letter failed to confirm that Vizio has produced all responsive documents either in the possession of these witnesses or otherwise relating to them. Please confirm this as soon as possible. If Vizio produces documents relating to these witnesses either immediately before or at any time subsequent to their depositions, or if these deponents indicate at their depositions that there are responsive documents in their possession that were not produced to Sony, Sony reserves the right to re-open these depositions.

With respect to your proposal regarding the depositions of Sony witnesses, as previously stated, Sony will make its witnesses available in their country of residence. If you need to know the country of residence of any witness prior to serving a deposition notice, please contact us and we will get that information for you. In addition, for any depositions that take place in Japan, Sony will cooperate with Vizio with respect to the logistics of scheduling and carrying out such depositions. Please note, if you are not already aware, that depositions in Japan must take place

quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, 107-0052 | TEL +81 3 5561-1711 FAX +81 3 5561-1712
LONDON | 16 Old Bailey, London United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

at the U.S. embassy in Tokyo or at the U.S. consulate in Osaka and that it is advisable to reserve deposition rooms well in advance of the desired dates.

Very truly yours,

/s/

Peter Klivans

02347.51451/2979487.1

# PROOF OF SERVICE

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 3161 Michelson Drive, Suite 800, Irvine, California 92612. On August 25, 2009, I served a copy of the within document(s):

**VIZIO, INC.'S PORTION OF JOINT STIPULATION REGARDING SONY CORPORATION'S MOTION TO COMPEL A FURTHER RESPONSE TO SONY'S INTERROGATORY NOS. 11 AND 14**

**DECLARATION OF STEVEN J. CORR IN SUPPORT OF VIZIO'S PORTION OF JOINT STIPULATION REGARDING SONY CORPORATION'S MOTION TO COMPEL A FURTHER RESPONSE TO SONY'S INTERROGATORY NOS. 11 AND 14**

by transmitting via e-mail or electronic transmission the document(s) listed above to the e-mail address set forth below, pursuant to the agreement between the parties.

QUINN EMANUEL URQUHART
OLIVER & HEDGES, LLP
865 S. Figueroa Street, 10th Floor
Los Angeles, CA 90017

sony-vizio@quinnemanuel.com

Executed on August 25, 2009, at Los Angeles, California.

_Maria Castellanos_
Maria Castellanos