UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION, a Japanese corporation,<br><br>                 Plaintiff,<br><br>      v.<br><br>VIZIO, INC.,<br><br>                 Defendant. | NO. SA CV 08-1135 RGK (FMOx)<br><br>**ORDER Re: DISCOVERY MOTIONS** |

The court has reviewed and considered all the briefing filed with respect to the parties' "Joint Stipulation Regarding Vizio, Inc.'s Motion to Compel Expert Reports and Depositions, and to Compel Depositions of Sony Witnesses in the United States" ("Joint Stip." or "Motion"), and concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001, as amended Mar. 27, 2001).

**DISCUSSION**

I.    EXPERT REPORTS & DEPOSITIONS.

On April 6, 2009, the District Judge issued a Scheduling Order in this case ("Court's Order of April 6, 2009"), setting the discovery cut-off for November 1, 2009, the pretrial conference for January 10, 2010, and the jury trial for January 26, 2010. (Court's Order of April 6, 2009). On the same date, the District Judge issued an Order for Jury Trial, which states, in relevant part:

> If expert witnesses are to be called at trial, the parties shall exchange at the Final Pre-Trial Conference short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial. If reports of experts to be called at trial have been prepared, they shall be exchanged at the Final Pre-Trial Conference but shall not substitute for the narrative statements required.

(Order for Jury Trial at 3; Declaration of Steven J. Corr in Support of Joint Stip. Re Expert Discovery, Exh. 11 at 126).

Here, defendant Vizio, Inc. ("defendant" or "Vizio") requests that this court adopt its proposed schedule for expert discovery as follows: "exchange of opening expert reports on November 2, 2009; exchange of rebuttal expert reports on November 30, 2009; and expert depositions to take place in December 2000."[1] (See Joint Stip. at 13; see also id. at 8). Vizio contends that Sony's "refus[al] to agree to make its expert positions known to Vizio prior to the exchange of the 'short narrative statement' of the expected testimony to be provided at the Pre-Trial Conference . . . is unworkable in a case that will depend so heavily on expert testimony." (Id. at 13; see id. at 2). Vizio further argues that its proposed schedule for expert discovery is reasonable and complies with Federal Rules of Civil Procedure 26(a)(2) and 26(b)(4). (See id. at 1-2 & 13-15); Fed. R. Civ. P. 26(a)(2)(A)-(C) (requiring that "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence"; disclosure of an expert witness "must be accompanied by a written report" which "must contain . . . a complete statement of all opinions the witness will express and the basis and reasons for them;" and "[a]bsent a stipulation or a court order, the disclosures must be made . . . at least 90 days before the date set for trial or for the case to be ready for trial") & 26(b)(4)(A) ("A party may depose any person who

---

[1] According to Vizio, "[w]ith so many patents, claims, claim limitations and accused products, an earlier and more orderly expert disclosure and discovery process would allow the parties to be better prepared and would minimize surprises and permit trial time to be used most efficiently." (Joint Stip. at 13); (see also id. at 15) ("Vizio's proposed expert discovery schedule permits the parties a reasonable amount of time in advance of trial to discover, analyze, explore and define all the expert opinions that will be expressed, by either party in this case.").

has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.").

Vizio's reliance on Rule 26, however, is misplaced. Rule 26 specifically provides that "[a] party must make these disclosures [i.e., disclosure of an expert witness's identity accompanied by a written report of the expert's opinions] at the times and in the sequence that the court orders[,]" and requires that such disclosures be made at least 90 days prior to trial "[a]bsent a stipulation or a court order[.]" Fed. R. Civ. P. 26(a)(2)(C) (emphasis added). In this case, the District Judge's Order for Jury Trial explicitly states that "the parties shall exchange at the Final Pre-Trial Conference short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial." (Order for Jury Trial at 3) (emphasis added). The District Judge's Order also requires that reports prepared by expert witnesses "shall be exchanged at the Final Pre-Trial Conference[.]"[2] (Id.). To the extent Vizio takes issue with the deadlines set by the District Judge, or wishes to seek reconsideration of those deadlines, Vizio should raise those issues before the District Judge. (See Supplemental Declaration of Stephen J. Corr in Support of Supplemental Memorandum in Support of Joint Stip.("Supp. Corr Decl."), Supp. Exh. 1 at 7-8) (transcript of April 6, 2009, Scheduling Conference during which the District Judge stated: "Anything [the parties] can't agree on [with respect to Rule 26(f) issues], bring to me by way of written motion. . . . I have no problem deciding any issue you want to bring before the court but it has to be by written motion.").

II. LOCATION OF DEPOSITIONS.

Vizio moves to compel the depositions of Sony's witnesses, including its Rule 30(b)(6) witnesses, in the United States, more specifically, within the Central District. (See Joint Stip. at

---

[2] Sony states that, insofar as expert depositions are necessary, it "would stipulate – subject to the Court's approval – that such depositions could be taken during the week of January 11 or January 18." (Joint Stip. at 18); cf. Fed. R. Civ. P. 26(b)(4)(A) ("A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.").

3

1  3 & 19-23). Although the parties strongly dispute whether there was a proper meet and confer
2  conducted pursuant to Local Rule 37 with respect to the location of the depositions of Sony's
3  witnesses, (see, e.g., id. at 4, 8-12 & 23-24; Vizio's Supplemental Memorandum in Support of Joint
4  Stip. ("Supp. Memo.") at 1 & 4-5), the court believes that, under the circumstances, the merits of
5  the issue can be readily addressed given the presumption that the depositions of plaintiffs and/or
6  their employees must generally be taken in the district where the lawsuit was filed.[3]  In addition,
7  Sony has agreed to make its Rule 30(b)(6) witnesses available for deposition in the United States
8  (but not necessarily in the Central District).  (See Joint Stip. at 4, 5 & 23; Declaration of Heather
9  E. Belville in Support of Sony's Portion of Joint Stip. at ¶ 10; Supp. Corr Decl. at ¶ 2).

10         In any event, the deposition of a plaintiff, including a corporate plaintiff, its agents and
11 employees, must generally be taken in the forum in which the plaintiff filed suit, unless the plaintiff
12 can show good cause that the deposition should take place at another location.  See 7 Moore's
13 Federal Practice § 30.20[1][b][ii], at 30-40 (3d ed. 2009) ("[I]f the party deposed is a plaintiff or its
14 agent, deposition is generally appropriate at the litigation forum."); 8A Wright, Miller & Marcus,
15 Federal Practice and Procedure § 2112, at 75-77 (2d ed. 1994) ("As a normal rule plaintiff will be
16 required to make himself or herself available for examination in the district in which suit was
17 brought. Since plaintiff has selected the forum, he or she will not be heard to complain about
18 having to appear there for a deposition.  But this is at best a general rule, and is not adhered to
19 if plaintiff can show good cause for not being required to come to the district where the action is
20 pending.") (internal footnote omitted); HTC Corp. v. Tech. Properties, 2008 WL 5244905, at *1
21 (N.D. Cal. 2008) ("In determining the appropriate place for depositions, the trial court has broad
22 discretion.  However, as a general rule, plaintiff will be required to make himself or herself
23 available for examination in the district in which suit was brought.") (internal quotation marks and
24 citations omitted); Lexington Ins. Co. v. Commonwealth Ins. Co., 1999 WL 33292943, at *9 (N.D.
25 Cal. 1999) (general rule that "plaintiff will be required to make himself or herself available for

---

[3] However, the parties should note that the court will not consider any further discovery disputes or motions without a proper meet and confer and joint stipulation that comply with the requirements of this Order and Local Rule 37.

4

1  examination in the district in which suit was brought[]" also "appli[es] to plaintiff's agents and
2  employees[]") (internal quotation marks and citations omitted).

3     Here, plaintiff Sony chose the Central District as the forum for its suit against Vizio. Indeed,
4  Sony acknowledges that, if the court were to consider the merits of this discovery issue, Sony
5  must establish good cause for each of its Japan-based witnesses not to appear for deposition in
6  the Central District. (See Joint Stip. at 25-26); see, e.g., HTC Corp., 2008 WL 5244905, at *2
7  (ordering that depositions of plaintiff's 30(b)(6) witnesses and non-30(b)(6) designated officers,
8  directors, or employees take place in forum district, rather than Taiwan, "without prejudice to any
9  party's ability to move for an exception for any individual deposition, should the parties' vigorous
10 meet and confer efforts fail[]" because the court could not "contemplate every possible factual
11 scenario that may arise as to a particular deponent and the possible unfairness or
12 unreasonableness of him or her having to travel to the Northern District of California"); cf. 7
13 Moore's Federal Practice § 30.20[1][b][ii], at 30-42 (3d ed. 2009) (noting that courts "retain
14 substantial discretion to designate the site of a deposition," and commonly apply this discretion
15 "to require a corporate plaintiff to make officers available in the forum state it chose[]"); Hyde &
16 Drath v. Baker, 24 F.3d 1162, 1166 (9th Cir. 1994, as amended July 15, 1994) (stating that "[a]
17 district court has wide discretion to establish the time and place of depositions[]" and finding no
18 abuse of discretion in ordering depositions to occur in San Francisco where special master "noted
19 that [plaintiffs] had done business and filed suit in the Northern District of California and should
20 therefore expect to have to appear there[]"). Given Sony's failure to establish good cause for any
21 specific witness as to why his or her deposition should not be conducted in the Central District,
22 (see Joint Stip. at 24 & 25-26), the court will order that Sony produce its employees and agents
23 for their deposition in this District. See Del Castillo v. Washington State Dep't of Soc. and Health
24 Services, 2007 WL 30873, at *2 (W.D. Wash. 2007) ("[A]s a normal rule, a plaintiff will be required
25 to make herself available for a deposition in the district in which she filed suit. [Plaintiff] fails to
26 provide the court with specific reasons why she cannot make herself available for a deposition in
27 this district. Absent such a showing, the court cannot accede to her request that she be deposed
28 in a district different from the one in which she chose to file suit.") (internal citations omitted);

5

Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 630 (C.D. Cal. 2005) ("Other than the general presumption regarding the holding of corporate depositions in the corporation's principal place of business, plaintiff proffers absolutely no rationale for requiring the depositions in this case not be taken in Los Angeles.").[4]

Moreover, although Sony argues that "[t]he presumption is that a deponent will be deposed at his residence[,]" (Joint Stip. at 24), this presumption is generally applied only to defendants.[5] See HTC Corp., 2008 WL 5244905, at *2 ("[A]lthough there is a general presumption that the deposition of a corporate party should be taken at its place of business, . . . courts primarily apply this rule to defendants, since plaintiffs have the luxury of choosing the forum."); HIMC Corp. v. Ramchandani, 2008 WL 706794, at *2 (W.D. Wash. 2008) ("the initial presumption is that a defendant should be examined at his residence or the principal place of business") (emphasis added); Lexington Ins. Co., 1999 WL 33292943, at *9 ("Although Plaintiffs have cited a number of cases in support of their contention that their 30(b)(6) witnesses should be deposed at Plaintiffs' principal places of business, in these cases the corporate representatives sought to be deposed

---

[4] Vizio argues for the first time in its Supp. Memo. that "Sony must also bring at least the lead inventor of each asserted patent to the Central District to serve as a Rule 30(b)(6) deponent on the patent issues of inventorship, conception and reduction to practice." (Supp. Memo. at 1; see id. at 2-3); (see also Supp. Corr Decl. at ¶¶ 2 ("On August 11, 2009, Sony stated that it would produce its 30(b)(6) witnesses in the U.S., but was unwilling to designate the lead inventors of the asserted patents to testify as 30(b)(6) witnesses.") & 4-5). The issue of who Sony identifies as its Rule 30(b)(6) deponent(s) and whether such identification was proper is not before the court at this time.

[5] Thus, the cases to which Sony cites in support of its argument are inapposite. (See Joint Stip. at 24); Zakre v. Norddeutsche Landesbank Girozentrale, 2003 WL 22208364, at *1-2 (S.D.N.Y. 2003) (considering whether the general presumption favoring deposition at the deponent's residence was "overcome by a showing that factors of cost, convenience, and litigation efficiency militate in favor of an alternate location[]" where plaintiff sought to depose defendant's employee in New York rather than Germany) (internal quotation marks and citation omitted); Six West Retail Acquisition v. Sony Theatre Management Corp., 203 F.R.D. 98, 99 & 107-08 (S.D.N.Y. 2001) (considering appropriate location for depositions of defendant's corporate officers who both worked and resided in Japan, noting the "general presumption that a defendant's deposition will be held in the district of his residence[,]" and considering whether plaintiff had overcome the presumption by "showing that factors of cost, convenience, and litigation efficiency militate in favor of holding the deposition outside of the witness' district[]") (internal quotation marks and citations omitted).

6

were representatives of a *defendant* rather than a plaintiff.") (italics in original); see also 7 Moore's Federal Practice § 30.20[1][b][ii], at 30-40 to 30-41 (3d ed. 2009) ("The deposition of a nonresident defendant is generally conducted at the defendant's 'place of residence.'"); 8A Wright, Miller & Marcus, Federal Practice and Procedure § 2112, at 80-81 (2d ed. 1994) ("Because of the weight given plaintiff's choice of forum, . . . courts are more willing to protect defendant from having to come to the forum for the taking of his or her deposition than they are in the case of plaintiffs.").

**This Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. Defendant Vizio, Inc.'s Motion to Compel Expert Reports and Depositions, and to Compel Depositions of Sony Witnesses in the United States **(Document No. 88)** is **granted in part and denied in part**. Absent an agreement by the parties, Sony shall make all of its Rule 30(b)(6) witnesses available to be deposed in the Central District of California.

2. The parties are hereby ordered to comply strictly with Local Rule 37 in the event any party believes that it may be necessary to file a discovery motion. The moving party's counsel shall initiate the meet and confer process required by Local Rule 37 by preparing and serving the letter required by Local Rule 37-1. The parties shall conduct all meet and confer sessions in person. See Local Rule 37-1. The opposing party's counsel or, for that matter, any party that receives a letter pursuant to Local Rule 37-1, must make himself or herself available for a meet and confer (as specified in Local Rule 37) within ten (10) calendar (not business) days of the date of the letter. All meet and confer letters must be served by fax and U.S. mail on the day the letter is dated. The Joint Stipulation must include copies of all meet and confer letters as well as a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where it took place, how long it lasted and the position of each attorney with respect to each disputed discovery request). In addition, the meet and confers must be transcribed by a court reporter. If the transcript(s) of the meet and confer(s) do(es) not demonstrate a good faith effort by the parties to resolve each issue and discovery request in dispute, the motion will either be denied or sanctions will be imposed for failure to participate in the meet and confer process in good faith.

The costs of the court reporter shall be divided equally between the parties. The court will not consider any future discovery motions in this matter unless the transcript of the meet and confer is included as part of the joint stipulation papers.

3. As part of the meet and confer process, the moving party is required to "specify the terms of the discovery order to be sought." Local Rule 37-1. Local Rule 37-2.1 implements this requirement by requiring, as part of the Joint Stipulation, that each party "state how it proposed to resolve the dispute over that issue at the conference of counsel." This must be included in all Joint Stipulations. To the extent a certain number of discovery requests involve the same issue(s), the parties may group those requests under one section heading and set forth their position with respect to those requests.

4. The parties are hereby advised that, absent a stay of this Order by this court or the District Judge, they must comply with all of its provisions, i.e., the filing of a motion for review of this court's decision is not sufficient to suspend defendant's obligations to comply with the court's order. See Local Rule 72-2.2 ("Regardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the Magistrate Judge or the District Judge."); Tinsley v. Kemp, 750 F.Supp. 1001, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay – even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities."). A magistrate judge's decisions "should not be considered ineffective, advisory, or nonfinal simply because they may be reviewed by the district court." Kimbrell v. ADIA, S.A., 834 F.Supp. 1313, 1317 (D. Kan. 1993). "Decisions by a magistrate judge on nondispositive motions are intended to be effective unless overturned by the district judge, just as decisions of a district judge are intended to be effective unless overturned by a circuit court." Id.

///

///

5. The failure of any party or attorney to comply with the requirements of this Order, the Local Rules and Federal Rules of Civil Procedure may result in sanctions being imposed.

1  Dated this 9th day of October, 2009.

3                                                              /s/
                                                      Fernando M. Olguin
4                                                 United States Magistrate Judge