1  Kevin G. McBride (Ca. Bar No. 195866)
   kgmcbride@jonesday.com
2  Steven J. Corr (Ca. Bar No. 216243)
   sjcorr@jonesday.com
3  JONES DAY
   555 S. Flower Street, 50th Floor
4  Los Angeles, CA 90071
   Telephone:  (213) 489-3939
5  Facsimile:   (213) 243-2539

6  James L. Wamsley III
   (*admitted pro hac vice*)
7  jlwamsleyiii@jonesday.com
   JONES DAY
8  901 Lakeside Avenue
   Cleveland, OH  44114-1190
9  Telephone:  (216) 586-3939
   Facsimile:   (216) 579-0212
10
   Attorneys for Vizio, Inc.
11

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION,<br><br>            Plaintiff,<br><br>     v.<br><br>VIZIO, INC.,<br><br>            Defendant. | Case No. CV-08-01135-RGK(FMOx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF VIZIO'S MOTION TO AMEND THE SCHEDULING ORDER WITH REGARD TO EXPERT REPORTS AND DEPOSITIONS**<br><br>**JUDGE:  HON. R. GARY KLAUSNER**<br><br>**HEARING:** 9:00 A.M. ON NOVEMBER 2, 2009 |

Pursuant to Local Rule 7, Defendant Vizio, Inc. ("Vizio") hereby moves to amend the Court's Scheduling Order (Dkt. # 48) with regard to expert reports and expert depositions. Vizio originally filed a motion requesting that the Court compel expert reports and depositions under Local Rule 37 as a discovery matter. (*See* Dkt. ## 88-91.) Magistrate Judge Olguin, however, declined to rule on the issue and indicated that "Vizio should raise th[e] issue[] before the District Judge." (Dkt. # 129 at 3:13-15.)

I.     **INTRODUCTION**

This is a patent infringement case, involving ten (10) patents that relate to television technology.[1] Moreover, Sony has asserted fifty (50) patent claims, and has accused approximately one hundred fifty (150) Vizio products of infringement. It is imperative that the parties engage in meaningful expert discovery as the parties prepare this large and complex case for trial – currently scheduled for January 26, 2010. But there is no schedule set for the orderly exchange of expert reports or expert discovery. Vizio believes that such a schedule is necessary to properly frame for trial the many detailed technical and damages issues that will involve expert testimony.

Rule 26 of the Federal Rules of Civil Procedure requires the submission of expert reports for any "witness . . . retained or specially employed to provide expert testimony," unless otherwise ordered by the Court. Such reports "must contain a complete statement of all opinions the witness will express and the basis and reasons for them." *Id*. Unless otherwise ordered by the Court, expert reports "must be made at least 90 days before the date set for trial." *Id*. Experts may be deposed by any party, but only "after the report is provided." *Id*.

In accordance with Rule 26 and in view of the complexity of this case, Vizio proposes that the parties exchange opening expert reports on November 9, 2009,

---

[1] In addition, the consolidated case, No. 09-cv-01043, involves four other Sony patents.

MOTION TO AMEND THE SCHEDULING
ORDER WITH REGARD TO EXPERT                                      Case No. CV-08-01135-RGK(FMOx)
REPORTS AND DEPOSITIONS                    - 1 -

1   approximately 90 days before trial, followed by rebuttal expert reports on
2   December 4, 2009.² Vizio also proposes conducting expert depositions in
3   December, 2009. Vizio's seeks to ensure that the parties are able to conduct expert
4   discovery in an efficient and orderly manner in advance of trial in January 2010,
5   and to also ensure an efficient and orderly trial.

6   Even though Sony has acknowledged that "expert . . . discovery [is] likely to
7   be needed[]" in this case (Dkt. # 44 at 5), Sony has refused to agree to any schedule
8   for the exchange of expert reports and expert depositions before the Final Pre-Trial
9   Conference on January 10, 2010. According to Sony, proposed expert testimony
10  should be disclosed only by means of an exchange of short narrative descriptions of
11  the testifying experts' qualifications and proposed testimony only two weeks before
12  trial, leaving virtually no time to conduct expert depositions before trial.

13  Sony's proposal simply will not work. This is a complex case involving
14  infringement, invalidity, and damages issues under a large number of patents. As is
15  the norm with patent cases, extensive expert testimony will be required on these
16  issues, and it would be both impractical and inefficient to limit expert disclosures to
17  the exchange of narrative statements two weeks before trial. Under Sony's
18  proposal, there would not be enough time for the parties to prepare their case for
19  trial or even take depositions of the experts in the two short weeks remaining prior
20  to the beginning of trial. The Court's Scheduling Order clearly does not preclude
21  the parties from following the usual practice under Rule 26 of exchanging detailed
22  expert reports earlier in the case. Indeed, the Court's Scheduling Order even
23  references such reports.

24  So that the parties to prepare for trial in an orderly manner, Vizio respectfully
25  requests that the Court amend its scheduling order as follows:

26
27  ² Given that the hearing date for this motion falls on the original date proposed for the exchange of opening expert reports, Vizio has slightly modified the proposed dates in this motion in order to provide the Court sufficient time to
28  rule on these issues.

MOTION TO AMEND THE SCHEDULING
ORDER WITH REGARD TO EXPERT                                    Case No. CV-08-01135-RGK(FMOx)
REPORTS AND DEPOSITIONS              - 2 -

1    Nov. 9, 2009:    Exchange of opening expert reports
2    Dec. 4, 2009:    Exchange of rebuttal expert reports
3    Dec. 2009:       Expert depositions (TBD)

## II.   BACKGROUND

Vizio has made numerous attempts to arrange a mutually acceptable schedule for expert discovery, but has met nothing but resistance from Sony at every turn. The parties' meet-and-confers regarding expert reports and depositions date back to at least February 27, 2009, when the parties held a meet and confer to discuss scheduling issues. The parties met and conferred again on March 12, 2009 to discuss these issues further. Because the parties were unable to reach an agreement on this subject, they submitted a Rule 26(f) Report with competing proposals on March 30, 2009.

Thereafter, the Court issued a Scheduling Order that did not address the issue of whether the parties were to exchange expert reports in the manner contemplated by Rule 26(a)(2). The Scheduling Order requires the parties to provide "short narrative statements" for any expert witness who will provide trial testimony at the Pre-Trial Conference. (Dkt. # 48 at 3.) The Court's Order does not address whether the normal procedure of Rule 26 providing for an exchange of detailed expert reports followed by expert depositions well in advance of the Pre-Trial Conference will be followed. Indeed, at the scheduling conference, the Court encouraged the parties to work together to resolve issues such as this one on which they had been unable to reach agreement.

Following the advice of the Court, on July 8, 2009, Vizio requested an in-person meet-and-confer with Sony regarding, *inter alia*, a schedule for exchanging expert reports and conducting expert discovery. (Exh. 1.)[3] Sony agreed to discuss the issue of expert discovery in an informal manner. (Exh. 2 (July 16, 2009 letter).)

---

[3] References to Vizio's exhibits refer to those attached to the Declaration of Steven Corr, attached hereto.

MOTION TO AMEND THE SCHEDULING
ORDER WITH REGARD TO EXPERT                              Case No. CV-08-01135-RGK(FMOx)
REPORTS AND DEPOSITIONS                - 3 -

1    The parties discussed expert discovery in a July 17, 2009 meet and confer.
2  (Exh. 3, July 17, 2009 M&C Tr.)  Vizio proposed "that [the parties] exchange
3  opening expert reports on November 2nd, and that [the parties] exchange rebuttal
4  reports on November 30th, and then [the parties] would do expert depositions in the
5  month of December . . . ."  (*Id.* at 22:3-7.)  Vizio expressed concern that "given the
6  [case] schedule . . .we obviously can't do [expert discovery] any later than that
7  because we have got a trial in January."  (*Id.* at 22:10-12.)  Based on the parties'
8  correspondence, Vizio noted that "it wasn't even clear . . . whether or not Sony was
9  going to be willing to engage in formal expert reports and discovery."  (*Id.* at 22:24-
10 23:2.)  Sony responded that it would "consider [the proposed expert discovery] and
11 get back to [Vizio]."  (*Id.* at 22:16-17; *see also id.* at 23:11-13.)
12   On July 21, 2009, Vizio requested another in-person meet-and-confer to
13 discuss expert reports and expert discovery.  (Exh. 4.)  Vizio repeated that "these
14 are issues that need immediate attention, and if not resolved this week, will have to
15 be brought to the attention of the Court."  (*Id.*)  Sony responded on July 22, 2009,
16 stating that it "would be happy to discuss the issue in an informal manner, after the
17 transcribed portion of the parties' meet-and-confer [on July 23, 2009]."  (Exh. 5.)
18 During that meet-and-confer, Sony did not accept Vizio's proposal, but promised an
19 answer by the end of the next week.
20   The parties held yet another meet-and-confer on July 29, 2009, in which
21 Sony rejected Vizio's proposal, and refused to agree to provide expert reports or
22 conduct any expert discovery apart from the disclosure of narrative statements at
23 the Final Pre-Trial Conference, scheduled to take place on January 10, 2010.
24   Vizio filed a motion to compel seeking, *inter alia*, the exchange of expert
25 reports and depositions on August 12, 2009.  (*See* Dkt. ## 88-91.)  Vizio's motion
26 was pending until October 9, 2009, when Magistrate Judge Olguin ruled that Vizio
27 should address the issue of expert reports and depositions to the District Judge.
28 (Dkt. # 129 at 3:13-15.)  To date, Sony has not changed its position.

1   It is against this backdrop that Vizio must now seek assistance a second time,
2   this time from the Court, to resolve this issue.

3   **III.   ARGUMENT**

4   Expert discovery regarding the complex technological issues in this case is
5   necessary, as it is in virtually every high-technology patent case.  Indeed, Sony
6   itself acknowledged its "belie[f] that expert . . . discovery [is] likely to be needed[]"
7   in the parties' Joint Rule 26(f) Report.  (Dkt. # 44 at 5:18-19.)  A trial in this case
8   will require that each side present extensive opinion testimony on the detailed
9   limitations of each patent claim at issue – whether in reference to the accused
10  products, the prior art or other issues.  Yet Sony refuses to agree to make its expert
11  positions known to Vizio prior to the exchange of the "short narrative statement" of
12  the expected testimony to be provided at the Pre-Trial Conference.  This refusal to
13  agree to engage in meaningful pretrial expert disclosure and discovery is
14  unworkable in a case that will depend so heavily on expert testimony.

15  To that end, Vizio proposed the following schedule:  exchange of opening
16  expert reports on November 2, 2009; exchange of rebuttal expert reports on
17  November 30, 2009; and expert depositions to take place in December 2009.  The
18  Final Pre-Trial Conference will take place soon after, on January 10, 2010,
19  followed by Trial, which is set to begin on January 26, 2010.  With so many
20  patents, claims, claim limitations and accused products, an earlier and more orderly
21  expert disclosure and discovery process would allow the parties to be better
22  prepared and would minimize surprises and permit trial time to be used most
23  efficiently.

24  Vizio's proposed expert discovery schedule permits the parties a reasonable
25  amount of time in advance of trial to discover, analyze, explore and define all the
26  expert opinions that will be expressed, by either party, in this case.  *See*
27  *Philadelphia Nat'l Bank v. Dow Chem. Co.*, 106 F.R.D. 342, 343 (E.D. Pa. 1984)
28  (granting motion to compel exchange of expert reports, "emphasiz[ing] that expert

testimony at trial will be circumscribed by the information produced . . . and . . . urg[ing] all parties to provide candid and comprehensive reports."). With a complete picture of all experts' opinions, the parties can focus their efforts on preparing their cases for trial in an efficient and orderly manner. Indeed, orderly and efficient expert discovery, along the lines of Vizio's proposal, is contemplated by the Federal Rules of Civil Procedure and plays an important role in almost every patent case. *See* Fed. R. Civ. P. 26(a)(2)(A)-(D), 26(b)(4)(A); *see also, e.g.*, *Innogenetics, N.V. v. Abbott Labs.*, 512 F.3d 1363, 1375 (Fed. Cir. 2008) (noting that, absent a report setting forth "proposed content of . . . expert testimony, [the opposing party] would not have been able to prepare an adequate deposition or cross-examination.").

This Court in prior cases has ordered the type of expert discovery schedule that Vizio is proposing. For example, in *Katz Interactive Call Processing*, the Court adopted a schedule that permitted the parties to exchange opening expert reports (February 29, 2008), rebuttal reports (March 21, 2008) and expert depositions (February 29-April 14, 2008) near the end of fact discovery. Order No. 4 at 2, No. 2:07-ml-01816-RGK-FFM, Dkt. # 705 (C.D. Cal. Nov. 30, 2007) (Exh. 6.) Vizio requests that the same type of schedule be entered here.

Sony, for its part, appears to oppose any expert discovery or even any disclosure of expert opinions prior to the Pre-Trial Conference scheduled for January 10, 2010, two weeks before trial begins. Under Sony's proposed timeline, the only information that parties would be required to provide is to "exchange the required short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial" and nothing more.

Sony's position creates substantial practical obstacles as the parties prepare this case for trial and creates opportunities for unfair surprise. If no expert disclosures are provided until two weeks before trial, there will be inadequate time for expert depositions prior to trial, in contravention of Rule 26(b)(4) of the Federal

Rules of Civil Procedure. *See Innogenetics*, 512 F.3d at 1375. And, to the extent there are any deficiencies in the parties' exchanges of proposed testimony, there will be no time for the parties to file motions to compel in advance of trial. *See Intercargo Ins. Co. v. Burlington N. Santa Fe R.R.*, 185 F. Supp. 2d 1103, 1107 (C.D. Cal. 2001) (denying motion to exclude experts because opposing party did not seek to compel more adequate disclosure of expert testimony within a reasonable time of service of expert reports).

## IV.   CONCLUSION

For all of the foregoing reasons, Vizio's motion to amend the Scheduling Order with regard to expert reports and expert depositions should be granted.

Dated:      October 12, 2009            Respectfully submitted,

/s/  Steven J. Corr
Kevin G. McBride
Steven J. Corr
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

James L. Wamsley III (*pro hac vice*)
jlwamsleyiii@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:   (216) 579-0212

Attorneys for Defendant and
Counterclaimant Vizio, Inc.