# Exhibit 2

Exhibit 2 Page 8

**quinn emanuel** trial lawyers | san francisco

50 California Street, 22nd Floor, San Francisco, California 94111 | TEL: (415) 875-6600 FAX: (415) 875-6700

July 16, 2009

<u>VIA E-MAIL</u>

Ryan McCrum, Esq.
Jones Day
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190

Re:   <u>Sony Corporation v. Vizio, Inc.</u>

Dear Ryan,

I write in response to your July 8, 2009 letter requesting a Local Rule 37 meet-and-confer.

<u>Vizio's Interrogatory No. 1</u>

It is becoming readily apparent that Vizio is more interested in manufacturing disputes for the Court than it is in preparing its case for trial on the merits. As you know, Sony has now supplemented its 1000+ page response to this interrogatory twice and has agreed to supplement its response yet again on July 31 to include information set forth in Vizio's recently-produced service manuals. As you also know, Sony has agreed to further supplement its response to this interrogatory after Sony has received additional information set forth in chip specifications and other documents (including firmware and the like) that we expect Vizio and third parties to produce. Further, Sony has agreed to supplement its response after inspection Vizio's products. In light of these promises to supplement, your statement that the parties are at an impasse is disingenuous, belied by the record, and a transparent effort to create a false record. If Vizio moves to compel prior to reviewing Sony's forthcoming July 31, 2009 supplemental response, Sony will not only oppose that request, but will ask the Court to order Vizio to reimburse Sony for all costs incurred as a result of such a premature motion.

**quinn emanuel urquhart oliver & hedges, llp**
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SILICON VALLEY | 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065 | TEL (650) 801-5000 FAX (650) 801-5100
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, 107-0052 | TEL +81 3 5561-1711 FAX +81 3 5561-1712
LONDON | 16 Old Bailey, London United Kingdom | TEL +44(0) 20 7653 2000 FAX +44(0) 20 7653 2100

Exhibit 2 Page 9

In addition, it is inappropriate for Vizio to attack the sufficiency of Sony's claim charts when Vizio is intentionally withholding information that Sony would like to include in those charts. Vizio and its counsel obviously have access to highly relevant technical documentation that has not been produced to Sony despite long outstanding discovery requests. We know, for example, from Vizio's documents that Vizio engineers have access to source code relating to the accused products, but Vizio has not produced that source code. Indeed, after rejecting the source code protections set forth in Sony's proposed protective order (which were previously adopted by Judge Olguin in the Westinghouse case) and forcing Sony to the tweak those provisions over the course of several weeks, we were quite surprised by Vizio's statement during the parties' June 22, 2009 meet-and-confer that "[w]e don't have any source code." (Tr. at 25:13.) Similarly, you informed us in your May 20, 2009 letter that a Vizio television "does not change a gamma correction curve responsive to the average luminance level. Rather, it analyzes the entire frame to generate a histogram distribution that accumulates luminance data into 32 bins. The luminance level is enhanced for the histogram bins with high concentrations of data. The average luminance is not considered." Although Vizio apparently contends that this operation establishes noninfringement of the '182 patent, Vizio's response to Sony's Interrogatory No. 3, which requires Vizio to disclose its noninfringement contentions, omits this contention. Nor have we seen a single document in Vizio's production that reflects this allegedly non-infringing operation.

Please understand that if Vizio and its counsel have access to, and are relying on, documents responsive to Sony's document requests, but have not produced those documents based on some hypertechnical analysis of what it means for a document to be within Vizio's "possession, custody or control" we intend to raise that issue with the Court and reserve the right to seek the strongest available sanctions.

### Limiting the Number of Asserted Claims

Although Sony is willing to consider limiting the number of asserted patent claims and attempt to reach agreement with Vizio concerning representative products, such an agreement is not possible at this time given the state of Vizio's production. Nevertheless, Sony is willing to discuss any specific proposal that Vizio might have to that end.

### Expert Reports and Expert Discovery

Although Sony would be happy to discuss with Vizio a schedule for expert discovery, tomorrow's Local Rule 37 conference is not a proper forum for such a discussion. Local Rule 37 requires the moving party to "state briefly with respect to each . . . issue/request the moving party's position." Vizio's Local Rule 37 letter does not set forth any position regarding the schedule for expert discovery. Because Vizio has not disclosed its position, and because Sony has not had any time to consider it, it would be unfair to expect Sony to discuss this issue during a transcribed conference. Sony is, however, happy to discuss the issue next week in an informal manner. Please let us know when Vizio is available.

Interrogatory No. 19

Vizio's Interrogatory No. 19 is improper. Sony stands by its objections and would be happy to share with you tomorrow the bases for those objections.

Interrogatory No. 20

Vizio's decision to completely alter its invalidity contentions one court day before Sony's response to Interrogatory No. 20 was due made it impossible for Sony to provide Vizio with a claim chart for each prior art reference. Because Vizio did not provide Sony with a redline indicating what changes it had made to its voluminous invalidity contentions, Sony could not determine whether and to what extent Vizio had modified its citations to the prior art references. In any event, as you are aware, Sony has agreed to supplement its response to Interrogatory No. 20 on Monday, August 3 to provide Vizio with the claim charts it seeks.

Third-Party Subpoenas

Sony has received very few documents from the subpoenaed third parties. Sony will produce all such documents to Vizio in its next major production. Sony will continue to produce all such documents to Vizio on a rolling basis, and within a reasonable time of receiving them.

Westinghouse Documents

All documents that Vizio requested from the Westinghouse litigation have now been produced. Accordingly, there is no need to meet and confer regarding this issue.

Best regards,

Todd Kennedy