

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SONY CORPORATION, a Japanese corporation, | NO. SA CV 08-1135 RGK (FMOx) |
| Plaintiff, | |
| v. | **ORDER Re: DISCOVERY MOTION** |
| VIZIO, INC., | |
| Defendant. | |

The court has reviewed the parties' "Joint Stipulation Regarding Sony Corporation's Motion to Compel Vizio's Privilege Log" ("Joint Stip."), filed on October 7, 2009, and concludes that Sony Corporation's Motion to Compel Vizio's Privilege Log ("Motion") should be denied without prejudice for failure to comply with Local Rule 37.

Local Rule 37-1 requires counsel for the moving party to serve a letter on opposing counsel requesting a pre-filing conference of counsel. "The moving party's letter shall identify each issue and/or discovery request in dispute, shall state briefly with respect to each such issue/request the moving party's position (and provide any legal authority which the moving party believes is dispositive of the dispute as to that issue/request), and specify the terms of the discovery order to be sought."  Local Rule 37-1.  The parties "shall formulate a written stipulation[]" only "[i]f counsel are unable to settle their differences[.]"  Local Rule 37-2.

Other than a general statement, which Sony relegates to a footnote, that, "[p]ursuant to Local Rule 37-1, the parties have conducted several pre-filing conferences of counsel by letter (July 13, 2009, July 17, 2009, August 14, 2009, August 21, 2009, and September 23, 2009) and have met and conferred in-person (May 11, 2009 and July 23, 2009), which were transcribed by a court reporter[,]" (Joint Stip. at 1 n. 1) (internal citations omitted), nothing in the record establishes that Sony complied with its obligations under Local Rule 37-1 with respect to the instant discovery dispute, i.e., the adequacy of Vizio's privilege log.

Vizio produced its privilege log, on September 8, 2009.  Aside from Sony's September 23, 2009, letter, all of the letters and in-person meet and confer sessions Sony references pre-date the September 8, 2009, privilege log production.  (See, generally, Declaration of Heather Belville in Support of Joint Stip. ("Belville Decl."), Exhs. E, F, G, H, J & K; Declaration of Steven J. Corr in Support of Joint Stip. ("Corr Decl."), Exh. 5).  Sony's September 23, 2009, letter, which was sent more than two weeks after Vizio produced its privilege log, is the first time Sony described in detail the alleged deficiencies in Vizio's privilege log.  (See Belville Decl. at ¶ 10 & Exh. I).  Sony's letter, however, did not request an in-person prefiling conference pursuant to Local Rule 37-1.  (See id., Exh. I at 1-2; see also Joint Stip. at 9, 17 & 19).  Instead, Sony's letter "request[ed] that Vizio provide a complete privilege log by Friday, September 25, 2009[,]" and advised Vizio that if it "continue[d] to refuse to provide a privilege log, further involvement of the Court will be necessary." (Belville Decl., Exh. I at 2).  Further evidence of Sony's failure to comply with Local Rule 37 is the fact that Sony provided Vizio with its portion of the Joint Stip. on September 28, 2009, (see Joint Stip. at 2, 11 & 19), a mere five days after sending its September 23, 2009, letter, and before the time for holding a Local Rule 37-1 prefiling conference would have expired, had Sony requested such a conference.  See Local Rule 37-1 ("Unless relieved by written order of the Court upon good cause shown, counsel for the opposing party shall confer with counsel for the moving party within ten (10) calendar days after the moving party serves a letter requesting such conference.").

In addition, as part of the meet and confer process, the moving party is required to "specify the terms of the discovery order to be sought."  Local Rule 37-1.  Local Rule 37-2.1 implements this requirement by requiring, as part of the Joint Stipulation, that each party "state how it

proposed to resolve the dispute over the issue at the conference of counsel." This is not included in Sony's portion of the Joint Stipulation, (see, generally, Joint Stip. at 1-2, 3-6 & 10-17), presumably because no such conference was held with respect to the adequacy of Vizio's September 8, 2009, privilege log production.

Finally, it appears that Vizio has addressed the deficiencies alleged by Sony in a supplemental privilege log served on October 7, 2009, the same day Sony filed the instant Motion. (See Joint Stip. at 2-3, 17-18, 19-20, 22 & 23); (see also Corr Decl., Exh. 2 at 1) (September 30, 2009, letter from Vizio's counsel to Sony's counsel stating that "Vizio provided a privilege log, which will be supplemented this week.").

Based on the foregoing, IT IS ORDERED THAT:

1. The hearing set for October 28, 2009, is hereby **vacated**.

2. Sony Corporation's Motion to Compel Vizio's Privilege Log **(Document No. 127)** is **denied without prejudice**. If Sony wishes to refile the Motion, the parties are ordered to comply strictly with Local Rule 37. Sony's counsel shall initiate the meet and confer process required by Local Rule 37. The Joint Stipulation must include copies of all meet and confer letters as well as include a declaration that sets forth, in detail, the entire meet and confer process (i.e., when and where the in-person meet and confer conference took place, how long it lasted and the position of each attorney with respect to each disputed issue).

Dated this14th day of October, 2009.

_____
/s/
Fernando M. Olguin
United States Magistrate Judge

3