QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
 Kevin P.B. Johnson (Bar No. 177129)
 kevinjohnson@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065
Telephone:   (650) 801-5000
Facsimile:    (650) 801-5100

 Steven M. Anderson (Bar No. 144014)
 stevenanderson@quinnemanuel.com
865 S. Figueroa Street, 10th Floor
Los Angeles, California  90017
Telephone:   (650) 801-5000
Facsimile:    (650) 801-5100

WILLIAMS & CONNOLLY LLP
 Gerson A. Zweifach (Admitted *pro hac vice*)
 gzweifach@wc.com
 Thomas G. Hentoff (Admitted *pro hac vice*)
 thentoff@wc.com
725 12th Street NW
Washington, D.C. 20005
Telephone:   (202) 434-5000
Facsimile:    (202) 434-5029

Attorneys for Plaintiff/Defendant Sony
Corporation and Consolidated Defendant
Sony Corporation of America

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, | CASE NO. CV08-1135 RGK (FMOx) |
| Plaintiff, | **DISCOVERY MATTER** |
| vs. | **SONY'S SUPPLEMENT BRIEF RE: MOTION TO COMPEL A FURTHER RESPONSE TO SONY'S INTERROGATORY NO. 20** |
| VIZIO, INC., | |
| Defendant. | Hearing Date:     October 28, 2009<br>Hearing Time:     10:00 a.m.<br>Before:     Hon. Fernando M. Olguin |

1   Sony's motion to compel should be granted, and Vizio should be required to
2   provide a full and complete response to Sony's Interrogatory No. 20, regarding
3   Vizio's claimed product disparagement and Lanham Act damages, without any
4   further delay.

5   Vizio does not argue that any portion of Sony's damages interrogatory seeks
6   irrelevant information or is otherwise improper in any respect. Yet Vizio offers no
7   serious justification for its failure to provide any answer to a proper interrogatory
8   served on it on June 12, 2009, more than four months ago. Amazingly, Vizio's
9   principal argument, made October 7—fewer than four weeks before the close of fact
10  discovery—is that Sony's interrogatory "is premature at this time." (Docket No.
11  126-2 at 3 (Joint Stipulation re: Motion to Compel).)

12  For a number of reasons, Vizio is wrong and has no justification for its
13  protracted refusal to provide necessary discovery.

14  1.   The parties agree that New Jersey law applies to Vizio's product
15  disparagement claim against Sony. (Docket No. 113 at 13, 17, 18 (Vizio Opp. to
16  Sony Motion for Judgment on the Pleadings).) Under New Jersey law, proof of
17  "special damages" (Docket No. 126-2 at 3-4 (Sony Interrogatory No. 20, seeking
18  information about special damages)) is not relevant merely to the extent of a
19  plaintiff's remedy. Instead, it is an essential element of a plaintiff's product
20  disparagement claim itself, subjecting a plaintiff to dismissal or summary judgment
21  for failure to provide the very information that Sony Interrogatory No. 20 seeks: "A
22  trade libel or product disparagement claim . . . requires that a prevailing plaintiff
23  prove special damages by establishing pecuniary loss that has been realized or
24  liquidated, such as lost sales, or the loss of prospective contracts with customers."
25  *Graco v. PMC Global, Inc.*, 2009 WL 904010, at *35 (D.N.J. March 31, 2009).

26  2.   Vizio has attempted to satisfy this special damages requirement by
27  alleging that the statements of a Sony executive that it challenges forced Vizio to

28

1   spend money on corrective television advertising.  (Docket No.  113 at 16 (quoting
2   Vizio Compl. ¶ 124).)

3          In opposition to this motion to compel, Vizio asserts that its product
4   disparagement damages "involve abstract concepts" (Docket No.  126-2 at 3), and
5   thus could not have been answered over the last four months.  But Vizio's assertion
6   here is directly contradicted by Vizio's assertion last month, in opposition to Sony's
7   motion for judgment on the pleadings, where Vizio argued that it had adequately
8   alleged special damages in the form of "mitigation costs that include Vizio's
9   expenditures for corrective advertising to counteract Sony's statements."  (Docket
10  No. 113 at 16.)  These are not "abstract concepts."

11         3.     Accordingly, Vizio has, and has had for months, all the information it
12  needs in order to answer Interrogatory No. 20's request that Vizio set forth "all
13  evidence on which you base" the corrective-advertising damages and "an
14  explanation of how you computed the item of damages."  (Docket No.  126-2 at 3-
15  4).  Such easily accessible information includes, at a minimum, concrete categories
16  of information such as advertising agency and media-placement invoices.  By
17  withholding this information for months, Vizio has deprived Sony of the opportunity
18  to test Vizio's assertions through fact discovery.  Vizio's contention that its plan
19  ultimately to answer the interrogatory "before expert depositions" means that "Sony
20  will suffer no prejudice" (Docket No.  126-2 at 3) is, therefore, wrong.

21         4.     That Vizio has no excuse for failing to provide basic information about
22  the cost of its alleged corrective advertising is confirmed by the case Vizio itself
23  cites in opposition to the motion to compel.  In *Cable & Computer Technology, Inc.*
24  *v. Lockheed Saunders, Inc.*, 175 F.R.D. 646 (C.D. Cal. 1997), the defendant moved
25  to compel an answer to a similar damages interrogatory, which asked the plaintiff to
26  describe each component of damages it allegedly suffered and to state the dollar
27  value of each component and how the dollar value was calculated.  *Id.* at 650-51 &
28  n.3.  Vizio quotes out of context a passage from *Cable & Computer Technology* for

1 the proposition that "'it is too early for plaintiff to provide expert opinions on the

2 subject of damages . . . .'" (Docket No. 126-2 at 12-13 (quoting *Cable &*

3 *Computer Tech.*, 175 F.R.D. at 652)).  In context, the language makes clear that the

4 possibility of expert testimony on damages is not an excuse for failing to provide an

5 answer on the subject.  Thus, granting the defendant's motion to compel, the *Cable*

6 *& Computer Technology* court held: "***[A]lthough*** it is too early for plaintiff to

7 provide expert opinions on the subject of damages, ***plaintiff, may, at this time,***

8 ***answer interrogatory no. 1 based on the information it has to date***."  175 F.R.D. at

9 652 (emphasis added to parts of passage omitted by Vizio).

10                                        *   *   *

11        For the reasons set forth in Sony's portion of the parties' Joint Stipulation and

12 herein, Sony respectfully requests that the Court grant Sony's motion to compel in

13 its entirety.

14

15 DATED:  October 14, 2009          WILLIAMS & CONNOLLY LLP

16

17                                    By  /s/ Thomas G. Hentoff
                                        Thomas G. Hentoff
18                                      Attorneys for Sony Corporation and Sony
                                        Corporation of America
19

20

21

22

23

24

25

26

27

28