1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART
2  OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065-2139
   Telephone:   (650) 801-5000
4  Facsimile:   (650) 801-5100

5  Steven M. Anderson (Bar No. 144014)
   QUINN EMANUEL URQUHART
6  OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
7  Los Angeles, California 90017
   Telephone:   (213) 443-3000
8  Facsimile:   (213) 443-3100

9  Attorneys for Plaintiff Sony Corporation

10

11

12                  UNITED STATES DISTRICT COURT

13                 CENTRAL DISTRICT OF CALIFORNIA

14  SONY CORPORATION,              CASE NO. SA CV08-01135-RGK
                                   (FMOx)
15            Plaintiff,

16       v.                        **SONY'S OPPOSITION TO VIZIO'S**
                                   **MOTION TO AMEND THE**
17  VIZIO INC.,                    **SCHEDULING ORDER WITH**
                                   **REGARD TO EXPERT REPORTS**
18            Defendant.           **AND DEPOSITIONS**

19

20

21

22

23

24

25

26

27

28

                                 1

## I.   **INTRODUCTION**

Vizio's motion to amend the Scheduling Order to set a different schedule and protocol for expert disclosures should be rejected.   This Court's Order for Jury Trial "explicitly states that 'the parties shall exchange at the Final Pre-Trial Conference short narrative statements of the qualifications of the expert and testimony expected to be elicited at trial.'"   (Doc. No. 129, citing Doc. No. 48 at 3). That Order also requires reports prepared by expert witnesses, if they have been prepared, to "be exchanged at the Final Pre-Trial Conference." (*Id.*)   As Judge Olguin recognized, these procedures comply with the Federal Rules and are consistent with this Court's usual practices in cases like this.   Moreover, these procedures ensure that both parties will get full disclosure of any opposing expert's opinions and the bases for such well in advance of trial.   With discovery set to close at the end of next week, the procedures adopted by the Court, and pursuant to which the parties have proceeded, should not be abandoned now.

The expert disclosure procedures that Vizio seeks through its last-minute motion are virtually identical to those Vizio proposed at the outset of the case and specifically raised during the April 6, 2009 Scheduling Conference.   The Court did not adopt Vizio's proposal then and Vizio offers no compelling reason why it should adopt it now.   Vizio's sole rationale for the requested change is simply that this is a "large and complex case."   But if anything, this case is smaller and far less complex now than it was when Vizio first asked the Court to adopt the expert disclosure protocol at issue here.   Through discovery, including the exchange of several rounds of infringement, validity and claim construction contentions, the parties have cut the number of asserted claims in half and significantly narrowed the disputed issues.   As the parties complete discovery, further reductions in the scope of this case are expected, as well.   Given that the case has only become more streamlined since the Court first set the expert disclosure schedule that is now in place, there is no legitimate reason why the Court should adopt a different schedule

1   now.    Finally, Vizio could have moved for a change in the scheduling order months

2   ago.    For Vizio to move now, so close to the end of discovery, is prejudicial to

3   Sony, whose experts have prepared under the assumption that the schedule would be

4   as ordered by the Court in April.    For all of these reasons, Sony respectfully

5   requests that the Court deny Vizio's Motion in its entirety.

6   **II.**    **ARGUMENT**

7   **A.**    **The Court Has Already Rejected Vizio's Proposal Once Before**

8            This Court has already rejected Vizio's position regarding the timing and

9   procedures for expert discovery.    In the parties' Joint Rule 26(f) Report, Vizio

10  asked the Court to adopt a schedule requiring two rounds of expert reports:

11              VIZIO proposes that the parties agree that two rounds of
12              expert reports should be served by each side after the close
                of fact discovery.    Specifically, each side shall serve
13              opening expert reports on the same day on issues for
                which they bear the burden of proof.    Rebuttal expert
14              reports shall then be exchanged a set number of days later.
15

16  (Docket No. 44 at 5.)    Vizio further proposed that opening expert reports be due 30

17  days from the issuance of a claim construction opinion, and that rebuttal reports be

18  due 30 days thereafter.    (*Id.* at 9.)    In contrast, Sony proposed as follows:

19              Sony proposes that the parties adopt the requirements set
                forth by the Court in the *Westinghouse* action.[1]
20              Specifically, if expert witnesses are to be called at trial, the
                parties shall exchange at the Final Pre-Trial Conference
21              short narrative statements of the qualifications of the
                expert and the testimony elicited at trial.    If reports for
22              experts to be called have been prepared, they shall be
                exchanged at the Final Pre-Trial Conference but shall not
23              substitute for the narrative statements required.
24

25  (*Id.* at 4.)

26

27

28

02347.51451/3159943.2

SONY'S OPPOSITION TO VIZIO'S MOTION TO AMEND SCHEDULING ORDER

In its April 6, 2009 Order for Jury Trial, this Court rejected Vizio's proposal in favor of Sony's.   Using the same language as in the *Westinghouse* case, a case of virtually the same scope and breadth as this one, the Court's order stated:

> If expert witnesses are to be called at trial, the parties shall exchange at the Final Pre-Trial Conference short narrative statements of the qualifications of the expert and the testimony expected to be elicited at trial.   ***If reports of experts to be called at trial have been prepared, they shall be exchanged at the Final Pre-Trial Conference*** but shall not substitute for the narrative statements required.

(Docket No. 48 at 3 (emphasis added); 9/15/2008 Order, Case No. 2:08-cv-03934-RGK-FMO (Docket No. 13).)   Given the Court already rejected Vizio's proposal that expert reports be exchanged before the Final Pre-Trial Conference, there is no need for the Court to reconsider that schedule now.

**B.**   **This Case is Less Complex than when Vizio's Proposal was Previously Rejected**

The only reason Vizio provides for the Court to modify its scheduling order is that this is a "large and complex case" with "many detailed technical and damages issues."   (Mot. at 1.)   This is essentially no reason at all since the parties and the Court were fully aware of the complexity of this case at the April 6, 2009 Scheduling Conference.   Moreover, Vizio's basis for asserting that this case is particularly complex is simply that there are 10 patents-in-suit and over 150 accused products.   However, the patents-in-suit concern many of the same underlying technologies, and while the number of accused products is large, by no means have the parties exchanged 150 distinct sets of infringement and non-infringement contentions.   In a case such as this one that accuses one general category of

---

[1]   *Sony v. Westinghouse*, Case No. 2:08-cv-03934-RGK-FMO, involved the same patents-in-suit that are at issue in this case.

products—digital televisions—the fact that Sony is accusing a large number of products does not necessarily make this case more complex.

More importantly, this case is *less* complex than when Vizio originally raised this issue with the Court on April 6, 2009.   Sony originally asserted 108 claims for the ten patents-in-suit.   Pursuant to the parties' agreement and the Court's August 31, 2009 Order, Sony lowered the number of asserted claims by almost half, to 60. (Docket No. 105.)   Further to that Order, on September 14, 2009, Sony again lowered the number of asserted claims to 50, which was less than half the original number.   (Klivans Decl. Ex. A.)

Similarly, the parties' discovery responses have reduced the overall complexity of this litigation.   For example, the parties have exchanged infringement and non-infringement contentions which on their face demonstrate that for each asserted claim, the contentions are relatively similar for all of the accused products.   Moreover, Vizio's Motion asserts that "detailed … damages issues" are quite complex, but Vizio's Motion conveniently ignores the fact that on September 28, 2009 Sony served supplemental interrogatory responses which stated that Sony "does not intend to seek damages based on a lost profits theory."   (Klivans Decl. Ex. B.)   Thus, the parties' damages analyses, for these already widely licensed patents, will be on a *Georgia-Pacific* analysis, which is typically a straightforward process.

In sum, this case has become less complex than when Vizio originally asked the Court to set an exchange of expert reports prior to the Pre-Trial Conference. Since the Court did not order such an exchange on April 6, 2009, there is even less reason to do so now.

**C.**    **The Court Should Adhere to its Usual Practice and Deny Vizio's Motion**

For all of the above reasons, Sony respectfully urges this Court to adhere to its usual practice and deny Vizio's Motion in its entirety.   Rule 26(a)(2)(C) mandates that the Court's scheduling order will trump any of the default expert

1 report deadlines set forth in Rule 26.   Rule 26(a)(2)(C) states that "[a] party must
2 make these disclosures at the times and in the sequences that the court orders."
3 The Rule further states that the default 90-day deadline applies only "[a]bsent a
4 stipulation or court order."   Fed. R. Civ. P. 26(a)(2)(C).

5      Vizio argues that "[t]his Court in prior cases has ordered the type of expert
6 discovery schedule that Vizio is proposing."   This Court, however, typically
7 schedules expert discovery in patent cases exactly as it has done in this case.   *See*
8 *Arko Development Limited v. Little Kids, Inc.*, 2:08-cv-04048-RGK-AGR (C.D.
9 Cal.) (Docket No. 24 at 3); *Barracuda Networks Inc. v. Trend Micro Inc.*, 2:08-cv-
10 04369-RGK-CW (C.D. Cal.) (Docket No. 44 at 3); *KYE Systems America Corp. v.*
11 *RadioShack Corp.*, 2:08-cv-05579-RGK-FFM (C.D. Cal.) (Docket No. 55 at 3).
12 The one case that Vizio cites, *Katz Interactive Call Processing,* 2:07-ml-01816-
13 RGK-FFM, involved facts far more complex than those at issue in the present case.
14 In fact, discovery in that case was so complicated that it required the appointment of
15 a special discovery master.   Moreover, the Court stated in *Katz* that "there is a
16 possibility that the Court will obtain, internally, a special law clerk dedicated to this
17 litigation."   (6/14/2007 Order, Case No. 07-ml-01816-RGK-FFM (Docket No.
18 28).)   *Katz* is the exception that proves this Court's usual rule that expert reports, if
19 any, are to be exchanged at the Final Pre-Trial Conference.

20      The cases to which Vizio's Motion cites do not suggest otherwise.   Vizio
21 cites to *Philadelphia Nat'l Bank v. Dow Chem. Co.*, 106 F.R.D. 342 (E.D. Pa. 1984),
22 to support its proposed schedule.   But *Philadelphia Nat'l Bank* stands for little
23 more than that a court can decide on when expert narratives or reports are to be
24 exchanged.   *Id.* at 345.   Since Rule 26(a)(2)(C) already states that the Court may
25 decide the times and sequence of expert disclosures, *Philadelphia Nat'l Bank* adds
26 little to the analysis.   Equally misplaced is Vizio's reliance on *Innogenetics, N.V. v.*
27 *Abbott Labs.*, 512 F.3d 1363,1375 (Fed. Cir. 2008) for the proposition that
28 "[w]ithout information about the proposed content of Dr. Cha's de facto expert

1  testimony, Innogenetics would not have been able to prepare an adequate deposition
2  or cross-examination."   Sony does not dispute the need for an exchange at the Pre-
3  Trial Conference of short narrative statements of testimony expected to be elicited at
4  trial.   Nor does Sony dispute the taking of expert depositions, if the parties agree
5  they are necessary.   Subject to the Court's approval, the parties can easily schedule
6  and take any necessary expert depositions immediately after the Pre-Trial
7  Conference.   In sum, nothing in any of these cases suggests any basis for this Court
8  to depart from its usual practice.[2]

9     Vizio contends its proposed schedule would permit the parties to conduct a
10  "more orderly expert disclosure and discovery process."   But Vizio's proposed
11  schedule is no more efficient or orderly than the schedule already set by the Court.

12  **D.     Vizio's Motion to Change the Scheduling Order at this Late Time is**
13  **Prejudicial to Sony**

14     As Vizio states in its Motion, the parties discussed this issue on February 27,
15  2007 and March 12, 2009, and Vizio now presents this issue to the Court with
16  discovery set to close next week.   Sony and its experts have relied on the schedule
17  set by the Court in its April 6, 2009 Order and Vizio presumably has done the same.
18  Sony has engaged in discovery and carried out its analysis of the main issues and
19  disputes in this litigation under the assumption that the parties would exchange short
20  narrative statements for each expert, and expert reports, if any, at the Pre-Trial
21  Conference.   Vizio now proposes that a first round of expert reports be exchanged
22  on November 9, 2009 and a second round on December 4, 2009.   For Vizio to

23
24
_____

25  [2]     Vizio also cites to a third case, *Intercargo Ins. Co. v. Burlington N. Santa Fe R.R.*, 185 F. Supp. 2d 1003, 1107 (C.D. Cal. 2001), to support its contention that the
26  current schedule as set by the Court does not leave enough time for the parties to file motions to compel in advance of trial.   But Vizio does not explain why this
27  supports a departure from the Court's usual practice.

28

1   move this late in discovery for expert reports to be exchanged in only a few weeks is

2   prejudicial to Sony and unnecessary.

3   **III.   <u>CONCLUSION</u>**

4       For the reasons stated above, Sony respectfully requests the Court deny

5   Vizio's Motion to Amend the Scheduling Order in its entirety.

6

7

8   DATED:    October 19, 2009        QUINN EMANUEL URQUHART OLIVER &
                                      HEDGES, LLP
9

10

11                                    By _____/s/_____
                                         Kevin Johnson
12                                       ATTORNEYS FOR PLAINTIFF
                                         Sony Corporation
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28