# EXHIBIT B

Kevin P.B. Johnson (Bar No. 177129)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100

Steven M. Anderson (Bar No. 144014)
QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
865 S. Figueroa St. 10th Floor
Los Angeles, California 90017
Telephone: (213) 443-3000
Facsimile: (213) 443-3100

Attorneys for Plaintiff Sony Corporation

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SONY CORPORATION, A Japanese corporation,<br><br>Plaintiff,<br><br>vs.<br><br>VIZIO, Inc.,<br><br>Defendant. | CASE NO. SA CV 08-01135-RGK (FMOx)<br><br>**EIGHTH SUPPLEMENTAL RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 3 and 12)**<br><br>**OUTSIDE ATTORNEYS' EYES ONLY—CONTAINS HIGHLY CONFIDENTIAL INFORMATION** |

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Sony Corporation ("Sony") objects and responds to Defendant Vizio, Inc.'s ("Vizio") First Set of Interrogatories (Nos. 1-18) ("Interrogatories") as follows:

**Preliminary Statement**

Sony has made a reasonable investigation for information responsive to Vizio's Interrogatories based upon its current employees' knowledge, information, and belief. Sony is still pursuing its investigation and analysis of the facts and law pertaining to this action, and has not yet completed its investigation. Thus, Sony's responses are made without prejudice to Sony's right subsequently to add, modify, or otherwise change or amend its responses. Sony reserves the

**The '182 Patent:** After a reasonable investigation, on information and belief, Sony is unaware of any public disclosure of the inventions claimed in the asserted claims of the '182 patent prior to the public disclosure that resulted from the patent prosecution process. Further, Sony is unaware of any sale, offer for sale, or public use of the inventions claimed in the asserted claims of the '182 patent in the U.S. more than one year prior to the date of the application for patent in the U.S. Based on the best of information available to Sony at this time, the inventions claimed in the '182 patent were first sold or offered for sale in the U.S. in 1998.

Sony notes that discovery is ongoing and that it will supplement this response if it becomes aware of any additional non-privileged, relevant information responsive to this interrogatory.

**INTERROGATORY NO. 12:**

Describe in detail the total amount of damages allegedly sustained by Sony due to VIZIO's alleged infringement. A complete answer to this interrogatory will describe in detail Sony's theory of damages, the method used to calculate damages including without limitation whether the calculation is based on lost profits, reasonable royalty, or some other measure of damages, whether Sony alleges it is entitled to prejudgment interest on such damages and, if so, the interest rate and how that interest rate was determined, identify the persons most knowledgeable (other than outside counsel), and identify all documents that refer or relate thereto.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 12:**

Sony incorporates each of its general objections by reference. Sony objects to this request as premature to the extent it seeks a complete answer at this early stage of discovery. Sony further objects to this request as premature to the extent that it seeks information that is more properly the subject of expert testimony. Sony also objects to this request as over broad and unduly burdensome to the extent it seeks "all documents." Sony further objects to this request as calling for legal conclusions. Sony further objects to this request to the extent it calls for information protected from discovery by the attorney-client privilege and/or the work product doctrine. Documents that refer or relate to the factual basis for Sony's computation of damages include that which would otherwise be responsive to this request but were created by or at the direction of Sony's outside or in-house counsel and professional legal advisers. Such privileged

1  materials and information include communications containing legal advice by and between Sony's
2  engineers and Sony's in-house legal advisers responsible for patent prosecution, licensing, and
3  litigation.   Other documents that would otherwise be responsive to this request also include
4  materials and information prepared or exchanged in anticipation of litigation, including the case at
5  hand and related litigations.   Sony objects to this interrogatory to the extent it seeks information
6  that contains the confidential information of third parties.

7  Without waiving the foregoing general and specific objections and subject to those
8  objections, Sony responds as follows:

9  As discovery is continuing, with no depositions having taken place and expert discovery
10 having not begun, Sony is still evaluating the damages it intends to seek from Vizio, which "in no
11 event [shall] be less than a reasonable royalty for the use made of the invention[s] by [Vizio],
12 together with interest and costs fixed by the court."   35 U.S.C. § 284.   Accordingly, Sony has not
13 yet made a final determination as to the form of damages, the method of computing said damages,
14 or the period of time for those damages.   Sony, however, does not intend to seek damages based
15 on a lost profits theory.

16 Sony reserves the right to supplement this response once the parties have engaged in
17 additional substantive fact and expert discovery.   Pursuant to Federal Rule Civil Procedure 33(d),
18 Vizio may derive or ascertain information responsive to this interrogatory from at least the
19 following documents produced in this matter:   SONY0078698-78925; SONY0079060-79192;
20 SONY0079217-79248; SONY0079397-79485; SONY0081953-82133; and SONY0084928-84982.

21 **INTERROGATORY NO. 13:**
22 Identify all agreements, assignments, or licenses relating to patents on digital television
23 technology executed by Sony, the persons most knowledgeable thereof and all documents that
24 refer or relate thereto.

25 **RESPONSE TO INTERROGATORY NO. 13:**
26 Sony incorporates each of its general objections by reference.   Sony objects to this request
27 as overbroad and unduly burdensome to the extent it seeks "all agreements, assignments, or
28 licenses relating to patents on digital television technology executed by Sony."   Sony objects to

1  Sony's investigation with respect to this interrogatory continues and Sony will supplement
2  its response once the parties have engaged in substantive discovery.

5  DATED:   September 28, 2009              As to the objections,

By /s/ Kevin Johnson
Kevin P.B. Johnson
QUINN EMANUEL URQUHART OLIVER &
HEDGES, LLP

Attorneys for Plaintiff
SONY CORPORATION

02347.51451/3126089.1

-74-   Case No. SA CV 08-01135-RGK (FMOx)
EIGHTH SUPPLEMENTAL RESPONSE TO VIZIO, INC.'S FIRST SET OF ROGS
**OUTSIDE ATTORNEYS' EYES ONLY**

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that a true and correct copy of:

**SEVENTH SUPPLEMENTAL RESPONSE TO VIZIO, INC.'S FIRST SET OF INTERROGATORIES (NOS. 3 and 12)**

have been caused to be served on September 28, 2009 to all counsel of record via email.

By:  /s/ Peter Klivans

Peter Klivans