1  Kevin G. McBride (Ca. Bar No. 195866)
   kgmcbride@jonesday.com
2  Steven J. Corr (Ca. Bar No. 216243)
   sjcorr@jonesday.com
3  JONES DAY
   555 S. Flower Street, 50th Floor
4  Los Angeles, CA 90071
   Telephone:  (213) 489-3939
5  Facsimile:   (213) 243-2539

6  James L. Wamsley III
   (*admitted pro hac vice*)
7  jlwamsleyiii@jonesday.com
   JONES DAY
8  901 Lakeside Avenue
   Cleveland, OH  44114-1190
9  Telephone:  (216) 586-3939
   Facsimile:   (216) 579-0212
10
   Attorneys for Vizio, Inc.

11

## UNITED STATES DISTRICT COURT

12

## CENTRAL DISTRICT OF CALIFORNIA

13

14

| | |
|---|---|
| SONY CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>VIZIO, INC.,<br><br>　　　　　Defendant. | Case No. CV-08-01135-RGK(FMOx)<br><br>**OPPOSITION TO MOTION FOR REVIEW OF OCTOBER 9, 2009 ORDER RE: DISCOVERY MOTIONS**<br><br>**JUDGE:  HON. R. GARY KLAUSNER**<br><br>**Hearing:** 9:00 a.m. on November 9, 2009, at 312 North Spring Street, Los Angeles, California<br><br>**Discovery Cut-Off Date:**　November 1, 2009<br>**Pretrial Conference Date:**　January 10, 2010<br>**Trial Date:**　　　　　　　　January 26, 2010 |

23

24

25

26

27

28

LAI-3057745v1

**Case No. CV-08-01135-RGK(FMOx)**
**OPP. TO MTN. FOR REVIEW OF OCT. 9, 2009 ORDER RE: DISCOVERY MOTIONS**

# INTRODUCTION

Where, as here, a plaintiff files suit in its forum of choice, courts presume that the plaintiff must make itself, its agents and its employees available for deposition in the chosen forum, subject to the plaintiff's ability to establish good cause for why any witness's deposition should take place elsewhere. The presumption has particular force where, as here, the plaintiff actively seeks transfer to its chosen forum on claims of convenience for its non-party witnesses.

Sony's motion for review of the Court's October 9, 2009 Order (Dkt. # 129) ("Order") does not seriously dispute either of these points. Instead, Sony aggressively misreads the law in an attempt to shift its burden to Vizio. Both the Court and Vizio have explained that Sony's interpretation of the law is incorrect.

Sony also urges that the Order is ambiguous. Not so. The Order, in no uncertain terms, requires Sony to make all of its witnesses available here, consistent with the law: "[g]iven Sony's failure to establish good cause for *any* specific witness as to why his or her deposition should not be conducted in the Central District . . . the court will order that Sony produce its *employees and agents* for their deposition in this District." (Order at 5) (emphasis added). Accordingly, the Court should reject Sony's efforts to limit the Order to the scope of Sony's promise to bring its 30(b)(6) witnesses to this District, a promise the Court was aware of when it issued the Order.

Alternatively, Sony claims that it did "show" good cause. It did not. If Sony's "evidence" of good cause (which happened to be the same for all witnesses) was sufficient, then no witness located outside the United States would ever need to travel to the United States for deposition. In addition, Sony's argument hinges on an untenable claim that a single Vizio attorney could depose nine inventors of ten patents-in-suit—in Japan and in Japanese—over the course of two weeks. Considerably more attorneys and resources would have to be devoted to such a critical task. Moreover, Sony's claims of inconvenience to its non-party witnesses

caused by travel to this District flatly contradict its previous insistence that this District was convenient for those very same witnesses.

Much as Sony would like to escape the application of the law, Sony must accept the consequences of filing in this District and touting this District's convenience for Sony's non-party witnesses. The Order is neither clearly erroneous nor contrary to law. The Court should deny Sony's motion.

## BACKGROUND

On October 10, 2008, Vizio, in apprehension of an imminent infringement suit by Sony, filed a complaint in the District of New Jersey seeking, *inter alia*, declaratory relief regarding the ten patents-in-suit. (*Vizio, Inc. v. Sony Corp.*, No. 08-05029-FSH-PS, Dkt. # 1 (D.N.J.).) Sony responded hours later by filing its complaint here, in the Central District of California. (Dkt. # 1.) Then, on January 23, 2009, Sony moved for transfer of Vizio's claims to this District on convenience grounds under 28 U.S.C. § 1404(a). (*See* Dkt. # 89, Ex. 10 at 21-23 (*Vizio, Inc. v. Sony Corp.*, No. 08-05029-FSH-PS, Dkt. # 26-2 (D.N.J.)).) In support of transfer to its forum of choice, Sony argued, *inter alia*, that this District was "much more convenient" for its Asia-based "non-party" witnesses. (*See* Dkt. # 89 at 20-21 (quoting Ex. 10 at 21-23).)

After convincing the New Jersey court that this District was convenient for all of its Japan-based witnesses, Sony promptly reversed course. Beginning on February 27, 2009, Sony unilaterally and uniformly refused to produce any of its Japan-based witnesses in this District. (*See* Dkt. # 89 at 8-11.) Sony's refusal prompted Vizio to file its motion to compel on August 12, 2009, which requested, *inter alia*, "that Sony be compelled to make its 30(b)(6) and 30(b)(1) witnesses available for deposition in this District." (Dkt. # 89 at 23.) Seeking to moot Vizio's motion, Sony offered a half-measure, promising to make only its 30(b)(6) witnesses available for deposition in the United States. Although the Court acknowledged Sony's limited offer, (*see* Order at 4), the Court clearly and

1  unambiguously granted Vizio's motion to compel as it related to the location of the
2  Sony 30(b)(6) and 30(b)(1) depositions (*id.* at 5).

3  The Order is crystal clear. To start, the Court recognized the applicable rule,
4  namely, that

> the deposition of a plaintiff, *including* a corporate
> plaintiff, *its agents and employees*, must generally be
> taken in the forum in which the plaintiff filed suit, unless
> the plaintiff can show good cause that the deposition
> should take place at another location.

(*Id.* at 4 (collecting cases and treatises) (emphasis added).)[1] The Court correctly found that "plaintiff Sony chose the Central District as the forum for its suit against Vizio." (*Id.* at 5.) The Court properly ruled that

> [g]iven Sony's failure to establish good cause for any
> specific witness as to why his or her deposition should
> not be conducted in the Central District . . . *the court will
> order that Sony produce its employees and agents for
> their deposition in this District*.

(*Id.*(citations omitted) (emphasis added).) Noting that Sony's cited authority involved defendants' witnesses, not plaintiffs', and was therefore inapposite, the Court granted Vizio's motion. (*See id.* at 6-7 (collecting cases and citing treatises).)

## ARGUMENT

### A. Legal Standard

Rule 72(a) permits a party to file objections to a magistrate judge's order regarding nondispositive matters. Fed. R. Civ. P. 72(a); *see also* C.D. Cal. L.R. 72.2-2.1. The district judge must modify or set aside any part of the magistrate judge's order that is clearly erroneous or is contrary to law. Fed. R. Civ. P. 72(a). Conversely, if the magistrate judge's order is neither clearly erroneous nor contrary to law, the district judge must affirm it. *Grimes v. San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (reversing district court's modification of magistrate judge's order where order was neither clearly erroneous nor contrary to law); *see, e.g.*,

---

[1] Sony appears to recognize that this is the applicable rule. (*See id.* at 5 ("Sony acknowledges that . . . Sony must establish good cause for each of its Japan-based witnesses not to appear for deposition in the Central District.").)

1  *Navarro v. Block*, No. CV9807434CASRNBX, 2001 WL 1182891, at *1 (C.D. Cal. June 25, 2001).  In this context, "[a] district court has wide discretion to establish the time and place of depositions."  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (cited by Sony, Mot. at 5) (finding no abuse of discretion in ordering depositions to occur in San Francisco where plaintiffs "had done business and filed suit in the Northern District of California and should therefore expect to have to appear there[]").)

**B.  Vizio's Motion Sought An Order Compelling Sony To Produce Its Witnesses For Deposition In Sony's Chosen Forum, Consistent With The Applicable Rule Of Law**

**1.  The Order Makes No Legal Or Factual Error**

The applicable rule is that a plaintiff, having purposefully availed itself of a chosen forum by filing suit there, must produce itself and "its agents and employees" for deposition in the chosen forum, "unless the plaintiff can show good cause that the deposition should take place at another location."  (Order at 4.)

Sony does not dispute this point.  (*See id.* at 5.)  Instead, Sony turns the rule on its head and erroneously claims that "a party wishing to compel a deposition in a particular location must move with respect to individual witnesses."  (Mot. at 5.)  That is not the law.  As Vizio explained, "Vizio may choose the place for deposing Sony witnesses, *subject to* the granting of a protective order by the Court under Rule 26(c)(2) designating a different place."  (Dkt. # 89 at 18-19 (collecting cases and citing treatise) (emphasis added).)  It is Sony who bears the burden to establish good cause for each witness that it believes should be deposed elsewhere.  (*Id.*; *see* Order at 4-5.)  The Court should reject Sony's misreading of the law and its improper and unfounded attempts to shift its burden to Vizio.  (*See* Mot. at 6 ("Should Vizio believe that the deposition of a witness who resides in Japan is better taken in the United States, then Vizio is free to move for such an order in individual cases").)

LAI-3057745v1

- 4 -

Case No. CV-08-01135-RGK(FMOx)
OPP. TO MTN. FOR REVIEW OF OCT. 9,
2009 ORDER RE: DISCOVERY MOTIONS

1    Sony further misrepresents the law relied on by Vizio in its briefing and also
2    relied on by the Court in granting Vizio's motion.  First, as both the Court and
3    Vizio have explained and contrary to Sony's representations, the *HTC* court
4    certainly did issue an open-ended, blanket order requiring all foreign witnesses to
5    appear in the United States.  (*See* Order at 5; Dkt. # 94 at 3 n.1.)  In particular, the
6    *HTC* court ordered that depositions of the Taiwanese plaintiff's 30(b)(6) witnesses
7    and non-30(b)(6) designated officers, directors, or employees take place in the
8    Northern District of California.  *HTC Corp. v. Tech. Props.*, No. C08-00882 JF
9    (HRL), 2008 WL 5244905, at *2 (N.D. Cal. Dec. 16, 2008).

10    Second, in *Cadent Ltd. v. 3M UniTek Corp.*, this Court issued a similar order
11    compelling the plaintiff to produce both 30(b)(6) and 30(b)(1) witnesses for
12    deposition in this District.  232 F.R.D. 625, 630 (C.D. Cal. 2005).  In fact, the Court
13    denied the plaintiff's request for a protective order where the plaintiff "presented
14    absolutely no evidence showing a specific and particular need for such protective
15    order . . . ."  *Id.* at 629.[2]  And the Court's analysis of the "circumstances" was
16    actually a "common sense" discussion detailing how plaintiff had failed to make its
17    case for a protective order.  *See id.* at 630 ("[P]laintiff proffers absolutely no
18    rationale for requiring the depositions in this case not be taken in Los Angeles.  *To*
19    *the contrary,* several common sense factors militate toward holding the depositions
20    in Los Angeles.") (emphasis added).  (*See also* Dkt. # 89 at 21 (applying *Cadent*'s
21    common sense factors to the facts of this case).)

22    Third, Sony fails to explain that the *Rock Springs* court denied a motion for
23    an order that depositions be taken telephonically, noting that "[t]he burden is on the
24    Plaintiffs . . . to show good cause for varying from the normal rule [that plaintiffs'
25    witnesses be deposed in the plaintiffs' chosen forum]."  *U.S. v. Rock Springs Vista*
26    *Development*, 185 F.R.D. 603, 604 (D. Nev. 1999).  The court rejected counsel's

---

27
28    [2] Here, of course, Sony failed to even request a protective order, much less offer any evidence "showing a specific and particular need" for such an order.

1  conclusory arguments that being forced to appear would cause "undue hardship," as
2  insufficient to show the required "extreme hardship." *Id.*
3      These cases illustrate the proper application of the general rule that a
4  plaintiff's witnesses must appear for deposition in the plaintiff's forum of choice,
5  subject to the plaintiff's ability to establish good cause for why any of its witnesses
6  should be deposed elsewhere. The Order is fully consistent with well-established
7  law. The Court should deny Sony's motion for this reason alone.

        **2.    The Order Is Unambiguous**

9      The Order is crystal clear. The Court held it "will order that Sony produce its
10  employees and agents for their deposition in this District." (Order at 5.) The Court
11  correctly noted "the presumption that the depositions of plaintiffs and/or their
12  employees must generally be taken in the district where the lawsuit was filed." (*Id.*
13  at 4.) The Court appropriately placed the burden on Sony to show good cause for
14  any of its witnesses to be deposed elsewhere. (*Id.* ("Sony must establish good
15  cause for each of its Japan-based witnesses not to appear for deposition in the
16  Central District.").) The Order is unambiguous: Sony must produce its 30(b)(6)
17  and 30(b)(1) witnesses in this District, as Vizio requested, consistent with the law.
18      Sony's attempts to manufacture ambiguity must fail, as its motion is little
19  more than a thinly-veiled attempt to limit the scope of the Order to what Sony
20  agreed to do. Sony attempts to explain its cramped reading of the Order by
21  claiming "[t]hat the Order goes slightly farther" than Sony's promise. (Mot. at 2.)
22  But there is no basis for limiting the Order in the manner proposed by Sony. In
23  issuing the Order, the Court specifically acknowledged Sony's limited offer to
24  produce only its 30(b)(6) witnesses in this District. (Order at 4.) The Court did
25  not, however, limit its Order. This accords with common sense; if all that the Court
26  was requiring was what Sony promised to do, then the Order would be pointless
27  and the Court would not have issued it. The last part of the Order noting that the
28  30(b)(6) depositions must take place in this District – which Sony so heavily relies

1 on to support its objections – simply makes clear that the 30(b)(6) depositions must
2 take place in this District.  It does not erase the rest of the Order clearly holding that
3 all of Sony's witnesses (including Sony's 30(b)(1) witnesses) must be made
4 available in the United States for deposition.

5       Even if the Court were to accept Sony's incorrect claims of ambiguity, it
6 would make no difference to the ultimate outcome, because application of the
7 correct law requires that a plaintiff's witnesses appear for deposition in the
8 plaintiff's chosen forum, subject to the plaintiff's ability to establish good cause to
9 the contrary.

10       **B.**    **Sony Did Not Demonstrate Good Cause**

11       Sony alternatively claims to seek "clarification" of the Order, insisting that it
12 "demonstrated good cause for the non-30(b)(6) witnesses to be deposed in their
13 country of residence." (Mot. at 7.)  Sony did no such thing.  To start, Sony makes
14 no effort to move for a protective order, much less provide any specific evidence
15 regarding any individual witness's circumstances, despite its burden to produce
16 "evidence showing a specific and particular need for such protective order . . . ."
17 *Cadent*, 232 F.R.D. at 629.  (*See* Dkt. # 94 at 4.)

18       Rather, Sony concocts a fanciful scenario whereby "one or two Sony and
19 Vizio attorneys . . . fly to Japan for depositions at the consulate . . . rather than
20 flying nine witnesses from Japan to the United States." (*Id.*)  The notion that a
21 single Vizio attorney, all alone and with no support staff, could conduct nine
22 different inventor depositions for ten patents-in-suit in Japan and in Japanese over
23 the course of two weeks is unrealistic (to put it charitably).  For example, it would
24 not have been unreasonable to assign one attorney to each patent, along with
25 several paralegals and/or assistants, for such a significant and complicated
26 undertaking.

27       And Sony's claims that its Japanese non-party witnesses will be
28 inconvenienced by travel to this District ring hollow.  Sony not only chose to file its

1  claims here, but it convinced the New Jersey court to grant its transfer motion based
2  on the alleged convenience of the very same witnesses that it now insists should be
3  deposed in Japan. *HTC*, 2008 WL 5244905, at *2 ("[W]here plaintiffs not only
4  chose this forum, but fought for it because it was more convenient for its [sic]
5  witnesses to travel to [from Taiwan], the court gives little weight to plaintiffs'
6  complaints that the forum is inconvenient and costly."). (*See* Dkt. # 89 at 20-21
7  (quoting Sony's representations in Ex. 10).) Specifically, Sony claimed that this
8  District "is a much more convenient forum" for "non-party witnesses in the case
9  resid[ing] in Asia, including . . . many of the inventors of the patents" making "Los
10 Angeles . . . more convenient for all involved." (Dkt. # 89 at 20 (quoting Ex. 10).)
11 Having convinced the New Jersey court that this District was convenient for these
12 very witnesses, Sony is estopped from arguing that this District is an inconvenient
13 forum. *See Ins. Co. of N. Am. v. Ozean/Stinnes-Linien*, 367 F.2d 224, 227 (5th Cir.
14 1966).
15      Sony is also incorrect in claiming that "bringing suit in a particular forum
16 does not necessarily require a party to bring non-30(b)(6) witnesses to that forum
17 for deposition." (Mot. at 10.) That is precisely what happened in *HTC* and *Cadent*.
18 *See HTC*, 2008 WL 524490, at *2 (issuing order requiring depositions of 30(b)(6)
19 and non-30(b)(6) witnesses to occur in plaintiff's chosen forum); *see also Cadent*,
20 232 F.R.D. at 630 (same). In fact, as Vizio has explained, the balance of
21 convenience factors strongly favors depositions of Sony witnesses in the United
22 States. (*See* Dkt. # 89 at 21-22 (collecting cases).) For its part, Sony's motion fails
23 to address any of the cost and convenience factors cited by Vizio, and instead
24 rehashes its unrealistic claims that the hypothetical single-lawyer depositions in
25 Japan would be more convenient and relies on inapposite case law.
26      Finally, Sony attempts to argue that the Order should distinguish between
27 named 30(b)(6) witnesses and 30(b)(1) witnesses. (Mot. at 10.) Sony, however,
28

1  cites no case law that would support such a distinction.[3]  Indeed, courts recognize
2  no such distinction.  *See HTC*, 2008 WL 524490, at *2; *see also Cadent*, 232
3  F.R.D. at 630.  To the extent there is any difference in any of Sony's individual
4  30(b)(6) or 30(b)(1) witnesses' circumstances, it is Sony's burden to proffer
5  "evidence showing a specific and particular need for [a] protective order . . . ."
6  *Cadent*, 232 F.R.D. at 629.  Sony has failed in that regard, offering nothing but
7  unrealistic hypotheticals and sweeping generalizations.

## CONCLUSION

For all of the foregoing reasons, Vizio respectfully requests that the Court deny Sony's motion for review of the Court's October 9, 2009 order regarding discovery motions.

Dated: October 20, 2009

Respectfully submitted,

/s/
Kevin G. McBride
Steven J. Corr
JONES DAY
555 S. Flower Street, 50th Floor
Los Angeles, CA 90071
Telephone:  (213) 489-3939
Facsimile:   (213) 243-2539

James L. Wamsley III (*pro hac vice*)
jlwamsleyiii@jonesday.com
JONES DAY
901 Lakeside Avenue
Cleveland, OH  44114-1190
Telephone:  (216) 586-3939
Facsimile:   (216) 579-0212

Attorneys for Defendant and Counterclaimant Vizio, Inc.

---

[3] Sony cites to a decision from the District of Kansas, *American Maplan Corp. v. Heilmayr*, 203 F.R.D. 499 (D. Kan. 2001).  (Mot. at 11.)  That case had nothing to do with depositions or deposition locations and is wholly inapposite.  In *American Maplan*, the district court found that an individual named as a party could not be compelled to produce his corporation's documents under Rule 34.  *Id.* at 502.  Nonetheless, the corporation's documents were properly discoverable under Rule 45.  *Id.*

# PROOF OF SERVICE

I am a citizen of the United States and employed in Los Angeles County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 South Flower Street, Fiftieth Floor, Los Angeles, California 90071-2300. On October 20, 2009, I served a copy of the within document(s):

**OPPOSITION TO MOTION FOR REVIEW OF OCTOBER 9, 2009 ORDER RE: DISCOVERY MOTIONS**

by transmitting via e-mail or electronic transmission the document(s) listed above to the e-mail address set forth below, pursuant to the agreement between the parties.

> QUINN EMANUEL URQUHART
> OLIVER & HEDGES, LLP
> 865 S. Figueroa Street, 10th Floor
> Los Angeles, CA 90017
>
> sony-vizio@quinnemanuel.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 20, 2009, at Los Angeles, California.

>                 */s/ Beth A. Marchese*
>                 Beth A. Marchese

LAI-3057750v1

Case No. SA CV 08-01135-RGK (FMOx)
**PROOF OF SERVICE**