# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONY CORPORATION, a Japanese corporation, | NO. SA CV 08-1135 RGK (FMOx) |
| Plaintiff, | |
| v. | **ORDER Re: DISCOVERY MOTION** |
| VIZIO, INC., | |
| Defendant. | |

The court has reviewed and considered all the briefing filed with respect to the parties' "Joint Stipulation Regarding Sony Corporation's Motion to Compel a Further Response to Sony's Interrogatory No. 20" ("Joint Stip." or "Motion"), and concludes that oral argument is not necessary to resolve the Motion. See Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001, as amended Mar. 27, 2001).

## DISCUSSION

Sony Corporation ("Sony") propounded its Third Set of Interrogatories to Vizio, Inc. ("Vizio") on June 12, 2009. (Joint Stip. at 3). Sony's Interrogatory No. 20 requests information relating to the economic injury or damage caused by the alleged statements described in Vizio's complaint in Vizio, Inc. v. Sony Corp., et al., CV 08-5029 FSH (PS) (D.N.J.).[1] (Id. at 1). Specifically,

---

[1] The "statements" referenced in Interrogatory No. 20 are those included within paragraph

1 Interrogatory No. 20 requests that Vizio

> [s]et forth each item of economic injury or damage that You claim was caused by the statements described in Paragraph 121 of Your Complaint in *Vizio, Inc. v. Sony Corp. et al.*, 2:08-cv-05029-FSH-PS (D.N.J.) ("the Challenged Statements"), and include in your answer: the count to which the item of damages relates; the category into which the item of damages falls, i.e., general damages, special or consequential damages (such as lost profits), interest, and any other relevant categories; all evidence on which you base the item of damages; and an explanation of how you computed the item of damages, including any mathematical formula. Where You contend that an amount of damages cannot be ascertained, state the nature and type of economic injury or damage that You claim was caused by the Challenged Statements.

(Id. at 3-4) (italics in original). Vizio responded to Interrogatory No. 20 on July 13, 2009, objecting, inter alia, to the request as "premature as discovery, including discovery relating to damages, is ongoing," and "premature" because "the information requested . . . is the subject of expert opinion[.]" (See id. at 4-5; Declaration of Peter A. Klivans in Support of Joint Stip. ("Klivans Decl."), Exh. A at 5-6).

Sony contends that "Vizio has yet to provide a response [to Interrogatory No. 20] other than

---

121 of Vizio's complaint, which states as follows:

> On information and belief, in responding to that question during the Conference Call, Mr. Wiesenthal purposely and maliciously made statements in the course of his employment as an officer of Sony and SCA about VIZIO television sets that were known to be false or made with reckless disregard for the truth, to wit: ["]I think it's important to point out there is a very big difference between the high-end 1080p sets and the low-end kind of VIZIO and Chinese manufacturer semi non-HD sets.["] In fact, VIZIO sells HD (high definition) television sets, not inferior "semi non-HD sets," and Mr. Wiesenthal had no basis for asserting otherwise.

(Joint Stip. at 4 n. 1).

2

one consisting solely of objections[,]" and requests that the court "order Vizio to comply with its discovery obligations and supplement its response to Interrogatory No. 20. (Joint Stip. at 2; see id. at 6 & 10). Vizio does not dispute the relevance of Sony's discovery request, but contends that Sony's Motion is unnecessary because it "has agreed to supplement its response to Interrogatory No. 20 before the close of fact discovery[.]" (Id. at 2); (see id. at 10) ("Vizio will provide a supplemental response to Interrogatory No. 20 in due course, before the close of discovery and in advance of any expert depositions, but not before it has reached more definitive conclusions regarding its damages theories and supporting evidence, which is still being identified and produced."). Accordingly, because Vizio has agreed to supplement its response to Interrogatory No. 20, it shall do so by the date set forth below.

      The court reminds the parties that the standard for discovery under the Federal Rules of Civil Procedure is whether the requested information is relevant to any claim or defense in the action or reasonably calculated to lead to the discovery of admissible evidence. See Fed. R. Civ. P. 26(b)(1). That Vizio believes the information requested in Interrogatory No. 20 is premature does not mean that the requested information is not relevant or is not required to be produced at this time. As set forth in the Court's Order of August 10, 2009, "the Court's Order of April 6, 2009, sets the cut-off for all discovery in this case for November 1, 2009." (Court's Order of August 10, 2009, at 4) (emphasis in original). Thus, the parties must respond fully and completely to all discovery requests to the best of their knowledge, based on the information they have to date. See Cable & Computer Tech., Inc. v. Lockheed Saunders, Inc., 175 F.R.D. 646, 652 (C.D. Cal. 1997) (stating that, "although it is too early for plaintiff to provide expert opinions on the subject of damages, plaintiff may, at this time, answer interrogatory no. 1 based on the information it has to date[,]" and requiring plaintiff to answer factual interrogatories "with information as [it] now possess[es]") (internal quotation marks and citation omitted). If the parties obtain additional or new, responsive evidence that renders their original or supplemental responses "incomplete or incorrect," then they should, as they are required to do, supplement their responses under Rule 26(e). See Fed. R. Civ. P. 26(e)(1)(A) (parties must supplement responses "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or

incorrect"); Cable & Computer Tech., Inc., 175 F.R.D. at 652 (noting that plaintiff could supplement its answer to interrogatories "as it has an obligation to do under Fed.R.Civ.P. 26(e)[]").

Moreover, the court finds no merit in Vizio's discussion of the inadequacy of Sony's responses to Vizio's discovery requests on the issue of damages. (See Joint Stip. at 2-3 & 10-12). Indeed, the court will reject any objection to a discovery request that is based on the requesting party's failure to provide discovery to the responding party. See Fed. R. Civ. P. 26(d)(2) ("[M]ethods of discovery may be used in any sequence; and . . . discovery by one party does not require any other party to delay its discovery."); Nat'l Acad. Of Recording Arts & Sci., Inc. v. On Point Events, LP, 256 F.R.D. 678, 680 (C.D. Cal. 2009) ("[D]iscovery is not conducted on a 'tit-for-tat' basis.").

**This Order is not intended for publication. Nor is it intended to be included or submitted to any online service such as Westlaw or Lexis.**

Based on the foregoing, IT IS ORDERED THAT:

1. The hearing set for October 28, 2009, is hereby **vacated**.

2. Sony Corporation's Motion to Compel a Further Response to Sony's Interrogatory No. 20 **(Document No. 126)** is **granted**.

3. Vizio, Inc. shall provide a supplemental written response, under oath, to Interrogatory No. 20 no later than **November 1, 2009**, the discovery cut-off in this case. Vizio shall supplement its response based upon the information currently available to it, irrespective of whether a final determination of its damages theories has been reached. To the extent Vizio claims that all responsive information has been provided or there is a lack of information necessary to provide a complete response, it shall set forth in detail, under oath: (1) the efforts it made to obtain the requested information; and (2) that no further responsive information is available.

4. The parties are hereby advised that, absent a stay of this Order by this court or the District Judge, they must comply with all of its provisions, i.e., the filing of a motion for review of this court's decision is not sufficient to suspend defendant's obligations to comply with the court's order. See Local Rule 72-2.2 ("Regardless of whether a motion for review has been filed, the Magistrate Judge's ruling remains in effect unless the ruling is stayed or modified by the

Magistrate Judge or the District Judge."); <u>Tinsley v. Kemp</u>, 750 F.Supp. 1001, 1013 (W.D. Mo. 1990) ("[B]y refusing to comply with discovery merely because a motion to stay is pending, a party effectively is granting its own motion to stay – even before the court has ruled. Such a phenomenon would reduce a court's orders to useless and senseless formalities."). A magistrate judge's decisions "should not be considered ineffective, advisory, or nonfinal simply because they may be reviewed by the district court." <u>Kimbrell v. ADIA, S.A.</u>, 834 F.Supp. 1313, 1317 (D. Kan. 1993). "Decisions by a magistrate judge on nondispositive motions are intended to be effective unless overturned by the district judge, just as decisions of a district judge are intended to be effective unless overturned by a circuit court." <u>Id.</u>

    5. The failure of any party or attorney to comply with the requirements of this Order, the Local Rules and Federal Rules of Civil Procedure may result in sanctions being imposed.

Dated this 23rd day of October, 2009.

                                                            /s/
                                              Fernando M. Olguin
                                      United States Magistrate Judge