1  Kevin P.B. Johnson (Bar No. 177129)
   QUINN EMANUEL URQUHART
2  OLIVER & HEDGES, LLP
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065
   Telephone: (650) 801-5000
4  Facsimile: (650) 801-5100

5  Steven M. Anderson (Bar No. 144014)
   QUINN EMANUEL URQUHART
6  OLIVER & HEDGES, LLP
   865 S. Figueroa St. 10th Floor
7  Los Angeles, California 90017
   Telephone: (213) 443-3000
8  Facsimile: (213) 443-3100

9  Attorneys for Sony Corporation

10

11                    UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13  SONY CORPORATION,                | CASE NO. CV 08-01135-RGK (FMOx)

14            Plaintiff,

15       v.                          | **REPLY IN SUPPORT OF SONY'S MOTION FOR REVIEW OF OCTOBER 9, 2009 ORDER RE: DISCOVERY MOTIONS**

16  VIZIO, INC.,

17            Defendant.

18

19                                   | **Judge: Hon. R. Gary Klausner**

20                                   | **Hearing:** November 9, 2009 at 9:00 a.m.
                                     | **Pretrial Conference Date:** January 10, 2010
21                                   | **Trial Date:**                January 26, 2010

22

23

24

25

26

27

28

1  Vizio's Opposition confirms that Sony's fears about the ambiguity of Judge
2  Olguin's October 9, 2009 Order were justified.  Although the Order simply requires
3  Sony to bring its 30(b)(6) witnesses to this district for deposition, which Sony had
4  agreed to do before the motion was even filed, Sony was concerned that Vizio might
5  try to rely on dicta in that Order to insist that Sony make any employee that Vizio
6  may happen to notice for deposition available for deposition in this District without
7  regard to their positions within the company, the relevance of their testimony to the
8  issues of this case, or Sony's ability to later establish cause (once the witness has
9  been identified) to have the deposition conducted elsewhere.  Sure enough, Vizio
10 states in its Opposition to this Motion for Review that "all of Sony's witnesses
11 (including Sony's 30(b)(1) witnesses) must be made available in the United States
12 for deposition."  (Doc. No. 139 at 7.)  Vizio apparently is unwilling to distinguish
13 between the 30(b)(6) witnesses that Sony had previously agreed to bring to the
14 United States and whom the October 9, 2009 Order explicitly referred to and all
15 30(b)(1) witnesses, including those as yet unnamed employees that Vizio may
16 ultimately decide to depose.  To avoid such an unfair, unprecedented, and clearly
17 unintended result, Sony respectfully requests that the Court clarify that the October
18 9 Order is limited to the 30(b)(6) witnesses that Sony was ordered to bring to this
19 District for deposition and that Sony be permitted to address future depositions that
20 Vizio may notice on a case-by-case basis.  (Doc. No. 129 at 7) ("Sony shall make all
21 of its Rule 30(b)(6) witnesses available to be deposed in the Central District of
22 California.")

23  Although Vizio faults Sony for making a good cause argument that allegedly
24 "happened to be the same for all witnesses" (Opp. at 1), Vizio does not suggest how
25 Sony could have done otherwise given the scope of the relief that Vizio contends the
26 Court ordered.  Does Vizio seriously contend that Sony should have submitted

27
28

declarations concerning each and every one of its more than 170,000 employees[1] just in case Vizio happens to later notice their depositions? Sony can hardly be faulted for offering an argument that applies generally to its potential witnesses based in Japan when Vizio has failed to offer any further specifics on the witnesses it will ultimately seek to depose.

Vizio's other arguments also lack merit. For example, Vizio contends that "[t]he notion that a single Vizio attorney, all alone and with no support staff, could conduct nine different inventor depositions for ten patents-in-suit in Japan and in Japanese over the course of two weeks is unrealistic (to put it charitably)." (Opp. at 7.) Sony, however, never suggested that a single Vizio attorney should take all of the inventor depositions in one trip. To the contrary, the inventor deposition schedule that Sony (without any assistance from Vizio) arranged at the consulate in Japan would easily have permitted <u>two</u> Vizio attorneys to conduct the depositions of all ten inventors (allowing for additional time for depositions conducted in Japanese) during a single two-week trip to Japan. As Sony established, it would surely be less burdensome for the few attorneys that will take these depositions on behalf of Vizio to go to Japan for a single trip than for each Sony inventor or other potential witness to have to travel to the United States and lose up to a week of personal and work time for one or two days of deposition testimony.

Similarly, Vizio's accusation that Sony misrepresented the case law also fails. Indeed, Vizio's own cases fully support Sony's Motion. *Cadent Ltd. v. 3M UniTek Corp.*, for example, establishes that "the general rule for setting the location of a corporate party's deposition is: 'The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business.'" 232 F.R.D. 625, 628 (C.D. Cal. 2005). Vizio's interpretation of *Cadent Ltd. v. 3M Unitek Corp.*,

---

[1] *See* Sony's website at http://www.sony.com/SCA/corporate.shtml.

1  232 F.R.D. 625 (C.D. Cal. 2005), does little to support its after-the-fact contention
2  that the October 9, 2009 decision applies to every potential Sony employee witness.
3  In *Cadent*, the court applied the good cause standard to particular witnesses and held
4  that they should be deposed in the forum district.  Unlike Vizio, the party noticing
5  the depositions in *Cadent* did not contend that ***every*** conceivable witness should be
6  deposed in the forum district, regardless of individual circumstances.  Rather, the
7  relief sought was limited to specific witnesses who were identified in the motion.

8  Vizio also mischaracterizes *HTC Corp. v. Technology Properties*, 2008 WL
9  5244905 (N.D. Cal. December 16, 2008).  Although Vizio contends the Court in that
10 case issued the same sort of open-ended blanket order that Vizio now contends
11 Judge Olguin intended to include in the October 9 Order, Vizio's assertion is directly
12 refuted by the *HTC* court's concluding paragraph:

> Since the court cannot contemplate every possible factual scenario that may arise as to a particular deponent and the possible unfairness or unreasonableness of him or her having to travel to the Northern District of California, this order is without prejudice to any party's ability to move for an exception for any individual deposition, should the parties' vigorous meet and confer efforts fail.

17 *Id.* at *2.  In a nutshell, the *HTC* court merely reiterated the same standard that Sony
18 set forth in its portion of the parties' Joint Stipulation and which Judge Olguin
19 acknowledged, namely, that "the deposition of a plaintiff, including a corporate
20 plaintiff, its agents and employees, must generally be taken in the forum in which
21 the plaintiff filed suit, unless the plaintiff can show good cause that the deposition
22 should take place at another location."

23 For the reasons set forth above, as well as in Sony's Motion for Review, Sony
24 respectfully requests that the Court grant Sony's Motion for Review in its entirety
25 and clarify that Judge Olguin's October 9, 2009 Order was limited to the specific
26 30(b)(6) witnesses whose depositions were the subject of the Order.

| | | |
|---|---|---|
| 1 | DATED: October 26, 2009 | Respectfully submitted, |
| 2 | | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| 3 | | |
| 4 | | By */s/ Kevin P.B. Johnson* |
| 5 | | Kevin P.B. Johnson<br>Attorneys for Sony Corporation |